

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

SUBPOENA DUCES TECUM
THE PEOPLE OF THE STATE OF NEW YORK
GREETINGS

TO:
iFinex Inc.
Trinity Chambers, P.O. Box 4301
Road Town, Tortola
British Virgin Islands VG1110

YOU ARE HEREBY COMMANDED, pursuant General Business Law § 352, Executive Law § 63(12) and § 2302(a) of the New York Civil Practice Law and Rules, to deliver and turn over to Barbara D. Underwood, the Attorney General of the State of New York, or a designated Assistant Attorney General, on *11th day of December, 2018, by 10:00 a.m.*, or any agreed upon adjourned date or time, at 28 Liberty Street, New York, New York 10005, all documents and information requested in the attached Schedule in accordance with the instructions and definitions contained therein.

TAKE NOTICE that the Attorney General deems the documents and information requested by this Subpoena to be relevant and material to an investigation and inquiry undertaken in the public interest.

TAKE FURTHER NOTICE that Your disobedience of this Subpoena, by failing to deliver the documents and information requested in the attached Schedule on the date, time and place stated above or on any agreed upon adjourned date or time, *may subject You to prosecution for a misdemeanor or penalties and other lawful punishment under* General Business Law § 352 and § 2308 of the New York Civil Practice Law and Rules, and/or other statutes.

TAKE FURTHER NOTICE that Your disclosure to any person, other than to the Attorney General's Office, of the name of any witness examined or any other information obtained regarding this investigation *may subject You to prosecution for a misdemeanor* under the General Business Law. In the event You believe that You are required to disclose the existence of this Subpoena or any information related thereto, You shall notify the Assistant Attorney General listed below immediately and well in advance of Your disclosure of same.

**WITNESS, The Honorable Barbara D. Underwood,** Attorney General of the State of New York, this 27th day of November, 2018.

By: _____
Cynthia Hanawalt
Bureau Chief
Investor Protection Bureau
28 Liberty Street, 21st Floor
New York, New York 10005
(212) 416-8765

By: _____
John D. Castiglione
Senior Enforcement Counsel
Investor Protection Bureau
28 Liberty Street, 21st Floor
New York, New York 10005
(212) 416-8513

Johanna Skrzypczyk
Assistant Attorney General
Bureau of Internet and Technology
28 Liberty Street, 20th Floor
New York, New York 10005
(212) 416-8369

FILED: NEW YORK COUNTY CLERK 04/25/2019 04:15 PM
NYSCEF DOC. NO. 8
Case 1:19-cv-09236 Document 1-37 Filed 10/06/19 Page 2 of 19
INDEX NO. 450545/2019
RECEIVED NYSCEF: 04/25/2019

# SCHEDULE

## A. General Definitions and Rules of Construction

1. "All" means each and every.

2. "Any" means any and all.

3. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Subpoena all information or Documents that might otherwise be construed to be outside of its scope.

4. "Communication" means any conversation, discussion, letter, email, memorandum, meeting, note or other transmittal of information or message, whether transmitted in writing, orally, electronically or by any other means, and shall include any Document that abstracts, digests, transcribes, records or reflects any of the foregoing.

5. "Concerning" means, directly or indirectly, in whole or in part, relating to, referring to, describing, evidencing or constituting.

6. "Custodian" means any Person or Entity that, as of the date of this Subpoena, maintained, possessed, or otherwise kept or controlled such Document.

7. "Document" is used herein in the broadest sense of the term and means all records and other tangible media of expression of whatever nature however and wherever created, produced or stored (manually, mechanically, electronically or otherwise), including without limitation all versions whether draft or final, all annotated or nonconforming or other copies, electronic mail ("e-mail"), instant messages, text messages, Blackberry or other wireless device messages, voicemail, calendars, date books, appointment books, diaries, books, papers, files, notes, confirmations, accounts statements, correspondence, memoranda, reports, records, journals, registers, analyses, plans, manuals, policies, telegrams, faxes, telexes, wires, telephone logs, telephone messages, message slips, minutes, notes or records or transcriptions of conversations or Communications or meetings, tape recordings, videotapes, disks, and other electronic media, microfilm, microfiche, storage devices, press releases, contracts, agreements, notices and summaries. Any non-identical version of a Document constitutes a separate Document within this definition, including without limitation drafts or copies bearing any notation, edit, comment, marginalia, underscoring, highlighting, marking, or any other alteration of any kind resulting in any difference between two or more otherwise identical Documents. In the case of Documents bearing any notation or other marking made by highlighting ink, the term Document means the original version bearing the highlighting ink, which original must be produced as opposed to any copy thereof.

8. "Entity" means without limitation any corporation, company, limited liability

9. company or corporation, partnership, limited partnership, association, or other firm or similar body, or any unit, division, agency, department, or similar subdivision thereof.

9. "Identify" or "Identity," as applied to any Document means the provision in writing of information sufficiently particular to enable the Attorney General to request the Document's production through subpoena or otherwise, including but not limited to: (a) Document type (letter, memo, etc.); (b) Document subject matter; (c) Document date; and (d) Document author(s), addressee(s) and recipient(s). In lieu of identifying a Document, the Attorney General will accept production of the Document, together with designation of the Document's Custodian, and identification of each Person You believe to have received a copy of the Document.

10. "Identify" or "Identity," as applied to any Entity, means the provision in writing of such Entity's legal name, any d/b/a, former, or other names, any parent, subsidiary, officers, employees, or agents thereof, and any address(es) and any telephone number(s) thereof.

11. "Identify" or "Identity," as applied to any natural person, means and includes the provision in writing of the natural person's name, title(s), any aliases, place(s) of employment, telephone number(s), e-mail address(es), mailing addresses and physical address(es).

12. "Person" means any natural person, or any Entity.

13. "Sent" or "received" as used herein means, in addition to their usual meanings, the transmittal or reception of a Document by physical, electronic or other delivery, whether by direct or indirect means.

14. "Subpoena" means this subpoena and any schedules or attachments thereto.

15. The use of the singular form of any word used herein shall include the plural and vice versa. The use of any tense of any verb includes all other tenses of the verb.

### B. Particular Definitions

16. "Respondent," "You," "Your" or "Tether" means Tether Limited, Tether International Limited, and any of their respective predecessors, successors, present or former parents, subsidiaries, or affiliates, whether direct or indirect; and all directors, officers, partners, employees, agents, contractors, consultants, representatives, and attorneys of the foregoing, or any other Persons associated with or acting on behalf of the foregoing, or acting on behalf of any predecessors, successors, or affiliates of the foregoing.

17. "Bitfinex" means iFinex Inc., BFXNA, Inc., and any of their respective predecessors, successors, present or former parents, subsidiaries, or affiliates,

whether direct or indirect; and all directors, officers, partners, employees, agents, contractors, consultants, representatives, and attorneys of the foregoing, or any other Persons associated with or acting on behalf of the foregoing, or acting on behalf of any predecessors, successors, or affiliates of the foregoing

18. "Virtual Currency" shall have the same meaning as that set forth in 23 N.Y.C.R.R. Part 200 ("Virtual Currencies").

## C. Instructions

1. <u>Preservation of Relevant Documents and Information; Spoliation.</u> You are reminded of Your obligations under law to preserve Documents and information relevant or potentially relevant to this Subpoena from destruction or loss, and of the consequences of, and penalties available for, spoliation of evidence. No agreement, written or otherwise, purporting to modify, limit or otherwise vary the terms of this Subpoena, shall be construed in any way to narrow, qualify, eliminate or otherwise diminish Your aforementioned preservation obligations. Nor shall You act, in reliance upon any such agreement or otherwise, in any manner inconsistent with Your preservation obligations under law. No agreement purporting to modify, limit or otherwise vary Your preservation obligations under law shall be construed as in any way narrowing, qualifying, eliminating or otherwise diminishing such aforementioned preservation obligations, nor shall You act in reliance upon any such agreement, unless an Assistant Attorney General confirms or acknowledges such agreement in writing, or makes such agreement a matter of record in open court.

2. <u>Possession, Custody, and Control.</u> The Subpoena calls for all responsive Documents or information in Your possession, custody or control. This includes, without limitation, Documents or information possessed or held by any of Your officers, directors, employees, agents, representatives, divisions, affiliates, subsidiaries or Persons from whom You could request Documents or information. If Documents or information responsive to a request in this Subpoena are in Your control, but not in Your possession or custody, You shall promptly Identify the Person with possession or custody.

3. <u>Documents No Longer in Your Possession.</u> If any Document requested herein was formerly in Your possession, custody or control but is no longer available, or no longer exists, You shall submit a statement in writing under oath that: (a) describes in detail the nature of such Document and its contents; (b) Identifies the Person(s) who prepared such Document and its contents; (c) Identifies all Persons who have seen or had possession of such Document; (d) specifies the date(s) on which such Document was prepared, transmitted or received; (e) specifies the date(s) on which such Document became unavailable; (f) specifies the reason why such Document is unavailable, including without limitation whether it was misplaced, lost, destroyed or transferred; and if such Document has been destroyed or transferred, the conditions of and reasons for such destruction or transfer and the Identity of the Person(s) requesting and performing such

3

destruction or transfer; and (g) Identifies all Persons with knowledge of any portion of the contents of the Document.

4. **No Documents Responsive to Subpoena Requests.** If there are no Documents responsive to any particular Subpoena request, You shall so state in writing under oath in the Affidavit of Compliance attached hereto, identifying the paragraph number(s) of the Subpoena request concerned.

5. **Format of Production.** You shall produce Documents and information responsive to this Subpoena in the format requested by the Office of the New York State Attorney General. Productions in electronic format shall meet the specifications set out in Attachments 1 and 2.

6. **Existing Organization of Documents to be Preserved.** Regardless of whether a production is in electronic or paper format, each Document shall be produced in the same form, sequence, organization or other order or layout in which it was maintained before production, including but not limited to production of any Document or other material indicating filing or other organization. Such production shall include without limitation any file folder, file jacket, cover or similar organizational material, as well as any folder bearing any title or legend that contains no Document. Likewise, all Documents that are physically attached to each other in Your files shall remain so attached in any production; or if such production is electronic, shall be accompanied by notation or information sufficient to indicate clearly such physical attachment.

7. **Manner of Compliance.** Custodians/Search Terms/Technology-Assisted Review. Prior consultation with the Office of the Attorney General is required concerning selection of custodians for document searches (whether electronic or otherwise) or for use of search term filters, predictive coding or other forms of technology-assisted review. The Office of the Attorney General reserves the right to approve, disapprove, modify or supplement any proposed list of custodians, search terms, and/or review methodology. The selection or use of custodians, search term filters, and/or technology-assisted review in no way relieves You of Your obligation to fully respond to these requests for Documents or information.

8. **Document Numbering.** All Documents responsive to this Subpoena, regardless of whether produced or withheld on ground of privilege or other legal doctrine, and regardless of whether production is in electronic or paper format, shall be numbered in the lower right corner of each page of such Document, without disrupting or altering the form, sequence, organization or other order or layout in which such Documents were maintained before production. Such number shall comprise a prefix containing the producing Person's name or an abbreviation thereof, followed by a unique, sequential, identifying document control number.

9. **Privilege Placeholders.** For each Document withheld from production on ground of privilege or other legal doctrine, regardless of whether a production is electronic or in hard copy, You shall insert one or more placeholder page(s) in the

production bearing the same document control number(s) borne by the Document withheld, in the sequential place(s) originally occupied by the Document before it was removed from the production.

10. <u>Privilege.</u> If You withhold or redact any Document responsive to this Subpoena on ground of privilege or other legal doctrine, You shall submit with the Documents produced a statement in writing under oath, stating: (a) the document control number(s) of the Document withheld or redacted; (b) the type of Document; (c) the date of the Document; (d) the author(s) and recipient(s) of the Document; (e) the general subject matter of the Document; and (f) the legal ground for withholding or redacting the Document. If the legal ground for withholding or redacting the Document is attorney-client privilege, You shall indicate the name of the attorney(s) whose legal advice is sought or provided in the Document.

11. <u>Your Production Instructions to be Produced.</u> You shall produce a copy of all written or otherwise recorded instructions prepared by You concerning the steps taken to respond to this Subpoena. For any unrecorded instructions given, You shall provide a written statement under oath from the Person(s) who gave such instructions that details the specific content of the instructions and any Person(s) to whom the instructions were given.

12. <u>Cover Letter, Index, and Identifying Information.</u> Accompanying any production(s) made pursuant to this Subpoena, You shall include a cover letter that shall at a minimum provide an index containing the following: (a) a description of the type and content of each Document produced therewith; (b) the paragraph number(s) of the Subpoena request(s) to which each such Document is responsive; (c) the Identity of the Custodian(s) of each such Document; and (d) the document control number(s) of each such Document. As further set forth in Attachment 2, information must also be included in the metadata and load files of each production concerning the identity of each Document's custodian, as well as information identifying the particular Document requests and/or information to which each document is responsive.

13. <u>Affidavit of Compliance.</u> A copy of the Affidavit of Compliance provided herewith shall be completed and executed by all natural persons supervising or participating in compliance with this Subpoena, and You shall submit such executed Affidavit(s) of Compliance with Your response to this Subpoena.

14. <u>Identification of Persons Preparing Production.</u> In a schedule attached to the Affidavit of Compliance provided herewith, You shall Identify the natural person(s) who prepared or assembled any productions or responses to this Subpoena. You shall further Identify the natural person(s) under whose personal supervision the preparation and assembly of productions and responses to this Subpoena occurred. You shall further Identify all other natural person(s) able competently to testify: (a) that such productions and responses are complete and

5

correct to the best of such person's knowledge and belief; and (b) that any Documents produced are authentic, genuine and what they purport to be.

15. <u>Continuing Obligation to Produce.</u> This Subpoena imposes a continuing obligation to produce the Documents and information requested. Documents located or created, and information learned, acquired or created, at any time after Your response is due shall be promptly produced at the place specified in this Subpoena.

16. <u>No Oral Modifications.</u> No agreement purporting to modify, limit or otherwise vary this Subpoena shall be valid or binding, and You shall not act in reliance upon any such agreement, unless an Assistant Attorney General confirms or acknowledges such agreement in writing, or makes such agreement a matter of record in open court.

17. <u>Time Period.</u> Unless otherwise specified, the time period covered by this Subpoena shall be from January 1, 2015 to the present.

### D. Requests for Information

1. Provide organizational charts for Bitfinex and Tether. Identify and describe the relationship between Bitfinex and Tether, including but not limited to shared ownership, personnel, management, systems, accounts, and other matters.

2. Identify and describe the processes, and any changes thereto, by which Tether and/or Bitfinex issues and redeems tethers, including, but not limited to, identification of all Persons involved in the decision(s) to issue or redeem tether, and a description their roles and responsibilities with respect thereto.

3. Identify any bank, depository institution, money transmitter, trust, account, or other similar entity currently used by Tether and Bitfinex for Virtual Currency or fiat currency. Identify and describe the decision(s) by Tether and/or Bitfinex to change banks (or other similar entities as noted above) between January 1, 2016 and the present date.

4. Identify all Persons involved in the decision(s) by Tether and/or Bitfinex to change banks as described in response to Request No. 3.

5. Identify and describe any outstanding loans, extensions of credit, encumbrances, or any other claims, of any variety or description, concerning the fiat currency that backs tethers, during the Relevant Time Period.

### E. Documents to be Produced

1. All Documents and Communications previously produced to the U.S. Commodity Futures Trading Commission Concerning Tether, Bitfinex, tethers, or related matters.

2. All Documents Concerning any contracts, agreements, or other similar commitments between (i) Tether and Bitfinex; (ii) Tether or Bitfinex, on the one hand, and any third party, on the other.

3. All Documents and Communications Concerning the issuance, withdrawal, or redemption of tethers.

4. All Documents and Communications Concerning (i) the redemption and destruction of tethers on or about October 24, 2018; (ii) the issuance of tethers on or about November 20, 2018; and (iii) the announcement on or about November 27, 2018 regarding withdrawals/redemptions of tethers.

5. All Documents and Communications Concerning trading activity on the Bitfinex trading platform between and among tethers and bitcoin.

## ATTACHMENT 1
### Electronic Document Production Specifications

Unless otherwise specified and agreed to by the Office of Attorney General, all responsive documents must be produced in LexisNexis® Concordance® format in accordance with the following instructions. Any questions regarding electronic document production should be directed to the Assistant Attorney General whose telephone number appears on the subpoena.

1. <u>Concordance Production Components</u>. A Concordance production consists of the following component files, which must be produced in accordance with the specifications set forth below in Section 7.

    A. *Metadata Load File.* A delimited text file that lists in columnar format the required metadata for each produced document.

    B. *Extracted or OCR Text Files.* Document-level extracted text for each produced document or document-level optical character recognition ("OCR") text where extracted text is not available.

    C. *Single-Page Image Files.* Individual petrified page images of the produced documents in tagged image format ("TIF"), with page-level Bates number endorsements.

    D. *Opticon Load File.* A delimited text file that lists the single-page TIF files for each produced document and defines (i) the relative location of the TIF files on the production media and (ii) each document break.

    E. *Native Files.* Native format versions of non-printable or non-print friendly produced documents.

2. <u>Production Folder Structure</u>. The production must be organized according to the following standard folder structure:
    - data\ (contains production load files)
    - images\ (contains single-page TIF files, with subfolder organization)
        \0001, \0002, \0003...
    - native_files\ (contains native files, with subfolder organization)
        \0001, \0002, \0003...
    - text\ (contains text files, with subfolder organization)
        \0001, \0002, \0003...

3. <u>De-Duplication</u>. You must perform global de-duplication of stand-alone documents and email families against any prior productions pursuant to this or previously related subpoenas.

4. <u>Paper or Scanned Documents</u>. Documents that exist only in paper format must be scanned to single-page TIF files and OCR'd. The resulting electronic files should

be pursued in Concordance format pursuant to these instructions. You must contact the Assistant Attorney General whose telephone number appears on the subpoena to discuss (i) any documents that cannot be scanned, and (ii) how information for scanned documents should be represented in the metadata load file.

5. <u>Structured Data</u>. Before producing structured data, including but not limited to relational databases, transactional data, and xml pages, you must first speak to the Assistant Attorney General whose telephone number appears on the subpoena. Spreadsheets are not considered structured data.

6. <u>Media and Encryption</u>. All documents must be produced on CD, DVD, or hard-drive media. All production media must be encrypted with a strong password, which must be delivered independently from the production media.

7. <u>Production File Requirements</u>.

   A. ***Metadata Load File***
      - Required file format:
        - ASCII or UTF-8
        - Windows formatted CR + LF end of line characters, including full CR + LF on last record in file.
        - .dat file extension
        - Field delimiter: _(ASCII decimal character 20)
        - Text Qualifier: þ (ASCII decimal character 254). Date and pure numeric value fields do not require qualifiers.
        - Multiple value field delimiter: ; (ASCII decimal character 59)
      - The first line of the metadata load file must list all included fields. All required fields are listed in Attachment 2.
      - Fields with no values must be represented by empty columns maintaining delimiters and qualifiers.
      - *Note:* All documents must have page-level Bates numbering (except documents produced only in native format, which must be assigned a document-level Bates number). The metadata load file must list the beginning and ending Bates numbers (BEGDOC and ENDDOC) for each document. For document families, including but not limited to emails and attachments, compound documents, and uncompressed file containers, the metadata load file must also list the Bates range of the entire document family (ATTACHRANGE), beginning with the first Bates number (BEGDOC) of the "parent" document and ending with the last Bates number (ENDDOC) assigned to the last "child" in the document family.
      - Date and Time metadata must be provided in separate columns.
      - Accepted date formats:
        - mm/dd/yyyy
        - yyyy/mm/dd

- o yyyymmdd
- Accepted time formats:
  - o hh:mm:ss (if not in 24-hour format, you must indicate am/pm)
  - o hh:mm:ss:mmm

B. ***Extracted or OCR Text Files***
- You must produce individual document-level text files containing the full extracted text for each produced document.
- When extracted text is not available (for instance, for image-only documents) you must provide individual document-level text files containing the document's full OCR text.
- The filename for each text file must match the document's beginning Bates number (BEGDOC) listed in the metadata load file.
- Text files must be divided into subfolders containing no more than 500 to 1000 files.

C. ***Single-Page Image Files (Petrified Page Images)***
- Where possible, all produced documents must be converted into single-page tagged image format ("TIF") files. See Section 7.E below for instructions on producing native versions of documents you are unable to convert.
- Image documents that exist only in non-TIF formats must be converted into TIF files. The original image format must be produced as a native file as described in Section 7.E below.
- For documents produced only in native format, you must provide a TIF placeholder that states "Document produced only in native format."
- Each single-page TIF file must be endorsed with a unique Bates number.
- The filename for each single-page TIF file must match the unique page-level Bates number (or document-level Bates number for documents produced only in native format).
- Required image file format:
  - o CCITT Group 4 compression
  - o 2-Bit black and white
  - o 300 dpi
  - o Either .tif or .tiff file extension.
- TIF files must be divided into subfolders containing no more than 500 to 1000 files. Where possible documents should not span multiple subfolders.

D. ***Opticon Load File***
- Required file format:
  - o ASCII
  - o Windows formatted CR + LF end of line characters
  - o Field delimiter: , (ASCII decimal character 44)

3

- o No Text Qualifier
- o .opt file extension
- The comma-delimited Opticon load file must contain the following seven fields (as indicated below. values for certain fields may be left blank):
    - o ALIAS or IMAGEKEY – the unique Bates number assigned to each page of the production.
    - o VOLUME – this value is optional and may be left blank.
    - o RELATIVE PATH – the filepath to each single-page image file on the production media.
    - o DOCUMENT BREAK – defines the first page of a document. The only possible values for this field are "Y" or blank.
    - o FOLDER BREAK – defines the first page of a folder. The only possible values for this field are "Y" or blank.
    - o BOX BREAK – defines the first page of a box. The only possible values for this field are "Y" or blank.
    - o PAGE COUNT – this value is optional and may be left blank.
- *Example*:
  ABC00001,,IMAGES\0001\ABC00001.tif,Y,,,2
  ABC00002,,IMAGES\0001\ABC00002.tif,,,,
  ABC00003,,IMAGES\0002\ABC00003.tif,Y,,,1
  ABC00004,,IMAGES\0002\ABC00004.tif,Y,,,1

E. *Native Files*
- Non-printable or non-print friendly documents (including but not limited to spreadsheets, audio files, video files and documents for which color has significance to document fidelity) must be produced in their native format.
- The filename of each native file must match the document's beginning Bates number (BEGDOC) in the metadata load file and retain the original file extension.
- For documents produced only in native format, you must assign a single document-level Bates number and provide an image file placeholder that states "Document produced only in native format."
- The relative paths to all native files on the production media must be listed in the NATIVEFILE field of the metadata load file.
- Native files that are password-protected must be decrypted prior to conversion and produced in decrypted form. In cases where this cannot be achieved the document's password must be listed in the metadata load file. The password should be placed in the COMMENTS field with the format Password: <PASSWORD>.
- You may be required to supply a software license for proprietary documents produced only in native format.

FILED: NEW YORK COUNTY CLERK 04/25/2019 04:15 PM
NYSCEF DOC. NO. 8
Case 1:19-cv-09236 Document 1-37 Filed 10/06/19 Page 13 of 19
INDEX NO. 450545/2019
RECEIVED NYSCEF: 04/25/2019

## ATTACHMENT 2
### Required Fields for Metadata Load File

| FIELD NAME | FIELD DESCRIPTION | FIELD VALUE EXAMPLE[1] |
|---|---|---|
| DOCID | Unique document reference (can be used for de-duplication). | ABC0001 or ###.######.### |
| BEGDOC | Bates number assigned to the first page of the document. | ABC0001 |
| ENDDOC | Bates number assigned to the last page of the document. | ABC0002 |
| BEGATTACH | Bates number assigned to the first page of the parent document in a document family (*i.e.*, should be the same as BEGDOC of the parent document, or PARENTDOC). | ABC0001 |
| ENDATTACH | Bates number assigned to the last page of the last child document in a family (*i.e.*, should be the same as ENDDOC of the last child document). | ABC0008 |
| ATTACHRANGE | Bates range of entire document family. | ABC0001 - ABC0008 |
| PARENTDOC | BEGDOC of parent document. | ABC0001 |
| CHILDDOCS | List of BEGDOCs of all child documents, delimited by ";" when field has multiple values. | ABC0002; ABC0003; ABC0004… |
| DOCREQ | List of particular Requests for Documents to be Produced in the subpoena | 1; 2; 3 … |
| INTERROG | List of particular [Requests for Information] [interrogatories] in the subpoena | 1; 2; 3 … |
| COMMENTS | Additional document comments, such as passwords for encrypted files. | |

---

[1] Examples represent possible values and not required format unless the field format is specified in Attachment 1.

5

| NATIVEFILE | Relative file path of the native file on the production media. | .\Native_File\Folder\...\BEGDOC.ext |
|---|---|---|
| SOURCE | For scanned paper records this should be a description of the physical location of the original paper record. For loose electronic files this should be the name of the file server or workstation where the files were gathered. | Company Name, Department Name, Location, Box Number... |
| CUSTODIAN | Owner of the document or file. | Firstname Lastname, Lastname, Firstname, User Name: Company Name, Department Name... |
| FROM | Sender of the email. | Firstname Lastname < FLastname @domain > |
| TO | All to: members or recipients, delimited by ";" when field has multiple values. | Firstname Lastname < FLastname @domain >; Firstname Lastname < FLastname @domain >; ... |
| CC | All cc: members, delimited by ";" when field has multiple values. | Firstname Lastname < FLastname @domain >; Firstname Lastname < FLastname @domain >; ... |
| BCC | All bcc: members, delimited by ";" when field has multiple values | Firstname Lastname < FLastname @domain >; Firstname Lastname < FLastname @domain >; ... |
| SUBJECT | Subject line of the email. | |
| DATERCVD | Date that an email was received. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd |
| TIMERCVD | Time that an email was received. | hh:mm:ss AM/PM or hh:mm:ss |
| DATESENT | Date that an email was sent. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd |

| TIMESENT | Time that an email was sent. | hh:mm:ss AM/PM or hh:mm:ss |
|---|---|---|
| CALBEGDATE | Date that a meeting begins. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd |
| CALBEGTIME | Time that a meeting begins. | hh:mm:ss AM/PM or hh:mm:ss |
| CALENDDATE | Date that a meeting ends. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd |
| CALENDTIME | Time that a meeting ends. | hh:mm:ss AM/PM or hh:mm:ss |
| CALENDARDUR | Duration of a meeting in hours. | 0.75, 1.5... |
| ATTACHMENTS | List of filenames of all attachments, delimited by ";" when field has multiple values. | AttachmentFileName.; AttachmentFileName.docx; AttachmentFileName.pdf; ... |
| NUMATTACH | Number of attachments. | 1, 2, 3, 4.... |
| RECORDTYPE | General type of record. | IMAGE; LOOSE E-MAIL; E-MAIL; E-DOC; IMAGE ATTACHMENT; LOOSE E-MAIL ATTACHMENT; E-MAIL ATTACHMENT; E-DOC ATTACHMENT |
| FOLDERLOC | Original folder path of the produced document. | Drive:\Folder\...\...\ |
| FILENAME | Original filename of the produced document. | Filename.ext |
| DOCEXT | Original file extension. | html, xls, pdf |
| DOCTYPE | Name of the program that created the produced document. | Adobe Acrobat, Microsoft Word, Microsoft Excel, Corel WordPerfect... |
| TITLE | Document title (if entered). | |
| AUTHOR | Name of the document author. | Firstname Lastname; Lastname, First Name; FLastname |
| REVISION | Number of revisions to a document. | 18 |

7

| DATECREATED | Date that a document was created. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd |
|---|---|---|
| TIMECREATED | Time that a document was created. | hh:mm:ss AM/PM or hh:mm:ss |
| DATEMOD | Date that a document was last modified. | mm/dd/yyyy, yyyy/mm/dd, or yyyymmdd |
| TIMEMOD | Time that a document was last modified. | hh:mm:ss AM/PM or hh:mm:ss |
| FILESIZE | Original file size in bytes. | 128, 512, 1024… |
| PGCOUNT | Number of pages per document. | 1, 2, 10, 100… |
| IMPORTANCE | Email priority level if set. | Low, Normal, High |
| TIFFSTATUS | Generated by the Law Pre-discovery production tool (leave blank if inapplicable). | Y, C, E, W, N, P |
| DUPSTATUS | Generated by the Law Pre-discovery production tool (leave blank if inapplicable). | P |
| MD5HASH | MD5 hash value computed from native file (a/k/a file fingerprint). | BC1C5CA6C1945179FEE144F25F51087B |
| SHA1HASH | SHA1 hash value | B68F4F57223CA7DA3584BAD7ECF111B8044F8631 |
| MSGINDEX | Email message ID | |

# AFFIDAVIT OF COMPLIANCE WITH SUBPOENA

State of _____  }
County of _____ }

I, _____, being duly sworn, state as follows:

1. I am employed by Respondent in the position of _____;

2. Respondent's productions and responses to the Subpoena of the Attorney General of the State of New York, dated _____, 20_____ (the "Subpoena") were prepared and assembled under my personal supervision;

3. I made or caused to be made a diligent, complete and comprehensive search for all Documents and information requested by the Subpoena, in full accordance with the instructions and definitions set forth in the Subpoena;

4. Respondent's productions and responses to the Subpoena are complete and correct to the best of my knowledge and belief;

5. No Documents or information responsive to the Subpoena have been withheld from Respondent's production and response, other than responsive Documents or information withheld on the basis of a legal privilege or doctrine;

6. All responsive Documents or information withheld on the basis of a legal privilege or doctrine have been identified on a privilege log composed and produced in accordance with the instructions in the Subpoena;

7. The Documents contained in Respondent's productions and responses to the Subpoena are authentic, genuine and what they purport to be;

8. Attached is a true and accurate record of all persons who prepared and assembled any productions and responses to the Subpoena, all persons under whose personal supervision the preparation and assembly of productions and responses to the Subpoena occurred, and all persons able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any Documents produced are authentic, genuine and what they purport to be; and

9. Attached is a true and accurate statement of those requests under the Subpoena as to which no responsive Documents were located in the course of the aforementioned search.

_____  _____
Signature of Affiant    Date

_____
Printed Name of Affiant

\* \* \*

Subscribed and sworn to before me this \_\_\_\_\_ day of _____, 20\_\_\_.

_____, Notary Public

My commission expires: _____