**BY ECF**  December 2, 2019
The Honorable Katherine Polk Failla
United States District Judge
United States District Court, S.D.N.Y.
40 Foley Square, Room 2103
New York, NY 10007

      Re:    *Leibowitz et al. v. iFinex Inc., et al.*, Case No. 19-CV-09236-KPF.

Dear Judge Failla:

We write in response to the Court's November 20th order, ECF No. [36], which directed Plaintiffs to notify the Court "(i) whether they wish to amend their complaint in light of the Defendants' pre-motion letter; and (ii) what steps they contemplate taking regarding the individual defendants that have not yet appeared in this action."

I. <u>Plaintiffs do not wish to amend their complaint at this time</u>

Plaintiffs reviewed Defendants' pre-motion letter and decline to amend their complaint.[1]

For the Court's convenience, and without prejudice to a full response, even a cursory review of Defendants' claims demonstrate why (i) Defendants' assertion (ECF No. [28] at 1-2) that the revised Griffin Report "walked back a key allegation underlying this lawsuit" is inaccurate and why (ii) the actual updates to the Griffin Report do not require amendment.

First, the study still concludes that USDT was being used to manipulate bitcoin prices. But importantly, the updates go further than the original study in connecting the manipulation to a single entity, concluding that "one large player on Bitfinex uses [USDT] to purchase large amounts of Bitcoin when prices are falling and following the printing of [USDT]."[2] The study, which has been accepted for publication by the Journal of Finance, "strongly suggests Bitfinex executives either knew of the scheme or were aiding it."[3] In fact, Professor Griffin has publicly told the Wall Street Journal that "[i]f it's not Bitfinex, it's somebody they do business with very frequently."[4]

II. <u>Steps contemplated for remaining Defendants</u>

    A. *Philip Potter*

On November 8, 2019, Plaintiffs filed an affidavit of service attesting that Mr. Potter was served on October 22, 2019. *See* ECF No. 26. Mr. Potter subsequently contacted Plaintiffs to dispute the effectiveness of that service. On November 20, 2018, Mr. Potter agreed to accept

---

[1] Plaintiffs' reserve their right to amend as a matter of course if Defendants' file their motion to dismiss. *See, e.g.,* FED. R. CIV. P. 15(a); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).

[2] John Griffin & Amin Shams, *Is Bitcoin Really Untethered?*, at 46, 39 (Oct. 28, 2019), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3195066.

[3] Paul Vigna, *Large Bitcoin Player Manipulated Price Sharply Higher, Study Says*, Wall St. J. (Nov. 4, 2019), https://www.wsj.com/articles/large-bitcoin-player-manipulated-price-sharply-higher-study-says-11572863400.

[4] *Id.*

service by email in exchange for Plaintiffs' agreement to align his response deadline with the BVI Defendants'[5] response deadline. Mr. Potter has therefore been served as of November 20, 2018. Plaintiffs anticipate an unopposed request to realign his response deadline.

### B. *Reginald Fowler*

Mr. Fowler's answer was due November 21, 2019. ECF No. 27. Plaintiffs intend to request this week a certificate of entry of default against him pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55.1. Nonetheless, "a default judgment cannot be entered until the amount of damages has been ascertained." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993).

As Plaintiffs indicated in the complaint, Plaintiffs are not yet in a position to calculate exact damages. This is because ascertaining damages will "inevitably involve a 'battle of the experts.'" *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 283 (S.D.N.Y. 1999). This is common "in the context of a CEA manipulation claim where the "'issue of "actual damages' thus becomes a complex factual inquiry." *In re Crude Oil Commodity Futures Litig.*, 913 F. Supp. 2d 41, 60–61 (S.D.N.Y. 2012). Consequently, Plaintiffs will seek a default judgment at the appropriate time.

### C. *Ludovicus Jan van der Velde and Giancarlo Devasini*

Locating Defendants Velde and Devasini, the respective CEO and CFO of the BVI Defendants has proven unexpectedly difficult. As an initial matter, counsel for the BVI Defendants declined to accept service on their behalf. Inexplicably, counsel has also claimed not to know where they are located. Searches of publicly available information did yield two addresses that both Defendants listed with the Hong Kong registry when they incorporated Defendant Tether Limited in 2013. *See* Compl. Ex. 8. Velde in Hong Kong and Devasini in France. *Id.* As detailed below, Plaintiffs are serving them at these addresses under the Hague Convention.

> *i. Plaintiffs attempted to serve Velde and Devasini pursuant to article 10(a) of the Hague Convention on Service and Fed. R. Civ. P. 4(f)(2)(C)(ii).*

Plaintiffs have arranged for the Clerk of Court to effect service by mail to those addresses pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii) and Article 10(a) of the Hague Convention on Service Abroad. ECF Nos. 37–38.[6]

On November 29, UPS attempted delivery to Devasini, but no one was available to sign for it at that time.[7] The package sent to Velde is currently scheduled for delivery tomorrow, December 3.[8]

---

[5] Plaintiffs collectively refer to the seven Bitfinex and Tether entities incorporated in the British Virgin Islands as the "BVI Defendants." They include BFXNA, Inc.; BFXWW, Inc.; Digfinex, Inc.; iFinex, Inc.; Tether International Limited; Tether Operations Limited; and Tether Holdings Limited.

[6] Article 10(a) "permits service through 'postal channels'" so long as the destination country does not object. *Gurung v. Malhotra*, 279 F.R.D. 215, 219–20 (S.D.N.Y. 2011). Neither France nor Hong Kong have objected to Article 10(a) of the Convention. *See Declarations, Reservations,* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.

[7] The UPS tracking number for this package is 1Z6Y2F45DG96343426, and details can be looked up at https://www.ups.com/us/en/services/tracking.page?.

[8] The UPS tracking number for this package is 1Z6Y2F45DG96344523.

Plaintiffs will keep the Court updated on the progress of formally serving these two individuals.

### D. *Tether Limited*

Tether Limited, a Hong Kong corporation, is a "foreign-located money services business" registered with FinCEN and therefore required to "designate the name and address of a person who resides in the United States and is authorized and has agreed, to be an agent to accept service of legal process with respect to compliance" with the Bank Secrecy Act. 31 C.F.R. § 1022.380. Plaintiffs have been unable to find anyone so listed and it appears that Tether Limited is in breach of this section. Counsel for the BVI Defendants has also refused to accept service on behalf of Tether Limited.

Given these obstacles, Plaintiffs have arranged for service of Tether Limited by solicitor pursuant to Article 10(b) of the Hague Convention on Service Abroad, which Plaintiffs expect to be completed shortly, as well as for service by mail from the Clerk of Court pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii), which was completed on December 2, 2019.[9]

### E. *Global Trade Solutions AG and Crypto Capital Corp.*

Plaintiffs are still assessing how to best effect service on Global Trade Solutions AG and Crypto Capital Corp., but do not believe this should affect the briefing schedule for any other motions to dismiss the other Defendants intend to file.

Global Trade Solutions AG is a Swiss entity located in the canton of Zug. The Swiss regulatory authority FINMA has placed the company under supervision and appointed the law firm Mercury Compliance AG as an investigating agent that is authorized to act on its behalf.[10] Mercury Compliance AG, recently declined to waive service of the complaint on behalf of Global Trade Solutions AG.

Crypto Capital Corp. was a Panamanian company that seems to have been dissolved. Plaintiffs' present understanding is that, under Panamanian law, dissolved corporations can continue to be served through their directors. Panama Corp. Law, ch. IX art. 85–86. Crypto Capital Corp's director, Ivan Manuel Molina Lee, was reportedly extradited to Poland at the end of last month.[11]

Plaintiffs are assessing the best way to serve these Defendants and will keep the Court updated of their progress.

---

[9] The UPS tracking number for this package is 1Z6Y2F456763012293.

[10] https://www.finma.ch/en/enforcement/enforcement-tools/precautionary-measures/investigating-agents-entered-in-the-commercial-register/global-trade-solutions-ag/.

[11] *Wanted EAW Ivan Manuel Molina Lee is already in Poland. According to the Prosecution, he is a member of the international drug cartel*, wPolityce.pl (Oct. 24, 2019) (Google Translation), http://translate.google.com/translate?hl=en&sl=auto&tl=en&u=https%3A%2F%2Fwpolityce.pl%2Fkryminal%2F470013-poszukiwany-ena-ivan-manuel-molina-lee-jest-juz-w-polsce.

        Respectfully,

**ROCHE FREEDMAN LLP**

/s/ *Kyle W. Roche*
Kyle W. Roche
Joseph M. Delich
185 Wythe Avenue F2
Brooklyn, New York 11249
t: (929) 457-0057
t: (929) 457-0050
jdelich@rochefreedman.com
kyle@rochefreedman.com

Devin (Velvel) Freedman
200 South Biscayne Blvd. Ste. 5500
Miami, Florida 33131
t: (305) 357-3861
vel@rochefreedman.com
*Counsel for Plaintiffs*

cc: Counsel of Record (by ECF)