# Walden Macht & Haran LLP



One Battery Park Plaza, 34th Floor
New York, NY 10004
212 335 2030

December 17, 2019

VIA ECF and E-Mail

Hon. Katherine Polk Failla
U.S. District Court, S.D.N.Y.
40 Foley Square, Room 2103
New York, NY 10007



Re:     *David Leibowitz et al. v. iFinex Inc., et al.*, 19-CV-09236-KPF

Together with attorneys Michael Jason Lee, Christopher Beal, and Sunjina K. Ahuja (admitted *pro hac vice*) we represent Defendants Ludovicus Jan van der Velde, Giancarlo Devasini, and Tether Limited (collectively, the "Additional Defendants"). We also represent Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether International Limited, and DigFinex Inc. (collectively, the "Corporate Defendants").

We submit this letter with Plaintiffs' consent to request the Court align the Additional Defendants' time to respond with the briefing schedule ordered by this Court on December 3, 2019. The Additional Defendants intend to join in the Corporate Defendants' proposed motion to dismiss on the grounds set forth therein.

Furthermore, the individual defendants Ludovicus Jan van der Velde and Giancarlo Devasini (the "Individual Defendants") may move to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. The Complaint fails to state any basis for this Court to exercise jurisdiction over these Individual Defendants, who are foreign citizens residing in Hong Kong and France, respectively. Plaintiffs have not alleged the Individual Defendants' affiliations with New York or the United States are so substantial or pervasive to make a *prima facie* showing of general jurisdiction, nor have Plaintiffs alleged the Individual Defendants transacted business on behalf of the Corporate Defendants in New York or the United States. *Waldman v. Palestinian Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014)). Plaintiffs similarly do not offer particularized facts to show that any activities of the Individual Defendants in New York or the United States had an articulable nexus, or substantial relationship, to the Complaint's causes of action. For this reason, too, Plaintiffs have not alleged sufficient forum related contacts to establish specific jurisdiction. *In re Roman Catholic Diocese, Inc.,* 745 F.3d 30, 38 (2d Cir. 2014); *In re SSA Bonds Antitrust Litig.*, 2019 WL 4917608, at *7 (S.D.N.Y. Oct. 4, 2019). Although the Complaint should be dismissed as to the Individual Defendants without reaching a due process analysis, Plaintiffs have also failed to plead sufficient minimum contacts to establish personal jurisdiction over the Individual Defendants comports with due process. *In re Roman Catholic Diocese, Inc.,* 745 F.3d at 38. Accordingly, Plaintiffs are unable to make a *prima facie* showing of personal jurisdiction with respect to the Individual

Defendants. Tether Limited reserves its rights to also seek dismissal on personal jurisdiction grounds.

In addition, the Complaint appears to allege conduct by the Individual Defendants insufficient to establish liability for any of the causes of action alleged in the Complaint.

Respectfully submitted,

Jim Walden

cc:   All counsel (via ECF)

```
Application GRANTED.  Defendants Ludovicus Jan van der Velde, Giancarlo
Devasini, and Tether Limited  shall file their motions to dismiss
pursuant to the same schedule established in the Court's Order of
December 3, 2019.  (Dkt. #43).

Dated:     December 17, 2019         SO ORDERED.
           New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE