UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID LEIBOWITZ, BENJAMIN LEIBOWITZ, JASON LEIBOWITZ, AARON LEIBOWITZ, and PINCHAS GOLDSHTEIN <br><br> Plaintiffs, <br><br> v. <br><br> IFINEX INC., BFXNA INC., BFXWW INC., TETHER HOLDINGS LIMITED, TETHER OPERATIONS LIMITED, TETHER LIMITED, TETHER INTERNATIONAL LIMITED, DIGFINEX INC., PHILIP G. POTTER, GIANCARLO DEVASINI, LUDOVICUS JAN VAN DER VELDE, REGINALD FOWLER, CRYPTO CAPITAL CORP., and GLOBAL TRADE SOLUTIONS AG, <br><br> Defendants. | Case No. 1:19-cv-09236-KPF <br><br> Honorable Katherine Polk Failla |

**PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL**

Plaintiffs David Leibowitz, Benjamin Leibowitz, Jason Leibowitz, Aaron Leibowitz, and Pinchas Goldshtein seek appointment of their counsel, Roche Freedman LLP ("RF") and Schneider Wallace Cottrell Konecky LLP ("SWCK"), as interim class counsel pursuant to Rule 23(g).

This litigation is a class action alleging that Defendants manipulated the prices of cryptocurrencies, causing a historically large asset bubble and over-inflated prices that were not supported by underlying demand. There are tens of thousands of class members who have been injured, and at least one other pending class action in in the Western District of

Washington concerning the same underlying facts (the "*Young*" action).[1]  The *Young* plaintiffs filed nearly two months after Plaintiffs initiated this action, and their complaint closely tracks Plaintiffs earlier-filed allegations and asserts nearly identical claims.

Appointing RF and SWCK as interim class counsel is warranted at this time. Since being the first-to-file, Plaintiffs have diligently prosecuted their case and caused it to advance much farther along from a procedural standpoint. There have been no substantive developments in the *Young* action since the summons issued on November 25, 2019. Indeed, on December 30, 2019, the plaintiffs and the defendants in that action filed a stipulation to transfer venue to this Court. *Young et al.* at ECF No. 9.

In contrast, RF and SWCK have efficiently and effectively navigated complex issues of international service, exchanged pre-motion to dismiss letter briefing with Defendants, and negotiated to help facilitate a single consolidated motion to dismiss deadline for all the Defendants: February 3, 2019.

Appointment of RF and SWCK as interim class counsel will ensure they are able continue to advance this litigation for the benefit of the putative class. Appointment of interim class counsel reduces the risk of inconsistent rulings on common issues in the later-filed *Young* action and ensures these cases are streamlined is to the benefit of Plaintiffs and the putative class, as well as the Court.

RF and SWCK are well-qualified to represent the putative class based on their extensive pre-suit investigation, their demonstrated expertise in litigating cryptocurrency cases against multi-national defendants, and their substantial prior experience in complex, multi-party class actions.

---

[1] That action, *Young et al. v. Ifinex Inc., et al.*, No. 2:19-cv-01902 (W.D. Wash.) was filed November 22, 2019.

## BACKGROUND

### *Plaintiffs File the First Action In this District*

On October 6, 2019, Plaintiffs filed the first complaint in any jurisdiction seeking redress for a sophisticated scheme to manipulate the prices for cryptocurrencies such as USDT, ether, bitcoin, and bitcoin derivatives, thereby creating arguably "the largest bubble in human history" and causing hundreds of billions in losses when the bubble burst. Compl. ¶ 10, ECF No. 1.

Plaintiffs assert claims for market manipulation under the Commodities Exchange Act, 7 U.S.C. § 1, *et seq.*; for unlawful maintenance of monopoly power under the Sherman Act, 15 U.S.C. § 2; for participating in a RICO scheme under 18 U.S.C. § 1962(c), based on predicate violations that include bank fraud, wire fraud, money laundering, and other illegal activity; as well as state law claims for common law fraud and violation of the New York Deceptive Trade Practices Law, NY GBL § 349.

Members of the putative Class include "tens of thousands" of cryptocurrency purchasers who "held or transacted in cryptocurrencies, including but not limited to USDT, ether, bitcoin, and bitcoin derivatives, in the United States or its territories at any time from October 6, 2014, through the present," who can be identified "by publicly accessible blockchain ledger information." Compl. ¶¶ 242, 245, ECF No. 1. Summons were issued on October 8, 2019. ECF No. 7.

Plaintiffs served the two individual defendants located in the United States on October 22 and October 31. ECF No. 26–27.  On October 29, Plaintiffs served summons on seven of the corporate defendants[2] in the British Virgin Islands, who appeared in the case

---

[2] Defendants Tether Holdings Limited, Tether Operations Limited, Tether International Limited, iFinex Inc., BFXNA Inc., BFXWW Inc., and DigFinex Inc.

shortly thereafter but would not accept service on behalf of their Hong Kong affiliate or their executives individually. ECF No. 25. Plaintiffs therefore arranged for service of those defendants in France and Hong Kong pursuant to the Hague Convention of Service Abroad and Federal Rule of Civil Procedure 4(f)(2)(C)(ii), which was completed by December 3. ECF No. 37–39.

On November 15, 2019, the Bitfinex and Tether Corporate Defendants that had appeared filed a pre-motion letter describing their intention to file a motion to dismiss. ECF. No. 28. The Court subsequently set the following briefing schedule: "Defendants shall file their motions to dismiss on or before February 3, 2020, Plaintiffs shall file their opposition papers on or before March 9, 2020, and Defendants shall file their reply papers, if any, on or before March 23, 2020." Order, ECF No.43. The Court chose those dates "to balance the interest of the Defendants that have appeared in progressing the case and filing a motion to dismiss, as well as the potential interest of the Defendants who have yet to appear in joining such a motion to dismiss." *Id.*

Plaintiffs caused a Certificate of Default to be entered against Defendant Reginald Fowler on December 4. Plaintiffs subsequently met and conferred with counsel for Fowler and agreed not to oppose his request to vacate the default and allow him to file a motion to dismiss on the schedule set forth in the Briefing Schedule, a request this Court has granted. ECF No. 47. While Defendant Philip Potter has not appeared, Plaintiffs have met and conferred with his counsel for Defendant Philip Potter and similarly agreed not to oppose him seeking to join in the same motion to dismiss briefing.

Plaintiffs will continue to meet and confer with Defendants concerning the outstanding service issues, and a schedule for briefing responsive motions.

### *The Young Plaintiffs Subsequently File Suit In Washington State*

On November 22, 2019, and almost two months after the Plaintiffs' action was filed in this Court, the *Young* plaintiffs filed a nearly-identical case in the Western District of Washington. Summonses were issued on November 25, 2019, but no progress has been made in addressing service issues or setting a briefing schedule for responsive motions. On December 30, 2019, the plaintiffs and the defendants in that action filed a stipulation to transfer venue to this Court. *Young et al.* at ECF No. 9. On January 2, 2020, the plaintiffs and the defendants filed a second stipulation to transfer venue that was virtually identical but listed different counsel for the defendants. *Young et al.* at ECF No. 10.

### AGRUMENT

Federal Rule of Civil Procedure 23 permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Interim class counsel's role is identical to the role of class counsel in a certified class action: to "fairly and adequately represent the interests of the class." *Id.* at 23(g)(4). The designation of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) § 21.11 (2004).

Rule 23(g)(1)(A) sets out the factors for the Court to consider when appointing interim class counsel, which is the same criteria courts use to select potential counsel for a certified class. *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012). These factors are:

> (i)  the work counsel has done in identifying or investigating potential claims in the action;

(ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)  counsel's knowledge of the applicable law; and

(iv)  the resources counsel will commit to representing the class.

FED. R. CIV. P. (23)(g)(1)(A); *Deangelis*, 286 F.R.D. at 223.

Interim class counsel is regularly appointed even where there are not competing actions that create the risk of "rivalry or uncertainty." *White v. Experian Info. Solutions*, 993 F. Supp. 2d 1154, 1169 (N.D. Ill. 2014) (quoting the 2003 Advisory Notes to Rule 23). Here, the potential for rivalry and the risk of inconsistent rulings is high given the thousands of putative Class members and at least one later-filed class action with substantially similar allegations.[3]

Appointment is especially appropriate where, as here, there are allegations of scheme liability involving multiple defendants. Appointing interim class counsel provides certainty to the Class, Defendants, and the Court concerning whether actions taken with respect to pre-certification matters such as service, discovery, and motion practice that concern class certification will be binding on all members of the Class.

Federal courts in New York give particular weight to counsel who have "performed considerable work in identifying and investigat[ing] potential claims" and have "demonstrated experience in handling complex class actions, shown knowledge of the applicable law, and established a willingness to commit significant resources to representing

---

[3] *Eric Young, et al. v. Ifinex Inc., et al.* (W.D. Wash. Nov. 22, 2019). The *Young* action concerns the same Defendants and legal theories, but pleads a class limited to "[a]ll persons, corporations, and other legal entities who transacted in Bitcoin or Bitcoin futures traded on the CME or CBOE between October 1, 2014 and Present." *Id.* at ¶ 188. These allegations appear to have little connection (if any) to the Western District of Washington. On December 30, 2019 the parties filed a stipulation agreeing to transfer the case to New York. *Young* ECF No. 9.

the class." *See, e.g.*, *Fero v. Excellus Health Plan, Inc.*, No. 6:15-CV-6569 EAW, 2016 U.S. Dist. LEXIS 8523, at *8 (W.D.N.Y. Jan. 25, 2016).

As described below, RF and SWCK have done so here, and accordingly should be appointed as Interim Class Counsel.

A. RF Meets the Rule 23(g) Criteria for Appointment as Interim Class Counsel

RF meets the Rule 23(g) criteria based on its unique expertise in cryptocurrency-related lawsuits, its experience in class action litigation, and the results it has achieved for its clients in those arenas.

RF has the resources that are necessary to devote to this litigation, both in terms of human capital and financial capabilities. RF is well-resourced, having litigated a number of high profile and high stakes litigation matters. *See* Declaration of Kyle W. Roche, Ex. 1.

A substantial factor for choosing interim lead counsel is the work counsel has done in identifying or investigating potential claims. F.R.C.P. 23(G)(1)(C)(i). Despite the fact that there was extensive negative reporting on the Defendants' business practices, including reports detailing government investigations, RF was the first and only law firm to file a complaint against the Defendants until the *Young* Plaintiffs filed a nearly identical complaint almost two months later. RF spent months researching potential claims, compiling evidence to substantiate those claims through meticulous and exhaustive open source and deep web research, and consulting with experts to vet them.

Kyle W. Roche is the co-lead attorney in one of the largest litigations relating to cryptocurrency in the United States. *Kleiman v. Wright*, No. 18-CV-80176 (S.D. Fla.) (litigation concerning the rightful ownership of billions of dollars' worth of bitcoin and bitcoin-related intellectual property rights). In addition to his extensive experience in complex

commercial litigation, Roche has published multiple articles on the intersection of cryptocurrency and law and is a frequent speaker on the topic. *See e.g. Bitcoin: Order without Law in the Digital Age*, 94 INDIANA L.J. 1497 (2019); *Why Bitcoin is Booming*, WALL STREET JOURNAL (July 10, 2017).

Devin (Velvel) Freedman is a partner at Roche Freedman LLP with substantial experience litigating complex commercial matters, a specialized understanding of cryptocurrency, bitcoin, and blockchain technologies, and experience teaching CLEs on bitcoin/blockchain related legal issues. Freedman is also co-lead counsel in one of the largest cryptocurrency disputes pending in the United States. *Kleiman v. Wright*, No. 18-CV-80176 (S.D. Fla.) (litigation concerning the rightful ownership of billions of dollars' worth of bitcoin and bitcoin-related intellectual property rights). He has also been lead defense counsel in multiple class actions and class arbitrations. *See e.g.*, *Joe Rudy Reyes, et al. v. JPay, Inc. et al.*, 2:18-cv-00315-R-MRW (C.D. Cal.); *Rodriguez et. al. v. JPay Inc., et. al.,* 2:19-cv-14137 (S.D. Fla.); *In the Matter of the Arbitration Between Shalanda Houston and Cynthia Kobel, individually and on behalf of all others similarly situated and JPay, Inc,* AAA Case No. 01-15-0005-3477 (American Arbitration Association); *In the Matter of the Arbitration Between Oumer Salim, individually and on behalf of all others similarly situated and JPay, Inc.,* AAA Case No. 01-15-0005-8277 (American Arbitration Association). Finally, Freedman is a 2019 recipient of the Daily Business Review's professional excellence award as an attorney "On the Rise."

Joseph M. Delich also represents the plaintiffs in the cryptocurrency dispute in the Southern District of Florida. *Kleiman v. Wright*, No. 18-CV-80176 (S.D. Fla.) (litigation concerning the rightful ownership of billions of dollars' worth of bitcoin and bitcoin-related

intellectual property rights). Delich previously worked at Paul, Weiss, Rifkkind, Wharton & Garrison, where he represented clients in class action, securities, and anti-trust matters. At Paul, Weiss, Delich also advised numerous financial institutions on compliance with sanctions and anti-money laundering regulations, and has extensive experiences conducting complex and international investigations.

Constantine Economides, counsel at Roche Freedman LLP, has nearly ten years of experience representing plaintiffs and defendants in international litigation, class action litigation, and securities litigation.  In litigation arising from some of the most notable financial frauds in U.S. history, for example, Mr. Economides acted as counsel to the Trustee for the liquidation of Bernard L. Madoff Investment Securities, Inc. (*In re Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC* , No. 11-02732 (Bankr. S.D.N.Y.) and, separately, as counsel to investors defrauded by Theranos, Inc., Elizabeth Holmes, and Ramesh Balwani (*Coleman v. Theranos*, Inc., No. 16-cv-06822 (N.D. Cal.).  In federal and state courts nationwide, moreover, Mr. Economides has represented investors and consumers in class action litigation. *See, e.g.*, *Vaitkueviene v. Syneos Health Inc.*, No. 18-cv-00029 (E.D.N.C.). In those capacities – as well as while serving as a judicial clerk in the U.S. District Court for the Southern District of Florida – Mr. Economides has developed expertise in the procedural and substantive issues that arise in international, class action, and securities litigation.  In recognition for his work in the field of class actions, Mr. Economides has been named a Rising Star by Super Lawyers Magazine for 2016, 2017, 2018, and 2019.

B.  <u>SWCK Meets the Rule 23(g) Criteria for Interim Class Counsel</u>

SWCK meets the Rule 23(g) criteria due to its extensive expertise in class

action and other complex litigation, and the outstanding results that it has achieved on behalf of its clients. Founded in 1993, SWCK has served as interim lead or co-lead counsel in dozens of class actions in federal and state courts, and has extensive experience in litigation concerning securities, violations of ERISA, and in antitrust litigation. Attorneys from SWCK have experience that includes the following representations:

- Serving as lead counsel or co-lead counsel in representing investors in complex securities litigation, including dozens of ERISA actions seeking to recover losses from investments under federal law. *See*, *e.g.*, *In re J.P. Morgan Stable Value Fund ERISA Litig.*, Case No. 12-cv-2548 (VSB) (S.D.N.Y.) (concerning imprudent investments in JPMorgan's 401(k) plans and settling for $75 million); *Glass Dimensions, Inc. Profit Sharing Plan & Trust v. State Street Bank & Trust Co.*, No. 10-cv-10588 (D. Mass.) (certified class settled for $10 million and substantial injunctive relief); *Daugherty et al v. University of Chicago*, Case No. 1:17-cv-03736 (N.D. Ill.) (settled for $6.5 million); *Dennard v. Transamerica Corporation*, No. 1:15-cv-00030-EJM (N.D. Iowa) (settled for $3.8 million cash and $8 million in prospective fee reductions in ERISA litigation); *Bilewicz v. FMR LLC*, No. 13-10636 (D. Mass.) (ERISA litigation settled for $12 million cash and structural changes); *Diebold v. Northern Trust Investments*, Civil Action No. 09-7203 (N.D. Ill.) (ERISA litigation settled for $36 million cash settlement).

- Serving as co-lead counsel representing a class of investors seeking to recover under theories including state antitrust laws for claims related to fixing and manipulation of the foreign exchange ("FX") rate. *Contant v. Bank of America*, 16-cv-07512-LGS (S.D.N.Y.).

- Representing a class of mixed-martial arts fighters in a monopolization

action under Section 2 of the Sherman Act. *Le v. Ultimate Fighting Championship dba UFC*, Case No. 15-cv-1045 (D. Nev.).

- Representing a class of vehicle purchasers in litigation alleging violation of RICO statute for a scheme that involved installation of emissions-cheating devices in class vehicles. *See In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability*, Case No. 3:17-md-02777-EMC (N.D. Cal.).

SWCK has obtained outstanding results on behalf of its clients. For example, in *In re J.P. Morgan Stable Value Fund ERISA Litig.*, this Court in September 2019 approved a $75,000,000.00 settlement of Class claims where SWCK served as co-lead counsel in hard-fought litigation concerning allegations J.P. Morgan mismanaged 401K funds for hundreds of companies. In granting final approval of the settlement, Judge Broderick noted "the Class has been well represented in this matter." 2019 U.S. Dist. LEXIS 163884, *11-12 (S.D.N.Y. Sept. 23, 2019).

SWCK has the resources that are necessary to devote to this litigation, both in terms of human capital and financial capabilities. SWCK is well-resourced, having successfully represented plaintiffs and other claimants in recovering hundreds of millions of dollars for their injuries. *See* Declaration of Jason H. Kim ("Kim Decl."), Ex. 1.

The team from SWCK who will represent Plaintiffs has extensive experience in complex litigation, including in securities, antitrust, and RICO litigation. Todd M. Schneider has been served as class counsel in dozens of class actions, including the *J.P. Morgan Stable Value Fund ERISA Litigation* which recently resolved in this Court. Kim Decl., Ex. 1. Mr. Schneider has led SWCK since its inception and has repeatedly been recognized by his peers a leader in his field, including as Trial Lawyer of the Year by the San

Francisco Trial Lawyers' Association. *Id.*

Jason H. Kim has had lead roles in antitrust litigation concerning financial services and market manipulation, including *In re Aluminum Warehousing Antitrust Litig.*, Case No. 13-md-2481-KBF (S.D.N.Y.), where SWCK represents Fuji Films, Kodak, and MAG. Additionally, Mr. Kim has served as lead counsel in several class actions to vindicate the rights of disabled individuals, public benefit recipients, and public housing tenants that led to substantial settlements. *Id.*

Matthew S. Weiler is an accomplished attorney with fifteen years' experience and deep expertise in antitrust and securities litigations. *Id.* In addition to his work prosecuting monopolization and other antitrust claims, Mr. Weiler has successfully pursued claims under federal RICO. *Id.*

Kyle G. Bates has substantial experience litigating complex antitrust and securities actions across the United States and represents plaintiffs in several ongoing antitrust matters, including multidistrict litigation concerning the pricing and marketing of generic pharmaceuticals and the pricing of chicken and pork products across the United States.

## CONCLUSION

The Court should appoint RF and SWCK as interim co-lead counsel to represent a class of investors seeking to recover their damages from the massive scheme to inflate prices for cryptocurrencies perpetrated by Defendants. Appointment of interim co-lead counsel is appropriate due to the certainty that it would bring the Class in light of the strong potential for rival claims. It will also streamline pre-certification proceedings before this Court, resulting in efficiency that will further benefit the Class. RF and SWCK are well-qualified under the criteria set forth by Rule 23(g), and their appointment as interim co-lead

counsel will benefit all members of the Class.

Dated:           January 3, 2020

                                        Respectfully submitted,


                                        /s/ Kyle W. Roche
                                        Kyle W. Roche
                                        Joseph M. Delich
                                        ROCHE FREEDMAN LLP
                                        185 Wythe Ave. F2
                                        Brooklyn, NY 11249
                                        kyle@rochefreedman.com
                                        jdelich@rochefreedman.com

                                        Velvel (Devin) Freedman (pro hac vice)
                                        ROCHE FREEDMAN LLP
                                        200 South Biscayne Boulevard
                                        Suite 5500
                                        Miami, Florida 33131
                                        vel@rochefreedman.com

                                        /s/ Todd M. Schneider
                                        Todd M. Schneider (pro hac vice)
                                        Jason H. Kim (pro hac vice)
                                        Matthew S. Weiler (pro hac vice pending)
                                        Kyle G. Bates (pro hac vice)
                                        Schneider Wallace Cottrell Konecky
                                              LLP
                                        2000 Powell Street, Suite 1400
                                        Emeryville, CA 94608
                                        tschneider@schneiderwallace.com
                                        jkim@schneiderwallace.com
                                        mweiler@schneiderwallace.com
                                        kbates@schneiderwallace.com


                                        *Counsel for Plaintiffs and the Proposed Class*