UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
DAVID LEIBOWITZ, et al, Individually and  :   Civil Action No. 1:19-cv-09236-KPF
on Behalf of All Others Similarly Situated,   :   (Consolidated with Case Nos. 1:20-cv-00169-
                                              :   KPF, 1:20-cv-00211-KPF, 1:20-cv-00453-
                        Plaintiff,            :   KPF)
                                              :
        vs.                                   :   MEMORANDUM OF LAW IN SUPPORT
                                              :   OF MOTION FOR APPOINTMENT OF
IFINEX INC., et al,                           :   INTERIM CLASS COUNSEL
                                              :
                        Defendants.           :
                                              :
———————————————————— x

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................1

II.   APPLICABLE LAW ...............................................................................................4

III.  ARGUMENT ...........................................................................................................5

    A.   Robbins Geller Has Conducted a Superior Investigation .........................................5

    B.   Robbins Geller Has Exceptional Experience and Knowledge of the
        Relevant Law ......................................................................................................7

    C.   Robbins Geller Will Commit All Resources Necessary to Ensure High
        Caliber Representation for the Putative Class ......................................................10

IV.   CONCLUSION........................................................................................................11

Cases\4828-8072-2355.v1-1/27/20

# TABLE OF AUTHORITIES

**Page**

## CASES

*Baker v. Dynamic Ledger Sols., Inc.*,
   No. CGC-17-562144 (Cal. Super. Ct., San Francisco Cty.) ...............................................4, 7, 9

*Bernstein v. Cengage Learning, Inc.*,
   No. 1:19-cv-07541-ALC-SLC, 2019 U.S. Dist. LEXIS 206541
   (S.D.N.Y. Nov. 26, 2019) .....................................................................................................4

*Cappello v. Franciscan All., Inc.*,
   No. 3:16-CV-290-TLS-MGG, 2017 U.S. Dist. LEXIS 28474
   (N.D. Ind. Feb. 28, 2017).....................................................................................................6

*Harry v. Total Gas & Power N. Am., Inc.*,
   889 F.3d 104 (2d Cir. 2018)...........................................................................................2, 3, 6

*Jones v. Pfizer, Inc.*,
   No. 1:10-cv-03864-AKH, *slip op.*
   (S.D.N.Y. Aug. 15, 2015) .....................................................................................................7

*Ret. Sys. v. BHP Billiton Ltd.*,
   No. 1:16-cv-01445-NRB, *slip op.*
   (S.D.N.Y. June 14, 2016)......................................................................................................7

*Samit v. CBS Corp.*,
   No. 1:18-cv-07796-VEC, *slip op.*
   (S.D.N.Y. Nov. 30, 2018) .....................................................................................................7

## STATUTES, RULES AND REGULATIONS

Federal Rules of Civil Procedure
   Rule 23(g) ..................................................................................................1, 4, 5, 10
   Rule 23(g)(1)(A)(i) .................................................................................................3
   Rule 23(g)(1)(A)(ii)-(iv) ........................................................................................3
   Rule 23(g)(1)(A) ....................................................................................................4
   Rule 23(g)(3).......................................................................................................1, 4

## SECONDARY AUTHORITIES

3 Herbert B. Newberg & Albert Conte
   *Newberg on Class Actions* (3d ed. 1992)
   §9.35......................................................................................................................6

*Manual for Complex Litigation (Fourth)* (2004)
   §21.11....................................................................................................................4

Plaintiff Joseph Ebanks submits this memorandum of law in support of his Motion for Appointment of Interim Class Counsel ("Motion").  For the reasons stated herein, Plaintiff Ebanks respectfully moves to appoint Robbins Geller Rudman & Dowd LLP ("Robbins Geller") Interim Class Counsel for the Consolidated Action under Rule 23(g)(3) of the Federal Rules of Civil Procedure.[1]

## I.   INTRODUCTION

Under applicable factors, Robbins Geller should be appointed Interim Class Counsel in the Consolidated Action.  *See* Fed. R. Civ. P. 23(g).  Robbins Geller has been investigating the claims at issue for more than nine months.  In addition to in-depth market analysis and the review of a trove of publicly available information and investigatory materials, Robbins Geller consulted with a market manipulation expert to corroborate the core allegations of the *Ebanks* complaint before filing.  This extra time and effort has paid off, leading to more refined and focused allegations significantly more likely to withstand defendants' contemplated motions to dismiss, *e.g.*, ECF No. 28, and the ultimate satisfaction of plaintiffs' burden of proof at the merits phase of proceedings.

Robbins Geller's superior position is more than a pious platitude.  For example, because the *Leibowitz* plaintiffs filed their complaint before the seminal report by Prof. John Griffin and Amin Shams was accepted for peer-reviewed publication in the *Journal of Finance* they were unable to leverage the authors' new insights into defendants' market manipulation activities.

---

[1]    Earlier today the Court ordered the consolidation of four related putative class actions asserting market manipulation claims against the issuers of the tether cryptocurrency and the owners and operators of the Bitfinex cryptocurrency trading platform: *Leibowitz v. iFinex Inc.*, No. 1:19-cv-09236-KPF (S.D.N.Y.); *Young v. iFinex Inc.*, No. 1:20-cv-00169-KPF (S.D.N.Y.); *Faubus v. iFinex, Inc.*, No. 1:20-cv-00211-KPF (S.D.N.Y.); and *Ebanks v. iFinex, Inc.*, No. 1:20-cv-00453-KPF (S.D.N.Y.) ("Consolidated Action").  *See* ECF No. 67.  All docket citations refer to the low-numbered *Leibowitz* action unless otherwise stated.

Moreover, all competing complaints allege broad and unwieldy class definitions that may hinder recovery for the primary victims of defendants' scheme: bitcoin purchasers. Their class periods inexplicably begin in 2014, despite the fact that defendants' massive issuance of tethers which caused the artificial market price distortion began *three years later* in 2017. *E.g.*, *Leibowitz* Cpt., ¶9; *Young* Cpt., ¶2; *Faubus* Cpt., ¶2. The complaints also lump bitcoin purchasers together with other cyptocurrency investors. The *Young* and *Faubus* complaints include claims on behalf of a putative class of bitcoin futures purchasers, while the *Leibowitz* complaint names all those who held or transacted in "cryptocurrencies." *Id.* However, there are hundreds of cryptocurrencies in existence, many of which are more properly categorized as securities rather than commodities, and all of which have their own relevant markets subject to unique forces of supply and demand. Since the claims at issue are market specific, such overbroad class definitions invite unnecessary complications and legal challenges to defendants' true victims.

Another critical distinction between the more refined allegations of the *Ebanks* complaint and that put forward by competing movants is the fact that only Robbins Geller has pled the requisite "actual injury" to the named plaintiff necessary to sustain the claims at issue. *Ebanks* Cpt., ¶20. As the Second Circuit has made clear, a plaintiff "must plausibly allege (1) that she transacted in at least one commodity contract at a price that was lower or higher than it otherwise would have been absent the defendant's manipulations, and (2) that the manipulated prices were to the plaintiff's detriment." *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 112 (2d Cir. 2018). Only Plaintiff Ebanks has alleged the requisite contract price and harm for his particular purchases as required by the Commodities Exchange Act ("CEA") and the federal antitrust statutes. The *Leibowitz* complaint does not even allege the plaintiffs transacted in the investments at issue, instead generically stating such investments were "owned" or "held," while the *Young* and *Faubus* complaints merely allege the

plaintiffs "transacted" at some unspecified price and thereby suffered "damages." *Leibowitz* Cpt.,

¶¶15-19; *Young* Cpt., ¶¶15-18; *Faubus* Cpt., ¶¶15-16.  This oversight poses more than a theoretical

threat to the claims of putative class members, as defendants have already signaled their desire to

seek dismissal of claims for failure to plead "actual injury."  ECF No. 28 at 2.  It also poses a

threshold obstacle for serving as Interim Class Counsel.  The "'actual injury' analysis looks very

similar to the 'injury in fact' analysis used to determine constitutional standing," and thus the clients

of the other two proposed lead counsel groups may not have sufficiently pled their clients' standing

to sue.  *Harry*, 889 F.3d at 111.

As a comparison of the complaints in this case makes clear, quicker to court and more

verbose do not necessarily equate with better work product.  The *Ebanks* pleadings reflect the more

thorough investigation and finely tuned analysis of the Robbins Geller firm, which is an important

factor in selecting interim class counsel.  *See* Fed. R. Civ. P. 23(g)(1)(A)(i).

The substantial expertise and legal knowledge of the Robbins Geller firm in relevant areas of

law would also benefit the class.  *See* Fed. R. Civ. P. 23(g)(1)(A)(ii)-(iv).  Robbins Geller, a 200-

attorney firm with offices nationwide, including in this District, regularly represents clients in

complex class action litigation.  The firm's litigation teams include numerous trial attorneys and

many former federal and state prosecutors, and utilize an extensive group of in-house experts to aid

in the prosecution of complex investment issues.  Robbins Geller currently serves as co-lead counsel

in the largest antitrust class action settlement in history, the $5.5 billion *Visa/MasterCard* settlement.

It has also secured the largest securities class action recovery in history (the $7.2 billion *Enron*

recovery), the largest securities class action recovery following a trial (the $1.575 billion *HSBC/*

*Household Int'l* recovery), and the largest stock option backdating recovery ($925 million

*UnitedHealth Group* recovery), among hundreds of other sizeable investor recoveries.  Just this

month, Robbins Geller was named a Practice Group of the Year by *Law360* in three separate categories: Securities, Competition, and Consumer.

In addition to its unparalleled track record, Robbins Geller has pioneered the prosecution of malfeasance in the cryptocurrency space.  Among other groundbreaking work, Robbins Geller filed one of the first cases to challenge an initial cryptocurrency offering for failure to register under the federal securities laws, *Baker v. Dynamic Ledger*, in which the firm currently serves as state court counsel to the putative class.

While the two competing lead counsel bids represent excellent firms and qualified attorneys, Robbins Geller is best suited to maximize the class's recovery and should be appointed Interim Class Counsel under Rule 23(g).  At minimum, Robbins Geller should be appointed counsel for a subclass of bitcoin purchasers to ensure these investors receive adequate representation in the Consolidated Action.

## II.    APPLICABLE LAW

Rule 23(g)(3) permits a court to appoint interim class counsel.  "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities."  *Manual for Complex Litigation (Fourth)* §21.11, at 246 (2004).  "'When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A).'"  *Bernstein v. Cengage Learning, Inc.*, No. 1:19-cv-07541-ALC-SLC, 2019 U.S. Dist. LEXIS 206541, at *2-*3 (S.D.N.Y. Nov. 26, 2019) (citation omitted).  Pursuant to Rule 23(g)(1)(A), a court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

- 4 -

III.    ARGUMENT

All four factors relevant to the Rule 23(g) inquiry militate in favor of appointing Robbins Geller Interim Class Counsel. Robbins Geller's pre-filing investigatory work, substantial expertise in relevant areas of law, track record of success and commitment to providing all necessary resources would ensure the class receives the highest caliber of representation.

A.    Robbins Geller Has Conducted a Superior Investigation

Robbins Geller has spent more than nine months investigating the claims at issue. This investigation has included, among other things, a detailed analysis of media reports regarding Bitfinex and Tether, materials produced by Bitfinex and Tether, industry and market data, cryptocurrency blogs and videos, academic literature, and a review of filings in the related action by the New York Attorney General, styled *In the Matter of the Inquiry by Letitia James, Attorney General of the State of New York v. iFinex Inc.*, Index No. 450545/2019 (N.Y. Sup. Ct., N.Y. Cty.) (the "NYAG Action"). Robbins Geller has also consulted with a market manipulation expert and performed original analysis to corroborate and support the factual allegations in the *Ebanks* complaint. In addition, Robbins Geller has carefully considered legal authorities in the context of the relatively novel cryptocurrency markets at issue to ensure the allegations satisfy all elements of Plaintiff's causes of action and avoid pleading pitfalls.

The result is a complaint superior to those put forward in the other three consolidated actions. Robbins Geller is the only firm to focus its allegations on the harm caused to bitcoin purchasers by defendants' market manipulation activities, the primary victims of defendants' scheme. Though filed more quickly, the other complaints unnecessarily complicate proceedings by seeking to represent investors who transacted years before the market manipulation activity occurred and by lumping bitcoin purchasers together with other classes of investors in other markets (many of whom

- 5 -

transacted in investments outside the purview of the CEA).  The competing complaints also assert claims against defendants that are not alleged to have carried out their activities in the United States, such as BFXWW INC. (who is alleged to have solely transacted with overseas investors), thereby inviting unnecessary jurisdictional challenges likely to distract from the prosecution of Plaintiff's core case.  "In class actions, excessive advocacy can delay resolution of the class members' legitimate claims and reduce their recovery."  *Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 U.S. Dist. LEXIS 28474, at \*12 (N.D. Ind. Feb. 28, 2017).

Paradoxically, the other three complaints also manage to overlook necessary detail despite their over-breadth.  Most glaringly, counsel failed to allege their clients suffered "actual injury" as is required to sustain the CEA and antitrust claims at the heart of this case.  *See Harry*, 889 F.3d at 111-16.  Counsel in the *Leibowitz* action failed to allege their clients even ***transacted*** in the investments at issue, instead claiming they were simply "owned" or "held," allegations that are obviously deficient under controlling Second Circuit law.  *See Leibowitz* Cpt., ¶¶15-19; *see also Young* Cpt., ¶¶15-18; *Faubus* Cpt., ¶¶15-16.

There is far more at stake in appointing interim class counsel than who won the race to the courthouse.  "The first attorney to file is not entitled to special consideration for appointment as lead counsel simply by winning the race to the courthouse."  3 Herbert B. Newberg & Albert Conte, *Newberg on Class Actions* §9.35, at 9-96 (3d ed. 1992).  And for good reason, as illustrated by present circumstances.  Robbins Geller knew it would take additional time to conduct a more thorough investigation.  As a result, the firm was able to craft a honed pleading for the primary victims aimed at sustaining the class's burden of pleading and proof.  In short, the first factor weighs heavily in favor of appointing Robbins Geller Interim Class Counsel.

B.   **Robbins Geller Has Exceptional Experience and Knowledge of the Relevant Law**

Robbins Geller is one of the preeminent law firms in the country focused on complex class litigation and the rights of injured investors. *See* Declaration of Samuel H. Rudman filed herewith, Ex. A (Robbins Geller Firm Resume). It has prosecuted hundreds of class actions to successful conclusion and recovered billions of dollars for class members. Among its many accomplishments are securing the largest antitrust class action settlement in history, the $5.54 billion *In re Payment Card Interchange Fee & Merch. Disc. Litig.*, No. 1:05-md-01720-MKB-JO (E.D.N.Y.) ("*Visa/MasterCard*"), settlement, which recently received final district court approval. The firm has also pioneered groundbreaking cryptocurrency litigation, such as the *Baker v. Dynamic Ledger Sols., Inc.*, No. CGC-17-562144 (Cal. Super. Ct., San Francisco Cty.), class action (in which Robbins Geller serves as state court counsel), and a case against Ripple Labs, *In re Ripple Labs Inc. Litig.*, No. 18-CIV-02845 (Cal. Super. Ct., San Mateo Cty.), both of which allege a failure to register digital tokens under the federal securities laws.

District courts throughout the nation, including this Court, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex class action cases. *See, e.g.*, *Jackson Cty. Emps.' Ret. Sys. v. BHP Billiton Ltd.*, No. 1:16-cv-01445-NRB, ECF No. 46 at 8 (S.D.N.Y. June 14, 2016) (approving movant's selection of Robbins Geller as lead counsel and finding Robbins Geller "has the experience and resources necessary to adequately litigate this case"); *Samit v. CBS Corp.*, No. 1:18-cv-07796-VEC, ECF No. 43 at 4 (S.D.N.Y. Nov. 30, 2018) ("The Court is familiar with Robbins Geller and, having reviewed the firm's résumé . . . 'agrees with other courts in this district that Robbins Geller is "qualified, experienced, and able to conduct the litigation."'") (citation omitted); *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. Aug. 15, 2015) ("Without the quality and the

- 7 -

toughness that you have exhibited, our society would not be as good as it is with all its problems.  So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . .  You did a really good job.  Congratulations.").

Notably, Robbins Geller recently obtained final approval of a $1.025 billion securities class action settlement in this Court in *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.).  It has also obtained the largest securities fraud class action recovery in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.  *See Am. Realty*, No. 1:15-mc-00040-AKH, ECF No. 1312 at 2 (S.D.N.Y. Jan. 23, 2020) ("Lead Counsel has pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy.).  And, while trials in investor class actions are rare, Robbins Geller has tried several cases to verdict, most recently a February 2019 trial in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Moreover, if appointed lead counsel Robbins Geller will appoint attorneys with specific expertise in the claims at issue, including founding partner Samuel Rudman and partner Brian Cochran.  Both of these attorneys personally developed the claims at issue and will remain involved throughout the remainder of the litigation.

Samuel Rudman is a member of the firm's Executive and Management Committees and manages the firm's New York offices.  His 25-year securities practice focuses on recognizing and investigating investment fraud, and initiating investment class actions to vindicate shareholder rights and recover investor losses.  A former attorney with the U.S. Securities and Exchange Commission, Mr. Rudman has recovered hundreds of millions of dollars for shareholders, including a $200 million recovery in *Silverman v. Motorola, Inc.*, No. 1:07-cv-04507 (N.D. Ill.), a $129 million

- 8 -

recovery in *In re Doral Fin. Corp. Sec. Litig.*, No. 1:05-md-01706 (S.D.N.Y.), an $85 million recovery in *Landmen Partners v. Blackstone Grp. L.P.*, No. 08-cv-03601 (S.D.N.Y.), a $74 million recovery in *In re First BanCorp Sec. Litig.*, No. 3:05-cv-2148-GAG (D.P.R.), a $65 million recovery in *In re Forest Labs., Inc. Sec. Litig.*, No. 1:05-cv-02827-RMB (S.D.N.Y.), a $50 million recovery in *In re TD Banknorth S'holders Litig.*, No. 2557-VCL (Del. Ch.), a $48 million recovery in *Medoff v. CVS Caremark Corp.*, No. 1:09-cv-00554-JNL-PAS (D.R.I.), and a $34.5 million recovery in *Patel v. L-3 Commc'ns Holdings, Inc.*, No. 1:14-cv-06038-VEC (S.D.N.Y.)  Mr. Rudman also has extensive experience in antitrust and commodities litigation, having served on the litigation team for the *Visa/MasterCard* litigation (the largest antitrust class action recovery in history), as well as *In re Aluminum Warehouse Antitrust Litigation*, No. 1:14-cv-03116 (S.D.N.Y.), and *In re Amaranth Natural Gas Commodities Litigation*, No. 1:07-cv-06377 (S.D.N.Y.), among others.  Mr. Rudman has been nationally ranked a Leading Lawyer by *Chambers USA*, and named both a Leading Lawyer in America and a Leading Plaintiff Financial Lawyer by *Lawdragon*.  He has also been recognized as a Litigation Star, National Practice Area Star, and a Local Litigation Star by *Benchmark Litigation*, a Recommended Lawyer by *The Legal 500*, and has been ranked as a Super Lawyer by *Super Lawyers Magazine* every year since 2007.

Similarly, Brian Cochran has led Robbins Geller's cryptocurrency litigation efforts for years, and has developed particular expertise relevant to the claims at issue through his pioneering efforts on behalf of cryptocurrency investors.  For example, Mr. Cochran helped develop claims in the *Dynamic Ledger* and *Ripple Labs* class actions, which assert claims for failure to register digital tokens under the federal securities laws.  Mr. Cochran has been named a "Rising Star" by the Legal 500 and prosecuted dozens of class actions, recovering hundreds of millions of dollars for investors.  Most recently, he was part of the litigation team that received preliminary approval of a $1.21 billion

class action settlement for injured investors in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.).  He was also on the litigation team that successfully recovered $25 million on behalf of injured Trump University students one week before trial (*Cohen v. Trump Univ. LLC*, No. 3:10-cv-02519-GPC-WVG (S.D. Cal.)) and secured up to $85 million in the *In re Morning Song Bird Food Litig.*, No. 3:12-cv-01592-JAH-AGS (S.D. Cal.), class action, both of which successfully pled RICO causes of action.

In sum, there can be little doubt that Robbins Geller has the expertise and legal knowledge to maximize the class's recovery.  As a result, both the second and third Rule 23(g) factors weigh in favor of appointing Robbins Geller Interim Class Counsel.

### C.    Robbins Geller Will Commit All Resources Necessary to Ensure High Caliber Representation for the Putative Class

With 200 lawyers and offices nationwide, including in this District, appointing Robbins Geller would ensure that the putative class has all the necessary resources to prosecute this case to its fullest potential.  The firm's capabilities are unrivaled among those specializing in the representation of injured investors.  The firm's litigation department includes numerous trial attorneys and many former federal and state prosecutors.  Robbins Geller also employs a team of in-house investigators, forensic accountants, litigation support specialists, trial support staff and other specialized personnel. Robbins Geller will commit whatever resources are necessary to ensure that the class receives the highest caliber of legal representation.

The ability and willingness to commit sufficient resources to the prosecution of this matter is especially important because of the novelty of the claims at issue.  This case presents one of the earliest applications of claims under the CEA and the federal antitrust statutes to the cryptocurrency space.  Therefore, it is imperative that a firm with the financial wherewithal to hire the appropriate experts and to go the distance against a well-heeled corporate defendant (including to trial if

- 10 -

necessary) zealously represent the class. Robbins Geller is one of the most experienced firms in the country in terms of taking complex class actions to and through trial, including *Jaffe v. Household Int'l, Inc.*, No. 02-C-05893 (N.D. Ill.), in which the firm recovered $1.575 billion in the largest securities class action settlement ever following a trial. Thus, the fourth factor also supports appointing Robbins Geller Interim Class Counsel.

## IV.    CONCLUSION

Robbins Geller has thoroughly investigated the claims at issue and filed a focused pleading that provides the putative class with the best avenue for success. The firm is one of the most experienced and successful law firms dedicated to pursuing the rights of injured investors in the country. It stands ready to commit its substantial resources in order to ensure that the putative class has the potential to maximize its recovery. For these, and other reasons stated herein, Plaintiff Ebanks respectfully submits that his Motion should be granted. Robbins Geller should be appointed Interim Class Counsel or, at minimum, subclass counsel for bitcoin purchasers in the Consolidated Action.

DATED:  January 27, 2020                         Respectfully submitted,

                                                 ROBBINS GELLER RUDMAN & DOWD LLP
                                                 SAMUEL H. RUDMAN


                                                        s/ SAMUEL H. RUDMAN
                                                 ─────────────────────────────
                                                      SAMUEL H. RUDMAN

                                                 58 South Service Road, Suite 200
                                                 Melville, NY  11747
                                                 Telephone:  631/367-7100
                                                 631/367-1173 (fax)
                                                 srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
BRIAN E. COCHRAN
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

LAW OFFICE OF GEORGE W COCHRAN
GEORGE W COCHRAN
1385 Russell Drive, Suite B
Streetsboro, OH  44241
Telephone:  330/607-2187

Attorneys for Plaintiff

- 12 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on January 27, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ SAMUEL H. RUDMAN
SAMUEL H. RUDMAN

ROBBINS GELLER RUDMAN
  & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  SRudman@rgrdlaw.com

# Mailing Information for a Case 1:19-cv-09236-KPF Leibowitz et al v. iFinex Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Sunjina Kaur Ahuja**
  sahuja@dmalaw.com

- **Kyle G. Bates**
  kbates@schneiderwallace.com,efilings@schneiderwallace.com,3005202420@filings.docketbird.com

- **Christopher Beal**
  cbeal@dmalaw.com,dchaves@dmalaw.com

- **Daniel Arthur Cohen**
  dcohen@wmhlaw.com,VWayner@wmhlaw.com,docketclerk@wmhlaw.com

- **Jason Colin Cyrulnik**
  jcyrulnik@rcfllp.com,wtracy@rcfllp.com,akaradjas@rcfllp.com

- **Joseph Michael Delich**
  jdelich@rcfllp.com,akaradjas@rcfllp.com,nbermond@rochefreedman.com

- **Constantine Philip Economides**
  ceconomides@rcfllp.com

- **Thomas W. Elrod**
  telrod@kmllp.com,ecf@kmllp.com

- **Devin Freedman**
  vel@rochefreedman.com,nbermond@rochefreedman.com

- **Amos Emory Friedland**
  afriedland@rcfllp.com

- **Michael C. Hefter**
  michael.hefter@hoganlovells.com,michael-hefter-6956@ecf.pacerpro.com,nymanagingclerk@hoganlovells.com

- **Jason H Kim**
  jkim@schneiderwallace.com,6554119420@filings.docketbird.com

- **David E Kovel**
  dkovel@kmllp.com,ecf@kmllp.com

- **Michael Jason Lee**
  michael@mjllaw.com

- **Karen M. Lerner**
  klerner@kmllp.com

- **Stephanie Tsay Levick**
  slevick@wmhlaw.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **Anthony Epifanio Maneiro**
  amaneiro@kmllp.com

- **Brian Philip Murray**
  bmurray@glancylaw.com,brian-murray-4237@ecf.pacerpro.com

- **Edward John Normand**
  tnormand@rcfllp.com,wtracy@rcfllp.com,akaradjas@rcfllp.com

- **Kyle William Roche**
  kyle@rochefreedman.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Todd Michael Schneider**
  tschneider@schneiderwallace.com,efilings@schneiderwallace.com,2733686420@filings.docketbird.com

- **James Walden**
  jwalden@wmhlaw.com,docketclerk@wmhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Joseph Ebanks
,