K2R5leiC                         phone conference

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

DAVID LEIBOWITZ, et al.,

            Plaintiffs,

       v.                           19 Civ. 9236 (KPF)
                                    20 Civ. 169  (KPF)
                                    20 Civ. 211  (KPF)
                                    20 Civ. 453  (KPF)
iFINEX INC., et al.,

            Defendants.

------------------------------x
                                    New York, N.Y.
                                    February 27, 2020
                                    4:10 p.m.

Before:

              HON. KATHERINE POLK FAILLA,

                                    District Judge

                        APPEARANCES

ROCHE CYRULNIK FREEDMAN LLP
     Attorneys for Leibowitz Plaintiffs 19 Civ. 9236
BY:  KYLE W. ROCHE, ESQ.
     JOSEPH M. DELICH, ESQ.

SELENDY & GAY PLLC
     Attorneys for Leibowitz Plaintiffs 19 Civ. 9236
BY:  CAITLIN J. HALLIGAN, ESQ.

SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP
     Attorneys for Leibowitz Plaintiffs 19 Civ. 9236
BY:  MATTHEW S. WEILER, ESQ.

KIRBY McINERNEY LLP
     Attorneys for Young Plaintiffs 20 Civ. 169
BY:  KAREN M. LERNER, ESQ.
     DAVID E. KOVEL, ESQ.
     ANTHONY E. MANEIRO, ESQ.
     THOMAS W. ELROD, ESQ.
```

```
                          APPEARANCES
                          (Continued)

RADICE LAW FIRM, P.C.
     Attorneys for Young Plaintiffs 20 Civ. 169
BY:  JOHN D. RADICE, ESQ.

GLANCY PRONGAY & MURRAY LLP
     Attorneys for Plaintiff Faubus 20 Civ. 211
BY:  GREGORY B. LINKH, ESQ.

ROBBINS GELLER RUDMAN & DOWD LLP
     Attorneys for Plaintiff Ebanks 20 Civ. 453
BY:  BRIAN E. COCHRAN, ESQ.

WALDEN MACHT & HARAN LLP
     Attorneys for Defendants
BY:  JAMES WALDEN, ESQ.
     DANIEL J. CHIRLIN, ESQ.

LAW OFFICES OF MICHAEL JASON LEE, APLC
     Attorneys for Defendants
BY:  MICHAEL JASON LEE, ESQ.

DILLON MILLER & AHUJA, LLP
     Attorneys for Defendants
BY:  SUNJINA KAUR AHUJA, ESQ.
     CHRISTOPHER BEAL, ESQ.
```

1        (Case called)

2        THE COURT:  Thank you very much, and let me thank all
3   of you participating in this call and I recognize that there
4   are many of you.

5        My deputy has given me the equivalent of a sign-in
6   sheet with all of your names, so as not to double the length of
7   this conference, I won't ask folks to announce their presence
8   on the call and that means, very subtly, that if you want to
9   hit mute, that's fine too, so that you can have your reactions
10  and not interrupt the rest of the call.

11       Let me please read to you my decision and let me
12  preface it by saying that I find these particular motions to be
13  interesting on many levels.  Number one, they require you to do
14  a lot of self-promotion but each of you, who has participated
15  in this process, actually has much to promote.  And, I also
16  think it is very strange, it is like I'm -- I don't know --
17  giving the last rose on "The Bachelor" or something like that
18  where I feel as though everyone is qualified and everyone is
19  good but I have to pick among you.  In so doing, I am looking
20  at Federal Rule of Civil Procedure 23(g) and I am looking at
21  the work that counsel has done, the experience of counsel, the
22  knowledge of the applicable law, and the resources that have or
23  will be committed.  And on these issues it seems to me that
24  each of the three suggested teams of attorneys would suffice.
25  The work that counsel has done is analogous and I do recognize

1    the differences among what the firms have done, but they are --
2    it is all analogous -- counsel's experience on these issues,
3    especially on the class action side of things, is beyond
4    serious dispute.  The knowledge of the applicable law I think
5    is equally obvious to the degree that it can be possible to
6    understand some of the law in this case as it is new and
7    emerging, and everyone has committed an appropriate amount of
8    resources to participation in this case.
9              So, what I am left with in this setting is trying to
10   figure out who best represents or can represent the interests
11   of the plaintiff class or putative class in this case.  In
12   order to do that, after the very, very good oral argument we
13   had the other day, I wanted to look at things again and so I
14   went back and read your motions and related submissions.  I
15   looked at your websites.  And, I looked at the cases, not all
16   of them, but a sampling of the cases that you cited to me as
17   your exemplars in order that I could see the work that you have
18   done.  And so, I appreciated the opportunity to have a couple
19   of extra days to do that.
20             What interests me about this case is that it is an
21   interesting combination of old and new.  The cryptocurrency law
22   is quite novel and lots of issues and not a lot of resolution,
23   but there is a lot of established law out there as well with
24   respect to pleading requirements, with respect to traditional
25   antitrust issues and RICO and the Commodities Exchange Act.

So, beginning with the work that I did to winnow down counsel to the one I will ultimately select, the first thing I considered and an area -- one of the few areas, I think, in which the sides meaningly differed, was on the issue of the class definition.  And on some level the Robbins Geller firm staked their application on the inappropriateness of the other two teams' class definitions.  I thought it was very interesting and very thought provoking but it was somewhat undercut when counsel at the oral argument then indicated that he was likely to amend in order to add a class of futures purchasers.  So, at that the point of the force of his argument was undercut and it became a lot more like the class offered by the Kirby team of attorneys.  But more fundamentally, I can't agree with a class as narrow as that initially defined by the Robbins Geller firm and my concern here is they're cutting off the line too soon into the matter.  It may be, as was argued by the other attorneys involved, that ultimately evidence will not bear out the breadth of the class definition that is offered by the Leibowitz complaint, for example, but I do think it is appropriate that they have the opportunity to at least try to plead it.

I also, just on a related point, I disagree that my consideration of the Roche firm, that they're actually somehow violative of 23(g).  I am not able and I am not going to disaggregate them and say that one team could do one thing and

that's all that can be considered.  I looked at what they have done and what they've done as of the time of the motion and I don't think this is a situation where there is some sort of *post hoc* propping up.  So, I just wanted to note that that was an argument with which I disagreed.

So, I am sorry to say that the Robbins Geller firm is not the firm that I am selecting, although I do appreciate their efforts, and that leaves us, as between the Kirby and the Roche entrants in this matter.  I believe that there is comparable work that has been done.  I might ascribe less significance than they might to certain of the arguments that were made, for example, who filed first, or the significance or not of a proprietary algorithm, or who has or who can identify certain trade dates, or the degree to which materials were really publicly available, or the product of some very thoughtful lawyering or potential expert witness analysis.  And so, on that level, I found a lot of similarity but, as I said a few moments ago, the issue is that there are very interesting new novel issues and some more established issues that might just have a few tweaks to them.

I see that you have offered to me teams that can handle any of these issues, and so what I did at the end was to look at the work product in other cases so that I could ascertain or determine who I felt could best represent the class, and part of that best representation is who I felt could

best illuminate the issues, new and old, that I believed are going to be implicated by this litigation.  And ultimately I have concluded that that is the team in the Leibowitz matter, the Roche team, Roche and others and I am not going to list all of the attorneys.  So, I am granting their motion for appointment as interim lead plaintiff counsel and I am thanking very much the others who have submitted motions in that regard.  I am not trying to be pat in saying it was a very difficult decision.  It is why I needed the additional time and the additional research but I am comfortable now with the decision I have made.

I will again reiterate, because I feel obliged to, that given the number of firms involved I just want to state at the outset that there ought to be no inefficiencies, no duplication, no padding of hours, and I am sure that the group of attorneys I have selected will find a way to efficiently divide labors without any need for duplication.

I also want to note, and this is something I was hinting at previously, that I would like a single point person, I suppose two if need be, but I want someone appropriately seasoned and senior.  I don't want someone's junior associate being the person who stands up in court, although, if need be, maybe we will have some arguments set for them.  But, in terms of when information is being presented to me, it best come from someone who knows what they are doing.

1   And, with that, I have resolved the motions.  I do not
2   know, because I don't know if the defense has had an
3   opportunity to discuss with all three teams, whether and when
4   there would be a consolidated class action complaint and so let
5   me ask a representative of the Roche team, or a representative
6   of the defendants, Mr. Walden perhaps -- Mr. Walden, I will
7   just ask you:  Has there been discussion about a time frame for
8   an amended consolidated class action a complaint?
9               MR. WALDEN:  No, your Honor, but we plan to do that
10  promptly.
11              THE COURT:  Okay.  That's great.
12              So let me imagine, Mr. Walden, that you will speak
13  with the folks with whom you need to speak and I will get
14  something in the next week with a schedule.
15              Does that make sense to you, sir?
16              MR. WALDEN:  Yes, Judge.
17              THE COURT:  Terrific.  Then that's what we are going
18  to do.
19              I will ask someone on this call -- I imagine more than
20  one firm will -- obtain a transcript of this decision.
21              Oh, someone's gotten off the call, I suppose they're
22  disappointed with the ultimate decision.
23              With that in mind, that's all I needed to address.
24  From the Leibowitz team, Mr. Roche, is there anything else you
25  need to bring to my attention?

1            MR. ROCHE:  No.  We will follow up with the Court once
2     we have coordinated with Mr. Walden on the timeline for the
3     consolidated amended complaint.
4            THE COURT:  I thank you very much.
5            Ms. Lerner, is there anything else from your clients
6     that you wish to bring to my attention?
7            MS. LERNER:  No, your Honor.  Thank you.
8            THE COURT:  Thank you very much.
9            Mr. Linkh, is there anything else you would like to
10    bring to my attention?
11           MR. LINKH:  No, your Honor.  There is not.
12           THE COURT:  Thank you.
13           Mr. Cochran, anything else to bring to my attention?
14           MR. COCHRAN:  No, your Honor.  Thank you.
15           THE COURT:  Thank you so much.
16           And Mr. Walden, I should have asked you, anything else
17    to discuss with me today?
18           MR. WALDEN:  No.  Thank you, Judge.
19           THE COURT:  Thank you very much.  We are adjourned.
20    Thank you.
21                                 o0o
22
23
24
25