April 29, 2020

**By ECF**

Hon. Katherine Polk Failla
U.S. District Court, S.D.N.Y.
40 Foley Square, Room 2103
New York, NY 10007

Re:   *Leibowitz et al. v. iFinex Inc., et al.*, 19-CV-09236 (KPF)
      and consolidated actions

Dear Judge Failla:

 Plaintiffs respectfully ask the Court to enter the proposed Case Management Order ("Proposed CMO") attached as Exhibit 1. Plaintiffs have twice met and conferred with Defendants regarding this Proposed CMO. Although Plaintiffs and Defendants agree on many aspects of the Proposed CMO, Defendants object to a provision regarding Interim Class Counsel's duties and to all proposed guidelines for Interim Class Counsel's potential legal fees and cost reimbursements.

 These provisions, as Plaintiffs explain further below, are modeled on the guidance provided by the Federal Judicial Center in the *Manual for Complex Litigation*. The *Manual* notes that in class actions, a court may "need to institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients with respect to specified aspects of the litigation," and that "[e]arly in the litigation, the court should define designated counsel's functions, determine the method of compensation, specify the records to be kept, and establish the arrangements for their compensation, including setting up a fund to which designated parties should contribute in specified proportions." *Manual for Complex Litigation* §§ 10.22, 14.215 (4th ed. 2004).

### Docketing and Caption

 Consistent with the Court's order of consolidation, Dkt. No. 67, the Proposed CMO establishes a master docket and caption and provides that any further related actions will be consolidated into the master docket. Defendants do not object to the provisions concerning docketing and caption.

### Interim Lead Counsel's Duties

 Consistent with the Court's order appointing interim lead counsel, Dkt. No. 97, the Proposed CMO sets forth Interim Lead Counsel's responsibilities. The *Manual* recommends that courts in class action litigation issue case management orders "protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual*, *supra*, § 21.11. Such orders are accordingly common in complex consolidated class actions. *See, e.g.*, Ex. 2 (Exchange-Based Plaintiffs' and Over-The-Counter Plaintiffs' Joint Motion for Pretrial Order No. 1, *In re LIBOR-based Financial*

Honorable Katherine Polk Failla
April 29, 2020

*Instruments Antitrust Litigation*, No. 11-MD-02262 (S.D.N.Y. Dec. 12, 2011)); Ex. 3 (Order Appointing Plaintiffs' Leadership Counsel, *In re Chicago Board Options Exchange Volatility Index Manipulation Antitrust Litigation*, No. 18-CV-4171 (N.D. Ill. Aug. 16, 2018).

Defendants object to the provision in the proposed CMO related to communicating with the media (subdivision "q" in paragraph 3). This provision states that "Interim Lead Counsel shall have sole authority, until further action by the Court, to conduct all pretrial and trial work on behalf of all plaintiffs and putative class members in the Action (the 'Class'), including . . . (q) communicating with the press on behalf of the Class, as appropriate." Defendants object that this provision purports to limit communications generally by attorneys other than Interim Class Counsel. In fact, the provision pertains only to discussions by Interim Class Counsel on *behalf of the proposed class*, which is appropriately the responsibility of Interim Lead Counsel. Nothing in the Proposed CMO purports to limit communications by other attorneys not made on behalf of the proposed class.

### Fee and Cost Guidelines

The Proposed CMO sets forth guidelines for Interim Lead Counsel's timekeeping, billing of legal fees, and reimbursement of costs. An early case management order is "helpful to establish guidelines and procedures that will lighten the burdens on the participants, clarify expectations, and reduce the opportunities for disputes," *Manual*, *supra*, § 14.211, on matters including staffing, *id.* § 14.212, maintaining contemporaneous records, *id.* § 14.213, counsel fees, *id.* § 14.215, and reimbursement of expenses, *id.* § 14.216. Accordingly, courts often enter early pretrial orders that set forth reimbursement guidelines. *See, e.g.*, Ex. 2 (noted above); Ex. 4 (Protocol For Common Benefit Work and Expenses, *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, No. 15-MD-02672 (N.D. Cal. Feb. 25, 2016)).

Defendants object on several grounds. Given Defendants' role as an opponent in the adversarial process, their objections should not be given much weight. *See Mendez v. Radec Corp.*, 260 F.R.D. 38, 43 (W.D.N.Y. 2009) ("If defendants carp about the alleged shortcomings of plaintiffs' counsel, then, it is probably not out of any particular solicitude for the class members themselves.").

*First*, Defendants contend the guidelines are premature. They are not. Such guidelines should be established at the outset of litigation to set forth parameters for fees and costs *before* they are incurred. This why the Federal Judicial Center prescribes entering an order providing for "early" guidelines for compensable fees and similarly advises with respect to expenses that "[t]he court should establish ground rules at the outset for determination of such claims." *Manual*, *supra*, §§ 14.215-216. Establishing such guidelines at the outset of litigation also serves interests of transparency and efficiency and is consistent with the fiduciary duties that Interim Lead Counsel owes the class. *See Fresno County Employees' Ret. Ass'n v. Isaacson*, 925 F.3d 63, 72 (2d Cir. 2019) ("In addition to ex post facto review of fee awards, some district courts have elected to exercise their discretion to select and manage class counsel at the outset of the litigation"); *see also Gunter v.*

Honorable Katherine Polk Failla
April 29, 2020

*Ridgewood Energy Corp.*, 223 F.3d 190, 201 n.6 (3d Cir. 2000) ("[D]istrict courts can avoid many of [the] complications associated with fee awards by setting fee guidelines and ground rules early in the litigation process.").

*Second*, Defendants contend these guidelines are inappropriate because the matter is not a multi-district litigation. This is incorrect. The proposed guidelines are helpful in any class action litigation in which class counsel will ultimately need to have any award of fees and expenses approved by the Court. *See* Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."); *Fresno County*, 925 F.3d at 72 ("[W]here a class action results in a common-fund settlement for the benefit of the class, the common-fund doctrine applies and permits a district court to use its discretion to award class counsel either an unenhanced lodestar fee or a fee calculated as a percentage of the settlement fund.").

*Third*, Defendants claim the proposed guidelines are unprecedented in litigation before this Court. In fact, the guidelines are consistent with this Court's order in *Gordon v. Amadeus IT Group, SA*, No. 1:15-cv-05457-KPF ("*Amadeus*"). In appointing interim class counsel in that case, the Court directed counsel to "apportion any attorneys' fees awarded by the Court among Plaintiffs' counsel" and "keep contemporaneous records of all Plaintiffs' counsel time and expenses devoted to this matter reflecting the date of the legal service rendered, the nature of the service, and the number of hours billed." *Amadeus*, ECF No. 144 (Ex. 5). The Court entered this order after counsel seeking appointment as interim class counsel submitted a letter indicating the firms had distributed and would abide by a "Time and Expense Reporting Protocol," and would take other measures to ensure that work done on behalf of members of the proposed class was performed efficiently. *Amadeus*, ECF No. 134 (Ex. 6). The proposed CMO here provides additional reasonable guidelines with respect to fees and costs incurred on behalf of the proposed class.

*Fourth*, Defendants object that in drafting these guidelines, Interim Lead Counsel did not seek consent from other plaintiffs' counsel that filed complaints. Such consent is unnecessary and would undermine the efficiency of Interim Lead Counsel's appointment. *See* Manual § 21.11 ("[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement"). The proposed guidelines would apply only to work performed or authorized by Interim Class Counsel. Other firms could seek to recover fees if they met the legal standard of showing the work directly benefitted the class. *See, e.g.*, *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 197 (3d Cir. 2005).

*Finally*, Defendants object that the proposed guidelines are inconsistent with the Court's authority to decide whether and to what extent to award fees and costs pursuant to Federal Rule of Civil Procedure 23(h). In fact, the Proposed CMO explicitly defers to the Court's plenary authority. The guidelines simply set expectations for what fees and costs could be reimbursable and how Interim Lead Counsel should account for them.

Honorable Katherine Polk Failla
April 29, 2020

Respectfully submitted,

s/ Kyle W. Roche
Kyle W. Roche
Edward Normand
Velvel Freedman (*pro hac vice*)
Joseph M. Delich
ROCHE CYRULNIK FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rcfllp.com
tnormand@rcfllp.com
vel@rcfllp.com
jdelich@rcfllp.com

/s/ Caitlin Halligan
Philippe Z. Selendy
Caitlin Halligan
Maria Ginzburg
Andrew R. Dunlap
SELENDY & GAY PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
mginzburg@selendygay.com
adunlap@selendygay.com

/s/ Todd M. Schneider
Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
Kyle G. Bates (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com
kbates@schneiderwallace.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*

Encl:   Exhibits 1-6.