# Exhibit 1

| | |
|---|---|
| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK | |
| In re Tether and Bitfinex Crypto Asset Litigation | Case No. 19 Civ. 9236 (KPF)<br><br>[PROPOSED] CASE MANAGEMENT ORDER NO. 1 |

# [PROPOSED] CASE MANAGEMENT ORDER NO. 1

On January 27, 2020, the Court consolidated Leibowitz, et al. v. iFinex, Inc., et al., No. 19 Civ. 9236; Young v. iFinex, Inc., et al., No. 20 Civ. 169; Faubus v. iFinex, Inc., et al., No. 20 Civ. 211; and Ebanks v. iFinex, Inc., et al., No. 20 Civ. 453. Dkt. No. 67. On February 27, 2020, the Court appointed Roche Cyrulnik Freedman LLP; Schneider Wallace Cottrell Konecky LLP; and Selendy & Gay PLLC (collectively, "Interim Lead Counsel") as interim lead counsel for Plaintiffs in these consolidated actions. Dkt. No. 97.

**IT IS HEREBY ORDERED THAT:**

**I.     LEAD ACTION AND CAPTION**

1.     *Leibowitz, et al. v. iFinex, Inc., et al.*, No. 19 Civ. 9236 is designated as the lead action for the consolidated actions. All pleadings and filings related to the consolidated actions shall be made in that docket and shall bear the caption "*In re Tether and Bitfinex Crypto Asset Litigation*" (the "Action").

**II.    CONSOLIDATION OF FUTURE RELATED ACTIONS**

2.     If a case arises out of the same subject matter as the Action, whether brought as a class action or however styled, and is filed in or transferred to this Court, the Court will direct the clerk to file a copy of this Order in the separate file for that case; consolidate that case with the Action for pretrial purposes by transferring that case to the docket for the Action; and close the docket for that case.

### III. DUTIES OF INTERIM LEAD COUNSEL

3. Interim Lead Counsel shall have sole authority, until further action by the Court, to conduct all pretrial and trial work on behalf of all plaintiffs and putative class members in the Action (the "Class"), including, without limitation: (a) drafting pleadings, included amended pleadings; (b) selecting class representatives; (c) conducting factual investigations; (d) conducting legal research; (e) initiating, conducting, and defending discovery; (f) identifying and retaining experts, consultants, and vendors; (g) drafting filings, including motions and legal memoranda; (h) conducting court hearings and appearances; (i) arguing motions; (j) conducting trial; (k) entering into tolling agreements; (l) entering into stipulations; (m) negotiating and proposing settlements; (n) communicating with opposing counsel, the Court, and governmental and regulatory authorities; (o) communicating with Class members; (p) selecting and assigning work to additional Class counsel; (q) communicating with the press on behalf of the Class, as appropriate; (r) preparing and maintaining comprehensive fee and cost reports on behalf of all plaintiffs' counsel; (s) applying for, allocating, and distributing any fees and costs awarded by the Court; (t) directing overall case strategy, scheduling, and case management for the class; and (u) performing other actions as they deem necessary in the prosecution of the Action. No plaintiff's counsel shall perform any work in the Action or any consolidated case without the express authorization of Interim Lead Counsel.

### IV. INTERIM LEAD COUNSEL'S FEES AND COSTS

4. If the Action is certified as a class action, or as otherwise appropriate, the Court may award reasonable attorney's fees and costs pursuant to Federal Rule of Civil Procedure 23(h). Nothing in this Order limits, restricts, or infringes upon the Court's plenary authority regarding whether and to what extent to award fees and costs in the Action, and at which rates.

5. Interim Lead Counsel, and such other Class counsel as they may select, shall be eligible for reimbursement of reasonable fees and costs that are for the common benefit of Plaintiffs and the Class, are authorized by Interim Lead Counsel, and comply with this Order.

6. Any counsel seeking reimbursement of fees and expenses related to the Action shall submit reports of fees and expenses to Interim Lead Counsel within a month of incurring them.

Interim Lead Counsel shall audit those reports to ensure that each fee and cost incurred was for the common benefit of the Plaintiffs and the Class, was authorized by Interim Lead Counsel, and complies with this Order. Interim Lead Counsel shall notify any counsel if any fee or cost does not meet any of these requirements; if a fee is submitted without sufficient accompanying information to determine whether it meets these requirements, Interim Lead Counsel shall require that the information be provided promptly. If a reported fee or expense does not ultimately meet any of these requirements, Interim Lead Counsel shall not submit it for reimbursement.

      A.      **Fees**

      7.      Reasonable fees for attorneys and other law firm timekeepers shall be reimbursed.

      8.      Timekeepers may include (a) partners or shareholders; (b) counsel; (c) associates; (d) staff or specialist attorneys; (e) paralegals; (f) analysts; (g) litigation support; (h) managing clerks; and (i) other law firm timekeepers.

      9.      The hourly rate for a timekeeper must be (a) the same rate normally charged by that timekeeper for similar work for clients who pay by the hour; (b) if the firm works only or primarily on contingent matters, a rate previously approved by a court as part of a fee petition (including when such rates are submitted as part of a lodestar cross-check); or (c) reasonable compared to the hourly rate for a comparable timekeeper in the timekeeper's city with comparable experience for comparable tasks.

      10.      Timekeepers must have an appropriate level of experience for the task. Partners or shareholders should not bill substantial time for work better suited for associates, and associates should not bill substantial time for work better suited for paralegals.

      11.      Timekeepers must not bill for duplicative work. Interim Lead Counsel shall ensure that an appropriate number of timekeepers are assigned to each task.

      12.      Time must be accurately and contemporaneously recorded in tenth of an hour increments. Each time entry must identify the specific task performed and who performed it. "Block billing" is not permitted.

      13.      Time spent recording or monitoring time shall not be reimbursed.

**B.     Costs**

14.     Reasonable costs will be reimbursed at <u>actual cost</u>.

15.     Costs must be accurately and contemporaneously recorded. Each cost entry must describe what the cost was, who incurred it, and why it was incurred. Receipts for all costs (or descriptions, if no receipts are available) must be submitted to and maintained by Interim Lead Counsel.

16.     Travel Costs:

    a.     For domestic flights with a total duration less than four hours, a refundable and convenient coach fare or its equivalent shall be reimbursed; provided, however, that a business fare shall be reimbursed if no appropriate coach fare is available, and a first-class fare shall be reimbursed if no appropriate coach or business class fares are available. For international travel or for domestic flights with a total duration over four hours, a refundable and convenient coach fare or business class fare or its equivalent shall be reimbursed; provided, however, that a first-class fare shall be reimbursed if no appropriate business fare is available.

    b.     Hotel room charges for the average available room rate of a reasonable business hotel shall be reimbursed.

    c.     Reasonable travel meal costs shall be reimbursed.

    d.     Automobile rentals that are reasonable for the date and location of the rentals shall be reimbursed.

    e.     Reasonable miscellaneous cash costs for which receipts generally are not available (*e.g.*, tips, luggage handling) shall be reimbursed up to $50.00 per trip, only if the expenses are itemized and documented a reasonable time after they are incurred.

    f.     Interim Lead Counsel may otherwise approve reimbursement of an airfare, hotel, meal, automobile rental, or cash cost for good cause documented a

        reasonable time after approval.

    g.    Reasonable mileage claims shall be reimbursed at the maximum rate allowed by the Internal Revenue Service at the time fees and costs are awarded, only if the claims are documented by stating origination point, destination, and total actual miles for each trip.

    h.    Incidental costs (*e.g.*, laundry, movies, hotel mini-bar) shall not be reimbursed.

17.    Non-Travel Costs:

    a.    Non-travel costs shall be reimbursed, including, without limitation, long distance, conference call, and cellular telephone charges; (b) shipping, overnight, courier, postage, and other delivery charges; (c) in-house photocopy and telefax charges; and (d) litigation support costs other than the cost of in-house computerized research (e.g., Westlaw, Lexis, Bloomberg).

    b.    In-town car services shall be reimbursed only if (a) after-hours work is required for a filing, hearing, court appearance, or other activity related to the Action; or (b) it is necessary to transport voluminous documents or other materials to the Court.

    c.    Working meals shall be reimbursed only if after-hours work is required for a filing, hearing, court appearance, or other activity related to the Action.

    d.    Interim Lead Counsel may otherwise approve reimbursement of a non-travel expense for good cause documented a reasonable time after approval.

18.    Shared Costs:

    a.    Shared costs shall be reimbursed, including, without limitation, (a) court, filing, and service costs; (b) court reporter, videographer, and interpreter costs for depositions; (c) expert witness and consultant fees and costs; (d) costs of outside vendors for tasks such as, without limitation, printing, copying, coding, and scanning; and (e) costs of outside vendors, consultants,

      investigators, translators, and vendors.

   b. Interim Lead Counsel may establish and administrate a litigation fund (the "Fund") in amounts sufficient to cover Plaintiffs' shared costs and may assess Interim Lead Counsel (and any other Class counsel selected by Interim Lead Counsel) for contributions to the Fund. Costs related to the creating and operation of the Fund shall be reimbursed, including, without limitation, bank or financial institution fees, legal fees, accounting fees, and taxes.

**V. NO WAIVER**

19. This Order and its terms shall not constitute a waiver by any party of any claims in or defenses to the Action or any consolidated case.

SO ORDERED:

Dated: April __, 2020

New York, NY

               _____
               KATHERINE POLK FAILLA
               United States District Judge