# Exhibit 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION _____/ | MDL 2672 CRB (JSC) **PRETRIAL ORDER NO. 11: PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES** |
| This Order Relates to: ALL ACTIONS (except securities fraud actions) _____/ | |

In Pretrial Order No. 7 [Dkt. 1084], the Court appointed Plaintiffs' Lead Counsel and the Plaintiffs' Steering Committee. Pursuant to that Order, the Court now wishes to set specific guidelines and rules for work done and expenses incurred for the common benefit of all Plaintiffs in this MDL. Nothing in this Order shall be interpreted to affect any proceedings other than those involving the authorities, duties, responsibilities, guidelines, and rules of and for Plaintiffs' counsel, as discussed herein.

## I.   <u>Adoption of Case Management Protocols for Common Benefit Work</u>

The Court hereby adopts the following guidelines for the management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues.  The recovery of common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel." "Participating Counsel" shall be defined as Lead Counsel and members of the Plaintiffs' Steering Committee (along with members and staff of their respective firms), any other counsel authorized

by Lead Counsel to perform work that may be considered for common benefit compensation, and/or counsel who have been specifically approved by this Court as Participating Counsel prior to incurring any such cost or expense.

Eligibility does not pre-determine payment. If and to the extent that this litigation is certified as a class action under Fed. R. Civ. P. 23 for purposes of resolution and/or trial, any award of fees and costs for common benefit work will be governed by the standards and procedures of Rule 23, including Rule 23(h). In any event, no award or payment of common benefit fees or costs shall be made without this Court's approval.

Participating Counsel shall be eligible to receive common benefit attorneys' fees and reimbursement of costs and expenses only if the time expended, costs incurred, and activity in question were (a) for the common benefit of Plaintiffs; (b) timely submitted; and (c) reasonable.

Participating Counsel, as defined above, shall agree to the terms and conditions herein, including submitting to this Court's jurisdiction and agreeing that this Court has plenary authority regarding the award and allocation of common benefit attorneys' fees and expense reimbursements in this matter.

Lead Counsel will be responsible for collecting monthly common benefit time and expense submissions from Participating Counsel, auditing such submissions for compliance with the directives set forth in this Order, and informing Participating Counsel when their submissions do not comply with the directives set forth in this Order. Lead Counsel's auditing responsibility notwithstanding, the ultimate determination of what is compensable common benefit work, and the extent or rate at which it is compensable, is within the purview of the Court.

In the event that Participating Counsel are unsure if the action they are about to undertake is considered Common Benefit Work, they shall ask Lead Counsel in advance as to whether such time may be compensable.

-2-

**A.**     **Compensable Common Benefit Work**

"Common Benefit Work" includes all work done and expenses incurred that inure to the

common benefit of Plaintiffs in this MDL.

Examples of compensable and noncompensable work include, but are not limited to:

1.   **Consolidated Pleadings and Briefs:**  (i) factual and legal research and
preparation of consolidated class action complaints and related briefing;
(ii) responding to inquiries from class members; (iii) communications with
clients in response to Lead Counsel's requests regarding proposed class
representatives; (iv) comments and suggestions regarding the consolidated
class action complaints; and (v) class-related issues and briefing related
thereto are compensable.

2.   **Depositions:**  While it is impracticable to impose inflexible rules to cover
every conceivable situation, Lead Counsel shall exercise discretion,
judgment, and prudence to designate only that number of attorneys to
participate in any given deposition that is commensurate with the nature of
that deposition so as to avoid over-staffing. Thus, for example, the
deposition of a causation expert proffered by Defendants would typically
justify the assignment of more attorneys than would the defense of the
deposition of one of Plaintiffs' fact witnesses. Time and expenses for
Participating Counsel not designated as one of the authorized questioners
or otherwise authorized to attend the deposition by Lead Counsel may not
be considered Common Benefit Work but, rather, considered as attending
on behalf of such counsel's individual clients. Unnecessary attendance by
counsel may not be compensated in any fee application to the Court.

3.   **Periodic MDL Status Conferences:**  The Court intends to hold periodic
status conferences to ensure that the litigation moves forward efficiently,
and that legal issues are resolved with guidance from or formal rulings by
the Court. Individual attorneys are free to attend any status conference held
in open court to stay up to date on the status of the litigation, but except for
Lead Counsel and members of the Plaintiffs' Steering Committee or their
designees, attending and listening to such conferences is not compensable
Common Benefit Work. All attorneys have an obligation to keep
themselves informed about the litigation so that they can best represent
their respective clients. Mere attendance at a status conference will not be
considered common benefit time, and expenses incurred in relation thereto
will not be considered common benefit expenses. The attorneys designated
by Lead Counsel to address issues that will be raised at a given status
conference or requested by Lead Counsel to be present at a status
conference are working for the common benefit, and their time will be
considered for the common benefit. Similarly, any attorney whose
attendance at a status conference is specifically requested by the
undersigned (or by any other judge presiding over this matter or Court-
appointed Special Master) to address a common issue may submit his or
her time and expenses for such attendance for evaluation as Common
Benefit Work.

4.   **Identification and Work-Up of Experts:**  If a Participating Counsel
retains an expert without the knowledge and approval of Lead Counsel,

time and expenses attributable to the same may not be approved as Common Benefit Work.  On the other hand, communications with and retention of experts with the knowledge and approval of Lead Counsel will be considered common benefit time.

5.  **Attendance at Seminars:**  Except as approved by Lead Counsel, attendance at seminars (e.g., American Association for Justice Section Meetings, Mass Torts Made Perfect, Harris Martin, and similar seminars and Continuing Legal Education programs) shall not qualify as Common Benefit Work, or the expenses pertaining thereto as Common Benefit Expenses.

6.  **Discovery and Document Review:**  Only discovery and document review authorized by Lead Counsel and assigned to an attorney or law firm will be considered Common Benefit Work. If a firm/attorney elects to review documents that have not been assigned to them by Lead Counsel, that review may not be considered Common Benefit Work. Descriptions associated with "document review" should contain sufficient detail to allow those reviewing the time entry to generally ascertain what was reviewed. For example, indicating the custodian, search query, or number of document folders reviewed is the kind of description needed.

7.  **Review of Court Filings and Orders:**  All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients, and review of briefs and filings made and Orders entered in this litigation is part of that obligation. Only Court-appointed Counsel and those attorneys working on assignments therefrom that require them to review, analyze, or summarize those filings or Orders in connection with their assignments are doing so for the common benefit. All other counsel are reviewing those filings and Orders for their own benefit and that of their respective clients and such review will not be considered Common Benefit Work.

8.  **Emails and Correspondence:**  Except for the Counsel appointed by the Court and their assigned attorneys and staff, time recorded for reviewing emails and other correspondence is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email or other correspondence and that is for the common benefit of plaintiffs. Thus, for example, review of an email or other correspondence sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable as Common Benefit Work. All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review emails and correspondence to a larger group, when they involve a matter on which the recipient is not directly and immediately working.

B.  **Common Benefit Timekeeping Protocols**

All time must be accurately and contemporaneously maintained. Participating Counsel shall keep contemporaneous billing records of the time spent in connection with Common Benefit Work on this MDL, indicating with specificity the hours (in tenth-of-an-hour increments) and

billing rate, along with a description of the particular activity (such as "conducted deposition of John Doe").

Each time entry must be categorized using one of the categories in Exhibit A. In general, when possible, a more specific category should be used in place of a more general category. Under no circumstances should a submitting firm make up new categories for use in its submission.

While the categories are generally self-explanatory, below are some further explanations of some of the categories that may have the potential for the most confusion.

1.  **Lead/PSC Duties (category 3) –** This category code should only be used for work done by Court-appointed Lead Counsel, members of the Plaintiffs' Steering Committee, and their assigned attorneys and staff, in their capacity as Court-appointed Counsel. This category should be used primarily for Court-appointed Counsel's more general or administrative responsibilities that do not fit into other, more specific categories. These include, but are not limited to, reviewing, analyzing, and summarizing filings and orders, or coordinating and designating non-Court-appointed attorneys to conduct common-benefit tasks such as document reviews, depositions, or work with experts. This category should not be used by any timekeeper who is not a Court-appointed Counsel or one of their assigned attorneys or staff.

2.  **Administrative (4) –** This category should be used for internal filing and organizational tasks, such as reviewing and downloading documents from the ECF case docket(s), creating charts, reviewing filings generally, updating calendars, copying and distributing documents, drafting memoranda, etc., whether done by an attorney or staff. Please remember that the review of filings and orders to stay informed about the litigation is every attorney's obligation, and time spent on such tasks is not compensable as Common Benefit Work for most timekeepers. See *supra,* II(A)(8).

3.  **Discovery (8) –** Almost all common benefit discovery-related tasks should be coded with this category. The exceptions are: document review (which should be coded category 9), discovery-related motions or briefs (which should be coded category 12), discovery-related court appearances (which should be category 6), and preparation for and taking/defending depositions (which should be category 11).

4.  **Document Review (9) –** For the purposes of this category, the word "document" specifically means documents or other information produced in discovery. In other words, this category is not to be used for every instance of reading a document – it is more specific than that. Only discovery document review specifically authorized by Lead Counsel and assigned to an attorney will be considered Common Benefit Work. See *supra*, II(A)(7). Time entry descriptions for document review tasks should

-5-

include specific details such as custodians, search query, number of document folders reviewed, or other similar details.

5.    **Pleadings/Briefs/Pre-trial Motions/Legal Memoranda (12) –** All research and drafting time spent for a specific pleading, brief, motion, or similar legal writing should be coded in this category.

6.    **Trial (17) –** This category is reserved solely for tasks performed during a trial.

7.    **Miscellaneous (19) –** This is a general category that should not be used if a more specific category can be used instead. Any activities that are done in connection with or as part of a larger task like a brief, or a court appearance, or a meeting, should be categorized according to that larger task. This category should be used relatively infrequently; however, if it is used, it is critical that the description of the task be sufficiently detailed to make clear how the work was common benefit.

Should you have additional questions about particular timekeeping categories, please direct them to Lead Counsel. Under no circumstances should a submitting firm make up new categories for use in its submission.

## C.    <u>Hourly Rates</u>

Use your customary billing rates in your monthly time reports. Use of these rates does not guarantee their payment. The Court reserves the discretion to determine appropriate rates as the circumstances may warrant.

## D.    <u>Common Benefit Expenses Protocol</u>

### 1.    Shared Costs

"Shared Costs" are costs that will be paid out of the Litigation Fund administered by Plaintiffs' Lead Counsel. Each Plaintiffs' Steering Committee member shall contribute to the Fund at times and in amounts sufficient to cover plaintiffs' expenses for the administration of this MDL. The timing and amount of each assessment will be determined by Plaintiffs' Lead Counsel, in consultation with the Plaintiffs' Steering Committee, and each assessment will be paid within 30 days as instructed by Plaintiffs' Lead Counsel. Failure to pay assessments will be grounds for removal from the appointments made in previous Court Orders or other common benefit assignments.

Shared Costs are costs incurred for the common benefit of Plaintiffs in this MDL as a whole. No client-related costs, save certain costs relating to future cases selected as bellwether cases that will be for the common benefit (e.g., related to liability and causation), shall be considered Shared Costs, unless exceptional circumstances exist and are approved by later order of this Court. All Shared Costs must be approved by Lead Counsel prior to payment.

All costs that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify for submission and payment directly from the Fund:

- Court, filing, and service costs related to common issues;

- Court reporter and interpreter costs for depositions;

- Document (both electronic and hard copy) depository creation, operation, staffing, equipment, and administration;

- Lead Counsel or Plaintiffs' Steering Committee out-of-house or extraordinary administration matters (*e.g.*, expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, meetings and conference calls, etc.);

- Legal, tax, and accountant fees relating to the Fund;

- Expert witness and consultant fees and expenses for experts whose opinions and testimony would be generic and for the common benefit of a substantial number of cases. There shall be no reimbursement for case-specific experts, except for liability and causation experts in bellwether cases, with the approval of Lead Counsel;

- Printing, copying, coding, and scanning related to the above (only out-of-house or extraordinary firm costs);

- Research by outside third-party vendors/consultants/attorneys, approved by Lead Counsel;

- Translation costs related to the above, approved by Lead Counsel;

- Bank or financial institution charges relating to the Fun;

- Investigative services, approved by Lead Counsel; and

1               •       Any assessment paid by Lead Counsel, by any member firm of Plaintiffs'
Steering Committee, or by a non-PSC firm from whom as assessment was
requested by Lead Counsel.

Lead Counsel shall prepare and be responsible for distributing reimbursement procedures

and the forms associated therewith. Requests for payments from the Fund for Common Benefit

expenses shall include sufficient information to permit Lead Counsel and a Certified Public

Accountant ("CPA") to account properly for costs and to provide adequate detail to the Court if

necessary.

### 2.     Held Costs

"Held Costs" are those that will be carried by each attorney in this MDL and reimbursed

as and when Lead Counsel determines to do so. Held Costs are those that do not fall into the

above Shared Costs categories but are incurred for the common benefit of all plaintiffs in this

MDL. No client-specific costs can be considered Held Costs, other than certain Common Benefit

costs relating to class representatives and future bellwether cases at the discretion of Lead

Counsel and Plaintiffs' Steering Committee. Held Costs shall be recorded in accordance with the

guidelines set forth herein and on the form provided as Addendum B hereto.

Held Costs shall be subject to the following limitations:

### 3.     Travel Limitations

Only reasonable expenses will be reimbursed. Except in unusual circumstances approved

by Lead Counsel, all travel reimbursements are subject to the following limitations:

              •       **Airfare:** For routine domestic flights, ordinarily only the price of a
refundable, changeable and convenient coach fare seat or its
equivalent will be reimbursed.  For international travel or
transcontinental flights with a total duration exceeding four hours,
business class, or if business class is not available, first class, may
be reimbursed at Lead Counsel's discretion.  Private or charter
travel will not be reimbursed except in unusual circumstances, as
approved by Lead Counsel.

              •       **Hotel:** Hotel room charges for the average available room rate of a
reasonable business hotel will be reimbursed.

- **Meals:** Meal expenses must be reasonable. Unusually large meal expenses may be reviewed by Lead Counsel and disallowed.

- **Cash Expenses:** Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

- **Automobile Rental:** Automobile rentals must be reasonable for the date and location of the rental.

- **Mileage:** Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the maximum rate allowed by the Internal Revenue Service.

### 4. Non-Travel Limitations

- **Long Distance, Conference Call, and Cellular Telephone Charges:** Common Benefit long distance, conference call, and cellular telephone charges are to be reported at actual cost.

- **Shipping, Overnight, Courier, and Delivery Charges:** All claimed Common Benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

- **Postage Charges:** Common Benefit postage charges are to be reported at actual cost.

- **Telefax Charges:** Common Benefit fax charges shall not exceed $0.50 per page.

- **In-House Photocopy:** The maximum charge for Common Benefit in-house copies is $0.15 per page.

- **Computerized Research- Lexis, Westlaw, or Bloomberg:** Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

No entry should contain more than one category of expense when practical, and no entry should have more than one expense category code assigned to it. If, on the same day, one person incurs two expenses that fall into two different categories, then there should be two separate entries for that person for that date, each with the appropriate expense description and category code.

Similarly, when practical no listed expense entry should include expenses incurred by more than one person. If multiple people incur the same expense for the same category, then generally there should be a separate entry for each person, unless a single person paid the expense for multiple people.

Every expense entry should be as detailed and specific as reasonably practical. Descriptions such as "Filing and Service Fees," "Service of Process," "Plane Ticket," "Investigation Fees," "Hearing Transcript," and "Deposition Services" are not sufficient. Every entry must describe the task for which the expense was incurred in enough detail to reasonably identify what the expense was, who incurred it, why it was incurred, and how it related to Common Benefit Work. For example: What was filed and on behalf of whom? Who was served with what document and on behalf of whom? What hearing transcript was requested and for what purpose? For whom was the plane ticket purchased, for air travel from where to where, on what dates of travel? (The same goes for hotels, taxis, car services, tips, meals, and any other travel-related expenses.) Expense entries without sufficient detail may be rejected at Lead Counsel's discretion.

Attorneys shall provide receipts for all expenses. This does not mean that receipts are to be provided "upon request" – it means each firm must provide receipts monthly along with their expense submissions, in PDF form, not hard copy. Credit card receipts (not the monthly statements) are an appropriate form of verification. Hotel costs must be proven with the full hotel invoice. The description of unclaimed expenses on the invoice may be redacted.

### E. Protocols for Submission of Time and Expenses

    1. **Format**

ORDER NO. 11
(PROTOCOLS FOR COMMON BENEFIT
WORK AND EXPENSES)

For Lead Counsel to maintain all time submissions in a fully sortable and searchable format, all of the time and expense submissions must be provided by submitting counsel in the following format.

      1.      Counsel must use the Excel forms provided as Exhibits to this Order. This means that each monthly submission will consist of one Excel file, within which there will be four "sheets" (marked by tabs at the bottom): "Expense Report," "Supplemental Expense Report," "Monthly Time Report," and "Monthly Time Report Totals."

      2.      In the "Monthly Time Report," the person who performed each task should be identified in the column called "Last Name, First Name" by their complete last name, a comma, and their complete first name (e.g. Smith, John). Please do not use abbreviations or initials in this column.

      3.      In all reports, the date must be provided in month/day/year format (e.g., 10/23/14).

### 2.    Deadlines

Time submissions shall be made to Lead Counsel on a monthly basis, by deadlines and in accordance with the guidelines set forth herein. The first submission is due on April 15, 2016 and should include all time and expense from inception of work on clean-diesel-VW-emissions-related litigation through March 31, 2016. After this first submission, each monthly submission should include all common benefit time and expenses incurred from the first to the last day of the preceding month (e.g. the submission due May 15, 2016, should contain all common benefit time and expenses incurred from April 1, 2016, through April 30, 2016.

Although counsel should endeavor to submit all common benefit expenses incurred in a certain month in the submission made on the 15th of the next month, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult in some circumstances. Thus submissions of "supplemental" common benefit expense reports will

-11-

1    be permitted for those expenses incurred during the previous six months that – because of

2    circumstances outside the submitting counsel's control – could not have been submitted by the

3    deadline. Any common benefit expenses submitted more than six months in arrears may not be

4    considered or included in any compilation of common benefit expense calculation and may be

5

6    disallowed, except for good cause shown and with approval of Lead Counsel.

7            Supplemental submissions of common benefit time will be permitted only for good cause

8    shown and with the approval of Lead Counsel.

9            **IT IS SO ORDERED**.

10    Dated: February 25, 2016

11                          CHARLES R. BREYER
                              United States District Judge

1292522.3

ORDER NO. 11
(PROTOCOLS FOR COMMON BENEFIT
WORK AND EXPENSES)

# ADDENDUM A

**IN RE VOLKSWAGEN CLEAN DIESEL LITIGATION**
**MONTHLY TIME REPORT**

Firm Name: _____
Date _____

| **Categories:** 1. Lead Counsel Calls/Meetings 2. PSC Calls/Meetings 3. Lead Counsel/PSC Duties 4. Administrative 5. MDL Status Conf. 6. Court Appearance 7. Research 8. Discovery 9. Doc. Review 10. Litigation Strategy & Analysis 11. Dep: Prep/Take/Defend 12. Pleadings/Briefs/Pre-trial Motions/Legal 13. Science 14. Experts/Consultants 15. Settlement 16. Trial Prep/Bellwether 17. Trial 18. Appeal 19. Miscellaneous (describe) |
| --- |

| Last Name, First Name | Professional level: Partner (PT), Associate (A), Contract (C), or Paralegal (PR) | Date of Service: | Category Code: | Category Name: | Detailed Description of Work performed: | Billing Rate: | Time spent (by 0.1 increments) | Fees Total: |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |

| Category Name | Total Time per Category | Total Fees per Category |
| --- | --- | --- |
| Lead Counsel Calls/Meeting |  |  |
| PSC Calls/Meeting |  |  |
| Lead Counsel/PSC Duties |  |  |
| Administrative |  |  |
| MDL Status Conf. |  |  |
| Court Appearance |  |  |
| Research |  |  |
| Discovery |  |  |
| Doc. Review |  |  |
| Litigation Strategy & Analysis |  |  |
| Dep: Prep/Take/Defend |  |  |
| Pleadings/Briefs, Pretrial Motions, Legal |  |  |
| Science |  |  |
| Experts/Consultants |  |  |
| Settlement |  |  |
| Trial Prep/Bellwether |  |  |
| Trial |  |  |
| Appeal |  |  |
| Miscellaneous |  |  |
| Total: |  |  |

1292522.3

# ADDENDUM B

| IN RE VOLKSWAGEN CLEAN DIESEL LITIGATION **Expense Report for** _____ |
|---|
| Law Firm |

**Categories: 1.** Assessment Fees  **2.** Federal Express / Local Courier, etc.  **3.** Postage Charges **4.** Facsimile Charges **5.** Long Distance  **6.** In-House Photocopying **7.** Outside Photocopying **8.** Hotels **9.** Meals **10.** Mileage **11.** Air Travel  **12.** Deposition Costs **13.** Lexis/Westlaw **14.** Court Fees **15.** Witness / Expert Fees **16.** Investigation Fees / Service Fees  **17.** Transcripts **18.** Ground Transportation (*i.e.* Rental, Taxis, etc.) **19.** Miscellaneous (Describe)

*****************************************ALL ORIGINAL RECEIPTS MUST BE ATTACHED TO THIS EXPENSE SHEET*****************************************

| Date: | Category Code: | Category Name: | Detailed Description: | Amount: | Receipt Provided:  Yes / No (if no, provide reason) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

1292522.3