UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID LEIBOWITZ, *et al.*,

                Plaintiffs,

        -v.-

IFINEX INC., *et al.*,

                Defendants.

19 Civ. 9236 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of Plaintiffs' proposed case management order and accompanying letter (Dkt. #103), as well as Defendants' letter raising certain objections to Plaintiff's proposed case management order (Dkt. #106).  The Court understands from Defendants' letter that the parties disagree on two portions of the proposed order: (i) Defendants object to language in Paragraph Three, Subsection J of the proposed order, stating that interim lead counsel would have the sole authority, until further action of the Court, to conduct trial on behalf of Plaintiffs and putative class members; and (ii) Defendants object to Paragraphs Four through Eighteen of the proposed order, addressing the reasonable fees and expenses that might be reimbursed "[i]f the Action is certified as a class action, or as otherwise appropriate."  The Court addresses each disagreement in turn.

    *First*, interim class counsel for Plaintiffs are directed to conform the language appearing in Paragraph Three, Subsection J of the proposed order to comport better with the authority conveyed to interim class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3).  Specifically, a further order of the

Court certifying a class would be required for interim class counsel to represent putative class members at trial.

*Second*, the Court declines to provide an advisory opinion as to what would constitute reasonable attorneys' fees or costs, should circumstances arise in which Plaintiffs became entitled to recover such fees and costs. Interim class counsel is, of course, welcome to create internal guidance concerning how it will bill its time and costs in this matter.  But such guidance will not be adopted by the Court in a vacuum, much less at this very early stage in the proceedings.  Paragraph Four of the proposed case management order adequately describes the possibility of an award of attorneys' fees and costs and is acceptable to the Court.  Paragraphs Five through Eighteen are not acceptable.

The parties are ORDERED to conform the proposed case management order with the directives provided in this Order and file a revised proposed case management order for further review.

SO ORDERED.

Dated:     May 7, 2020
           New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge