# Exhibit 1

UNITED STATES DISTRICT COURT SOUTH-
ERN DISTRICT OF NEW YORK

---

In re Tether and Bitfinex Crypto Asset
Litigation

Case No. 19 Civ. 9236 (KPF)

[PROPOSED] <u>CASE MANAGEMENT
ORDER NO. 1</u>

---

## [PROPOSED] CASE MANAGEMENT ORDER NO. 1

On January 27, 2020, the Court consolidated *Leibowitz, et al. v. iFinex, Inc., et al.*, No. 19 Civ. 9236; *Young v. iFinex, Inc., et al.*, No. 20 Civ. 169; *Faubus v. iFinex, Inc., et al.*, No. 20 Civ. 211; and *Ebanks v. iFinex, Inc., et al.*, No. 20 Civ. 453. Dkt. No. 67. On February 27, 2020, the Court appointed Roche Cyrulnik Freedman LLP; Schneider Wallace Cottrell Konecky LLP; and Selendy & Gay PLLC (collectively, "<u>Interim Lead Counsel</u>") as interim lead counsel for Plaintiffs in these consolidated actions. Dkt. No. 97.

**IT IS HEREBY ORDERED THAT:**

## I.   LEAD ACTION AND CAPTION

1.    *Leibowitz, et al. v. iFinex, Inc., et al.*, No. 19 Civ. 9236 is designated as the lead action for the consolidated actions. All pleadings and filings related to the consolidated actions shall be made in that docket and shall bear the caption "*In re Tether and Bitfinex Crypto Asset Litigation*" (the "<u>Action</u>").

## II.   CONSOLIDATION OF FUTURE RELATED ACTIONS

2.    If a case arises out of the same subject matter as the Action, whether brought as a class action or however styled, and is filed in or transferred to this Court, the Court will direct the clerk to file a copy of this Order in the separate file for that case; consolidate that case with the Action for pretrial purposes by transferring that case to the docket for the Action; and close the docket for that case.

## III.    DUTIES OF INTERIM LEAD COUNSEL

3.      Interim Lead Counsel shall have sole authority, until further action by the Court, to conduct all pretrial and trial work on behalf of all plaintiffs and putative class members in the Action (the "Class"), including,  without limitation: (a) drafting pleadings, included amended pleadings; (b) selecting class representatives; (c) conducting factual investigations; (d) conducting legal research; (e) initiating, conducting, and defending discovery; (f) identifying and retaining experts, consultants, and vendors; (g) drafting filings, including motions and legal memoranda; (h) conducting court hearings and appearances; (i) arguing motions; (j) entering into tolling agreements; (k) entering into stipulations; (l) negotiating and proposing settlements; (m) communicating with opposing counsel, the Court, and governmental and regulatory authorities; (n) communicating with Class  members; (o) selecting and assigning work to additional Class counsel; (p) communicating with the press on behalf of the Class, as appropriate; (q) preparing and maintaining comprehensive fee and cost reports on behalf of all plaintiffs' counsel; (r) directing overall case strategy, scheduling, and case management for the class; and (s) performing other actions as they deem necessary in the prosecution of the Action. No plaintiff's counsel shall perform any work in the Action or any consolidated case without the express authorization of Interim Lead Counsel.

## IV.    INTERIM LEAD COUNSEL'S FEES AND COSTS

4.      If the Action is certified as a class action, or as otherwise appropriate, the Court may award reasonable attorney's fees and costs pursuant to Federal Rule of Civil Procedure 23(h). Nothing in this Order limits, restricts, or infringes upon the Court's plenary authority regarding whether and to what extent to award fees and costs in the Action, and at which rates.

## V.    NO WAIVER

5.      This Order and its terms shall not constitute a waiver by any party of any claims in or defenses to the Action or any consolidated case.

SO ORDERED:

Dated: May __, 2020

New York, NY

                                                     _____

                                                     KATHERINE POLK FAILLA
                                                     United States District Judge