# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re Tether and Bitfinex Crypto Asset Litigation          Case No. 1:19-CV-09236-KPF

---------------------------------------------------------------- x

# [PROPOSED] ORDER ON CONFIDENTIALITY

WHEREAS, Bittrex, Inc., and Poloniex, LLC (the "Exchange Defendants") will be moving for summary judgment in this action and request that this Court issue an order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic customer information that the Exchange Defendants plan to submit in connection with those filings; and

WHEREAS, any party may be filing or referring to nonpublic customer information in their submissions on the Exchange Defendants' summary judgment motions (all submissions collectively referred to as "Summary Judgment Materials");

WHEREAS, the Exchange Defendants have confidentiality and privacy obligations with respect to nonpublic customer information under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801–6809, and agreements or terms or conditions of service with customers; and

WHEREAS, this Court finds good cause exists for an order protecting the confidentiality of nonpublic customer information and allowing the parties to file Summary Judgment Materials under seal;

THEREFORE IT IS HEREBY ORDERED that the parties, their respective officers, agents, servants, employees, affiliates, and attorneys, any other person or entity in active concert or participation with any of the foregoing, and all other persons or entities with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1.      In accordance with paragraph 2, all Summary Judgment Materials shall in the first instance be filed under seal via the Electronic Case Filing System with the legend "Sealed Document – Attorneys' Eyes Only" in a manner that will not interfere with legibility or audibility.

2. The Exchange Defendants shall file their Summary Judgment Materials under seal and then, within three business days, publicly file a copy of the submission redacting the nonpublic customer information described in paragraph 3 and removing the "Sealed Document – Attorneys' Eyes Only" legend. Plaintiffs shall file their Summary Judgment Materials under seal, and the Exchange Defendants shall, within 48 hours thereafter, notify plaintiffs of any nonpublic customer information described in paragraph 3 that should be redacted from the public filing. Within three business days after such notice, plaintiffs shall publicly file a copy of their submission redacting the nonpublic customer information identified by the Exchange Defendants and removing the "Sealed Document – Attorneys' Eyes Only" legend. If any party proposes to seal anything other than the nonpublic customer information described in paragraph 3, that party shall follow the procedures set forth in this Court's Individual Rules of Practice Rule 9.

3. The Exchange Defendants (each, a "Producing Party") may redact, or request that plaintiffs redact, any nonpublic information: (a) regarding customer accounts or wallet addresses; or (b) that the Producing Party is under a duty to preserve as confidential under a statute or regulation, under a court or administrative order, by agreement or term or condition of service, or because of another legal obligation.

4. Documents filed under seal with the "Sealed Document – Attorneys' Eyes Only" legend may be disclosed only to the following persons:

    (a) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (b) attorneys who are employees of the receiving party but only to the extent that attorney's assistance is necessary to the conduct of the litigation in which the information is disclosed; and

    (c) this Court, including any appellate court, its support personnel, and court reporters.

5. To the extent any federal or state law or other legal authority governing the disclosure or use of "nonpublic personal information," as such term is defined in Title V of the

Gramm-Leach-Bliley Act, 15 U.S.C. § 6801–6809, and the regulations promulgated thereunder, or information covered by state and any other federal privacy laws (each, an "NPPI Law") permits disclosure of such information under court order, this Order shall constitute compliance with such requirements. To the extent any NPPI Law requires a Producing Party to obtain a Court-ordered subpoena or to give notice or obtain consent from any person or entity before disclosure of any non-party customer information, the Court finds that, in the view of the protections provided for the information disclosed in this Order, the volume of the documents to be filed, and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the Producing Party is exempted from obtaining a Court-ordered subpoena or having to notify or obtain consent from any person or entity prior to the disclosure of non-party customer information.

6. Nothing in this Order will prevent any party from producing any document bearing the legend "Sealed Document – Attorneys' Eyes Only" in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such party gives written notice to the Exchange Defendants as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

7. If this action proceeds past the dispositive motion stage and into discovery, the parties may enter into a stipulated confidentiality agreement and protective order governing discovery after the Rule 26(f) conference. Any sealing of documents and disclosure restrictions under this Order, however, shall remain effective.

8. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED

_____
Hon. Katherine Polk Failla
United States District Court Judge