# Exhibit 1

| | |
|---|---|
| **From:** | Andrew Dunlap |
| **Sent:** | Wednesday, July 29, 2020 4:42 PM |
| **To:** | Greg Hollon; Kyle Roche; Caitlin Halligan |
| **Cc:** | Matthew Lindenbaum; Rob Lindholm; Abby Rudzin; William K. Pao; Timothy B. Fitzgerald; Charles Wittmann-Todd; Lisa Nelson; Todd M. Schneider; Matthew S. Weiler; Oscar Shine; Mitchell Nobel |
| **Subject:** | RE: In Re Tether Litigation |

Greg,

Thank you for your email.

You do not explain why Bittrex's or Poloniex's privacy policies would prevent them from simply providing the relevant information to us, pursuant to an appropriate protective order.

You also do not explain why evidence identifying an individual who owned the two accounts would require dismissal of claims against Bittrex and Poloniex. As we explained, taking that representation as true, it is more than reasonable to infer from the remaining allegations in the complaint that the individual participated in a scheme in which Bittrex, Poloniex, and Bitfinex were knowingly involved. You also do not respond to our concern that discovery would be necessary to explore the relationship between this individual and the three exchanges.

Given this, we cannot agree to the procedures you propose. We remain open to receiving whatever information you wish to provide us, and to negotiating an appropriate protective order.

Best,

Andrew

**From:** Greg Hollon <GHollon@mcnaul.com>
**Sent:** Tuesday, July 28, 2020 5:45 PM
**To:** Andrew Dunlap <adunlap@selendygay.com>; Kyle Roche <kyle@rcfllp.com>; Caitlin Halligan <challigan@selendygay.com>
**Cc:** Matthew Lindenbaum <matthew.lindenbaum@nelsonmullins.com>; Rob Lindholm <robert.lindholm@nelsonmullins.com>; Abby Rudzin <arudzin@omm.com>; William K. Pao <wpao@omm.com>; Timothy B. Fitzgerald <TFitzgerald@mcnaul.com>; Charles Wittmann-Todd <cwittmanntodd@mcnaul.com>; Lisa Nelson <LNelson@mcnaul.com>; Todd M. Schneider <tschneider@schneiderwallace.com>; Matthew S. Weiler <mweiler@schneiderwallace.com>; Oscar Shine <oshine@selendygay.com>; Mitchell Nobel <mnobel@selendygay.com>
**Subject:** RE: In Re Tether Litigation

Andrew,

Here are answers to your questions:

> 1. Neither Bittrex nor Poloniex has disclosed the name of the relevant account holder to each other or to Bitfinex. Bitfinex has identified from its records the name of the person who made the USDT transfers from Bitfinex to the 1AA6 account and the 1j1d account and therefore can confirm that transfers to both addresses were made by the same individual -- who, they confirm, is not a Bitfinex employee or shareholder -- without confirming the name of that individual with Bittrex or Poloniex.

    2.  We do not understand your confusion about defendants' privacy obligations, as financial firms needing to keep customer information confidential is hardly controversial.  We have proposed a process that would work for Bittrex and Poloniex and do not understand why it would be objectionable to plaintiffs.

    3. Plaintiffs' claims against Bittrex and Poloniex require plaintiffs to prove that both exchanges <u>knew</u> about any alleged relationship between the individual and Bitfinex.  You have not responded to our request to provide the documents supporting plaintiffs' allegation that the accounts are owned or controlled by Bitfinex, much less that Bittrex and Poloniex were aware of this alleged fact.  It is not reasonable to speculate that the account holder was controlled by Bitfinex and that Bittrex and Poloniex were somehow aware of that. If plaintiffs are not prepared to acknowledge the effect of the facts on their claims, this process is not worth pursuing.

Please let us know if you'd like to proceed with the general process we've outlined and discuss any specific comments plaintiffs have on the proposed order or if we should take this up with the Court.

Regards, Greg

Gregory J. Hollon, Attorney



T 206.467.1816 I 206.447.2880 F 206.624.5128
www.mcnaul.com | ghollon@mcnaul.com

---

**From:** Andrew Dunlap <adunlap@selendygay.com>
**Sent:** Monday, July 27, 2020 1:46 PM
**To:** Greg Hollon <GHollon@mcnaul.com>; Kyle Roche <kyle@rcfllp.com>; Caitlin Halligan <challigan@selendygay.com>
**Cc:** Matthew Lindenbaum <matthew.lindenbaum@nelsonmullins.com>; Rob Lindholm <robert.lindholm@nelsonmullins.com>; Abby Rudzin <arudzin@omm.com>; William K. Pao <wpao@omm.com>; Timothy B. Fitzgerald <TFitzgerald@mcnaul.com>; Charles Wittmann-Todd <cwittmanntodd@mcnaul.com>; Lisa Nelson <LNelson@mcnaul.com>; Todd M. Schneider <tschneider@schneiderwallace.com>; Matthew S. Weiler <mweiler@schneiderwallace.com>; Oscar Shine <oshine@selendygay.com>; Mitchell Nobel <mnobel@selendygay.com>
**Subject:** RE: In Re Tether Litigation

Greg,

We are open to considering any information you decide to provide to us.  We are also open to negotiating an appropriate protective order that includes an "attorneys' eyes only" provision, so long as it allows us to use that information in the litigation.

As we consider your specific proposals, we have a few questions.

First, on Saturday you wrote that you "believe that both the 1AA6 account and the 1j1d account are owned by the same person," but you "cannot give [Plaintiffs] the account holder's name due to confidentiality and privacy obligations."  Later in your email, however, you wrote that you "have confirmed with Bitfinex that the individual is not an employee or shareholder of any Bitfinex entity," which suggests that you have provided the individual's identity to Bitfinex.  Have you, in fact, provided the individual's name to Bitfinex, and if so, why are you able to share the person's name with Bitfinex but not with us?  Similarly, how did you arrive at your belief that the accounts "are owned by the same person" if Bittrex and Poloniex did not share the individual's name between themselves?

Second, can you please elaborate on the "confidentiality and privacy obligations" you say prevent you from simply sharing the account holder's name with us at this time, subject to a suitable protective order?  It appears, for example, that Poloniex's privacy policy allows disclosure of data where "necessary to . . . defend against claims."  (See https://poloniex.com/privacy/.) It is not clear to us why you believe early discovery requests would be necessary.

Third, we do not understand your claim that the various representations in your email, if true, would be "dispositive with respect to the allegations against Bittrex and Poloniex."  Even assuming the truth of Bitfinex's apparent representation to you that "the individual is not an employee or shareholder of any Bitfinex entity", it would not be reasonable to infer that Bitfinex did not control the accounts. Rather, it would be reasonable to infer from the circumstances, *e.g.*, Compl. ¶¶ 259-79, that Bitfinex did control the accounts with the cooperation or involvement of the account owner. It would be similarly reasonable to infer that Bittrex and Poloniex were aware of and participated in this scheme. We do not see how one could rebut these inferences without broader discovery, including for example production of the individual's account records; production of his or her communications with Bitfinex, Bittrex, and Poloniex; and a deposition of the individual. Do you have information that affirmatively establishes that this individual has no connection to Bitfinex of any kind (not simply representations that he or she was not a Bitfinex employee or shareholder, or that you are unaware of any such links)? If so, will you provide it to us?

We think it would be most productive to receive your responses to the above questions in writing.  Once we receive your responses, we are glad to meet and confer.

Best,

Andrew

---

**From:** Greg Hollon <GHollon@mcnaul.com>
**Sent:** Saturday, July 25, 2020 2:44 PM
**To:** Kyle Roche <kyle@rcfllp.com>; Caitlin Halligan <challigan@selendygay.com>; Andrew Dunlap <adunlap@selendygay.com>
**Cc:** Matthew Lindenbaum <matthew.lindenbaum@nelsonmullins.com>; Rob Lindholm <robert.lindholm@nelsonmullins.com>; Abby Rudzin <arudzin@omm.com>; William K. Pao <wpao@omm.com>; Timothy B. Fitzgerald <TFitzgerald@mcnaul.com>; Charles Wittmann-Todd <cwittmanntodd@mcnaul.com>; Lisa Nelson <LNelson@mcnaul.com>
**Subject:** In Re Tether Litigation

Counsel,

Thanks again for taking the time to talk with us regarding the Tether litigation and the allegations made against Bittrex and Poloniex.  The Amended Complaint is premised on the allegation that Bitfinex was using the 1AA6 account on the Bittrex exchange and the 1j1d account on the Poloniex exchange to deposit large sums of Tether onto the exchanges to fraudulently "pump" the cryptocurrency markets.  As we discussed on our call, Plaintiffs are wrong on this central premise, as indicated by the following:

- Bittrex can say with certainty that the 1AA6 account does not belong to Bitfinex or any entity associated with Bitfinex.  Instead, it belongs to an individual person.  We understand that Poloniex can say with certainty the same thing about the 1J1d account.
- We can further say that we believe that both the 1AA6 account and the 1j1d account are owned by the same person, and we are not aware of any link between that person and Bitfinex. Bitfinex has confirmed to us that one individual person (i.e., the same individual) requested the transfers of USDT to both the 1AA6 Bittrex deposit address and the 1j1d Poloniex deposit address.

3

- We understand that you are requesting documentation that would confirm the identity of the account holder. At this point, we cannot give you the account holder's name due to confidentiality and privacy obligations, but we are prepared to work through those issues with you and/or the Court, and understand the information will be discoverable should the case proceed. Once you have the identity of the account holder, we presume you will likewise be able to confirm that he does not appear to be associated with Bitfinex or any of the Bitfinex affiliates identified in the Amended Complaint. We have confirmed with Bitfinex that the individual is not an employee or shareholder of any Bitfinex entity.

Because the Amended Complaint is based on—and states repeatedly—the allegation that the 1AA6 and 1j1d accounts belong to Bitfinex, the fact that those accounts are not known to be associated with Bitfinex is dispositive with respect to the allegations against Bittrex and Poloniex. As I noted on the call, we do not know what good-faith basis Plaintiffs had for alleging that the 1AA6 or 1j1D accounts were Bitfinex accounts; if there is some evidence in Plaintiffs' possession establishing that Bitfinex owns the 1AA6 or 1j1D accounts, we would request that you provide it to us. Otherwise, we will have no choice but to assume that Plaintiffs' allegation is based on nothing but unfounded speculation.

Before bringing this issue before the Court, we wanted to give Plaintiffs the opportunity to dismiss the claims against Bittrex and Poloniex based on the actual facts. As I said in our call, we are not expecting Plaintiffs to take our word for it, and we are willing to respond to your request for documentation regarding the identity of the account holder in a way that allows Bittrex and Poloniex to comply with their privacy and confidentiality obligations. Here is our proposal:

1. The parties will ask the Court to enter a stipulated order for this initial exchange of discovery that would allow the responding party to designate information Attorneys' Eyes Only. We hope to have a draft of this to you by Monday.
2. The order would authorize Plaintiffs to serve the following limited discovery in advance of a Rule 26(f) conference: Plaintiffs will issue an RFP to Bittrex asking for "Documents sufficient to show the identity of the owner of the Bittrex account identified in Paragraph 206 of Plaintiff's Consolidated Class Action Complaint, referred to in the Consolidated Class Action Complaint as the '1AA6' USDT address" and an RFP to Poloniex asking for "Documents sufficient to show the identity of the owner of the Poloniex account identified in Paragraph 205 of the Consolidated Class Action Complaint, referred to in the Consolidated Class Action Complaint as the '1J1d' USDT address." The order would also authorize Bittrex and Poloniex to issue an RFP to Plaintiffs for "All Documents establishing or supporting Plaintiffs' good-faith basis for their allegation that the two USDT deposit addresses identified in Paragraphs 205 and 206 of Plaintiff's Consolidated Class Action Complaint belong to Bitfinex."
3. Promptly after the Court enters the order permitting the discovery and providing the confidentiality protection, Bittrex, Poloniex, and Plaintiffs will produce the documents requested.
4. Promptly after receiving the documents, Plaintiffs will notify Bittrex and Poloniex of whether Plaintiffs are willing, after seeing that information, to dismiss their claims against them.
5. The parties reserve all other rights, including any right to take additional discovery or to object to any additional discovery, including any argument that additional discovery should not be permitted until after resolution of Defendants' dispositive motions.

We think it makes sense to schedule a call to talk this through on Monday or Tuesday.  Please suggest some times your group would be available. Absent an agreement along the above lines, we will proceed with bringing to the Court's attention the serious factual inaccuracies we have identified in the Amended Complaint, and our position that those factual inaccuracies are fatal to the claims made against both exchanges.

We of course reserve all rights to seek any available and appropriate relief for having been brought into the litigation on the basis of the factually inaccurate allegations. We are hopeful we can avoid that, and instead work cooperatively to address the issues we have identified.

Regards, Greg



Gregor J. Hoorn, Attorney

T 206.467.1816 | F 206.624.5128 | C 206.295.6867
www.mcnaul.com | ghoorn@mcnaul.com