

One Battery Park Plaza  
34th Floor  
New York, NY 10004

wmhlaw.com  
T: 212-335-2030  
F: 212-335-2040

August 18, 2020

**VIA ECF and E-Mail**

Hon. Katherine Polk Failla  
U.S. District Court, S.D.N.Y.  
40 Foley Square, Room 2103  
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236-KPF (S.D.N.Y.)

Dear Judge Failla:

We represent Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether International Limited, Tether Limited, DigFinex Inc., Ludovicus Jan van der Velde, and Giancarlo Devasini (collectively, the "Tether Defendants").

We respectfully submit this letter to seek the Court's permission to file pages in excess of the page limits set by this Court with respect to the Tether Defendants' anticipated motion to dismiss the Consolidated Amended Complaint for failure to state a claim under Rule 12(b)(6). The Tether Defendants request up to 80 pages for their opening brief and up to 30 pages for their reply. Plaintiffs have not consented to this request, despite previously consenting to 60 pages for the Tether Defendants' anticipated motion to dismiss the Original Complaint, which (despite its own length) was still 60 pages and 280 paragraphs shorter than the Consolidated Amended Complaint.

We are mindful of the burdens on the Court of extending page lengths. We are also aware that in, for example, *Iowa Pub. Employees' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 17 Civ. 6221 and in *Wyche v. Advanced Drainage Systems, Inc.*, 15 Civ. 5955, the Court permitted 50-page briefs. We note some significant differences between those cases and this case that would warrant a lengthier brief here relative to that benchmark.

*Iowa* and *Wyche* each alleged two causes of action (*Iowa* asserted Sherman Act § 1 and unjust enrichment claims; *Wyche* asserted Rule 10-b(5) and control person liability claims). Here, Plaintiffs' 156-page, 593-paragraph Consolidated Amended Complaint alleges 12 causes of action, comprised of antitrust, RICO, Commodities Exchange Act, common law fraud, and N.Y. Gen. Bus. L. § 349 claims, allegedly spanning a time period from February 2015 to the present. While we believe basic pleading defects cut across certain claims (which we will address at the outset of our brief), we also believe there are other, significant pleading defects unique to each cause of action and its associated elements. In addition, for certain of our clients, we believe the claims sound in veil-piercing rather than substantive conduct. Accordingly, we respectfully submit that the additional pages requested are necessary to fairly address the breadth of issues set forth in the Consolidated Amended Complaint and are appropriate under the circumstances.

Should it be of further assistance to the Court, the Tether Defendants are available at the Court's convenience for a further conference. We thank the Court for its consideration.

Respectfully submitted,

*/s/ Jim Walden*

Jim Walden

cc: All counsel of record (via ECF)

---

The Court is in receipt of a request from a subset of Defendants (the "Tether Defendants") for leave to file briefs with excess pages in support of their anticipated motion to dismiss. (Dkt. #140). The Tether Defendants shall file a brief not to exceed 40 pages in support of their motion to dismiss, Plaintiffs may file a brief not to exceed 40 pages in opposition, and the Tether Defendants may file a brief not to exceed 25 pages in reply. The Court expects the parties to comply with the style and formatting requirements established by the Local Rules and Individual Rules of this Court, and the parties are not to engage in practices like changing margin or font sizes to squeeze additional text into the brief.

Dated:   August 19, 2020         SO ORDERED.
         New York, New York

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE