**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re Tether and Bitfinex Crypto Asset
Litigation

Case No.  1:19-cv-09236-KPF

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**REGINALD FOWLER'S MOTION TO DISMISS THE**
**<u>AMENDED CONSOLIDATED CLASS ACTION COMPLAINT</u>**

Dated:  September 3, 2020

Michael C. Hefter
Samuel Rackear
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
T:  212-918-3000

*Attorneys for Defendant Reginald Fowler*

# <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND...........................................................................................................2

ARGUMENT...................................................................................................................................3

    I.    THE CLASS ACTION COMPLAINT MUST BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER MR. FOWLER .............3

        A.    Standard Under Fed. R. Civ. P. 12(b)(2) ...................................................3

        B.    This Court Lacks Specific Jurisdiction Over Mr. Fowler Under 18 U.S.C. § 1965(a) .......................................................................................................3

        C.    This Court Lacks Specific Jurisdiction Over Mr. Fowler Under 18 U.S.C. § 1965(b).......................................................................................................5

        D.    This Court Lacks Jurisdiction Over Mr. Fowler Under the CPLR .............5

            1.    This Court Lacks General Jurisdiction Over Mr. Fowler Under C.P.L.R. § 301 ................................................................................5

            2.    This Court Lacks Personal Jurisdiction Over Mr. Fowler Under C.P.L.R. § 302(a) ...........................................................................6

                i.    New York C.P.L.R. § 302(a)(1)—Transacting Business in the State .......................................................................6

                ii.    New York C.P.L.R. § 302(a)(2)—Tortious Conduct Within the State .......................................................................8

                iii.    New York C.P.L.R. § 302(a)(3)—Tortious Conduct Without the State.............................................................10

        E.    The Court's Exercise of Personal Jurisdiction Over Mr. Fowler Would Violate Due Process ...............................................................................12

        F.    Federal Rule of Civil Procedure 4(k) Does Not Permit Jurisdiction Over Mr. Fowler .......................................................................................13

            1.    FRCP 4(k)(1)(a).............................................................................13

            2.    FRCP 4(k)(1)(c).............................................................................14

            3.    FRCP 4(k)(2) .................................................................................14

    II.    PLAINTIFFS FAIL TO STATE A PLAUSIBLE CLAIM AGAINST MR. FOWLER PURSUANT TO FED. R. CIV. P. 12(b)(6) .......................................14

        A.    Standard Under Fed. R. Civ. P. 12(b)(6) .................................................15

        B.    Plaintiffs Have Failed Adequately To Allege A Conspiracy to Monopolize in Violation of the Sherman Act Antitrust Action Section 2 Against Mr. Fowler (Count 3) .................................................................................15

ii

C.     Plaintiffs Have Failed Adequately To Allege an Agreement in Restraint of Trade in Violation of Sherman Antitrust Act Sections 1 and 3 Against Mr. Fowler (Count 4) ...................................................................................16

      1.    Plaintiffs Have Failed To State A Claim Against Mr. Fowler Under Sherman Antitrust Act Section 1 ....................................................16

      2.    Plaintiffs Have Failed to State a Claim Against Mr. Fowler Under Sherman Antitrust Act Section 3 ....................................................17

D.     Plaintiffs Have Failed to State a Claim Under 18 U.S.C. § 1962(c) (Count Eight) .......................................................................................................18

      1.    Plaintiffs Fail to Allege that Mr. Fowler's Purported Actions Caused Plaintiffs Alleged Injuries and Therefore Plaintiffs Lack Standing....................................................................................................18

      2.    Plaintiffs Fail to Allege that Mr. Fowler Conducted or Participated in the Enterprise's Affairs ..........................................................21

E.     Plaintiffs Have Failed to State A Claim Under 18 U.S.C. § 1962(d) (Count Ten)..........................................................................................................22

CONCLUSION.....................................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*,
No. 13 Civ. 981(PGG), 2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015) ............................5, 14

*AD/SAT, Div. of Skylight, Inc. v. Associated Press*,
181 F.3d 216 (2d Cir. 1999) .................................................................................................15

*AmTrust Fin. Servs. Inc. v. Lacchini*,
260 F. Supp. 3d 316 (2d Cir. 2017)........................................................................................3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .....................................................................................................15, 24

*Baisch v. Gallina*,
346 F.3d 366 (2d Cir. 2003) ...............................................................................................23

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .....................................................................................................15, 16

*Bensusan Rest. Corp. v. King*,
126 F.3d 25 (2d Cir. 1997) ................................................................................................ 8-9

*Best Cellars Inc. v. Grape Finds at Dupont, Inc.*,
90 F.Supp.2d 431 (S.D.N.Y. 2000)...................................................................................9, 10

*Best Van Lines, Inc. v. Walker*,
490 F.3d 239 (2d Cir. 2007) .................................................................................................7

*Boneta v. Rolex Watch USA, Inc.*,
232 F.Supp.3d 354 (S.D.N.Y. 2017).....................................................................................18

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
69 F.Supp.3d 342 (S.D.N.Y. 2014)....................................................................................5, 6

*Cruz v. FXDirectDealer, LLC*,
720 F.3d 115 (2d Cir. 2013) ...............................................................................................18

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ........................................................................................................5, 6

*Daniel v. Am. Bd. of Emergency Medicine*,
988 F.Supp. 127 (W.D.N.Y. 1997) .......................................................................................9

*Dart Drug Corp. v. Parke, Davis & Co.*,
    344 F.2d 173 (D.C. Cir. 1965) ........................................................................................17

*Democratic Nat'l Comm. v. Russian Fed'n*,
    392 F.Supp.3d 410 (S.D.N.Y. 2019) .......................................................................... 21, 22

*In re Elevator Antitrust Litig.*,
    502 F.3d 47 (2d Cir. 2007) ...........................................................................................17

*Elsevier Inc. v. W.H.P.R., Inc.*,
    692 F. Supp. 2d 297 (S.D.N.Y. 2010) ......................................................................... 5, 22

*Energy Brands Inc. v. Spiritual Brands, Inc.*,
    571 F.Supp.2d 458 (S.D.N.Y. 2008) ...........................................................................10

*Gates v. Wilkinson*,
    No. 01 Civ.3145 GBD, 2003 WL 21297296 (S.D.N.Y. June 4, 2003) .................................4

*Goodyear Dunlop Ties Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) .................................................................................................. 5-6

*Hecht v. Commerce Clearing House, Inc.*,
    897 F.2d 21 (2d Cir. 1990) ................................................................................... 18, 23-24

*Hemi Grp., LLC v. City of N.Y., N.Y.*,
    559 U.S. 1 (2010) ................................................................................................... 18, 21

*Int'l Shoe Co. v. Washington*,
    321 U.S. 310 (1945) ...................................................................................................13

*Johnson v. Ward*,
    4 N.Y.3d 516 (N.Y. 2005) .............................................................................................7

*Lawson v. Full Tilt Poker Ltd.*,
    930 F.Supp.2d 476 (S.D.N.Y. 2013) ......................................................................*passim*

*Leung v. Law*,
    387 F. Supp. 2d 105 (E.D.N.Y. 2005) ...........................................................................18

*Liang v. City of N.Y.*,
    No. 10-CV-3089 (ENV)(VVP), 2013 WL 5366394 (E.D.N.Y. Sept. 24, 2013) ...................23

*Madison Capital Mkts., LLC v. Starneth Europe B.V.*,
    No. 15-cv-7213, 2016 WL 4484251 (S.D.N.Y. Aug. 23, 2016) ...........................................11

*Maric v. St. Agnes Hosp. Corp.*,
    65 F.3d 310 (2d Cir. 1995) ...........................................................................................16

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
   609 F.3d 30 (2d Cir. 2010) ........................................................................................ 11, 12

*Picard v. Kohn*,
   907 F. Supp. 2d 392 (S.D.N.Y. 2012) .............................................................. 18, 19, 20, 21

*Pincione v. D'Alfonso*,
   No. 10 Civ. 3618(PAC), 2011 WL 4089885 (S.D.N.Y. Sept. 13, 2011), *aff'd*,
   506 F. App'x 22 (2d Cir. 2012) .............................................................................. 3, 4, 7

*Reich v. Lopez*,
   38 F.Supp.3d 436 (S.D.N.Y. 2014) .................................................................................. 6, 8

*Reich v. Lopez*,
   858 F.3d 55 (2d Cir. 2017) ............................................................................................ 6

*Reves v. Ernst & Young*,
   507 U.S. 170 (1993) ..................................................................................................21-22

*Sanchez v. Asa Coll., Inc.*,
   No. 14-CV-5006 (JMF), 2015 WL 3540836 (S.D.N.Y. June 5, 2015) ............................22-23

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
   750 F.3d 221 (2d Cir. 2014) ............................................................................................ 6

*Sullivan v. Barclays PLC*,
   13-cv-2811 (PKC), 2017 WL 685570 (S.D.N.Y. Feb. 21, 2017) ..........................................12

*TechReserves Inc. v. Delta Controls Inc.*,
   No. 13 Civ. 752 (GBD), 2014 WL 1325914 (S.D.N.Y. Mar. 31, 2014) ................................16

*In re Terrorist Attacks on Sept. 11, 2001*,
   714 F.3d 659 (2d Cir. 2013) ............................................................................................ 3

*Waldman v Palestine Liberation Org.*,
   835 F.3d 317 (2d Cir. 2016) ..........................................................................................12

*Welch Foods, Inc. v. Duane Packer & Food Express, Inc.*,
   No. 93-cv-0811, 1994 WL 665399 (W.D.N.Y. Nov. 22, 1994) ........................................ 4-5

*Whitaker v. Am Telecasting, Inc.*,
   261 F.3d 196 (2d Cir. 2001) ..........................................................................................11

*Worldwide Directories, S.A. De C.V. v. Yahoo! Inc.*,
   No. 14-cv-7349 (AJN), 2016 WL 1298987 (S.D.N.Y. Mar. 31, 2016) ................................18

**Statutes**

15 U.S.C. § 22.................................................................................................................4

18 U.S.C. § 1344 ...................................................................................................20

18 U.S.C. § 1960 ...................................................................................................20

18 U.S.C. § 1962 ...................................................................................................17

18 U.S.C. § 1962(c) ..........................................................................................*passim*

18 U.S.C. § 1962(d) ............................................................................... 9, 14, 22, 23

18 U.S.C. § 1965 ...................................................................................................13

18 U.S.C. § 1965(a) ...........................................................................................3, 4

18 U.S.C. § 1965(b) ...............................................................................................5

Sherman Antitrust Act Section 2 ................................................................. 14, 15

Sherman Antitrust Act Section 1 ........................................................ 14, 15, 16, 17

Sherman Antitrust Act Section 3 ........................................................... 14, 15, 17

**Other Authorities**

C.P.L.R. § 301 ..................................................................................................5, 6

C.P.L.R. § 302(a) ............................................................................................6, 13

C.P.L.R. § 302(a)(1) ..............................................................................................6

C.P.L.R. § 302(a)(2) ..............................................................................................8

C.P.L.R. § 302(a)(3) .........................................................................................10, 11

Fed. R. Civ. P. 12(b)(2) .....................................................................................1, 3

Fed. R. Civ. P. 12(b)(6) ..............................................................................1, 14, 15

FRCP 4(k) .........................................................................................................1, 13

FRCP 4(k)(1)(a) ...................................................................................................13

FRCP 4(k)(1)(c) ...................................................................................................14

FRCP 4(k)(2) ........................................................................................................14

Defendant Reginald Fowler ("Mr. Fowler") respectfully submits this Memorandum of Law in support of his Motion to Dismiss the Amended Consolidated Class Action Complaint (the "Class Action Complaint," "Complaint" or "CAC") filed by Matthew Script, Benjamin Leibowitz, Jason Leibowitz, Aaron Leibowitz, and Pinchas Goldstein (collectively, "Plaintiffs") on behalf of all others similarly situated pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## PRELIMINARY STATEMENT

Despite the prolix nature of the Class Action Complaint, Plaintiffs fail both to set forth grounds through which this Court may exercise jurisdiction over Mr. Fowler and to allege facts sufficient to state a claim against him.  As a result, the Court should dismiss the Class Action Complaint as it pertains to Mr. Fowler in its entirety.  In a complaint that contains 593 paragraphs in 156 pages, Mr. Fowler is mentioned peripherally and in the paragraphs that identify him, the allegations against him are pled in the most conclusory fashion.[1]  And, in some cases, those allegations are plainly untrue.  Even accepting the allegations of the Complaint as true, however, the Complaint against Mr. Fowler should be dismissed for the following reasons.

First, the Court does not have personal jurisdiction over Mr. Fowler, an individual who resides in Arizona, under either the New York long-arm statute or Federal Rule of Civil Procedure 4(k).  Further, application of personal jurisdiction over Mr. Fowler would offend traditional notions of due process given his lack of contacts with the forum.  Mr. Fowler does not reside in New York, does not own property in the State, and does not do business here.  None of the allegations in the Class Action Complaint provide the Court with a sufficient basis to exercise jurisdiction over Mr. Fowler

---

[1] In the Amended Consolidated Class Action Complaint, Plaintiffs make reference to a criminal matter involving Mr. Fowler in the Southern District of New York, *United States v. Fowler*, No. 19 Cr. 254.  That matter is currently pending and facts related to it remain in dispute.

Second, as detailed below, all four of the causes of action pleaded against Mr. Fowler fail to state a claim a claim upon which relief can be granted, and should thereby be dismissed. Plaintiffs' attempt to cloak the insufficient factual content available to make out a claim against Mr. Fowler with conclusory allegations, legal conclusions couched as factual allegations, and mere opinions is not only transparent, but insufficient to survive a motion to dismiss.

## FACTUAL BACKGROUND

Plaintiffs are five individuals who purportedly purchased crypto-commodities who allege economic losses and actual damages related to their purchases of said crypto-commodities.

Defendant Mr. Reginald Fowler is a resident of Arizona.  Mr. Fowler has never been a resident of or domiciled in New York.  He has never worked in New York, nor does he maintain business contacts or transact business in the State.

Plaintiffs attempt to portray Mr. Fowler as a knowing participant in a vast antitrust and RICO scheme.  However, stripped to its essentials, the allegations against Mr. Fowler are wholly disconnected from Plaintiffs' legal theories and claims for relief.

There is no allegation that Mr. Fowler ever met or communicated with any of the co-defendants or their representatives.  The Complaint is wholly devoid of any facts demonstrating that Mr. Fowler had any knowledge of, or participated in, any alleged attempts by anyone to inflate the price of crypto-commodities, or engage in manipulative purchases, issuances, or transfers of crypto-commodities, or any activities related thereto.  Indeed, the facts as pled fail to satisfy each of the elements of the causes of action pled against him.  For the following reasons, the motion to dismiss should be granted vis-à-vis Mr. Fowler.

## ARGUMENT

I. **THE CLASS ACTION COMPLAINT MUST BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER MR. FOWLER**

### A. Standard Under Fed. R. Civ. P. 12(b)(2)

The facts alleged in the Class Action Complaint are insufficient for the Court to assert general or specific personal jurisdiction over Mr. Fowler under any statute, or to satisfy the due process requirements under the U.S. Constitution.  Plaintiffs bear the burden of establishing personal jurisdiction over Mr. Fowler and "must make a *prima facie* showing that jurisdiction exists."  *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013).

The Second Circuit applies a two-step analysis: (i) whether the "defendant is subject to the general jurisdiction of a court of the state in which the federal court sits" or whether there is a statutory basis for the exercise of "specific" personal jurisdiction; and (ii) if so, whether the exercise of personal jurisdiction over the defendant is consistent with due process under the Constitution.  *AmTrust Fin. Servs. Inc. v. Lacchini*, 260 F. Supp. 3d 316, 326-27 (2d Cir. 2017).  Because Plaintiffs have not (and cannot) satisfy either step, this Court should decline to exercise personal jurisdiction over Mr. Fowler.

### B. This Court Lacks Specific Jurisdiction Over Mr. Fowler Under 18 U.S.C. § 1965(a)

Personal jurisdiction under RICO is typically governed by 18 U.S.C. § 1965 (a), which states that: "[a]ny civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."  *See Pincione v. D'Alfonso*, No. 10 Civ. 3618(PAC), 2011 WL 4089885, at *4-5 (S.D.N.Y. Sept. 13, 2011), *aff'd*, 506 F. App'x 22, 24 (2d Cir. 2012).  Mr. Fowler does not reside in nor can he be found in New York.  *See* CAC ¶ 41.  The Class Action Complaint does not allege that Mr. Fowler had an agent in New York, nor can

anything in the Class Action Complaint be read to support such an inference that Mr. Fowler is subject to jurisdiction in the Southern District of New York.

Plaintiffs also fail to allege adequately that Mr. Fowler "transacts his affairs" in New York. Courts in this Circuit have interpreted the RICO statute's "transacts his affairs" language to be synonymous with the Clayton Act's requirement that a party "transact[] business in the venue." 15 U.S.C. § 22; *Gates v. Wilkinson*, No. 01 Civ.3145 GBD, 2003 WL 21297296, at *2 (S.D.N.Y. June 4, 2003). Under this definition, the business is required to be substantial in character. There must be "some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district." *Gates*, 2003 WL 21297296, at *1; *Pincione*, 506 F. App'x at 24. The Class Action Complaint alleges no conduct in New York by Mr. Fowler other than a vague allegation that Mr. Fowler "opened" a bank account in New York and provided false information with respect to the opening of said bank account. Further, the allegation that Mr. Fowler "opened" a bank account in New York is vague and unsubstantiated in and of itself. Even if true, activity of this nature does not rise to the level of "business continuity" required to constitute Mr. Fowler "transact[ing] his affairs" in New York for him to be subject to jurisdiction under 18 U.S.C. § 1965(a).[2]

Critically, the jurisdictional requirements of Section 1965(a) are time dependent. It is not sufficient that a defendant had, at some point in time, allegedly transacted affairs in the district. The defendant must "transact[] his affairs in the district at the time the complaint is filed." *Gates*, 2003 WL 21297296, at *2; *see Welch Foods, Inc. v. Duane Packer & Food Express, Inc.*, No. 93-cv-0811, 1994 WL 665399, at *3 (W.D.N.Y. Nov. 22, 1994) (finding that the statutory language and case law interpreting Section 1965(a) requires that the defendant be "transacting

---

[2] Plaintiffs' citation to Mr. Fowler's indictment, and the criminal prosecution in the Southern District of New York, does not change the jurisdictional analysis under F.R.C.P 12(b)(6).

his affairs in the district…on the day the complaint is filed" in order to confer jurisdiction).  The Class Action Complaint alleges no conduct through which Mr. Fowler transacted his affairs in New York other than an allegation that Mr. Fowler "opened" a HSBC bank account in New York on behalf of Crypto Capital.  *See, e.g.*, CAC ¶ 359.  There is no allegation that the bank account was open at the time of the filing of the Complaint, or that it was still active.  Therefore, even if the allegation regarding the HSBC bank account is true, it is insufficient to confer jurisdiction over Mr. Fowler.

### C.  This Court Lacks Specific Jurisdiction Over Mr. Fowler Under 18 U.S.C. § 1965(b)

Section 1965(b) authorizes nationwide jurisdiction over parties that do not reside in the District only in instances "in which it is shown that the ends of justice require."  18 U.S.C. § 1965(b).  However, it is well-established that where a RICO claim is dismissed, a court cannot rely on "ends of justice" jurisdiction under Section 1965(b) to establish jurisdiction over a defendant.  *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F.Supp.3d 342, 352 (S.D.N.Y. 2014); *7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, No. 13 Civ. 981(PGG), 2015 WL 1514539, at *7 n.2 (S.D.N.Y. Mar. 31, 2015); *Elsevier Inc. v. W.H.P.R., Inc.*, 692 F. Supp. 2d 297, 315 (S.D.N.Y. 2010).  Because, as is discussed in Sections II.D.1-2, Plaintiffs fail to plead a plausible RICO claim against Mr. Fowler, Section 1965(b) is inapplicable.

### D.  This Court Lacks Jurisdiction Over Mr. Fowler Under the CPLR

#### 1.  This Court Lacks General Jurisdiction Over Mr. Fowler Under C.P.L.R. § 301

The Class Action Complaint fails to assert any facts to support general jurisdiction over Mr. Fowler.  There are "a limited set of affiliations with a forum [that] will render a defendant amenable to all-purpose jurisdiction there."  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's

domicile." *Goodyear Dunlop Ties Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).  "Only on truly 'exceptional' occasions may general jurisdiction extend over individuals who are 'at home' in a state that is not otherwise their domicile."  *Reich v. Lopez,* 38 F.Supp.3d 436, 455 (S.D.N.Y. 2014) (citing *Daimler AG*, 571 U.S. at 139 n.19).

Courts have consistently construed C.P.L.R. § 301 in accordance with *Daimler*.  *See Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224-25 (2d Cir. 2014) (explaining that the scope of C.P.L.R. § 301 is subject to the Supreme Court's decision in *Daimler*); *Reich v. Lopez*, 858 F.3d 55, 62-63 (2d Cir. 2017) (stating that the court's exercise of general jurisdiction under Section 301 "must comport with constitutional due process principles" including those laid out in *Daimler*).

Mr. Fowler, as is readily acknowledged in the Class Action Complaint, is domiciled in Arizona.  CAC ¶ 41.  Further, the facts plainly do not give rise to the type of "exceptional" circumstance contemplated by *Daimler* where general jurisdiction may potentially be exerted over a non-domiciliary.  There are no facts pled, or facts in existence, that could render Mr. Fowler "at home" in New York and he is thereby not subject to the general jurisdiction of its courts.  *Sonera Holding B.V. v. Cukurova Holding A.S.,* 750 F.3d 221, 225 (2d Cir. 2014); *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F.Supp.3d 342, 350 (S.D.N.Y. 2014).

### 2.  This Court Lacks Personal Jurisdiction Over Mr. Fowler Under C.P.L.R. § 302(a)

Plaintiffs have also failed to make a *prima facie* showing of personal jurisdiction under New York's long-arm statute, C.P.L.R. § 302(a).

#### i.  New York C.P.L.R. § 302(a)(1)—Transacting Business in the State

To determine whether jurisdiction exists under Section 302(a)(1), the Court must decide

"(1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action aris[es] from such a business transaction." *Lawson v. Full Tilt Poker Ltd.*, 930 F.Supp.2d 476, 483 (S.D.N.Y. 2013). "Court looks to the totality of the defendant's activities in the forum to determine whether a defendant has transact[ed] business in such a way that it constitutes purposeful activity satisfying the first part of the test." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (internal citations and quotations omitted). "If either prong of the statute is not met, jurisdiction cannot be conferred under CPRL 302(a)(1)." *Johnson v. Ward*, 4 N.Y.3d 516, 519 (N.Y. 2005).

To determine the first prong, whether a defendant transacts business in New York to a sufficient degree to confer jurisdiction over a non-domiciliary defendant, courts examine the totality of the defendant's conduct and activities in New York, including whether the defendant "has an ongoing contractual relationship with a New York corporation,…whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant…visited New York for the purposes of meeting with parties to the contract regarding the relationship." *Pincione*, 506 F. App'x at 24-25; *Best Van Lines*, 490 F.3d. at 246 (explaining that the focus of the inquiry is whether the defendant purposely availed himself of the privilege of conducting activities within the forum State). The only business activity Mr. Fowler is alleged to have transacted in New York is the opening of a singular bank account in the State. Even if true, a short-lived, singular bank account cannot be perceived as constituting an "ongoing contractual relationship with a New York corporation" as is required. Further, there are no allegations in the Class Action Complaint that Mr. Fowler negotiated or executed the contract in New York, or that he visited New York regarding the relationship.

Plaintiffs equally fail to satisfy the second prong.  A cause of action "arises out of" a business transaction when there is "an articulable nexus, or a substantial relationship between the claim asserted and the actions that occurred in New York."  *Lawson*, 930 F.Supp.2d at 483 (citing *Henderson v. INS*, 157 F.3d 106, 123 (2d Cir. 1998).  Importantly, "[t]he 'arising out of' requirement for personal jurisdiction under § 302(a)(1) is not the same as merely being indirectly 'related to' the transacted business."  *See Reich*, 38 F.Supp.3d at 458 (S.D.N.Y. 2014) (finding "mere involvement" in a "multi-pronged" strategy to be "too attenuated" of a relationship between transacted business and a cause of action to give rise to specific jurisdiction).

Plaintiffs' causes of action do *not* arise from Mr. Fowler's purported opening of a bank account in New York that was allegedly allowed for use by Bitfinex and its customers.  CAC ¶ 359.  Rather, Plaintiffs' causes of action purport to arise from the alleged manipulative purchases, issuances, and transfers of crypto-commodities allegedly carried out by other co-defendants.

Here, the Court lacks jurisdiction over Mr. Fowler under Section 302(a)(1) because his conduct does not rise to the level required to constitute purposely availing himself of the privileges and responsibility of business in New York and because the causes of action do not arise from the inappreciable business activity allegedly conducted in the State.

      **ii.**    **New York C.P.L.R. § 302(a)(2)—Tortious Conduct Within the State**

Pursuant to C.P.L.R. § 302(a)(2), a court may exercise specific jurisdiction over a defendant who "commits a tortious act *within* the state."  N.Y. C.P.L.R. § 302(a)(2).  Critically, Section 302(a)(2) only reaches "tortious acts performed by a defendant who was physically present in New York when he committed the wrongful act."  *Bensusan Rest. Corp. v. King*, 126

F.3d 25, 28 (2d Cir. 1997).  There is no fact alleged that Mr. Fowler committed a tortious act while he was present in the State of New York.

New York courts have permitted out-of-state defendants, in certain instances, to be subject to jurisdiction under Section 302(a)(2) for acts committed by their co-conspirators.  "To establish jurisdiction under Section 302(a)(2) on the basis of conspiratorial acts, Plaintiffs must make a factual showing of a conspiracy by a preponderance of the evidence, and allege specific facts warranting the inference that each defendant was a member of the conspiracy."  *Daniel v. Am. Bd. of Emergency Medicine*, 988 F.Supp. 127, 230 (W.D.N.Y. 1997).  However, it is "also settled" that existence of a civil conspiracy does "not qualify as an independent tort in New York for jurisdictional purposes under New York law" and that, to sustain jurisdiction under Section 302(a)(2), the underlying tortious act must have occurred.  *Id.*  at 231.  Jurisdiction over Mr. Fowler in accordance with the above fails because both the conspiracy claim and the underlying tort to which the conspiracy claim applies both fail as a matter of law.  *See* Sections II.D-E.  As is set forth in Sections II.D-E, there is no underlying claim against Mr. Fowler under 18 U.S.C. § 1962(c) and, for that reason and others, no corresponding conspiracy claim against Mr. Fowler exists under 18 U.S.C. § 1962(d).

An attempt to bring Mr. Fowler under Section 302(a)(2) fails for additional reasons.  In order to establish jurisdiction over an out-of-state defendant based on the acts of alleged co-conspirators, a plaintiff must show that: "(a) the defendant had an awareness of the effects in New York of its activity; (b) the activity of the co-conspirators was to the benefit of the out-of-state conspirators; and (c) the co-conspirators acting in New York acted at the direction or under the control, or at the request of or on behalf of the out-of-state defendant."  *Best Cellars Inc. v. Grape Finds at Dupont, Inc.*, 90 F.Supp.2d 431, 446 (S.D.N.Y. 2000) (internal quotations

omitted).  No facts are plausibly alleged in the Class Action Complaint from which the Court may infer that Mr. Fowler's supposed co-conspirators in New York were acting either at his direction, under his control, at his request, or on his behalf, nor are any facts alleged from which the Court may infer that Mr. Fowler had an awareness of the effects in New York of the activities of his purported co-conspirators, given that there are no allegations that he was aware of any alleged scheme to manipulate the prices of crypto-currencies or to monopolize the market for crypto-currencies.  *See* Sections II.D.2 and II.E, respectively.  For these additional reasons, the attempt by Plaintiffs to bring Mr. Fowler under the Court's jurisdiction through Section 302(a)(2) similarly fails.

### iii.   New York C.P.L.R. § 302(a)(3)—Tortious Conduct Without the State

Section 302(a)(3) requires the commission of a tortious act outside New York that causes injury within the State.  *Best Cellars Inc.*, 90 F.Supp.2d at 448.  To establish jurisdiction under this section, one of the many requirements is that a cause of action arose from the tortious act. *Lawson*, 930 F.Supp.2d at 484 (S.D.N.Y. 2013).  "In order to meet this element of the jurisdictional test, the out of state act must be so close to the injury that reasonable people would regard it as a cause of the injury."  *Id.* (internal quotations omitted); *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F.Supp.2d 458, 467 (S.D.N.Y. 2008) (explaining that to satisfy the tortious act requirement, "the out-of-state act must be the *proximate cause* of the injury in New York...") (emphasis added).

Mr. Fowler is not subject to the Court's jurisdiction under Section 302(a)(3) because his alleged actions did not cause injury to the Plaintiffs.  As is discussed in Section II.D.1, even accepting Plaintiffs' allegations as true, the cause of Plaintiffs' injuries was the alleged manipulative purchases of crypto-commodities by Bitfinex and Tether.  The Class Action

Complaint fails to allege any tortious acts committed by Mr. Fowler that proximately caused Plaintiffs' claimed injuries. For that simple reason alone, Mr. Fowler is not subject to the Court's jurisdiction under Section 302(a)(3).

In the unlikely event that the Court were to find an alleged action of Mr. Fowler to have proximately caused injury to Plaintiffs, the fact that Plaintiffs are suffering financial consequences in New York is insufficient to confer jurisdiction under Section 302(a)(3). "In determining whether there is injury in New York sufficient to warrant the imposition of § 302(a)(3) jurisdiction, courts apply a 'situs-of-injury test, which asks them to locate the original event which caused the injury.'" *Madison Capital Mkts., LLC v. Starneth Europe B.V.*, No. 15-cv-7213, 2016 WL 4484251, at *5 (S.D.N.Y. Aug. 23, 2016) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999)). "The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside of New York." *Whitaker v. Am Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001); *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 38 (2d Cir. 2010) ("It is settled New York law that the suffering of economic damages in New York is insufficient, alone, to establish a 'direct' injury in New York for N.Y. C.P.L.R. § 302(a)(3) purposes.").

Mr. Fowler is domiciled in Arizona. The co-defendants with whom Mr. Fowler is accused of primarily interacting are incorporated in or citizens of either the British Virgin Islands or Hong Kong. As a result, it cannot be that any "critical events associated with the dispute" that involve Mr. Fowler may have taken place in New York, as is required to satisfy the situs-of-injury test and justify jurisdiction. *Penguin Grp. (USA) Inc.*, 609 F.3d 30 at 38-39. The fact that

purported resultant damages are felt by Plaintiffs in New York is insufficient to confer jurisdiction. *Id.* at 38.

### E.  The Court's Exercise of Personal Jurisdiction Over Mr. Fowler Would Violate Due Process

There are "two parts to the due process test for personal jurisdiction … the 'minimum contacts' inquiry and the 'reasonableness' inquiry." *Waldman v Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016).  "The minimum contacts inquiry requires that the court determine whether a defendant has sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction over the defendant." *Id.*  "The reasonableness inquiry requires the court to determine whether the assertion of personal jurisdiction over the defendant comports with 'traditional notions of fair play and substantial justice' under the circumstances of the particular case." *Id*. (quoting *Daimler*, 571 U.S. at 126).

In order for a court to exercise jurisdiction over a defendant consistent with due process, the suit-related conduct of the defendant "must create a substantial connection with the forum state." *Waldman*, 835 F.3d at 335; *Sullivan v. Barclays PLC*, 13-cv-2811 (PKC), 2017 WL 685570, at *43 (S.D.N.Y. Feb. 21, 2017).  Further, the conduct that creates that substantial connection "must arise out of contacts that the defendant himself creates with the forum." *Sullivan*, 2017 WL 685570, at *3 (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985). The court's analysis is directed to the defendant's contacts with the forum itself, and the "activities of plaintiffs or third parties alone will not confer jurisdiction."  *Sullivan*, 2017 WL 685570, at *3.  There is precious little in the Class Action Complaint demonstrating any connection between Mr. Fowler's alleged suit-related conduct and New York.  The only conduct of Mr. Fowler's through which the Court may infer that he had contact with the forum state is his alleged opening of a singular bank account in New York.  Tellingly, the Complaint is devoid of

even a single fact regarding how this alleged action may have created a connection between New York and Mr. Fowler or how the alleged opening of the account relates to the alleged injuries suffered by Plaintiffs as a result of the antitrust and RICO scheme as pled.

Even if the allegations concerning the HSBC bank account are true, Mr. Fowler does not transact any business in New York and has no meaningful contacts with the State. The facts pled can in no way be justified as creating a "substantial connection" with the forum state sufficient to grant the Court jurisdiction over Mr. Fowler. For Plaintiffs to attempt to drag Mr. Fowler before this court for his alleged contacts with the forum — as minimal as they are — would be contrary to the notions of fair play and substantial justice and would violate the Due Process Clause of the Fourteenth Amendment. *Int'l Shoe Co. v. Washington*, 321 U.S. 310, 316 (1945).

### F. Federal Rule of Civil Procedure 4(k) Does Not Permit Jurisdiction Over Mr. Fowler

Plaintiffs allege that they have personal jurisdiction over Mr. Fowler pursuant to Federal Rule of Civil Procedure 4(k). There are three sub-paragraphs of FRCP 4(k) that Plaintiffs would presumably argue are relevant here, all of which, however, are wholly unable to grant this Court jurisdiction over Mr. Fowler, the reasons of which have been described at length in the preceding paragraphs.

#### 1. FRCP 4(k)(1)(a)

Rule 4(k)(1)(a) grants the Court jurisdiction over any defendant reached by New York's long-arm statute: N.Y. C.P.L.R. § 302(a). *Lawson*, 930 F.Supp.2d at 482. Plaintiffs have failed to make a *prima facie* showing of personal jurisdiction under New York's long-arm statute. *See* Sections I.D.2.(i)-(iii). As a result, Plaintiffs do not have personal jurisdiction over Mr. Fowler pursuant to FRCP 4(k)(1)(a).

### 2.  FRCP 4(k)(1)(c)

Rule 4(k)(1)(c) grants jurisdiction when it is authorized by federal statute.  Plaintiffs

attempt to justify jurisdiction over Mr. Fowler under RICO's jurisdictional provision: 18 U.S.C.

§ 1965.  For the reasons stated in Sections I.B-C, that attempt fails.

### 3.  FRCP 4(k)(2)

Under Rule 4(k)(2), the Court may exercise jurisdiction only if the defendant is not

subject to jurisdiction in any state's court of general jurisdiction and exercising jurisdiction

comports with due process.  *7 W. 57th St. Realty Co., LLC*, 2015 WL 1514539, at *13 (denying

the application of Rule 4(k)(2) because Plaintiffs did not certify that the defendant was not

subject to jurisdiction in any other state).  The fallacy of Plaintiffs claiming jurisdiction over Mr.

Fowler under Rule 4(k)(2) is two-fold.  First, Mr. Fowler, is a resident of Arizona and thereby

subject to the general jurisdiction of courts within that State.  Second, as discussed in Section I.E,

exercising personal jurisdiction over Mr. Fowler in New York would violate due process.

## II.  PLAINTIFFS FAIL TO STATE A PLAUSIBLE CLAIM AGAINST MR. FOWLER PURSUANT TO FED. R. CIV. P. 12(b)(6)

On its face, the Class Action Complaint alleges the following four causes of action

against Mr. Fowler:

- <u>Third Cause of Action</u>:  Conspiracy to Monopolize - Sherman Act Antitrust Action Section 2

- <u>Fourth Cause of Action</u>:  Agreement in Restraint of Trade - Sherman Antitrust Act Sections 1 and 3

- <u>Eight Cause of Action</u>:  RICO 18 U.S.C. § 1962(c)

- <u>Tenth Cause of Action</u>:  RICO 18 U.S.C. § 1962(d)

All four of the causes of action pled against Mr. Fowler should be dismissed because none

state a claim upon which relief can be granted.

### A.   Standard Under Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Plaintiffs must plead enough facts "to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility "when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (emphasis added).  This requires more than a "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, or the restating of legal conclusions couched as factual allegations, *Iqbal*, 556 U.S. at 678.

### B.   Plaintiffs Have Failed Adequately To Allege A Plausible Conspiracy to Monopolize in Violation of the Sherman Act Antitrust Action Section 2 Against Mr. Fowler (Count 3)

Plaintiffs have not adequately alleged a conspiracy to monopolize claim against Mr. Fowler.  To state a claim for conspiracy to monopolize under Section 2 of the Sherman Act, a plaintiff must show: "(1) proof of a concerted action deliberately entered into with the specific intent to achieve an unlawful monopoly, and (2) the commission of an overt act in furtherance of the conspiracy."  *AD/SAT, Div. of Skylight, Inc. v. Associated Press*, 181 F.3d 216, 233 (2d Cir. 1999).

This claim against Mr. Fowler must be dismissed because the Class Action Complaint alleges no facts supporting the assertion that Mr. Fowler had the "specific intent" to enter into an unlawful monopoly with the co-defendants in a purported effort to monopolize the market for crypto-commodities.  Plaintiffs clump all of the Defendants together and plead that "Defendants took [alleged actions] with the specific intent to obtain market power over the market for crypto-commodities."  CAC ¶ 414.  Plaintiffs offer no more than this mere general, conclusory

statement as to Defendants' specific intent as a group to allegedly enter into an unlawful monopoly. There are no factual allegations regarding Mr. Fowler's specific intent. Statements of this type do not rise to the requisite level to support a plausible claim, and therefore, Count Three against Mr. Fowler should be dismissed. *TechReserves Inc. v. Delta Controls Inc.*, No. 13 Civ. 752 (GBD), 2014 WL 1325914, at *9 (S.D.N.Y. Mar. 31, 2014) ("Because Plaintiff has pled no facts—only general statements—to support an allegation of Defendants' intent to monopolize, Plaintiff's conspiracy to monopolize claim fails…."); *Twombly*, 550 U.S. at 555 (explaining that courts are not bound to accept as true a legal conclusion that is couched as a factual allegation on a motion to dismiss).

### C. Plaintiffs Have Failed Adequately To Allege A Plausible Agreement in Restraint of Trade in Violation of Sherman Antitrust Act Sections 1 and 3 Against Mr. Fowler (Count 4)

#### 1. Plaintiffs Have Failed To State A Claim Against Mr. Fowler Under Sherman Antitrust Act Section 1

In order to establish a claim under Section 1, the Plaintiffs must show: "(1) a contract, combination, or conspiracy; (2) in restraint of trade; (3) affecting interstate commerce." *Maric v. St. Agnes Hosp. Corp.*, 65 F.3d 310, 313 (2d Cir. 1995). Plaintiffs' Class Action Complaint fails adequately to allege any underlying agreement in restraint of trade. As supposed evidence of an underlying agreement in restraint of trade, Plaintiffs offer the opinion that Mr. Fowler and others "would not have undertaken these serious risks [such as the alleged opening of accounts under false pretenses and creating shell companies] unless they expected to be rewarded from the proceeds of the overall scheme." CAC ¶ 427. This conclusory allegation, that such conduct must have been the product of an underlying agreement, does not plead an agreement sufficient for a Section 1 claim. *Twombly*, 550 U.S. at 557 ("a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality").

"To survive a motion to dismiss under *Twombly*, it is not enough to make allegations of an antitrust conspiracy that are consistent with an unlawful agreement; to be viable, a complaint must contain enough factual matter (taken as true) to suggest that an agreement to engage in anticompetitive conduct was made." *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). The Class Action Complaint fails to set forth sufficient factual allegations to support a plausible inference that an agreement to restrain trade existed in the first place between Mr. Fowler and the co-defendants. Rather than plead facts sufficient to state a plausible claim that Mr. Fowler entered into an agreement in restraint of trade with the co-defendants, Plaintiffs attempt to make up for the dearth of factual allegations by inserting their opinion into the Complaint under the false hope that it could pass as "enough factual matter" to viably suggest an agreement had been made. In Plaintiffs' opinion, Mr. Fowler would not have taken the actions Plaintiffs allege had there not been an underlying agreement in restraint of trade. *See* CAC ¶ 427. Plaintiffs' conjecture as to a supposed agreement does not constitute fact. This tactic should not pass muster, and the claim should thereby be dismissed.

### 2. Plaintiffs Have Failed to State a Claim Against Mr. Fowler Under Sherman Antitrust Act Section 3

Section 3 of the Sherman Act parallels Section 1, except for the fact that it applies to commerce in or with the District of Columbia or in or with a territory of the United States. Accordingly, the arguments set forth in Section II.C.1 above apply with equal force to both the Section 1 and Section 3 claims. *Dart Drug Corp. v. Parke, Davis & Co.*, 344 F.2d 173, 174 n.1 (D.C. Cir. 1965) ("Section 3 is, in terms of the substantive offense defined therein, an exact counterpart of Section 1, made expressly applicable to the Territories and the District of Columbia.") Therefore, the Section 3 claim of Count Four must, as its Section 1 counterpart, be dismissed.

### D.  Plaintiffs Have Failed to State a Claim Under 18 U.S.C. § 1962(c) (Count Eight)

"To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18

U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the

violation of Section 1962."  *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013).

And, specifically, to allege a claim pursuant to Section 1962(c), a plaintiff must show that the

defendant "engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering

activity."  *Id.*   Each required element of an alleged RICO violation must be plausibly alleged as

to each individual defendant, rather than to the enterprise as a whole.  *Boneta v. Rolex Watch*

*USA, Inc.*, 232 F.Supp.3d 354, 358 (S.D.N.Y. 2017); *Worldwide Directories, S.A. De C.V. v.*

*Yahoo! Inc.*, No. 14-cv-7349 (AJN), 2016 WL 1298987, at \*4 (S.D.N.Y. Mar. 31, 2016).

### 1.  Plaintiffs Fail to Allege that Mr. Fowler's Purported Actions Caused Plaintiffs Alleged Injuries and Therefore Plaintiffs Lack Standing

Plaintiffs lack standing under RICO, which is grounds for dismissal of the claim.

Plaintiffs lack standing due to their failure to plead sufficiently that their injuries were

proximately caused by Mr. Fowler's alleged RICO predicate acts.  The Supreme Court has

interpreted the injury requirement and "by reason of" language of the RICO statute "as limiting

standing to plaintiffs whose injuries were caused proximately by the RICO predicate acts."

*Leung v. Law*, 387 F. Supp. 2d 105, 113 (E.D.N.Y. 2005) (citing *Holmes v. SEC Inv'r Prot.*

*Corp.*, 503 U.S. 258, 268 (1992) (internal citations omitted)).  To plead proximate cause under

RICO, Plaintiffs must allege that their injuries flowed directly from Mr. Fowler's commission of

the identified alleged predicate acts.  *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23

(2d Cir. 1990); *see Hemi Grp., LLC v. City of N.Y., N.Y.*, 559 U.S. 1, 9 (2010) ("A link that is too

remote, purely contingent, or indirect is insufficient.") (internal citations and quotations omitted).

"Acts that merely furthered, facilitated, permitted or concealed an injury which happened or

could have happened independently of the act do not directly cause that injury, and thus do not proximately cause it." *Picard v. Kohn*, 907 F. Supp. 2d 392, 397 (S.D.N.Y. 2012).

Even accepting the allegations in the Class Action Complaint as true, there are no facts pled that demonstrate that Mr. Fowler's alleged conduct in opening bank accounts was the proximate cause of Plaintiffs' injuries, which as alleged by Plaintiffs was caused by the purported manipulation of the price of Bitcoin and certain other crypto-currencies. Plaintiffs allege, and thus must acknowledge, that it was the manipulative purchases carried out by Bitfinex and Tether which led to the artificial inflation of the price of USDT, *not* the sparsely pled allegations of Mr. Fowler's conduct. The Class Action Complaint fails to allege any predicate act by Mr. Fowler that directly caused Plaintiffs' claimed injuries. Rather, Plaintiffs' allegations against Mr. Fowler are conclusory statements that Mr. Fowler "furthered, facilitated, or permitted" the purported scheme.

According to the Class Action Complaint, Bitfinex allegedly was able to maintain an illusion that USDT was fully backed "with the assistance of shadow banks," like Crypto Capital, and shell companies, that Mr. Fowler allegedly permitted Bitfinex and its customers to use. CAC ¶¶ 9, 354-55, 358-60. The Class Action Complaint alleges that without the financial system purportedly "facilitated by Fowler…Bitfinex and Tether would not have been able to honor any withdrawal requests, which would have quickly exposed that USDT was not redeemable or fully backed" and that the "assistance processing" payments and other financial transactions played a role in furthering the alleged scheme as well. *Id.* ¶¶ 360, 363. The language used throughout the Class Action Complaint to describe Mr. Fowler's supposed contributions practically mirrors that of *Picard v. Kohn* and thereby did not proximately cause Plaintiffs' alleged injuries.

Mr. Fowler is alleged to have committed two predicate acts that purportedly caused Plaintiffs' claimed RICO injuries, bank fraud under 18 U.S.C. § 1344 and the operation of an unlicensed money transmitting business under 18 U.S.C. § 1960. CAC ¶ 543-44. But that is merely restating the claims that the Government has brought against Mr. Fowler. It says nothing about whether that alleged conduct was the cause of Plaintiff's alleged injuries. Thus, it is telling that, in trying to link Mr. Fowler's conduct to Plaintiffs' alleged RICO injuries, Plaintiffs use the same pleading strategy held to be insufficient in the *Picard* case. In *Picard*, the plaintiff attempted to connect the defendant to a RICO conspiracy through predicate acts that "fed" and "perpetuated" a scheme that the defendant himself "profited from." *Picard*, 907 F.Supp.2d at 397. However, the Southern District held the link between the defendant's actions and the RICO claims to be "too indirect to satisfy the proximate cause requirement of 1964(c)" because these were "[a]cts that merely furthered, facilitated, permitted, or concealed an injury…and thus [did] not proximately cause it." *Id.* Accepting the allegations in the Complaint as true, here, as in *Picard*, the tangential connection between Mr. Fowler's alleged predicate acts and Plaintiffs' purported RICO injuries is too indirect to constitute proximate cause.

Regarding the allegation of bank fraud, Plaintiffs claim that it "*allowed*" certain defendants to "derive and use the income of U.S. dollars to issue debased USDT to purchase crypto-commodities in order to artificially inflate their prices." CAC ¶ 543 (emphasis added). According to Merriam-Webster's Thesaurus, "allowed" (the language used to describe the causation between the alleged predicate act and the alleged injury in the Class Action Complaint) is synonymous with "permitted" (the language used in *Picard* to describe a level of connectivity insufficient to rise to proximate cause). "permitted." Merriam-Webster Online Thesaurus. 2020. https://www.merriam-webster.com/thesaurus/permitted.

With respect to the allegation of operating an unlicensed money transmitting business, Plaintiffs claim that it caused harm because these businesses "*helped* maintain the false illusion that USDT was a fully backed stablecoin…." CAC ¶ 544 (emphasis added). According to Merriam-Webster's Thesaurus, "helped" (the language used to describe the causation between the alleged predicate act and the alleged injury in the Class Action Complaint) is a word that is related to "facilitated" (the language used in *Picard* to describe the level of connectivity insufficient to rise to proximate cause). "facilitated." Merriam-Webster Online Thesaurus. 2020. https://www.merriam-webster.com/thesaurus/facilitated.

Therefore, by Plaintiffs' own admission, Mr. Fowler's alleged actions did not proximately cause Plaintiffs' purported injuries. Taking the claims in the Class Action Complaint to be true, Mr. Fowler's alleged predicate acts "merely furthered, facilitated, permitted, or concealed an injury…and thus [did] not proximately cause it." *Picard*, 907 F. Supp. at 397. Additionally, any relation between Mr. Fowler's alleged actions and the injuries that Plaintiffs claim to have suffered were wholly contingent on the actions of the co-defendants, and are thereby insufficient to constitute proximate cause. *Hemi Grp., LLC*, 559 U.S. at 9. As a result, Plaintiffs lack standing to bring a claim against Mr. Fowler under 18 U.S.C. § 1962(c) and Count Eight must be dismissed as to Mr. Fowler.

### 2. Plaintiffs Fail to Allege that Mr. Fowler Conducted or Participated in the Enterprise's Affairs

"Under 18 U.S.C. § 1962(c), a plaintiff must show that each defendant 'conduct[ed] or participate[d], directly or indirectly, in the conduct of [the] enterprise's affairs." *Democratic Nat'l Comm. v. Russian Fed'n*, 392 F.Supp.3d 410, 440 (S.D.N.Y. 2019) (citing *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993)). A RICO plaintiff must plausibly allege that each defendant played "some part in directing the enterprise's affairs" if a Section 1962(c) claim is to survive a

motion to dismiss. *Reves*, 507 U.S. at 179 (explaining that to have "participated" in an enterprise's affairs as is required, a defendant must have "some part in directing" said affairs). Thus, in order to properly allege their RICO claims against Mr. Fowler, Plaintiffs would need to "allege[] facts that, if proved, would demonstrate some degree of control over the enterprise." *Elsevier Inc. v. W.H.P.R., Inc.*, 692 F. Supp. 2d 297, 307-08 (S.D.N.Y. 2010) (citing *City of N.Y. v. Smokes-Spirits.com Inc.*, 541 F.3d 425, 449 (2d Cir. 2008)). Properly alleging this element of a Section 1962(c) claim has been described as an "extremely rigorous test" in this Circuit. *Democratic Nat'l Comm.*, 392 F.Supp.3d at 441.

The Class Action Complaint falls far short of meeting this "extremely rigorous" standard. It alleges no facts demonstrating that Mr. Fowler exercised even a modicum of control over the purported enterprise, nor does it allege any facts that would support an inference that Mr. Fowler directed or coordinated the behavior of the other members of the claimed enterprise. If the allegations in the Class Action Complaint are taken to be true, Mr. Fowler was an unsuspecting and unnecessary tangential part of the enterprise who did no more than open bank accounts for use by some of the co-defendants, a service, and who was not privy to the larger machinations at play. *Elsevier Inc.*, 692 F.Supp.2d at 307-08 (explaining that for the purposes of surviving a motion to dismiss a civil RICO claim, it is not enough to allege that a defendant provided services that were helpful to an enterprise); *Democratic Nat'l Comm.*, 392 F.Supp.3d at 441 (stating that within the Second Circuit, it is "not enough to merely take directions and perform tasks that are necessary and helpful to the enterprise…nor is it enough to simply provide goods and services that ultimately benefit the enterprise") (internal citations and quotations omitted).

### E.  Plaintiffs Have Failed to State A Claim Under 18 U.S.C. § 1962(d) (Count Ten)

Because Plaintiffs fail to state any substantive RICO claim pursuant to § 1962(c), their

conspiracy claim under § 1962(d) fails as well.  *See, e.g.*, *Sanchez v. Asa Coll., Inc.*, No. 14-CV-5006 (JMF), 2015 WL 3540836, at *12 (S.D.N.Y. June 5, 2015).  But even if Plaintiffs had adequately pleaded a substantive RICO claim — which they have not — the conspiracy claim must fail for an additional reason.  The Class Action Complaint does not properly plead that Mr. Fowler agreed to the claimed RICO conspiracy.

In the civil context, to plausibly state a claim for RICO conspiracy, Plaintiffs "must allege that the defendant knew about and agreed to facilitate the scheme."  *Baisch v. Gallina*, 346 F.3d 366, 377 (2d Cir. 2003); *Liang v. City of N.Y.*, No. 10-CV-3089 (ENV)(VVP), 2013 WL 5366394, at *14 (E.D.N.Y. Sept. 24, 2013) (dismissing a RICO conspiracy claim because "mere allegations of [an] agreement to commit predicate acts are insufficient" and that sufficient facts must be pled to support the conclusion "that a meeting of the minds" as to the underlying conspiracy occurred between the defendants) (internal citations and quotations omitted).

The Class Action Complaint does not properly allege that Mr. Fowler had any knowledge of the alleged RICO conspiracy to manipulate the price of crypto-commodities and defraud the market.  In the Class Action Complaint, Plaintiffs make conclusory statements regarding Mr. Fowler's presumed knowledge or awareness of an alleged underlying scheme and his role therein, making such claims without setting forth any factual evidence from which the Court may infer the validity of said allegations.  *See, e.g.*, CAC ¶¶ 360, 363, 512, 522.  Blanket assertions that Mr. Fowler knew certain "deposits were or included proceeds of the wire fraud," (*see id.* ¶¶ 512, 522) or that he allegedly knew of the role Plaintiffs claim he played in the purported scheme (*see id.* ¶¶ 360, 363), without any factual content plausibly alleging their validity, do not rise to the requisite level to demonstrate the existence of an agreement under Section 1962(d) and survive a motion to dismiss.  *See Hecht*, 897 F.2d at 26 n.4 (explaining that a plaintiff must plead

"some *factual basis* for a finding of a conscious agreement among the defendants" to further the affairs of the enterprise); *see also Iqbal*, 556 U.S. at 678 (finding the simple restating of legal conclusions couched as factual allegations to be insufficient to survive a motion to dismiss).

## CONCLUSION

The Class Action Complaint fails to provide the Court with a sufficient basis to exercise personal jurisdiction over Mr. Fowler.  Further, it fails to plead conspiracy to monopolize, agreement in restraint of trade, RICO, or RICO conspiracy claims against Mr. Fowler.  The Court should therefore dismiss all claims and the Amended Consolidated Class Action Complaint in its entirety, as to Mr. Fowler, with prejudice.

Dated:  September 3, 2020
       New York, NY

**HOGAN LOVELLS US LLP**

By:  /s/ Michael C. Hefter

Michael C. Hefter
(michael.hefter@hoganlovells.com)
Samuel Rackear
(samuel.rackear@hoganlovells.com)

390 Madison Avenue
New York, NY 10017
T:  212-918-3000
F:  212-918-3100

*Attorneys for Defendant Reginald Fowler*