UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Tether and Bitfinex Crypto Asset Litigation | No. 19 Civ. 9236 (KPF) |

**STIPULATION AND ORDER FOR THE PRODUCTION AND
EXCHANGE OF CONFIDENTIAL MATERIALS**

**WHEREAS**, plaintiffs Matthew Script, Jason Leibowitz, Benjamin Leibowitz, Aaron Leibowitz, and Pinchas Goldshtein and defendants iFinex, Inc., DigFinex Inc., BFXNA Inc., BFXWW Inc., Tether International Limited, Tether Operations Limited, Tether Holdings Limited, Tether Limited, Ludovicus Jan van der Velde, Giancarlo Devasini, Reginald Fowler, Bittrex, Inc., Poloniex, LLC, and Philip G. Potter (each a "Party" and collectively, the "Parties"), having agreed to the following terms for the production and exchange of confidential materials in the above-captioned litigation (the "Litigation"); and

**WHEREAS**, the Court having found that good cause exists for the issuance of an appropriately tailored protective order (this "Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Parties, and **SO ORDERED** by the Court, as follows:

1.  This Protective Order applies to the Parties, their respective officers, representatives, agents, employees, affiliates, experts, attorneys, and consultants, as well as to all third parties providing discovery in the Litigation, and all other interested persons with actual or constructive notice of this Protective Order who may produce or receive information ("Discovery Material") pursuant to and in the course of discovery in the Litigation. Discovery Material includes all oral,

written, recorded, or graphic material in any form or medium, and any information or data contained therein (including, without limitation, all produced documents, responses to requests for information, responses to requests for admissions, and deposition testimony, transcripts, and exhibits).

2. **Designations Available for Discovery Material**

   a. A person or Party producing Discovery Material (a "Producing Party") may designate as "Confidential" any Discovery Material or portion thereof that contains nonpublic business, commercial, financial, or personal information, the disclosure of which would, in the good-faith judgment of the Producing Party, seriously harm the Producing Party's business, commercial, financial, or personal interests ("Confidential Material").

   b. A Producing Party may designate as "Attorneys' Eyes Only" any Discovery Material or portion thereof that contains nonpublic business, commercial, financial, or personal information, the disclosure of which is either restricted by law or would cause the Producing Party to violate its privacy or confidentiality obligations to others, and such Discovery Material would not otherwise be adequately protected under the procedures set forth herein for Confidential Information ("Attorneys' Eyes Only Material").

   c. A Party receiving Discovery Material (a "Receiving Party") shall treat all Discovery Material in accordance with the terms of this Protective Order, including advising anyone to whom the Receiving Party furnishes, shows, discloses, summarizes, describes, characterizes, or otherwise communicates or makes available in whole or in part any Discovery Material under the terms of this Protective Order that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed or used for purposes other than those permitted hereunder.

  d. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Protective Order and notify the non-Party that the protections of this Protective Order are available to such non-Party.

3. **Process for Designating Discovery Material**

  a. A Producing Party may designate any portion of Discovery Material other than deposition transcripts or exhibits as Confidential Material or Attorneys' Eyes Only Material by conspicuously notating that designation in a manner that will not interfere with legibility or audibility.

  b. A Producing Party may designate any portion of a deposition transcript or exhibit as Confidential Material or Attorneys' Eyes Only Material by (a) a statement on the record of the deposition; or (b) notifying the court reporter and all counsel of record, in writing, within 30 days after a deposition has concluded. Absent such a designation, during the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Attorneys' Eyes Only.

  c. If at any time prior to the trial of this Litigation a Producing Party realizes that some portion(s) of Discovery Material that it previously produced should be designated as Confidential or Attorneys' Eyes Only, the Producing Party may so designate that Discovery Material by apprising each Receiving Party in writing; thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential or Attorneys' Eyes Only, as applicable, under the terms of this Protective Order. Upon request by the Producing Party for the return of Confidential Material or Attorneys' Eyes Only Material that has been inadvertently produced without the appropriate designation and the Producing Party's production of a replacement version(s) with a corrected designation, the Receiving Party shall promptly return the version(s) that was inadvertently

       produced or, at the Receiving Party's option, destroy all copies of inadvertently produced Discovery Material and confirm in writing to the Producing Party that it has done so.  Nothing in this Paragraph shall waive the right of the Receiving Party to challenge the appropriateness of any Producing Party's designation.

    d.    A Producing Party shall, upon request from a Receiving Party, produce a redacted version of any document containing Attorneys' Eyes Only Material that removes the Attorneys' Eyes Only Material so that the redacted version can be designated as Confidential.  The redacted version shall be subject to all restrictions set forth in this Protective Order that are applicable to Confidential Material.

4.    **Restrictions on Use of Discovery Material**

    a.    A Receiving Party shall use Discovery Material only in connection with the Litigation, including preparation for trial, settlement, hearings, appeals, and enforcement of any judgment, and shall not use any Discovery Material for any other purpose, including without limitation any commercial, business, or publicity purpose or any other litigation or proceeding.  This Protective Order does not in any way restrict the use or disclosure by a party or other person of its own Discovery Material or of Discovery Material that has become part of the public record.

    b.    A Receiving Party who receives Confidential Material or Attorneys' Eyes Only Material shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Material or Attorneys' Eyes Only Material so as to prevent unauthorized disclosure.

c.    Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Material shall not be furnished, shown, disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any person or entity except:

    i.    Counsel for the Parties to this action and their associated attorneys, paralegals, and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this Litigation for trial or other proceeding, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

    ii.    The Parties and directors, officers, agents, and employees of the Parties, and any such subsidiaries or affiliates thereof, to the extent reasonably necessary to assist in the Litigation. Any such director, officer, agent, or employee of the named Parties to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, this Protective Order.

    iii.    Expert witnesses or consultants retained by the Parties or their counsel in connection with this Litigation and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such expert or consultant and have been advised by such expert or consultant of their obligations hereunder; _provided_, _however_, that such Confidential Material is furnished, shown, or disclosed in accordance with Paragraph 4(e) herein;

    iv.    The Court and court personnel, subject to paragraph 6 herein;

   v. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

   vi. Trial and deposition witnesses, provided that, prior to the witness's testimony, the disclosing party advises the witness that, pursuant to this Protective Order, the witness may not disclose any Confidential Discovery Material to any other individual, except in accordance with this Protective Order, and provided that the witness executes a copy of Exhibit A hereto.  If, prior to the witness's testimony, the witness does not sign a copy of Exhibit A, the witness may be shown Confidential Discovery Material only after, on the record stating such refusal, the disclosing party advises the witness on the record as follows: "By order of the Court in this litigation, you may not disclose in any manner any Confidential Discovery Material to any person or entity except in strict compliance with the provisions of this Protective Order, and if you fail to comply with this Protective Order, you may be subject to sanction by the Court.";

   vii. Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document; and

   viii. Any other person agreed to by the Producing Party.

 d. Except with the prior written consent of the Producing Party or by Order of the Court, Attorneys' Eyes Only Material shall not be furnished, shown, disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any person or entity except:

   i. Counsel for the Parties to this action and their associated attorneys, paralegals, and other professional and non-professional personnel

      (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this Litigation for trial or other proceeding, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

ii. Expert witnesses or consultants retained by the Parties in connection with this Litigation and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such expert or consultant and have been advised by such expert or consultant of their obligations hereunder; <u>provided</u>, <u>however</u>, that such Attorneys' Eyes Only Material is furnished, shown, or disclosed in accordance with paragraph 4(e) herein;

iii. The Court and court personnel, subject to paragraph 6 herein;

iv. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

v. Trial and deposition witnesses, provided that, prior to the witness's testimony, the disclosing party advises the witness that, pursuant to this Protective Order, the witness may not disclose any Attorneys' Eyes Only Material to any other individual, except in accordance with this Protective Order, and provided that the witness executes a copy of Exhibit A hereto.  If, prior to the witness's testimony, the witness does not sign a copy of Exhibit A, the witness may be shown Attorneys' Eyes Only Material only after, on the record stating such refusal, the examining attorney advises the witness on the record as

        follows: "By order of the Court in this litigation, you may not disclose in any manner any Attorneys' Eyes Only Material to any person or entity except in strict compliance with the provisions of this Protective Order, and if you fail to comply with this Protective Order, you may be subject to sanction by the Court.";

      vi.    Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document; and

      vii.    Any other person agreed to by the Producing Party.

    e.    Before furnishing, showing, or disclosing Confidential Material or Attorneys' Eyes Only Material to an expert or consultant pursuant to Paragraphs 4(c)(iii) and 4(d)(ii) herein, counsel for the Receiving Party shall provide to the expert or consultant a copy of this Protective Order and obtain from the expert or consultant written agreement, in the form of Exhibit A hereto, to comply with and be bound by the terms of the Protective Order.

    5.    **Procedure for Challenging Designations of Discovery Material**.  A Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of Discovery Material as Confidential Material or Attorneys' Eyes Only Material.  If the Producing Party does not agree to declassify such material within seven (7) days of the written request, the Receiving Party may move the Court for an order declassifying or reclassifying that Discovery Material.  If no such motion is filed, such Discovery Material shall continue to be treated as Confidential Materials or Attorneys' Eyes Only Materials.  If such motion is filed, the documents or other materials shall be deemed Confidential Material or Attorneys' Eyes Only Material unless and until the Court rules otherwise.  The Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Material or Attorneys' Eyes Only Material.

6. **Procedure for Disclosing Discovery Material to the Court**

    a. Any Receiving Party seeking to file any pleading, motion, or other document with the Court that quotes or otherwise divulges Confidential Material or Attorneys' Eyes Only Material shall take appropriate steps, pursuant to Rule 9 of the Court's Individual Rules of Practice in Civil Cases, to give the Producing Party an opportunity to seek sealing or other appropriate relief.

    b. If the need arises for any Party to disclose Confidential Material or Attorneys' Eyes Only Material during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after giving the Producing Party notice and taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Material or Attorneys' Eyes Only Material.

7. **Procedure for Clawback of Privileged Discovery Material**

    a. If a Producing Party inadvertently produces Discovery Material subject to a claim of attorney-client privilege, attorney work product, or any other legally recognized privilege or immunity from discovery, such production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the Producing Party otherwise would be entitled.

    b. If a Producing Party determines that it has inadvertently disclosed privileged material, it shall promptly send all Receiving Parties a notice notifying them of the inadvertent production (a "Clawback Notice"). After receiving a Clawback Notice, and subject to Paragraph 7(c), if applicable, a Receiving Party shall make all reasonable efforts to (i) return the relevant Discovery Material and all copies thereof promptly to the Producing Party; or, (ii) at the option of the Receiving Party, to destroy the relevant Discovery

Material and all copies thereof, as well as all materials reflecting the content of that Discovery Material, and notify the Producing Party that it has done so. Inadvertently disclosed material cannot be used in a dispute over privilege.

    c.    A Receiving Party who receives a Clawback Notice may notify the Producing Party that it objects to the Producing Party's claim that any communication or information is privileged or otherwise protected from discovery. A Receiving Party shall make any such objection to a Clawback Notice within three business days of the Receiving Party's receipt of any Clawback Notice. Following the receipt of any objection to a Clawback Notice, the parties shall meet and confer in an effort to resolve any disagreement regarding the Producing Party's designation of the material as privileged or protected from discovery. If the parties cannot resolve their disagreement within five business days of their meet and confer, the Receiving Party may, on an expedited basis, move for an order compelling disclosure of the material. While any such motion is pending, the material subject to that application will be treated as privileged or protected from disclosure until the Court rules. If the Court determines that such material is privileged or protected from disclosure, the Receiving Party shall immediately return or destroy such inadvertently disclosed material in accordance with Paragraph 7(b). If the Receiving Party does not move for an order compelling disclosure within fifteen calendar days from the receipt of the Clawback Notice from the Producing Party (regardless of whether the Parties met and conferred), or such later date as the Producing Party and the Receiving Party may agree, the material in question shall be deemed privileged or protected, in which case the Receiving Party shall immediately return or destroy such inadvertently disclosed material in accordance with Paragraph 7(b).

8.    **Effect of Termination of the Litigation**

    a.    Within ninety (90) days after the final termination of this Litigation by settlement or exhaustion of all appeals, all Confidential Material or Attorneys' Eyes Only Material produced or designated, and all reproductions thereof,

10

        shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (90) days of the final termination of this Litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain copies of documents constituting work product, pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits.

b.    This Protective Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct or other applicable law or regulation. Nothing in this Protective Order shall prohibit the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter, as long as such counsel or expert continues to comply with the terms of this Protective Order. Copies of electronic materials containing Confidential Material or Attorneys' Eyes Only Material that are retained for disaster recovery purposes or pursuant to regulatory requirements do not need to be destroyed or returned.

c.    This Protective Order shall survive the final conclusion of the Litigation, and this Court retains jurisdiction of the Parties hereto, and of any person who executes a copy of Exhibit A, indefinitely as to any dispute between any of them regarding improper use of information disclosed pursuant to this Protective Order.

9. If a Receiving Party is called upon to produce Confidential Material or Attorneys' Eyes Only Material in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Material or Attorneys' Eyes Only Material is sought shall (a) give reasonably prompt written notice by overnight mail and either email or facsimile to the counsel for the Producing Party; and (b) give the Producing Party reasonable time to object to the production of such Confidential Material or Attorneys' Eyes Only Material, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this Paragraph shall be construed as requiring any Party to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

10. This Protective Order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this Protective Order or other duty of confidentiality; (b) was already known to a Receiving Party at the time of disclosure and was not subject to conditions of confidentiality; or (c) was developed by a Receiving Party independently of any disclosure by the Disclosing Party.

11. This Protective Order may be changed by further order of this Court and is without prejudice to the right of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

12. Nothing in this Protective Order constitutes an admission by any Party that Discovery Material is relevant or admissible at trial. Each Party reserves the right to object to the use or admissibility of Discovery Material.

13. This Protective Order may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: October 27, 2020

| | |
|---|---|
| *[signature]* | *[signature]* |
| Kyle W. Roche | Jim Walden |
| Edward Normand | Daniel J. Chirlin |
| Velvel Freedman (*pro hac vice*) | Walden Macht & Haran |
| Joseph M. Delich | One Battery Park Plaza 34th Floor New York, New York 10004 |
| ROCHE CYRULNIK FREEDMAN LLP | jwalden@wmhlaw.com |
| 99 Park Avenue, 19th Floor | dchirlin@wmhlaw.com |
| New York, NY 10016 | |
| kyle@rcfllp.com | Michael Jason Lee, Esq. |
| tnormand@rcfllp.com | Law Offices of Michael Jason Lee, APLC |
| vel@rcfllp.com | 4660 La Jolla Village Drive, Suite 100 |
| jdelich@rcfllp.com | San Diego, CA 92122 |
| | michael@mjllaw.com |
| Caitlin Halligan | |
| Philippe Z. Selendy | Sunjina K. Ahuja, Esq. |
| Maria Ginzburg | Dillon Miller & Ahuja, LLP |
| Andrew R. Dunlap | 5872 Owens Ave., Suite 200 |
| SELENDY & GAY PLLC | sahuja@dmalaw.com |
| 1290 Sixth Avenue | |
| New York, NY 10104 | *Attorneys for Defendants iFinex Inc., DigFinex Inc., BFXNA Inc., BFXWW Inc., Tether International Limited, Tether Operations Limited, Tether Holdings Limited, Tether Limited, Giancarlo Devasini, and Ludovicus Jan van der Velde* |
| challigan@selendygay.com | |
| pselendy@selendygay.com | |
| mginzburg@selendygay.com | |
| adunlap@selendygay.com | |
| | |
| Todd M. Schneider (*pro hac vice*) | |
| Jason H. Kim (*pro hac vice*) | *[signature]* |
| Matthew S. Weiler (*pro hac vice* forthcoming) | Michael C. Hefter |
| Kyle G. Bates (*pro hac vice*) | Samuel Rackear |
| SCHNEIDER WALLACE COTTRELL KONECKY LLP | HOGAN LOVELLS US LLP |
| 2000 Powell Street, Suite 1400 | 390 Madison Avenue |
| Emeryville, CA 94608 | New York, NY 10017 |
| tschneider@schneiderwallace.com | michael.hefter@hoganlovells.com |
| jkim@schneiderwallace.com | samuel.rackear@hoganlovells.com |
| mweiler@schneiderwallace.com | |
| kbates@schneiderwallace.com | |
| | |
| *Attorneys for Lead Plaintiffs and the Proposed Class* | *Attorneys for Defendant Reginald Fowler* |

13

_____
Charles D. Cording
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
ccording@willkie.com

*Attorney for Defendant Philip G. Potter*

_____
Abby F. Rudzin
William K. Pao
O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10026
arudzin@omm.com
wpao@omm.com

Greg J. Hollon (*pro hac vice*)
Timothy B. Fitzgerald
600 University Street, Suite 2700
Seattle, WA 98101
ghollon@mcnaul.com
tfitzgerald@mcnaul.com

*Attorneys for Bittrex, Inc.*

_____
Matthew G. Lindenbaum (*pro hac vice*)
One Post Office Square 30th Floor
Boston, MA 02109
Telephone
matthew.lindenbaum@nelsonmullins.com

Robert L. Lindholm
280 Park Avenue
15th Floor, West
New York, New York 10017
robert.lindholm@nelsonmullins.com

*Attorneys for Poloniex, LLC*

This confidentiality agreement does not bind the Court or any of its personnel.  The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 6(A) of this Court's Individual Rules of Civil Procedure.

Dated:     October 27, 2020              SO ORDERED.
           New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE