UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| In re Tether and Bitfinex Crypto Asset Litigation |

Case No. 1:19-cv-09236-KPF

## MOTION TO WITHDRAW AS COUNSEL

Pursuant to Local Civil Rule 1.4, Michael C. Hefter and Samuel Rackear of Hogan Lovells US LLP (collectively, "Counsel") respectfully move this Court for an order granting leave to withdraw as counsel of record for Defendant Reginald Fowler in the above-captioned case.

In support of this motion, Counsel state as follows:

1. Counsel are currently attorneys of record for Mr. Fowler.

2. Local Civil Rule 1.4 provides that:

An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement . . . .

3. Prior to making this motion, Counsel advised Mr. Fowler that there were grounds for Counsel to seek to withdraw. The issue of Counsel's withdrawal has been the subject of discussion with Mr. Fowler since February 26, 2020, and Counsel has informed Mr. Fowler orally and in writing on multiple occasions since then that there were grounds for Counsel to seek to withdraw. The date for Counsel's withdrawal has been postponed while these discussions were ongoing.

4. On November 9, 2020, Counsel similarly sought to withdraw their representation of Mr. Fowler in a criminal matter in the Southern District of New York before the Honorable

Andrew L. Carter, Jr.[1]  The government has not opposed withdrawal.  In response to the motion to withdraw and related submissions, the government filed a letter motion informing the Court that "the Government agrees that defense counsel has a conflict that permits them to withdraw from the current representation."[2]  The motion to withdraw before Judge Carter is still pending.

5. Counsel has informed Mr. Fowler that they now plan to seek withdrawal in the present matter as well.

6. Counsel believe that withdrawal is appropriate under Rule 1.16(c)(1) of the New York Rules of Professional Conduct.

7. New York Rule of Professional Conduct 1.16(c)(1) states that "a lawyer may withdraw from representing a client when withdrawal can be accomplished without material adverse effect on the interests of the client."

8. Counsel's withdrawal can be accomplished in this case without material adverse effect on the interests of Mr. Fowler.  This case is in its infancy and any potential discovery has not begun.  As such, new counsel for Mr. Fowler should have ample time to prepare any necessary defense.  Further, Counsel previously requested an extension of the deadline for Mr. Fowler's Reply in connection with his motion to dismiss, filed on December 2, 2020 (ECF 157), which should provide Mr. Fowler sufficient time to file the Reply should he wish to do so.  Counsel notes that Mr. Fowler's motion to dismiss pursuant to FRCP 12(b)(2) and 12(b)(6) sets forth the legal arguments and grounds for dismissal of the Amended Consolidated Class Action Complaint against him.

---

[1] Motion to Withdraw as Counsel, ECF No. 69, *United States v. Reginald Fowler*, No. S3 19 CR. 254 (ALC).
[2] Response to Motion to Withdraw and Opposition to Adjournment, ECF No. 77, *United States v. Reginald Fowler*, No. S3 19 CR. 254 (ALC).

9.      Counsel also believe that withdrawal is appropriate under Rule 1.16(c)(5) of the New York Rules of Professional Conduct, which states that "a lawyer may withdraw from representing a client when the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."[3]

10.     Professional considerations require termination of the representation.

11.     Counsel took reasonable steps to protect Mr. Fowler's interests by repeatedly informing him that there were grounds for Counsel to seek to withdraw and that Counsel intended to seek to withdraw.  Mr. Fowler has known since at least February 26, 2020, that there were grounds for Counsel to seek to withdraw.  Mr. Fowler has had ample time to find new counsel should he wish to do so.

12.     Counsel's withdrawal will not unduly prejudice Mr. Fowler or cause substantial delay in these proceedings.

13.     Counsel is not asserting a retaining or charging lien.

For these reasons, Counsel respectfully ask the Court to enter an order withdrawing them as counsel of record for Mr. Fowler.

Dated: New York, New York
       December 11, 2020

Respectfully submitted,

By: /s/ Michael C. Hefter

Michael C. Hefter
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
michael.hefter@hoganlovells.com

---

[3] *See* Affirmation in Support of Motion to Withdraw, ECF No. 76, *United States v. Reginald Fowler*, No. S3 19 CR. 254 (ALC) (the "Affirmation").  The Affirmation provides an expanded factual basis in support of Counsel's grounds for withdrawal under Rule 1.16(c)(5).

By: /s/ Samuel Rackear

Samuel Rackear
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
samuel.rackear@hoganlovells.com

TO:

Reginald Fowler
7100 W. Erie Street
Chandler, AZ 85226
FO2@spiral-global.com
*By FedEx and Email*

cc:        All Counsel of record (via ECF)