UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Tether and Bitfinex Crypto Asset Litigation

Case No. 1:19-cv-09236-KPF

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT REGINALD FOWLER'S MOTION TO DISMISS
<u>THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT</u>**

Dated: January 19, 2021

Michael C. Hefter
Samuel Rackear
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
T: 212-918-3000

*Attorneys for Defendant Reginald Fowler*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ..................................................................................................................... 1

    I.    THE CLASS ACTION COMPLAINT MUST BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER MR. FOWLER ............. 1

        A.    Plaintiffs Did Not Plead Personal Jurisdiction Over Mr. Fowler Under the CEA and Therefore It May Not Be Used as a Grounds for Jurisdiction .... 1

        B.    This Court Does Not Have Personal Jurisdiction Over Mr. Fowler Under the RICO Statute ...................................................................................... 2

        C.    This Court Does Not Have Personal Jurisdiction Over Mr. Fowler Under the CPLR .................................................................................................... 3

            1.    Mr. Fowler's Actions Do Not Meet the Requirements for the "Transacts Business" Prong of CPLR 302(a) ................................. 3

            2.    Plaintiffs Do Not Adequately Plead a Substantial Relationship Between Mr. Fowler's Alleged Actions and Their Claims ............. 5

        D.    This Court Does Not Have Personal Jurisdiction Over Mr. Fowler as a Co-Conspirator ................................................................................................. 6

        E.    This Court Does Not Have Personal Jurisdiction Over Mr. Fowler Because it Does Not Comport with Due Process .................................................... 6

    II.    PLAINTIFFS FAIL TO PLEAD A VIABLE RICO CLAIM AGAINST MR. FOWLER ............................................................................................................... 7

        A.    Plaintiffs Fail to Sufficiently Plead that Mr. Fowler Controlled or Directed the Alleged Enterprise's Affairs ............................................................. 7

    III.    PLAINTIFFS DO NOT ASSERT CEA CLAIMS AGAINST MR. FOWLER ..... 8

    IV.    PLAINTIFFS FAIL TO PLEAD A CLAIM FOR CONSPIRACY TO MONOPOLZE AGAINST MR. FOWLER ......................................................... 9

    V.    PLAINTIFFS FAIL TO PLEAD A VIABLE SECTION 1 CLAIM .................... 10

CONCLUSION ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

                                                                                                                                       **Page(s)**

**Cases**

*Al Rushaid v. Pictet & Cie*,
    28 N.Y.3d 316 (N.Y. 2016) ....................................................................................................5

*Cal Distributor, Inc. v. Cadbury Schweppes Americas Beverages, Inc.*,
    2007 WL 54534 (S.D.N.Y. Jan. 5, 2007) ............................................................................2, 4

*City of New York v. Cyco.Net, Inc.*,
    383 F. Supp. 2d 526 (S.D.N.Y. 2005).................................................................................2, 3

*Comm'ns Imp. Exp. S.A. v. Republic of the Congo*,
    2012 WL 1468486 (S.D.N.Y. Apr. 27, 2012)........................................................................3

*Contant v. Bank of Am. Corp.*,
    385 F.Supp.3d 284 (S.D.N.Y. 2019).......................................................................................6

*In re Crude Oil Commodity Futures Litig.*,
    913 F. Supp. 2d 41 (S.D.N.Y. 2012).......................................................................................9

*Gates v. Wilkinson*,
    2003 WL 21297296 (S.D.N.Y. June 4, 2003) .......................................................................2

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    2015 WL 6243526 (S.D.N.Y. Oct. 20, 2015) ........................................................................6

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
    732 F.3d 161 (2d Cir. 2013)...................................................................................................4

*Luv N' Care Ltd. v. Toys "R" Us, Inc.*,
    2012 WL 5265723 (S.D.N.Y. Oct. 24, 2012) ........................................................................9

*Madanes v. Madanes*,
    981 F.Supp. 241 (S.D.N.Y. 1997) .........................................................................................8

*Neirbo Co. v. Bethlehem Shipbuilding Corp.*,
    308 U.S. 165 (1939)...............................................................................................................3

*In re Platinum & Palladium Antitrust Litig.*,
    449 F. Supp. 3d 290 (S.D.N.Y. 2020)....................................................................................6

*Tannerite Sports, LLC v. NBCUniversal Media LLC*,
    135 F.Supp.3d 219 (S.D.N.Y. 2015)......................................................................................5

*U.S. v. Allen*,
    155 F.3d 35 (2d Cir. 1998) ................................................................................................ 7-8

*United States v. Prevezon Holdings LTD.*,
    122 F. Supp. 3d 57 (S.D.N.Y. 2015) ..................................................................................... 7

*Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council*,
    857 F.2d 55 (2d Cir. 1988) .................................................................................................... 9

*Walden v. Fiore*,
    571 U.S. 277 (2014) ........................................................................................................... 4-5

*Wright v. Ernst & Young LLP*,
    152 F.3d 169 (2d Cir. 1998) .................................................................................................. 2

**Statutes**

7 U.S.C. § 25(c) ............................................................................................................................ 2

18 U.S.C. § 1965(a) .................................................................................................................. 2, 3

Defendant Reginald Fowler respectfully submits this Reply Memorandum of Law in Further Support of his Motion to Dismiss the Amended Consolidated Class Action Complaint (the "Complaint" or "CAC") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiffs' Opposition does not eliminate the flaws present in the Complaint regarding the claims against Mr. Fowler. Instead, Plaintiffs' Opposition highlights what was already obvious, that the Complaint fails to establish grounds through which this Court may exercise jurisdiction over Mr. Fowler and similarly fails to state a claim against him.

Plaintiffs have attempted to improperly insert new facts and allegations into this case through the Opposition that are not present in the Complaint in an attempt to present asserted grounds for jurisdiction over Mr. Fowler and adequately plead claims against him. Plaintiffs further respond to Mr. Fowler's arguments in his Opening Brief by referring back to the same conclusory allegations in the Complaint or attempting to lump Mr. Fowler together with the co-defendants to attribute the alleged actions of others to him. These tactics, and the claims they attempt to resurrect, are insufficient for the Complaint to survive a motion to dismiss.

For these reasons, expounded upon below, and those presented in Mr. Fowler's Opening Brief, this Complaint should be dismissed, with prejudice, as to Mr. Fowler.

## ARGUMENT

### I. THE CLASS ACTION COMPLAINT MUST BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER MR. FOWLER

**A. Plaintiffs Did Not Plead Personal Jurisdiction Over Mr. Fowler Under the CEA and Therefore It May Not Be Used as a Grounds for Jurisdiction**

Ignoring for present purposes that Plaintiffs did not allege federal claims under the CEA against Mr. Fowler, this Court does not have personal jurisdiction over Mr. Fowler under the CEA because Plaintiffs did not assert 7 U.S.C. § 25(c) as a grounds for personal jurisdiction over Mr.

Fowler in the Complaint. *See* CAC ¶ 45 (listing various statutes through which Plaintiffs claim to have personal jurisdiction over the defendants, of which 7 U.S.C. § 25(c) is not mentioned).

Plaintiffs may not insert new grounds for jurisdiction in their Opposition, as they attempt to do, that were not pled in the Complaint. It is well settled that a complaint may not be amended by a plaintiff through its opposition to a motion to dismiss. *See, e.g.*, W*right v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (explaining that a party cannot amend its complaint through statements made in its motion papers) (internal citations omitted); *Cal Distributor, Inc. v. Cadbury Schweppes Americas Beverages, Inc.*, 2007 WL 54534, at *6 (S.D.N.Y. Jan. 5, 2007) ("It is axiomatic that a complaint cannot be amended by the briefs in opposition to a motion to dismiss.") (internal citations and quotations omitted).

### B. This Court Does Not Have Personal Jurisdiction Over Mr. Fowler Under the RICO Statute

Plaintiffs fail to properly rebut that the jurisdictional requirements of 18 U.S.C. § 1965(a) are time dependent and that, in order for the Court to have jurisdiction over Mr. Fowler under the statute, Mr. Fowler must be alleged to have transacted his affairs in the district at the time the Complaint was filed. *See* Br. at I.B; *Gates v. Wilkinson*, 2003 WL 21297296, at *2 (S.D.N.Y. June 4, 2003). Plaintiffs do not dispute the existence of this factual deficiency. Rather, in an attempt to circumvent the time dependent requirement of the "transacting business" element for jurisdiction under Section 1965(a), Plaintiffs improperly conflate the jurisdictional analysis of the RICO statute with that of the CPLR, claiming the two are co-extensive. *See* Opp. at 76-77. However, the only authority Plaintiffs cite in support of this errant theory is *City of New York v. Cyco.Net, Inc.,* 383 F. Supp. 2d 526 (S.D.N.Y. 2005), which states that the "test for transacting business for *venue* purposes under the antitrust laws is co-extensive with the test for jurisdiction

2

under New York CPLR § 302." Opp. at 77; *Cyco.Net*, 383 F. Supp. 2d at 541-42 (emphasis added).

From this, Plaintiffs claim that the jurisdictional analysis under the antitrust laws is co-extensive with the test for jurisdiction under CPLR § 302. But that is not what *Cyco.Net* states. Rather, *Cyco.Net* supports a proposition that the test for transacting business for venue purposes is co-extensive with the test for jurisdiction under CPLR § 302. *Id.* at 541-42. In their attempt to avoid the time dependent requirement of Section 1965(a), Plaintiffs commingle the concepts of personal jurisdiction and venue, which in reality are separate and distinct concepts. *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939); *Comm'ns Imp. Exp. S.A. v. Republic of the Congo*, 2012 WL 1468486, at *4 (S.D.N.Y. Apr. 27, 2012) (explaining that it "would be error" to treat the tests for venue and personal jurisdiction as mirroring each other).

### C. This Court Does Not Have Personal Jurisdiction Over Mr. Fowler Under the CPLR

Even if the jurisdictional analysis under the RICO statute were synonymous with that of the CPLR (it is not), that still would not grant the Court jurisdiction over Mr. Fowler.

#### 1. Mr. Fowler's Actions Do Not Meet the Requirements for the "Transacts Business" Prong of CPLR 302(a)

In the opening sentence of Section V.C.1., Plaintiffs, in a sense, openly admit that Mr. Fowler is not subject to personal jurisdiction under CPLR 302(a) by stating that a "defendant transacts business in New York when he makes 'frequent and deliberate' use" of New York banks. Opp. at 78-79, citing *Ramiro Aviles v. S & P Glob., Inc.*, 380 F. Supp. 3d 221, 260 (S.D.N.Y. 2019). Mr. Fowler's actions do not rise to this standard.[1]

---

[1] Plaintiffs allege that Mr. Fowler ignores the superseding indictment filed against him and then incorrectly claim that they "incorporated by reference" into the Complaint allegations from a superseding indictment filed against Mr. Fowler on February 2, 2020. *See* Opp. at 79. In reality, Plaintiffs made a passing reference in footnote 36 of the Complaint to a paragraph from a different superseding indictment, one filed on April 30, 2019, with the paragraph

3

In support of the errant argument that the Complaint satisfies the transacting business in New York standard, Plaintiffs assert that Mr. Fowler operated an illicit network "comprised of dozens of front companies and bank accounts in numerous states." Opp. at 79. These allegations do nothing to support the potential exercise of personal jurisdiction over Mr. Fowler, as it remains unchanged that only one alleged account is claimed to be located in New York. Ironically, Plaintiffs' allegations provide further support for the fact that Mr. Fowler is not subject to this Court's jurisdiction. Plaintiffs cite to *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 732 F.3d 161, 172 n.7 (2d Cir. 2013), for the proposition that "use of a forum's banking system as part of an allegedly wrongful course of conduct may expose the user to suits seeking redress in that forum when that use is an *integral part* of the wrongful conduct." *Id.* (emphasis added). Based on the alleged fact that Mr. Fowler operated an extensive network "comprised of dozens of front companies and bank accounts in numerous states," it is implausible to suggest that the claimed existence of one alleged bank account in New York was "an integral part of the [alleged] wrongful conduct" as is required to confer jurisdiction. Opp. at 79; *Licci*, 732 F.3d at 172 n.7.

Plaintiffs also claim that Mr. Fowler ignores allegations that Bitfinex directed customers to wire funds to a New York bank account that he allegedly opened. Opp. at 79. These accusations, however, are irrelevant for a jurisdictional analysis, as they attempt improperly to pin the purported actions of others onto Mr. Fowler. For jurisdictional purposes, only the actions that Mr. Fowler took himself, not those allegedly taken by Bitfinex, are relevant in determining whether he transacted business in New York. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis

---

referenced having no bearing on a jurisdictional analysis and not being used for such purpose in the Complaint. *See* CAC ¶ 41 n.36; *Cal Distributor, Inc.*, 2007 WL 54534, at *6 ("It is axiomatic that a complaint cannot be amended by the briefs in opposition to a motion to dismiss.") (internal citations and quotations omitted).

4

for its jurisdiction over him."); *Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F.Supp.3d 219, 229 (S.D.N.Y. 2015) (analyzing jurisdiction under CPLR Section 302 and explaining that the relationship between the defendant and the forum must arise from the defendant's own conduct).

As a result, the only operative allegation pled against Mr. Fowler pertaining to him purportedly transacting business in New York is the vague allegation of a single HSBC bank account, which is insufficient to grant this Court jurisdiction over Mr. Fowler under the CPLR.

### 2. Plaintiffs Do Not Adequately Plead a Substantial Relationship Between Mr. Fowler's Alleged Actions and Their Claims

Plaintiffs assert that Mr. Fowler is subject to the Court's jurisdiction because their claims arise from Mr. Fowler's supposed business activity in New York. However, the crux of Plaintiffs' argument in support of this assertion is, at best, accidentally misleading and deceptive. In Section V.C.2, Plaintiffs attempt to rely on allegations that are not present in the Complaint to support the baseless assertion that there is a substantial relationship between the claims asserted and Mr. Fowler's alleged New York contacts. The Opposition states that "Plaintiffs allege that Fowler and Crypto Capital served as the co-defendants' bankers and 'effected the transfers of money to the New York correspondent bank as part of the money-laundering scheme'" and then provide "CAC ¶¶ 9, 360" as the sole citation for that claim. This creates the appearance that the sentence fragment quoted in Plaintiffs' Opposition is a factual allegation found in the Complaint. However, that is not the case. The quoted sentence fragment is from *Al Rushaid v. Pictet & Cie*, 28 N.Y.3d 316, 317 (N.Y. 2016), a case cited repeatedly in the Opposition. In the Complaint, Plaintiffs make no such allegation as to Mr. Fowler. In a desperate attempt to conjure up "facts" sufficient to grant this Court jurisdiction over Mr. Fowler, Plaintiffs confused the contents of their own Complaint with the fact pattern of a New York Court of Appeals case. The vague allegations made as to a

5

New York bank account, as explained in the Opening Brief (*see* Br. at I.D.2.i), remain insufficient to confer jurisdiction over Mr. Fowler under the CPLR.

### D. This Court Does Not Have Personal Jurisdiction Over Mr. Fowler as a Co-Conspirator

Plaintiffs do not have conspiracy jurisdiction over Mr. Fowler because Plaintiffs fail to adequately plead conspiracy allegations against Mr. Fowler. In order to subject a defendant to conspiracy jurisdiction, the Plaintiff must plausibly allege both a conspiracy and that the defendant over whom a conspiracy theory of jurisdiction is being asserted participated in the conspiracy. *In re Platinum & Palladium Antitrust Litig.*, 449 F. Supp. 3d 290, 323 (S.D.N.Y. 2020); *see In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2015 WL 6243526, at *28 (S.D.N.Y. Oct. 20, 2015) (holding the conspiracy theory of personal jurisdiction to be "simply inapplicable" where "plaintiffs have failed to plausibly allege a conspiracy"). As explained in Sections II.B and II.E of the Opening Brief and Sections II.A and IV of the Reply Brief, Plaintiffs' antitrust and RICO conspiracy allegations are insufficiently pled as to Mr. Fowler and therefore must be dismissed. Because Plaintiffs do not plausibly allege Mr. Fowler's participation in a conspiracy, this Court does not have personal jurisdiction over him as a co-conspirator. *Contant v. Bank of Am. Corp.*, 385 F.Supp.3d 284, 292 (S.D.N.Y. 2019).

### E. This Court Does Not Have Personal Jurisdiction Over Mr. Fowler Because it Does Not Comport with Due Process

In addition to there being no statutory basis for jurisdiction over Mr. Fowler, this Court does not have personal jurisdiction over Mr. Fowler because exerting such would not comport with due process. Plaintiffs attempt to justify jurisdiction over Mr. Fowler by advocating for the employment of the "national contacts" test. As Plaintiffs state in the Opposition, the application of this test requires federal claims with national service of process. Opp. at 83. Given that there

6

is no jurisdiction over Mr. Fowler under the CEA or RICO statutes, the two statutes that permit nationwide service of process, which is a prerequisite for the application of the "national contacts" test, that test cannot be employed to argue that this Court's jurisdiction over Mr. Fowler comports with due process.  Br. at I.B-C; Reply Br. at I.A-B.

Plaintiffs next use *United States v. Prevezon Holdings LTD.,* 122 F. Supp. 3d 57 (S.D.N.Y. 2015) to argue that jurisdiction over Mr. Fowler would not offend due process because they claim that Mr. Fowler transacted business in New York within the meaning of CPLR Section 302(a)(1). However, as explained in Section I.D.2.i of the Opening Brief and Section I.C.1 of the Reply Brief, the Complaint does not adequately allege that Mr. Fowler transacted business in New York within the meaning of the statute, rendering this argument inapplicable.

## II. PLAINTIFFS FAIL TO PLEAD A VIABLE RICO CLAIM AGAINST MR. FOWLER

### A. Plaintiffs Fail to Sufficiently Plead that Mr. Fowler Controlled or Directed the Alleged Enterprise's Affairs

Plaintiffs' argument that Mr. Fowler conducted the affairs of the RICO enterprise because he allegedly "played a crucial role in ensuring that the enterprise would have access to U.S. correspondent banking, a necessary component of the scheme," misses the point.  Opp. at 62.  A role's purported importance is inapposite as to whether or not Mr. Fowler "directed or controlled" the alleged enterprise's affairs, as is required in a 1962(c) claim.  Plaintiffs cite to *Reves v. Ernst & Young*, for the proposition that Mr. Fowler should be held liable for his alleged role because "RICO liability is not limited to those with primary responsibility for the enterprise's affairs," but conveniently omit the latter part of that same sentence which explains that "some part in *directing* the enterprise's affairs is required."  507 U.S. 170, 179 (1993) (emphasis added).  Further, the Second Circuit has "also said that since *Reves*, it is plain that the simple taking of directions and performance of tasks that are necessary or helpful to the enterprise, without more, is insufficient

7

to bring a defendant within the scope of Section 1962(c)." *U.S. v. Allen*, 155 F.3d 35, 42 (2d Cir. 1998) (internal citations and quotations omitted).  Whether this purported role was "crucial" or "necessary" as Plaintiffs contend it is, is irrelevant.  *See Madanes v. Madanes*, 981 F.Supp. 241, 257 (S.D.N.Y. 1997) (explaining that "providing important services to a racketeering enterprise is not the same as directing the affairs of an enterprise [which] is true even when the provision of services is essential to the operation of the RICO enterprise itself.") (internal citations and quotations omitted).  Because Plaintiffs have not adequately alleged that Mr. Fowler controlled or directed the enterprise's affairs, the RICO claim against him must fail.  And, because Plaintiffs have failed to plead a substantive RICO claim against Mr. Fowler, the RICO conspiracy claim fails as well.  *See also* Br. at II.D-E.

## III. PLAINTIFFS DO NOT ASSERT CEA CLAIMS AGAINST MR. FOWLER

Contrary to Plaintiffs' assertion, Plaintiffs did not assert CEA claims against Mr. Fowler, which is why Mr. Fowler did not respond to the CEA claims.  Opp. at 25 n.15.  Mr. Fowler is not mentioned in causes of action five through seven because they were not pled against him.  The headers for causes of action five through seven state "Against All Defendants," but, unlike the co-defendants, Mr. Fowler was not named or referenced in the subsequent paragraphs following each header.  The other defendants, against whom these causes of action were actually pled, were, unlike Mr. Fowler, discussed in the allegations supporting the causes of action and then specifically named in each Ad Damnum Clause.  *See* CAC ¶¶ 439, 444, 448.  Because it was clear that these causes of action were not pled against Mr. Fowler, the "All Defendants" header must have been in error, which, given Mr. Fowler's sparse inclusion in the Complaint, would not have come as a surprise.  Because of these pleading deficiencies, Mr. Fowler was not on "fair notice" as to these claims and they therefore must be dismissed.  *Twombly*, 550 U.S. 544 554-55 (2007) (explaining that a complaint may be dismissed if a defendant is not given "fair notice" regarding the cause of

8

action against him or her); *Luv N' Care Ltd. v. Toys "R" Us, Inc.*, 2012 WL 5265723, at *2 (S.D.N.Y. Oct. 24, 2012) (dismissing a complaint that did not provide "defendants fair notice of the cause of action that is being asserted against them").

### IV. PLAINTIFFS FAIL TO PLEAD A CLAIM FOR CONSPIRACY TO MONOPOLZE AGAINST MR. FOWLER

Rather than address the fact that there are no allegations from which one may even infer that Mr. Fowler had the specific intent to achieve an unlawful monopoly, Plaintiffs' Opposition simply redirects the Court to the same cursory and insufficient allegations in the Complaint, allegations that barely even reference Mr. Fowler. The cases cited by Plaintiffs to support the contention that the steps Defendants allegedly took "strongly suggest" that they acted with the requisite specific intent to monopolize are inapposite as to Mr. Fowler and provide no support for the claim that Mr. Fowler was part of a conspiracy to monopolize.

Plaintiffs cite to *Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council,* 857 F.2d 55, 74 (2d Cir. 1988) in support of the notion that anticompetitive conduct can support an inference of specific intent to monopolize. Yet, there are no allegations pled in the Complaint that Mr. Fowler engaged in such conduct, nor can any of the allegations against Mr. Fowler be construed in that manner. Plaintiffs next point to *In re Crude Oil Commodity Futures Litig.,* 913 F. Supp. 2d 41, 58 (S.D.N.Y. 2012) in aid of the proposition that specific intent can be inferred from certain conduct. In support of its holding that specific intent could be inferred in *Crude Oil*, the two main pieces of supporting evidence cited by the Southern District in its decision were: (1) an uneconomic decision by the defendant; and (2) conversations from which the court could infer that the desired effects were anticompetitive conduct. *Id.* at 58. Neither of these are alleged to have occurred with respect to Mr. Fowler. Taking Plaintiffs' allegations to be true, Mr. Fowler was set to receive significant financial benefits from the purported use of his alleged bank accounts. *See* CAC ¶¶ 364-67.

9

### V. PLAINTIFFS FAIL TO PLEAD A VIABLE SECTION 1 CLAIM

Plaintiffs claim that they pled enough factual matter to suggest that an agreement was made, arguing that this standard was satisfied with "allegations of interdependent conduct, accompanied by circumstantial evidence and plus factors." Opp. at 20, citing *Gelboim v. Bank of Am. Corp.,* 823 F.3d 759, 781 (2d Cir. 2016). However, all that was alleged in the Complaint, beyond conclusory allegations or general statements, as to Mr. Fowler to purportedly "suggest that an agreement was made" is that Mr. Fowler organized shell companies and bank accounts that Bitfinex and Tether used. Contrary to Plaintiffs' contention, these allegations are insufficient under *Gelboim* to even remotely suggest that Mr. Fowler entered into an agreement in restraint of trade. This is even more obvious when looking at two of the three "plus factors" in *Gelboim*. One of the *Gelboim* plus factors is "evidence that shows that the parallel acts were against the apparent individual economic self-interest of the alleged conspirators." Opp. at 20, citing *Gelboim*, 823 F.3d at 781. As previously explained, taking Plaintiffs' allegations to be true, however, Mr. Fowler "directly benefited from the [alleged] scheme," was able to "earn substantial interest on the funds" and could "tak[e] advantage" of the situation for his own economic self-interest. CAC ¶¶ 364-67. A second plus factor, "evidence of a high level of interfirm communications," similarly works against Plaintiffs' claim that an agreement was made, as Plaintiffs cite zero communications between Mr. Fowler and any of the co-defendants in relation to the conspiracy. Opp. at 20, citing *Gelboim*, 823 F.3d at 781.

### CONCLUSION

For the foregoing reasons, and for those addressed in the Opening Brief, Mr. Fowler respectfully requests that the Court dismiss the Complaint in its entirety, as to Mr. Fowler, and with prejudice.

Dated:  January 19, 2021  **HOGAN LOVELLS US LLP**
       New York, NY

By: /s/ Michael C. Hefter

Michael C. Hefter (michael.hefter@hoganlovells.com)
Samuel Rackear (samuel.rackear@hoganlovells.com)

390 Madison Avenue
New York, NY 10017
T:  212-918-3000
F:  212-918-3100

*Attorneys for Defendant Reginald Fowler*