

250 Vesey Street
27th Floor
New York, NY 10281

wmhlaw.com
T: 212-335-2030
F: 212-335-2040

February 26, 2021

<u>VIA ECF and E-Mail</u>

Hon. Katherine Polk Failla
U.S. District Court, S.D.N.Y.
40 Foley Square, Room 2103
New York, NY 10007

   Re:  *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236-KPF (S.D.N.Y.)

Dear Judge Failla:

  We represent the Tether Defendants.[1] Yesterday, Plaintiffs' counsel submitted to this Court a settlement agreement between the New York Attorney General and certain Tether Defendants (the "Settlement Agreement") (Dkt. No. 176). Plaintiffs offer no basis for their submission other than to "notify" the Court.

  To the extent Plaintiffs thereby seek to influence the Court's evaluation of the legal issues currently under consideration in the context of Defendants' motion to dismiss the Amended Complaint, the attempt is misplaced for three reasons. *First*, the Settlement Agreement contains no admissions by any Tether Defendant and, indeed, is inadmissible under Federal Rule of Evidence 408 to prove liability. *Second*, the Amended Complaint itself does not discuss the Settlement Agreement; and even if it did, such references would be stricken. *See Lipsky v. Commonwealth United Corporation,* 551 F.2d 887, 893-94 (2d Cir. 1976) (affirming district court's order striking complaint's allegations concerning consent decree because allegations were not the result of an adjudication); *Dent v. U.S. Tennis Ass'n, Inc.,* 2008 WL 2483288, at *2 (E.D.N.Y. June 17, 2008) (granting motion to strike on the grounds that settlement agreement with New York Attorney General was not the product of an adjudication on the merits and therefore was inadmissible). *Third*, the Settlement Agreement does not address the substantive issues presented by the pending motions.

  If the Court so instructs, we would be happy to elaborate, with citation to relevant authority in further briefing.

---

[1] The "Tether Defendants" include: iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether International Limited, Tether Limited, DigFinex Inc., Ludovicus Jan van der Velde, and Giancarlo Devasini.

Respectfully submitted,

| | |
|---|---|
| /s/ Michael Jason Lee<br>Michael Jason Lee<br>**Law Offices of Michael Jason Lee, APLC**<br>*Counsel for the Tether Defendants* | /s/ Jim Walden<br>Jim Walden<br>**Walden Macht & Haran LLP**<br>*Counsel for the Tether Defendants* |