**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re Tether and Bitfinex Crypto Asset Litigation | Case No. 1:19-cv-09236 (KPF) |

## ANSWER OF BITFINEX AND TETHER TO
## AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., DigFinex Inc., Tether Holdings Limited, Tether Limited, Tether Operations Limited, Tether International Limited, Ludovicus Jan van der Velde, and Giancarlo Devasini, (collectively, "Bitfinex and Tether"), by their undersigned counsel, for their Answer to the Amended Consolidated Class Action Complaint ("Complaint"), state:

1. Deny the allegations contained in Paragraph 1 of the Complaint.

2. Deny the allegations contained in Paragraph 2 of the Complaint.

3. Deny the allegations contained in Paragraph 3 of the Complaint.

4. Deny the allegations contained in Paragraph 4 of the Complaint.

5. Admit that tethers are a type of digital token known as "stablecoins," which means their value is pegged to traditional currency (U.S. Dollars, Euros, etc.), and that can, subject to certain restrictions, be redeemed on a one-to-one basis for the traditional currency in which they are denominated. Admit that Tether Holdings Limited, Tether Limited, Tether Operations Limited, and Tether International Limited are the companies that administer tether. Deny the remaining allegations contained in Paragraph 5 of the Complaint.[1]

---

[1] Footnote 1 of the Complaint does not set forth a claim for relief or allege facts to which a response is required. For purposes of its Answer, Bitfinex and Tether adopt the same terminology as the Complaint and use "tether" to refer to the digital asset and "Tether" to refer to the relevant entity or entities.

6.      Deny the allegations contained in Paragraph 6 of the Complaint.

7.      Deny the allegations contained in Paragraph 7 of the Complaint.

8.      Deny the allegations contained in Paragraph 8 of the Complaint.

9.      Deny the allegations contained in Paragraph 9 of the Complaint.

10.     Deny the allegations contained in Paragraph 10 of the Complaint.

11.     Deny the allegations contained in Paragraph 11 of the Complaint.

12.     Deny the allegations contained in the first sentence of Paragraph 12 of the Complaint, and specifically deny that market prices increased "largely due to Defendants' price manipulation."   Admit that the market price of bitcoin, Ether, and litecoin increased between December 2016 and December 2017.   Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the exact price levels.

13.     Deny the allegations contained in Paragraph 13 of the Complaint.

14.     With respect to the allegations contained in Paragraph 14 of the Complaint, admit that the market price of bitcoin, Ether, and litecoin decreased between December 2017 and 2018. Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the exact price levels.

15.     Admit that the New York Attorney General, the Commodities Futures Trading Commission, and the Department of Justice have conducted investigations into various Defendants.  Deny the remaining allegations contained in Paragraph 15 of the Complaint.[2]

16.     Deny the allegations contained in Paragraph 16 of the Complaint.

17.     Admit that Plaintiffs purport to have brought this civil action under the Sherman Act, the Commodities Exchange Act, the Racketeer Influenced and Corrupt Organizations Act,

---

[2] Footnote 2 does not set forth a claim for relief or allege facts to which a response is required.

common law fraud, and the New York General Business Law.  Deny the remaining allegations contained in Paragraph 17 of the Complaint.  To the extent Paragraph 17 states conclusions or characterizations of law, no response is required.

18.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to Mr. Script's citizenship or his alleged purchases of cryptocommodities, as set forth in Paragraph 18 and its subparts.  Deny the remaining allegations contained in Paragraph 18 of the Complaint.

19.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to Mr. Leibowitz's citizenship or his alleged purchases, as set forth in Paragraph 19 and its subparts.  Deny the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to Mr. Leibowitz's citizenship or his alleged purchases, as set forth in Paragraph 20 and its subparts.  Deny the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to Mr. Leibowitz's citizenship or his alleged purchases, as set forth in Paragraph 21.  Deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to Mr. Goldshtein's citizenship or his alleged purchases, as set forth in Paragraph 22 and its subparts.  Deny the remaining allegations contained in Paragraph 22 of the Complaint.

23.     Admit that DigFinex Inc. is incorporated in the British Virgin Islands, but state that the allegation in Paragraph 23 regarding DigFinex's citizenship is a conclusion or characterization of law to which no response is required.  Admit that DigFinex currently owns a majority of the

shares of iFinex Inc.  Deny the remaining allegations contained in Paragraph 23.[3,4,5]

24.     Admit that the current shareholders of DigFinex Inc. include Ludovicus Jan van der Velde, Giancarlo Devasini, Paolo Ardoino, and Stuart Hoegner.  Deny the remaining allegations contained in Paragraph 24 of the Complaint.[6,7,8]

25.     Admit that iFinex Inc. operates Bitfinex, an online platform for exchanging and trading digital assets, and that BFXNA Inc. and BFXWW Inc. contract with Bitfinex's customers. Deny the remaining allegations contained in Paragraph 25 of the Complaint.[9]

26.     Admit the allegations in Paragraph 26 of the Complaint, but state that the allegation in Paragraph 26 regarding iFinex's citizenship is a conclusion or characterization of law to which no response is required.[10,11,12]

27.     Admit the allegations in Paragraph 27 of the Complaint, but state that the allegation in Paragraph 27 regarding BFXNA's citizenship is a conclusion or characterization of law to which no response is required.[13]

28.     Admit the allegations in Paragraph 28 of the Complaint, but state that the allegation in Paragraph 28 regarding BFXWW's citizenship is a conclusion or characterization of law to which no response is required.[14]

29.     Admit that Tether Operations Limited currently is the issuer of USDT.  Deny the remaining allegations contained in Paragraph 29 of the Complaint.

---

[3] Deny that the charts referenced in Footnote 3 (attached to the Complaint as Exhibit A), are complete and accurate.
[4] Footnote 4 does not set forth a claim for relief or allege facts to which a response is required.
[5] Footnote 5 does not set forth a claim for relief or allege facts to which a response is required.
[6] Admit that Mr. Ardoino is the Chief Technology Officer of Bitfinex and Tether.
[7] Admit that Mr. Hoegner is the General Counsel of Bitfinex and Tether.
[8] Footnote 8 does not set forth a claim for relief or allege facts to which a response is required.
[9] Footnote 9 does not set forth a claim for relief or allege facts to which a response is required.
[10] Footnote 10 does not set forth a claim for relief or allege facts to which a response is required.
[11] Footnote 11 does not set forth a claim for relief or allege facts to which a response is required.
[12] Footnote 12 does not set forth a claim for relief or allege facts to which a response is required.
[13] Footnote 13 does not set forth a claim for relief or allege facts to which a response is required.
[14] Footnote 14 does not set forth a claim for relief or allege facts to which a response is required.

30.     Admit the allegations in Paragraph 30 of the Complaint, but state that the allegation in Paragraph 30 regarding Tether Holdings Limited's citizenship is a conclusion or characterization of law to which no response is required.[15,16]

31.     Admit the allegations in Paragraph 31 of the Complaint, but state that the allegation in Paragraph 31 regarding Tether Operations Limited's citizenship is a conclusion or characterization of law to which no response is required.[17]

32.     Admit the allegations in Paragraph 32 of the Complaint, but state that the allegation in Paragraph 32 regarding Tether International Limited's citizenship is a conclusion or characterization of law to which no response is required.[18]

33.     Admit the allegations in Paragraph 33 of the Complaint, but state that the allegation in Paragraph 33 regarding Tether Limited's citizenship is a conclusion or characterization of law to which no response is required.[19]

34.     Admit that Velde is the Chief Executive Officer of iFinex Inc., BFXNA Inc., BFXWW Inc., and Tether Limited, but deny that he held that position with regard to all entities since 2013.  Admit that Velde is one of two directors listed on the corporate registries of DigFinex Inc., iFinex Inc., and Tether Limited, and is a shareholder of DigFinex Inc. and Tether Holdings Limited.  Admit that Velde is a citizen of the Netherlands.  Deny the remaining allegations

---

[15] Footnote 15 does not set forth a claim for relief or allege facts to which a response is required.
[16] Footnote 16 does not set forth a claim for relief or allege facts to which a response is required.
[17] Footnote 17 contains a characterization of a written document to which no response is required.  To the extent a response is deemed required, Bitfinex and Tether respectfully refer the Court to the Affidavit cited in Footnote 17 for full and accurate language.  Bitfinex and Tether lack knowledge and information sufficient to form a belief as to Plaintiffs' inability to locate records, as alleged in Footnote 17.
[18] Footnote 18 does not set forth a claim for relief or allege facts to which a response is required.
[19] Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the authenticity or accuracy of the website cited in Footnote 19.

contained in Paragraph 34 of the Complaint.[20,21,22,23,24,25]

35. Admit the allegations in Paragraph 35 of the Complaint.[26,27,28,29,30]

36. Admit that Potter held the title of Chief Strategy Officer until approximately February 2018. Admit that Potter was a director of Tether Holdings Limited and was a past shareholder of DigFinex. Bitfinex and Tether lack knowledge and information sufficient to form a belief as to Mr. Potter's citizenship. Deny the remaining allegations contained in Paragraph 36 of the Complaint.[31,32,33]

37. Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Complaint.

38. Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 38 of the Complaint.

39. Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 39 of the Complaint.

40. Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Complaint.[34,35]

---

[20] Admit the allegations contained in Footnote 20.
[21] Footnote 21 does not set forth a claim for relief or allege facts to which a response is required.
[22] Footnote 22 does not set forth a claim for relief or allege facts to which a response is required.
[23] Footnote 23 does not set forth a claim for relief or allege facts to which a response is required.
[24] Footnote 24 does not set forth a claim for relief or allege facts to which a response is required.
[25] Footnote 25 does not set forth a claim for relief or allege facts to which a response is required.
[26] Admit the allegations contained in Footnote 26.
[27] Footnote 27 does not set forth a claim for relief or allege facts to which a response is required.
[28] Footnote 28 does not set forth a claim for relief or allege facts to which a response is required.
[29] Footnote 29 does not set forth a claim for relief or allege facts to which a response is required.
[30] Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the nature of Bitcointalk.org. The remaining content in Footnote 30 does not set forth a claim for relief or allege facts to which a response is required.
[31] Footnote 31 does not set forth a claim for relief or allege facts to which a response is required.
[32] Footnote 32 does not set forth a claim for relief or allege facts to which a response is required.
[33] Footnote 33 does not set forth a claim for relief or allege facts to which a response is required.
[34] Footnote 34 does not set forth a claim for relief or allege facts to which a response is required.
[35] Footnote 35 does not set forth a claim for relief or allege facts to which a response is required.

41.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 41 of the Complaint.[36]

42.     Because Paragraph 42 of the Complaint states conclusions or characterizations of law, no response is required.

43.     Because Paragraph 43 of the Complaint states conclusions or characterizations of law, no response is required.

44.     Because Paragraph 44 of the Complaint states conclusions or characterizations of law, no response is required.

45.     Because Paragraph 45 of the Complaint states conclusions or characterizations of law, no response is required.

46.     Because Paragraph 46 of the Complaint states conclusions or characterizations of law, no response is required.

47.     Admit that this the case purports to concern "crypto-assets," as that term is used by Plaintiffs.  Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the accuracy or completeness of Plaintiffs' definition of "crypto-assets."  Deny the remaining allegations contained in Paragraph 47 of the Complaint.[37]

48.     Admit that Bitcoin was the world's first major "crypto-asset," as that term is used by Plaintiffs.  Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the traits of Bitcoin that enabled it to succeed.  Deny the remaining allegations contained in Paragraph 48 of the Complaint.[38]

---

[36] Footnote 36 does not set forth a claim for relief or allege facts to which a response is required.
[37] Admit that the commonly used term to collectively describe the many different types of digital assets is cryptocurrencies.  The remaining content of Footnote 37 does not set forth a claim for relief or allege facts to which a response is required.
[38] Admit the allegations contained in Footnote 38.

49.     Deny the allegations contained in Paragraph 49 of the Complaint.

50.     Admit that Bitcoin employs a ledger system commonly referred to as the "blockchain." Admits that bitcoin is received by users through use of a digital "address."  Deny the remaining allegations contained in Paragraph 50 of the Complaint and deny that the "ownership and transfer of every bitcoin in existence" is tracked on the Bitcoin blockchain.  For example, "off-chain" transfers regularly occur outside of the Bitcoin blockchain.

51.     Admit that the Bitcoin blockchain allows for the secure exchange of bitcoin.  Deny the remaining allegations contained in Paragraph 51 of the Complaint and further state that Plaintiffs' allegations regarding the actual functioning of the Bitcoin blockchain are incomplete and/or incorrect.

52.     Admit that the term "mining" is used to describe the process through which transaction data is added to the Bitcoin blockchain and that "mining" is involved with the block reward and distribution system.  Deny the remaining allegations contained in Paragraph 52 of the Complaint and further state that Plaintiffs' allegations regarding the actual functioning of the Bitcoin blockchain and the nature of mining are incomplete and/or incorrect.

53.     Admit that Plaintiffs' allegation that "Bitcoin is designed so it gets . . . harder to mine" and Plaintiffs' allegations regarding "halving," are generally correct.  Deny the remaining allegations contained in Paragraph 53 of the Complaint and further state that Plaintiffs' allegations regarding the actual functioning of the Bitcoin blockchain and the nature of mining are incomplete and/or incorrect.  For example, the complexity of the mining process depends on block discovery time.

54.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as

to the allegations contained in Paragraph 54 of the Complaint.[39]

55.    Admit the allegations in Paragraph 55 of the Complaint.[40]

56.    Admit the allegations in Paragraph 56 of the Complaint.

57.    Admit that Bitcoin's decentralization distinguishes it from many assets.  Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 57 of the Complaint.

58.    Admit that "since the creation of Bitcoin, the number and types of distinct crypto-assets have grown dramatically."  Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 58 of the Complaint.

59.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 59 of the Complaint.

60.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 60 of the Complaint.

61.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 61 of the Complaint.

62.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 62 of the Complaint.

63.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 63 of the Complaint.

64.    Admit that "some crypto-assets reproduce Bitcoin's defining central architecture." Deny the remaining allegations contained in Paragraph 64 of the Complaint and specifically deny

---

[39] Admit that "Proof of Stake" is an alternative consensus mechanism to "Proof of Work."  Deny the remaining allegations contained in Footnote 39.
[40] Footnote 40 does not set forth a claim for relief or allege facts to which a response is required.

that the term "cryptocommodities" is generally used or accepted, or that "cryptocommodities . . . make up a distinct market" with the market capitalization value alleged by Plaintiffs, or that the "cryptocommodities" identified in the Complaint uniformly possess the characteristics ascribed to them by Plaintiffs (e.g., have a controlled supply that cannot be unilaterally increased).

65.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 65 of the Complaint.[41]

66.     Deny the allegations contained in Paragraph 66 of the Complaint.

67.     Deny the allegations contained in Paragraph 67 of the Complaint, including the allegation that "different cryptocommodities . . . are reasonable substitutes for each other."

68.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 68 of the Complaint.

69.     Deny the allegations contained in Paragraph 69 of the Complaint.

70.     Deny the allegations contained in Paragraph 70 of the Complaint.

71.     Deny the allegations contained in Paragraph 71 of the Complaint.

72.     Deny the allegations contained in the first sentence of Paragraph 72 of the Complaint.  Admit the remaining allegations contained in Paragraph 72 of the Complaint.

73.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 73 of the Complaint.

74.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 74 of the Complaint.

75.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 75 of the Complaint.

---

[41] Admit the allegations contained in Footnote 41.

76.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 76 of the Complaint.

77.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 77 of the Complaint.

78.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 78 of the Complaint.

79.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 79 of the Complaint.

80.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 80 of the Complaint.

81.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 81 of the Complaint.

82.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 82 of the Complaint.

83.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 83 of the Complaint.

84.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 84 of the Complaint.

85.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 85 of the Complaint.[43,44,45]

86.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as

---

[43] Footnote 43 does not set forth a claim for relief or allege facts to which a response is required.
[44] Footnote 44 does not set forth a claim for relief or allege facts to which a response is required.
[45] Footnote 45 does not set forth a claim for relief or allege facts to which a response is required.

to the allegations contained in Paragraph 86 of the Complaint.[46],[47]

87.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 87 of the Complaint.[48]

88.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 88 of the Complaint.[49]

89.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 89 of the Complaint.[50]

90.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 90 of the Complaint.[51]

91.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 91 of the Complaint.[52]

92.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 92 of the Complaint.

93.     With respect to the allegations contained in Paragraph 93 of the Complaint, admit that bitcoin's price fluctuated between 2014 and July 2017.  Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the exact price levels of bitcoin.[53]

94.     With respect to the allegations contained in Paragraph 94 of the Complaint, admit that bitcoin's price reached its then all-time high in December 2017.  Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the exact price levels of bitcoin or its

---

[46] Footnote 46 does not set forth a claim for relief or allege facts to which a response is required.
[47] Footnote 47 does not set forth a claim for relief or allege facts to which a response is required.
[48] Footnote 48 does not set forth a claim for relief or allege facts to which a response is required.
[49] Footnote 49 does not set forth a claim for relief or allege facts to which a response is required.
[50] Footnote 50 does not set forth a claim for relief or allege facts to which a response is required.
[51] Footnote 51 does not set forth a claim for relief or allege facts to which a response is required.
[52] Footnote 52 does not set forth a claim for relief or allege facts to which a response is required.
[53] Footnote 53 does not set forth a claim for relief or allege facts to which a response is required.

market capitalization.

95.     With respect to the allegation contained in Paragraph 95 of the Complaint, admit that the price of bitcoin declined in the period immediately following December 2017.

96.     With respect to the allegations contained in Paragraph 96 of the Complaint, admit that bitcoin's price declined between December 2017 and December 2018.  Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the exact price levels of bitcoin or its market capitalization.

97.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 97 of the Complaint.[54]

98.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 98 of the Complaint.

99.     Admit the allegations in Paragraph 99 of the Complaint as they pertain to USDT. Bitfinex and Tether lack knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 99 of the Complaint.

100.    Admit the allegations contained in Paragraph 100 of the Complaint.

101.    Admit the allegations contained in Paragraph 101 of the Complaint.

102.    Admit the allegations contained in Paragraph 102 of the Complaint.

103.    Admit the allegations contained in Paragraph 103 of the Complaint.

104.    Deny the allegations contained in Paragraph 104 of the Complaint, and further state that the allegations contained in Paragraph 104 regarding the detail provided by public blockchain is inaccurate.   For example, "off-chain" transactions cannot necessarily be followed "by downloading and analyzing the relevant blockchain," thus preventing tracing.

---

[54] Footnote 54 does not set forth a claim for relief or allege facts to which a response is required.

105.    Admit that "crypto-exchanges . . . enable smoother and faster trading between individuals."  Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 105 of the Complaint.

106.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 106 of the Complaint.

107.    Deny the allegation contained in Paragraph 107 of the Complaint that the "destination address is often different each time the customer makes a transfer."  Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 107 of the Complaint.[55]

108.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 108 of the Complaint.

109.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 109 of the Complaint.

110.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 110 of the Complaint.

111.    Deny the allegations contained in Paragraph 111 of the Complaint.

112.    Admit that Tether Operations Limited authorizes, issues, and redeems USDT, and that tether was one of the first stablecoins.  Deny the remaining allegations contained in Paragraph 112 of the Complaint.

113.    Admit the allegation in Paragraph 113 of the Complaint.

114.    Admit that USDT is not mined.  Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 114

---

[55] Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the statements made regarding withdrawals and deposits on Poloniex.

of the Complaint.

115.    Admit that the value of most stablecoins is linked to the underlying asset.  Deny the remaining allegations contained in Paragraph 115 of the Complaint.

116.    Admit that Tether has made representations regarding the nature of tether's backing, the issuance of tether, and the ability to redeem tether, and refer to such representations for the contents thereof.  Deny the remaining allegations contained in Paragraph 116.

117.    Admit that USDT is intended to have the value of a corresponding amount of USD. Deny the remaining allegations contained in Paragraph 117 of the Complaint, and specifically deny that Paragraph 117 accurately characterizes the market valuation, issuance, redemption, and destruction processes.  For example, Paragraph 117 ignores the impact of market forces (e.g., supply and demand) on the value of USDT.  Similarly, the allegation that "when a customer sent Tether one U.S. dollar, Tether would send one USDT in exchange," is overly generalized. Paragraph 117 also conflates the distinct processes of redemption and destruction (referred to in the Complaint as "burning").  By way of very simplified example, a customer might redeem 100 USDT for $100, at which point that 100 USDT may be used to satisfy another customer's request for USDT, returned to a treasury wallet, or destroyed altogether.

118.    Admit that issuance and destruction of USDT by Tether is recorded on the public blockchain associated with that specific type of USDT, and that associated U.S. dollar transactions are not generally visible to the public.  Deny the remaining allegations contained in Paragraph 118 of the Complaint.

119.    Admit that USDT is intended to be "stable and safe like the U.S. dollar" and "easily transferrable across different crypto-exchanges."  Deny the remaining allegations contained in Paragraph 119 of the Complaint.

120.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 120 of the Complaint.[56],[57]

121.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 121 of the Complaint.[58],[59]

122.     Admit that Realcoin ultimately was rebranded as Tether, and that Tether Holdings Limited was incorporated in September 2014 by Mr. Devasini and Mr. Potter.  Deny the remaining allegations contained in Paragraph 122 of the Complaint insofar as the allegations conflate the multiple digital assets commonly referred to as "tether" and U.S. dollar tether (USDT).[60],[61]

123.     Admit that Tether authorized 100 USDT on October 6, 2014, issued 20 of the authorized USDT, and left 80 USDT "authorized but not issued."  Deny the remaining allegations contained in Paragraph 123 of the Complaint.

124.      Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 124 of the Complaint.[62],[63]

125.     Admit that the cited snapshot of Tether's website as it existed on March 20, 2015 contains the quoted language.  Deny the remaining allegations contained in Paragraph 125.[64]

126.     Admit that the cited snapshot of Tether's website as it existed on March 20, 2015 contains the quoted language.  Deny the remaining allegations contained in Paragraph 126.[65]

127.     Admit that Tether's white paper contains the quoted language contained in

---

[56] Footnote 56 does not set forth a claim for relief or allege facts to which a response is required.
[57] Footnote 57 does not set forth a claim for relief or allege facts to which a response is required.
[58] Footnote 58 does not set forth a claim for relief or allege facts to which a response is required.
[59] Footnote 59 does not set forth a claim for relief or allege facts to which a response is required.
[60] Footnote 60 does not set forth a claim for relief or allege facts to which a response is required.
[61] Footnote 61 does not set forth a claim for relief or allege facts to which a response is required.
[62] Footnote 62 does not set forth a claim for relief or allege facts to which a response is required.
[63] Footnote 63 does not set forth a claim for relief or allege facts to which a response is required.
[64] Footnote 64 does not set forth a claim for relief or allege facts to which a response is required.
[65] Footnote 65 does not set forth a claim for relief or allege facts to which a response is required.

Paragraph 127.  Deny the remaining allegations contained in Paragraph 127 of the Complaint.[66]

128.    Admit that Tether's white paper contains the quoted language contained in Paragraph 128.  Deny the remaining allegations contained in Paragraph 128 of the Complaint.[67,68]

129.    Admit that Tether's white paper contains the image reflected in Paragraph 129. Deny the remaining allegations contained in Paragraph 129 of the Complaint. [69]

130.    Admit that the quoted language is excerpted from the Declaration of J.L. van der Velde filed in *iFinex Inc. v. Wells Fargo & Company*, No. 3:17-cv-1882 (N.D. Cal.).  Deny the remining allegations in  Paragraph 130 of the Complaint insofar as they purport to characterize a document, and refer to the Declaration for its full and accurate language, meaning, and effect.[70]

131.    Deny the allegations contained in Paragraph 131 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[71]

132.    Deny the allegations contained in Paragraph 132 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[72]

133.    Deny the allegations contained in Paragraph 133 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[73]

134.    Deny the allegations contained in Paragraph 134 of the Complaint insofar as they

---

[66] Footnote 66 does not set forth a claim for relief or allege facts to which a response is required.
[67] Footnote 67 does not set forth a claim for relief or allege facts to which a response is required.
[68] Footnote 68 does not set forth a claim for relief or allege facts to which a response is required.
[69] Footnote 69 does not set forth a claim for relief or allege facts to which a response is required.
[70] Footnote 70 does not set forth a claim for relief or allege facts to which a response is required.
[71] Footnote 71 does not set forth a claim for relief or allege facts to which a response is required.
[72] Footnote 72 does not set forth a claim for relief or allege facts to which a response is required.
[73] Footnote 73 does not set forth a claim for relief or allege facts to which a response is required.

purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[74],[75]

135.     Deny the allegations in Paragraph 135 of the Complaint insofar as they purport to characterize a document, and refer to the cited Bloomberg articles for their full and accurate language, meaning, and effect.[76],[77]

136.     Admit that tether tokens represent a significant portion of the stablecoin market. Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 136 of the Complaint.

137.     Admit that as of the date the Complaint was filed, there were roughly 9.1 billion USDT in circulation and USDT was appropriately reserved.  Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 137 of the Complaint, except to deny any implication concerning the accuracy or inaccuracy of Tether's "original representations."[78]

138.     Admit the allegations contained in Paragraph 138 of the Complaint.

139.     Admit that Bitfinex allows users to deposit and withdraw fiat currency of certain denominations, including U.S. dollars and euros.  Deny the remaining allegations contained in Paragraph 139 of the Complaint.[79]

140.     Admit that Bitfinex was launched in 2012.  Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 140 of the Complaint.[80]

---

[74] Footnote 74 does not set forth a claim for relief or allege facts to which a response is required.
[75] Footnote 75 does not set forth a claim for relief or allege facts to which a response is required.
[76] Footnote 76 does not set forth a claim for relief or allege facts to which a response is required.
[77] Footnote 77 does not set forth a claim for relief or allege facts to which a response is required.
[78] Footnote 78 does not set forth a claim for relief or allege facts to which a response is required.
[79] Footnote 79 does not set forth a claim for relief or allege facts to which a response is required.
[80] Footnote 80 does not set forth a claim for relief or allege facts to which a response is required.

141.    Admit that in June 2016, and without admitting or denying any of the findings or conclusions contained in the relevant Order (which included the quoted language contained in Paragraph 141), Bitfinex submitted an Offer of Settlement to the CFTC that included the payment of $75,000 by Bitfinex to the CFTC.  Deny the remaining allegations contained in Paragraph 141 of the Complaint.[81]

142.    Admit the allegations contained in Paragraph 142 of the Complaint.

143.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 143 of the Complaint.

144.    Deny the allegations contained in Paragraph 144 of the Complaint insofar as they purport to characterize a document, refer to the cited source for its full and accurate language, meaning, and effect, and deny the remaining allegations.  Bitfinex further states that "hidden" orders are commonly available and widely used in both traditional and digital finance, and the availability of hidden orders on an exchange (e.g., the New York Stock Exchange) does not make that exchange "prone to manipulation" as alleged in Paragraph 144.[82,83]

145.    Deny the allegations contained in Paragraph 145 of the Complaint insofar as they purport to characterize a document, refer to the cited source for its full and accurate language, meaning, and effect, and deny the remaining allegations.  Bitfinex and Tether specifically deny that the referenced report contained any finding or statement that Bitfinex was "ripe for abuse."[84,85]

146.    Deny the allegations contained in Paragraph 146 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language,

---

[81] Footnote 81 does not set forth a claim for relief or allege facts to which a response is required.
[82] Footnote 82 does not set forth a claim for relief or allege facts to which a response is required.
[83] Footnote 83 does not set forth a claim for relief or allege facts to which a response is required.
[84] Footnote 84 does not set forth a claim for relief or allege facts to which a response is required.
[85] Footnote 85 does not set forth a claim for relief or allege facts to which a response is required.

meaning, and effect.[86]

147.    Admit the allegations contained in Paragraph 147 of the Complaint.[87]

148.    Deny the allegations contained in Paragraph 148 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[88]

149.    Deny the allegations contained in Paragraph 149 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[89]

150.    Deny the allegations contained in Paragraph 150 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect. [90,91]

151.    Deny the first sentence in Paragraph 151 of the Complaint and further admit that USDT was issued in response to demand.  Deny the remaining allegations contained in Paragraph 151 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect, and refer to the Bitfinex Quarterly Update for its full and accurate language, meaning, and effect.[92]

152.    Admit that Realcoin was rebranded as Tether.  Deny the remaining allegations contained in Paragraph 152 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[93]

---

[86] Footnote 86 does not set forth a claim for relief or allege facts to which a response is required.
[87] Footnote 87 does not set forth a claim for relief or allege facts to which a response is required.
[88] Footnote 88 does not set forth a claim for relief or allege facts to which a response is required.
[89] Footnote 89 does not set forth a claim for relief or allege facts to which a response is required.
[90] Footnote 90 does not set forth a claim for relief or allege facts to which a response is required.
[91] Footnote 91 does not set forth a claim for relief or allege facts to which a response is required.
[92] Footnote 92 does not set forth a claim for relief or allege facts to which a response is required.
[93] Footnote 93 does not set forth a claim for relief or allege facts to which a response is required.

153.     Admit that Devasini was a shareholder, and Potter a director, of Tether Holdings Limited at the time of the November 2014 announcement, and that they were Bitfinex's then-CFO and CSO, respectively.   Deny the remaining allegations contained in Paragraph 153 of the Complaint insofar as they purport to characterize a document, and refer to the November 2014 announcement for its full and accurate language, meaning, and effect.[94]

154.     Admit that Velde and Devasini held the titles of CEO and CFO of Bitfinex, respectively, that Velde and Devasini served as Tether Limited's only directors in November 2014, and that Tether Limited was incorporated in September 2014.   Deny the remaining allegations contained in Paragraph 154 of the Complaint insofar as they purport to characterize a document, and refer to the November 2014 announcement for its full and accurate language, meaning, and effect.[95]

155.     Admit that the description of the cited snapshot of Tether's website, as it existed on March 29, 2015, is correct.   Deny the remaining allegations and refer the Court to the cited document for its full and accurate language, meaning, and effect.[96]

156.     Deny the allegations contained in Paragraph 156 of the Complaint.[97]

157.     Admit that Bitfinex and Tether are affiliated companies that have overlapping owners and directors and other business links, and deny the remaining allegations contained in Paragraph 157 of the Complaint.

158.     Deny the allegations contained in Paragraph 158 of the Complaint insofar as the Tether "treasury" refers to a number of publicly viewable public addresses (as opposed to an "account") that store authorized (but not necessarily issued) tether, and is distinct from the

---

[94] Footnote 94 does not set forth a claim for relief or allege facts to which a response is required.
[95] Footnote 95 does not set forth a claim for relief or allege facts to which a response is required.
[96] Footnote 96 does not set forth a claim for relief or allege facts to which a response is required.
[97] Footnote 97 does not set forth a claim for relief or allege facts to which a response is required.

addresses associated with tether destruction.  Bitfinex and Tether refer to the cited document in

Paragraph 158 (the Tether White Paper) for its full and accurate language, meaning, and effect.[98]

159.    Admit that from approximately December 2017 through November 2018, Tether

did not allow direct customer purchases or sales of tether on the Tether platform.  Deny the

remaining allegations contained in Paragraph 159 of the Complaint.[99]

160.    Deny the allegations contained in Paragraph 160 of the Complaint.[100]

161.    Deny the allegations contained in Paragraph 161 of the Complaint.[101]

162.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as

to the allegations contained in Paragraph 162 of the Complaint.

163.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as

to the allegations contained in Paragraph 163 of the Complaint.[102,103,104,105]

164.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as

to the allegations contained in Paragraph 164 of the Complaint.

165.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as

to the allegations contained in Paragraph 165 of the Complaint.[106]

166.    Admit that Tether issued the press release described in Paragraph 166 of the

Complaint and that the quoted language appears therein.  Deny the remaining allegations contained

in Paragraph 166 of the Complaint, and refer to the press release cited for its full and accurate

---

[98] Footnote 98 does not set forth a claim for relief or allege facts to which a response is required.
[99] Footnote 99 does not set forth a claim for relief or allege facts to which a response is required.
[100] Footnote 100 does not set forth a claim for relief or allege facts to which a response is required.
[101] Footnote 101 does not set forth a claim for relief or allege facts to which a response is required.
[102] Footnote 102 does not set forth a claim for relief or allege facts to which a response is required.
[103] Footnote 103 does not set forth a claim for relief or allege facts to which a response is required.
[104] Footnote 104 does not set forth a claim for relief or allege facts to which a response is required.
[105] Footnote 105 does not set forth a claim for relief or allege facts to which a response is required.
[106] Footnote 106 does not set forth a claim for relief or allege facts to which a response is required.

language, meaning, and effect.[107]

167.    Admit the allegations contained in Paragraph 167 of the Complaint.[108]

168.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 168 of the Complaint.

169.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 169 of the Complaint.[109]

170.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 170 of the Complaint.

171.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 171 of the Complaint.[110,111,112]

172.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 172 of the Complaint.

173.    Admit that Tether worked with Bittrex to enable USDT trading on that exchange. Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 173 of the Complaint.[113]

174.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 174 of the Complaint.[114,115]

175.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 175 of the Complaint.

---

[107] Footnote 107 does not set forth a claim for relief or allege facts to which a response is required.
[108] Footnote 108 does not set forth a claim for relief or allege facts to which a response is required.
[109] Footnote 109 does not set forth a claim for relief or allege facts to which a response is required.
[110] Footnote 110 does not set forth a claim for relief or allege facts to which a response is required.
[111] Footnote 111 does not set forth a claim for relief or allege facts to which a response is required.
[112] Footnote 112 does not set forth a claim for relief or allege facts to which a response is required.
[113] Footnote 113 does not set forth a claim for relief or allege facts to which a response is required.
[114] Footnote 114 does not set forth a claim for relief or allege facts to which a response is required.
[115] Footnote 115 does not set forth a claim for relief or allege facts to which a response is required.

176.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 176 of the Complaint.[116],[117]

177.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 177 of the Complaint.[118]

178.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 178 of the Complaint.[119],[120]

179.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 179 of the Complaint.[121]

180.     Admit that Bitfinex first conducted business with Crypto Capital in 2014.  Deny the remaining allegations contained in Paragraph 180 of the Complaint.

181.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 181 of the Complaint.

182.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 182 of the Complaint.

183.     Deny the allegations contained in Paragraph 183 of the Complaint, and specifically deny that "conventional banks . . . shut[] down Tether and Bitfinex accounts for money laundering and other compliance issues."

184.     Deny the allegations contained in Paragraph 184 of the Complaint.[122]

185.     Admit that Tether issues the stablecoin tether, and Bitfinex operates a cryptocurrency exchange.  Bitfinex and Tether lack knowledge and information sufficient to form

---

[116] Footnote 116 does not set forth a claim for relief or allege facts to which a response is required.
[117] Footnote 117 does not set forth a claim for relief or allege facts to which a response is required.
[118] Footnote 118 does not set forth a claim for relief or allege facts to which a response is required.
[119] Footnote 119 does not set forth a claim for relief or allege facts to which a response is required.
[120] Footnote 120 does not set forth a claim for relief or allege facts to which a response is required.
[121] Footnote 121 does not set forth a claim for relief or allege facts to which a response is required.
[122] Footnote 122 does not set forth a claim for relief or allege facts to which a response is required.

a belief as to the allegations contained in Paragraph 185 of the Complaint concerning all other Defendants, and deny the remaining allegations.

186.    Deny the allegations contained in Paragraph 186 of the Complaint.

187.    Deny the allegations contained in Paragraph 187 of the Complaint.

188.    Admit that, depending on the time period in question, customers could purchase USDT from Tether or Bitfinex in exchange for one U.S. dollar.  Deny the remaining allegations contained in Paragraph 188 of the Complaint.

189.    Deny the allegations contained in Paragraph 189 of the Complaint.

190.    Deny the allegations contained in Paragraph 190 of the Complaint.

191.    Deny the allegations contained in Paragraph 191 of the Complaint.

192.    Deny the allegations contained in Paragraph 192 of the Complaint.

193.    Deny the allegations contained in Paragraph 193 of the Complaint.

194.    Deny the allegations contained in Paragraph 194 of the Complaint.

195.    Admit that Tether authorizes the creation of USDT and may store authorized USDT until such time as it is "issued" in exchange for the corresponding amount of U.S. dollars.  Bitfinex and Tether further admit that Tether possesses the ability to revoke or destroy tether.  Deny the remaining allegations contained in Paragraph 195 of the Complaint.[123]

196.    Admit that in the normal course, Tether authorized the creation of new USDT, which was stored in treasury wallets controlled by Tether (at which time it was *authorized but not issued*), before being issued to a customer (e.g., Bitfinex).  Deny the remaining allegations contained in Paragraph 196 of the Complaint.[124]

---

[123] Footnote 123 does not set forth a claim for relief or allege facts to which a response is required.
[124] Deny the allegations contained in Footnote 124.

197.     Admit the allegations contained in Paragraph 197 of the Complaint.[125]

198.     Admit that for some of its history, Bitfinex did not support USDT trading pairs with other digital assets and that, during that period, customers who desired to trade USDT *directly* for other digital assets would have to move the USDT to another exchange.  Deny the remaining allegations contained in Paragraph 198 of the Complaint.

199.     Deny the allegations contained in Paragraph 199 of the Complaint.

200.     Admit that USDT was, and is, useful for cross-exchange trading, and that customers could trade with USDT on Bittrex and Poloniex.  Deny the remaining allegations contained in Paragraph 200 of the Complaint.

201.     Deny the allegations contained in Paragraph 201 of the Complaint, and specifically deny that the allegations contained Paragraph 201 accurately reflect the nature of tether authorization, issuance, and/or off-chain acquisition by customers on the Bitfinex platform.

202.      Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 202 of the Complaint.

203.     Admit that tether was often issued to Bitfinex in large, round numbers in response to market demand (e.g., one issuance of 100 USDT to satisfy multiple customer requests), as opposed to reactively and serially in response to individual Bitfinex customer requests.  Deny the remaining allegations contained in Paragraph 203 of the Complaint.

204.     Admit the allegations contained in Paragraph 204 of the Complaint.[126]

205.     Admit that the 1J1d address received transfers of USDT.  Deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning how Poloniex

---

[125] Admit that Bitfinex supported the BTC/USDT trading pair in March 2019.
[126] Footnote 126 does not set forth a claim for relief or allege facts to which a response is required.

handled transfers of USDT, and deny the remaining allegations contained in Paragraph 205 of the Complaint.

206.    Admit that the 1AA6 address received transfers of USDT.  Deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning how Bittrex handled transfers of USDT, and deny the remaining allegations contained in Paragraph 206 of the Complaint.

207.    Deny the allegations contained in Paragraph 207 of the Complaint.

208.    Admit that approximately 3 billion USDT was transferred to the 1J1d and 1AA6 addresses through the end of 2018.  Deny the remaining allegations contained in Paragraph 208 of the Complaint.

209.    Deny the allegations contained in Paragraph 209 of the Complaint.

210.    Deny the allegations contained in Paragraph 210 of the Complaint.

211.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 211 of the Complaint.

212.    Deny the first sentence of Paragraph 212 of the Complaint.  Deny the remaining allegations contained in Paragraph 212 the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[127]

213.    Admit that the numerical totals contained in Paragraph 213 of the Complaint are correct.  Deny the remaining allegations contained in Paragraph 213 of the Complaint.

214.    Deny the allegations contained in Paragraph 214 of the Complaint.

215.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 215 of the Complaint.

---

[127] Footnote 127 does not set forth a claim for relief or allege facts to which a response is required.

216.    Deny the allegations contained in Paragraph 216 of the Complaint.

217.    Deny the allegations contained in Paragraph 217 of the Complaint.

218.    Deny the allegations contained in Paragraph 218 of the Complaint, and further deny that Tether's issuances of tether to Bitfinex were "secret."  Among other considerations, Bitfinex was publicly identified as the recipient of tether on Tether's website, by its publicly viewable addresses, as acknowledged by Paragraph 204 of the Complaint.

219.    Admit that Tether maintained appropriate reserves for issued USDT and that Tether satisfied customer redemption requests during the relevant period.  Deny the remaining allegations contained in Paragraph 219 of the Complaint.

220.    Deny the allegations contained in Paragraph 220 of the Complaint, and further state that Paragraph 220 misrepresents the content of the cited document, which in fact reported *gross profit* was $333.5 million.  As a matter of basic accounting, gross profit is not the same as revenue, and regardless, neither the value of customer funds used to purchase tether, nor the value of tether reserves makes up any component of either "gross profit" or "revenue."[128]

221.    Deny the allegations contained in Paragraph 221 of the Complaint.

222.    Deny the allegations contained in Paragraph 222 of the Complaint.

223.    Admit that Tether's business involved U.S. dollar deposits and redemptions, and deny the remaining allegations contained in Paragraph 223 of the Complaint.

224.    Admit that Bitfinex and Tether have used both U.S. bank accounts and accounts that maintain correspondent accounts with a U.S. bank.  Deny the remaining allegations contained in Paragraph 224 of the Complaint.

---

[128] Footnote 128 does not set forth a claim for relief or allege facts to which a response is required.

225.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 225 of the Complaint.[129]

226.    Admit that a hypothetical U.S. dollar transaction might proceed as described in Paragraph 226 of the Complaint.  Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 226.

227.    Deny the allegations contained in Paragraph 227 of the Complaint.[130]

228.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 228 of the Complaint.[131]

229.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 229 of the Complaint.[132]

230.    Deny the allegations contained in Paragraph 230 of the Complaint, and further state that as elsewhere in the Complaint, Paragraph 230 misrepresents the relationships by and among a business, that business's local financial institution, and the local financial institution's correspondent bank.

231.    Deny the allegations contained in Paragraph 231 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[133]

232.    Deny the allegations contained in Paragraph 232 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[134]

---

[129] Footnote 129 does not set forth a claim for relief or allege facts to which a response is required.
[130] Footnote 130 does not set forth a claim for relief or allege facts to which a response is required.
[131] Footnote 131 does not set forth a claim for relief or allege facts to which a response is required.
[132] Footnote 132 does not set forth a claim for relief or allege facts to which a response is required.
[133] Footnote 133 does not set forth a claim for relief or allege facts to which a response is required.
[134] Footnote 134 does not set forth a claim for relief or allege facts to which a response is required.

233.    Admit that Bitfinex and Tether utilized Taiwanese banks that maintained U.S. correspondent accounts at Wells Fargo to facilitate U.S. dollar withdrawals and deposits, and that in 2017, Wells Fargo stopped providing correspondent banking services for Bitfinex and Tether.[135],[136]

234.    Deny the allegations contained in Paragraph 234 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[137]

235.    Deny the allegations contained in Paragraph 235 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.  Deny the remaining allegations contained in Paragraph 235 of the Complaint, including the characterization by Plaintiffs that "Tether was . . . cut off from Taiwanese banks on April 17, 2017."[138]

236.    Deny the allegations contained in Paragraph 236 of the Complaint.

237.    Admit that USDT was issued in April 2017 in roughly the quantities alleged and during the periods alleged.  Deny the remaining allegations contained in Paragraph 237 of the Complaint.[139],[140],[141]

238.    Admit that Tether issued approximately 46 million USDT in May 2017.  Deny the remaining allegations contained in Paragraph 238 of the Complaint.

---

[135] Footnote 135 does not set forth a claim for relief or allege facts to which a response is required.
[136] Footnote 136 does not set forth a claim for relief or allege facts to which a response is required.
[137] Footnote 137 does not set forth a claim for relief or allege facts to which a response is required.
[138] Footnote 138 does not set forth a claim for relief or allege facts to which a response is required.
[139] Footnote 139 does not set forth a claim for relief or allege facts to which a response is required.
[140] Footnote 140 does not set forth a claim for relief or allege facts to which a response is required.
[141] Footnote 141 does not set forth a claim for relief or allege facts to which a response is required.

239.    Admit that Tether opened an account with Noble Bank International in September 2017.  Deny the remaining allegations contained in Paragraph 239 of the Complaint.[142]

240.    Admit that from approximately April to September 2017, Tether authorized new USDT, while both issuing USDT to, and redeeming USDT from, Bitfinex.  Deny the remaining allegations contained in Paragraph 240 of the Complaint.

241.    Deny the allegations contained in Paragraph 241 of the Complaint, and further state that Paragraph 241 improperly concludes that the disruption of correspondent banking services as it related to a small number of Taiwanese bank accounts, and the passage of time between that disruption and Tether's opening of a specific bank account (as opposed to the existence of other bank accounts), meant that USDT issued between April and September 2017 was not reserved.

242.    Admit that the volume of USDT issued before and after April 2017 are approximately correct.  Deny the remaining allegations contained in Paragraph 242 of the Complaint.

243.    Admit that tether has continued to be issued from October 2017 to the present. Deny the remaining allegations contained in Paragraph 243 of the Complaint.

244.    Admit that from October 28, 2017 to December 31, 2017, Tether *authorized* approximately 930 million USDT.  Deny the remaining allegations contained in Paragraph 244 of the Complaint.[143,144]

---

[142] Bitfinex and Tether lack knowledge and information sufficient to form a belief as to whether Mr. Pierce founded Noble Bank International, or the date that bank launched.  Bitfinex and Tether admit that Mr. Pierce was one of the original founders of Tether.
[143] Footnote 143 does not set forth a claim for relief or allege facts to which a response is required.
[144] Footnote 144 does not set forth a claim for relief or allege facts to which a response is required.

245.    Admit that Tether temporarily suspended direct redemptions of USDT for U.S. dollars in November 2017.  Deny the remaining allegations contained in Paragraph 245 of the Complaint.

246.    Deny the allegations contained in Paragraph 246 of the Complaint, and refer to the Bloomberg article cited in Paragraph 246 for its full and accurate language, meaning, and effect. Bitfinex and Tether further specifically deny the allegation that "reserves did not exist."[145]

247.    Admit that Bitfinex customers deposited funds to various accounts purportedly held or controlled by Crypto Capital.  Deny the remaining allegations contained in Paragraph 247 of the Complaint.[146]

248.    Deny the allegations contained in Paragraph 248 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[147]

249.    Admit that Tether issued 130 million USDT to Bitfinex on or about April 24, 2018. Deny the remaining allegations contained in Paragraph 249 of the Complaint.

250.    Admit that Bitfinex and Tether encountered difficulty accessing money from Crypto Capital at times in 2018.  Deny the remaining allegations contained in Paragraph 250 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[148,149]

251.    Admit that on October 16, 2018, Bitfinex redeemed 200 million USDT to Tether. Deny the remaining allegations contained in Paragraph 251 of the Complaint.

---

[145] Footnote 145 does not set forth a claim for relief or allege facts to which a response is required.
[146] Footnote 146 does not set forth a claim for relief or allege facts to which a response is required.
[147] Footnote 147 does not set forth a claim for relief or allege facts to which a response is required.
[148] Footnote 148 does not set forth a claim for relief or allege facts to which a response is required.
[149] Footnote 149 does not set forth a claim for relief or allege facts to which a response is required.

252.    Admit that on November 1, 2018, Tether published a letter from Deltec Bank & Trust confirming that the portfolio cash value of Tether Limited's account was $1,831,322,828 as of October 31, 2018 (exceeding the value of USDT in circulation by approximately $60 million). Deny the remaining allegations contained in Paragraph 252 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[150]

253.    Deny the allegations contained in Paragraph 253 of the Complaint.

254.    Deny the allegations contained in Paragraph 254 of the Complaint, and further state that publicly available blockchain records evidence the incremental flow of USDT to Bitfinex treasury wallets (e.g., 1KYiK-) in October 2018, the balance of authorized but not issued USDT reaching nearly 970 million on October 23, 2018, and Tether reducing its surplus of USDT by destroying 500 million USDT on October 24, 2018.

255.    Deny the allegations contained in Paragraph 255 of the Complaint, and further state that the allegations contained in Paragraph 255 omit the redemption of USDT by Bitfinex customers on the Bitfinex platform, as well as any direct redemption of USDT to Tether.

256.    Deny the allegations contained in Paragraph 256 of the Complaint.

257.    Deny the allegations contained in Paragraph 257 of the Complaint.

258.    Deny the allegations contained in Paragraph 258 of the Complaint.

259.    Deny the allegations contained in Paragraph 259 of the Complaint.

260.    Deny the allegations contained in Paragraph 260 of the Complaint.[151]

---

[150] Footnote 150 does not set forth a claim for relief or allege facts to which a response is required.
[151] Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Footnote 151.

261.    Admit that from October 2014 through December 2018, USDT was issued by Tether to Bitfinex.  Deny the allegations contained in Paragraph 261 of the Complaint, and further state that Paragraph 261 omits relevant information concerning offsetting USDT redemption and USDT destruction.

262.    Admit that USDT was sent from wallets on the Bitfinex exchange to 1AA6 and 1J1d wallets on the Bittrex and Poloniex exchanges between 2014 and December 2018, among others.  Deny the remaining allegations contained in Paragraph 262 of the Complaint.

263.    Admit that USDT was sent from wallets on the Bitfinex exchange to wallets on the Bittrex and Poloniex exchanges, among others.  Deny the remaining allegations contained in Paragraph 263 of the Complaint.

264.    Deny the allegations contained in Paragraph 264 of the Complaint and the accompanying chart.

265.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 265 of the Complaint and the accompanying charts.

266.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 266 of the Complaint and the accompanying chart.

267.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 267 of the Complaint and the accompanying chart.

268.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 268 of the Complaint.

269.    Admit that USDT issuances by Tether to Bitfinex were generally round numbers. Deny the remaining allegations contained in Paragraph 269 of the Complaint.

270.    Deny the allegations contained in Paragraph 270 of the Complaint.

271.     Deny the allegations contained in Paragraph 271 of the Complaint.

272.     Deny the allegations contained in Paragraph 272 of the Complaint, and specifically deny that the USDT issuances shown in the chart establish a positive "correlation between USDT issuances and bitcoin price increases," but rather the opposite.

273.     Deny the allegations contained in Paragraph 273 of the Complaint.

274.     Admit that on February 5, 2018, approximately 17 million USDT was sent by Bitfinex to address 1J1d- by way of 11 separate transmissions of "rounded" and "non-rounded" amounts, and approximately 24.6 million USDT was sent by Bitfinex to address 1AA6- by way of 15 separate transmissions of "rounded" and "non-rounded" amounts.   Deny the remaining allegations contained in Paragraph 274 of the Complaint except that, insofar as they purport to describe the exact price movement of bitcoin over time, Bitfinex and Tether lack knowledge and information sufficient to form a belief as to such allegations.

275.     Admit that on December 14, 2017, approximately 14.4 million USDT was sent by Bitfinex to address 1J1d- by way of 20 separate transmissions of "non-rounded" amounts, and approximately 22.3 million USDT was sent by Bitfinex to address 1AA6- by way of 33 separate transmissions of "non-rounded" amounts.   Deny the remaining allegations contained in Paragraph 275 of the Complaint except that, insofar as they purport to describe the exact price movement of bitcoin over time, Bitfinex and Tether lack knowledge and information sufficient to form a belief as to such allegations.

276.     Deny the allegations contained in Paragraph 276 of the Complaint.

277.     Deny the allegations contained in Paragraph 277 of the Complaint.

278.     Admit that on February 6, 2018, Bitfinex sent approximately 2 million USDT to address 1J1d-.  Deny the remaining allegations contained in Paragraph 278 of the Complaint.

279.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 279 of the Complaint and the corresponding chart.

280.    Deny the allegations contained in Paragraph 280 of the Complaint.

281.    Deny the allegations contained in Paragraph 281 of the Complaint insofar as they purport to characterize a document, and refer to the document for its title and content.[152]

282.    Deny the allegations contained in Paragraph 282 of the Complaint insofar as they purport to characterize a document, deny the conclusion of the document, and otherwise refer to the document for its full and accurate language, meaning, and effect.[153]

283.    Deny the allegations contained in Paragraph 283 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.[154]

284.    Deny the allegations contained in Paragraph 284 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.[155]

285.    Deny the allegations contained in Paragraph 285 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.[156]

286.    Deny the allegations contained in Paragraph 286 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.[157]

---

[152] Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Footnote 152 regarding Mr. Griffin and downloads of the Griffin Article.
[153] Footnote 153 does not set forth a claim for relief or allege facts to which a response is required.
[154] Footnote 154 does not set forth a claim for relief or allege facts to which a response is required.
[155] Footnote 155 does not set forth a claim for relief or allege facts to which a response is required.
[156] Footnote 156 does not set forth a claim for relief or allege facts to which a response is required.
[157] Footnote 157 does not set forth a claim for relief or allege facts to which a response is required.

287.    Deny the allegations contained in Paragraph 287 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.[158]

288.    Deny the allegations contained in Paragraph 288 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.  Bitfinex and Tether specifically deny the validity of the Griffin Article's alleged determinations and conclusions.[159]

289.    Deny the allegations contained in Paragraph 289 of the Complaint.

290.    Deny the allegations contained in Paragraph 290 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.[160]

291.    Deny the allegations contained in Paragraph 291 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.  Bitfinex and Tether specifically deny the validity of the Griffin Article's alleged findings.[161]

292.    Deny the allegations contained in Paragraph 292 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.  Bitfinex and Tether specifically deny the validity of the Griffin Article's alleged findings.[162]

293.    Deny the allegations contained in Paragraph 293 of the Complaint insofar as they

---

[158] Footnote 158 does not set forth a claim for relief or allege facts to which a response is required.
[159] Footnote 159 does not set forth a claim for relief or allege facts to which a response is required.
[160] Footnote 160 does not set forth a claim for relief or allege facts to which a response is required.
[161] Footnote 161 does not set forth a claim for relief or allege facts to which a response is required.
[162] Footnote 162 does not set forth a claim for relief or allege facts to which a response is required.

purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.[163]

294.    Deny the allegations contained in Paragraph 294 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.  Bitfinex and Tether specifically deny the validity of the Griffin Article's alleged findings.[164,165]

295.    Deny the allegations contained in Paragraph 295 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.  Bitfinex and Tether specifically deny the validity of the Griffin Article's alleged findings.[166,167]

296.    Deny the allegations contained in Paragraph 296 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.  Bitfinex and Tether specifically deny the validity of the Griffin Article's alleged findings.[168]

297.    Deny the allegations contained in Paragraph 297 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.  Bitfinex and Tether specifically deny the validity of the Griffin Article's alleged findings.[169]

298.    Deny the allegations contained in Paragraph 298 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language,

---

[163] Footnote 163 does not set forth a claim for relief or allege facts to which a response is required.
[164] Footnote 164 does not set forth a claim for relief or allege facts to which a response is required.
[165] Footnote 165 does not set forth a claim for relief or allege facts to which a response is required.
[166] Footnote 166 does not set forth a claim for relief or allege facts to which a response is required.
[167] Footnote 167 does not set forth a claim for relief or allege facts to which a response is required.
[168] Footnote 168 does not set forth a claim for relief or allege facts to which a response is required.
[169] Footnote 169 does not set forth a claim for relief or allege facts to which a response is required.

meaning, and effect.  Bitfinex and Tether specifically deny the validity of the Griffin Article's alleged findings.[170]

299.    Deny the allegations contained in Paragraph 299 of the Complaint insofar as they purport to characterize a document, refer to the document for its full and accurate language, meaning, and effect.  The Tether and Bitfinex Defendants specifically deny that the Revised Griffin Article "traced … price manipulation activity," and further state that, to the extent the article tracked the trading behavior of "one large player," that player was not Tether, Bitfinex, or any person affiliated with the Tether and Bitfinex Defendants.[171]

300.    Deny the allegations contained in Paragraph 300 of the Complaint.

301.    Deny the allegations contained in Paragraph 301 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.  Bitfinex and Tether specifically deny the validity of the Griffin Article's alleged findings.[172]

302.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 302 of the Complaint.

303.    Deny the allegations contained in Paragraph 303 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.  Bitfinex and Tether specifically deny the validity of the Griffin Article's alleged findings.[173]

304.    Deny the allegations contained in Paragraph 304 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language,

---

[170] Footnote 170 does not set forth a claim for relief or allege facts to which a response is required.
[171] Footnote 171 does not set forth a claim for relief or allege facts to which a response is required.
[172] Footnote 172 does not set forth a claim for relief or allege facts to which a response is required.
[173] Footnote 173 does not set forth a claim for relief or allege facts to which a response is required.

meaning, and effect.  Bitfinex and Tether specifically deny the validity of the Griffin Article's alleged findings.[174]

305.    Deny the allegations contained in Paragraph 305 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.  Bitfinex and Tether specifically deny the validity of the Griffin Article's alleged findings.[175]

306.    Admit that USDT was generally issued and transferred in the manner alleged in the first two sentences of Paragraph 306 of the Complaint.  Deny the allegations contained in the third sentence of Paragraph 306.

307.    Deny the allegations contained in Paragraph 307 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.  Bitfinex and Tether specifically deny the validity of alleged findings contained in the cited "tweet." (a post of 280 character or less on the social media site Twitter).[176]

308.    Deny the allegations contained in Paragraph 308 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.  Bitfinex and Tether specifically deny the validity of alleged findings contained in the cited "tweet."[177,178]

309.    Deny the allegations contained in Paragraph 309 of the Complaint insofar as they purport to characterize a document, and refer to the document for its full and accurate language, meaning, and effect.  Bitfinex and Tether specifically deny the validity of alleged findings

---

[174] Footnote 174 does not set forth a claim for relief or allege facts to which a response is required.
[175] Footnote 175 does not set forth a claim for relief or allege facts to which a response is required.
[176] Footnote 176 does not set forth a claim for relief or allege facts to which a response is required.
[177] Footnote 177 does not set forth a claim for relief or allege facts to which a response is required.
[178] Footnote 178 does not set forth a claim for relief or allege facts to which a response is required.

contained in the cited Medium blog post.[179],[180]

### 3.   Bittrex and Poloniex Were Knowing Participants in the Scheme

310.   Deny the allegations contained in Paragraph 310 of the Complaint.

311.   Deny the allegations contained in Paragraph 311 of the Complaint.

312.   Deny the allegations contained in Paragraph 312 of the Complaint.

313.   Deny the allegations contained in Paragraph 313 of the Complaint.

314.   Admit that Bitfinex transferred USDT to Bittrex and Poloniex.  Deny the remaining allegations contained in Paragraph 314 of the Complaint.

315.   Deny the allegations contained in Paragraph 315 of the Complaint.

316.   Deny the third  sentence of Paragraph 316 of the Complaint.  Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 316 of the Complaint.

317.   Bitfinex and Tether lack knowledge and information sufficient to form a belief as to when Bittrex and Poloniex "accepted USDT from normal customers."  Deny the remaining allegations contained in Paragraph 317 of the Complaint.

318.   Admit that the technical integration between a digital asset issuer and a digital asset exchange often requires cooperation and coordination between the issuer and the exchange, and that enabling USDT trading can require substantial technical coordination.  Paragraph 318 of the Complaint contains a characterization of a written document to which no response is required.  To the extent a response is deemed required, Bitfinex and Tether respectfully refer the Court to the document cited in Paragraph 318.  Bitfinex and Tether deny the remaining allegations contained in Paragraph 318, and further state that the quoted July 2019 language postdates the allegations

---

[179] Footnote 179 does not set forth a claim for relief or allege facts to which a response is required.
[180] Footnote 180 does not set forth a claim for relief or allege facts to which a response is required.

contained in the Complaint.[181]

319.     Deny the allegations contained in Paragraph 319 of the Complaint.

320.     Deny the allegations contained in Paragraph 320 of the Complaint.

321.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 321 of the Complaint.[182,183]

322.     Deny the allegations contained in Paragraph 322 of the Complaint.

323.     Admit that USDT was transferred from Bitfinex to Bittrex and Poloniex.  Deny the remaining allegations contained in Paragraph 323 of the Complaint.

324.     Deny the allegations contained in Paragraph 324 of the Complaint.

325.     Deny the allegations contained in Paragraph 325 of the Complaint.

326.     Deny the allegations contained in Paragraph 326 of the Complaint.

327.     Admit that Bitfinex was hacked in August 2016, and that 100% of all issued and outstanding BFX tokens were redeemed by April 2017.  Deny the remaining allegations contained in Paragraph 327 of the Complaint, and further deny that "Bitfinex lost its final banking relationship."[184,185]

328.      Admit that USDT was transferred from Bitfinex to Bittrex and Poloniex between April and June 2017.  Deny the remaining allegations contained in Paragraph 328 of the Complaint.

329.     Deny the allegations contained in Paragraph 329 of the Complaint.

---

[181] Footnote 181 does not set forth a claim for relief or allege facts to which a response is required.
[182] Footnote 182 does not set forth a claim for relief or allege facts to which a response is required.
[183] Footnote 183 does not set forth a claim for relief or allege facts to which a response is required.
[184] Footnote 184 does not set forth a claim for relief or allege facts to which a response is required.
[185] Admit that USDT authorizations in March 2017 were of a greater total amount than in prior months.  Deny the remaining allegations contained in Footnote 185.

330.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 330 of the Complaint, except deny the allegation that USDT was not backed by or redeemable for U.S. dollars.[186]

331.     Deny the allegations contained in Paragraph 331 of the Complaint.

332.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to Bittrex and Poloniex's alleged legal obligations.  Deny the remaining allegations contained in Paragraph 332 of the Complaint.

333.     Deny the allegations contained in Paragraph 333 of the Complaint.

334.     Deny the allegations contained in Paragraph 334 of the Complaint.

335.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations regarding the size or trading volume of Binance, Bittrex, or Poloniex.  Deny the remaining allegations contained in Paragraph 335 of the Complaint.[187]

336.     Deny the allegations contained in Paragraph 336 of the Complaint.

337.     Deny the allegations contained in Paragraph 337 of the Complaint.

338.     Deny the allegations contained in Paragraph 338 of the Complaint.

339.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 339 of the Complaint.

340.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 340 of the Complaint.

341.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations regarding "cryptocommodity reserves" held by Bittrex and Poloniex.  Deny the remaining allegations contained in Paragraph 341 of the Complaint.

---

[186] Footnote 186 does not set forth a claim for relief or allege facts to which a response is required.
[187] Footnote 187 does not set forth a claim for relief or allege facts to which a response is required.

342.    Deny the allegations contained in Paragraph 342 of the Complaint.[188]

343.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations regarding the purported interview by Mr. Potter.  Deny the remaining allegations contained in Paragraph 343 of the Complaint.[189]

344.    Deny the allegations contained in Paragraph 344 of the Complaint insofar as they purport to characterize an interview, and refer to the cited source for its full and accurate language, meaning, and effect.[190,191]

345.    Deny the allegations contained in Paragraph 345 of the Complaint insofar as they purport to characterize an interview, and refer to the cited source for its full and accurate language, meaning, and effect, except specifically deny Bitfinex sought or intended to evade applicable anti-money laundering laws.[192,193,194,195]

346.    Deny the allegations contained in Paragraph 346 of the Complaint insofar as they purport to characterize an interview, and refer to the cited source for its full and accurate language, meaning, and effect.[196]

347.    Deny the allegations contained in Paragraph 347 of the Complaint.

348.    Deny the allegations contained in Paragraph 348 of the Complaint insofar as they purport to characterize an article, and refer to the cited source for its full and accurate language, meaning, and effect, except specifically deny that the alleged events constituted efforts to evade

---

[188] Footnote 188 does not set forth a claim for relief or allege facts to which a response is required.
[189] Footnote 189 does not set forth a claim for relief or allege facts to which a response is required.
[190] Footnote 190 does not set forth a claim for relief or allege facts to which a response is required.
[191] Footnote 191 does not set forth a claim for relief or allege facts to which a response is required.
[192] Footnote 192 does not set forth a claim for relief or allege facts to which a response is required.
[193] Footnote 193 does not set forth a claim for relief or allege facts to which a response is required.
[194] Footnote 194 does not set forth a claim for relief or allege facts to which a response is required.
[195] Footnote 195 does not set forth a claim for relief or allege facts to which a response is required.
[196] Footnote 196 does not set forth a claim for relief or allege facts to which a response is required.

applicable anti-money laundering laws.[197],[198],[199]

349.    Admit that Bitfinex used Crypto Capital as a third-party payment processor beginning in 2014, and at various times thereafter, and that Bitfinex and Tether increasingly relied on Crypto Capital following the interruption of wire transfer service by certain of Bitfinex's banks. Deny the remaining allegations contained in Paragraph 349 of the Complaint.[200]

350.    Admit that at a point in 2018, Crypto Capital controlled approximately $1 billion of Bitfinex funds.    Deny the remaining allegations contained in Paragraph 350 of the Complaint.[201],[202]

351.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations regarding the control of Crypto Capital's operations by Mr. Fowler.

352.    Deny the allegations contained in Paragraph 352 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[203]

353.    Admit that Crypto Capital provided payment processing services to Bitfinex.  Deny the remaining allegations contained in Paragraph 353 of the Complaint.

354.    Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations regarding Mr. Fowler's activities on behalf of Crypto Capital.  Deny the remaining allegations contained in Paragraph 354 of the Complaint.

355.    Deny the allegations contained in Paragraph 355 of the Complaint insofar as they

---

[197] Footnote 197 does not set forth a claim for relief or allege facts to which a response is required.
[198] Footnote 198 does not set forth a claim for relief or allege facts to which a response is required.
[199] Footnote 199 does not set forth a claim for relief or allege facts to which a response is required.
[200] Footnote 200 contains a characterization of written documents to which no response is required.  To the extent a response is deemed required, Bitfinex and Tether respectfully refer the Court to the Affidavit cited in Footnote 200.
[201] Footnote 201 does not set forth a claim for relief or allege facts to which a response is required.
[202] Footnote 202 does not set forth a claim for relief or allege facts to which a response is required.
[203] Footnote 203 does not set forth a claim for relief or allege facts to which a response is required.

purport to characterize documents, and refer to the cited sources for their full and accurate language, meaning, and effect, except specifically deny that Bitfinex made materially false omissions in communications with customers.[204,205]

356.    Admit that Bitfinex and Tether learned after April 2018 that some of the funds entrusted with Crypto Capital were seized by the Polish government.  Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the remaining allegations regarding the seizure of funds held by Crypto Capital.  Deny the remaining allegations contained in Paragraph 356 of the Complaint.[206]

357.    Deny the allegations contained in Paragraph 357 of the Complaint insofar as they purport to characterize an interview, and refer to the cited source for its full and accurate language, meaning, and effect, except specifically deny that Bitfinex or Tether's accounts "were created solely to make their bank accounts available for international criminal financial operations."[207]

358.    Admit that in 2018, Crypto Capital provided Bitfinex with banking information for an account held by Global Trading Solutions, LLC at Citibank for use by Bitfinex customers seeking to deposit fiat currency for use on the Bitfinex exchange.  Bitfinex and Tether deny the remaining allegations contained in Paragraph 358 of the Complaint.

359.    Admit that in 2018, Crypto Capital provided Bitfinex with banking information for an account held by Global Trading Solutions, LLC at HSBC USA Bank for use by Bitfinex customers seeking to deposit fiat currency for use on the Bitfinex exchange.  Deny the remaining allegations contained in Paragraph 359 of the Complaint.[208,209]

---

[204] Footnote 204 does not set forth a claim for relief or allege facts to which a response is required.
[205] Footnote 205 does not set forth a claim for relief or allege facts to which a response is required.
[206] Footnote 206 does not set forth a claim for relief or allege facts to which a response is required.
[207] Footnote 207 does not set forth a claim for relief or allege facts to which a response is required.
[208] Footnote 208 does not set forth a claim for relief or allege facts to which a response is required.
[209] Footnote 209 does not set forth a claim for relief or allege facts to which a response is required.

360.     Deny the allegations contained in Paragraph 360 of the Complaint.

361.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations regarding Mr. Fowler's or Crypto Capital's knowledge.  Deny the remaining allegations contained in Paragraph 361 of the Complaint.

362.     Deny the allegations contained in Paragraph 362 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[210]

363.     Deny the allegations contained in Paragraph 363 of the Complaint.

364.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations regarding Crypto Capital's finances.  Deny the remaining allegations contained in Paragraph 364 of the Complaint.[211,212]

365.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations regarding Crypto Capital and Mr. Fowler's finances.  Deny the remaining allegations contained in Paragraph 365 of the Complaint.[213]

366.     Bitfinex and Tether lack knowledge and information sufficient to form a belief as to the allegations regarding Crypto Capital and Mr. Fowler's digital asset holdings.  Deny the remaining allegations contained in Paragraph 366 of the Complaint.

367.     Admit the allegations contained in Paragraph 367 of the Complaint.[214]

368.     Deny the allegations contained in Paragraph 368 of the Complaint insofar as they purport to characterize a a press release, and refer to the cited source for its full and accurate

---

[210] Footnote 210 does not set forth a claim for relief or allege facts to which a response is required.
[211] Footnote 211 does not set forth a claim for relief or allege facts to which a response is required.
[212] Footnote 212 does not set forth a claim for relief or allege facts to which a response is required.
[213] Footnote 213 does not set forth a claim for relief or allege facts to which a response is required.
[214] Footnote 214 does not set forth a claim for relief or allege facts to which a response is required.

language, meaning, and effect.[215]

369.     Deny the allegations contained in Paragraph 369 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[216]

370.     Deny the allegations contained in Paragraph 370 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect, except specifically deny that the cited events "diminished the backing of tethers."[217]

371.     Deny the allegations contained in Paragraph 371 of the Complaint.

372.     Admit that Tether authorized and issued additional USDT between January 2020 and June 2020, and that approximately 9 billion USDT was in circulation as of the Complaint's filing.  Deny the remaining allegations contained in Paragraph 372 of the Complaint.[218]

373.      Bitfinex and Tether admit that it has represented that USDT is issued pursuant to market demand.  Deny the remaining allegations contained in Paragraph 373 of the Complaint insofar as they purport to characterize a document, and refer to the cited source for its full and accurate language, meaning, and effect.[219]

374.     Admit the allegations contained in Paragraph 374 of the Complaint.[220]

375.     Deny the allegations contained in Paragraph 375 of the Complaint.

376.     Admit that Plaintiffs purport to bring this action on behalf of themselves and on behalf of the class defined in Paragraph 376 of the Complaint.

---

[215] Footnote 215 does not set forth a claim for relief or allege facts to which a response is required.
[216] Footnote 216 does not set forth a claim for relief or allege facts to which a response is required.
[217] Footnote 217 does not set forth a claim for relief or allege facts to which a response is required.
[218] Footnote 218 does not set forth a claim for relief or allege facts to which a response is required.
[219] Footnote 219 does not set forth a claim for relief or allege facts to which a response is required.
[220] Footnote 220 does not set forth a claim for relief or allege facts to which a response is required.

377.     Admit that Plaintiffs purport to bring this action on behalf of themselves and on behalf of the subclass defined in Paragraph 377 of the Complaint.

378.     Admit that Plaintiffs purport to exclude the entities listed in Paragraph 378 of the Complaint from the class defined in the Complaint.

379.     Because Paragraph 379 of the Complaint states conclusions or characterizations of law, no response is required.

380.     Deny the allegations contained in Paragraph 380 of the Complaint.

381.     Deny the allegations contained in Paragraph 381 of the Complaint.

382.     Deny the allegations contained in Paragraph 382 of the Complaint.

383.     Deny the allegations contained in Paragraph 383 of the Complaint and its subparts.

384.     Deny the allegations contained in Paragraph 384 of the Complaint.

385.     Deny the allegations contained in Paragraph 385 of the Complaint.

386.     Deny the allegations contained in Paragraph 386 of the Complaint.

387.     Deny the allegations contained in Paragraph 387 of the Complaint.

388.     Admit that Plaintiffs purport to seek the relief requested in Paragraph 388 of the Complaint.  Deny that the relief sought in Paragraph 388 is appropriate or justified by the facts or law.

## FIRST CAUSE OF ACTION

389.     The Bitfinex and Tether Defendants repeat and incorporate herein the responses to Paragraphs 1 through 388 above.

390.     Deny the allegations contained in Paragraph 390 of the Complaint.

391.     Deny the allegations contained in Paragraph 391 of the Complaint.

392.     Deny the allegations contained in Paragraph 392 of the Complaint.

393.     Deny the allegations contained in Paragraph 393 of the Complaint.

394.     Deny the allegations contained in Paragraph 394 of the Complaint.

395.     Deny the allegations contained in Paragraph 395 of the Complaint.

396.     Deny the allegations contained in Paragraph 396 of the Complaint.

397.     Deny the allegations contained in Paragraph 397 of the Complaint.

398.     Deny the allegations contained in Paragraph 398 of the Complaint.

399.     Admit that Plaintiffs purport to seek the relief requested in Paragraph 399 of the Complaint.  Deny that the relief sought in Paragraph 399 is appropriate or justified by the facts or law.

## SECOND CAUSE OF ACTION

400.     The Bitfinex and Tether Defendants repeat and incorporate herein the responses to Paragraphs 1 through 399 above.

401.     Deny the allegations contained in Paragraph 401 of the Complaint.

402.     Deny the allegations contained in Paragraph 402 of the Complaint.

403.     Deny the allegations contained in Paragraph 403 of the Complaint.

404.     Deny the allegations contained in Paragraph 404 of the Complaint.

405.     Deny the allegations contained in Paragraph 405 of the Complaint.

406.     Deny the allegations contained in Paragraph 406 of the Complaint.

407.     Deny the allegations contained in Paragraph 407 of the Complaint.

408.     Deny the allegations contained in Paragraph 408 of the Complaint.

409.     Admit that Plaintiffs purport to seek the relief requested in Paragraph 409 of the Complaint.  Deny that the relief sought in Paragraph 409 is appropriate or justified by the facts or law.

## THIRD CAUSE OF ACTION

410.    The Bitfinex and Tether Defendants repeat and incorporate herein the responses to Paragraphs 1 through 409 above.

411.    The allegations in Paragraph 411 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Three, and therefore no response is required.

412.    The allegations in Paragraph 412 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Three, and therefore no response is required.

413.    The allegations in Paragraph 413 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Three, and therefore no response is required.

414.    The allegations in Paragraph 414 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Three, and therefore no response is required.

415.    The allegations in Paragraph 415 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Three, and therefore no response is required.

416.    The allegations in Paragraph 416 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Three, and therefore no response is required.

## FOURTH CAUSE OF ACTION

417.    The Bitfinex and Tether Defendants repeat and incorporate herein the responses to Paragraphs 1 through 416 above.

418.    Deny the allegations contained in Paragraph 418 of the Complaint.

419.    Deny the allegations contained in Paragraph 419 of the Complaint.

420.    Deny the allegations contained in Paragraph 420 of the Complaint.

421.    Deny the allegations contained in Paragraph 421 of the Complaint.

422.    Deny the allegations contained in Paragraph 422 of the Complaint insomuch as they relate to Bitfinex or Tether.

423.    Deny the allegations contained in Paragraph 423 of the Complaint insomuch as they relate to Bitfinex or Tether.

424.    Deny the allegations contained in Paragraph 424 of the Complaint.

425.    Deny the allegations contained in Paragraph 425 of the Complaint.

426.    Admit that Bitfinex is subject to certain "know-your-customer" requirements and reports to the Financial Crimes Enforcement Network (FinCEN) and maintains appropriate anti-fraud policies.  Lack knowledge or information sufficient to form a belief as to the allegations concerning the U.S. Exchange Defendants.  Deny the remaining allegations contained in Paragraph 426 of the Complaint, and specifically deny that Bitfinex "colluded" with the U.S. Exchange Defendants" or "facilitat[ed] … a scheme to inflate prices of bitcoin and other cryptocommodities using debased USDT."[221]

427.    Deny the allegations contained in Paragraph 427 of the Complaint insomuch as they relate to Bitfinex or Tether.

428.    Deny the allegations contained in Paragraph 428 of the Complaint.

429.    Deny the allegations contained in Paragraph 429 of the Complaint.

430.    Admit that Plaintiffs purport to seek the relief requested in Paragraph 430 of the Complaint.  Deny that the relief sought in Paragraph 430 is appropriate or justified by the facts or law.

---

[221] Footnote 221 does not set forth a claim for relief or allege facts to which a response is required.

## FIFTH CAUSE OF ACTION

431.    The Bitfinex and Tether Defendants repeat and incorporate herein the responses to Paragraphs 1 through 430 above.

432.    Deny the allegations contained in the first sentence of Paragraph 432 of the Complaint.  Because the second sentence of Paragraph 432 of the Complaint states conclusions or characterizations of law, no response is required.

433.    Deny the allegations contained in Paragraph 433 of the Complaint.[222]

434.    Deny the allegations contained in Paragraph 434 of the Complaint.

435.    Because Paragraph 435 of the Complaint states conclusions or characterizations of law, no response is required.

436.    Because Paragraph 436 of the Complaint states conclusions or characterizations of law, no response is required.

437.    Deny the allegations contained in Paragraph 437 of the Complaint.

438.    Deny the allegations contained in Paragraph 438 of the Complaint.

439.    Admit that Plaintiffs purport to seek the relief requested in Paragraph 439 of the Complaint.  Deny that the relief sought in Paragraph 439 is appropriate or justified by the facts or law.

## SIXTH CAUSE OF ACTION

440.    The Bitfinex and Tether Defendants repeat and incorporate herein the responses to Paragraphs 1 through 439 above.

441.     The allegations in Paragraph 441 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Six as to Defendants iFinex Inc., BFXNA Inc.,

---

[222] Footnote 222 does not set forth a claim for relief or allege facts to which a response is required.

BFXWW Inc., Tether Holdings Limited, Tether Limited, DigFinex Inc., Tether Operations Limited, and Tether International Limited. Defendants Ludovicus Jan van der Velde and Giancarlo Devasini deny the allegations contained in Paragraph 441 of the Complaint.

442. The allegations in Paragraph 442 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Six as to Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, DigFinex Inc., Tether Operations Limited, and Tether International Limited. Defendants Ludovicus Jan van der Velde and Giancarlo Devasini deny the allegations contained in Paragraph 442 of the Complaint.

443. The allegations in Paragraph 443 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Six as to Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, DigFinex Inc., Tether Operations Limited, and Tether International Limited. Defendants Ludovicus Jan van der Velde and Giancarlo Devasini deny the allegations contained in Paragraph 443 of the Complaint.

444. The allegations in Paragraph 444 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Six as to Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, DigFinex Inc., Tether Operations Limited, and Tether International Limited. Defendants Ludovicus Jan van der Velde and Giancarlo Devasini admit that Plaintiffs purport to seek the relief requested in Paragraph 444 of the Complaint. Deny that the relief sought in Paragraph 444 is appropriate or justified by the facts or law.

## SEVENTH CAUSE OF ACTION

445. The Bitfinex and Tether Defendants repeat and incorporate herein the responses to Paragraphs 1 through 444 above.

446.    Deny the allegations contained in Paragraph 446 of the Complaint.

447.    Deny the allegations contained in Paragraph 447 of the Complaint.

448.    Admit that Plaintiffs purport to seek the relief requested in Paragraph 448 of the Complaint.  Deny that the relief sought in Paragraph 448 is appropriate or justified by the facts or law.

## **EIGHTH CAUSE OF ACTION**

449.    The Bitfinex and Tether Defendants repeat and incorporate herein the responses to Paragraphs 1 through 448 above.

450.    The allegations in Paragraph 450 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

451.    The allegations in Paragraph 451 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

452.    The allegations in Paragraph 452 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

453.    The allegations in Paragraph 453 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

454.    The allegations in Paragraph 454 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

455.    The allegations in Paragraph 455 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

456.    The allegations in Paragraph 456 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

457.    The allegations in Paragraph 457 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

458.    The allegations in Paragraph 458 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

459.    The allegations in Paragraph 459 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

460.    The allegations in Paragraph 460 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.[223]

461.    The allegations in Paragraph 461 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

462.    The allegations in Paragraph 462 of the Complaint, including its subparts, are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

463.    The allegations in Paragraph 463 of the Complaint, including its subparts, are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

464.    The allegations in Paragraph 464 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

465.    The allegations in Paragraph 465 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

466.    The allegations in Paragraph 466 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

---

[223] Admit the allegations in Footnote 223.

467.    The allegations in Paragraph 467 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

468.    The allegations in Paragraph 468 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

469.    The allegations in Paragraph 469 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

470.    The allegations in Paragraph 470 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

471.    The allegations in Paragraph 471 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

472.    The allegations in Paragraph 472 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

473.    The allegations in Paragraph 473 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

474.    The allegations in Paragraph 474 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

475.    The allegations in Paragraph 475 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

476.    The allegations in Paragraph 476 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

477.    The allegations in Paragraph 477 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

478.     The allegations in Paragraph 478 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

479.     The allegations in Paragraph 479 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

480.     The allegations in Paragraph 480 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

481.     The allegations in Paragraph 481 of the Complaint, including its subparts, are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

482.     The allegations in Paragraph 482 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

483.     The allegations in Paragraph 483 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

484.      The allegations in Paragraph 484 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

485.      The allegations in Paragraph 485 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

486.     The allegations in Paragraph 486 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

487.     The allegations in Paragraph 487 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

488.     The allegations in Paragraph 488 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

489.    The allegations in Paragraph 489 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

490.    The allegations in Paragraph 490 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

491.    The allegations in Paragraph 491 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

492.    The allegations in Paragraph 492 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

493.    The allegations in Paragraph 493 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.[224,225]

494.    The allegations in Paragraph 494 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.[226]

495.    The allegations in Paragraph 495 of the Complaint, including its subparts, are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

496.    The allegations in Paragraph 496 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

497.    The allegations in Paragraph 497 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

498.    The allegations in Paragraph 498 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

---

[224] Footnote 224 does not set forth a claim for relief or allege facts to which a response is required.
[225] Footnote 225 does not set forth a claim for relief or allege facts to which a response is required.
[226] Footnote 226 does not set forth a claim for relief or allege facts to which a response is required.

499.    The allegations in Paragraph 499 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

500.    The allegations in Paragraph 500 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

501.    The allegations in Paragraph 501 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

502.    The allegations in Paragraph 502 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

503.    The allegations in Paragraph 503 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

504.    The allegations in Paragraph 504 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

505.    The allegations in Paragraph 505 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

506.    The allegations in Paragraph 506 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

507.    The allegations in Paragraph 507 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

508.    The allegations in Paragraph 508 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

509.    The allegations in Paragraph 509 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

510.     The allegations in Paragraph 510 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

511.     The allegations in Paragraph 511 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

512.     The allegations in Paragraph 512 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

513.     The allegations in Paragraph 513 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

514.     The allegations in Paragraph 514 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

515.     The allegations in Paragraph 515 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

516.     The allegations in Paragraph 516 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

517.     The allegations in Paragraph 517 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

518.     The allegations in Paragraph 518 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

519.     The allegations in Paragraph 519 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

520.     The allegations in Paragraph 520 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

521.    The allegations in Paragraph 521 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

522.    The allegations in Paragraph 522 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

523.    The allegations in Paragraph 523 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

524.    The allegations in Paragraph 524 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

525.    The allegations in Paragraph 525 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

526.     The allegations in Paragraph 526 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

527.    The allegations in Paragraph 527 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

528.    The allegations in Paragraph 528 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

529.    The allegations in Paragraph 529 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

530.    The allegations in Paragraph 530 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

531.    The allegations in Paragraph 531 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

532.     The allegations in Paragraph 532 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

533.     The allegations in Paragraph 533 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

534.     The allegations in Paragraph 534 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

535.     The allegations in Paragraph 535 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

536.     The allegations in Paragraph 536 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

537.     The allegations in Paragraph 537 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

538.     The allegations in Paragraph 538 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

539.     The allegations in Paragraph 539 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

540.     The allegations in Paragraph 540 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

541.     The allegations in Paragraph 541 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

542.     The allegations in Paragraph 542 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

543.    The allegations in Paragraph 543 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

544.    The allegations in Paragraph 544 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

545.    The allegations in Paragraph 545 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

546.    The allegations in Paragraph 546 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

547.    The allegations in Paragraph 547 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

548.    The allegations in Paragraph 548 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Eight, and therefore no response is required.

## NINTH CAUSE OF ACTION

549.    The Bitfinex and Tether Defendants repeat and incorporate herein the responses to Paragraphs 1 through 548 above.

550.    The allegations in Paragraph 550 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Nine, and therefore no response is required.

551.    The allegations in Paragraph 551 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Nine, and therefore no response is required.

552.    The allegations in Paragraph 552 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Nine, and therefore no response is required.

553.    The allegations in Paragraph 553 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Nine, and therefore no response is required.

554.    The allegations in Paragraph 554 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Nine, and therefore no response is required.

555.    The allegations in Paragraph 555 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Nine, and therefore no response is required.

556.    The allegations in Paragraph 556 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Nine, and therefore no response is required.

557.    The allegations in Paragraph 557 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Nine, and therefore no response is required.

558.    The allegations in Paragraph 558 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Nine, and therefore no response is required.

559.    The allegations in Paragraph 559 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Nine, and therefore no response is required.

560.    The allegations in Paragraph 560 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Nine, and therefore no response is required.

## TENTH CAUSE OF ACTION

561.    The Bitfinex and Tether Defendants repeat and incorporate herein the responses to Paragraphs 1 through 560 above.

562.    The allegations in Paragraph 562 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Ten, and therefore no response is required.

563.    The allegations in Paragraph 563 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Ten, and therefore no response is required.

564.    The allegations in Paragraph 564 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Ten, and therefore no response is required.

565.    The allegations in Paragraph 565 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Ten, and therefore no response is required.

566.    The allegations in Paragraph 566 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Ten, and therefore no response is required.

567.    The allegations in Paragraph 567 of the Complaint, including its subparts, are moot in light of the Court's September 28, 2021 Order dismissing Count Ten, and therefore no response is required.

568.    The allegations in Paragraph 568 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Ten, and therefore no response is required.

569.    The allegations in Paragraph 569 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Ten, and therefore no response is required.

570.    The allegations in Paragraph 570 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Ten, and therefore no response is required.

571.    The allegations in Paragraph 571 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Ten, and therefore no response is required.

572.    The allegations in Paragraph 572 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Ten, and therefore no response is required.

## ELEVENTH CAUSE OF ACTION

573.    The Bitfinex and Tether Defendants repeat and incorporate herein the responses to Paragraphs 1 through 572 above.

574.    Deny the allegations contained in Paragraph 574 of the Complaint, including its subparts.

575.    Deny the allegations contained in Paragraph 575 of the Complaint.

576.    Deny the allegations contained in Paragraph 576 of the Complaint.

577.    Deny the allegations contained in Paragraph 577 of the Complaint.

578.    Deny the allegations contained in Paragraph 578 of the Complaint.

579.    Deny the allegations contained in Paragraph 579 of the Complaint.

580.    Deny the allegations contained in Paragraph 580 of the Complaint.

581.    Deny the allegations contained in Paragraph 581 of the Complaint.

582.    Admit that Plaintiffs purport to seek the relief requested in Paragraph 582 of the Complaint.  Deny that the relief sought in Paragraph 582 is appropriate or justified by the facts or law.

## <u>TWELFTH CAUSE OF ACTION</u>

583.    The Bitfinex and Tether Defendants repeat and incorporate herein the responses to Paragraphs 1 through 582 above.

584.    The allegations in Paragraph 584 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Twelve, and therefore no response is required.

585.     The allegations in Paragraph 585 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Twelve, and therefore no response is required.

586.    The allegations in Paragraph 586 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Twelve, and therefore no response is required.

587.    The allegations in Paragraph 587 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Twelve, and therefore no response is required.

588.    The allegations in Paragraph 588 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Twelve, and therefore no response is required.

589.     The allegations in Paragraph 589 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Twelve, and therefore no response is required.

590.     The allegations in Paragraph 590 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Twelve, and therefore no response is required.

591.     The allegations in Paragraph 591 of the Complaint are moot in light of the Court's September 28, 2021 Order dismissing Count Twelve, and therefore no response is required.

## COSTS, INTEREST, AND ATTORNEYS' FEES

592.     Admit that Plaintiffs purport to seek the relief requested in Paragraph 592 of the Complaint.  Deny that the relief sought in Paragraph 592 is appropriate or justified by the facts or law.

## JURY TRIAL

593.     To the extent Paragraph 593 of the Complaint states conclusions or characterizations of law, no response is required.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below, Bitfinex and Tether do not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters or that Plaintiffs are relieved of their burden to prove each and every element of their claims and the damages, if any.  Bitfinex and Tether reserve the right to raise any additional defenses, crossclaims and third party claims not asserted herein of which they may become aware through discovery or other investigation.  For the avoidance of doubt, the term "Plaintiffs" as used below shall refer to the named Plaintiffs, and any putative class members, as appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against Bitfinex and Tether upon which relief may be granted, and the Amended Consolidated Class Action Complaint should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert some or all of their claims.

## THIRD AFFIRMATIVE DEFENSE

Bitfinex and Tether did not engage in any conduct, combination, or conspiracy in restraint of trade.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, because the alleged conduct did not lessen competition in any relevant market or markets.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered an injury-in-fact or antitrust injury traceable to allegedly unlawful conduct of Bitfinex or Tether.

## SIXTH AFFIRMATIVE DEFENSE

The purported relevant market alleged in the Complaint is not a relevant antitrust market, and Plaintiffs cannot carry their burden of defining a proper relevant market.

## SEVENTH AFFIRMATIVE DEFENSE

Any and all of the challenged actions by Bitfinex or Tether were lawful, reasonable, justified, constitute bona fide business practices, and were carried out in furtherance of Bitfinex or Tether's legitimate business interests, and therefore did not violate any law at issue and have not caused any injury to competition, the public, or Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

Bitfinex and/or Tether did not manipulate the price of digital assets.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs fail to allege fraud or similar conduct with sufficient particularity.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because they are too remote or speculative to form the basis for relief.

### ELEVENTH AFFIRMATIVE DEFENSE

This action is not maintainable as a class action pursuant to Fed. R. Civ. P. Rule 23.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they seek to impose upon Bitfinex and Tether obligations that are inconsistent with, or in excess of, those imposed by existing law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Bitfinex and Tether are not liable for the conduct of any of their current or former employees and/or agents to the extent that they acted outside the scope of their authority.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs did not rely on any allegedly false or misleading statement or omission allegedly made by Bitfinex or Tether when deciding to purchase, retain, sell, or otherwise transact, the financial instruments at issue in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

Some of the allegedly false or misleading statements alleged to have been made regarding tether were statements of opinion, which had a reasonable basis, or were accurate.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' have incurred no damages as a result of Bitfinex and Tether's alleged conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because the relevant injuries, if any, were not proximately caused by the acts or omissions of Bitfinex or Tether, but, if they exist at all, were the result in whole or in part of intervening or supervening causes, and/or are impermissibly derivative rather than direct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The injuries asserted by Plaintiffs, if any exist, were caused in whole or in part by the conduct of third parties for whom Bitfinex and Tether were not responsible, or through normal marketplace forces outside of their control.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Bitfinex and Tether are barred, in whole or in part, because any claimed injury or damage has been offset by benefits or payments Plaintiffs received.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Bitfinex and Tether are barred, in whole or in part, because the relief sought is broader than what is necessary to remedy the alleged harm.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs would be unjustly enriched if they were permitted to obtain recovery in this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Bitfinex and Tether assert that should they be held liable to Plaintiffs, which liability is specifically denied, that Bitfinex and Tether would be entitled to contribution and/or indemnity from other parties, entities or individuals.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Bitfinex and Tether hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendants to the extent Bitfinex and/or Tether may share in such defense.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Bitfinex and Tether hereby reserve all affirmative and other defenses available under any applicable federal or state law.  Bitfinex and Tether currently have insufficient knowledge or information upon which to form a belief as to whether they may have other affirmative defenses available.

## DEMAND FOR JURY TRIAL

Bitfinex and Tether hereby reserve the right to object to Plaintiffs' demand for a trial by jury on some or all of the issues raised in the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Bitfinex and Tether respectfully pray as follows:

1)      The Amended Consolidated Class Action Complaint against Bitfinex and Tether be dismissed with prejudice in its entirety; and

2)      For such other and further relief as this Court deems just and proper, including, but not limited to, costs, disbursements and reasonable attorneys' fees incurred by Bitfinex and Tether in defending this action, plus interest on any sums awarded thereunder.

Dated: October 28, 2021

LAW OFFICES OF MICHAEL JASON
LEE, APLC

*Michael Jason Lee*

Michael Jason Lee (admitted *pro hac vice*)
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
Tel.: (858) 550-9984
Fax: (858) 550-9985

DILLON MILLER & AHUJA LLP

*Sunjina K. Ahuja*

Sunjina K. Ahuja (admitted *pro hac vice*)
Christopher J. Beal (admitted *pro hac vice*)
5872 Owens Ave., Suite 200
Carlsbad, California 92008
Tel.: (858) 587-1800
Fax: (858) 587-2587

Respectfully submitted,

WALDEN MACHT & HARAN LLP

*Jim Walden*

Jim Walden
Daniel A. Cohen
250 Vesey Street, 27th Floor
New York, New York 10281
Tel.: (212) 335-2030
Fax: (212) 335-2040

*Counsel for Defendants, iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, DigFinex Inc., Tether Operations Limited, Tether International Limited, Ludovicus Jan van der Velde, and Giancarlo Devasini*