**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re Tether and Bitfinex Crypto Asset
Litigation

Case No.: 1:19-cv-09236-KPF-SN

## DEFENDANT PHILIP G. POTTER'S ANSWER TO PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

WILLKIE FARR & GALLAGHER LLP
Charles D. Cording
787 Seventh Avenue
New York, NY  10019-6099
Tel.:  (212) 728-8000
Email:  CCording@willkie.com

*Attorney for Defendant Philip G. Potter*

Defendant Philip G. Potter,[1] by and through his undersigned counsel, hereby submits the following Answer in response to Plaintiffs' Amended Consolidated Class Action Complaint, dated June 5, 2020 (the "Consolidated Complaint").[2]

## PRELIMINARY STATEMENT

### I.   INTRODUCTION

1.      Defendant denies the allegations in Paragraph 1 of the Consolidated Complaint, except admits that cryptocommodities are a class of crypto-assets that includes bitcoin.

2.      Defendant denies the allegations in Paragraph 2 of the Consolidated Complaint, except admits that Defendant has participated in the cryptocommodity market.

3.      Defendant denies the allegations in Paragraph 3 of the Consolidated Complaint, except admits that certain of the Defendants have purchased cryptocommodities.

4.      Defendant denies the allegations in Paragraph 4 of the Consolidated Complaint.

5.      Defendant admits that tethers are a type of digital token known as "stablecoins," which means their value is pegged to traditional currency (U.S. Dollars, Euros, etc.), and that they can, subject to certain restrictions, be redeemed on a one-to-one basis for the traditional currency in which they are denominated.  Defendant further admits that Tether Holdings Limited, Tether Limited, Tether Operations Limited, and Tether International Limited are the companies that administer tether.  Defendant denies the remaining allegations contained in Paragraph 5 of the Consolidated Complaint.  With respect to the second sentence of Paragraph 5, Defendant further states that the allegations in Paragraph 5 purport to characterize statements made by Tether and

---

[1]  Defendant served as the Chief Strategy Officer of Tether and Bitfinex through February 2018.  Accordingly, unless otherwise noted, the admissions and denials contained in this Answer are to Defendant's best recollection with respect to the time period during which he served as their Chief Strategy Officer.

[2]  Defendant is not required to respond to the headings of the Consolidated Complaint, but, to the extent any response is required, Defendant denies the allegations and characterizations of allegations set forth in the headings of the Consolidated Complaint.

respectfully refers the Court to statements themselves for a true, correct and complete statement of its contents.[3]

6.      Defendant denies the allegations in Paragraph 6 of the Consolidated Complaint.

7.      Defendant denies the allegations in Paragraph 7 of the Consolidated Complaint.

8.      Defendant denies the allegations in Paragraph 8 of the Consolidated Complaint.

9.      Defendant denies the allegations in Paragraph 9 of the Consolidated Complaint.

10.     Defendant denies the allegations in Paragraph 10 of the Consolidated Complaint, except admits that Bittrex and Poloniex are crypto-exchanges.

11.     Defendant denies the allegations in Paragraph 11 of the Consolidated Complaint.

12.     Defendant denies the allegations in the first sentence of Paragraph 12 of the Consolidated Complaint.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in second and third sentences of Paragraph 12 of the Consolidated Complaint.

13.     Defendant denies the allegations in Paragraph 13 of the Consolidated Complaint.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Consolidated Complaint.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Consolidated Complaint, except admits that the New York Attorney General, the CFTC, and the Department of Justice have investigated or continue to investigate some or all of the Defendants.  Defendant further states that the allegations in the third sentence of Paragraph 15 purport to characterize statements made by Bitfinex and Tether on their

---

[3] Except as otherwise indicated in this Answer, the footnotes to the Consolidated Complaint do not set forth a claim for relief or allege facts to which a response is required.  To the extent a response is deemed required, the footnote is denied.

websites and respectfully refers the Court to those statements themselves for a true, correct and complete statement of their contents.

16.     Defendant denies the allegations in Paragraph 16 of the Consolidated Complaint.

17.     The allegations in Paragraph 17 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

## II.   PARTIES

### A.     Plaintiffs

18.     Defendant denies that Matthew Script suffered any damage.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Consolidated Complaint.

19.     Defendant denies that Jason Leibowitz suffered any damage.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Consolidated Complaint.

20.     Defendant denies that Benjamin Leibowitz suffered any damage.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Consolidated Complaint.

21.     Defendant denies that Aaron Leibowitz suffered any damage.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Consolidated Complaint.

22.     Defendant denies that Pinchas Goldshtein suffered any damage.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Consolidated Complaint.

### B.     Defendants

3

### a. DigFinex

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Consolidated Complaint, except denies that DigFinex owns Tether Holdings Limited.  Defendant lacks knowledge or information sufficient to form a belief as to the accuracy and completeness of the charts referenced in footnote 3 (attached to the Consolidated Complaint as Exhibit A).

24.     Defendant admits the allegations in Paragraph 24, footnote 6, and footnote 7 of the Consolidated Complaint, except denies that he currently is a shareholder of DigFinex.  Defendant became a shareholder of DigFinex in or around August 2016.  As of September 21, 2018, however, Defendant is no longer a shareholder of DigFinex.

### b. The Bitfinex Defendants

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth the allegations in Paragraph 25 of the Consolidated Complaint, except admits that iFinex Inc. operates Bitfinex, an online platform for exchanging and trading digital assets.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth the allegations in Paragraph 26 of the Consolidated Complaint, except admits that iFinex, Inc. operates the Bitfinex online platform, which is accessible at bitfinex.com.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth the allegations in Paragraph 27 of the Consolidated Complaint.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth the allegations in Paragraph 28 of the Consolidated Complaint.

### c. The Tether Defendants

29.     Defendant denies the allegations in Paragraph 29 of the Consolidated Complaint.

30.     Defendant admits the allegations in Paragraph 30 of the Consolidated Complaint.

31.     Defendant admits the allegations in Paragraph 31 of the Consolidated Complaint. Defendant further states that the allegations in footnote 17 purport to characterize statements made in the cited affirmation and respectfully refers the Court to that affirmation for a true, correct and complete statement of their contents.

32.     Defendant admits the allegations in Paragraph 32 of the Consolidated Complaint.

33.     Defendant admits the allegations in Paragraph 33 of the Consolidated Complaint. Defendant further states that the allegations in footnote 19 purport to characterize information on Hong Kong's registry and the Lei-Lookup website cited and respectfully refers the Court to those websites for a true, correct and complete statement of their contents.

### d.  The Individual DigFinex, Bitfinex, and Tether Defendants

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth the allegations in Paragraph 34 of the Consolidated Complaint, except admits that for a period of time Ludovicus Jan van der Velde served as CEO of certain entities affiliated with Bitfinex and Tether and held shares of certain entities affiliated with Bitfinex and Tether.  Defendant further states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 20.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth the allegations in Paragraph 35 of the Consolidated Complaint, except admits that Devasini was involved in creating Bitfinex and was the Chief Financial Officer of Bitfinex and Tether. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 26.  Defendant further states that the allegations in footnote 26 purport to characterize information on Tether's website and from the *Swiss Official Gazette of Commerce* and respectfully refers the Court to those sources for a true, correct and complete statement of their

contents.

36.      Defendant denies the allegations in the first sentence of Paragraph 36 as stated. Defendant admits that he was the Chief Strategy Officer of the Bitfinex and Tether enterprises until in or around the end of February 2018, with his departure officially announced in June 2018. Defendant admits the allegations in the second and third sentence of Paragraph 36, except denies that he currently serves as a director of Tether Holdings Limited or is currently a shareholder of DigFinex.

### e.   The U.S. Exchange Defendants

37.      Defendant admits the allegations in Paragraph 37 of the Consolidated Complaint.

38.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Consolidated Complaint.

39.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Consolidated Complaint.

### f.   Crypto Capital Defendants

40.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph  40 of the Consolidated Complaint.

41.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Consolidated Complaint.

## III.   JURISDICTION AND VENUE

42.      The allegations in Paragraph 42 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them, except admits that the Consolidated Complaint purports to assert federal  claims.

43.      The allegations in Paragraph 43 of the Consolidated Complaint constitute legal

conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

44.     The allegations in Paragraph 44 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

45.     The allegations in Paragraph 45 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

46.     The allegations in Paragraph 46 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

## IV.   FACTUAL ALLEGATIONS

### A.   Background – Crypto-assets and the Cryptocommodity Market

#### 1.   Bitcoin: The First Crypto-Asset

47.     Defendant admits the allegations in Paragraph 47 of the Consolidated Complaint. With respect to footnote 37, Defendant admits that the commonly used term to collectively describe the many different types of digital assets is cryptocurrencies.

48.     Defendant admits that Bitcoin was the world's first major crypto-asset and that Bitcoin is a secure medium of exchange, it has a controlled supply, and it is decentralized. Defendant further admits the allegations in footnote 38. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Consolidated Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Consolidated Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Consolidated Complaint,

except admits that bitcoin employs a ledger system commonly referred to as the "blockchain," and that bitcoin is received by users through use of a digital "address."

51.     Defendant denies the allegations in Paragraph 51 of the Consolidated Complaint, excepts admits that the Bitcoin blockchain allows for the secure exchange of bitcoin.

52.     Defendant denies the allegations in Paragraph 52 of the Consolidated Complaint, except admits that the term "mining" is used to describe the process through which transaction data is added to the bitcoin blockchain and that "mining" is involved with the block reward and distribution system.

53.     Defendant denies the allegations in Paragraph 53 of the Consolidated Complaint, except admits that Plaintiffs' allegation that "Bitcoin is designed so it gets . . . harder to mine" and Plaintiffs' allegations regarding "halving," are generally correct.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and footnote 39 of the Consolidated Complaint.

55.     Defendant admits that Bitcoin's architecture is designed to ensure that it is entirely decentralized.   Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Consolidated Complaint.   Defendant further states that the allegations in Paragraph 55 purport to characterize or quote statements made in the October 31, 2008 white paper cited and respectfully refers the Court to that white paper for a true, correct and complete statement of their contents.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Consolidated Complaint.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Consolidated Complaint.

## 2.   The Diversification of Crypto-Assets

58.      Defendant admits the allegations in the first sentence of Paragraph 58 of the Consolidated Complaint.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentence of Paragraph 58 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 58 purport to characterize information from coinmart-ketcap.com and respectfully refers the Court to that website for a true, correct and complete showing of their contents.

59.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Consolidated Complaint.

60.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Consolidated Complaint.

61.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Consolidated Complaint.

62.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Consolidated Complaint.

63.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Consolidated Complaint.

## 3.   The Cryptocommodity Market

64.      Defendant admits that "some crypto-assets reproduce Bitcoin's defining central architecture."  Defendant denies the remaining allegations contained in Paragraph 64 of the Consolidated Complaint and denies that the term "cryptocommodities" is generally used or accepted, or that "cryptocommodities . . . make up a distinct market" with the market capitalization value alleged by Plaintiffs, or that the "cryptocommodities" identified by the Consolidated Complaint uniformly possess the characteristics ascribed to them by Plaintiffs (e.g., have a

controlled supply that cannot be unilaterally increased).

65.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Consolidated Complaint

66.     Defendant admits the allegations the allegations in Paragraph 66 of the Consolidated Complaint.

67.     Defendant denies the allegations in Paragraph 67 and footnote 41 of the Consolidated Complaint, except admits that "bitcoin" refers to one unit of exchange in the "Bitcoin" system and that, as a general matter, cryptocommodities are intended to (1) be suitable for satisfying the demand for products that allow for quick and secure transactions; (2) serve as long-term stores of value not con- trolled by a government or a private entity; and (3) be efficient for both large and small transaction volumes.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Consolidated Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the Consolidated Complaint.

70.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Consolidated Complaint.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Consolidated Complaint.

72.     Defendant denies the allegations contained in the first sentence of Paragraph 72 of the Consolidated Complaint.  Defendant admits the allegations in the second and third sentence of Paragraph 72 of the Consolidated Complaint.

73.     Defendant admits the allegations in Paragraph 73 of the Consolidated Complaint.

74.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 74 of the Consolidated Complaint.

75.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Consolidated Complaint.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Consolidated Complaint.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Consolidated Complaint.

78.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Consolidated Complaint, except admits that the geographic market for cryptocommodities is global.

### a.   The Cryptocommodity Market Is Susceptible to Manipulation

79.     Defendant denies the allegations in Paragraph 79 of the Consolidated Complaint.

80.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Consolidated Complaint.

81.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Consolidated Complaint.

82.     Defendant admits that the CFTC categorized bitcoin as a commodity in 2015. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Consolidated Complaint.

83.     Defendant denies the allegations in Paragraph 83 of the Consolidated Complaint.

84.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Consolidated Complaint.

85.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Consolidated Complaint.  Defendant further states

that the allegations in the first sentence of Paragraph 85 purport to characterize information contained in  the *Journal of Monetary Economics* article cited and respectfully refers the Court to that article for a true, correct and complete statement of its contents.  Defendant further states that the allegations in the second sentence of Paragraph 85 purport to characterize information contained in the *Wall Street Journal* article cited and respectfully refers the Court to that article for a true, correct and complete statement of its contents.

86.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 86 purport to characterize or quote from the Willy Report cited and respectfully refers the Court to that report for a true, correct and complete statement of its contents.

87.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 87 purport to characterize or quote from the *Journal of Monetary Economics* article cited and respectfully refers the Court to that article for a true, correct and complete statement of its contents.

88.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 88 purport to characterize or quote from the *Journal of Monetary Economics* article cited and respectfully refers the Court to that article for a true, correct and complete statement of its contents.

89.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Consolidated Complaint.  Defendant further states that

the allegations in Paragraph 89 purport to characterize or quote from the *Journal of Monetary Economics* article cited and respectfully refers the Court to that article for a true, correct and complete statement of its contents.

90. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 90 pertain to a chart contained in the *Journal of Monetary Economics* article cited and respectfully refers the Court to that article for a true, correct and complete depiction of the chart.

91. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 91 purport to characterize the *CoinTelegraph* article cited and respectfully refers the Court to that article for a true, correct and complete statement of its contents.

92. Defendant denies the allegations in Paragraph 92 of the Consolidated Complaint.

**b. The Commodity Bubble**

93. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 93 purport to characterize information from coinmarketcap.com and respectfully refers the Court to that website for a true, correct and complete statement of its contents.

94. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Consolidated Complaint.

95. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Consolidated Complaint.

96. Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 96 of the Consolidated Complaint.

97.     Defendant denies the allegations in Paragraph 97 of the Consolidated Complaint.

98.     Defendant denies the allegations in Paragraph 98 of the Consolidated Complaint.

**4.   How Crypto-Assets Are Transferred and Exchanged**

99.     Defendant admits the allegations in Paragraph 99 of the Consolidated Complaint.

100.     Defendant admits the allegations in Paragraph 100 of the Consolidated Complaint.

101.     Defendant admits the allegations in Paragraph 101 of the Consolidated Complaint.

102.     Defendant admits the allegations in Paragraph 102 of the Consolidated Complaint.

103.     Defendant admits the allegations in Paragraph 103 of the Consolidated Complaint.

104.     Defendant denies the allegations contained in Paragraph 104 of the Consolidated Complaint.

105.     Defendant admits the allegations in Paragraph 105 of the Consolidated Complaint.

106.     Defendant denies the allegations in Paragraph 106 of the Consolidated Complaint, except admits that when customers trade crypto-assets on an exchange, they generally create and use one or more accounts that operate through a system of credits and debits.

107.     Defendant denies the allegations in Paragraph 107 of the Consolidated Complaint, except admits that a customer can request a deposit address from an exchange when transferring crypto-assets into it for use in future trades.  Defendant further states that the allegations in footnote 55 purport to characterize statements made on Poloniex's website and respectfully refers the Court to that website for a true, correct and complete statement of its contents.

108.     Defendant denies the allegations in Paragraph 108 of the Consolidated Complaint, except admits that the process described in paragraphs 106 through 107 can be similar to the process used by a customer transferring funds to an online account with a stockbroker like Charles Schwab or E-Trade.

109.     Defendant denies the allegations in Paragraph 109 of the Consolidated Complaint, except admits that a customer can withdraw crypto-assets from an exchange by telling the exchange the address where the crypto-assets are to be transferred, and then the exchange generally debits and credits the respective accounts.

110.     Defendant denies the allegations in Paragraph 110 of the Consolidated Complaint.

B.     **The Defendants' Roles in the Crypto-Economy**

111.     Defendant denies the allegations in Paragraph 111 of the Consolidated Complaint.

### 1.  Tether

112.     Defendant denies the allegations in Paragraph 112 of the Consolidated Complaint, except admits that Tether Operations Limited authorizes, issues, and redeems USDT, and that tether was one of the first stablecoins.

113.     Defendant admits the allegations in Paragraph 113 of the Consolidated Complaint.

114.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Consolidated Complaint, except admits that USDT is not "mined."

115.     Defendant denies the allegations in Paragraph 115 of the Consolidated Complaint.

116.     Defendant denies the allegations in Paragraph 116 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 116 purport to characterize statements made by Tether and respectfully refers the Court to the statements themselves for a true, correct and complete statement of its contents.

117.     Defendant denies the allegations in Paragraph 117 of the Consolidated Complaint, except admits that USDT is intended to have the value of a corresponding amount of USD.

118.     Defendant denies the allegations in Paragraph 118 of the Consolidated Complaint, except admits that issuance and destruction of USDT by Tether is recorded on the public

15

blockchain associated with that specific type of USDT, and that associated U.S. dollar transactions are not generally visible to the public.

119.     Defendant denies the allegations in Paragraph 119 of the Consolidated Complaint, except admits that USDT is intended to be stable and safe like the U.S. dollar and is easily transferable across different crypto-exchanges.  Defendant further states that the allegations in Paragraph 119 purport to characterize statements made by Tether and respectfully refers the Court to the statements themselves for a true, correct and complete statement of its contents.

120.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 120 purport to characterize or quote from the *Wall Street Journal* article cited and respectfully refers the Court to that article for a true, correct and complete statement of its contents.

121.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 121 purport to characterize or quote from the *Wall Street Journal* article cited and respectfully refers the Court to that article for a true, correct and complete statement of its contents.

122.     Defendant denies the allegations in Paragraph 122 of the Consolidated Complaint, except admits that in or around September 2014 Defendant incorporated Tether Holdings Limited in the British Virgin Islands with Defendant Devasini as a result of a merger between Realcoin and Tether Limited.

123.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Consolidated Complaint, except admits that

following the rebranding of Realcoin, Tether began issuing batches of USDT.

124.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Consolidated Complaint. Defendant states that the allegations in Paragraph 124 purport to characterize or quote from the *CoinDesk* article cited and respectfully refers the Court to that article for a true, correct and complete statement of its contents.

125.     Defendant denies the allegations in Paragraph 125 of the Consolidated Complaint, except admits that the cited snapshot of Tether's website as it existed on March 20, 2015 contains the quoted language. Defendant further states that the allegations in Paragraph 125 purport to characterize or quote statements by Tether on its website and respectfully refers the Court to those statements themselves for a true, correct and complete statement of their contents.

126.     Defendant denies the allegations in Paragraph 126 of the Consolidated Complaint, except admits that the cited snapshot of Tether's website as it existed on June 17, 2016 contains the quoted language. Defendant further states that the allegations in Paragraph 126 purport to characterize or quote statements by Tether on its website and respectfully refers the Court to those statements themselves for a true, correct and complete statement of their contents.

127.     Defendant denies the allegations in Paragraph 127 of the Consolidated Complaint, except admits that Tether's white paper contains the quoted language contained in Paragraph 127. Defendant further states that the allegations in Paragraph 127 purport to characterize or quote statements from Tether's June 17, 2016 white paper and respectfully refers the Court to that white paper for a true, correct and complete statement of their contents.

128.     Defendant denies the allegations in Paragraph 128 of the Consolidated Complaint, except admits that Tether's white paper contains the quoted language contained in Paragraph 128. Defendant states that the allegations in Paragraph 128 purport to characterize or

17

quote statements from Tether's June 17, 2016 white paper and respectfully refers the Court to that white paper for a true, correct and complete statement of their contents.

129.      Defendant denies the allegations in Paragraph 129 of the Consolidated Complaint, except admits that Tether's white paper contains the image reflected in Paragraph 129. Defendant states that the allegations in Paragraph 129 purport to characterize or quote statements from Tether's June 17, 2016 white paper and respectfully refers the Court to that white paper for a true, correct and complete statement of their contents.

130.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 130 purport to characterize or quote from statements made by Velde in the cited declaration and respectfully refers the Court to that declaration for a true, correct and complete statement of their contents.

131.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Consolidated Complaint. Defendant states that the allegations in Paragraph 131 purport to characterize or quote statements by Tether on its website and respectfully refers the Court to those statements themselves for a true, correct and complete statement of their contents.

132.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Consolidated Complaint. Defendant states that the allegations in Paragraph 132 purport to characterize or quote statements by Tether on its website and respectfully refers the Court to those statements themselves for a true, correct and complete statement of their contents.

133.      Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 133 of the Consolidated Complaint. Defendant states that the allegations in Paragraph 133 purport to characterize or quote statements by Tether's counsel in the affirmation cited and respectfully refers the Court to that affirmation for a true, correct and complete statement of their contents.

134.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the Consolidated Complaint. Defendant states that the allegations in the first sentence of Paragraph 134 purport to characterize or quote statements by Tether in the cited letter and respectfully refers the Court to that letter for a true, correct and complete statement of their contents. Defendant states that the allegations in the second sentence of Paragraph 126 purport to characterize or quote statements by Tether on its website and respectfully refers the Court to those statements themselves for a true, correct and complete statement of their contents.

135.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 135 of the Consolidated Complaint. Defendant further states that the allegations in the first sentence of Paragraph 135 purport to characterize statements made in the October 1, 2019 *Bloomberg* article cited and respectfully refers the Court to that article for a true, correct and complete statement of their contents. Defendant further states that the allegations in the second sentence of Paragraph 135 purport to characterize statements made by Bitfinex and Tether's Chief Technical Officer in the June 6, 2019 *Bloomberg* article cited and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

136.    Defendant denies the allegations in Paragraph 136 of the Consolidated Complaint.

137.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in the first sentence of Paragraph 137 of the Consolidated Complaint. Defendant further states that the allegations in the first sentence of Paragraph 137 purport to characterize statements from the CoinMarketCap website cited and respectfully refers the Court to that website for a true, correct and complete statement of their contents. Defendant denies the allegations in the second sentence of Paragraph 135 of the Consolidated Complaint.

138.    Defendant admits the allegations in Paragraph 138 of the Consolidated Complaint.

### 2.  Bitfinex

139.    Defendant denies the allegations in Paragraph 139 of the Consolidated Complaint. Defendant further states that the allegations in the first sentence of Paragraph 139 purport to characterize or quote statements from the *New York Times* article cited and respectfully refers the Court to those statements themselves for a true, correct and complete statement of their contents.

140.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Consolidated Complaint, excepts admits that Bitfinex was launched in 2012. Defendant further states that the allegations in Paragraph 140 purport to characterize statements on the BitcoinTalk website cited and respectfully refers the Court to that website for a true, correct and complete statement of their contents.

141.    Defendant denies the allegations in Paragraph 141 of the Consolidated Complaint, except admits that in June 2016, Bitfinex submitted an Offer of Settlement to the CFTC that included the payment of $75,000 by Bitfinex to the CFTC. Defendant does not, however, admit or deny any of the findings or conclusions contained in the relevant Order (which included the quoted language contained in Paragraph 141). Defendant further states that the allegations in Paragraph 141 purport to characterize statements from the CFTC in the case cited and respectfully refers the Court to those statements themselves for a true, correct and complete statement of their contents.

142.     Defendant admits the allegations in Paragraph 142 of the Consolidated Complaint.

143.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Consolidated Complaint.

144.      Defendant denies the allegations in Paragraph 144 of the Consolidated Complaint.  Defendant further states that the allegations in the second sentence of Paragraph 144 purport to characterize or quote statements made by Defendant in the interview cited and respectfully refers the Court to that interview for a true, correct and complete statement of their contents.  Defendant further states that the allegations in the third sentence of Paragraph 144 purport to characterize or quote statements made in a report from the New York Attorney General and respectfully refers the Court to that report for a true, correct and complete statement of their contents.

145.     Defendant denies the allegations in Paragraph 145 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 145 purport to characterize or quote statements made in a report from the New York Attorney General and respectfully refers the Court to that report for a true, correct and complete statement of their contents.

146.     Defendant denies the allegations in Paragraph 146 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 146  purport to characterize statements made by Devasini and respectfully refers the Court to those statements themselves for a true, correct and complete statement of their contents.

147.     Defendant admits the allegations in Paragraph 147 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 147 purport to characterize or quote statements made by Bitfinex and respectfully refers the Court to those statements themselves for a true, correct and complete statement of their contents.

148.     Defendant denies the allegations in Paragraph 148 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 148 purport to characterize or quote statements made by Bitfinex on its website and respectfully refers the Court to those statements themselves for a true, correct and complete statement of their contents.

149.     Defendant denies the allegations in Paragraph 149 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 149 purport to characterize or quote statements made by Bitfinex and respectfully refers the Court to those statements themselves for a true, correct and complete statement of their contents.

150.     Defendant denies the allegations in Paragraph 150 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 150 purport to characterize or quote statements made by Bitfinex on its website and respectfully refers the Court to those statements themselves for a true, correct and complete statement of their contents.

151.     Defendant denies the allegations in Paragraph 151 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 151 purport to characterize or quote statements made by Bitfinex and respectfully refers the Court to those statements themselves for a true, correct and complete statement of their contents.

### 3.  Tether's Concealed Links to Bitfinex

152.     Defendant admits that Realcoin rebranded to become Tether in November 2014. Defendant further states that the allegations in Paragraph 152 purport to characterize or quote statements made by Tether in the *CoinDesk* article cited and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

153.     Defendant denies the allegations in Paragraph 153 of the Consolidated Complaint, except admits that he was the CSO, and Defendant Devasini the CFO, of Tether and Bitfinex in November 2014 and that he and Defendant Devasini incorporated Tether Holdings Limited in or

22

around September 2014. Defendant further states that the allegations in Paragraph 153 purport to characterize statements made by Tether and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

154.    Defendant denies the allegations in Paragraph 154 of the Consolidated Complaint, except admits that Velde and Devasini held the titles of CEO and CFO of Bitfinex, respectively, and that Velde and Devasini served as Tether Limited's only directors in November 2014. Defendant further states that the allegations in Paragraph 154 purport to characterize statements made by Tether and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

155.    Defendant denies the allegations in Paragraph 155 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 155 purport to characterize or quote statements made by Tether on its website and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

156.    Defendant denies the allegations in Paragraph 156 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 156 purport to characterize or quote statements from the *New York Times* article cited and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

157.    Defendant denies the allegations in Paragraph 157 of the Consolidated Complaint, except admits that there was a certain degree of shared control between Tether and Bitfinex.

158.    Defendant denies the allegations in Paragraph 158 of the Consolidated Complaint insofar as the Tether "treasury" refers to a number of publicly viewable public addresses (as opposed to an "account") that store authorized (but not necessarily issued) tether, and is distinct from the addresses associated with tether destruction. Defendant further states that the allegations

in Paragraph 158 purport to characterize or quote statements from Tether's white paper and respectfully refers the Court to that white paper for a true, correct and complete statement of their contents.

159.     Defendant denies the allegations in Paragraph 159 of the Consolidated Complaint, except admits that from approximately December 2017 through November 2018, Tether did not allow direct customer purchases or sales of tether on the Tether platform.   Defendant states that the allegations in the first sentence of Paragraph 159 purport to characterize statements made by a third party in the affirmation cited and respectfully refers the Court to that affirmation for a true, correct and complete statement of their contents.

160.     Defendant denies the allegations in Paragraph 160 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 160 purport to characterize statements from the cited *Chainalysis* article and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

161.     Defendant denies the allegations in Paragraph 161 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 161 purport to characterize statements from the cited *Bitcoin Magazine* article and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

### 4.  Poloniex

162.     Defendant admits that Poloniex is a crypto-exchange.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Consolidated Complaint.

163.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 163 purport to characterize statements from Poloniex's website

and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

164.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 of the Consolidated Complaint.

165.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of the Consolidated Complaint.  Defendant further states that the allegations in the second sentence of Paragraph 165 purport to characterize statements from the CoinGecko website cited and respectfully refers the Court to that website for a true, correct and complete statement of their contents.

166.     Defendant denies the allegations in Paragraph 166 of the Consolidated Complaint, except admits that Tether issued the press release described in Paragraph 166 and that the quoted language appears therein.  Defendant further states that the allegations in Paragraph 166 purport to characterize or quote statements made by Poloniex in the *Yahoo* article cited and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

167.     Defendant admits the allegations in Paragraph 167 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 167 purport to characterize or quote statements from Tether's website and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

168.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in Paragraph 168 of the Consolidated Complaint.

169.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in Paragraph 169 of the Consolidated Complaint.

### 5.  Bittrex

170.     Defendant admits that Bittrex is a crypto-exchange.  Defendant otherwise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 of the Consolidated Complaint.

171.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 171 purport to characterize or quote statements from Bittrex's website and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

172.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the Consolidated Complaint.

173.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 173 of the Consolidated Complaint. Defendant further states that the allegations in the first sentence of Paragraph 173 purport to characterize statements from the CoinGecko website cited and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents. Defendant denies the allegations in second sentence of Paragraph 173 of the Consolidated Complaint.

174.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 174 purport to characterize or quote statements made by Bittrex on its website and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

175.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 of the Consolidated Complaint.

176.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 176 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 176 purport to characterize or quote statements from the cited letter from the New York Department of Financial Services to Bittrex and respectfully refers the Court to that letter for a true, correct and complete statement of their contents.

177.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 177 purport to characterize or quote statements from the cited letter from the New York Department of Financial Services to Bittrex and respectfully refers the Court to that letter for a true, correct and complete statement of their contents.

178.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 of the Consolidated Complaint. Defendant states that the allegations in Paragraph 178 purport to characterize or quote statements from the cited letter from the New York Department of Financial Services to Bittrex and respectfully refers the Court to that letter for a true, correct and complete statement of their contents.

179.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in the first sentence of Paragraph 179 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 179 purport to characterize statements made by Bitrrex on its website and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

### 6.  Reginald Fowler and Crypto Capital

180.    Defendant denies the allegations in Paragraph 180 of the Consolidated Complaint, except admits that Bitfinex first conducted business with Crypto Capital in 2014.

181.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in Paragraph 181 of the Consolidated Complaint.

182.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Consolidated Complaint.

183.     Defendant denies the allegations in Paragraph 183 of the Consolidated Complaint.

184.     Defendant denies the allegations in Paragraph 184 of the Consolidated Complaint.

C.     **The Defendants Manipulate Cryptocommodity Prices**

185.     Defendant denies the allegations in Paragraph 185 of the Consolidated Complaint.

186.     Defendant denies the allegations in Paragraph 186 of the Consolidated Complaint.

187.     Defendant denies the allegations in Paragraph 187 of the Consolidated Complaint.

188.     Defendant denies the allegations in Paragraph 188 of the Consolidated Complaint.

189.     Defendant denies the allegations in Paragraph 189 of the Consolidated Complaint.

190.     Defendant denies the allegations in Paragraph 190 of the Consolidated Complaint.

191.     Defendant denies the allegations in Paragraph 191 of the Consolidated Complaint.

192.     Defendant denies the allegations in Paragraph 192 of the Consolidated Complaint.

### 1.   **Bitfinex and Tether Lied About USDT's Customer Demand and 1:1 U.S. Dollar Backing**

193.     Defendant denies the allegations in Paragraph 193 of the Consolidated Complaint.

194.     Defendant denies the allegations in Paragraph 194 of the Consolidated Complaint.

#### a.   **Analysis of USDT Flows Shows that USDT Was Often Issued to Accounts Controlled by Bitfinex, Rather Than to Actual Customers**

195.     Defendant denies the allegations in Paragraph 195 of the Consolidated Complaint, except admits that (i) Tether authorizes the creation of USDT and may store authorized USDT until such time as it is "issued" in exchange for the corresponding amount of U.S. dollars and (ii) Tether possesses the ability to revoke or destroy tether.  Defendant further states that the allegations in the first sentence of Paragraph 195 purport to characterize or quote statements made by a third

28

party and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

196.    Defendant denies the allegations in Paragraph 196 and footnote 124 of the Consolidated Complaint.

197.    Defendant lacks knowledge or information sufficient to form a belief as to the truth the allegations in Paragraph 197 of the Consolidated Complaint.

198.    Defendant denies the allegations in Paragraph 198 and footnote 125 of the Consolidated Complaint. Defendant further states that the allegations in footnote 125 purport to characterize statements made by Bitfinex on its website and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

199.    Defendant denies the allegations in Paragraph 199 of the Consolidated Complaint.

200.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentence of Paragraph 200 of the Consolidated Complaint.  Defendant denies the allegations in the third sentence of Paragraph 200 of the Consolidated Complaint.

201.    Defendant denies the allegations in Paragraph 201 of the Consolidated Complaint.

202.    Defendant denies the allegations in Paragraph 202 of the Consolidated Complaint.

203.    Defendant denies the allegations in Paragraph 203 of the Consolidated Complaint.

204.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in Paragraph 204 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 204 purport to characterize statements from the cited "Tether rich list" website and  respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

205.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 of the Consolidated Complaint.

206.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 of the Consolidated Complaint.

207.     Defendant denies the allegations in Paragraph 207 of the Consolidated Complaint.

208.     Defendant denies the allegations in the first sentence of Paragraph 208 of the Consolidated Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 208 of the Consolidated Complaint.

209.     Defendant denies the allegations in Paragraph 209 of the Consolidated Complaint.

210.     Defendant denies the allegations in Paragraph 210 of the Consolidated Complaint.

211.     Defendant denies the allegations in Paragraph 211 of the Consolidated Complaint.

212.     Defendant denies the allegations in the first sentence of Paragraph 212 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 212 purport to characterize statements made in the January 14, 2018 report titled, "Quantifying the Effect of Tether" (the "Tether Report") and respectfully refers the Court to the Tether Report for a true, correct and complete statement of their contents.

213.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 of the Consolidated Complaint.

214.     Defendant denies the allegations in Paragraph 214 of the Consolidated Complaint.

215.     Defendant denies the allegations in Paragraph 215 of the Consolidated Complaint.

216.     Defendant denies the allegations in Paragraph 216 of the Consolidated Complaint.

217.     Defendant denies the allegations in Paragraph 217 of the Consolidated Complaint.

218.     Defendant denies the allegations in Paragraph 218 of the Consolidated Complaint.

**b.  Tether's Struggles with Correspondent Banking Reveal That Its Promise of a 1:1 Reserve Was Impossible**

219.     Defendant denies the allegations in Paragraph 219 of the Consolidated Complaint, excepts admits that Tether maintained appropriate reserves for issued USDT and that Tether satisfied customer redemption requests during the relevant period.

220.     Defendant denies the allegations Paragraph 220 of the Consolidated Complaint. Defendant further states that the allegations in the second sentence of Paragraph 220 purport to characterize statements made by Bitfinex on its website and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

221.     Defendant denies the allegations in Paragraph 221 of the Consolidated Complaint.

222.     Defendant denies the allegations in Paragraph 222 of the Consolidated Complaint.

223.     Defendant denies the allegations in Paragraph 223 of the Consolidated Complaint.

224.     Defendant denies the allegations in Paragraph 224 of the Consolidated Complaint, excepts admits that Bitfinex and Tether have used both U.S. bank accounts and accounts that maintain correspondent accounts with a U.S. bank.

225.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 225 purport to characterize or quote statements made in *Sigmoil Resources, N.V. v. Pan Ocean Oil Corp. (Nigeria)*, 234 A.D.2d 103, 104 (1st Dep't 1996), and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

226.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 of the Consolidated Complaint.

227.     Defendant denies the allegations in Paragraph 227 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 227 and footnote 130 purport to characterize or quote statements made in the *Correspondent Banking* report cited and respectfully refers the Court to that report for a true, correct and complete statement of their contents.

228.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 228 purport to characterize or quote statements made in the *Bank for International Settlements* report cited and respectfully refers the Court to that report for a true, correct and complete statement of their contents.

229.     Defendant denies the allegations in Paragraph 229 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 229 purport to characterize or quote statements made in the *Bloomberg* article cited and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

230.     Defendant denies the allegations in Paragraph 230 of the Consolidated Complaint.

231.     Defendant denies the allegations in Paragraph 231 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 231 purport to characterize or quote statements made by Bitfinex and Tether in the *iFinex Inc. v. Wells Fargo & Co.* litigation in the Northern District of California and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

232.     Defendant denies the allegations in Paragraph 232 of the Consolidated Complaint. Defendant states that the allegations in Paragraph 232 purport to characterize or quote statements made by Bitfinex and Tether in the affirmation cited and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

233.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 of the Consolidated Complaint, except admits that Bitfinex and Tether maintained certain banking relationships with Taiwanese banks and that in 2017, Wells Fargo stopped providing correspondent banking services for Bitfinex and Tether. Defendant further admits that a lawsuit was filed against Wells Fargo in April of 2017 by iFinex, Inc., which speaks for itself.

234.     Defendant admits that a lawsuit was filed against Wells Fargo in April of 2017 by iFinex, Inc. Defendant further states that the allegations in Paragraph 234 purport to characterize or quote statements made by Bitfinex and Tether in the *iFinex Inc. v. Wells Fargo & Co.* litigation in the Northern District of California and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

235.     Defendant denies the allegations in Paragraph 235 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 235 purport to characterize or quote statements made by Tether on its website and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

236.     Defendant denies the allegations in Paragraph 236 of the Consolidated Complaint.

237.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 237 purport to characterize statements made by Bitfinex and Tether (i) in the *iFinex Inc. v. Wells Fargo & Co.* litigation in the Northern District of California, (ii) on Bitfinex's website, and (iii) the Omni Explorer website, and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

238.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 238 of the Consolidated Complaint.

239.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 and footnote 142 of the Consolidated Complaint, except admits that Tether opened an account with Noble Bank International in September 2017. Defendant states that the allegations in footnote 142 purport to characterize statements made in a tweet by Brock Pierce and respectfully refers the Court to that tweet for a true, correct and complete statement of their contents. Defendant further states that the allegations in footnote 142 purport to characterize statements made in the *Medium* article cited and respectfully refers the Court that article for a true, correct and complete statement of their contents.

240.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 of the Consolidated Complaint.

241.     Defendant denies the allegations in Paragraph 241 of the Consolidated Complaint.

242.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 of the Consolidated Complaint.

243.     Defendant denies the allegations in Paragraph 243 of the Consolidated Complaint.

244.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 of the Consolidated Complaint. Defendant states that the allegations in the first sentence of Paragraph 244 purport to characterize statements made in the *Medium* article cited and respectfully refers the Court to that article for a true, correct and complete statement of their contents. Defendant further states that the allegations in the second sentence of Paragraph 244 purport to characterize statements made on the CoinMarketCap website and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

245.     Defendant denies the allegations in Paragraph 245 of the Consolidated Complaint, except admits that Tether temporarily suspended direct redemptions of USDT for U.S. dollars in November 2017.

246.     Defendant denies the allegations in Paragraph 246 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 246 purport to characterize statements made in the *Bloomberg* article cited and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

247.     Defendant denies the allegations in the first sentence of Paragraph 247 of the Consolidated Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in the second sentence of Paragraph 247 of the Consolidated Complaint.  Defendant further states that the allegations in the second sentence of Paragraph 247 purport to characterize statements made by Defendant Devasini in a declaration and respectfully refers the Court to that declaration for a true, correct and complete statement of their contents.

248.     Defendant denies the allegations in Paragraph 248 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 248 purport to characterize or quote statements made by a third party in the affirmation cited and respectfully refers the Court to that affirmation for a true, correct and complete statement of their contents.

249.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in Paragraph 249 of the Consolidated Complaint.

250.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in the first sentence of Paragraph 250 of the Consolidated Complaint. Defendant further states that the allegations in the second and third sentence of Paragraph 250 purport to characterize or quote statements made by Defendant Devasini and respectfully refers

the Court to the statements themselves for a true, correct and complete statement of their contents.

251.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251 of the Consolidated Complaint.

252.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 252 of the Consolidated Complaint. Defendant further states that the allegations in the second sentence of Paragraph 252 purport to characterize statements made by Tether in the letter cited and respectfully refers the Court to that letter for a true, correct and complete statement of their contents.

253.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253 of the Consolidated Complaint.

254.    Defendant denies the allegations in Paragraph 254 of the Consolidated Complaint.

255.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255 of the Consolidated Complaint.

256.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256 of the Consolidated Complaint.

257.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257 of the Consolidated Complaint.

258.    Defendant denies the allegations in Paragraph 258 of the Consolidated Complaint.

### 2. Bitfinex Used Debased USDT to Manipulate the Cryptocommodity Market With Bittrex and Poloniex

259.    Defendant denies the allegations in Paragraph 259 of the Consolidated Complaint.

### a. Bitfinex Used Debased USDT to Purchase Crypto-Assets on Bittrex and Poloniex

260.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260 and footnote 151 of the Consolidated Complaint.

261.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261 of the Consolidated Complaint, except admits that Tether has issued USDT to Bitfinex.

262.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262 of the Consolidated Complaint, except admits that .

263.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263 of the Consolidated Complaint.

264.     Defendant denies the allegations in Paragraph 264 of the Consolidated Complaint.

265.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 265 purport to characterize statements made in an expert analysis and respectfully refers the Court to that analysis for a true, correct and complete statement of its contents.

266.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266 of the Consolidated Complaint.

267.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267 of the Consolidated Complaint.

268.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268 of the Consolidated Complaint.

269.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 269 of the Consolidated Complaint. Defendant denies the allegations in the second sentence of Paragraph 269 of the Consolidated Complaint.

270.     Defendant denies the allegations in Paragraph 270 of the Consolidated Complaint.

271.     Defendant denies the allegations in the second sentence of Paragraph 271 of the Consolidated Complaint.

### b. The Scale and Impact of the Cryptocommodity Manipulation

272.     Defendant denies the allegations in Paragraph 272 of the Consolidated Complaint, except admits that the allegations in Paragraph 272 purport to characterize a chart, which speaks for itself.

273.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in Paragraph 273 of the Consolidated Complaint.  Defendant states that the allegations in Paragraph 273 purport to characterize statements made in an expert analysis and respectfully refers the Court to that analysis for a true, correct and complete statement of its contents.

274.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in the first sentence of Paragraph 274 of the Consolidated Complaint.

275.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in the first sentence of Paragraph 275 of the Consolidated Complaint.

276.     Defendant denies the allegations in the first and third sentence of Paragraph 276 of the Consolidated Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in the second sentence of Paragraph 276 of the Consolidated Complaint.

277.     Defendant denies the allegations in the first sentence of Paragraph 277 of the Consolidated Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in the second and third sentence of Paragraph 277 of the Consolidated Complaint.

278.     Defendant denies the allegations in the first and second sentence of Paragraph 278 of the Consolidated Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in the third and fourth sentence of Paragraph 278 of the Consolidated Complaint.

279.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in Paragraph 279 of the Consolidated Complaint.

### c.  Independent Expert Analysis Corroborates the Existence of Defendants' Manipulative Scheme

280.     Defendant denies the allegations in Paragraph 280 of the Consolidated Complaint.

281.     Defendant admits that Professor John Griffin and Amin Shams published an article titled, "Is Bitcoin Really Un-Tethered" in June 2018 (the "Griffin Article").

282.     Defendant denies the allegations in Paragraph 282 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 282 purport to characterize statements made by third parties in the Griffin Article and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

283.     Defendant denies the allegations in Paragraph 283 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 283 purport to characterize statements made by third parties in the Griffin Article and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

284.     Defendant denies the allegations in Paragraph 284 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 284 purport to characterize statements made by third parties in the Griffin Article and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

285.     Defendant denies the allegations in Paragraph 285 of the Consolidated Complaint.

Defendant further states that the allegations in Paragraph 285 purport to characterize statements made by third parties in the Griffin Article and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

286.     Defendant denies the allegations in Paragraph 286 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 286 purport to characterize statements made by third parties in the Griffin Article and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

287.     Defendant denies the allegations in Paragraph 287 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 287 purport to characterize statements made by third parties in the Griffin Article and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

288.     Defendant denies the allegations in Paragraph 288 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 288 purport to characterize statements made by third parties in the Griffin Article and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

289.     Defendant denies the allegations in Paragraph 289 of the Consolidated Complaint.

290.     Defendant denies the allegations in Paragraph 290 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 290 purport to characterize statements made by third parties in the Griffin Article and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

291.     Defendant denies the allegations in Paragraph 291 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 291 purport to characterize statements made by third parties in the Griffin Article and respectfully refers the Court to that article for a

true, correct and complete statement of their contents.

292.     Defendant denies the allegations in Paragraph 292 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 292 purport to characterize statements made in the *Bloomberg* article cited and respectfully refer the Court to the article for a true, correct and complete statement of their contents.

293.     Defendant admits that Professor John Griffin and Amin Shams released a revised and updated version of the Griffin Article in October 2019 (the "Revised Griffin Article").

294.     Defendant denies the allegations in Paragraph 294 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 294 purport to characterize statements made by third parties in the Revised Griffin Article and respectfully refer the Court to that article for a true, correct and complete statement of their contents.

295.     Defendant denies the allegations in Paragraph 295 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 295 purport to characterize or quote statements made by third parties in the Griffin Article and the Revised Griffin Article and respectfully refer the Court to those articles for a true, correct and complete statement of their contents.

296.     Defendant denies the allegations in Paragraph 296 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 296 purport to characterize statements made by third parties in the Griffin Article and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

297.     Defendant denies the allegations in Paragraph 297 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 297 purport to characterize statements made by third parties in the Revised Griffin Article and respectfully refer the Court to that article

for a true, correct and complete statement of their contents.

298.     Defendant denies the allegations in Paragraph 298 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 298 purport to characterize statements made by third parties in the Revised Griffin Article and respectfully refer the Court to that article for a true, correct and complete statement of their contents.

299.     Defendant denies the allegations in Paragraph 299 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 299 purport to characterize statements made by third parties in the Revised Griffin Article and respectfully refer the Court to that article for a true, correct and complete statement of their contents.

300.     Defendant denies the allegations in Paragraph 300 of the Consolidated Complaint.

301.     Defendant denies the allegations in Paragraph 301 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 301 purport to characterize statements made by third parties in the Revised Griffin Article and respectfully refer the Court to that article for a true, correct and complete statement of their contents.

302.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in Paragraph 302 of the Consolidated Complaint.

303.     Defendant denies the allegations in Paragraph 303 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 303 purport to characterize or quote statements made by third parties in the Tether Report and respectfully refer the Court to that report for a true, correct and complete statement of their contents.

304.     Defendant denies the allegations in Paragraph 304 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 304 purport to characterize or quote statements made by third parties in the Tether Report and respectfully refer the Court to that report

for a true, correct and complete statement of their contents.

305.     Defendant denies the allegations in Paragraph 305 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 305 purport to characterize or quote statements made by third parties in the Tether Report and respectfully refer the Court to that report for a true, correct and complete statement of their contents.

306.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentence of Paragraph 306 of the Consolidated Complaint. Defendant denies the allegations in the third sentence of Paragraph 306 of the Consolidated Complaint.

307.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 307 purport to characterize or quote statements made by a third party on the TokenAnalyst website cited and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

308.     Defendant denies the allegations in Paragraph 308 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 308 purport to characterize or quote statements made by a third party on the Twitter handle cited and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

309.     Defendant denies the allegations in Paragraph 309 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 309 purport to characterize or quote statements made by a third party in the *Medium* article cited and respectfully refer the Court to that article themselves for a true, correct and complete statement of their contents.

### 3.   Bittrex and Poloniex Were Knowing Participants in the Scheme

310.     Defendant denies the allegations in Paragraph 310 of the Consolidated Complaint.

311.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311 of the Consolidated Complaint.

312.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312 of the Consolidated Complaint.

313.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313 of the Consolidated Complaint.

314.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentence of Paragraph 314 of the Consolidated Complaint, except admits that Bitfinex transferred USDT to Bittrex and Poloniex..  Defendant denies the allegations in the third sentence of Paragraph 314 of the Consolidated Complaint.

315.     Defendant denies the allegations in Paragraph 315 of the Consolidated Complaint.

316.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 316 of the Consolidated Complaint.

317.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentence of Paragraph 317 of the Consolidated Complaint.

318.     Defendant denies the allegations in Paragraph 318 of the Consolidated Complaint, except admits that the technical integration between a digital asset issuer and a digital asset exchange often requires cooperation and coordination between the issuer and the exchange, and that enabling USDT trading can require substantial technical coordination.  Defendant further states that the allegations in the third sentence of Paragraph 318 purport to characterize or quote statements made by Bittrex on its website and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

319.     Defendant denies the allegations in Paragraph 319 of the Consolidated Complaint.

320.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 320 of the Consolidated Complaint.

321.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 321 of the Consolidated Complaint.  Defendant further states that the allegations in the second sentence of Paragraph 321 purport to characterize statements made on by Bittrex on its website and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.  Defendant further states that the allegations in the third sentence of Paragraph 321 purport to characterize statements made by a third party on the Steemit website cited and respectfully refer the Court to the statements themselves for a true, correct and complete statement of their contents.

322.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322 of the Consolidated Complaint.

323.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 323 of the Consolidated Complaint, except admits that USDT was transferred from Bitfinex to Bittrex and Poloniex. Defendant denies the allegations in the fourth sentence of Paragraph 323 of the Consolidated Complaint.

324.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 324 of the Consolidated Complaint.  Defendant denies the allegations in the second sentence of Paragraph 324 of the Consolidated Complaint.

325.     Defendant denies the allegations in Paragraph 325 of the Consolidated Complaint.

326.     Defendant denies the allegations in the first sentence of Paragraph 326 of the Consolidated Complaint.  Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in the second sentence of Paragraph 326 of the Consolidated Complaint.

327.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327 and footnote 185 of the Consolidated Complaint, except admits that Bitfinex was hacked in August 2016, and that 100% of all issued and outstanding BFX tokens were redeemed by April 2017.  Defendant further states that the allegations in the first sentence of Paragraph 327 purport to characterize statements made by Tether on its website and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

328.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 328 of the Consolidated Complaint that USDT was transferred from Bitfinex to Bittrex and Poloniex between April and June 2017.  Defendant denies the allegations in the seconds sentence of Paragraph 328 of the Consolidated Complaint.

329.    Defendant denies the allegations in Paragraph 329 of the Consolidated Complaint.

330.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 330 purport to characterize statements made by Bittrex on its website and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

331.    Defendant denies the allegations in Paragraph 331 of the Consolidated Complaint.

332.    Defendant denies the allegations in Paragraph 332 of the Consolidated Complaint.

333.    Defendant denies the allegations in Paragraph 333 of the Consolidated Complaint.

334.    Defendant denies the allegations in Paragraph 334 of the Consolidated Complaint.

Case 1:19-cv-09236-KPF   Document 185   Filed 10/28/21   Page 48 of 79

335.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in Paragraph 335 of the Consolidated Complaint.  Defendant further states that the allegations in the second sentence of Paragraph 335 purport to characterize statements made on the CoinGecko website cited and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

336.     Defendant denies the allegations in Paragraph 336 of the Consolidated Complaint.

337.     Defendant denies the allegations in Paragraph 337 of the Consolidated Complaint.

338.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in Paragraph 338 of the Consolidated Complaint.

339.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in the first sentence of Paragraph 339 of the Consolidated Complaint.  Defendant denies the allegations in the second sentence Paragraph 339 of the Consolidated Complaint.

340.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of  the allegations in the first sentence of Paragraph 340 of the Consolidated Complaint.

341.     Defendant denies the allegations in Paragraph 341 of the Consolidated Complaint, except states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding "cryptocommodity reserves" held by Bittrex and Poloniex.

### 4.   Reginald Fowler and Crypto Capital Were Knowing Participants in the Scheme

342.     Defendant denies the allegations in Paragraph 342 of the Consolidated Complaint.

343.     Defendant denies the allegations in Paragraph 343 of the Consolidated Complaint, except admits that he made certain statements during an interview on the website WhalePool on April 12, 2017.  Defendant further states that the allegations in Paragraph 343 purport to characterize statements made by Defendant during the WhalePool interview on April 12, 2017 and

47

respectfully refers the Court to that interview for a true, correct and complete statement of their contents.

344.    Defendant denies the allegations in Paragraph 344 of the Consolidated Complaint. Defendant states that the allegations in Paragraph 344 purport to characterize or quote statements made by Defendant during the WhalePool interview on April 12, 2017 and respectfully refers the Court to that interview for a true, correct and complete statement of their contents.

345.    Defendant denies the allegations in Paragraph 345 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 345 purport to characterize or quote statements made by Defendant during the WhalePool interview on April 12, 2017 and respectfully refers the Court to that interview for a true, correct and complete statement of their contents.

346.    Defendant denies the allegations in Paragraph 346 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 346 purport to characterize or quote statements made by Defendant during the WhalePool interview on April 12, 2017 and respectfully refers the Court to that interview for a true, correct and complete statement of their contents.

347.    Defendant denies the allegations in Paragraph 347 of the Consolidated Complaint.

348.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 348 of the Consolidated Complaint.  Defendant further states that the allegations in the first sentence of Paragraph 348 purport to characterize or quote statements made in the May 8, 2019 *The Block* article cited and respectfully refers the Court to that article for a true, correct and complete statement of their contents.  Defendant further states that the allegations in the second sentence of Paragraph 348 purport to characterize or quote statements made in the *Bloomberg* article cited and respectfully refers the Court to that article for a true, correct and complete statement of their contents.  Defendant further states that the allegations in

the third sentence of Paragraph 348 purport to characterize or quote statements made in the October 16, 2021 *The Block* article cited and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

349.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 349 and footnote 200 of the Consolidated Complaint, except admits that Bitfinex used Crypto Capital as a payment processor beginning in 2014 and, at various times thereafter, and that Bitfinex and Tether increasingly relied on Crypto Capital following the interruption of wire transfer service by certain of Bitfinex's banks.  Defendant further states that the allegations in the first sentence of Paragraph 349 purport to characterize or quote statements made by a third party and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

350.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 350 purport to characterize or quote statements made by a third party in the affirmation cited and respectfully refers the Court to that affirmation for a true, correct and complete statement of their contents.

351.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 351 of the Consolidated Complaint.

352.     Defendant denies the allegations in Paragraph 352 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 352 purport to characterize or quote statements made by the United States Attorney for the District of Arizona in the memorandum cited and respectfully refers the Court to that memorandum for a true, correct and complete statement of their contents.

353.    Defendant denies the allegations in Paragraph 353 of the Consolidated Complaint, except admits that Crypto Capital provided payment processing services to Bitfinex.

354.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 354 of the Consolidated Complaint.

355.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 355 of the Consolidated Complaint.  Defendant further states that the allegations in the first sentence of Paragraph 355 purport to characterize statements made in the *Bloomberg* article cited and respectfully refers the Court to that article for a true, correct and complete statement of their contents.  Defendant further states that the allegations in the second sentence of Paragraph 355 purport to characterize statements made in the *Trustnodes* article cited and respectfully refers the Court to that article for a true, correct and complete statement of their contents.

356.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 356 and footnote 206 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 356 purport to characterize statements made in the *The Block* article cited and respectfully refers the Court to the article for a true, correct and complete statement of their contents.  Defendant further states that the allegations in footnote 206 purport to characterize statements made in the *Barrs v. United States* litigation in the Northern District of Georgia and respectfully refers the Court to the statements themselves for a true, correct and complete statement of their contents.

357.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 357 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 357 purport to characterize statements made in the *TVP* article cited

and respectfully refers the Court to the article for a true, correct and complete statement of their contents.

358.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 358 of the Consolidated Complaint.

359.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 359 of the Consolidated Complaint. Defendant further states that the allegations in the first sentence of Paragraph 359 purport to characterize statements made in the indictment cited and respectfully refers the Court to the indictment for a true, correct and complete statement of their contents. Defendant further states that the allegations in the second sentence of Paragraph 359 purport to characterize statements made in the *The Block* article cited and respectfully refers the Court to the article for a true, correct and complete statement of their contents.

360.     Defendant denies the allegations in Paragraph 360 of the Consolidated Complaint.

361.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 361 of the Consolidated Complaint.

362.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 362 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 362 purport to characterize statements made in each of the affirmations cited and respectfully refers the Court to those affirmations for a true, correct and complete statement of their contents.

363.     Defendant denies the allegations in Paragraph 363 of the Consolidated Complaint.

364.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 364 of the Consolidated Complaint. Defendant further states that

51

the allegations in the second and third sentence of Paragraph 364 purport to characterize or quote statements made in the memorandum cited and respectfully refers the Court to those affirmations for a true, correct and complete statement of their contents.

365.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 365 purport to characterize or quote statements made in by Defendant Devasini the declaration cited and respectfully refers the Court to that declaration for a true, correct and complete statement of their contents.

366.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 366 of the Consolidated Complaint.

      D.     **The New York Attorney General Investigates Bitfinex and Tether**

367.     Defendant admits the allegations in Paragraph 367 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 367 purport to characterize or quote statements made in the affirmation cited and respectfully refers the Court to that affirmation for a true, correct and complete statement of their contents.

368.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 368 purport to characterize or quote statements made in the April 25, 2019 press release cited and respectfully refers the Court to that press release for a true, correct and complete statement of their contents.

369.     Defendant denies the allegations in Paragraph 369 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 369 purport to characterize or quote statements made in the affirmation cited and respectfully refers the Court to that affirmation for a

true, correct and complete statement of their contents.

370.     Defendant denies the allegations in Paragraph 370 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 370 purport to characterize or quote statements made in the memorandum cited and respectfully refers the Court to that memorandum for a true, correct and complete statement of their contents.

371.     Defendant denies the allegations in Paragraph 371 of the Consolidated Complaint.

E.       **Defendants Continue to Issue Unbacked USDT and Manipulate Prices**

372.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 372 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 372 purport to characterize or quote statements made on the CoinMarketCap website cited and respectfully refers the Court to that memorandum for a true, correct and complete statement of their contents

373.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 373 of the Consolidated Complaint. Defendant further states that the allegations in Paragraph 373 purport to characterize or quote statements made by Paulo Ardoino in the cited video on Twitter and respectfully refers the Court to that video for a true, correct and complete statement of its contents.

374.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374 of the Consolidated Complaint.  Defendant further states that the allegations in Paragraph 374 purport to characterize or quote statements made by Tether on Twitter and respectfully refers the Court to that tweet for a true, correct and complete statement of its contents.

375.     Defendant denies the allegations in Paragraph 375 of the Consolidated

Complaint.

376.     The allegations in Paragraph 376 of the Consolidated Complaint set forth Plaintiffs' characterization of its claims in this action to which no responsive pleading is required.

377.     The allegations in Paragraph 377 of the Consolidated Complaint set forth Plaintiffs' characterization of its putative subclass in this action to which no responsive pleading is required.

378.      The allegations in Paragraph 378 of the Consolidated Complaint set forth Plaintiffs' characterization of its putative class in this action to which no responsive pleading is required.

379.      The allegations in Paragraph 379 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

380.     The allegations in Paragraph 380 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

381.     The allegations in Paragraph 381 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

382.     The allegations in Paragraph 382 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

383.     The allegations in Paragraph 383 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to

require a response, Defendant denies them.

384.     The allegations in Paragraph 384 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

385.     The allegations in Paragraph 385 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

386.     The allegations in Paragraph 386 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

387.     The allegations in Paragraph 387 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

388.     The allegations in Paragraph 388 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

## CAUSES OF ACTION

## <u>FIRST CAUSE OF ACTION</u>

### Monopolization
### Sherman Antitrust Act Section 2
**(By the Class Against DigFinex, the Bitfinex Defendants, the Tether Defendants, and the Individual Defendants)**

389.     Defendant repeats each of the foregoing responses.

390.     Defendant denies the allegations in Paragraph 390 of the Consolidated Complaint.

391.     Defendant denies the allegations in Paragraph 391 of the Consolidated Complaint.

392.    Defendant denies the allegations in Paragraph 392 of the Consolidated Complaint.

393.    Defendant denies the allegations in Paragraph 393 of the Consolidated Complaint.

394.    Defendant denies the allegations in Paragraph 394 of the Consolidated Complaint.

395.    Defendant denies the allegations in Paragraph 395 of the Consolidated Complaint.

396.    Defendant denies the allegations in Paragraph 396 of the Consolidated Complaint.

397.    Defendant denies the allegations in Paragraph 397 of the Consolidated Complaint.

398.    Defendant denies the allegations in Paragraph 398 of the Consolidated Complaint.

399.    The allegations in Paragraph 399 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

### SECOND CAUSE OF ACTION

**Attempted Monopolization Sherman Antitrust Act Section 2**
**(By the Class Against DigFinex, the Bitfinex Defendants, the Tether Defendants,**
**and the Individual Defendants)**

400.    Defendant repeats each of the foregoing responses.

401.    Defendant denies the allegations in Paragraph 401 of the Consolidated Complaint.

402.    Defendant denies the allegations in Paragraph 402 of the Consolidated Complaint.

403.    Defendant denies the allegations in Paragraph 403 of the Consolidated Complaint.

404.    Defendant denies the allegations in Paragraph 404 of the Consolidated Complaint.

405.    Defendant denies the allegations in Paragraph 405 of the Consolidated Complaint.

406.    Defendant denies the allegations in Paragraph 406 of the Consolidated Complaint.

407.    Defendant denies the allegations in Paragraph 407 of the Consolidated Complaint.

408.    Defendant denies the allegations in Paragraph 408 of the Consolidated Complaint.

409.    The allegations in Paragraph 409 of the Consolidated Complaint constitute legal

conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

## THIRD CAUSE OF ACTION

### Conspiracy to Monopolize Sherman Act Antitrust Action Section 2
### (By the Class Against All Defendants)

410.    No response is required to the allegations in Paragraph 410 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

411.    No response is required to the allegations in Paragraph 411 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

412.    No response is required to the allegations in Paragraph 412 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

413.    No response is required to the allegations in Paragraph 413 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

414.    No response is required to the allegations in Paragraph 414 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

415.    No response is required to the allegations in Paragraph 415 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

416.    No response is required to the allegations in Paragraph 416 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

## FOURTH CAUSE OF ACTION

### Agreement in Restraint of Trade Sherman Antitrust Act Sections 1 and 3
### (By the Class Against All Defendants)

417.    Defendant repeats each of the foregoing responses.

418.    The allegations in Paragraph 418 of the Consolidated Complaint constitute legal

conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

419.    Defendant denies the allegations in Paragraph 419 of the Consolidated Complaint.

420.    Defendant denies the allegations in Paragraph 420 of the Consolidated Complaint.

421.    Defendant denies the allegations in Paragraph 421 of the Consolidated Complaint.

422.    Defendant denies the allegations in Paragraph 422 of the Consolidated Complaint.

423.    Defendant denies the allegations in Paragraph 423 of the Consolidated Complaint.

424.    Defendant denies the allegations in Paragraph 424 of the Consolidated Complaint.

425.    Defendant denies the allegations in Paragraph 425 of the Consolidated Complaint.

426.    Defendant denies the allegations in Paragraph 426 of the Consolidated Complaint, except admits that Bitfinex is subject to "know-your-customer" requirements and/or reporting requirements under the Financial Crimes Incentives Network and had its own anti-fraud policies. Defendant further states that the allegations in footnote 221 purport to characterize or quote statements made by Bitfinex, Bittrex, and Poloniex on their websites and respectfully refers the Court to statements themselves for a true, correct and complete statement of its contents.

427.    Defendant denies the allegations in Paragraph 427 of the Consolidated Complaint.

428.    Defendant denies the allegations in Paragraph 428 of the Consolidated Complaint.

429.    Defendant denies the allegations in Paragraph 429 of the Consolidated Complaint.

430.    No response is required to the allegations in Paragraph 430 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

## FOURTH CAUSE OF ACTION

### Commodities Exchange Act
### (By the Cryptocommodity Futures Subclass Against All Defendants)

431.    Defendant repeats each of the foregoing responses.

432.     The allegations in Paragraph 432 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

433.     Defendant denies the allegations in Paragraph 433 of the Consolidated Complaint.

434.      Defendant denies the allegations in Paragraph 434 of the Consolidated Complaint.

435.     Defendant denies the allegations in Paragraph 435 of the Consolidated Complaint.

436.     Defendant denies the allegations in Paragraph 436 of the Consolidated Complaint.

437.     Defendant denies the allegations in Paragraph 437 of the Consolidated Complaint.

438.     Defendant denies the allegations in Paragraph 438 of the Consolidated Complaint.

439.     The allegations in Paragraph 439 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

## SIXTH CAUSE OF ACTION

### Principal Agent Liability
### Commodities Exchange Act
### (By the Cryptocommodity Futures Subclass Against All Defendants)

440.     Defendant repeats each of the foregoing responses.

441.     The allegations in Paragraph 441 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

442.     Defendant denies the allegations in Paragraph 442 of the Consolidated Complaint.

443.     Defendant denies the allegations in Paragraph 443 of the Consolidated Complaint.

444.     The allegations in Paragraph 444 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to

require a response, Defendant denies them.

## SEVENTH CAUSE OF ACTION

### Aiding and Abetting
### Commodities Exchange Act
### (By the Cryptocommodity Futures Subclass Against All Defendants)

445.    Defendant repeats each of the foregoing responses.

446.    The allegations in Paragraph 446 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

447.    Defendant denies the allegations in Paragraph 447 of the Consolidated Complaint.

448.    The allegations in Paragraph 448 of the Consolidated Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, Defendant denies them.

## EIGHTH CAUSE OF ACTION

### RICO 18 U.S.C. § 1962(c)
### (By the Class Against the Count Eight Defendants)

449.    No response is required to the allegations in Paragraph 449 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

450.    No response is required to the allegations in Paragraph 450 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

451.    No response is required to the allegations in Paragraph 451 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

452.    No response is required to the allegations in Paragraph 452 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

## Defendant Persons

453.    No response is required to the allegations in Paragraph 453 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

**<u>Enterprise</u>**

454.    No response is required to the allegations in Paragraph 454 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

455.    No response is required to the allegations in Paragraph 455 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

456.    No response is required to the allegations in Paragraph 456 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

457.    No response is required to the allegations in Paragraph 457 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

458.    No response is required to the allegations in Paragraph 458 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

459.    No response is required to the allegations in Paragraph 459 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

460.    No response is required to the allegations in Paragraph 460 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

461.    No response is required to the allegations in Paragraph 461 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

462.    No response is required to the allegations in Paragraph 462 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182)

463.    No response is required to the allegations in Paragraph 463 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

464.     No response is required to the allegations in Paragraph 464 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

465.     No response is required to the allegations in Paragraph 465 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

466.     No response is required to the allegations in Paragraph 466 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

467.     No response is required to the allegations in Paragraph 467 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

468.     No response is required to the allegations in Paragraph 468 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

469.     No response is required to the allegations in Paragraph 469 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

470.     No response is required to the allegations in Paragraph 470 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

471.     No response is required to the allegations in Paragraph 471 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

472.     No response is required to the allegations in Paragraph 472 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

473.     No response is required to the allegations in Paragraph 473 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

### Conduct, Operation, and Management of the Enterprise
### Through a Pattern of Racketeering Activity

474.     No response is required to the allegations in Paragraph 474 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

475.     No response is required to the allegations in Paragraph 475 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

476.     No response is required to the allegations in Paragraph 476 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

477.     No response is required to the allegations in Paragraph 477 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

478.     No response is required to the allegations in Paragraph 478 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

479.     No response is required to the allegations in Paragraph 479 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

480.     No response is required to the allegations in Paragraph 480 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

481.     No response is required to the allegations in Paragraph 481 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

482.     No response is required to the allegations in Paragraph 482 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

## Predicate Acts of Racketeering Activity

483.     No response is required to the allegations in Paragraph 483 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

## Wire Fraud:
## 18 U.S.C. § 1343

484.     No response is required to the allegations in Paragraph 484 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

485.     No response is required to the allegations in Paragraph 485 because they relate to

a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

486.    No response is required to the allegations in Paragraph 486 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

487.    No response is required to the allegations in Paragraph 487 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

488.    No response is required to the allegations in Paragraph 488 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

489.    No response is required to the allegations in Paragraph 489 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

490.    No response is required to the allegations in Paragraph 490 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

491.    No response is required to the allegations in Paragraph 491 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

**Bank Fraud**
**18 U.S.C. § 1344**

492.    No response is required to the allegations in Paragraph 492 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

493.    No response is required to the allegations in Paragraph 493 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

494.    No response is required to the allegations in Paragraph 494 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

495.    No response is required to the allegations in Paragraph 495 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

496.    No response is required to the allegations in Paragraph 496 because they relate to a

claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

497.    No response is required to the allegations in Paragraph 497 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

498.    No response is required to the allegations in Paragraph 498 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

499.    No response is required to the allegations in Paragraph 499 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

500.    No response is required to the allegations in Paragraph 500 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

501.    No response is required to the allegations in Paragraph 501 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

502.    No response is required to the allegations in Paragraph 502 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

503.    No response is required to the allegations in Paragraph 503 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

**Money Laundering:**
**18 U.S.C. § 1956**

504.    No response is required to the allegations in Paragraph 504 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

505.    No response is required to the allegations in Paragraph 505 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

506.    No response is required to the allegations in Paragraph 506 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

507.    No response is required to the allegations in Paragraph 507 because they relate to a

claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

508.     No response is required to the allegations in Paragraph 508 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

509.     No response is required to the allegations in Paragraph 509 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

510.     No response is required to the allegations in Paragraph 510 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

511.     No response is required to the allegations in Paragraph 511 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

512.     No response is required to the allegations in Paragraph 512 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

### Monetary Transactions in Property Derived From Specified Unlawful Activity: 18 U.S.C. § 1957

513.     No response is required to the allegations in Paragraph 513 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

514.     No response is required to the allegations in Paragraph 514 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

515.     No response is required to the allegations in Paragraph 515 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

516.     No response is required to the allegations in Paragraph 516 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

517.     No response is required to the allegations in Paragraph 517 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

518.     No response is required to the allegations in Paragraph 518 because they relate to a

claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

519.    No response is required to the allegations in Paragraph 519 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

520.    No response is required to the allegations in Paragraph 520 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

521.    No response is required to the allegations in Paragraph 521 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

522.    No response is required to the allegations in Paragraph 522 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

523.    No response is required to the allegations in Paragraph 523 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

524.    No response is required to the allegations in Paragraph 524 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

## Operating Unlicensed Money Transmitting Businesses:
### 18 U.S.C. § 1960

525.    No response is required to the allegations in Paragraph 525 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

526.    No response is required to the allegations in Paragraph 526 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

527.    No response is required to the allegations in Paragraph 527 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

528.    No response is required to the allegations in Paragraph 528 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

529.    No response is required to the allegations in Paragraph 529 because they relate to a

67

claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

530.   No response is required to the allegations in Paragraph 530 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

531.   No response is required to the allegations in Paragraph 531 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

532.   No response is required to the allegations in Paragraph 532 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

533.   No response is required to the allegations in Paragraph 533 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

534.   No response is required to the allegations in Paragraph 534 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

535.   No response is required to the allegations in Paragraph 535 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

## **Relatedness and Continuity**

536.   No response is required to the allegations in Paragraph 536 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

537.   No response is required to the allegations in Paragraph 537 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

538.   No response is required to the allegations in Paragraph 538 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

539.   No response is required to the allegations in Paragraph 539 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

## Causation, Injury, and Damages

540.    No response is required to the allegations in Paragraph 540 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

541.    No response is required to the allegations in Paragraph 541 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

542.    No response is required to the allegations in Paragraph 542 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

543.    No response is required to the allegations in Paragraph 543 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

544.    No response is required to the allegations in Paragraph 544 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

545.    No response is required to the allegations in Paragraph 545 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

546.    No response is required to the allegations in Paragraph 546 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

547.    No response is required to the allegations in Paragraph 547 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

548.    No response is required to the allegations in Paragraph 548 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

## NINTH CAUSE OF ACTION

### RICO § 1962(a)
### (In the Alternative, by the Class Against the Count Nine Defendants)

549.    No response is required to the allegations in Paragraph 549 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

550.    No response is required to the allegations in Paragraph 550 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

551.    No response is required to the allegations in Paragraph 551 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

552.    No response is required to the allegations in Paragraph 552 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

553.    No response is required to the allegations in Paragraph 553 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

554.    No response is required to the allegations in Paragraph 554 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

555.    No response is required to the allegations in Paragraph 555 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

556.    No response is required to the allegations in Paragraph 556 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

557.    No response is required to the allegations in Paragraph 557 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

558.    No response is required to the allegations in Paragraph 558 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

559.    No response is required to the allegations in Paragraph 559 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

560.    No response is required to the allegations in Paragraph 560 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

## TENTH CAUSE OF ACTION

### RICO § 1962(d)
### (By the Class Against All Defendants)

561.     No response is required to the allegations in Paragraph 561 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

562.     No response is required to the allegations in Paragraph 562 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

563.     No response is required to the allegations in Paragraph 563 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

564.     No response is required to the allegations in Paragraph 564 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

565.     No response is required to the allegations in Paragraph 565 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

566.     No response is required to the allegations in Paragraph 566 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

567.     No response is required to the allegations in Paragraph 567 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

568.     No response is required to the allegations in Paragraph 568 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

569.     No response is required to the allegations in Paragraph 569 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

570.     No response is required to the allegations in Paragraph 570 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

571.     No response is required to the allegations in Paragraph 571 because they relate to

a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

572.     No response is required to the allegations in Paragraph 572 because they relate to

a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

## ELEVENTH CAUSE OF ACTION

**Fraud**
**(By the Class Against the Bitfinex Defendants,**
**Tether Defendants, and Individual Defendants)**

573.     Defendant repeats each of the foregoing responses.

574.     Defendant denies the allegations in Paragraph 574 of the Consolidated

Complaint.

575.     Defendant denies the allegations in Paragraph 575 of the Consolidated Complaint.

576.     Defendant denies the allegations in Paragraph 576 of the Consolidated Complaint.

577.     Defendant denies the allegations in Paragraph 577 of the Consolidated Complaint.

578.     Defendant denies the allegations in Paragraph 578 of the Consolidated Complaint.

579.     Defendant denies the allegations in Paragraph 579 of the Consolidated Complaint.

580.     Defendant denies the allegations in Paragraph 580 of the Consolidated Complaint.

581.     Defendant denies the allegations in Paragraph 581 of the Consolidated Complaint.

582.     The allegations in Paragraph 582 of the Consolidated Complaint constitute legal

conclusions to which no response is required. To the extent that the allegations are construed to

require a response, Defendant denies them.

## TWELFTH CAUSE OF ACTION

**New York Deceptive Trade Practices Law**
**NY GBL § 349**
**(By the Class Against the Bitfinex Defendants,**
**Tether Defendants, and Individual Defendants)**

583.     No response is required to the allegations in Paragraph 583 because they relate to

a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

584.     No response is required to the allegations in Paragraph 584 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

585.     No response is required to the allegations in Paragraph 585 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

586.     No response is required to the allegations in Paragraph 586 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

587.     No response is required to the allegations in Paragraph 587 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

588.     No response is required to the allegations in Paragraph 588 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

589.     No response is required to the allegations in Paragraph 589 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

590.     No response is required to the allegations in Paragraph 590 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

591.     No response is required to the allegations in Paragraph 591 because they relate to a claim that was dismissed pursuant to the Court's order on September 28, 2021 (ECF 182).

## COSTS, INTEREST, AND ATTORNEYS' FEES

592.     Defendant denies that Plaintiffs and the putative class are entitled to any relief and respectfully requests that the Court dismiss all of the claims against Defendant with prejudice and order such further relief as the Court deems just and proper.

## JURY TRIAL

593.     No response is required to Plaintiffs' demand for a jury trial.

## GENERAL DENIAL

Defendant denies each and every allegation in the Consolidated Complaint, except as expressly admitted or otherwise stated above.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the foregoing denials, Defendant asserts the following defenses.  By asserting these defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  No assertion of any defense is intended or may be construed as a concession that any particular issue or subject matter is relevant to Plaintiffs' allegations.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead fraud with particularity.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs cannot show loss causation.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs have failed to adequately plead reliance on any alleged misrepresentation or omission.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs have not suffered any damages or injury resulting from any act or omission of the Defendant. In the alternative, Plaintiffs' claims are barred,

in whole or in part, because the damages alleged in the Consolidated Complaint are speculative, remote, and/or not subject to proof or allocation

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs cannot show that Defendant acted with scienter.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs do not have standing to assert the claims in the Consolidated Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not properly maintainable as class action claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not adequate class action representatives.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrines.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the substance of the information Plaintiffs allege was omitted or misrepresented was disclosed or was otherwise known to the markets and/or Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs did not act with due diligence.

### FOURTEENTH AFFIRMATIVE DEFENSE

Should Plaintiffs recover damages from Defendant, Defendant is entitled to indemnification or contribution, either in whole or in part, from all persons or entities who caused Plaintiffs' damages.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

Defendant did not engage in any conduct, combination, or conspiracy in restraint of trade.

### SIXTHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, because the alleged conduct did not lessen competition in any relevant market or markets.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The purported relevant market alleged in the Consolidated Complaint is not a relevant antitrust market, and Plaintiffs cannot carry their burden of defining a proper relevant market.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any and all of the challenged actions by Defendant were lawful, reasonable, justified, constitute bona fide business practices, and were carried out in furtherance of legitimate business interests, and therefore did not violate any law at issue and have not caused any injury to competition, the public, or Plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant did not manipulate the price of digital assets.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because the relevant injuries, if any, were not proximately caused by the acts or omissions of Defendant, but, if they exist at all, were the result in whole or in part of intervening or supervening causes, and/or are impermissibly derivative rather than direct.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The injuries asserted by Plaintiffs, if any exist, were caused in whole or in part by the conduct of third parties for whom Defendant was not responsible, or through normal marketplace forces outside of their control.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, because any claimed injury or damage has been offset by benefits or payments Plaintiffs received.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, because the relief sought is broader than what is necessary to remedy the alleged harm.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs would be unjustly enriched if they were permitted to obtain recovery in this action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent that Defendants may share in such a defense.

### RESERVATION OF RIGHTS

This Answer is based on information currently available to Defendant. Defendant reserves the right to assert additional affirmative defenses to the extent they become known through discovery or otherwise following the date of this Answer. Defendant further reserves the right to withdraw defenses that he determine are not applicable during the course of discovery and other proceedings in this action.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury in this action on all issues so triable.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court enter judgment in his favor, against Plaintiffs, as follows:

a. a judgment denying all relief against them on all counts;

b. awarding him his reasonable attorneys' fees and costs; and

c. for such other and further relief as the Court deems just and proper.

Respectfully submitted this 28th day of October 2021.

**WILLKIE FARR & GALLAGHER LLP**

/ s / *Charles D. Cording*
Charles D. Cording
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019-6099
Tel.:  (212) 728-8000
Email:  CCording@willkie.com

*Attorney for Defendant Philip G. Potter*