# EXHIBIT A

| | |
|---|---|
| **From:** | Rudzin, Abby F. |
| **Sent:** | Tuesday, October 27, 2020 7:01 PM |
| **To:** | Philippe Selendy; Caitlin Halligan; Maria Ginzburg; Andrew Dunlap; Mitchell Nobel; Kyle Roche; Ted Normand; Velvel Freedman; Joseph Delich; Todd M. Schneider; Jason H. Kim; Matthew S. Weiler; Kyle G. Bates; Oscar Shine |
| **Cc:** | Jim Walden; dchirlin@wmhlaw.com; Stephanie T. Levick; dcohen@wmhlaw.com; Michael J. Lee; Sunjina Ahuja; ccording@willkie.com; Pao, William K.; Greg Hollon; Timothy B. Fitzgerald; Charles Wittmann-Todd; Lisa Nelson; Matthew G. Lindenbaum; Robert L. Lindholm; michael.hefter@hoganlovells.com; Rackear, Samuel |
| **Subject:** | In re Tether, No. 19-cv-9236 (S.D.N.Y.) - Declaration |
| **Attachments:** | 20200907_0906123912.pdf |

Thank you for your cooperation in getting the protective order filed.  Attached is the declaration, which we have designated "Attorneys' Eyes Only" under that order.  As you will see, the declarant's name has been redacted from the document for the reasons he explains.  Rest assured, we have a complete executed copy of the declaration and can represent that he is a real person who submitted appropriate KYC documentation when he opened his Bittrex account.  He will not voluntarily agree to provide his name to you, or permit us to do so, but he is willing to answer your questions.  Moreover, as you will see in the declaration, key facts corroborating his testimony can be confirmed with data that you can obtain and verify directly from the internet or other sources.

Given his explanations—which you can independently verify with publicly available information—we are requesting that plaintiffs dismiss or correct their complaint.  As you know, Rule 11 requires an attorney to "certif[y] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions [made by the attorney] have evidentiary support."  A reasonable inquiry here includes considering the declaration and analyzing the cited information to which you have equal access.  If plaintiffs do not do so—and certainly if plaintiffs repeat their false allegations in opposing defendants' motions to dismiss—we may be left with no choice but to seek relief under Rule 11. We are hopeful that can be avoided.

If you have questions for him, he has informed us that you are free to email him directly.  His email address is shown on the exhibit to his declaration.  We are also happy to pass along any questions you have.

We look forward to hearing from you on this.

Abby

# O'Melveny

**Abby F. Rudzin**
arudzin@omm.com

1

O: +1-212-326-2033

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY  10036

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

SEALED