November 18, 2021

**Via ECF and E-mail**

Hon. Katherine Polk Failla
U.S. District Court, S.D.N.Y.
40 Foley Square, Room 2103
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla:

We write on behalf of all parties except Defendant Reginald Fowler[1] in response to the Court's September 28, 2021, direction that the parties submit a revised proposed case management plan and joint status letter by November 18, 2021. (Dkt. 182.) Attached as Exhibit A is Plaintiffs' proposed case management plan. Exhibit B is Defendants' proposed case management plan. The parties agree on nearly all aspects of the proposed case management plan, but are at an impasse on two issues.

First, on November 12, 2021, Defendants Bittrex, Inc., and Poloniex, LLC (the "Exchange Defendants") filed a pre-motion letter concerning their proposed summary judgment motion and requesting that discovery from the Exchange Defendants be delayed pending resolution of that motion. (Dkt. 188.) For that reason, the Exchange Defendants requested language in the draft case management plan implementing the phased discovery they request. Plaintiffs oppose their request and their additions to the case management plan for the reasons set out in their November 17 response letter. (Dkt. 191.)

Second, Plaintiffs and Defendants disagree as to the timing of Plaintiffs' motion for class certification. Plaintiffs propose that their motion for class certification be submitted, along with supporting expert reports, in 19 months. Defendants propose that Plaintiffs file the motion for class certification in 15 months, before the conclusion of fact depositions. A brief explanation of their respective positions are as follows:

    A.    **Plaintiffs' Position**

        *1.*    *Class Certification Should Occur After the Close of Fact Discovery*

Plaintiffs propose moving for class certification one month after the close of fact discovery, an approach this Court has ordered in cases like *Gordon v. Amadeus IT Group, S.A.*, 15-cb-05457, ECF No. 174 and *Iowa Public Employees Retirement System v. Bank of America Corporation*, 17-cv-006221, ECF No. 190. Plaintiffs' proposal makes sense

---

[1] Defendant Fowler did not file an Answer by the Court's deadline of October 28, 2021, and has not participated in the Rule 26(f) process. Plaintiffs represent that they have not been able to contact Fowler despite repeated outreach to his counsel of record in a separate proceeding, *USA v. Fowler*, Case No. 1:19-cr-00254-ALC (S.D.N.Y.).

because, to satisfy the commonality and predominance requirements of Rule 23, Plaintiffs will need documentary evidence and deposition testimony regarding the Defendants' records of trading activity on their platforms and the technical operation of the exchanges involved. Moreover, Plaintiffs will need complete fact discovery to inform their class certification expert reports regarding trading patterns on and between crypto-exchanges and the pricing impact of USDT issuances and specific trading behaviors.

Defendants' proposal, by contrast, prejudices Plaintiffs by requiring them to move for class certification before fact depositions are complete, thus depriving Plaintiffs of testimony explaining and interpreting key evidence. Defendants do not support or explain their assertion that discovery relevant to class certification can be "front loaded," nor do they explain how the four-month difference between their proposal (15 months) and Plaintiffs' proposal (19 months) is material. To the extent Defendants argue that 19 months is too long to wait for class certification, that is a problem of their own making: Plaintiffs initially proposed the parties complete fact discovery in 16 months, and Defendants asked that the fact deposition deadline be extended to 18 months following entry of the Case Management Order.

### 2. Plaintiffs Intend to Obtain a Certificate of Default Against Fowler

Pursuant to Attachment A to the Court's Individual Rules of Practice, Plaintiffs intend to obtain a Certificate of Default against Defendant Fowler because he has not filed an Answer. Following this Court's Order on the motions to dismiss, Plaintiffs have emailed Fowler's counsel of record in *USA v. Fowler*, Case No. 1:19-cr-00254-ALC on October 15, October 22, November 5, and November 12. Fowler's counsel acknowledged receipt of Plaintiffs' October emails on October 28, but Plaintiffs have not received a substantive response. Plaintiffs do not intend to move for entry of a default judgment until class certification is complete.

### B. Defendants' Position on Class Certification Scheduling

Defendants contend that fifteen months is more than sufficient time for the parties to conduct and complete any class-related discovery. Such discovery may be front-loaded to give Plaintiffs ample opportunity to review the documents and take depositions, as necessary. Other class action case management plans approved by this Court have *full* discovery periods ranging from 6 to 18 months (with 18 months being an outlier).[2] Accordingly,

---

[2] *Gordon v. Amadeus IT Group, S.A.*, No. 15-cv-5457 (Dkt. 174) ("*Gordon*"); *Iowa Pub. Employees' Retirement Sys. v. Bank of America*, No. 17-cv-6221 (Dkt. 137) ("*Retirement System*"); *Lugones v. Pete and Gerry's Organics, LLC*, No. 19-cv-02097 (Dkt. 40) ("*Lugones*"); *Martinek v. Amtrust Financial Services, Inc.*, No. 19-cv-08030 (Dkt. 37) ("*Martinek*"); *Tucker v. Chase Bank USA, N.A.*, No. 18-cv-03155 (Dkt. 52) ("*Tucker*"); *Campos v. Lenmar Restaurant Inc.*, No. 18-cv-12359 (Dkt. 21) ("*Campos*"); *O'Shea v. P.C. Richard & Son, Inc.*, No. 15-cv-09069 (Dkt. 25-1) ("*O'Shea*"); *Schwartz v. HSBC Bank USA, N.A.*, No. 14-cv-09525 (Dkt. 40) ("*Schwartz*").

Honorable Katherine Polk Failla
November 18, 2021

15 months should be more than sufficient to conduct any *class-related* discovery. Furthermore, in a majority of those prior plans, the Court approved discovery schedules that entertained class certification briefing during the discovery period (and, in at least one instance, approving class certification briefing *before* merits discovery).[3] Where, as here, the discovery process and litigation will be exceedingly expensive and the proposed 15-month schedule before class certification briefing is already very generous, Plaintiffs should be required to establish that the requirements of Rule 23 are met.

The parties are available to discuss at the Court's convenience.

---

[3] *See Campos; Retirement System; Martinek; Tucker;* and *O'Shea* (class discovery and merits discovery were bifurcated with class discovery and class certification briefing taking place *before* merits discovery). Of the remaining three cases, one did not address class certification timing (*Schwartz*), one had class certification post-fact discovery but during expert discovery (*Gordon*), and only one case had class certification briefing after *all* discovery was completed (*Lugones*).

Honorable Katherine Polk Failla
November 18, 2021

Respectfully submitted,

Counsel for the Parties:

/s/ Kyle W. Roche
Kyle W. Roche
Edward Normand
Velvel Freedman (*pro hac vice*)
Joseph M. Delich
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rcfllp.com
tnormand@rcfllp.com
vel@rcfllp.com
jdelich@rcfllp.com

/s/ Caitlin Halligan
Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
SELENDY & GAY PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com

/s/ Todd M. Schneider
Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for the*
*Plaintiffs and the Proposed Class*

/s/ Jim Walden
Jim Walden
Daniel J. Chirlin
Walden Macht & Haran
One Battery Park Plaza 34th Floor New York, New York 10004
jwalden@wmhlaw.com
dchirlin@wmhlaw.com

/s/ Michael Jason Lee
Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
michael@mjllaw.com

/s/ Sunjina K. Ahuja, Esq.
Sunjina K. Ahuja, Esq.
Christopher J. Beal
Dillon Miller Ahuja & Boss, LLP
5872 Owens Ave., Suite 200
San Diego, CA 92008
sahuja@dmablaw.com
cbeal@dmablaw.com

*Attorneys for Defendants iFinex Inc., DigFinex Inc., BFXNA Inc., BFXWW Inc., Tether International Limited, Tether Operations Limited, Tether Holdings Limited, Tether Limited, Giancarlo Devasini, and Ludovicus Jan van der Velde*

/s/ Charles D. Cording
Charles D. Cording
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
ccording@willkie.com

*Attorney for Defendant Philip G. Potter*

4

Honorable Katherine Polk Failla
November 18, 2021

/s/ Abby F. Rudzin
Abby F. Rudzin
William K. Pao
O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10026
arudzin@omm.com
wpao@omm.com

/s/ Greg J. Hollon
Greg J. Hollon (*pro hac vice*)
Timothy B. Fitzgerald
600 University Street, Suite 2700
Seattle, WA 98101
ghollon@mcnaul.com
tfitzgerald@mcnaul.com

*Attorneys for Bittrex, Inc.*

/s/ Matthew G. Lindenbaum
Matthew G. Lindenbaum (*pro hac vice*)
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Financial Center, Suite 3500
Boston, MA 02111
matthew.lindenbaum@nelsonmullins.com


/s/ Robert L. Lindholm
Robert L. Lindholm
NELSON MULLINS RILEY & SCARBOROUGH LLP
280 Park Avenue
15th Floor, West
New York, New York 10017
robert.lindholm@nelsonmullins.com

*Attorneys for Poloniex, LLC*