UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:*<br><br>TETHER AND BITFINEX CRYPTO ASSET LITIGATION | 19 Civ. 9236 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of the letter of Defendants Bittrex, Inc. and Poloniex, LLC (the "Exchange Defendants") seeking a pre-motion conference to discuss their proposed partial motion for summary judgment, and their requests for limited discovery pending resolution of that motion and a strict Attorneys' Eyes Only ("AEO") designation for materials concerning the anonymous arbitrage trader implicated by the same. (Dkt. #188). The Court has also received Plaintiffs' letter in opposition to these requests. (Dkt. #191).

*First,* as discussed below, the Court does not believe that a conference is necessary to resolve the instant requests. Accordingly, the Exchange Defendants' request for a pre-motion conference is DENIED.

*Second*, with respect to the Exchange Defendants' request for limited discovery pending resolution of their motion for summary judgment, the Court agrees with Plaintiffs that the contemplated motion does not portend to dispose entirely the claims against the Exchange Defendants and that limited discovery would thus unduly delay resolution of this case. Accordingly, the Court DENIES the Exchange Defendants' request for limited discovery.

*Third*, regarding the confidentiality issues raised by the Exchange Defendants, the Court is cognizant of both the anonymous trader's privacy

concerns, as well as the hindrance that a strict AEO designation of materials concerning this individual would pose to Plaintiffs. To mediate this tension, the Court hereby ORDERS that all materials related to the anonymous trader shall be treated as strictly AEO in the first instance. To be clear, this means that any materials related to the anonymous trader produced during discovery shall initially be restricted to Plaintiffs' counsel and may not be shared with client representatives or expert witnesses. If Plaintiffs' counsel wishes to share such materials with non-attorneys, Plaintiffs must first seek the Court's leave, including by specifying which individuals will receive this information. The parties are encouraged to propose additional protocols to resolve future requests for the sharing of such sensitive information with non-attorneys.

*Lastly*, the Court will resolve the remaining issues with the parties' proposed case management plan. In light of the foregoing denial of the Exchange Defendants' request for limited discovery, the Court will not endorse the phased discovery proposal included in Defendants' proposed case management plan. (*See* Dkt. #193-2 at ¶ 6(e)). Moreover, the Court will permit Plaintiffs 19 months to submit their motion for class certification. (*See generally* Dkt. #193). As Plaintiffs' proposed case management plan best comports with the Court's rulings, the Court will endorse their plan under separate cover.

The Clerk of Court is directed to terminate the pending motion at docket entry 188.

SO ORDERED.

Dated: November 22, 2021
       New York, New York

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United States District Judge