UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

*In re:*
TETHER AND BITFINEX
CRYPTO ASSET LITIGATION

19 Civ. 9236 (KPF)

STIPULATION AND ORDER
GOVERNING THE EXCHANGE
OF ELECTRONICALLY STORED
INFORMATION

**STIPULATION AND ORDER
GOVERNING THE EXCHANGE OF ELECTRONICALLY STORED INFORMATION**

Upon agreement of the Parties for entry of an order establishing a protocol for the exchange and production of documents in hard-copy format ("Documents") and electronically stored information ("ESI"), as those terms are used in the Federal Rules of Civil Procedure, plaintiffs Matthew Script, Benjamin Leibowitz, Jason Leibowitz, Aaron Leibowitz, and Pinchas Goldshtein ("Plaintiffs") and defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether Limited, Tether International Limited, DigFinex Inc., Philip G. Potter, Giancarlo Devasini, Ludovicus Jan van der Velde, Reginald Fowler, Crypto Capital Corp., Bittrex, Inc., and Poloniex, LLC ("Defendants") (each a "Party" and, collectively, the "Parties") hereby stipulate ("ESI Stipulation") and the Courts orders as follows:

## I.   GENERAL PROVISIONS

A. The Parties and non-parties producing Documents and ESI (each a "Producing Party") shall prepare their Documents and ESI for production to the Parties receiving the production (each a "Receiving Party") in accordance with this ESI Stipulation.

B. If a provision of this agreement conflicts with the terms of the Stipulation and Order for the Production and Exchange of Confidential Materials (Dkt. No. 151) ("Confidentiality Stipulation") previously entered in this action,[1] the Confidentiality Stipulation will control absent further order of the Court.

## II.   PRODUCTION OF DOCUMENTS

A. TIFFs. Producing Parties shall produce Documents in the form of single-page, Group IV TIFFs at 300 dpi. They shall name each TIFF image as its corresponding Bates number. They shall maintain Original Document orientation (*i.e.,* portrait to portrait and landscape to landscape). They shall provide TIFF image files in a self-identified "Images" folder.

B. OCR Text Files. Producing Parties shall provide Optical Character Recognition ("OCR") text files as a single text file for each Document, not one text file per page. They shall name each file with the beginning Bates number assigned to its corresponding Document, followed by .txt. They shall provide OCR text files in a self-identified "Text" directory. To the extent that a Document is redacted, they shall produce OCR text files for that Document that shall not contain text for redacted portions.

C. Database Load Files/Cross-Reference Files. Unless otherwise agreed by the Parties, Producing Parties shall provide Documents with Concordance-compatible image and data load

---

[1] Defined terms in the Confidentiality Stipulation not otherwise defined herein are incorporated.

files (*i.e.,* .OPT and DAT files) using standard Concordance delimiters. They shall provide Concordance-compatible image and data load files *(i.e.,* .OPT and DAT files) in a self-identified "Data" folder.

    D.    <u>Coding Fields</u>. Producing Parties shall produce Documents with at least the following searchable information in accompanying delimited data files: (1) BegBates; (2) EndBates; (3) BegAttach; (4) EndAttach; (5) Custodians; (6) OCRTextPath; and (7) Confidentiality.. When a Producing Party determines in good faith judgment that it is practicable to accompany Documents with other metadata fields in Table I, the Producing Party shall produce those Documents with the practicable metadata fields. Producing Parties shall identify custodians using any of the following conventions, as appropriate: "Last Name, First Name"; "last name_first name"; "first name_last name"; or "FLast." Producing Parties shall use a uniform description of a particular custodian, and separate multiple custodians in the "Custodian" field by a semicolon.  For documents with no individual custodian (*e.g.*, centralized files, document management systems), Producing Parties shall  use the relevant entity name(s) in the "Custodian" field.

    E.    <u>Bates Numbering</u>. Producing Parties shall assign each TIFF image a Bates number that: (1) is unique across the entire production; (2) maintains a constant length across the entire production (*i.e.*, padded to the same number of characters); (3) contains no special characters or embedded spaces; and (4) is sequential within a given Document. If a Bates number or set of Bates numbers is skipped in a production, the Producing Party will so note in a slip sheet within a production, cover letter, or production log accompanying the production.

    F.    <u>Parent-Child Relationships</u>. Producing Parties shall preserve parent-child relationships (*i.e.*, the association between an attachment and its parent Document), to the extent

3

they exist in the manner in which the Documents are maintained in the ordinary course of business. For example, if a Producing Party produces a printout of an email with its attachments, it shall produce such attachments behind the email in the order in which they were attached.

G. Color. Producing Parties need not, in the first instance, produce Documents containing color in color format. The Receiving Party may request that the Producing Party consent to production of such Documents in color format by (1) providing a list of the Bates numbers of the Document(s); and (2) explaining the need for production of the Documents in color format. Consent to produce in color shall not be unreasonably withheld.

H. Unitizing of Documents. A Producing Party shall not, when scanning Documents: (1) merge distinct Documents into a single record; or (2) split single Documents into multiple records (*i.e.*, Documents should be logically unitized).

## III. PRODUCTION OF ESI

A. TIFFs. Producing Parties shall produce ESI in the form of single-page, black and white, Group IV TIFFs at 300 dpi. They shall name each TIFF image as its corresponding Bates number. They shall maintain original document orientation (*i.e.*, portrait to portrait and landscape to landscape). They shall provide TIFF image files in a self-identified "Images" folder.

B. System Files. Producing Parties need not process, review, or produce common system and program files as defined by the NIST library (which is commonly used by e-discovery vendors to exclude system and program files from document review and production).

C. De-Duplication. Producing Parties need produce only a single copy of responsive ESI, and may, but need not, de-duplicate responsive ESI across custodians with MD5 or SHA-1 hash values at the parent level. However, a Producing Party:

  1. shall not eliminate attachments from their parent emails;

        2.        shall list in the "Custodians" field the identity of other custodians of de-duplicated items of the copy of the single record that is produced; and

        3.        shall identify custodians as set forth in Section III.E ("Metadata Fields and Processing")

If a Producing Party identifies additional duplicate ESI, the Producing Party may use a custom de-duplication protocol; <u>provided</u>, however, that the Producing Party shall agree to the terms of that protocol with the other Parties before implementing it. To the extent feasible, Producing Parties shall provide overlays to allow custodian information to be updated with rolling ESI and Document collections so that every custodian who possessed particular ESI or Documents, irrespective of deduplication, is reflected in that ESI's or Document's metadata.

    D.    <u>Parent-Child Relationships</u>. Producing Parties shall preserve parent-child relationships (*i.e.*, the association between an attachment and its parent file).

    E.    <u>Metadata Fields and Processing</u>. Producing Parties shall produce each of the metadata and coding fields set forth in Table I that can be extracted from ESI for that ESI. They are not obligated to populate manually any of the fields in Table I if such fields cannot be extracted from the ESI, except for the following: (1) BegBates; (2) EndBates; (3) BegAttach; (4) EndAttach; (5) Custodians; (6) NativeLink; (7) Confidentiality; and (8) Parent ID fields (which the Producing Party or its vendor may populate). They shall identify custodians using any of the following conventions, as appropriate: "Last Name, First Name"; "last name_first name"; "first name_last name"; or "FLast." A Producing Party shall use a uniform description of a particular custodian and separate multiple custodians by a semicolon in the "Custodians" field. For documents with no individual custodian (*e.g.*, centralized files, document management systems), Producing Parties shall use the relevant entity name(s) in the "Custodian" field.

F. <u>Extracted Text Files</u>. For all ESI (other than multimedia or graphic files), Producing Parties shall provide an extracted text file along with its corresponding TIFF image file(s) and metadata. They shall name each extracted text file such that it is identical to that of the first image page of its corresponding file, followed by .txt. They shall not use file names that contain special characters or embedded spaces and shall extract the text of native files directly from the native file. If a file contains redactions, however, the Producing Party may provide OCR of the redacted file in lieu of extracted text.

G. <u>Database Load Files/Cross-Reference Files</u>. Unless otherwise agreed to by the parties, Producing Parties shall include in each production (1) a metadata file (DAT file) using standard Concordance delimiters or carat pipe delimiters; and (2) an image load file in Opticon format (.OPT file). They shall provide in a self-identified "Data" folder Concordance-compatible image and data load files (*i.e.*, .OPT and DAT files).

H. <u>Native Files</u>. The following governs the production of native files.

1. Producing Parties shall produce PowerPoint presentations, source code, large diagrams, Excel files and/or .csv files in native format ("<u>Native Files</u>"), unless they have redactions.

2. Producing Parties shall provide native files in a self-identified "Natives" directory. Producing Parties shall produce each native file with a corresponding single-page TIFF placeholder image, which shall state the ESI is being produced as a native file and provide the Confidentiality Designation, if any. Producing Parties shall name each native file with the beginning Bates number that is assigned to that specific record in the production.

3. Producing Parties shall include a "NativeLink" entry for each native file in the .DAT load file indicating the relative file path to each native file on the production media. Producing Parties shall produce native files with extracted text and applicable metadata fields as set forth in Paragraphs III.E and III.F. Producing Parties may produce redacted files with TIFF image files and OCR in lieu of a Native File, TIFF placeholder image and extracted text file or may produce redacted Excel and/or .csv files in native format

     with redactions applied to the native files. Producing Parties shall exclude any metadata fields for redacted files that would reveal privileged information.

    4. Each Producing Party shall make reasonable efforts to ensure that its discovery vendor, prior to conversion to TIFF, reveals hidden data from redacted native files that are produced as TIFF image files and ensures that redacted native files will be formatted to be readable (for example, column widths should be formatted so that numbers do not appear as "#########").

  I. <u>Structured Data</u>. To the extent that responding to a discovery request requires production of ESI contained in a database, a Producing Party may query the database for discoverable information and generate and produce a report in a reasonably usable and exportable Excel or .csv format. The first line of each such file will, to the extent not unduly burdensome, show the column headers for each field of data included. The Parties shall meet and confer to finalize the appropriate data extraction and production format for specific information contained in a database.

  J. <u>Audio and Video Files</u>. Producing Parties shall produce audio and video files in a reasonably usable format as may be agreed upon by the Parties.

  K. <u>Requests for Other Native Files</u>. Other than as specifically set forth above, a Producing Party need not produce ESI in native format. The Receiving Party may request production in native format by (1) providing a list of the Bates numbers of ESI it requests to be produced in native format; and (2) explaining the need for reviewing such ESI in native format. The Producing Party shall produce in response to such request, or refuse such request to the extent that it is overbroad or unduly burdensome (or for any other good cause grounds that may exist), each native file with corresponding production number fields and a "NativeLink" entry in the DAT load file indicating the relative file path to each native file on the production media, all extracted

text (other than for multimedia or graphic files), and applicable metadata fields set forth in Table I.

## Table I-ESI Metadata Fields

| FIELD NAME | DESCRIPTION |
| --- | --- |
| **Author** | Author of document, if identified in metadata |
| **Begin Bates** | Unique document identifier and starting page of a document (*e.g.*, ABC00000001) |
| **Bates End** | End number of a document (*e.g.*, ABC0000099) |
| **Bates Beg Attach** | Starting number of a group or family of documents (*e.g.*, ABC0000001) |
| **Bates End Attach** | End number of a group or family of the document (*e.g.*, ABC0000099) |
| **Custodian** | Owner of a document |
| **All Custodians** | List of all custodians who had custody of the document, separated by semicolon |
| **Filename** | Original name of the file |
| **File Extension** | File extension of document (*e.g.*, .msg, .docx, .xlsx) |
| **File Size** | Size of the file |
| **Document Type** | Type of document (*e.g.*, email, e-document, attachment, hard-copy) |
| **Date Created** | Date document was created (*e.g.*, 01/01/2001) |
| **Time Created** | Time document was created (*e.g.*, 17:00) |
| **Date Last Modified** | Date document was last modified (*e.g.*, 01/01/2001) |
| **Time Last Modified** | Time document was last modified (*e.g.*, 17:00) |
|  |  |
|  |  |
| **Date Sent** | Date email was sent (*e.g.*, 01/01/2001) |
| **Time Sent** | Time email was sent (*e.g.*, 17:00) |
| **Date Received** | Date email was received (*e.g.*, 01/01/2001) |

| FIELD NAME | DESCRIPTION |
|---|---|
| **Time Received** | Time email was received (*e.g.*, 17:00) |
| **Email From** | Sender of email |
| **Email Subject** | Subject line of email |
| **Email To** | Recipient(s) of email |
| **Email BCC** | Blind-copied recipients of email |
| **Email CC** | Copied recipients of email |
| **MD5 Hash or SHA-1 Hash** | MD5 Hash or SHA-1 Hash Value of file |
| **Native Link** | Relative file path of native file |
| **File Path** | Original file path where file was kept (by the custodian) |
| **Confidentiality** | Confidential or Attorneys' Eyes Only |
| **Redactions** | Yes/No |

  L. <u>Confidentiality Designations</u>. If a Producing Party reduces native files or other ESI designated "Confidential Material" or "Attorneys' Eyes Only Material," as defined by the Confidentiality Stipulation, to Document form, it shall mark the Document with the appropriate designation. The failure of a Producing Party to mark such Document with the appropriate designation shall not affect such Document's designation as "Confidential Material" or "Attorneys' Eyes Only Material." Producing Parties shall produce all ESI designated as "Confidential" or "Attorneys' Eyes Only" with the designation in the metadata field pursuant to Table I and in the ESI itself.

  M. <u>Time Zone</u>. Producing Parties shall produce all ESI normalized to Eastern Time (ET).

**IV.    PROCESSING OF THIRD-PARTY DOCUMENTS**

   A.   A Party that issues a non-party subpoena ("<u>Issuing Party</u>") shall include a copy of this ESI Stipulation with the subpoena and request that the non-party produce Documents and ESI in accordance with the specifications set forth herein. If an Issuing Party issued a non-party subpoena prior to the execution of this ESI Stipulation, that Issuing Party shall promptly forward a copy of this ESI Stipulation to the non-party and request that the non-party produce Documents and ESI in accordance with the specifications set forth herein.

   B.   The Issuing Party is responsible for producing to all other Parties any Documents and/or ESI obtained pursuant to a subpoena. If a non-party refuses to produce Documents and/or ESI in accordance with the specifications set forth here, the Issuing Party has no obligation to conform the non-party's production to such specifications.

   C.   Nothing in this ESI Stipulation is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties or non-parties to object to a subpoena.

**V.    MISCELLANEOUS PROVISIONS**

   A.   The production specifications in this ESI Stipulation apply to documents that are produced in the first instance in this Litigation, by a party to this Litigation.  To the extent any party is required or agrees to re-produce documents in this Litigation that originally were produced or prepared for production in other cases or government investigations, or by a non-party, such documents may be produced in the same format in which they originally were produced or prepared for production. If the receiving party requests the additional information called for in the ESI Stipulation, the producing party and the receiving party agree to meet and confer in good faith on that request.

B.      This ESI Stipulation is intended solely to address the format of Document and ESI productions. Nothing in this ESI Stipulation is intended to affect the rights of any Party to object to any requests or demand for production. Nothing in this ESI Stipulation shall constitute, or operate as, a waiver of any rights of any Party to object to, or to avoid, discovery or disclosure, in whole or in part, under the laws of the United States, the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the Individual Practices of Judge Katherine Polk Failla, or any other applicable law, rule, or order.

C.      Nothing in this ESI Stipulation establishes any agreement as to either the temporal or subject matter scope of discovery or as to the relevance or admissibility of any Document or ESI. Nothing in this ESI Stipulation shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Nothing in this ESI Stipulation shall be interpreted to prohibit or limit the ability of a party to use, or oppose the other party's use of, technology-assisted review to facilitate the review and production of documents. The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of Documents and ESI.

D.      The Parties shall make good faith efforts to comply with and resolve any differences concerning compliance with this ESI Stipulation. If a Producing Party, notwithstanding their good faith efforts, cannot comply with any material aspect of this ESI Stipulation or if compliance with such material aspect would be unreasonable, such Producing Party shall inform the Receiving Party in writing as to why compliance with the Stipulation is impossible or unreasonable as soon as reasonably practicable.

E. Nothing herein is intended to, nor shall be construed to, diminish or otherwise affect any Party's discovery obligations.

F. Any application to the Court under or regarding this ESI Stipulation shall be made pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and the Individual Practices of Judge Katherine Polk Failla.

[*Signatures on following page*]

Dated: New York, New York
      October 18, 2021

    Counsel for the Parties:

| | |
|---|---|
| /s/   Kyle W. Roche<br>Kyle W. Roche<br>Edward Normand<br>Velvel Freedman (*pro hac vice*)<br>Joseph M. Delich<br>ROCHE FREEDMAN LLP<br>99 Park Avenue, 19th Floor<br>New York, NY 10016<br>kyle@rcfllp.com<br>tnormand@rcfllp.com<br>vel@rcfllp.com<br>jdelich@rcfllp.com<br><br>/s/  Caitlin Halligan<br>Philippe Z. Selendy<br>Caitlin Halligan<br>Andrew R. Dunlap<br>SELENDY & GAY PLLC<br>1290 Sixth Avenue<br>New York, NY 10104<br>pselendy@selendygay.com<br>challigan@selendygay.com<br>adunlap@selendygay.com<br><br><br>/s/ Todd M. Schneider<br>Todd M. Schneider (*pro hac vice*)<br>Jason H. Kim (*pro hac vice*)<br>Matthew S. Weiler (*pro hac vice*)<br>SCHNEIDER WALLACE COTTRELL KONECKY LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>tschneider@schneiderwallace.com<br>jkim@schneiderwallace.com<br>mweiler@schneiderwallace.com<br><br>*Interim Lead Counsel and Attorneys for the* | /s/ Jim Walden<br>Jim Walden<br>Daniel J. Chirlin<br>Walden Macht & Haran<br>One Battery Park Plaza 34th Floor New York, New York 10004<br>jwalden@wmhlaw.com<br>dchirlin@wmhlaw.com<br><br>/s/ Michael Jason Lee, Esq.<br>Michael Jason Lee, Esq.<br>Law Offices of Michael Jason Lee, APLC<br>4660 La Jolla Village Drive, Suite 100<br>San Diego, CA 92122<br>michael@mjllaw.com<br><br>/s/ Sunjina K. Ahuja, Esq.<br>Sunjina K. Ahuja, Esq.<br>Dillon Miller & Ahuja, LLP<br>5872 Owens Ave., Suite 200<br>sahuja@dmalaw.com<br><br>*Attorneys for Defendants iFinex Inc., DigFinex Inc., BFXNA Inc., BFXWW Inc., Tether International Limited, Tether Operations Limited, Tether Holdings Limited, Tether Limited, Giancarlo Devasini, and Ludovicus Jan van der Velde*<br><br>/s/ Charles D. Cording<br>Charles D. Cording<br>WILLKIE FARR & GALLAGHER LLP<br>787 Seventh Avenue<br>New York, NY  10019-6099<br>ccording@willkie.com<br><br>*Attorney for Defendant Philip G. Potter* |

13

*Plaintiffs and the Proposed Class*

/s/ Abby F. Rudzin
Abby F. Rudzin
William K. Pao
O'MELVENY & MYERS LLP
Seven Times Square
New York, NY  10026
arudzin@omm.com
wpao@omm.com

/s/ Greg J. Hollon
Greg J. Hollon (*pro hac vice*)
Timothy B. Fitzgerald
600 University Street, Suite 2700
Seattle, WA  98101
ghollon@mcnaul.com
tfitzgerald@mcnaul.com

*Attorneys for Bittrex, Inc.*

/s/ Matthew G. Lindenbaum
Matthew G. Lindenbaum (*pro hac vice*)
One Financial Center, Suite 3500
Boston, MA 02111
Telephone
matthew.lindenbaum@nelsonmullins.com


/s/  Robert L. Lindholm
Robert L. Lindholm
280 Park Avenue
15th Floor, West
New York, New York 10017
robert.lindholm@nelsonmullins.com

*Attorneys for Poloniex, LLC*

This agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation. Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

Date:     December 20, 2021          SO ORDERED.
          New York, New York

                                     *[signature: Katherine Polk Failla]*

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE