April 12, 2022

**Via ECF and Email**

The Honorable Katherine Polk Failla
United States District Judge
For the Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

    **Re:**    <u>*In re Tether and Bitfinex Crypto Asset Litigation*</u>**, 19-CV-09236 (KPF)**

Dear Judge Failla:

    Plaintiffs write pursuant to the Court's Individual Rule 3.C to respectfully request a pre-motion conference concerning the application of the Protective Order, Dkt. No. 151, to discovery materials relating to the Anonymous Trader, as referenced in Dkt. No. 195. Plaintiffs request that the Court require Defendants to designate materials related to the Anonymous Trader as Attorneys' Eyes Only ("<u>AEO</u>") under the existing Protective Order but dispense with any heightened restriction on Plaintiffs' use of that material. The heightened standard is overly restrictive (it prevents Plaintiffs from sharing that material with staff and experts working on the case without disclosing who they are before the date contemplated by the case schedule), unnecessary (the AEO designation protects sensitive material), and impractical (in fact, Bittrex recently violated the restriction by sharing the material with their paralegals and sending it to the paralegals of other parties).

    **Background**

    Plaintiffs allege that Defendants conspired to manipulate the market for cryptocommodities, including through accounts on crypto-exchanges Bittrex and Poloniex (the "<u>Exchange Defendants</u>"). *See generally* Dkt. No. 114. In response, the Exchange Defendants claim that the accounts identified in the Amended Complaint belong to the Anonymous Trader, whom they assert has no relationship with any other Defendant. Plaintiffs are entitled to probe this assertion in discovery, which requires the ability to share documents relating to the Anonymous Trader (the "<u>Anonymous Trader Materials</u>") with experts and non-attorney support staff, a routine action in discovery.

    In its Order dated November 22, 2021, the Court directed that "all materials related to the anonymous trader shall be treated as strictly AEO in the first instance" such that "any materials related to the anonymous trader produced during discovery shall initially be restricted to Plaintiffs' counsel and may not be shared with client representatives or expert witnesses." Dkt. No. 195.

    After the Court encouraged the parties "to propose additional protocols to resolve future requests for the sharing of such sensitive information with non-attorneys," Plaintiffs proposed that Anonymous Trader Materials be treated as AEO under the existing Protective Order. Ex. A. Plaintiffs explained why the protections the parties had agreed to for AEO documents would protect the Anonymous Trader's privacy while facilitating

Honorable Katherine Polk Failla
April 12, 2022

discovery. *Id.*[1] Bittrex responded that it "will not agree that non-attorneys can see [the Anonymous Trader's] personal information, unless he first agrees." *Id.* Poloniex and the Bitfinex/Tether Defendants took the same position. *Id.* Defendant Potter took no position. Ex. B. Plaintiffs met and conferred with Defendants on March 31 (Bitfinex and Tether), April 4 (Potter), April 6 (Bittrex), and April 12 (Poloniex), and all Defendants reiterated these positions. At no point did Defendants identify any specific additional protections that they believed were necessary to safeguard Anonymous Trade Materials.

**Plaintiffs Need to Share Anonymous Trader Materials with Non-Attorneys**

To effectively prosecute this action, Plaintiffs must be able to share documents relating to the Anonymous Trader with non-attorneys who perform critical roles in this case, including maintaining files and records and uploading productions to an electronic review platform. Otherwise, attorneys would have to perform such tasks, which are traditionally performed by support staff—creating inefficiencies and increasing costs—and some tasks, like maintaining a document review platform, might not be able to be done at all.

Even Defendants have not all complied with these unnecessary restrictions. On April 1, 2022, Bittrex's *paralegal* emailed a document production to a list including numerous non-attorneys, including the email "paralegals@selendygay.com." Ex. C. Only after Plaintiffs asked did Bittrex admit that the production contained Anonymous Trader Materials—meaning that Bittrex had violated the Court's Order by sharing Anonymous Trader Materials with its own non-attorney staff. (In accordance with the Court's Order, no non-attorneys working for Plaintiffs' counsel viewed that production.) Bittrex's own failure to comply with the Court's Order—designed to protect its alleged customer—underscores the unworkability of these heightened restrictions and justifies reducing them to solely AEO as described in the Protective Order.

Plaintiffs must also be able to share Anonymous Trader Materials with non-attorneys to test the veracity of the Anonymous Trader's statements and assess his links to the Defendants. Plaintiffs must be able to hire experts who can examine those connections and analyze the plausibility of the Anonymous Trader's description of his trades. Plaintiffs similarly must be able to ask Defendants' employees about the Anonymous Trader and to share Anonymous Trader Materials with those witnesses and the officers before whom the depositions are taken.

**The Protective Order's Attorneys' Eyes Only Designation Is More Than Sufficient**

Plaintiffs do not seek to share Anonymous Trader Material broadly or without appropriate consideration of the Anonymous Trader's desire for privacy. Plaintiffs propose

---

[1] Under the Protective Order, documents designated as "AEO" may only be shared only with specified groups of individuals: (i) counsel for the parties; (ii) their associated paralegals and support staff; (iii) expert witnesses; (iv) personnel of the court; (v) officers before whom a deposition is taken and individuals giving deposition or trial testimony; (vi) the author or addressee of the document; and (vii) individuals to whom the disclosing party consents to view the document. Dkt. 151 ¶ 4(d).

Honorable Katherine Polk Failla
April 12, 2022

to treat these materials under the AEO designation provided in the Protective Order, the highest level of protection in that Order. This is more than sufficient to protect the Anonymous Trader, and no Defendant has explained why such measures would be insufficient or proposed additional measures. In fact, the need to protect Anonymous Trader Material led to the Protective Order's AEO standard. On September 10, 2020, the Exchange Defendants offered to produce an unsigned declaration from the Anonymous Trader. Ex. D. The parties agreed to the Protective Order to facilitate that production, and the Exchange Defendants produced an unsigned letter from the Anonymous Trader designated as AEO.

The terms of the Protective Order were agreed to by the parties and ordered by the Court specifically to govern the disclosure of documents "that contain[] nonpublic business, commercial, financial, or personal information, the disclosure of which is either restricted by law or would cause the Producing Party to violate its privacy or confidentiality obligations to others." Dkt. 151 ¶ 2(b). Courts recognize that such designations are the best way to protect sensitive information in discovery. *See, e.g.*, *Doe v. Baram*, 2021 WL 3423595, at *3 (S.D.N.Y. Aug. 5, 2021) (identity of individual alleging that she was a victim of international sex trafficking conspiracy involving prominent defendants could be shared subject to protective order); *Doe v. Baram,* 20 Civ. 9522 (ER), Dkt. 51 (protective order allowing information to be shared with attorneys, their employees, experts, witnesses, and others). To the extent that the Anonymous Trader Materials consist of trading records or other confidential financial information, this is the type of material commonly subject to AEO provisions. *See Esso Expl. & Prod. Nig. v. Nigerian Nat'l Petroleum Corp.*, 2017 U.S. Dist. LEXIS 130100, at *13-14 (S.D.N.Y. Aug. 15, 2017) (banking information sufficiently protected by AEO provision). Defendants have not explained why the Anonymous Trader's information requires more protection, let alone why Plaintiffs' experts and staff should not be allowed to review these materials.

### Requiring Motions for Each Non-Attorney Would Be Inefficient

Requiring a motion from Plaintiffs every time that a new paralegal begins to work on this matter, or when a new stenographer records a deposition—as Defendants would have it under the existing restrictions—would unnecessarily burden the parties and the Court while doing nothing protect the privacy of the Anonymous Trader. Individualized approval would also risk delay: if, for example, a Court-approved stenographer is sick on the day of a scheduled deposition, the Parties would need to reschedule the deposition rather than use a different stenographer. It would also require Plaintiffs to identify their experts and consultants to the Court well in advance of the scheduled deadlines for their expert disclosures. *See* Dkt. 194.

Because the Protective Order's protections for AEO materials suffices to protect the Anonymous Trader's confidentiality, no purpose is served by the heightened standard. If the Court maintains that Plaintiffs must seek approval before sharing Anonymous Trader Materials with each individual non-attorney, however, Plaintiffs request that the Court allow Plaintiffs to submit lists of such individuals for *in camera* review.

Honorable Katherine Polk Failla
April 12, 2022

Respectfully submitted,

/s/ Kyle W. Roche
Kyle W. Roche
Edward Normand
Velvel Freedman (*pro hac vice*)
Joseph M. Delich
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rochefreedman.com
tnormand@rochefreedman.com
vel@rochefreedman.com
jdelich@rochefreedman.com

/s/ Caitlin Halligan
Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com

/s/ Todd M. Schneider
Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*