**O'Melveny**

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

April 15, 2022

**Abby F. Rudzin**
D: +1 212 326 2033
arudzin@omm.com

**VIA ECF AND E-MAIL**

The Honorable Katherine Polk Failla
U.S. District Court for the Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, No. 1:19-cv-09236-KPF

Dear Judge Failla:

Defendant Bittrex, Inc., writes in response to Plaintiffs' April 12, 2022 letter motion (Dkt. No. 208) seeking a pre-motion conference to discuss the application of the Protective Order (Dkt. No. 151) to discovery materials concerning the Anonymous Trader.

On November 22, 2021, the Court issued an order governing the treatment of discovery materials concerning the Anonymous Trader, recognizing both the Anonymous Trader's privacy concerns and the "hindrance that a strict AEO designation of materials concerning this individual would pose to Plaintiffs."  (Dkt. No. 195.)  The order provides that "[i]f Plaintiffs' counsel wishes to share such materials with non-attorneys, Plaintiffs must first seek the Court's leave, including by specifying which individuals will receive this information."  (*Id.*)  The order also encourages the parties "to propose additional protocols to resolve the sharing of such sensitive information with non-attorneys."  (*Id.*)  Plaintiffs' letter now seeks a pre-motion conference to "dispense with any heightened restriction on Plaintiffs' use" of material concerning the Anonymous Trader.

Bittrex is surprised by Plaintiffs' letter, because Plaintiffs have never proposed any protocols to resolve their claimed need to distribute the Anonymous Trader materials more broadly.  And as we have repeatedly told Plaintiffs (*see, e.g.*, Dkt. No. 208 at 2), it is not Defendants' place to waive the protections the Court afforded the Anonymous Trader.  Although the Anonymous Trader long ago provided his contact information to Plaintiffs' counsel and stated his willingness to speak with them, they have not contacted him to discuss this issue.  In fact, they have not even served their letter request on him.  Having now learned of Plaintiffs' letter, the Anonymous Trader has provided us with a response to submit to the Court on his behalf.  (*See* Exhibit A.)

Bittrex is also surprised by Plaintiffs' accusation that Bittrex violated the Court's order.  It is a basic principle that a party can do what it wants with its own information and documents, as the Protective Order makes clear.  (*See* Dkt. No. 151 ("This Protective Order does not in any way restrict the use or disclosure by a party or other person of its own Discovery

O'Melveny

Material . . . .").) Copying the "paralegals@selendygay.com" email address on a production distribution email was a clerical mistake made by the paralegal who made the production. Plaintiffs fail to explain, however, why that error by a non-attorney would be grounds for the Court to strip the confidentiality protections it afforded the Anonymous Trader in its November 22, 2021 order and make his information available to more non-attorneys.

Indeed, Plaintiffs' letter is largely comprised of arguments they already made—and this Court already rejected—in opposing the original request for heightened protection of the Anonymous Trader's materials and arguing that the Protective Order's AEO designation was sufficient.  (*Compare* Dkt. No. 191 at 3 (arguing that protections would be "unworkable" because of restrictions on Plaintiffs' ability to share those materials with staff, deponents, and experts) *with* Dkt. No. 208 at 2 (same).)  Plaintiffs offer no reason why these arguments should have greater force five months later.

Moreover, the Court in its November 22, 2021 order already provided Plaintiffs with clear instructions if they wish to share the information with non-attorneys:  they must seek the Court's leave.  Contrary to Plaintiffs' claim, the order does not require "individualized approval" or a separate motion for each non-attorney.  Plaintiffs have not explained why they cannot follow this procedure.  While it might be inconvenient to have attorneys review documents the old fashioned way, it is hardly an insurmountable obstacle.  And when Plaintiffs explained the concern to Bittrex, Bittrex offered to produce the relevant materials in a format that would make attorney review easier.  Plaintiffs declined the offer and instead filed their letter.

We are available to discuss these issues with the Court at the Court's convenience.

Respectfully submitted,

*/s/ Abby F. Rudzin*

Abby F. Rudzin
*of* O'Melveny & Myers LLP

*Counsel for Defendant Bittrex, Inc.*

Encl.

cc:  All Counsel of Record via ECF