# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Tether and Bitfinex Crypto Asset Litigation | Case No. 1:19-cv-9236 (KPF) |

**DEFENDANTS IFINEX INC., BFXNA INC., BFXWW INC., TETHER HOLDINGS LIMITED, TETHER LIMITED, DIGFINEX INC., TETHER OPERATIONS LIMITED, TETHER INTERNATIONAL LIMITED, LUDOVICUS JAN VAN DER VELDE, AND GIANCARLO DEVASINI'S FIRST SET OF REQUESTS FOR PRODUCTION**

***PLEASE TAKE NOTICE*** that pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, DigFinex Inc., Tether Operations Limited, Tether International Limited, Ludovicus Jan van der Velde, and Giancarlo Devasini (collectively, "Bitfinex and Tether"), by their undersigned counsel, hereby demand that Plaintiffs ("You") produce the Documents and Communications described below to the undersigned, within thirty (30) days of the service of this demand, in accordance with the Instructions and Definitions below.

**INSTRUCTIONS**

1. These Requests seek all responsive Documents and Communications in Your possession, custody, or control, whether created by You (as defined above and below) or obtained by You from some other Person or entity through investigation, discovery, or otherwise.

2. Documents produced electronically shall conform to all applicable orders or agreements in the above-referenced matter.

3. If You withhold any Document or Communication on the ground of privilege, immunity, or protection, including, but not limited to, the attorney-client privilege or work product doctrine, You are required to comply with, and furnish all information required by, Rule 26.2 of

1

the Local Civil Rules of the Southern and Eastern Districts of New York. You shall identify each Document or Communication that You withhold and identify, including, but not limited to: (a) the date of creation; (b) the author; (c) the recipient(s); (d) the general subject matter of the Communication; and (e) the type of privilege, immunity, or protection claimed, and the basis for the claim. If You redact information from a Document or Communication produced in response to a Request, You shall identify the place of the redaction by stamping the word "REDACTED" on the Document or Communication at each place where information has been redacted and separately log each redaction on a privilege log.

4. If any Documents or Communications responsive to these Requests were, but no longer are, in Your possession, custody, or control, You shall furnish a list of such Documents or Communications that identifies the date, author, recipients, subject matter, present custodian, present location, and the circumstances under which it came to be out of Your possession, custody, or control, including, but not limited to, the manner in which the item was disposed, including the date of disposal, the reason for disposal, the Person authorizing the disposal, and the Person or Persons who disposed of the item.

5. You have a continuing obligation to supplement or amend Your responses to these Requests in accordance with the Federal Rules of Civil Procedure. Each supplemental response shall be served on Plaintiffs no later than thirty (30) days after Your discovery of additional, responsive information.

6. For the purpose of reading, interpreting, or construing the scope of these Requests, the terms used shall be given their most expansive and inclusive interpretation.

7. Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion.

8. If any portion of a Document or Communication is responsive to any Request, the entire Document or Communication shall be produced.

9. You must respond to each Request for production separately and fully, unless it is objected to, in which case the reasons for objection shall be specifically and separately stated.

10. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

11. If in answering these Requests You claim any ambiguity in interpreting either a Request or a Definition or Instruction applicable thereto, You shall not use that claim as a basis for refusing to respond. Rather, You shall set forth as part of Your response to such Request the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Request.

12. In producing Documents and Communications, You shall furnish Documents and Communications in Your possession, custody, or control, regardless of the physical location of the Documents and Communications, or whether such Documents and Communications or other materials are possessed directly by You.

13. In providing for inspection or producing an item responsive to these Requests, indicate to which of the enumerated Requests below the item responds. If it responds to more than one Request, indicate the most specific Request to which it responds.

14. If no item exists that is responsive to an enumerated Request, provide a written statement to that effect at the time of inspection or production.

15. Unless otherwise indicated, these Requests apply to February 17, 2015 through the present.

16. Bitfinex and Tether reserve the right to amend or supplement these Requests, for among other reasons, in response to any amended pleading or in support of any defenses or counterclaims Defendants might assert.

## **DEFINITIONS**

1. Local Civil Rule 26.3 is incorporated herein by reference and the definitions and rules of construction stated therein apply to these Requests, including but not limited to:

   a. "Communication." The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

   b. "Concerning." The term "Concerning" means relating to, referring to, describing, evidencing, or constituting.

   c. "Document." The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

   d. "Person." The term "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

   e. "You" or "Your." The terms "You" or "Your" shall refer collectively to the named Plaintiffs in the above-captioned matter, unless otherwise specified.

2. "Allegation" refers to the allegations made in the Amended Complaint.

3. "Amended Complaint" refers to the Amended Consolidated Class Action Complaint (ECF No. 114).

4. "Cryptocommodity" is used herein as the term is defined and used by Plaintiffs in

4

the Amended Complaint.

5.  "Plaintiffs" shall mean Matthew Script, Benjamin Leibowitz, Jason Leibowitz, Aaron Leibowitz, and Pinchas Goldshtein and all of their past and present predecessors, successors, parents, subsidiaries, divisions, affiliates, assignors, assignees, officers, directors, employees, members, partners, executives, accountants, agents, managing agents, advisors, consultants, investigators, accountants, representatives, any Persons or Entities acting or purporting to act for or on their behalf or under their control or with common ownership, or attorneys, or their agents, employees, representatives, or investigators.

6.  "USDT" shall mean U.S. Dollar Tether.

7.  To bring within the scope of these Requests all Documents and Communications that might otherwise be construed to be outside of their scope, the following rules of construction apply:

    a.  The masculine, feminine, or neuter pronoun shall not exclude other genders.

    b.  The word "including" shall be read to mean "including (without limitation)"; the words "in particular" shall be read to mean "in particular (without limitation)"; and both expressions shall be understood to indicate specific examples of responsive materials, but shall not be understood to limit the scope of the Requests in any way.

    c.  The present tense shall be construed to include the past tense and vice versa.

    d.  References to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

    e.  The terms "and," "or," "all," "any," and "each," shall be construed in accordance with Local Civil Rule 26.3.

    f.  In accordance with Local Civil Rule 26.3, the use of the singular form of any word includes the plural and vice versa.

## REQUESTS

1. All trade confirmations, purchase or sale records, exchange records, or other Documents Concerning each and every trade made by any of the Plaintiffs of "Cryptocommodities" (including spot holdings, futures, and/or options) or stablecoins (including USDT).

2. All Documents, including but not limited to account opening documents, risk disclosures, terms of service, notifications or advisories, Concerning any and all accounts maintained by any of the Plaintiffs that hold (or have held) "Cryptocommodities," positions in "Cryptocommodity" options or futures, or stablecoins (including USDT).

3. All Documents and Communications which any of the Plaintiffs reviewed or relied upon, in whole or in part, in connection with the decision to buy, sell, hold, or tender any "Cryptocommodity."

4. All Documents alleged to constitute expert analysis, as referenced in the Amended Complaint.

5. All Communications with any expert (other than Communications exempt from disclosure under Fed. R. Civ. P. 26(b)(4)(C) or 26(b)(4)(D)).

6. All Documents and Communications produced in response to any document requests propounded by any defendant, other than Bitfinex and Tether.

7. All Documents from, or Communications with, any Person, entity, or organization, other than Plaintiffs' counsel, Concerning the subject matter of, and/or Allegations contained in, the Amended Complaint.

8. All Documents and Communications referred to, or quoted from, in the Amended Complaint.

9. All Documents and Communications Concerning the Allegation that "Bitfinex and Tether would . . . sell [assets they purchased at Bittrex and Poloniex] at an inflated price . . . on Bitfinex," as set forth in Paragraph 190 of the Amended Complaint.

10. All Documents and Communications Concerning the Allegation that USDT was not backed by U.S. dollars.

11. All Documents and Communications Concerning the Allegation that Tether sent "newly issued USDT to Bitfinex addresses . . . in exchange for nothing," as set forth in Paragraph 188 of the Amended Complaint.

12. All Documents and Communications Concerning the Allegation that "Bitfinex often needed to delist USDT or sell bitcoin for U.S. dollars so Tether's end-of-month reports showed equal amounts of U.S. dollars and outstanding USDT," as set forth in Paragraph 216 of the Amended Complaint.

13. All Documents and Communications Concerning the Allegation that "Tether['s] massive cash reserves . . . did not exist" as set forth in Paragraph 246 of the Amended Complaint.

14. All Documents and Communications Concerning the Allegation that the "Bittrex and Poloniex Defendants agreed with [Bitfinex and Tether] to manipulate the market for cryptocommodities" as set forth in Paragraph 310 of the Amended Complaint.

15. All Documents and Communications Concerning the Allegation that "Bittrex and Poloniex agreed with Bitfinex to change how USDT was distributed in response to the Tether Report" as set forth in Paragraph 338 of the Amended Complaint.

16. All Documents and Communications Concerning the Allegation that "USDT was

not redeemable for cash at any time" as set forth in Paragraphs 485, 574, 578, and 584 of the Amended Complaint.

17. All Documents and Communications Concerning any actual or contemplated purchase of USDT by any of the Plaintiffs.

18. All Communications by and among any of the Plaintiffs, or between any of the Plaintiffs and any third-party (excluding Plaintiffs' counsel) Concerning Bitfinex and Tether.

19. All Communications by and among any of the Plaintiffs, or between any of the Plaintiffs and any third-party (excluding Plaintiffs' counsel) Concerning USDT.

20. All Communications by and among any of the Plaintiffs, or between any of the Plaintiffs and any third-party (excluding Plaintiffs' counsel) Concerning Plaintiffs' trading, holding, or other disposition of, "Cryptocommodities."

21. All Communications by and among any of the Plaintiffs, or between any of the Plaintiffs and any third-party (excluding Plaintiffs' counsel) Concerning the "Cryptocommodity" market.

22. All Communications by and among any of the Plaintiffs, or between any of the Plaintiffs and any third-party (excluding Plaintiffs' counsel) Concerning any announcements or statements, whether public or private, by any of the defendants related to the Allegations in the Amended Complaint.

23. All Documents and Communications Concerning any communications or statements made by any present or former employee, officer, or agent of Bitfinex or Tether about any matter encompassed by the Allegations of the Amended Complaint.

24. All Communications by and among any of the Plaintiffs and other class members.

25. All Documents that You have provided to, or received from, any Person or entity

considered (whether engaged or not) to provide expert testimony or analysis.

26. All Documents and Communications supporting class certification in this matter.

27. All Documents and Communications Concerning any out-of-pocket loss claimed to be suffered by You as a result of any of the conduct alleged in the Amended Complaint.

28. All Documents and Communications Concerning or reflecting the damages alleged in the Amended Complaint.

29. All Documents and Communications Concerning or reflecting any contingency interest in the outcome of this lawsuit (excluding any arrangement with counsel), including but not limited to interests held by litigation finance companies, lenders of any kind, or any other individuals.

Dated: December 22, 2021

LAW OFFICES OF MICHAEL JASON
LEE, APLC

*Michael Jason Lee*
Michael Jason Lee (admitted *pro hac vice*)
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
Tel.: (858) 550-9984
Fax: (858) 550-9985

WALDEN MACHT & HARAN LLP

*Jim Walden*
Jim Walden
Daniel A. Cohen
250 Vesey Street, 27th Floor
New York, New York 10281

Tel.: (212) 335-2030
Fax: (212) 335-2040

DILLON MILLER & AHUJA LLP

*Sunjina K. Ahuja*
Sunjina K. Ahuja (admitted *pro hac vice*)
Christopher J. Beal (admitted *pro hac vice*)
5872 Owens Ave., Suite 200
Carlsbad, California 92008
Tel.: (858) 587-1800
Fax: (858) 587-2587

*Counsel for Defendants, iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, DigFinex Inc., Tether Operations Limited, Tether International Limited, Ludovicus Jan van der Velde, and Giancarlo Devasini*