# Exhibit 5



Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

June 30, 2022

<u>BY EMAIL</u>

Kyle W. Roche
ROCHE FREEDMAN LLP
99 Park Avenue
New York, NY 10016
kyle@rochefreedman.com

Philippe Z. Selendy
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com

Todd M. Schneider
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street
Emeryville, CA 94608
tschneider@schneiderwallace.com

*Re:*    *In re Tether and Bitfinex Crypto Asset Litig.*,
         No. 19 Civ. 9236 (KPF) (S.D.N.Y.)

Dear Kyle:

We write on behalf of Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, DigFinex Inc., Tether Operations Limited, Tether International Limited, Ludovicus Jan van der Velde and Giancarlo Devasini (the "B/T Defendants") to follow up on our June 22, 2022 discussion and to otherwise memorialize certain of our discussions to date.

**I.     Time Period, Custodians & Search Terms**

The B/T Defendants have agreed to produce documents created from February 17, 2015 through October 6, 2019, the date on which this action was commenced – a time period that is more than sufficient to capture documents relevant to the parties'

Kyle W. Roche                                                2                                            June 30, 2022

claims and defenses. As we have repeatedly discussed, Plaintiffs' assertion of ongoing misconduct beyond the initiation of this lawsuit is not supported by facts alleged in the Amended Complaint.

Plaintiffs have not offered any basis for their June 3 proposal to extend the time period through May 5, 2020 for all discovery and through the date of collection for "all documents relating to B/T Defendants' issuance of USDT, including the recipients of USDT and the amounts issued, and USDT backing, reserves, and collateral." The category of documents you propose for discovery through the date of collection – "all documents relating to B/T Defendants' issuance of USDT" – is extremely broad. As you know, Tether is in the business of issuing USDT. If Plaintiffs can propose a narrow, discrete set of documents for production beyond an agreed end date, the B/T Defendants are open to considering and discussing any such proposal.

The parties' previous correspondence set forth agreement on nine document custodians. Your June 3 letter proposed an additional five custodians. In the interest of reaching agreement such that we can complete our document collection, we agree to include Julian Arriagada, Bill Brindise, John Kloosterman, Grzegorz Opalinski and Bjorn de Wolf as custodians.

With respect to Stuart Hoegner, as set forth in our May 17 letter and at the parties' June 22 discussion, we will agree to include Mr. Hoegner as a custodian only to the extent that he communicated with an external third party – *i.e.*, a person or entity other than the B/T Defendants and their respective officers, directors, agents, attorneys, employees, partners, predecessors, subsidiaries and affiliates. Of course, we will also review other documents that include Mr. Hoegner through our review of documents collected from the fourteen other custodians. We believe this approach will provide Plaintiffs with most, if not all, responsive, non-privileged documents, without unnecessarily imposing on the B/T Defendants the substantial burden of reviewing and logging large numbers of privileged documents. That said, if your review of the productions suggests otherwise, we would be opening to revisiting this issue. In addition, if there are specific issues as to which you believe Mr. Hoegner acted in a non-attorney role, we are open to discussing a broader review related to those issues.

To summarize, we plan to collect and review documents for the following fifteen custodians:

1. Paolo Ardoino
2. Julian Arriagada
3. Bill Brindise
4. Adam Chamely
5. Amy Churchill
6. Giancarlo Devasini

Kyle W. Roche 3 June 30, 2022

7. Silvano di Stefano
8. Stuart Hoegner (external communications only)
9. John Kloosterman
10. Grzegorz Opalinski
11. Phil Potter
12. Leonardo Real
13. Craig Sellars
14. Ludovicus Jan van der Velde
15. Bjorn de Wolf

With respect to search terms, as discussed on our May 11, May 19 and June 22 telephone calls, we do not believe that Plaintiffs have made a good-faith effort to propose search terms that are tailored to the issues in this case, much less are tied to any of Plaintiffs' RFPs or reflect the B/T Defendants' responses and objections to those RFPs and the parties' subsequent discussions. In order to allow for a productive discussion on search terms, you agreed to identify the specific RFP(s) to which each of your proposed search terms is purported tied.

## II. Plaintiffs' Requests for Production

For ease of reference, we set forth below the parties' agreements (or remaining areas of disagreement) with respect to certain of Plaintiffs' RFPs that have been the subject of discussion in our correspondence and/or telephone calls. Please let us know as soon as possible if you believe this letter misstates Plaintiffs' position with respect to any of these RFPs.

## RFP 2

The parties have agreed that the B/T Defendants will produce documents that were produced to the CFTC, DOJ, NYAG and/or SEC on the following topics:

1. Reserves, collateral, and backing (fiat or otherwise) of USDT;
2. Accounts/financial institutions in which USDT reserves were deposited or held;
3. The issuance, authorization, redemption, loaning, gifting, and destruction of USDT by the B/T Defendants, including the amount of USDT issued, authorized, redeemed, loaned, gifted, and destroyed;
4. Accounts, wallets, and blockchain addresses owned by the B/T Defendants, including records of all transactions, including withdrawals and deposits;
5. Loans, lines of credit, or agreements for future payment in exchange for USDT involving the B/T Defendants;
6. Internal and external audits and reports relating to the use of USDT and USDT reserves and backing;
7. Document retention policies and guidelines; and

Kyle W. Roche                                              4                                        June 30, 2022

8.  Documents and communications relating to other Defendants, Specified Blockchain Addresses, Specified Individuals/Entities, and the Anonymous Trader.[1]

**RFPs 8-10**

The parties have agreed that the B/T Defendants will produce non-privileged communications, to the extent such documents exist and can be located after a reasonable search, with Crypto Capital, the U.S. Exchange Defendants, Phil Potter[2] and/or Reginald Fowler on the same topics set forth above with respect to RFP 2.

**RFP 11**

Based on Plaintiffs' clarification that RFP 11 seeks documents related to audits of the B/T Defendants, USDT, USDT reserves, or giveaways or burns of USDT related to any trades by the B/T Defendants, the B/T Defendants agreed, subject to agreement on search terms, to produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, that are responsive to this request.

**RFP 28**

The B/T Defendants confirm that the following wallet addresses are owned by the B/T Defendants:

1. 1GjgKbj69hDB7YPQF9KwPEy274jLzBKVLh
2. 1KYiKJEfdJtap9QX2v9BXJMpz2SfU4pgZw
3. 1Kr6QSydW9bFQG1mXiPNNu6WpJGmUa9i1g
4. 3D2oetdNuZUqQHPJmcMDDHYoqkyNVsFk9r
5. 3MbYQMMmSkC3AgWkj9FMo5LsPTW1zBTwXL
6. 3BbDtxBSjgfTRxaBUgR2JACWRukLKtZdiQ
7. 1NTMakcgVwQpMdGxRQnFKyb3G1FAJysSfz

The B/T Defendants have agreed that the remaining addresses will be included as search terms, except for 16tg2RJuEPtZooy18Wxn2me2RhUdC94N7r, which Plaintiffs identified as related to the 2016 hack. With the exception of the

---

[1] For purposes of this topic: (*i*) "other Defendants" means Crypto Capital, the U.S. Exchange Defendants, Phil Potter and Reginald Fowler; (*ii*) the "Specified Blockchain Addresses" are those listed in paragraph 17 of the Definitions in Plaintiffs' First Set of Requests for Production of Documents on the B/T Defendants; and (*iii*) the "Specified Individual/Entities" are the individuals and entities identified in Plaintiffs' RFPs 27, 36, and 38-51.

[2] With respect to Phil Potter, this production would be for the period after Mr. Potter left Bitfinex/Tether.

Kyle W. Roche                              5                              June 30, 2022

Anonymous Trader, the B/T Defendants do not agree to produce all documents relating to the owners of the specified addresses   The B/T Defendant will produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, related to the Anonymous Trader.

**RFP 34**

The B/T Defendants agreed to produce written policies and procedures, if any, regarding conflicts of interest, as well as non-privileged documents, to the extent such documents exist and can be located after a reasonable search, that specifically identify a "conflict of interest" between Bitfinex and Tether.  Plaintiffs have not agreed to this proposal and continue to demand documents related to "*any* conflicts of interest relating to *any* Defendant."

As we have previously noted, RFP 34, as drafted, is not tailored in any way to the claims or defenses in this lawsuit, and Plaintiffs still have not identified a single alleged conflict of interest that relates to their claims.

**RFP 35**

The B/T Defendants agreed, subject to agreement on search terms, to produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, that relate to the 2016 hack's impact on USDT reserves or the B/T Defendants' ability to redeem USDT for U.S. dollars.

**RFP 37**

The B/T Defendants agreed to produce documents sufficient to show loans of USDT, including the amount of USDT loaned, the identity of the recipient of the loan, and the amount and type of collateral received in exchange for the loan, either (*i*) between Bitfinex and Tether or (*ii*) by the B/T Defendants to any U.S. Exchange Defendant or the Anonymous Trader.

**RFPs 36, 38, 41-44, 46, 51, 52 and 56.**

The B/T Defendants do not agree to produce documents in response to RFPs 36, 38, 41-44, 46, 51, 52 and 56.

Plaintiffs agreed not to pursue RFPs 38 and 41 at this time, reserving all rights.

**RFPs 39, 40, 45, 47-50, 53-55 and 57**

The B/T Defendants agree to run appropriately tailored search terms and provide hit counts with respect to the people, entities or publications identified in RFPs 39, 40, 45, 47-50, 53-55 and 57.

Kyle W. Roche                                6                              June 30, 2022

Based on the results of those hit counts, we can discuss the appropriate scope of review and production, if any. To be clear, any agreement to provide hit counts does not constitute an admission of relevance. The B/T Defendants reserve their rights to present further objections with respect to these RFPs.

**RFP 60**

The B/T Defendants have offered to produce final written contracts or agreements, to the extent they exist and can be located after a reasonable search, that name a B/T Defendant as a party, on the one hand, and Bittrex, Poloniex, Crypto Capital and/or Reginald Fowler, on the other hand.

As set forth in your May 6 letter, Plaintiffs continue to request "[a]ll Documents relating to any agreement, contract, understanding, undertaking, or any other relationship, formal or informal, between You and any other Defendant relating to the use of cryptoexchange services or platforms, accounts and holdings owned by B/T Defendants, and transfers or transactions involving USDT or other cryptocommodities." The B/T Defendants object to this request on the grounds that, among other things: (*i*) "[a]ll Documents relating to any agreement, contract, understanding, undertaking, or any other relationship, formal or informal" is vague, ambiguous and overbroad, and (*ii*) the identified topics are overbroad in scope and would encompass the entirety of the B/T Defendants' business and operations.

**RFP 61**

The parties have agreed that the B/T Defendants will produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, that relate to the B/T Defendants' use of the cryptocommodity exchanges or accounts of any U.S. Exchange Defendant for the transfer of newly issued USDT, either directly or indirectly, from Bitfinex to any U.S. Exchange Defendant. The parties agreed that this RFP does not call for documents related to transfers of USDT by Bitfinex or Tether customers.

**RFP 62**

The parties have agreed that the B/T Defendants will produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, that relate to any agreement or arrangement entered into between the B/T Defendants and any U.S. Exchange Defendant relating to the issuance or transfer of new USDT using any cryptocommodity exchanges or accounts owned by any U.S. Exchange Defendant.

**RFP 63**

The parties have agreed that the B/T Defendants will produce non-privileged documents, to the extent such documents exist and can be located after a reasonable

Kyle W. Roche                                7                              June 30, 2022

search, that relate to any business strategy, plan, or directive of the B/T Defendants relating to the timing of issuance or transfer of USDT to any U.S. Exchange Defendant for the purchase of cryptocommodities.

**RFP 64**

As revised in Plaintiffs' May 6 letter, RFP 64 calls for "[a]ll Documents relating to Your communications with U.S. Exchange Defendants, and Bitcoin, Ethereum, BNB, XRP, ADA, SOL, and LUNA cryptocommodities exchanges related to the issuance or transfer of USDT."

The B/T Defendants agreed to produce non-privileged communications with the U.S. Exchange Defendants, to the extent such documents exist and can be located after a reasonable search, that relate to the issuance or transfer of USDT.   Plaintiffs have not agreed to this proposal.

**RFP 65**

As revised in Plaintiffs' May 6 letter, RFP 65 calls for "[a]ll Documents relating to Your communications with U.S. Exchange Defendants, and Bitcoin, Ethereum, BNB, XRP, ADA, SOL, and LUNA cryptocommodities exchanges related to the accounts and holdings owned by B/T Defendants, and transfers, collateral, backing, or reserves of USDT."

The B/T Defendants agreed to produce non-privileged communications with the U.S. Exchange Defendants, to the extent such documents exist and can be located after a reasonable search, that relate to transfers, collateral, backing, or reserves of USDT. Plaintiffs have not agreed to this proposal.

*     *     *

We look forward to hearing back from you regarding Plaintiffs' proposed search terms as soon as possible.


Best regards,

/s/ Elliot Greenfield