# Exhibit 9

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

In re Tether and Bitfinex Crypto Asset Litigation )
 *Plaintiff* )
v. ) Civil Action No. 1:19-cv-9236
)
)
*Defendant* )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: John M. Griffin

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A

| Place: Debevoise & Plimpton, LLP<br>919 Third Avenue<br>New York, NY 10022 | Date and Time:<br>06/24/2022 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/02/2022

 *CLERK OF COURT*
 OR
 /s/ Melanie Burke
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Tether Holdings, Ltd. , who issues or requests this subpoena, are:
Melanie Burke, Debevoise & Plimpton, LLP, 919 Third Ave., NY, NY 10022, mburke@debevoise.com, 212.909.6419

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-9236

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Case 1:19-cv-09236-KPF   Document 220-9   Filed 07/28/22   Page 4 of 10

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENTS

## DEFINITIONS AND RULES OF CONSTRUCTION

1. The Uniform Definitions in Discovery Requests set forth in Rule 26.3 of the Local Civil Rules of The United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference.

2. "Action" refers to the above-captioned action, *In re Tether and Bitfinex Crypto Asset Litigation*, Case No. 1:19-cv-09236-KPF, in the United States District Court for the Southern District of New York.

3. "Is Bitcoin Really Un-Tethered?" refers to Griffin, John M. and Shams, Amin, "Is Bitcoin Really Un-Tethered?," August 2020, *The Journal of Finance*, Vol. 75, No. 4: 1913-1964, and all prior and subsequent drafts or versions of the same.

4. "Bitcoin" refers to the native Digital Asset of the Bitcoin Blockchain.

5. "Blockchain" refers to a peer-to-peer database spread across a network of computers that securely records all transactions in theoretically unchangeable, digitally recorded data packages based on cryptographic techniques.

6. "Digital Asset" refers to an asset issued or transferred using distributed ledger or Blockchain technology, including assets sometimes referred to as "cryptocurrencies," "virtual currencies," or "digital coins."

7. "Representative" means any present or former officers, executives, partners, joint-venturers, directors, trustees, employees, consultants, accountants, attorneys, agents, as well as any other Person or other entity associated with, acting or purporting to act on behalf of, or acting under the direction or control of one or more of the foregoing.

8. "USDT" refers to the Digital Asset issued by Tether and has the same meaning as the term "Tether" as used in "Is Bitcoin Really Un-Tethered?"

9. "You" and "Your" mean John M. Griffin, as well as any representatives of John M. Griffin.

10. The rules of construction set forth in Rule 26.3(d) of the Local Civil Rules of The United States District Courts for the Southern and Eastern Districts of New York shall apply to these requests; and the word "including" means "including without limitation."

**INSTRUCTIONS**

1. These Requests apply to all documents in Your possession, custody, or control or to which You are legally entitled to access, regardless of their location and regardless of whether such documents are held by You or any other person or entity otherwise subject to Your control.

2. If any portion of a document is considered responsive to any request, the request shall be construed as requesting production of the entire document.

3. Except when express reference is made to another paragraph, each paragraph herein should be construed independently and not by reference to any other paragraph herein for purpose of limitation.

4. Questions regarding the interpretation of these document requests should be resolved in favor of the broadest possible construction.

5. All electronically stored information shall be produced in conformity with the Court's Stipulation and Order Governing the Exchange of Electronically Stored Information, which was entered in this Action on December 20, 2021.

6. If any documents or parts of documents called for by this demand are withheld under a claim of privilege or work product, a list shall be furnished setting forth as to each

document the following information: (a) the nature of the document, e.g., letter, memorandum, telegram, etc.; (b) the name, address, occupation, title, and business affiliation of each person who prepared, received, viewed, and has or has had possession, custody, or control of the document; (c) the date of the document; (d) a description of the subject matter of the document; (e) a statement of the basis upon which the privilege or work product claim is made; and (f) the paragraph(s) of this request that call for production of the document.

7. If part of an otherwise responsive document contains information that is subject to a claim of privilege, those parts of the document subject to the claim of privilege shall be deleted or redacted from the document, the deleted or redacted parts shall be clearly marked as such, and the rest of the document shall be produced.

8. If You cannot respond to these document requests in full after exercising due diligence to secure the documents requested, You shall so state and respond to the extent possible, specifying the nature of his inability to respond to the remainder.

9. If any of these requests is objected to, You shall serve a response stating with particularity the reasons for the objection, and shall produce the requested documents to the extent that the request is not objectionable.

10. If You contend that a particular request, or a definition or an instruction applicable thereto, is ambiguous, You are requested to set forth in Your written response the allegedly ambiguous language and the interpretation of that language that You have adopted in responding to the request in question.

11. Unless otherwise indicated, these requests call for the production of documents created, edited, sent, or received between February 17, 2015 and the present, inclusive.

**DOCUMENT REQUESTS**

1. All documents constituting, evidencing, memorializing, or discussing any communication to or from any lawyer or other personnel associated with, representing, or acting on behalf of any of the following:

    a. Selendy & Gay PLLC

    b. Roche Freedman LLP

    c. Schneider Wallace Cottrell Konecky LLP

    d. Cyrulnik Fattaruso LLP

    e. Hausfeld LLP

    f. Kirby McInerney LLP

    g. Glancy Prongay & Murray LLP

    h. Robbins Geller Rudman & Dowd LLP

    i. Any other law firm or attorney representing or purporting to represent any individual or class of individuals allegedly injured by the conduct of all or any of the following: iFinix Inc., Bitfinix, BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether Limited, Tether International Limited, DigFinex, Ludovicus Jan van der Velde, Giancarlo Devasini, Philip G. Potter, Bittrex, Poloniex, Crypto Capital Corp., and/or Reginald Fowler.

    j. Hindenberg Research

2. All documents constituting, evidencing, memorializing, or discussing any communication to or from any of the following persons, or any person acting or purporting to act on behalf of or representing any of the following persons:

    a. David Leibowitz

4

      b.      Benjamin Leibowitz

      c.      Jason Leibowitz

      d.      Aaron Leibowitz

      e.      Pinchas Goldshtein

      f.      Matthew Script

      g.      Eric Young

      h.      Adam Kurtz

      i.      David Crystal

      j.      Bryan Faubus

      k.      Joseph Ebanks

      l.      Any person allegedly injured or claiming to be injured by the conduct of all or any of the following: iFinix Inc., Bitfinix, BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether Limited, Tether International Limited, DigFinex, Ludovicus Jan van der Velde, Giancarlo Devasini, Philip G. Potter, Bittrex, Poloniex, Crypto Capital Corp., and/or Reginald Fowler.

3.    All documents constituting, evidencing, memorializing, or discussing any communication to or from any person claiming to be the "large trader" referenced in "Is Bitcoin Really Un-Tethered?."

4.    All documents constituting, evidencing, memorializing, or discussing any communication to or from any person claiming to have executed a Bitcoin and/or USDT arbitrage trading strategy during the period of the study described in "Is Bitcoin Really Un-Tethered?."

5. All documents constituting, evidencing, memorializing, or discussing any and all work papers, research, financial or economic models, testing, work-in-progress, and/or drafts of "Is Bitcoin Really Un-Tethered?" or the conclusions reached therein.

6. All documents constituting, evidencing, memorializing, or discussing any peer-review, or any response to any peer-review, of "Is Bitcoin Really Un-Tethered?" or the conclusions reached therein.

7. All documents constituting, evidencing, memorializing, or discussing any research or analysis regarding USDT's financial backing or reserves.

8. All documents constituting, evidencing, memorializing, or discussing any research or analysis regarding any manipulation of the market for Bitcoin.

9. All documents constituting, evidencing, memorializing, or discussing any research or analysis regarding any manipulation of the market for any other digital asset.

10. All documents constituting, evidencing, memorializing, or discussing any post or direct message regarding USDT written by you on any social media platform, including but not limited to Twitter, Reddit, or Facebook.

11. To the extent not produced in response to the foregoing requests, all documents concerning or relating to the Action.

12. All documents concerning any written or oral agreement with any of the persons listed in Requests 1 and 2, above.