

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

August 10, 2022

BY ECF AND EMAIL

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

*Re:  In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.)

Dear Judge Failla:

We write on behalf of Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, DigFinex Inc., Tether Operations Limited, Tether International Limited, Ludovicus Jan van der Velde and Giancarlo Devasini (the "B/T Defendants").  The B/T Defendants respectfully request a 60-day extension of time for the substantial completion of document discovery, the current deadline for which is August 22, 2022 under the Court's Civil Case Management Plan and Scheduling Order dated November 22, 2021 (Dkt. No. 194, the "Scheduling Order").

Although the B/T Defendants are on track to produce nearly 150,000 documents by the August 22, 2022 deadline, it has become clear that the B/T Defendants will not be able to substantially complete document production by that date due to a combination of factors, including delays by Plaintiffs in negotiating discovery parameters and technological and data privacy challenges in the document collection and review, as discussed below.

No prior extension has been requested, and the requested extension should not affect the remaining deadlines in the Scheduling Order, including the deadline for completion of all fact discovery.

### I.      Discovery Progress to Date

The B/T Defendants have made substantial rolling productions of documents, and have produced almost 45,000 documents, totaling nearly 125,000 pages since the start of discovery. The B/T Defendants plan to produce another approximately 33,000 responsive documents on or about August 15, 2022.

The documents that the B/T Defendants have agreed to produce in response to Plaintiffs' document requests largely fall into two categories: (*i*) documents previously produced to government regulators and (*ii*) documents that will be identified based on a review of the fifteen agreed custodians over the relevant time period, often employing the use of search terms.

The Honorable Katherine Polk Failla          2          August 10, 2022

The documents produced to date come primarily from the first category. After reaching agreement regarding the appropriate scope of production of such documents on May 9, 2022, the B/T Defendants have reviewed a large volume of documents and are on track to substantially complete production of these documents – totaling approximately 150,000 documents – by the August 22, 2022 deadline.

> II. **Plaintiffs' Delays in Advancing Discovery Negotiations Have Hindered the B/T Defendants' Ability to Effectively Collect, Review and Produce Documents.**

With respect to the second category of documents, the B/T Defendants' ability to meet the substantial completion deadline has been significantly impacted by delays by Plaintiffs.

Since December 2021, when the parties served requests for production, Plaintiffs have consistently dragged their feet and failed to actively prosecute their case.

Plaintiffs did not even schedule an initial meet-and-confer until March 31, 2022 – two months after the B/T Defendants served responses and objections. The B/T Defendants stated their position regarding the relevant time period for discovery in a letter dated April 4. The B/T Defendants proposed document custodians in a letter dated April 28, promptly agreed to additional custodians requested by Plaintiffs, and offered their compromise regarding Mr. Hoegner by letter dated May 17. Plaintiffs did not raise either of these disputes with the Court until July 28.

The parties have yet to reach full agreement on search terms to be used to identify documents for review in connection with certain of Plaintiffs' document requests. On March 31, Plaintiffs stated they would propose search terms but did not do so until May 10. Plaintiffs' first proposal was spectacularly overbroad – an eleven page, single-spaced list of nearly 400 search terms, many of which were unrelated to Plaintiffs' document requests and/or did not reflect the parties' negotiations up to that point. On May 17, the B/T Defendants offered a reasonable counterproposal, but Plaintiffs responded on June 20 – more than a month later – by rejecting that counterproposal and largely repeating their initial proposal. The B/T Defendants last contacted Plaintiffs about their search term proposal by letter dated July 14, and Plaintiffs did not respond until August 8, more than three weeks later.

Aside from Plaintiffs' delay, the B/T Defendants' document discovery efforts have encountered substantial technical and logistical challenges due to data privacy and security concerns – issues of particular significance in the cryptocurrency industry – while also complying with complex European data protection and privacy regulations.

In light of the issues discussed above, it is not possible to substantially complete production by the August 22, 2022 deadline. The B/T Defendants believe that an additional 60 days will be sufficient to achieve substantial completion of document production.

The Honorable Katherine Polk Failla	3	August 10, 2022

### III.	The Parties' Positions on this Request.

Each of the other Defendants consents to this request.

Plaintiffs consent to this request with respect to document requests for which search terms will be used, subject to the B/T Defendants providing a search term hit report, which the B/T Defendants are happy to do now that Plaintiffs have responded to their July 14 letter.

Plaintiffs do not consent to the extension with respect to certain document requests for which the B/T Defendants agreed to produce "documents sufficient to show" certain information, but it is not workable to have multiple deadlines for different document requests.  The process of collecting, reviewing and producing documents is conducted at the same time for all requests.  Attempting to separate out individual requests would only cause more delays.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Elliot Greenfield


cc:  Counsel of record (via ECF)