

August 15, 2022

**Via ECF and E-mail**

The Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

  Re: *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla:

  Plaintiffs write in response to B/T Defendants' August 10, 2022 letter motion requesting an extension of the discovery schedule, and specifically of the deadline for the parties to substantially complete their production of documents, currently set for August 22, 2022. ECF No. 224 (the "Letter"). All represented parties other than B/T Defendants—including all other represented defendants—are on track to meet the substantial completion deadline.

  B/T Defendants did not meet and confer with Plaintiffs before filing their Letter. When B/T Defendants requested an extension, Ex. 17 at 3, Plaintiffs responded that they would "*consider* stipulating to a revised schedule" if B/T Defendants provided information necessary to determine the appropriate length of any extension—including long-requested hit reports for proposed search terms. Ex. 18 at 3 (emphasis added). Instead of responding to Plaintiffs' letter or meeting and conferring, B/T Defendants filed their Letter, falsely stating that Plaintiffs consent to their request "with respect to document requests for which search terms will be used." Letter at 3.

  B/T Defendants have not provided the "detailed factual justifications" this Court requires for an extension of the "generous discovery schedule." August 4, 2022 Order, ECF No. 223 at 4. They accuse Plaintiffs of failing to prosecute their case—in truth, since B/T Defendants responded to Plaintiffs' document requests on January 28 (objecting to all requests and refusing to produce any documents in response to 41 of the 77 requests, Ex. 1), Plaintiffs and B/T Defendants met and conferred six times (on March 31, April 8, May 11, May 19, June 22, July 8), exchanged eleven discovery letters, and traded dozens of emails, *see generally* Exs. 2–18. B/T Defendants accuse Plaintiffs of proposing burdensome search terms late in discovery—in fact, Plaintiffs proposed search terms only after B/T Defendants failed to produce any documents for over three months;[1] Plaintiffs have repeatedly justified their requested terms in detail, Exs. 2 at 3–18, 18 at 9–23, while B/T Defendants have inexplicably *withdrawn* their agreement on various terms, Ex. 18 at 2; and B/T Defendants still have not provided hit reports showing how many unique documents each proposed term identifies, as is standard practice. *See Zhulinska v. Niyazov L. Grp., P.C.*, 2021 WL

---

[1] B/T Defendants' complaints about the number of search terms proposed by Plaintiffs are without merit: The number of terms does not affect the volume of documents to be reviewed. Instead, numerous discrete search terms will let the parties determine which terms identify the most documents and focus their negotiations on those terms.

5281115, at *4 (E.D.N.Y. Nov. 12, 2021) (where party has not "performed a search to generate a 'hit report' that reflects the number of [documents] that would have to be reviewed," their "cries of undue burden are purely speculative").[2] They further accuse Plaintiffs of failing to timely raise disputes to the Court—but B/T Defendants cannot accuse Plaintiffs of being dilatory when the parties have been actively negotiating those issues. B/T Defendants also assert issues arising from "complex European data protection and privacy regulations"—but they do not explain what those issues are, even though Plaintiffs asked them to, Ex. 17 at 2, or why they did not raise those concerns until August 2, more than seven months after receiving Plaintiffs' document requests. And they cite "technical and logistical challenges"—but they do not explain what those challenges are, or why they are raising them for the first time in their Letter to the Court.

The Court should deny B/T Defendants' request, order them to meet and confer with Plaintiffs, and direct the parties to submit any requests for a change to the discovery schedule by August 22, 2022. In their discussions, B/T Defendants should: (1) finalize their opposition to any of Plaintiffs' proposed search terms, so Plaintiffs can promptly raise any disputes to the Court for resolution; (2) provide a realistic estimate of how long it will take them to gather, review, and produce additional documents in response to the requested terms; and (3) explain in detail any data protection, privacy regulation, and technical and logistical challenges they face.

---

[2] After months of failing to provide hit reports, the B/T Defendants promised today—the day that Plaintiffs' letter to the Court was due—to produce hit reports tomorrow—the day after that response is due, and less than a week before the substantial completion deadline. Ex. 17 at 1,

    Respectfully submitted,

/s/ Kyle W. Roche
Kyle W. Roche
Edward Normand
Velvel Freedman (*pro hac vice*)
Joseph M. Delich
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rochefreedman.com
tnormand@rochefreedman.com
vel@rochefreedman.com
jdelich@rochefreedman.com

/s/ Caitlin Halligan
Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com

/s/ Todd M. Schneider
Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
Kyle G. Bates (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com
kbates@schneiderwallace.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*