# Exhibit 4



Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

April 4, 2022

<u>BY EMAIL</u>

Kyle W. Roche
ROCHE FREEDMAN LLP
99 Park Avenue
New York, NY 10016
kyle@rochefreedman.com

Philippe Z. Selendy
SELENDY GAY ELSBER
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com

Todd M. Schneider
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street
Emeryville, CA 94608
tschneider@schneiderwallace.com

*Re:*    *In re Tether and Bitfinex Crypto Asset Litig.*,
         No. 19 Civ. 9236-KPF (S.D.N.Y.)

Dear Kyle:

We write on behalf of the B/T Defendants to follow up on a few points raised on our March 31, 2022 meet and confer regarding document discovery. This letter is not intended to cover all of the requests and issues we discussed, but we hope that setting out these points in writing will help to make our next call more productive.

*First*, with respect to the relevant time period, the B/T Defendants will agree to produce documents created from February 17, 2015 to October 6, 2019, the date on which this action was commenced. As discussed on our call, the Amended Complaint does not include factual allegations suggesting any ongoing conduct by the B/T Defendants relating to Plaintiffs' claims. The purported "scheme to artificially inflate the price of

Kyle W. Roche                                          2                             April 4, 2022

cryptocommodities" is not alleged to have extended beyond 2018 (AC ¶¶ 185-309), Tether is alleged to have changed its disclosure regarding the composition of reserves in February 2019 (AC ¶ 131), and the allegations under the heading "Defendants Continue to Issue Unbacked USDT and Manipulated Prices" merely state that Tether has continued to issue USDT (AC ¶¶ 372-375). Again, if there are limited categories of documents created outside of this time period that Plaintiffs believe should be produced, we ask that you identify those categories.

*Second*, as set forth in our March 29 letter and discussed during our meet and confer, many of Plaintiffs' requests are extremely overbroad, and we encourage you to consider limiting those requests to documents that are relevant to the claims and defenses in this case. As one example, RFP 60 calls for "[a]ll Documents relating to any agreement, contract, understanding, undertaking, or any other relationship, formal or informal, between You and any other Defendant," including among the B/T Defendants. We agreed to produce all contracts between the B/T Defendants, on the one hand, and any other defendant, on the other hand. There is no reason to believe that any and all contracts or agreements *among* the B/T Defendants are relevant to the claims and defenses in this case. Likewise, it is difficult to imagine how, as a practical matter, we could search for "Documents relating to any . . . understanding, undertaking, or any other relationship" between Defendants. If there are specific types of contracts you believe are relevant, please identify them. Your request for "[a]ll of the financial records" of each of the B/T Defendants (RFP 29) raises similar issues, as do several of the requests that you indicated you would like to discuss on our next call, such as RFPs 21-26, 72 and 74.

*Third*, we continue to believe that certain RFPs call for documents that are not relevant to the claims and defenses in this case. For example, you asserted on our call that Plaintiffs are entitled to all documents regarding Galaxy and Jump Trading on the basis that they allegedly received USDT directly from Tether. (RFPs 36, 51.) The B/T Defendants disagree that the mere receipt of USDT from Tether makes an individual or entity relevant to the claims or defenses in this case. As discussed on our call, we also disagree about the relevance of numerous other requests, but we are willing to continue discussing those requests and are open to finding a reasonable compromise.

*Fourth*, we appreciate your clarification that the definition of "You" and "Your" is not intended to seek documents related to, for example, the personal accounts or transactions of the B/T Defendants' employees. That said, this definition continues to cause certain requests to be overbroad or call for irrelevant documents, such as the personal accounts and transactions of the named individual defendants. We can continue to discuss this issue as we walk through the individual requests.[1]

---

[1] We also appreciate your offer to hold off on RFPs 38 and 41, while reserving all rights.

Kyle W. Roche                                            3                                          April 4, 2022

We look forward to continuing our discussions and hope the parties can reach a reasonable compromise on the scope of discovery.

Best regards,

/s/ Elliot Greenfield