# Exhibit 5



Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

April 28, 2022

<u>BY EMAIL</u>

Kyle W. Roche
ROCHE FREEDMAN LLP
99 Park Avenue
New York, NY 10016
kyle@rochefreedman.com

Philippe Z. Selendy
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com

Todd M. Schneider
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street
Emeryville, CA 94608
tschneider@schneiderwallace.com

*Re:*     *In re Tether and Bitfinex Crypto Asset Litig.,*
          **No. 19 Civ. 9236 (KPF) (S.D.N.Y.)**

Dear Kyle:

We write on behalf of the B/T Defendants to follow up on a few points raised on our March 31 and April 8 telephone conferences regarding document discovery, as well as items raised in our April 4 letter to Plaintiffs. This letter is not intended to cover all of the issues we discussed, but we hope that this letter will facilitate additional productive discussions and identify areas of agreement regarding the scope of discovery.

Kyle W. Roche               2                April 28, 2022

## I.    Custodians and Search Terms

As discussed in the parties' meet and confers, agreement on document custodians and search terms is a productive way to advance the parties' discussions. As such, we propose the following custodians for the B/T Defendants' data:

| Custodian | Title |
|---|---|
| Adam Chamely | Developer at Tether |
| Amy Churchill | Director of Finance at Bitfinex & Tether |
| Giancarlo Devasini | CFO of Bitfinex & Tether |
| Silvano Di Stefano | Chief Investment Officer of Tether |
| Phil Potter | Former Chief Strategy Officer of Bitfinex |
| Leonardo Real | Chief Compliance Officer of Tether |
| Craig Sellars | Co-Founder & former CTO of Tether |
| Ludovicus Jan van der Velde | CEO of Bitfinex & Tether |

We would like to get confirmation on custodians as soon as possible so that we can complete our data collection in a timely fashion.[1]

Plaintiffs agreed to propose search terms in the first instance. We look forward to reviewing Plaintiffs' proposed search terms as soon as you can send them.

## II.   Plaintiffs' Requests for Production

As we have discussed, the parties' disagreement with respect to a number of RFPs likely can be resolved through the use of search terms, including RFPs 39-40, 43-50, 52-57 and 65. As set forth in the B/T Defendants' responses and objections, any agreement to produce documents in response to these or other RFPs is not a concession of the relevance, materiality, admissibility or existence of any such documents.

**RFPs 1-2, 8-10**

RFPs 1 and 2 seek documents related to governmental investigations and inquiries. During the parties' April 8 meet and confer, the B/T Defendants reiterated their

---

[1] Insofar as the custodians include individuals formerly associated with Bitfinex and/or Tether, the B/T Defendants clarify that they will only be searching those documents presently in their possession, custody or control (as opposed to undertaking a collection of documents that post-dates those custodians' departure).

objections that RFPs 1 and 2 are overbroad and not tailored to the issues in this litigation, as they call for documents relating to any investigation or inquiry by any governmental entity, without limitation.  We proposed that Plaintiffs limit the production requests related to governmental investigations to enumerated topics, but Plaintiffs appear unwilling to do so.  In order to help progress our discussions, subject to agreement on search terms, the B/T Defendants agree to produce documents produced to the U.S. Commodity Futures Trading Commission, the U.S. Department of Justice, or the New York State Office of the Attorney General on the following topics:

- Accounts/financial institutions holding USDT reserves, including account statements establishing USDT reserves;

- Authorization, issuance, redemption and destruction of USDT, including the number of USDT authorized, issued, redeemed and destroyed;

- B/T Defendants' corporate blockchain addresses, including records of withdrawals and deposits;

- Friedman LLP and Freeh Sporkin reports;

- Organizational charts and documents relating to corporate structure and ownership;

- Loan agreements, letters of credit, lines of credit or advancements between Bitfinex and Tether;

- Transfer of funds (fiat or cryptocurrency) between Bitfinex and Tether;

- Documents relating to the Anonymous Trader;

- Documents relating to Crypto Capital;

- Communications with the U.S. Exchange Defendants; and

- Document retention policies.

With respect to RFPs 8-10, which seek communications with various parties without limitation as to subject matter, the B/T Defendants agree to produce communications on the same topics listed above, subject to agreement on search terms.  With respect to RFP 8, the B/T Defendants would limit "Individual Defendant" to mean individual defendants in this litigation other than Ludovicus Jan van der Velde and Giancarlo Devasini, both of whom are proposed custodians.

Kyle W. Roche                                              4                                April 28, 2022

**RFP 3**

RFP 3 requests documents obtained from any application under 28 U.S.C. § 1782. The B/T Defendants maintain that these documents are not relevant to the claims and defenses in this case. However, in an effort to reach a compromise, the B/T Defendants agree to produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, responsive to this request for the seven listed applications.

**RFPs 4, 7, 59, 61-64**

As you will recall, our discussion of certain RFPs was impeded by some of the terminology used in the RFPs that, in certain circumstances, made them incomprehensible.

For RFP 4, we reached agreement on substituting "authorizing" for "minting."

For RFP 59, we reached agreement on substituting "newly authorized" for "newly issued."

For RFPs 7, 61, 62 and 64, you asked that we provide information regarding the terminology used for the stages of authorization, issuance, redemption and destruction of USDT, as well as how those stages relate to Tether's reserves, and you agreed to review such information and consider clarifying, revising or withdrawing those RFPs. On April 10, we sent to you a link to a webpage on Tether's website, https://tether.to/en/tether-issuance-primer, which provides the requested information. Please let us know when we can expect revised proposals as it relates to these requests.

With respect to RFP 63, you indicated that you would consider withdrawing this request subject to agreement on RFPs 61, 62, and 64.

**RFP 11**

During the parties' April 8 meet and confer, you clarified that RFP 11 was meant to request documents related only to *audits* of the topics set forth in that request – *i.e.*, audits of the B/T Defendants, USDT, USDT reserves, giveaways or burns of USDT related to any trades by the B/T Defendants. In light of this clarification, subject to agreement on search terms, the B/T Defendants agree to produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, responsive to this request.

Kyle W. Roche                                  5                               April 28, 2022

**RFP 20**

As discussed, the B/T Defendants will produce written policies and procedures, if any, that relate to generating and verifying the information on Tether's transparency website.

**RFP 28**

RFP 28 requests documents "relating to the Specified Blockchain Addresses or the Owners thereof." At the parties' March 31 meet and confer, Plaintiffs provided stated justifications for seeking information related to each of the specified blockchain addresses. Plaintiffs further clarified that for any of the addresses that are owned by the B/T Defendants, Plaintiffs seek only confirmation of ownership. For addresses that are not owned by the B/T Defendants, Plaintiffs seek communications about transactions between the B/T Defendants and the owners of those addresses. We are in the process of reviewing these addresses and expect to get back to you shortly with a proposal.

**RFPs 29, 31**

RFP 29 seeks "[a]ll of the financial records" of the corporate B/T Defendants, including "general ledger, balance sheets, income statements, cash-flow statements, and profit-and-loss statements." In response to other requests, we have agreed to produce financial data related to the maintenance of reserves. Plaintiffs are not otherwise entitled to a blanket production of all financial records, irrespective of their relevance to the claims and defenses in this litigation. RFP 31 raises similar issues. We ask again that you consider revising these RFPs to make them tailored in some way to the claims and defenses in this action. If Plaintiffs are unable to do so, please consider reviewing documents that are produced in response to other RFPs regarding reserves and then determining what additional information, if any, you believe is relevant to your claims.

**RFP 34**

RFP 34 requests documents relating to "conflicts of interest." At the parties' March 31 meet and confer, you clarified that you are seeking policies regarding conflicts of interest or documents that expressly identify an issue as a "conflict of interest." In light of this clarification, subject to agreement on search terms, the B/T Defendants agree to produce written policies and procedures, if any, regarding conflicts of interest, as well as non-privileged documents, to the extent such documents exist and can be located after a reasonable search, that specifically identify issues as "conflicts of interests" as between Bitfinex and Tether.

Kyle W. Roche                             6                           April 28, 2022

**RFP 35**

RFP 35 seeks all documents "relating to the August 2016 hack of Bitfinex."  We have made clear that we do not believe that this request is relevant to the claims at issue in this litigation.  As a compromise, subject to agreement on search terms, the B/T Defendants agree to produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, that relate to the August 2016 hack and either the sufficiency of USDT reserves or the B/T Defendants' ability to redeem USDT for U.S. dollars.

**RFP 37**

RFP 37 seeks all documents sufficient to show "every loan of USDT."  The B/T Defendants objected to this request on the grounds of relevance and overbreadth, among other things.  As a compromise, the B/T Defendants agree to produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, sufficient to show loan agreements, letters of credit, lines of credit or advancements between Bitfinex and Tether.

**RFP 58**

RFP 58 seeks "[a]ll documents relating to any posts from any social media account that You or Your executives control."  At the parties' April 8 meet and confer, you clarified that Plaintiffs are not seeking the social media posts of non-Defendant employees.  You further agreed that you would consider ways to narrow or clarify this request.  Please let us know when we can expect a revised proposal.

                                    *   *   *

We look forward to continuing our discussions and hope the parties can reach a reasonable compromise on the scope of discovery in the near future.  We also look forward to receiving Plaintiffs' proposed search terms and your response to this letter.


Best regards,

/s/ Elliot Greenfield