# Exhibit 7



Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

May 9, 2022

<u>BY EMAIL</u>

Kyle W. Roche
ROCHE FREEDMAN LLP
99 Park Avenue
New York, NY 10016
kyle@rochefreedman.com

Philippe Z. Selendy
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com

Todd M. Schneider
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street
Emeryville, CA 94608
tschneider@schneiderwallace.com

*Re:*     *In re Tether and Bitfinex Crypto Asset Litig.*,
          **No. 19 Civ. 9236 (KPF) (S.D.N.Y.)**

Dear Kyle:

We write on behalf of the B/T Defendants in response to your letter dated May 6, 2022.

### I.     Custodians and Search Terms

We still have not received any proposed search terms for Plaintiffs' RFPs to the B/T Defendants, which you represented would be forthcoming during our April 8 telephone call and again by email on April 28. Please provide proposed search terms as soon as possible.

Kyle W. Roche                                           2                                    May 9, 2022

In response to the questions raised in your letter: Amy Churchill has been Director of Finance since 2018, and that position did not exist prior to that time. The Chief Financial Officer is Giancarlo Devasini. Silvano Di Stefano has been CIO since 2019, and that position did not exist prior to that time.

We agree to include Paolo Ardoino as a document custodian. We do not agree to include Stuart Hoegner as a custodian. As you know, Stuart Hoegner is the General Counsel of Tether and Bitfinex. Most of his communications are privileged, and his non-privileged communications are likely to be captured by other custodians. Moreover, it is not practicable to attempt to separate communications made in his capacity as General Counsel from those made "as a shareholder of DigFinex."

We can discuss additional custodians on our May 11 call. We need to reach agreement on custodians before we can complete our collection.

## II.      Plaintiffs' Requests for Production

Your May 6 letter does little to advance the parties' discussions. Plaintiffs "agree to the B/T Defendants' proposals" only where the B/T Defendants simply agreed to produce documents in response to an RFP – *i.e.*, RFPs 3, 4, 11, 20, 35 and 59. Where Plaintiffs purport to propose a "compromise" or revise a request, those proposals generally do not substantially narrow the relevant RFPs and, in at least one instance, is even broader in scope than the original RFP.

Although Rule 26 is clear that discovery must be "relevant to any party's claim or defense and proportional to the needs of the case," Plaintiffs continue to insist on document requests that are both overbroad and are not limited in any way to documents that are relevant to the claims and defenses in this lawsuit. Such requests have no support in the law, and we urge you to reconsider them. Indeed, Plaintiffs themselves objected to a document request on the basis that it was "untethered to relevant subject matter[,] is overbroad on its face and is not reasonably related to the subject matter of this litigation." (Pls.' R&O to RFP No. 24.)

### RFPs 1-2

RFP 1 is not tailored in any way to the subject matter of this litigation, as it seeks documents sufficient to show "the existence and subject matter of *any* investigation or inquiry of You that *any* governmental entity has undertaken or made." The B/T Defendants continue to object to this request and once again ask that Plaintiffs narrow the request to documents that are relevant to the claims or defenses in this lawsuit.

With respect to RFP 2, we object to the use of the language "relating to the subject matter of the Amended Class Action Complaint including, but not limited to" the enumerated topics. The purpose of listing specific topics is that the parties likely have different views on what documents "relate to the subject matter" of the

Kyle W. Roche                                    3                              May 9, 2022

complaint. Although the topics listed by Plaintiffs in the May 6 letter are substantially broader in scope than the claims and defenses in this lawsuit, in the interest of compromise, the B/T Defendants agree to produce documents on those topics that were produced to the CFTC, DOJ, NYAG and/or SEC.

**RFPs 8-10**

RFPs 8-10 request "all communications" between the B/T Defendants and any Individual Defendant, any U.S. Exchange Defendant and any Crypto Capital Defendant. These requests are unlimited by subject matter and untethered to the claims and defenses in this litigation. The B/T Defendants continue to object to these RFPs on that basis.

The B/T Defendants do not agree that their objections can be resolved through the use of search terms alone, without limiting the communications to identified topics. As we have discussed on our calls, search terms can be useful in identifying documents to be reviewed, but that fact that a document includes a search term does not mean that it is relevant to the parties' claims and defenses and should be produced. To the contrary, a large percentage of documents that include search terms typically are unrelated to the lawsuit.

**RFP 34**

RFP 34, which seeks documents related to "*any* conflicts of interest relating to *any* Defendant," is not tailored in any way to the claims or defenses in this lawsuit, and Plaintiffs still have not identified a single alleged conflict of interest that relates to their claims. Nonetheless, in an effort to compromise, we agreed to produced written policies and procedures, if any, regarding conflicts of interest, as well as non-privileged documents, to the extent such documents exist and can be located after a reasonable search, that specifically identify a "conflict of interest" between Bitfinex and Tether. We ask that you reconsider your position on this RFP.

Contrary to the assertion in your May 6 letter, counsel for the B/T Defendants made no representation regarding the burden associated with RFP 34. Moreover, the B/T Defendants' objection is not limited to burden but – as described above – is also based on relevance.

**RFP 37**

The B/T Defendants agree to produce documents sufficient to show loans of USDT, including the amount of USDT loaned, the identity of the recipient of the loan, and the amount and type of collateral received in exchange for the loan, either (*i*) between Bitfinex and Tether or (*ii*) by the B/T Defendants to any U.S. Exchange Defendant or the Anonymous Trader. The B/T Defendants are reviewing the Specified Individuals/Entities and will get back to you on that aspect of the RFP.

Kyle W. Roche                                            4                                         May 9, 2022

**RFP 58**

The B/T Defendants agree to produce social media posts from the corporate social media accounts or social media accounts of Giancarlo Devasini or Ludovicus Jan van der Velde, related to the transfer, issuance, backing or sale of USDT, to the extent that such documents exist and can be located after a reasonable search.

**RFPs 60-65**

Plaintiffs' revised RFPs 60-64 require clarification, and we propose to discuss them during our May 11 call.

With respect to revised RFP 65, we note that the B/T Defendants already agreed to provide documents in response to the original RFP, and your new "compromise" request is actually far broader in scope.

**RFP 71**

RFP 71 is also extremely broad and not tailored in any way to the claims or defenses in this lawsuit. The B/T Defendants maintain their objection and again ask Plaintiffs to reconsider this request.

**Discovery Time Period**

Your letter misrepresents the B/T Defendants' position with respect to the relevant time period. More than a month ago, in our April 4 letter, the B/T Defendants agreed to produce documents created from February 17, 2015 to October 6, 2019, and we provided the basis for that date range in that letter. We reiterate our position that, if there are limited categories of documents created outside of that period that you believe are relevant to a party's claims and defenses, you identify those categories.

Plaintiffs' purported "compromise" – from February 1, 2015 through the date of document collection with a reservation of rights to seek earlier documents – is no compromise at all.

    III.    **The B/T Defendants' Requests for Production**

We would also like to discuss the B/T Defendants' First Set of RFPs during our call scheduled for May 11.

In your March 22 letter, you represented that "Plaintiffs have been collecting electronically stored information ('ESI') and other documents in response to the B/T Defendants' RFPs" and proposed that the "Parties agree to a set of search terms to be applied to the ESI collected by Plaintiffs." We agree that the use of search terms is

Kyle W. Roche                                   5                              May 9, 2022

appropriate for certain of our RFPs, including RFPs 1, 2, 3, 7, 17-23 and 25-26.  A list of proposed custodians and search terms is set forth below.

Other RFPs call for readily identifiable categories of documents that should be collected and produced irrespective of whether they contain any agreed search terms, including RFPs 1, 2, 6, 8-16 and 27-28.

Note that RFPs 1 and 2 seek documents that can be identified and collected without search terms as well as documents for which the use of search terms is appropriate. With respect to RFP 1, "trade confirmations, purchase or sale records, [and] exchange records" can be collected without search terms, while "other Documents Concerning" trades of cryptocommodities or stablecoin might be more easily identified using search terms.  Similarly, for RFP 2, certain documents concerning accounts might already be stored in folders or other locations or available from the relevant financial institution, while other responsive documents might be identified using search terms.

The B/T Defendants reserve the right to raise additional issues regarding Plaintiffs' responses to the B/T Defendants' RFPs.

Best regards,

/s/ Elliot Greenfield

Kyle W. Roche                              6                              May 9, 2022

**Search Term Proposal for B/T Defendants' First RFPs to Plaintiffs**

**Proposed Time Period**: February 17, 2015 to October 6, 2019.

**Proposed Custodians**: Matthew Script, Jason Leibowitz, Benjamin Leibowitz, Aaron Leibowitz, Pinchas Goldshtein.

| Proposed Search Terms (not case sensitive) |
| --- |
| Bitfinex* |
| Bittrex* |
| Poloniex* |
| DigFinex* |
| iFinex* |
| BFX* |
| Velde |
| Giancarlo OR Devasini |
| Phil* AND Potter |
| Reginald OR Fowler |
| Tether* OR USDT* |
| Bitcoin* OR BTC OR BTG OR BCH |
| Ether OR ETC |
| Litecoin OR LTC |
| Monero OR XMR |
| Dash |
| Cardano OR ADA |
| zcash OR ZEC |
| Stablecoin* |
| Realcoin* |
| Crypto* |
| blockchain |
| Token* |
| Binance |
| Griffin* |
| Shams* |
| "white paper" |
| "New York Attorney General" OR "New York Office of Attorney General" OR "NYAG" OR "NYOAG" |
| "Department of Justice" OR DOJ |
| CFTC OR "Commodities Future Trading Commission" |
| Reserve* |
| Backed OR peg* OR unbacked |
| Redeem* |
| Manipul* |
| Bubble |

Kyle W. Roche                                    7                              May 9, 2022

| Proposed Search Terms (not case sensitive) |
|---|
| Mining |
| Untether* |
| "1:1" OR "one to one" OR "one-to-one" |
| Litig* AND fund* OR lend* OR loan* |
| Fowler |
| Yosef |
| Oz |
| 1AA6* |
| 1J1d* |
| Vigna |
| Gandal |
| Popper |
| Leising |
| Whitehurst |
| Martinez |
| Haan |
| WhalePool |