# Exhibit 12

June 3, 2022

**Via Email**
Mr. Elliot Greenfield
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
egreenfield@debevoise.com

Ms. Sunjina K. Ahuja
DILLON MILLER & AHUJA LLP
5872 Owens Ave., Suite 200
Carlsbad, California 92008
sahuja@dmablaw.com

Mr. Michael Jason Lee
LAW OFFICES OF MICHAEL
JASON LEE, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
michael@mjllaw.com

Re:    *In re Tether and Bitfinex Crypto Asset Litig.*, No. 19-CV-09236

Dear Elliot:

Plaintiffs write to respond to certain discovery topics raised during the parties' May 11 and May 19 meet-and-confers and addressed in B/T Defendants' May 17 letter. Plaintiffs reserve all rights to raise any additional discovery issues prior to the close of discovery.

I.   **B/T Defendants' Proposed Custodians**

On May 18, Plaintiffs received an email from counsel for B/T Defendants containing a list of 14 individuals identified "[b]ased on the B/T Defendants' interrogatory responses" in response to Plaintiffs' request for organizational charts and dates of employment for the identified titles of potential custodians.

During the parties' May 19 meet-and-confer, counsel for Plaintiffs inquired about the completeness of the information provided by email. In response, counsel for B/T Defendants provided context regarding the origin of the information and confirmed completeness to the best of his knowledge. Notwithstanding B/T Defendants' initial response to Plaintiffs' request for information relating to B/T Defendants' organizational structure, Plaintiffs reiterate their request that B/T Defendants provide a list of B/T employees and their respective titles, organized by year from February 2015 through the present to enable Plaintiffs to adequately identify all appropriate custodians.

Additionally, B/T Defendants have not identified any Compliance Officer for the time period pre-dating Mr. Arriagada; please identify that person, and we will consider whether to add

him or her as a custodian.

To advance the discovery process, based on the information provided to date and B/T Defendants' representation regarding said information, Plaintiffs will agree to include the following custodians: (i) Julian Arriagada; (ii) Bill Brindise; (iii) John Kloosterman; and (iv) Grzegorz Opalinski, in addition to (v) Bjorn de Wolf; and the previously agreed-upon custodians identified in Plaintiffs' May 6 Letter to B/T Defendants ((vi) Adam Chamely; (vii) Amy Churchill; (viii) Giancarlo Devasini; (ix) Silvano Di Stefano; (x) Phil Potter; (xi) Leonardo Real; (xii) Craig Sellars; (xiii) Ludovicus Jan van der Velde; and (xiv) Paolo Ardoino). Plaintiffs do so without waiver of any right to seek additional custodians based on supplemental information provided by B/T Defendants or obtained during discovery.

## II.    Stuart Hoegner as Custodian

Plaintiffs have also considered B/T Defendants' counterproposal regarding Stuart Hoegner, but cannot agree to limit Mr. Hoegner's communications as proposed in B/T Defendants' May 17 letter.

B/T Defendants do not contest that Mr. Hoegner is likely to possess relevant communications responsive to Plaintiffs' requests. Instead, B/T Defendants indicate that review of all communications in his possession would be "problematic" based on a premature assertion of privilege stemming from his role as General Counsel. But Plaintiffs are not required to accept B/T Defendants' assertion that "most of [Hoegner's] communications are privileged" merely because his title is General Counsel. Application of privilege to the communications of internal counsel is not axiomatic, particularly where (as here) counsel's responsibilities extend to non-legal executive or business functions. Rather, each communication "must be scrutinized carefully to determine whether the predominant purpose of the communication was to convey business advice and information or, alternatively, to obtain or provide legal advice." *Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 648 (S.D.N.Y. 2019), *aff'd*, No. 16 Civ. 07333, 2020 WL 5037573 (S.D.N.Y. Aug. 26, 2020). For that reason, it is not unusual for individuals serving as General Counsel to be named as document custodians. *See, e.g., Nat'l Day Laborer Org. Network v. United States*, 877 F. Supp.2d 87, 112 (S.D.N.Y. 2012); *Greater N.Y. Taxi Ass'n v. City of N.Y.*, 2017 WL 4012051, at *3 (S.D.N.Y. Sept. 11, 2017).

B/T Defendants cannot dispute that Mr. Hoegner has extensive involvement in non-legal business operations. For example, documents incorporated by reference in Plaintiffs' Amended Complaint identify Mr. Hoegner as the named account holder and recipient of "the vast majority of [Tether's] cash holdings (ostensibly backing USDT)" held with the Bank of Montreal for significant portions of the class period. NYAG Settlement Agreement ¶17.[1] Mr. Hoegner also regularly acts as a public spokesperson for the B/T Defendants. This and other conduct demonstrating Mr. Hoegner's engagement in the business operations, transactions, and corporate activities of B/T Defendants evince that his communications are likely to contain relevant

---

[1] New York State Office of the Attorney General, *Attorney General James Ends Virtual Currency Trading Platform Bitfinex's Illegal Activities in New York* ("NYAG Settlement Agreement"), https://ag.ny.gov/press-release/2021/attorney-general-james-ends-virtual-currency-trading-platform-bitfinexs-illegal.

2

nonprivileged information central to the subject matter of this case.

The limitations to Mr. Hoegner's communications proposed by B/T Defendants would exclude swaths of relevant, nonprivileged correspondence between Mr. Hoegner and other executives, employees, or affiliates of B/T. Accordingly, Plaintiffs cannot assume that privilege attaches automatically to all Hoegner communications between "B/T Defendants and their respective officers, directors, agents, employees, partners, predecessors, subsidiaries and affiliates" – likely the majority of responsive documents.

Pursuant to Fed. R. Civ. P. 26(b)(5) and Rule 26.2 of the Local Civil Rules, B/T Defendants are obligated to conduct a reasonable search, review Mr. Hoegner's documents, and demonstrate the applicability of a privilege before they seek to withhold otherwise responsive documents.

Accordingly, Plaintiffs maintain that Mr. Hoegner is an appropriate custodian and all communications in his possession should be collected and reviewed by B/T Defendants prior to the imposition of any limitation or assertion of privilege.

### III.    Time Period

Plaintiffs maintain that all documents and information in B/T Defendants' possession during the alleged Class Period are relevant and subject to discovery in this case.

Without waiver of any rights, we are willing to agree, solely for the purposes of document collection and production, to accept production of discovery for a time period of February 1, 2015 through May 5, 2020, for all discovery, **with the exception of** all documents relating to B/T Defendants' issuance of USDT, including the recipients of USDT and the amounts issued, and USDT backing, reserves, and collateral, which will be produced through the date of collection ("Relevant Period"). This proposal does not constitute a waiver or concession of any kind regarding B/T Defendants' conduct preceding or following the Relevant Period, and shall have no effect or implication on the scope of the Class Period, allegations regarding on-going conduct as alleged in the Amended Class Complaint, or any assertion or request related to damages in this case. Plaintiffs further expressly reserve their rights to seek discovery outside of the Relevant Period based on additional information obtained during the course of discovery.

Regards,

*/s/ Kyle W. Roche*
Kyle W. Roche
Edward Normand
Velvel Freedman
Joseph M. Delich
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rochefreedman.com
tnormand@rochefreedman.com

vel@rochefreedman.com
jdelich@rochefreedman.com

Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
SELENDY GAY
ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com

Todd M. Schneider
Jason H. Kim
Matthew S. Weiler
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*

CC: All counsel for the B/T Defendants