

September 2, 2022

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, **19 Civ. 9236 (S.D.N.Y.)**

Dear Judge Failla:

We write in response to Defendants' August 31, 2020 letters asking the Court to disqualify Roche Freedman LLP ("Firm") as co-lead counsel for Plaintiffs based on statements made by Kyle Roche. We respectfully submit the Court should deny Defendants' request.

**A.   RELEVANT BACKGROUND**

On January 27, 2022, Mr. Roche attended a meeting in London to facilitate a potential venture capitalist investment. Mr. Roche believed he was attending that meeting to pursue the interests of a technology start-up initiative. But it now appears the meeting was actually a set up orchestrated by a defendant in a different class action the Firm is pursing. Roche Decl. ¶ 2.

Unfortunately, at that meeting, Mr. Roche made untrue statements apparently intended to impress the participants at the meeting. He also made inappropriate remarks disparaging jurors and class members.

As demonstrated below, the statements with which Defendants take issue are not just false, they are *demonstrably* false. Nonetheless, to protect against even the appearance of impropriety, and to avoid unnecessary distraction from the merits of this case, Mr. Roche has withdrawn from this case and the Firm has removed him from its entire class action practice. Mr. Roche has also been screened from the Firm's class actions (this case included). Finally, to ensure there is no optical concern whatsoever, Mr. Roche has also forfeited any financial interest in this litigation.

It's no surprise, however, that Defendants are using it as a litigation tactic to disqualify the entire Firm. The Firm has one of the leading litigation practice groups in this space, understands the technology exceptionally well, originated the case theory, was retained by every single client in this action, and drafted and filed the original complaint.

The Honorable Katherine Polk Failla
September 2, 2022
Page 2 of 5

**B. THE STATEMENTS**

1. **The Firm did not use this litigation as a strategic instrument to support Ava Labs, did not file this action at Ava Labs' request, and any interest in Ava Labs or AVAX tokens doesn't present a conflict.**

The notion that Roche Freedman decided to pursue this case in order to further the interests of Ava Labs is plainly false. First and foremost, the Firm's retention in this case by the three original named plaintiffs - Jason Liebowitz, Benjamin Liebowitz and Aaron Liebowitz - pre-dates Ava Lab's retention of the Firm. Indeed, when the Firm filed the 95-page complaint in this matter, Ava Labs had only been a Firm client for a matter of days. Moreover, at that time, Ava Labs was a relatively unknown start up and the AVAX crypto-asset was not existent. The idea, therefore, that the Firm filed this case for Ava Labs, is both impossible, nonsensical, and untrue.

In fact, shortly after this incident unfolded, Ava Labs' CEO issued a statement confirming that "[n]either I, nor anyone else at Ava Labs ever directed Roche in his selection of cases."[1]

Further, Defendants' suggestion that a disqualifying conflict of interest exists owing to the fact that some Roche Freedman lawyers own AVAX tokens, or have a personal equity interest in Ava Labs, is meritless. The result of this lawsuit would not have any particularized effect on Ava Labs or the AVAX crypto-asset. Ava Labs and AVAX do not compete with the Exchange Defendants, Tether, Bitfinex, or USDT. In fact, Tether and Bitfinex leverage the AVAX ecosystem and support its efforts.[2] And the Exchange Defendants facilitate the sale of AVAX on their platforms.

But even if Defendants are competitors of Ava Labs or AVAX (they are not), it does not create a disqualifying conflict here. Lawyers that sue Microsoft on behalf of a class do not need to disclose that they hold shares in Apple. That's because "the mere existence of financial or business interests does not warrant disqualification." *Power Play 1 LLC v. Norfolk Tide Baseball Club, LLC,* No. 17CV4831, 2017 WL 5312193, at *4 (S.D.N.Y. Nov. 13, 2017). "Rather, there must be a 'significant risk' that these interests will 'adversely affect[ ]' the lawyer's exercise of professional judgment on behalf of the client." *Id*. (citing N.Y. Rule of Prof'l Conduct 1.7(a)(2) (finding that even though a lawyer's financial arrangement simply seemed "unseemly," the movant failed to explain how the lawyer's "financial and business interests . . . would impair his professional judgment or how it was adverse to Defendants' interests"). Defendants have done nothing to show such a "significant risk" exists in this case.

None of the co-lead counsel in this case is pursuing this litigation for any collateral purpose, and there is no basis for that assertion beyond Mr. Roche's improper and false statements (which themselves don't even specifically reference this case).

---

[1] https://el33th4x0r.medium.com/my-statement-about-the-crypto-leaks-lies-ef2005da752.
[2] https://medium.com/avalancheavax/tether-token-usdt-launches-on-avalanche-baf5a313f1a7.

The Honorable Katherine Polk Failla
September 2, 2022
Page 3 of 5

2. **There could not have been, and has not been, any sharing of confidential discovery material.**

Defendants' letter also voices a "concern" that Mr. Roche may be "misusing information that he learns through litigation" including information produced in this case. First and foremost, Mr. Roche and the Firm can confirm that no confidential discovery material has ever been shared with Ava Labs (or any third party). Roche Decl. ¶ 5. Nor would we ever do that.

Importantly, Mr. Roche's comments do not actually include a statement that he shared confidential discovery materials and he's explained that is not what he meant. The actual statement was:

> because I sue half the companies in the space, I know where the market is going, I believe, better than one of the top ten people in the world. I've seen the insides of every crypto company [video cuts mid-sentence].

Mr. Roche's declaration explains that what he intended to convey was that due to the numerous suits he has filed in this space, dozens of whistleblowers and other insiders have sent him information that has proved useful in pursuing class action claims. Roche Decl. ¶ 6.

3. **Mr. Roche's comments do not reflect the Firm's beliefs about jurors, class members, or class actions.**

The inappropriate comments Mr. Roche made regarding (i) jurors and class members, and (ii) his approach to class actions and intention on how and why to resolve them, do not reflect the view of the Firm or any of the other 24 other lawyers practicing at the Firm. Indeed, Mr. Roche only made these comments under the influence of alcohol.

Nonetheless, these statements are one of the reasons he has promptly withdrawn from this case, from the Firm's other class actions, and has been screened from them.

In sum, none of the alleged factual impropriety that Defendants frame as the foundation for their request to disqualify the Firm has actually occurred, and any optical issue should be cured based on Mr. Roche's withdrawal, screening, and forfeiture.

C. **DEFENDANTS' PURPORTED CONCERNS ABOUT THE DISCOVERY PROCESS DO NOT SUPPORT THE FIRM'S DISQUALIFICATION**

In support of their request to terminate the Firm as co-lead counsel, Defendants argue that Mr. Roche's statements "raise grave concerns . . . regarding the motivations behind filing this lawsuit for which discovery has been sought, and whether the highly sensitive, confidential information the B/T Defendants have provided is being misused." This claim cannot be squared with Defendants' later recognition in their letter that Plaintiffs in this action are also represented by two other law firms. In other words, even crediting Defendants' argument that Mr. Roche's statements raise concerns about the motives for initiating this lawsuit, the complaint was also

The Honorable Katherine Polk Failla
September 2, 2022
Page 4 of 5

signed by two other law firms who have conducted a good faith inquiry into the merits of this case and the claims have already withstood a motion to dismiss.

The same is true of Plaintiffs' discovery requests, which Defendants characterize as having "no apparent link to the claims and defenses in this lawsuit." Obviously Plaintiffs' disagree, but more importantly, those discovery requests were reviewed and approved by the two other law firms that Defendants' have already told the Court should remain in the case. We appreciate that Mr. Roche's statements and the ensuing publicity have created a regrettable distraction, but they do not provide a basis for *the Firm's* disqualification.

Moreover, to the extent Defendants intend to create a distraction or spend further time on this issue, the Firm's removal from this action will not prevent them from pursuing these efforts.

**D.      THE FIRM'S STATUS AS CO-COUNSEL BENEFITS THE CLASS**

**1.   RF's continued participation in this case is in the best interests of the class.**

Roche Freedman's participation as co-lead counsel will continue to benefit the proposed class. The Firm's lawyers who would remain working on the case include the principal lawyers who helped formulate the original complaint, *i.e.*, Vel Freedman and Joseph Delich. In addition to those two attorneys, many of the lawyers from the Firm that would remain on this case have the most institutional knowledge of the facts and law underlying the case. Their contribution of many thousands of hours on the case to date have been invaluable and their removal from the case would be detrimental to the class's interest.

Finally, these same attorneys are those working on the Firm's many other crypto-related cases and class actions. All of these facts thus stand to continue to benefit the named Plaintiffs and the proposed class. The Court carefully appointed three firms to represent the named Plaintiffs, considering their respective resources and areas of expertise, and those rationales continue to counsel in favor of the three-firm team that has been working effectively to date.

**2.   The named plaintiffs request the Firm remain as co-lead counsel.**

The named Plaintiffs request that the Firm remain as co-lead counsel. This is reflected in their attached affidavits. Jason Leibowitz Decl.; Benjamin Leibowitz Decl.; Aaron Leibowitz Decl.; Matt Script Decl.; Pinchas Goldshtein Decl.

Having conceived of and filed the lawsuit, the Firm has the original and closest relationships with the named Plaintiffs. These Plaintiffs understand the relevant facts, have reviewed the videos, read both letters from Defendants, and are adamant the Firm remain on the case. They all state that they do not believe or see how they, or the class, would benefit from removing the Firm's crypto-related expertise from the current team of lawyers that have been diligently prosecuting the case.

Moreover, they have all signed declarations stating that they "have never heard or seen anything that would in anyway support the concerns raised by the Defendants." and that "RF has only ever been concerned about the best interests of the class."

These individuals have already dedicated a substantial amount of their time and energy to the case, and they intend to remain as lead Plaintiffs. Accordingly, we respectfully submit that their views are entitled to significant weight and their opinions should be considered by the Court.

\* \* \* \* \*

We note that what is in the best interests of the proposed class in this case overlaps with what the Firm believes is fair and equitable under the circumstances. In speaking as he did, Mr. Roche engaged in a serious lapse of judgment. However, the extreme remedy of disqualifying the entire Firm, which would have the effect of punishing all of the Firm's lawyers for Mr. Roche's lapse in judgment (which amounts to statements that were either untrue or misunderstood), seems disproportionate and unwarranted.

Finally, to the extent the Court is considering a formal request to disqualify Roche Freedman from this matter, we respectfully request that the Court first schedule a conference to address these issues and allow the Firm to submit additional evidence to address any specific concerns that the Court may have.

Respectfully submitted,

*/s/ Velvel (Devin) Freedman*

Devin "Vel" Freedman
Edward Normand
Joseph M. Delich
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
vel@rochefreedman.com
tnormand@rochefreedman.com
jdelich@ rochefreedman.com