UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Tether and Bitfinex Crypto Asset Litigation | Case No. 19 Civ. 9236 (KPF) |

### Declaration of Aaron Leibowitz

I, Aaron Leibowitz, based on my personal knowledge, declare as follows:

1. I am a named plaintiff in this case.

2. I retained Roche Freedman LLP ("RF") to pursue this action as a result of harm I suffered from the purchase of artificially inflated crypto-commodities because I believe RF is uniquely qualified to serve both the named plaintiffs and the proposed class in this action.

3. Throughout the litigation, I have participated in monthly calls where Co-Lead Counsel provides us updates on the case.

4. I reviewed the video clips of Kyle Roche published by the Crypto Leaks website on August 26, 2022.

5. I understand RF has removed Kyle Roche from the case, its entire class action practice group, has screened him from receiving and/or participating in the Firm's class actions, and directed him to obtain ethics training. I also understand Mr. Roche has forfeited any financial interest in this litigation.

6. I have also reviewed the Bitfinex, Tether, Bittrex, and Poloniex Defendants' letters seeking to have the entire RF firm be terminated as counsel from this case.

7. In all my interactions and discussions with RF attorneys, I have never heard or seen anything that would in anyway support the concerns raised by the Defendants. RF has only ever been concerned about the best interests of the class.

8. I retained Roche Freedman LLP on September 3, 2019. I worked with attorneys Kyle Roche, Velvel Freedman, and Joseph Delich on the drafting of the initial complain (ECF No. 1). All allegations in that complaint were sourced from materials that were obtained through online resources – including documents Roche Freedman had to translate from foreign materials.

9. I strongly oppose Defendants' request and believe that such relief is not in the best interests of the class. I know that the claims at issue in this case will require co-lead counsel to oversee and direct blockchain forensic experts to show the manipulation of crypto-commodities.

Given RF's unique and market leading experience in this space, their creativity, and the work done to date by RF, I believe the class will be prejudiced if RF is terminated.

10. I also understand that if RF is terminated, Selendy Gay Elsberg PLLC and Schneider Wallace Cottrell Konecky LLP would remain on co-lead counsel in this case. That would not address my significant concerns that terminating RF would leave the class without the benefit of its crypto-asset litigation experience and thereby result in prejudice.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2022

                                                                                         *Aaron Leibowitz* (Sep 1, 2022 21:40 EDT)

                                                                                               Aaron Leibowitz