**KM | KIRBY McINERNEY**          **RADICE LAW FIRM**

VIA ECF AND E-MAIL

September 5, 2022

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *In re Tether and Bitfinex Crypto Asset Litig.*,
                No. 19 Civ. 9236 (S.D.N.Y.)

Dear Judge Failla:

       We represent plaintiffs Eric Young, Adam Kurtz, and David Crystal ("Kirby-Radice Plaintiffs") in the above-referenced action. These Kirby-Radice Plaintiffs, our clients, are passive members of the putative class alleged in the operative complaint.[1] We respectfully submit that recent events involving the named partner of Roche Freedman LLP ("Roche Freedman") are and will likely continue to be detrimental to Kirby-Radice Plaintiffs and the putative class. The focus of the litigation should remain on prosecuting claims relating to Defendants' alleged manipulation and protecting the interests of members of the putative class. Because the stewardship over the litigation is in jeopardy, we respectfully submit that Roche Freedman be removed as interim co-lead counsel and that the law firms of Kirby McInerney LLP ("Kirby") and Radice Law Firm, P.C. ("Radice") be substituted as lead counsel to protect the interests of our clients and the putative class.

       **The adequacy (or not) of interim lead counsel has harmed the prospects of the claims of the putative class.** Without recounting all the details of the current leadership crisis, which have been amply recounted in other filings,[2] suffice that Mr. Kyle Roche and his firm have been implicated in conduct that appears to negatively implicate the way that they have approached this and other cryptocurrency litigation. *See* ECF No. 232-1. Leaving aside the truth or any other ramifications of Mr. Roche's statements, this situation is an enormous distraction for the case.

---

[1] *See* ECF No. 114 at 103 (defining the class as "All persons or entities that purchased or otherwise acquired cryptocommodities (including Bitcoin, Bitcoin Cash, Ethereum, Ethereum Classic, Litecoin, Monero, Dash and ZCash) or cryptocommodity Futures, in the United States or its territories at any time from February 17, 2015 through the present and were injured thereby.").

[2] On August 31, 2022, Kyle Roche filed a motion to withdraw from this litigation and represented that his colleagues from the law firm of Roche Freedman LLP would remain available to prosecute claims on behalf of the putative class. *See* ECF Nos. 229, 232. On August 31 and September 1, 2022, Defendants requested that this Court order the entire firm of Roche Freedman LLP be terminated as counsel given Mr. Roche's alleged "misus[e] [of] the litigation process" and "disparaging remarks about juries, class members, and the class-action process in the United States." *See* ECF Nos. 230, 231.

Defendants have weighed in, stating that the discovery process may have been "misuse[d]," demanding the removal of Roche Freedman. ECF No. 230 at 3. Roche Freedman filed a response in opposition which annexed nearly identical declarations from the Named-Plaintiffs[3] that assert that the class "will be prejudiced" if Roche Freedman is terminated as counsel because the "claims at issue in this case will require co-lead counsel to oversee and direct blockchain forensic experts to show the manipulation of crypto-commodities." *See* ECF Nos. 232-2-6. Each Plaintiff further declared that having Selendy Gay Elsberg PLLC ("Selendy Gay") and Schneider Wallace Cottrell Konecky LLP ("Schneider Wallace") remain co-lead counsel in the case does "not address [their] significant concerns that terminating [Roche Freedman] would leave the class without the benefit of its crypto-asset litigation experience and thereby result in prejudice." *See id*. For their part, Selendy Gay and Schneider Wallace take a contrary position to the Named-Plaintiffs and, like Defendants, support Roche Freedman's removal. *See* ECF No. 234.

**The current situation creates a serious problem for discovery and class certification.** Going forward, the problems created by the current situation are likely to linger. This is especially true if Roche Freedman stays in the case. The adequacy of class counsel under Rule 23(g)(2)[4] will remain the focus of this litigation, and that fact remains even if Kyle Roche is screened off from his firm's involvement in the litigation. Likewise, in ruling on discovery disputes, the Court may be asked not only to evaluate the proportionality of a challenged request but may also have to weigh in on the issues of whether the discovery had ulterior and improper motives, a concern raised by Defendants' recent submissions. *See* ECF No. 230 at 3, 231 at 2.

**For the benefit of the putative class, the Court should remove Roche Freedman and appoint Kirby and Radice as interim lead counsel.** Unless Roche Freedman is removed as interim co-lead counsel, the inquiry into the adequacy of lead counsel's representation in this and other litigations will prejudice the rights of the putative class.[5] To avoid a sideshow about the adequacy of counsel or the motives and use of litigation and discovery, a new leadership structure is necessary. With Kirby and Radice leading the litigation the leadership structure will be protected from accusation of bias or mismanagement. That is, appointing Kirby and Radice would provide guardrails against additional fallout from the recent disclosures relating to Roche Freedman and ensure that the putative class has adequate representation going forward.[6]

As the Court is aware, the law firms of Kirby and Radice sought to be appointed interim co-lead counsel at the outset of this litigation. Following oral argument on the interim lead counsel motion, the Court acknowledged that the appointment of Roche Cyrulnik Freedman LLP (n/k/a

---

[3] "Named-Plaintiffs" are Aaron Leibowitz, Benjamin Leibowitz, Jason Leibowitz, Matthew Script, and Pinchas Goldshtein. *See* ECF No. 114.

[4] FED. R. CIV. P. 23(g)(2) "When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4). If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class."

[5] Undersigned counsel has spoken with the three Kirby-Radice Plaintiffs, and all explicitly support this proposal.

[6] Since the appointment of interim co-lead counsel, Kirby and Radice have monitored the litigation, but they have not otherwise been involved in the litigation.

Roche Freedman)[7] and its subsequently selected co-counsel, Selendy Gay and Schneider Wallace, over competing applicants was a "very difficult decision."[8] We respectfully submit that the Court should reconsider its prior decision in light of the recent events.

If appointed interim co-lead counsel, Kirby and Radice would devote the resources necessary to ensure that the interests of putative class members are appropriately protected and pursued in a professional and effective manner. As set forth in our initial application, Kirby and Radice have significant expertise in complex antitrust and commodity manipulation cases and have already committed substantial resources to develop original allegations that identified and demonstrated the alleged manipulation of Bitcoin and Bitcoin Futures. *See* ECF No. 75 at 6-8. Our extensive pre-suit investigation included econometric analyses of Bitcoin blockchain, specific crypto-currency wallets, and order flow to identify alleged manipulation, which underscores our ability to address the concerns articulated by Named-Plaintiffs surrounding the potential termination of Roche Freedman from this litigation.

**Selendy Gay and Schneider Wallace leading the litigation will not solve the current problem.** We also respectfully submit that the problem with the leadership structure is not solved simply by removing Roche Freedman without adding additional counsel free of any of the issues created by the Roche Freedman revelations. The reasons for this are three-fold.

The first reason is practical. By Named-Plaintiffs' own admission, neither Selendy Gay nor Scheider Wallace have the subject matter expertise in crypto-currency to prosecute this case. *See e.g.*, ECF Nos. 232-2 at 10, 232-4 at 10. In contrast Kirby and Radice have demonstrated extensive knowledge and expertise in identifying crypto-currency manipulation, including overseeing experts in the development of a proprietary algorithm and identifying, for the first time, specific dates of Defendants' manipulation of Bitcoin. *See* ECF No. 75 at 6-8.[9]

Second and relatedly, Selendy Gay and Schneider Wallace only represent the Named-Plaintiffs in connection with their joint representation with Roche Freedman. *See* ECF Nos. 232-2-6 at ¶ 2 (noting retainment of Roche Freedman LLP). Roche Freedman added Selendy Gay and Schneider Wallace to its proposed leadership structure to bolster its team's litigation bona fides after the initial complaint was filed and as the leadership of the litigation was contested. *See* ECF Nos. 58, 77, 78. While reputable firms to be sure, this shortcoming is significant because the Named-Plaintiffs that they do represent have now taken a position that Roche Freedman must stay in the case as co-lead counsel, a position which is contrary to Selendy Gay's and Schneider Wallace's position that Roche Freedman must go. *See* ECF No. 234 at 2 (requesting "that the

---

[7] *See* ECF No. 97 (appointing Roche Cyrulnik Freedman LLP). Notably, Roche Cyrulnik Freedman LLP had a partnership fallout and is currently engaged in litigation with former named-partner Jason Cyrulnik. *See generally Roche Freedman LLP v. Jason Cyrulnik*, 21 Civ. 01746 (S.D.N.Y.).

[8] *See* ECF No. 96, Transcript at 54:6-7 ("You've made my decision very difficult, which is a testament to all of your abilities, and I thank you for that.").

[9] *See generally* ECF No. 75; *see also Young, et al. v. iFinex, Inc., et al.*, 20 Civ. 00169 (S.D.N.Y.), ECF Nos. 25 (Memorandum of Law in Support of Motion to Appoint Kirby McInerney LLP and the Radice Law Firm, P.C. as Interim Lead Counsel), 26 (résumés of Kirby McInerney LLP and Radice Law Firm, P.C. detailing extensive financial fraud and antitrust expertise including *In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11 MD 2262 (S.D.N.Y.) and *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13 Civ. 789 (S.D.N.Y.)).

Court terminate Roche Freedman's appointment as interim co-lead counsel"). This conflict with their own clients is untenable. In contrast, Kirby and Radice directly represent clients, the Kirby-Radice Plaintiffs, who have explicitly supported the removal of Roche Freedman. These Kirby-Radice Plaintiffs are ready to substitute in as plaintiffs in the litigation as necessary to protect the interest of the putative class.

Third, having Selendy Gay and Schneider Wallace alone as leaders may not solve the discovery or Rule 23(g) distractions that currently exist. This is because they are in the unfortunate position of having worked with Roche Freedman for the last few years, and Defendants may seek to make their collective participation in the litigation an issue.[10]

None of this is to denigrate the contribution of Selendy Gay and Schneider Wallace to this case. They certainly have valuable experience and we hope that, distanced from Roche Freedman, they can continue to be part of the litigation either as part of, or under, the leadership structure of Kirby and Radice.

\*    \*    \*

In sum, this case unfortunately has been stalled by a sideshow. The interests of the putative class are imperiled if (i) Roche Freedman is not removed as interim co-lead counsel and (ii) untainted counsel do not take over the leadership structure at least to protect the case from any imputation of impropriety from the Roche Freedman disclosures. Here, the Court can proactively manage the risk of future fallout by addressing this problem through the appointment of additional interim co-lead counsel well in advance of any class certification or settlement approval process. *See generally In re Am. Express Anti-Steering Rules Antitrust Litig.*, No. 11-MD-2221, 2015 WL 4645240, at \*12 (E.D.N.Y. Aug. 4, 2015) (denying final approval, removing one lead counsel, and ordering to show cause why remaining interim class counsel should continue in their capacities). Accordingly, for the foregoing reasons, we respectfully submit that Kirby and Radice are uniquely qualified to protect the interests of the putative class in this litigation as interim co-lead counsel.

Finally, we appreciate that this Court already has expressed concerns regarding the pace of this litigation. We respectfully submit that our firms are prepared to commit the resources necessary to litigate this case with the minimal possible disruption to the current litigation schedule.

We appreciate this Court's attention to this matter.

---

[10] Defendants' suggestion that the interests of the putative class remain adequately protected by Selendy Gay and Schneider Wallace would best not be taken at face value. In other contexts, courts have found that permitting defendants to dictate the outcome of the lead plaintiff process is analogous to "permitting defendants to police the adequacy of class representatives and their counsel is like 'permitting a fox . . . to take charge of the chicken house.'" *In re Pfizer Inc. Sec. Litig.*, 282 F.R.D. 38, 48 (S.D.N.Y. 2012) (quoting *Eggleston v. Chi. Journeymen Plumbers' Local Union*, 657 F.2d 890, 895 (7th Cir.1981); *Brown v. Kelly*, 244 F.R.D. 222, 233 (S.D.N.Y. 2007) (finding defendants' "sudden concern for the best interests of the class is as ironic as it is unconvincing"); *George v. China Auto. Sys., Inc.*, No. 11 Civ. 7533, 2012 WL 3205062, at \*17 (S.D.N.Y. Aug. 8, 2012).

Respectfully Submitted,

| | |
|---|---|
| /s/ *David E. Kovel* | /s/ *John Radice* |
| David E. Kovel | John Radice |
| **KIRBY McINERNEY LLP** | **RADICE LAW FIRM, P.C.** |
| 250 Park Avenue, Suite 820 | 475 Wall Street |
| New York, New York 10177 | Princeton, New Jersey 08540 |
| Telephone: (212) 371-6600 | Telephone: (646) 245-8502 |
| Email: dkovel@kmllp.com | E-mail: jradice@radicelawfirm.com |

cc: All counsel of record (via ECF)