September 14, 2022

**Via ECF and E-mail**
The Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla:

Under Local Civil Rule 37.2 and Your Honor's Individual Rule 3.C, Plaintiffs respectfully request a pre-motion conference about the outstanding document requests (the "Disputed Requests") on which Plaintiffs and the B/T Defendants[1] are at impasse.

The Disputed Requests, which Plaintiffs have narrowed in an attempt to seek compromise, seek two highly relevant categories of documents. First, in Revised RFPs 29 and 31, Plaintiffs seek the B/T Defendants' financial records and bank records showing the backed status of USDT. Second, in Revised RFPs 22, 23, 24, 25, and 72, Plaintiffs seek records relating to the B/T Defendants' transactions in cryptocommodities. These requests go to the heart of Plaintiffs' allegations that Defendants issued debased USDT and used it to manipulate cryptocommodity prices by purchasing cryptocommodities. They also pose little burden. The B/T Defendants have refused to negotiate further on these requests.

### I.   The Disputed Requests Seek Highly Relevant Documents

Plaintiffs allege that Defendants manipulated the cryptocommodities market by (1) issuing debased USDT (not fully backed by U.S. dollars); and (2) using that debased USDT to inflate the price of cryptocommodities by purchasing cryptocommodities. ECF No. 114. The disputed requests seek documents directly relevant to these issues.

Revised RFPs 29 and 31 seek the B/T Defendants' financial records, which will help Plaintiffs to resolve whether and to what extent USDT was backed by U.S. dollars. *See* ECF No. 114 ¶¶ 124–29. The B/T Defendants have made repeated representations to customers and the public attesting to the sufficiency of their USDT reserves and the underlying financial assets comprising those reserves.[2] In analyzing these attestations regarding USDT's backing, Plaintiffs must compare the amount of USDT in the market at any given time to the B/T Defendants' financial records. The B/T Defendants have agreed to produce documents sufficient to show their USDT reserves, but in meet and confers they have declined to describe what type of documents they intend to produce, despite Plaintiffs' requests. Ex. 1 at 2. Plaintiffs need more than a ledger describing what the B/T

---

[1] iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, DigFinex Inc., Tether Operations Limited, Tether International Limited, Ludovicus Jan van der Velde, and Giancarlo Devasini.

[2] Tether, Reserves Breakdown, https://tether.to/en/transparency/#reports (June 30, 2022).

Defendants now claim was in the USDT reserve on a given date—they need the full financial records that will allow a forensic accountant to fully assess the USDT reserve. Both the CFTC and the New York Attorney General have found that, for at least some portions of the Class Period, USDT was not fully backed.[3] In a departure from their prior representations that "[e]very [USDT] is always backed 1-to-1, by traditional currency held in our reserves[] [s]o 1 USDT is always equivalent to 1 USD", ECF No. 114 ¶ 131, the B/T Defendants have publicly admitted that USDT is, at present, not fully backed by currency; they claim it is now backed by the B/T Defendants holdings *in other assets*.[4] The B/T Defendants' former banker has described the practice of using USDT proceeds to purchase risky assets.[5] In pursuing their claims, Plaintiffs must inspect and confirm the existence of these other financial assets and analyze whether and to what extent they backed issuances of USDT.

Revised RFPs 22, 23, 24, 25, and 72 seek records of Defendants' transactions in cryptocommodities and stablecoins. To analyze if and how the B/T Defendants used debased USDT to manipulate cryptocommodity prices, Plaintiffs must know what trades the B/T Defendants made, and when, so they can assess if those transactions were strategically timed to inflate the market. ECF No. 114 ¶¶ 3–5, 187–91, 264–79.

Ex. 3 at POTTER-00001536. Plaintiffs therefore seek the B/T Defendants' cryptocommodity addresses, the transaction data and records for their trades, and the deposit accounts and wallets the B/T Defendants control.

## II. The Disputed Requests Are Not Burdensome

In the hopes of reaching compromise, Plaintiffs narrowed the Disputed Requests to minimize the burden they place on the B/T Defendants. Plaintiffs seek only the relevant addresses and records themselves—they are not asking the B/T Defendants to conduct a search of all

---

[3] Press Release, Commodity Futures Trading Commission, "CFC Orders Tether and Bitfinex to Pay Fines Totaling $42.5 Million" (Oct. 15, 2021), https://www.cftc.gov/PressRoom/PressReleases/8450-21; *see also* Press Release, New York Office of the Attorney General, "Attorney General James Ends Virtual Currency Trading Platform Bitfinex's Illegal Activities in New York" (Feb. 23, 2021), https://ag.ny.gov/press-release/2021/attorney-general-james-ends-virtual-currency-trading-platform-bitfinexs-illegal.

[4] Ryan Browne, "Tether claims its stablecoin is now partially backed by non-U.S. government bonds," CNBC (May 12, 2022), https://www.cnbc.com/2022/05/19/tether-claims-usdt-stablecoin-is-backed-by-non-us-bonds.html.

[5] Zeke Faux, "Anyone Seen Tether's Billions?," Bloomberg (Oct. 7, 2021), https://www.bloomberg.com/news/features/2021-10-07/crypto-mystery-where-s-the-69-billion-backing-the-stablecoin-tether.

correspondence related to these topics. The requested materials are records that crypto companies regularly maintain: transaction histories of trades made by the company, banking records for accounts used by the company, and the blockchain addresses the B/T Defendants use to transfer and receive crypto-assets. The B/T Defendants have not said that they did not regularly maintain this information and have not otherwise said that it is inaccessible.

The B/T Defendants have asserted that these requests are burdensome, but they have presented no basis for this assertion, which weighs strongly in favor of compelling them to produce the requested documents. *See Fritz v. LVNV Funding, LLC*, 2022 WL 610585, at *3 (E.D.N.Y. Feb. 28, 2022) (compelling production where defendants "failed to offer sufficient specific evidence of their burden to produce" the requested documents); *Fletcher v. Atex, Inc.*, 156 F.R.D. 45, 54 (S.D.N.Y. 1994) ("If a party resists production on the basis of claimed undue burden, it must establish the factual basis for the assertion through competent evidence.").

### III. The B/T Defendant Have No Valid Basis to Withhold the Requested Documents

After Plaintiffs sent their narrowed Revised RFPs, the B/T Defendants asserted that the parties had not addressed the requests in their extensive correspondence or meet and confers. *See* Ex. 2 at 3. The B/T Defendants are wrong: the requests were raised in correspondence and discussed in meet and confers. *See* Ex. 1 at 3. In a meet and confer on August 30, 2022, the B/T Defendants' counsel stated that all their bases for withholding the documents are reflected in Defendants' Responses and Objections to Plaintiffs' RFPs, served on January 28, 2022—but they have not explained why those objections are valid, especially in light of Plaintiffs' subsequent narrowing of the requests.

At bottom, the B/T Defendants have no legitimate basis to withhold these highly relevant documents. The Court should compel production.

Plaintiffs respectfully request a pre-motion conference to discuss these issues.

Respectfully submitted,

/s/ Edward Normand
Edward Normand
Velvel Freedman (*pro hac vice*)
Joseph M. Delich
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
tnormand@rochefreedman.com
vel@rochefreedman.com
jdelich@rochefreedman.com

/s/ Caitlin Halligan
Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com

/s/ Todd M. Schneider
Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*