# Exhibit 1

  

August 24, 2022

<u>Via Email</u>
Mr. Elliot Greenfield
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
egreenfield@debevoise.com

Ms. Sunjina K. Ahuja
DILLON MILLER & AHUJA LLP
5872 Owens Ave., Suite 200
Carlsbad, California 92008
sahuja@dmablaw.com

Mr. Michael Jason Lee
LAW OFFICES OF MICHAEL
JASON LEE, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
michael@mjllaw.com

   **Re:** *In re Tether and Bitfinex Crypto Asset Litig.*, No. 19-CV-09326

Dear Counsel:

   Plaintiffs write in response to your August 21, 2022 Letter regarding the parties' outstanding disputes concerning Plaintiffs' Requests for Production ("RFPs").

   Over the past five months, Plaintiffs have diligently sought to resolve outstanding discovery disputes related to the RFPs. By letter and verbal representation, Plaintiffs have repeatedly justified each RFP out of courtesy to the B/T Defendants' insistence. Plaintiffs have also offered to narrow the scope of many RFPs in the spirit of compromise. But the B/T Defendants have nevertheless continued to contest even *searching* for clearly relevant categories of discovery and have provided nothing more than unsubstantiated burden, overbreadth, and relevance objections, which have significantly delayed the discovery process. At other times, the B/T Defendants have ignored Plaintiffs' proposals to narrow RFPs, requests for hit reports, and requests for sample productions of the documents you contend will be sufficient to show the facts sought in certain requests.

   Contrary to your August 21 letter, the B/T Defendants' positions with respect to certain RFPs have been far from clear. For example, in the B/T Defendants' January 28 Responses and Objections to Plaintiffs' First Set of RFPs, the B/T Defendants agreed to "produce non-privileged

1

documents, to the extent such documents exist and can be located after a reasonable search" in response to RFP Nos. 31, but later state that they will produce only documents "sufficient to establish USDT reserves." On July 14, the B/T Defendants proceeded to state that "no agreement to produce documents has been reached . . . [with respect to] RFP 31." July 14, 2022, Letter to K. Roche.

To make sense of the B/T Defendants' inconsistencies, Plaintiffs requested that the B/T Defendants provide their final position with regards to Plaintiffs' RFPs to ensure that the then-sought extension would not simply "push the fight down the road." ECF No. 226. Now having received clarification on the B/T Defendants' position with respect to each of Plaintiffs' RFPs, and for the first time receiving the B/T Defendants' agreement to produce documents in response to RFP 56, Plaintiffs offer the following compromises on the remaining disputed terms and request a meet and confer to discuss the same. In the interest of enabling a meet and confer and avoiding any possibility of uncertainty going forward, Plaintiffs attach Appendix A, a chart detailing Plaintiffs' various proposals, including an account of the RFPs where the parties have reached consensus.[1]

At the outset, it is important to note that Plaintiffs received the lion's share of Defendants' production to date in the last two weeks. Accordingly, reserving all rights to raise any additional dispute concerning the B/T Defendants' production and/or responses to RFPs upon review of the documents produced in this action, in an effort to reach resolution, Plaintiffs will agree to the production parameters proposed by the B/T Defendants with respect to RFP Nos. 28, 34, 37, 60, 64-65. Based on the Parties' agreement to the aforementioned RFPs, and the representations made in the B/T Defendants' August 21 Letter, and their January 28, 2022 Responses and Objections ("R&Os"), the following RFPs remain in dispute: 8, 22-26, 29, 31, 46, 72 and 74.[2]

These disputes are not new to the B/T Defendants. The record belies the B/T Defendants' assertion that Plaintiffs failed to raise challenges to these RFPs during the Parties' discovery negotiations. In addition, Plaintiffs have repeatedly reserved their right to raise any issues regarding the B/T Defendants' responses and objections until the close of discovery.

The B/T Defendants' additional contention that Plaintiffs have not addressed their overbreadth and relevance objections is also false and readily controverted by a review of the Parties' meet and confer discussions during which counsel for Plaintiff described the relevance of certain disputed terms at length, and Plaintiffs' August 8, 2022 Letter, which contains a relevance explanation for each RFP and corresponding search term.

---

[1] The chart is color-coded to reflect Plaintiffs' position and understanding as to the dispute status of each RFP. Orange indicates Plaintiffs' reservation of rights; green indicates Plaintiffs' understanding that the RFP is resolved between the parties; light green indicates that Plaintiffs accept B/T Defendants' narrowing proposal; blue indicates a proposed compromise; and orange indicates RFPs on which Plaintiffs are reserving their rights.

[2] Plaintiffs understand the B/T Defendants have agreed to produce documents in response to RFPs 2-7, 9-21, 27-28, 30, 32-35, 39-40, 45, 47-50, 53-68, and 77. *See* January 28, 2022 Responses and Objections ("R&Os"); *see also* August 21, 2022 Letter to K. Roche; *see also* Plaintiffs' March 22, 2022 Letter (outlining B/T's agreement to produce in response to certain RFPs); B/T Defendants' March 29, 2022 Letter (failing to contest Plaintiffs' list of RFPs to which B/T has agreed to produce). Plaintiffs do not oppose the parameters of review proposed by the B/T Defendants with respect to these RFPs. Plaintiffs have proposed a compromises with regard to RFP Nos. 22-26, 29, 31, 36, 37, 43, 51. 52, 59, 69-72 and 74-77. Plaintiffs reserve their rights to pursue discovery responsive to RFP Nos. 1, 38, 41, 42, 44, and 73, and raise any issues related to these RFPs prior to the close of discovery.

In an attempt to reach resolution on the remaining disputed RFPs, Plaintiffs provide the following additional support evidencing the relevance of the some of the disputed categories of discovery and propose good faith revisions to certain RFPs in response to the B/T Defendants' objections.

### RFP No. 8

The B/T Defendants' August 21 Letter misstates Plaintiffs' position with respect to RFP No. 8, which seeks all communications between the B/T Defendants and any other individual defendant. Plaintiffs have agreed only *in part* to the B/T Defendants' proposal; Plaintiffs maintain their objection to the B/T Defendants' limitation of communications with Phil Potter to the time period after his departure from Bitfinex and Tether. The August 17, 2022 hit report by custodian chart provided by the B/T Defendants illustrates that communications with Defendant Potter comprise the majority of the documents with hits in the B/T Defendants' possession related to the Specified Individuals and Entities and other categories of communications covered by RFP No. 8. Accordingly, Plaintiffs will agree to the limitation proposed by the B/T Defendants only upon the assurance that the B/T Defendants do not intend to withhold responsive communications of custodian Potter related to the agreed upon topics.

### RFP Nos. 22-26

Request Nos. 22-26 seek documents sufficient to show cryptocommodity addresses owned or controlled by the B/T Defendants (RFP No. 22); transaction data for cryptocommodity addresses controlled by the B/T Defendants (RFP No. 23); records for trades by the B/T Defendants or any entity they control, made through private arrangements or over-the-counter ('OTC') platforms (RFP No. 24); records for trades by the B/T Defendants or any entity they control, made through any crypto-asset exchange (RFP No. 25); and records for transfers by the B/T Defendants or any entity they control, made to any user or account on the same exchange (RFP No. 26).

Contrary to the B/T Defendants' assertion, Plaintiffs, in their very first letter to the B/T Defendants on March 22, 2022, regarding discovery disputes, challenged the B/T Defendants' objection to RFP Nos. 22-26, and other RFPs related to the B/T Defendants' crypto accounts and addresses and the data regarding trades and transactions related to those accounts and addresses. *See* March 22, 2022 Letter to E. Greenfield at 6. On April 4, 2022, the B/T Defendants acknowledged Plaintiffs' challenge to RFPs 21-26 and request to discuss them on the upcoming meet and confer. *See* B/T Defendants' April 4, 2022 Letter to K. Roche ("Your request for "[a]ll of the financial records" of each of the B/T Defendants (RFP 29) raises similar issues, as do several of the requests that you indicated you would like to discuss on our next call, such as RFPs 21-26, 72 and 74.").[3]

As articulated several months ago, Plaintiffs oppose the B/T Defendants' unsubstantiated objections to the production of documents in response to RFP Nos. 22-26 on the basis of burden. *See* B/T Defendants' R&Os at 20-24. To date, B/T Defendants have failed to identify any actual burden associated with the production of these relevant documents.

---

[3] Plaintiffs do not contest the parameters of production proposed by the B/T Defendants related to RFP No. 21.

Documents related to accounts and crypto addresses owned or controlled by the B/T Defendants are central to Plaintiffs' claims. Plaintiffs are entitled to discovery demonstrating the B/T Defendants' use of any crypto address or exchange account to trade or purchase crypto-commodities during the relevant period to impact, cause, or benefit from fluctuations in the price of other crypto-commodities. *See* CAC ¶¶ 3, 194. Plaintiffs allege that these trades and transactions conducted through addresses and on accounts owned or controlled by the B/T Defendants caused massive inflation in the price of bitcoin and other cryptocommodities, forcing Plaintiffs to pay far more than they would have paid without Defendants' price manipulation. *See* CAC ¶¶ 12-14.

Defendants' document production further illustrates the relevance of these requests. On multiple occasions, communications were made by B/T executives regarding the strategic timing of purchases of cryptocommodities. *See* POTTER-0078651. Purchase and trade records are crucial as they are a necessary part of Plaintiffs' ability to chart these purchases and trades temporally with certain market fluctuations that Plaintiffs allege to be instigated by Defendants' manipulation scheme.

Plaintiffs have repeatedly substantiated the relevance of these requests and make one final proposal to the B/T Defendants with respect to these categories of discovery.

**Revised RFP No. 22:** All cryptocommodity addresses that You own or control for Bitcoin, Bitcoin Cash, Ethereum, Ethereum Classic, Litecoin, Monero, Dash, and ZCash (including any fork), and all cryptocommodities that You purchased or sold through any such address.

**Revised RFP No. 23:** Transaction data for transactions in which You, or any entity or address that you control, sent or received Bitcoin, Bitcoin Cash, Ethereum, Ethereum Classic, Litecoin, Monero, Dash, and ZCash (including the relevant "transaction hash" and "index" for relevant inputs and outputs) for stablecoins, or any other cryptocommodity (including the relevant "transaction hash").

**Revised RFP No. 24:** Transaction records for trades and transfer involving stablecoins, Bitcoin, Bitcoin Cash, Ethereum, Ethereum Classic, Litecoin, Monero, Dash, and ZCash, in which You, or any entity or address that you control, made through private arrangements or over-the-counter ("OTC") platforms, sufficient to show the following information:
- The identity of buyer and seller
- The assets transacted or exchanged
- The date and time of the transaction
- The price (exchange rate) of the transaction
- The volume of the transaction
- In the case of any derivative transaction, the details of the contract

**Revised RFP No. 25:**[4] All records for trades and transfers in which You, or any entity or address that you control, made on or through Gemini; Coinbase; Bitstamp; Genesis; itBit; LedgerX;

---

[4] If the B/T Defendants agree to the Revised RFP No. 25, Plaintiffs agree to reserve any further objection to RFP No. 26 at this time.

Bittrex; Poloniex; Circle; Bitgo; Gate.io; KuCoin; Kraken and Binance, including for each such transaction Documents sufficient to show the following information:

- The identity of buyer and seller
- The assets transacted or exchanged
- The date and time of the transaction
- The price (exchange rate) of the transaction
- The volume of the transaction
- In the case of any derivative transaction, the details of the contract

### RFP Nos. 29 and 31

The B/T Defendants completely misrepresent the Parties' negotiations with respect to RFPs 29 and 31. First, B/T Defendants originally agreed to produce documents in response to RFP No. 31. The B/T Defendants then changed course in the same document narrowing its agreement to produce documents sufficient to show USDT reserves. Following the Parties' numerous meet and confers, Plaintiffs explained the relevance of RFP Nos. 29 and 31, stating that cash flow statements and profit and lost statements were also relevant to Plaintiffs' allegations regarding USDT reserves and the B/T Defendants' financial precarity with respect to funding and liquidity. In their April 28, 2022 Letter, the B/T Defendants proposed that Plaintiffs review documents the B/T Defendants identified as sufficient to establish USDT reserves to determine whether any dispute remained regarding production in response to RFP Nos. 29 and 31. *See* B/T Defendants' April 28 Letter to K. Roche. On May 6, 2022, Plaintiffs agreed to the B/T Defendants' proposal and requested a sample production of what the B/T Defendants intended to produce as documents sufficient to establish USDT reserves. No sample was ever provided by the B/T Defendants.

In the interests of moving forward, Plaintiffs propose the following revised Requests, which have been designed to require production only of documents that should be within the corporate records of the B/T Defendants and not call for any additional searches:

**Revised RFP No. 29:** The following financial records of each Tether Defendant, each Bitfinex Defendant, and DigFinex Inc.: any general ledgers, balance sheets, income statements, cash-flow statements, and profit-and-loss statements.

**Revised RFP No. 31:** Documents sufficient to establish USDT Reserves, including account statements of all banks or other institutions relating to Your funds or reserves.

Plaintiffs remain open to considering an alternate proposal with respect to RFP Nos. 29 and 31 but cannot do so without some indications of what the B/T Defendants intend to produce with respect to USDT reserves. B/T Defendants "wait and see" approach runs the risk of "push[ing] the fight down the road," if it turns out the documents they intend to produce are not sufficient to enable Plaintiffs to test the assertions about these USDT reserves.

### RFP Nos. 36, 46, and 51

Documents related to Jump Trading, Galaxy Digital and Smart Property Solutions reveal far more than a customary business or corporate relationship with the B/T Defendants. The B/T

5

Defendants' partnership with Jump Trading was used to facilitate countless transactions between the two entities for cryptocommodities, often drawing funds from the B/T Defendants "Client Accounts" to satisfy the transaction obligation.  *See* BITFINEX_TETHER_0013604. Other documentation reflects discussions between the B/T Defendants and Jump Trading regarding "trading strategies" (BITFINEX_TETHER_0013836), and B/T executives' plan to instruct "Jump to create 'deposits'" that correspond with "inbound monies at noble" to the B/T Defendants' bank accounts. *See* BITFINEX_TETHER_0013366. These and other documents evidence precisely what Plaintiffs allege – B/T's collusion with third party entities to trade and transfer cryptocommodities in exchange for unbacked USDT or other cryptoassets in an effort to benefit from drops in the price of other cryptocommodities. *See* CAC ¶¶ 187-92, 194.

Similarly, documents reflect a strategic partnership with Galaxy Digital used to facilitate numerous transfers of cryptocommodities for unbacked USDT or USD loans in order provide the B/T Defendants with "trading liquidity" and to facilitate transactions which would allow both Galaxy Digital and the B/T Defendants to benefit from artificial market prices created by the B/T Defendants.    *See*    BITFINEX_TETHER_0030002;    BITFINEX_TETHER_0031390; BITFINEX_TETHER_0049274.

With respect to RFP No. 46, the B/T Defendants' August 21 Letter fails to address the evidence provided by Plaintiffs in their August 8 Letter in support of the relevancy of documents relating to Smart Property Solutions ("SPS"), a wholly owned subsidiary of Tether during the relevant period. In addition to demonstrating SPS's "common ownership with certain of the B/T Defendants," Plaintiffs pointed the B/T Defendants to documents reflecting the transfer of millions of dollars from Tether to Smart Property Solutions and correspondence reflecting the B/T Defendants' attempt to conceal the source of the funds transferred to SPS in advance of the Tether audit. *See* POTTER-00043764.

Other documents produced by Defendants further support the relevance of SPS to Plaintiffs' claims. *See* BITFINEX_TETHER_0026644 (B/T Defendants directing third parties to wire USD to SPS in exchange for credits to their Bitfinex accounts); BITFINEX_TETHER_0037856 (documentation identifying SPS's function as a provider of "custodial function, client deposits and redemption"). Further, based on the hit report provided by the B/T Defendants, custodian Amy Churchill, Director of Finance for both Bitfinex and Tether is in possession of thousands of documents related to Smart Property Solutions, suggesting that the entity was involved in communications related to the B/T Defendants' finances.

Plaintiffs have alleged that the B/T Defendants used multiple address and accounts, owned and controlled by them and *other entities that they owned or controlled*, to make crypto purchases and other transactions, and to fund USDT reserves. CAC ¶¶ 144-45, 190. These documents, which suggest the co-mingling of assets, funds, and accounts relevant to USDT reserves as well as the B/T Defendants' use of SPS to make transactions, transfers, and purchases of cryptocommodities, support Plaintiffs' assertion regarding SPS's relevance to the subject matter of the case.

The B/T Defendants have agreed to review documents responsive to search terms targeted at these requests; these requests thus produce no additional burden.  Insofar as the B/T Defendants agree to produce responsive documents from within the set of documents they have already agreed to review, Plaintiffs believe that this dispute can be resolved simply.

**RFP Nos. 72 and 74**

Requests 72 and 74 seek documents related to all wallets and deposit accounts owned or controlled by any Defendant and documents sufficient to show purchases of cryptocommodities made to these wallets or accounts. The B/T Defendants have opposed these requests on the basis of overbreadth and "burden." Plaintiffs' challenge to the B/T Defendants' objections is plainly memorialized in Plaintiffs' March 22, 2022 Letter and again acknowledged by the B/T Defendants in their April 4, 2022 Letter.

However, in an effort to compromise, Plaintiffs propose the following revised RFP 72 to address the B/T Defendants' objections to the category of relevant documents responsive to RFP Nos. 72 and 74:

**Revised RFP No. 72**: Documents sufficient to show all wallets or deposit accounts owned or controlled by You and Your purchases of crypto assets from each wallet or account controlled by You or any entity controlled by You.

Plaintiffs agree that a list of all wallets or deposit addresses would satisfy this request.

Regards,

/s/ *Kyle W. Roche*
Kyle W. Roche
Edward Normand
Velvel Freedman (*pro hac vice*)
Joseph M. Delich
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rcfllp.com
tnormand@rcfllp.com
vel@rcfllp.com
jdelich@rcfllp.com

/s/ *Caitlin Halligan*
Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com

*/s/ Todd M. Schneider*
Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for Plaintiffs
and the Proposed Class*