# Exhibit 2



Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

August 29, 2022

BY EMAIL

Kyle W. Roche
ROCHE FREEDMAN LLP
99 Park Avenue
New York, NY 10016
kyle@rochefreedman.com

Philippe Z. Selendy
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com

Todd M. Schneider
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street
Emeryville, CA 94608
tschneider@schneiderwallace.com

*Re:*      *In re Tether and Bitfinex Crypto Asset Litig.*,
           **No. 19 Civ. 9236 (KPF) (S.D.N.Y.)**

Dear Kyle:

We write on behalf of Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, DigFinex Inc., Tether Operations Limited, Tether International Limited, Ludovicus Jan van der Velde and Giancarlo Devasini (the "B/T Defendants") in response to your August 8, 2022 and August 24, 2022 letters.

    **I.**    **Plaintiffs Have Failed to Actively Prosecute Their Case.**

We reject Plaintiffs' mischaracterization of the parties' discovery negotiations and false assertion that the B/T Defendants have been the source of delay in this case. To the contrary, Plaintiffs' failure to actively prosecute their case, lack of responsiveness

www.debevoise.com

Kyle W. Roche                                    2                              August 29, 2022

and unwillingness to negotiate in good faith have caused substantial delays and made compliance with the original schedule ordered by the Court impossible.

   A.   **Search Terms.**

Our negotiation of search terms is a prime example of Plaintiffs' dilatory conduct. Plaintiffs waited two months after receiving the B/T Defendants' responses and objections to Plaintiffs' Requests for Production before scheduling a meet and confer. In your March 22 letter and during our March 31 telephone call, Plaintiffs represented that they would propose a set of search terms for the B/T Defendants' consideration. Plaintiffs did not propose search terms until May 10, and, as we have discussed, that initial list of nearly 400 search terms did not represent a good-faith effort to propose search terms that would identify documents tied to specific RFPs, were not tailored to the claims and defenses in this case, and failed to conform to the parties' discussion over the prior months.

On May 17, in an effort to progress the parties' discussions, the B/T Defendants promptly responded with a shortened list of search terms for the purpose of determining hit counts, while preserving their objection that many of those search terms were not relevant to the claims and defenses in this case. Plaintiffs rejected the B/T Defendants' proposed compromise and largely reverted to their original, overbroad list.

When the B/T Defendants asked Plaintiffs to identify the specific RFP(s) to which each of their proposed search terms was purportedly tied, Plaintiffs struggled to do so. Nonetheless, by letter dated July 14, the B/T Defendant agreed to many of those search terms. Plaintiffs did not respond to the B/T Defendants' July 14 letter until August 8, after the B/T Defendants indicated that they would be asking for an extension of the deadline for substantial completion of document production. In your August 8 letter, Plaintiffs added new search terms that had not been previously proposed.

Nonetheless, in yet another attempt to move the process forward, the B/T Defendants agreed to run the search terms in Plaintiffs' August 8, 2022 letter for the purpose of providing hit counts. Those search terms hit on approximately 290,000 documents – a clearly unreasonable number of documents. On August 17, the B/T Defendants sent Plaintiffs a counter-proposal that yielded approximately 186,000 documents – still an enormous burden but a review that we believed was achievable within requested 60-day extension. On August 18, Plaintiffs responded by eliminating many of the changes proposed by the B/T Defendants, which raised the hit count back up to about 212,000 documents.

In the interests of compromise and not burdening the Court with disputes over search terms, the B/T Defendants agreed to use the search terms proposed by Plaintiffs on August 18 despite the heavy burden they imposed. However, as we made clear, our agreement to use search terms is not an agreement to produce documents beyond

Kyle W. Roche	3	August 29, 2022

those that the B/T Defendants have agreed in response to specific RFPs. Search terms cannot be used as an end-run around the Federal Rules, which include serving written requests seeking identifiable documents that relate to specific and relevant topics, serving responses and objections to those requests, and meeting and conferring regarding the scope of production.

Finally, it is worth noting that your August 8 letter misstates the B/T Defendants' positions regarding search terms:

- The B/T Defendants stated in their April 28 letter that search terms might resolve disputes regarding many – but not necessarily all – of the RFPs seeking documents regarding specific individuals or entities.

- The B/T Defendants stated in their May 9 letter that search terms were appropriate for certain of *the B/T Defendants'* RFPs, not *Plaintiffs'* RFPs.

- The B/T Defendants proposed a revised compromise set of search terms in their May 17 letter and Plaintiffs rejected that proposal.

(August 8 Ltr. at 3.)

### B. Plaintiffs' Requests for Production.

In your August 24 letter, Plaintiffs again misstate and mischaracterize the parties' discussion and the B/T Defendants' positions in a misguided effort to suggest that we have taken inconsistent positions and caused delays.

*First*, Plaintiffs have never raised many of their RFPs during any of the parties' discussions: RFPs 5-6, 12-19, 21-27, 30, 32-33, 66-68 and 72-77. (August 21 Ltr. at 2.) Plaintiffs state that "the record belies" that assertion but are unable to cite to anything in the record supporting that contention. (August 24 Ltr. at 2.)

RFP 24 was raised for the first time by Plaintiffs in their August 8 letter, sent more than six months after the B/T Defendants served their response and objections. (August 21 Ltr. at 3.) Plaintiffs' citation to a passing reference to RFPs 22-26 in their March 22 letter – sent prior to the parties' first meet and confer – does not change the fact that Plaintiffs have never raised those RFPs with the B/T Defendants in any of our discussions. (August 24 Ltr. at 3.) Nor is it sufficient that you stated during our March 31 telephone call that you planned to raise those RFPs in our next call. (*Id.*) Plaintiffs chose not to raise them in the next call, or any subsequent call.

*Second*, with respect to RFPs 28, 34, 37, 60, 64 and 65, Plaintiffs did not respond to the B/T Defendants' proposed compromises until August 24. The B/T Defendants proposed those compromises in April, May and June. (August 21 Ltr. at 2.) Again it is Plaintiffs – not the B/T Defendants – who are causing delay.

Kyle W. Roche                                   4                              August 29, 2022

*Third*, Plaintiffs' assertion that the B/T Defendants have taken inconsistent positions is false.  With respect to RFP 31, as set forth in their August 21 letter, the B/T Defendants stated in their responses and objections that they would produce documents sufficient to establish USDT reserves, and they have consistently maintained that position, including in their April 28 letter and during the parties' May 19 and June 22 telephone calls.  Throughout our discussion, however, Plaintiffs have continued to demand production of "[a]ll Documents relating to Your funds or Reserves at any bank or any other financial institution" and made no attempt to narrow the scope of this extraordinarily overbroad request.  Accordingly, the B/T Defendants accurately stated in their July 14 letter that the parties had not reached agreement on RFP 31:  "Plaintiffs have refused to limit the scope of RFP 31 in any way, and the B/T Defendants have agreed, in connection with other RFPs, to provide documents sufficient to establish USDT reserves." (July 14 Ltr. at 3.)  Any suggestion that the B/T Defendants have been inconsistent is nonsense.

## II. The RFPs Raised in Plaintiffs' August 24 Letter.

Plaintiffs state in their August 24 letter that the following RFPs are in dispute:  8, 22-26, 29, 31, 46, 72 and 74.  (August 24 Ltr. at 2.)  Later in the letter, however, Plaintiffs also raise disputes regarding RFPs 36 and 51, and the spreadsheet attached to Plaintiffs' letter reflects disagreements between the parties on RFPs 36, 37, 43, 46, 51 and 52.

### A. RFP 8

With respect to RFP 8, it does not appear that there is a dispute.  Phil Potter is a document custodian, and the B/T Defendants have agreed to produce documents hitting on the agreed search terms that are responsive to other RFPs to which the B/T Defendants have agreed.  For the period after Mr. Potter departed Bitfinex and Tether, the B/T Defendants have agreed to produce all communications with him that relate to the broader set of topics on which the parties agreed for purposes of RFPs 2 and 8-10.

### B. RFPs 22-26, 72 and 74

As noted above, Plaintiffs never raised RFPs 22-26, 72 and 74 during any of the parties' discussions.  The B/T Defendants served objections to these RFPs on January 28, and Plaintiffs have now had seven months to respond to those objections and seek to resolve any dispute by negotiation or, failing that, by filing a motion to compel.  But Plaintiffs have done nothing.  Plaintiffs first raised these RFPs on August 24, only after the Court granted the parties a brief extension to substantially complete document production.  That is far too late.

Plaintiffs' statement in their August 24 letter that they "have repeatedly substantiated the relevance of these requests" is false, and their statement that they are making

Kyle W. Roche                          5                          August 29, 2022

"one final proposal" is misleading to the extent it suggests Plaintiffs have made any prior proposals. (August 24 Ltr. at 4.)

Moreover, Plaintiffs' "revised" RFPs 22-25 offer no real compromise and remain extraordinarily overbroad, reflecting no attempt to limit the requests to documents that are "relevant to any party's claim or defense and proportional to the needs of the case," as required by Rule 26(b)(1). These "revised" RFPs are absurd on their face, as they call for records of essentially all transactions of cryptocommodities and cryptocurrencies by *an issuer of a cryptocurrency* and *a cryptocurrency exchange*. As revised, Plaintiffs request:

- "All cryptocommodity addresses that You own or control for [numerous cryptocurrencies] . . . , and all cryptocommodities that You purchased or sold through any such address." (Revised RFP 22.)

- "Transaction data for transactions in which You, or any entity or address that you control, sent or received [numerous cryptocurrencies] . . . for stablecoins, or any other cryptocommodity . . . ." (Revised RFP 23.)

- "Transaction records for trades and transfer involving stablecoins [or numerous cryptocurrencies], in which You, or any entity or address that you control, made through private arrangements or over-the-counter ('OTC') platforms . . . ." (Revised RFP 24.)

- "All records for trades and transfers in which You, or any entity or address that you control, made on or through [numerous cryptocurrency exchanges] . . . ." (Revised RFP 25.)

The same is true of RFPs 72 and 74. Plaintiffs never raised these RFPs in any of the parties' discussions, and their purported "compromise" does nothing to address the B/T Defendants' objections. Plaintiffs "revised" RFP 72 remains extraordinarily overbroad, as it seeks documents sufficient to show "all wallets or deposit accounts owned or controlled by You and Your purchases of crypto assets from each wallet or account controlled by You or any entity controlled by You."

It is far too late for Plaintiffs to raise disagreements regarding objections served by the B/T Defendants on January 28. Plaintiffs' dilatory conduct is inconsistent with both their obligation to promptly seek resolution of disputes regarding their document requests and the discovery schedule set by the Court. Moreover, even at this late date, Plaintiffs propose "revised" RFPs that do not reflect any good-faith attempt to narrow their requests.

Plaintiffs have abandoned these RFPs through their seven months of silence. Even if the "revised" RFPs 22-26 had not come months too late, they suffer from the same deficiencies as the original requests and the B/T Defendants would object on the same grounds they did back in January.

Kyle W. Roche                              6                         August 29, 2022

### C. RFPs 29 and 31

As discussed above, Plaintiffs misstate the B/T Defendants' position regarding RFP 31. Since January, the B/T Defendants have consistently agreed to produce documents sufficient to establish USDT reserves. (August 21 Ltr. at 3.)

Again, Plaintiffs' "revised" request does not reflect a good-faith attempt to compromise, and Plaintiffs still fail to justify why broad financial records beyond documents sufficient to establish USDT reserves are relevant to their claims. "Revised" RFP 29 seeks a broad range of financial records: any and all "general ledgers, balance sheets, income statements, cash-flow statements, and profit-and-loss statements," without regard to any connection to the claims and defense in this case. And the "revised" RFP 31 is internally inconsistent, as it seeks accounts statements of "all banks and other institutions relating to Your funds," without regard to whether those bank accounts or funds relate to USDT reserves. Accordingly, as they have agreed since January, the B/T Defendants will produce documents sufficient to establish USDT reserves.

### D. RFPs 36, 43, 46, 51 and 52

As stated in our August 21 letter, the B/T Defendants objected to these RFPs on January 28 and have maintained that position throughout the parties' discussions. And, in agreeing to Plaintiffs' proposed search terms, the B/T Defendants expressly stated that they included certain "search terms at Plaintiffs' insistence and despite the B/T Defendants' disagreement on relevance," and that "the inclusion of those search terms should not be interpreted as a change in position on the corresponding RFP." (August 19 email to M. Nobel.) The B/T Defendants will review these documents and produce non-privileged documents responsive to RFPs that they have agreed to. The B/T Defendants continue to maintain the same objections to these RFPs that they have since serving their responses and objections in January.

Plaintiffs have never provided a basis for the relevance of these requests, and nothing in Plaintiffs' August 24 letter (or the documents cited and mischaracterized therein) indicates that these entities or individuals are relevant to the claims and defenses in this case. (August 24 Ltr. at 5-6.)

The parties have been at an impasse on these RFPs for many months now, and any disagreement with the B/T Defendants' position should have been raised with the Court a long time ago.

### E. RFP 37

Although Plaintiffs state in their August 24 letter that they "will agree to the production parameters proposed by the B/T Defendants" with respect to RFP 37, the spreadsheet attached to that letter does not reflect that agreement and instead offers a counterproposal. (August 24 Ltr. at 2.) To the extent that the spreadsheet, rather

Kyle W. Roche                               7                        August 29, 2022

than the letter, reflects Plaintiffs' actual position, the B/T Defendants do not agree to that expansion.  The B/T Defendants will produce documents in response to RFP 37 as set forth in our June 30 and July 14 letters.

### III.  Plaintiffs' Document Production.

The B/T Defendants requested documents for the period of February 17, 2015 through October 6, 2019.  Plaintiffs subsequently argued to the Court that the relevant time period for document discovery should be extended through June 5, 2020, and the Court ordered the B/T Defendants to produce documents through that date.  We therefore request that Plaintiffs do the same and produce documents for the period of February 17, 2015 through June 5, 2020.

Plaintiffs stated during our August 22 call that they performed their document review using search terms different from those that the B/T Defendants proposed in our May 9 letter.  Based on our discussion on May 19, we understood that Plaintiffs had agreed to the B/T Defendants' proposed search terms, with one exception ("Litig* AND fund* OR lend* OR loan*").  Plaintiffs now state that they agreed to use those search terms only for purposes of providing a hit count, but not for purposes of their document review.  We therefore renew our request that Plaintiffs use the search terms that the B/T Defendants proposed on May 9 for purposes of document review.

Plaintiffs also stated during our August 22 call that they are encountering certain issues accessing trading history and related data that Plaintiffs committed to produce.  Please provide a detailed explanation regarding:  (*i*) the issues you are having in accessing and collecting Plaintiffs' trading data; (*ii*) which Plaintiffs' data is impacted by these issues; (*iii*) when you anticipate those issues will be resolved; (*iv*) the categories of information that you anticipate being able to provide; and (*v*) any categories of information that you do not anticipate being able to provide.

Best regards,

/s/ Elliot Greenfield