

September 30, 2022

**Via ECF and E-mail**

The Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, 19-cv-09236 (KPF)

Dear Judge Failla:

In advance of the October 3, 2022 hearing in the above-referenced matter, *see* ECF No. 237, Selendy Gay Elsberg PLLC ("Selendy Gay Elsberg") and Schneider Wallace Cottrell Konecky LLP ("Schneider Wallace") write in response to specific statements by Roche Freedman LLP ("Roche Freedman") and from the firms of Kirby McInerney LLP ("Kirby") and The Radice Law Firm ("Radice"). Selendy Gay Elsberg and Schneider Wallace write only in their capacity as interim class counsel and specifically not on behalf of the named plaintiffs.

**I.      Interim Lead Counsel Owe Duties to The Class as a Whole**

As we stated in our September 2, 2022 letter, ECF No. 234, we do not believe that Roche Freedman's continued involvement as interim lead counsel is in the best interests of the class. We recognize the named plaintiffs have a different view, *see* ECF Nos. 232, and respectfully disagree.

In its September 6, 2022 letter, Roche Freedman states: "[C]ontrary to what seems to be implicit in" the September 2, 2022 letter from Selendy Gay Elsberg and Schneider Wallace, "their clients are the named Plaintiffs—not absent class members." ECF No. 236 at 3. To the extent Roche Freedman argues that interim class counsel owe duties only to the named plaintiffs, and not to absent class members, we disagree. The Federal Rules are clear that class counsel have a duty "to act on behalf of a putative *class*," Fed. R. Civ. P. 23(g)(3) (emphasis added), and that "Class counsel must fairly and adequately represent the interests of the *class*," Fed. R. Civ. P. 23(g)(4) (emphasis added). Leading authorities recognize that interim lead counsel have the same obligations. *See* 6 Newberg and Rubenstein on Class Actions § 19:2 (6th ed., June 2022 Update) ("[T]here is little doubt that an attorney pursuing a class suit has some duty to the prospective class and generally must act in the class's best interest."); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 801 (3d Cir. 1995) ("[C]lass attorneys, purporting to represent a class, also owe the entire class a fiduciary duty once the class complaint is filed.").

Because class counsel's duties are to the class, if there is a disagreement between class counsel and the named plaintiffs, it is counsel's obligation to act in what they believe are the best interests of the class as a whole. *See Maywalt v. Parker & Parsley Petroleum Co.*, 155 F.R.D. 494, 496 (S.D.N.Y. 1994) ("Class Counsel must act in a way which best represents the interests of 'the entire class and is not dependent on the special desires of the named plaintiffs.'"), *aff'd* 67 F.3d 1072, 1078 (2d Cir. 1995) (quoting *Parker v. Anderson*, 667 F.2d 1204, 1211-12 (5th Cir. 1982)).

Selendy Gay Elsberg and Schneider Wallace's request that the Court remove Roche Freedman is grounded in this understanding.[1]

## II. Selendy Gay Elsberg and Schneider Wallace Should Remain as Interim Class Counsel

Contrary to the views expressed by the Kirby and Radice law firms, a disagreement between named Plaintiffs and interim class counsel does not create an "untenable" situation. *See* ECF No. 235 at 4. Any difference of opinion among interim class counsel has not interfered with their vigorous pursuit of claims on behalf of the putative class, including in a recent motion to compel. *See* ECF Nos. 239, 247.

To the extent the Kirby and Radice firms suggest that Selendy Gay Elsberg and Schneider Wallace should be removed as class counsel, we also disagree. Selendy Gay Elsberg and Schneider Wallace have done substantial work on behalf of the putative class, including:

- filing a consolidated amended complaint reflecting substantial economic analysis and analysis of the blockchain, *see* ECF No. 114;

- opposing Defendants' motions to dismiss, *see* ECF No. 182; and

- obtaining hard-fought discovery from Defendants, *see* ECF Nos. 223, 247.

Both firms are deeply familiar with crypto-assets, the operation of crypto-exchanges, and the operation and evolution of the markets for stablecoins and cryptocommodities. Kirby and Radice, in contrast, admit they "have not been involved in the litigation," ECF No. 235 at 2 n.6, and identify no meaningful experience in litigation concerning crypto-assets. Removing Selendy Gay Elsberg and Schneider Wallace and appointing Kirby and Radice would prejudice the class by saddling the class with counsel less versed in the subject matter and unfamiliar with the progress of the case. This wholesale substitution would also likely require extensions to the discovery schedule while Kirby and Radice familiarize themselves with the case.

---

[1] In further support of our understanding that we owe fiduciary duties to the class as a whole, we respectfully submit as Exhibit 1 the Declaration of Bruce Green, an expert in professional responsibility and legal ethics whom Selendy Gay Elberg and Schneider Wallace have retained in connection with this matter.

Respectfully submitted,

| | |
|---|---|
| /s/ Caitlin Halligan | /s/ Todd M. Schneider |
| Philippe Z. Selendy | Todd M. Schneider (*pro hac vice*) |
| Caitlin Halligan | Jason H. Kim (*pro hac vice*) |
| Andrew R. Dunlap | Matthew S. Weiler (*pro hac vice*) |
| SELENDY GAY ELSBERG PLLC | SCHNEIDER WALLACE COTTRELL |
| 1290 Sixth Avenue | KONECKY LLP |
| New York, NY 10104 | 2000 Powell Street, Suite 1400 |
| pselendy@selendygay.com | Emeryville, CA 94608 |
| challigan@selendygay.com | tschneider@schneiderwallace.com |
| adunlap@selendygay.com | jkim@schneiderwallace.com |
| | mweiler@schneiderwallace.com |

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*