



November 30, 2022

**<u>Via ECF and E-mail</u>**
The Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:     ***In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)**

Dear Judge Failla:

Under Local Civil Rule 37.2 and Your Honor's Individual Rule 3.C, Plaintiffs respectfully request a pre-motion conference concerning a discovery dispute. Defendant Bittrex, Inc. ("<u>Bittrex</u>") refuses to run the following search term to identify relevant documents:

> (Bitfinex OR *@bitfinex) w/15 (print* OR issue* OR creat* OR
> mint* OR new* OR agree* OR trad* OR transact* OR back*)

(the "<u>Search String</u>"). Bittrex instead insists on adding a limiter: AND (Tether OR USDT) (the "<u>Limiter</u>"). The parties have met and conferred and are at impasse.[1]

Bittrex asserts that, without the Limiter, the Search String will (1) return irrelevant documents and (2) impose an unreasonable burden. *See* Ex. A. Both objections are meritless. On *relevance*, the Search String will identify documents responsive to Plaintiffs' document requests ("<u>RFPs</u>") Nos. 19 and 20, concerning the B/T Defendants purchases of cryptocommodities on the Bittrex exchange, and RFP No. 2, which seeks documents sufficient to show any agreements between Bittrex and the B/T Defendants to manipulate crypto-asset markets. Bittrex's proposed Limiter would exclude communications in which Defendants discuss manipulating prices without overtly mentioning Tether or USDT. Such clearly relevant documents should not be excluded from discovery. On *burden*, Bittrex fails to show that the Search String is unreasonably burdensome. Although Bittrex declined to provide a hit report, it represents that the Search String without the Limiter would require it to review, at most, 1,600 additional documents, with their associated families. *See id.* In the era of electronic discovery, for a case of this magnitude, this incremental burden is minimal—especially when compared to the importance of documents likely to hit on the unlimited Search String.

---

[1] Pursuant to Your Honor's Individual Rule 3.C, Plaintiffs and Bittrex have met and conferred telephonically, and communicated via email, on November 3, 4, 7, 10, 11, 14, and 15, 2022. Ex. A.

Plaintiffs respectfully ask the Court to order Bittrex to run the Search String, without the Limiter.

## I.     The Search String Relates to Plaintiffs' Core Theory of Manipulation.

The Search String is designed to identify highly relevant documents relating to the principal vehicle of manipulation alleged in this case: purchases of crypto-assets on two relatively obscure U.S. exchanges, Bittrex and Poloniex.

Contrary to Bittrex's objections, *see* Ex. A, documents can be relevant to Plaintiffs' case even if the documents do not mention Tether or USDT specifically. Plaintiffs allege that Bittrex agreed to facilitate manipulative trading on its exchange. ¶¶ 315-16, 327-28. That manipulative trading could have occurred in any number of ways, and the conspirators would not necessarily have referred specifically to Tether or USDT in their communications.

Bittrex's Limiter, which would add "Tether" or "USDT" to the Search String, would improperly narrow Bittrex's search for relevant documents responsive to Plaintiffs' RFPs Nos. 19 and 20, concerning the B/T Defendants purchases of cryptocommodities on the Bittrex exchange. It is reasonable that Bittrex employees discussed trades and transactions on Bitfinex without mentioning "Tether" or "USDT" specifically. Given that Bitfinex and Tether are under common ownership, the likelihood that Bittrex executives used the corporate names interchangeably is high, potentially using "Bitfinex" to refer to both Bitfinex and Tether. The Limiter would deprive Plaintiff of clearly relevant communications that used the terms ("reprint* OR issue* OR creat* OR mint* OR new* OR back*") that did not also happen to reference Tether. For example, the Limiter would exclude the following relevant communications: "Bitfinex said it would be issuing soon," or "I have serious concerns that Bitfinex's coins are not backed."

The Limiter would also improperly narrow Bittrex's search for relevant documents responsive to Plaintiffs' RFP No. 2, which seeks agreements between Bitfinex and the B/T Defendants regarding market manipulation. Such agreements are centrally relevant to Plaintiffs' allegations of conspiracy and collusion among the exchanges. It is very likely that if Bittrex personnel discussed agreements with Bitfinex, they did so in terms of facilitating trading generally without mentioning Tether or USDT.

Bittrex has not shown that any of the additional documents generated by the Search String without the Limiter are irrelevant. It has not provided a random sample of these documents for review, for example, nor made any other attempt to substantiate its relevance objections. *See Moore v. Publicis Groupe*, 287 F.R.D. 182, 200 (S.D.N.Y. 2012) (ordering defendants to produce a random sample of supposedly non-responsive documents). Bittrex's objections to the Search String on the basis of relevance are meritless.

## II.    Bittrex Does Not Carry Its Burden of Showing Undue Burden or Expense.

Bittrex has come nowhere close to carrying its burden of showing that it would be burdensome to produce documents in response to the Search String without the Limiter. *See*

*Black Love Resists in the Rust ex rel. Soto v. City of Buffalo*, 334 F.R.D. 23, 28 (W.D.N.Y. 2019) ("[t]he party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden [or] expense . . . bears the burden of proving the discovery is in fact . . . unduly burdensome and/or expensive.") (quoting *Citizens Union of New York v. Attorney General of New York*, 269 F.Supp.3d 124, 129 (S.D.N.Y. 2017)). Bittrex refused Plaintiffs' request for a hit report showing how many additional documents the Search String without the limiter would require it to review. *See* Ex. A. That refusal, alone, waives Bittrex's burden claims. *Maurer v. Sysco Albany*, LLC, 2021 WL 2154144 at *9 (N.D.N.Y. May 27, 2021) ("defendants have not set forth arguments or evidence to support" their claim that inclusion of search term was overly broad).

Even based on Bittrex's representations, however, the Search String without the Limiter is nowhere close to burdensome. Bittrex represented that, without the Limiter, it would need to review less than 1,600 additional documents and their associated families. Ex. A at 2. In a case of this magnitude, that number, on its face, is simply not burdensome. Nor has Bittrex suffered burden in its prior productions; to date, it has produced a mere 301 documents. *See Moss v. Blue Cross & Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 690 (D. Kan. 2007) (holding that "a review of 1,800 files is not necessarily overly broad or unduly burdensome"); *Malzberg v. New York Univ.*, 2020 WL 3618962, at *4 (S.D.N.Y. July 2, 2020) (Defendant did not make a showing of excessive burden where an order to produce would require it to "search thousands of electronic files," a process that "would likely involve weeks of searching by numerous individuals".).

Respectfully submitted,

/s/ Caitlin Halligan
Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com

/s/ Todd M. Schneider
Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*