

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

**Abby F. Rudzin**
D: +1 212 326 2033
arudzin@omm.com

December 5, 2022

**VIA ECF AND E-MAIL**

The Honorable Katherine Polk Failla
U.S. District Court for the Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, No. 1:19-cv-09236-KPF

Dear Judge Failla:

      We represent Defendant Bittrex, Inc., and write in response to Plaintiffs' November 30, 2022 letter motion seeking a pre-motion conference to discuss a discovery dispute between Plaintiffs and Bittrex.  (ECF No. 264.)

      Plaintiffs' letter comes after months of Bittrex negotiating in good faith, repeatedly giving in to Plaintiffs' demands to avoid burdening the court with a dispute.  Bittrex has agreed to nearly 180 search strings run over Plaintiffs' lengthy proposed time period, for eleven custodians—four of whom Plaintiffs requested only in October, after the parties had been negotiating search terms for months.  Those search parameters yield more than 20,000 documents (639,710 pages) for Bittrex to review, including hundreds of "Slack" transcripts in different discussion forums.  Each such transcript contains 24 hours of messages between numerous people and are often dozens of pages long.

      All of this Bittrex has already agreed to.  The Plaintiffs' only complaint is whether a lengthy search string Bittrex has agreed to run to collect documents for review should also require the document to contain the terms "Tether" or "USDT."  Excluding that limiter increases the number of documents Bittrex attorneys would need to review by nearly 20%,[1] and Bittrex believes that Plaintiffs cannot justify the search without the limiter.

      Plaintiffs' insistence that the broad search string will pick up "relevant" documents, and that Bittrex therefore bears the burden of showing undue burden and expense, is not consistent with the law after the 2015 amendment to Rule 26.  "Since the 2015 amendments to the federal rules, the scope of discovery permitted has narrowed," and now discovery "must be cabined so that it is proportional to the needs of this case."  *Michael Kors, L.L.C. v. Su Yan Ye*, 2019 WL 1517552, at *2, *4 (S.D.N.Y. Apr. 8, 2019); *State Farm Mut. Auto. Ins. Co. v. Fayda*, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) ("[T]he amended rule is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production.").  The question for the Court is whether

---

[1] Exclusive of family members, the search terms to which Bittrex has already agreed return 8,818 documents.  The 1,653 additional documents Plaintiffs seek here would impose an 18.7% increase.

Austin • Century City • Dallas • Los Angeles • Newport Beach • New York • San Francisco • Silicon Valley • Washington, DC
Beijing • Brussels • Hong Kong • London • Seoul • Shanghai • Singapore • Tokyo

including the USDT limitation is going to miss so many relevant documents that it justifies increasing Bittrex's review burden by almost 20%.

There is no doubt that excluding the USDT limiter will cause the search to pick up many irrelevant documents. Bittrex attorneys would be required to review, for example, documents containing only the terms "print*" and Bitfinex (within 15 words of each other). That means reviewing emails from someone who has the standard phrase "please consider the environment before printing this email" in her signature block just because those emails contain the word "Bitfinex." But this case is not about Bitfinex in a vacuum: It is about a supposed scheme by Bitfinex to manipulate the crypto market with USDT. (*See, e.g.,* Am. Compl. ¶ 10 ("With the willing assistance of Bittrex . . . Bitfinex and Tether *used fraudulently issued USDT* to make strategically timed, massive purchases of cryptocommodities just when the price of those commodities was falling." (emphasis added)).)

Plaintiffs cannot explain why this broad search should not be tethered—no pun intended—to Tether. And Plaintiffs' own letter shows that it should. Plaintiffs say Bittrex's proposed modification would "improperly narrow Bittrex's search for relevant documents responsive to Plaintiffs' RFPs Nos. 19 and 20." (ECF No. 264 at 2.) Tellingly, Plaintiffs do not tell the Court what those requests actually say:

- <u>Request No. 19</u>: All Documents relating to Your understanding, analysis, or assessment of the reasons or explanation for the timing of any Bitfinex Defendant's *use of USDT* in any Bittrex account, or in any address controlled by Bittrex, to purchase cryptocommodities.

- <u>Request No. 20</u>: All Documents relating to Your understanding, analysis, or assessment of the reasons or explanation for the timing of any Tether Defendant's *use of USDT* in any Bittrex account, or to any address controlled by Bittrex, to purchase cryptocommodities.

(emphases added). Bittrex's proposed modification limiting the search to documents that mention USDT gives Plaintiffs exactly what they requested.

Plaintiffs also claim that the modification would improperly narrow the search for documents responsive to Plaintiffs' RFP No. 2. (ECF No. 264 at 1, 2.) But RFP No. 2 requests only "[d]ocuments sufficient to show any agreement between You and any Bitfinex Defendant." As is common with requests for documents "sufficient to show," Bittrex will conduct a targeted search of its files and produce only documents necessary to show any agreement. Once again, Plaintiffs' own letter proves this point. Plaintiffs say that the unrestricted search is necessary because "[i]t is very likely that if Bittrex personnel discussed agreements with Bitfinex, they did so . . . without mentioning Tether or USDT." (ECF No. 264 at 2.) But Plaintiffs' RFP No. 2 does not request all documents "discussing" potential agreements, only documents sufficient to show an actual agreement. And Bittrex has agreed to run a different search string on this topic:

- ("Bittrex w/15 ((Agreement* OR contract* OR relation* OR trad* OR transaction*) w/15 (Bitfinex OR Tether OR Digfinex))")

This string will pick up documents discussing an agreement, trade, or transaction with Bitfinex even without "Tether" or "USDT."  Plaintiffs cannot explain why this search is not enough.

Plaintiffs' two examples of documents that would be "excluded" are likewise unavailing as justification for the broad unlimited search they propose.  (*See* ECF No. 264 at 2.)  To address Plaintiffs' stated concern, Bittrex has offered to add "OR Bitfinex" to the following searches it is already running:

- ((Account* OR Track* OR monitor* OR maintain*) w/5 ((USDT OR Tether OR Bitfinex) w/15 (issu* OR redeem* OR redemption* OR dollar* OR fiat OR currenc* OR valu* OR reserve* OR balance)))

- ((agree w/15 (flow OR USDT OR Tether OR mint* OR issu* OR Poloniex OR Bittrex OR Reggie OR Fowler)) w/15 (Tether OR USDT OR Bitfinex))

- ((Tether OR USDT OR Bitfinex) w/7 (back* OR debase* OR fals* OR fraud* OR mint* OR burn* OR manip* or pump*))

- ("not backed" w/5 (Tether OR USDT OR Bitfinex))

All of these searches would thus pick up documents that contain Bitfinex but not Tether or USDT, though in a more tailored and less burdensome way.  Plaintiffs did not accept this offer.

Because Plaintiffs cannot justify their search term without a USDT limiter, they have not shifted the burden to Bittrex to prove undue burden.  *See Citizens Union of City of New York v. Att'y Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) (burden does not shift to withholding party until party seeking discovery meets its burden).  Regardless, Plaintiffs' burden arguments are also unavailing.

First, Plaintiffs misrepresent the burden of the unmodified search string.  Bittrex told Plaintiffs that the unlimited search string would require Bittrex to review 1,536 additional unique documents and 117 additional Slack transcripts, plus family members.  (Pls.' Ex. A at 2.)  Simple math shows that this is greater than Plaintiffs' claim of "less [sic] than 1,600 additional documents."  (ECF No. 264 at 3.)  And it does not account for family members or the fact that each Slack transcript requires line-by-line review of dozens of pages.  (*See* Pls.' Ex. A at 2.)

Second, Plaintiffs' cases in fact support Bittrex's limitation.  While the court in *Moss* recognized that a review of 1,800 documents "is not *necessarily* overbroad," it still limited the requested discovery.  *See Moss v. Blue Cross and Blue Shield of Kansas*, 241 F.R.D. 683, 690 (D. Kan. 2007) (emphasis added).  Nor was there any indication of how many documents the party was *already* reviewing—here, more than 20,000.  The court in *Malzberg* also ordered more limited discovery than the plaintiff sought.  *See Malzberg v. New York Univ.*, 2020 WL 3618962, at *4 (S.D.N.Y. July 2, 2020) (limiting discovery to particular department at issue).  As in those cases, discovery here should be limited to the relevant issues.  The USDT limiter does so.

We are available to discuss these issues with the Court at the Court's convenience.

O'Melveny

                    Respectfully submitted,

                    /s/ Abby F. Rudzin

                    Abby F. Rudzin
                    *of* O'Melveny & Myers LLP

                    *Counsel for Defendant Bittrex, Inc.*

cc:   All Counsel of Record via ECF