January 23, 2023

**VIA ECF AND ELECTRONIC MAIL**

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re:** *In re Tether and Bitfinex Crypto Asset Litigation,* **19-CV-09236 (KPF)**

Dear Judge Failla,

    We write on behalf of Plaintiffs to request a 120-day extension of all discovery and case deadlines. There is ample good cause to extend the schedule. *See* Fed. R Civ. P. 16(b)(4) (courts may modify discovery schedule "for good cause and with the judge's consent"). Plaintiffs need this additional time to review large, complex document productions that Defendants made late in the discovery schedule, to remedy gaps that exist in these large productions, and to pursue new evidence of Defendants' manipulative conduct. The parties have met and conferred, and Defendants oppose this request. A proposed, amended Civil Case Management Plan and Scheduling Order is attached. *See* Exhibit A.

    Plaintiffs need additional time to review large productions that Defendants made on or after the Court's original substantial completion deadline for document discovery.[1] Plaintiffs served their First Set of Document Requests in December 2021. The Court initially set the deadline for the parties to substantially complete their document productions by August 22, 2022. ECF No. 194 at ¶ 6(e). On or after that date, Defendants collectively produced 158,255 documents (935,588 pages) responsive to Plaintiffs' First Set of Document Requests, including 65,784 documents (190,774 pages) that B/T Defendants produced on August 24 and a further 47,348 documents (502,870 pages) that B/T Defendants produced on October 24, 2022, after the Court gave them two extra months to substantially complete their production.[2] ECF No. 228. Documents produced on or after August 22 amount to a staggering 95% of all documents Poloniex has produced to date; 83% from Bittrex[3]; 76% from B/T Defendants; and 38% from Mr. Potter. More than 24,687 documents were produced to Plaintiffs in just the last eight weeks. The sheer size of these productions,

---

[1] *See ACE Ltd. v. CIGNA Corp.*, 2001 U.S. Dist. LEXIS 19090, at *4–5 (S.D.N.Y. Nov. 20, 2001) (delay in document production by non-moving party, including after substantial completion deadline, constitutes "good cause" for discovery extension under Rule 16(b)).

[2] No other party requested or received a discovery extension in this matter. B/T Defendants produced 22% of their total production on October 24, 2022, the final day of their extension.

[3] This figure does not account for two productions made by Bittrex on January 20, 2023.



and the time it is taking to review them, has put Plaintiffs behind where they otherwise would be in terms of preparing to take depositions, working with experts, and remedying deficiencies.

These voluminous new documents are complex. B/T Defendants, for example, produced tens of thousands of foreign bank records in Chinese that require foreign language review—dozens of which fail to identify account holders or account numbers, requiring follow-up. Poloniex produced dozens of Excel spreadsheets reflecting the account history of several high-volume traders containing tens of millions of individual trades, deposits, and withdrawals. And Poloniex, Bittrex, and B/T Defendants all produced hundreds of extended instant-message transcripts. Review of this information has taken time—especially as Defendants have produced a significant amount of material regarding the so-called Anonymous Trader, which Plaintiffs have had to redact before analyzing, per the Court's order. *See* ECF No. 215 (ordering AEO protections for Anonymous Trader).[4] Plaintiffs and their experts need time to fully review this material.

Plaintiffs also need additional time to work with Defendants in light of important deficiencies in their productions. Not until December 2022, for example, did Poloniex confirm that it failed to produce several years' worth of deposit and withdrawal records; it produced those records only on December 20, 2022. Only last week, Poloniex stated that it has failed to search any records other than emails and Slack communications—a large gap that needs to be addressed. *See* Exhibit B (Plaintiffs' email to Poloniex, 01/20/2023). And after digging through mounds of bank records produced by B/T Defendants, Plaintiffs found that multiple years' worth of financial records for over 100 accounts at more than 30 banks were missing, *see* Exhibit C (Plaintiffs' Deficiency Letter to B/T Defendants, 01/17/2023), which B/T Defendants are only just now seeking to produce.

Plaintiffs further need additional time to explore new evidence contained in Defendants' productions. Specifically, materials produced by B/T Defendants show that



---

[4] Plaintiffs are moving this same day for limited non-attorney and expert access to Anonymous Trader information, which should increase the speed of their review.



[REDACTED]

*See* Exhibit D (BITFINEX_TETHER_0301215, at p. 7). The B/T Defendants recently offered to run new search terms looking for [REDACTED] They will need time to implement these searches and Plaintiffs will need time to review the resulting productions.

In sum, Plaintiffs need time to review Defendants' critical and voluminous recent productions, remedy gaps in those productions, follow the information contained in those productions, prepare for depositions, and work with their experts. Under the Court's November 22, 2021 Civil Case Management and Scheduling Order, the deadline for all fact discovery is May 22, 2023. *See* ECF No. 194, at ¶ 6(h). Plaintiffs propose extending that deadline by 120 days, to September 19, 2023, (i.e., approximately four months, given that Defendants are continuing to make significant document productions into January 2023, four months after the original August 22, 2022 deadline).

Defendants have no valid basis to oppose Plaintiffs' request. The grounds they put forward in the parties' meet-and-confer sessions are meritless. *First*, they claimed that Plaintiffs did not push them to produce documents early in the discovery period—but Plaintiffs did, while Defendants hotly contested search parameters for months, delaying their production. *See* ECF No. 225 (recounting discovery correspondence between January and August 2022, with exhibits). *Second*, they said that Plaintiffs were late in subpoenaing Defendants' auditors and banks—but Plaintiffs first sought these materials from Defendants before burdening third parties, as is standard practice. *See, e.g., Harris v. Wells*, 1990 WL 150445, at *4 (D. Conn. Sept. 5, 1990) (staying discovery against "nonparties until it can be determined whether or not all the documents sought . . . can be obtained from the parties."). *Third*, Defendants asked Plaintiffs to forgo serving additional document requests or subpoenas as a condition of agreeing to any extension—but this could limit Plaintiffs from seeking relevant material based on information in Defendants' productions, [REDACTED] *Finally*, Defendants proposed an extension of only two months—but this is not sufficient for Plaintiffs to review and follow up on the large and complex material they recently received. Notably, while Plaintiffs did not oppose B/T Defendants' request to amend the schedule to give them two additional months to produce documents,[5] Defendants oppose giving Plaintiffs the time they need to complete their work, even though they could not identify any prejudice from that extension.

We are available to discuss at the Court's convenience.

---

[5] After first B/T Defendants moved to extend, ECF No. 224, Plaintiffs opposed because B/T Defendants had not properly met and conferred before doing so, ECF No. 225. After the Court ordered the parties to meet and confer, ECF No. 226, and B/T Defendants explained their basis, Plaintiffs did not oppose a renewed motion, ECF No. 227.



Respectfully submitted,

| | |
|---|---|
| /s/ Caitlin Halligan | /s/ Todd M. Schneider |
| Philippe Z. Selendy | Todd M. Schneider (*pro hac vice*) |
| Caitlin Halligan | Jason H. Kim (*pro hac vice*) |
| Andrew R. Dunlap | Matthew S. Weiler (*pro hac vice*) |
| SELENDY GAY ELSBERG PLLC | SCHNEIDER WALLACE COTTRELL |
| 1290 Sixth Avenue | KONECKY LLP |
| New York, NY 10104 | 2000 Powell Street, Suite 1400 |
| pselendy@selendygay.com | Emeryville, CA 94608 |
| challigan@selendygay.com | tschneider@schneiderwallace.com |
| adunlap@selendygay.com | jkim@schneiderwallace.com |
| | mweiler@schneiderwallace.com |

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*

Cc:   Abby Rudzin, Esq.
　　　Greg Hollon, Esq.
　　　Robert L. Lindholm, Esq.
　　　Elliot Greenfield, Esq.