

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

January 26, 2023

BY ECF AND EMAIL

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

*Re: In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.)

Dear Judge Failla:

We write on behalf of Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, DigFinex Inc., Tether Operations Limited, Tether International Limited, Ludovicus Jan van der Velde and Giancarlo Devasini (the "B/T Defendants") in response to Plaintiffs' letter requesting a four-month extension of all discovery and case deadlines. (Dkt. No. 274.)

The B/T Defendants do not believe that any extension of the deadlines is necessary. Plaintiffs claim they need more time to digest the documents that Defendants have produced, follow up on any perceived deficiencies, and prepare for depositions and class certification briefing. Under the current schedule, however, Plaintiffs have until May 22 to complete fact depositions and until June 22 to file a motion for class certification. Plaintiffs offer no good reason why they are unable to comply with those deadlines, much less why they now require four extra months.

Nonetheless, in light of the Court's clear guidance that the parties should seek to resolve disagreements and reach compromises wherever possible, Defendants offered not to oppose a request for an extension of two months. That offer was conditioned on Plaintiffs' agreement not to serve additional discovery requests, consistent with Plaintiffs' purported reason for seeking an extension. Plaintiffs rejected Defendants' attempts at compromise, refusing to consider anything less than four months without any restrictions on Plaintiffs' ability to serve yet more discovery requests.

The B/T Defendants will, of course, work within the current schedule or any revised schedule the Court might set. The B/T Defendants oppose any extension that would allow Plaintiffs to continue to burden the B/T Defendants with additional discovery requests, when the B/T Defendants have already devoted an extraordinary amount of time and resources in producing nearly *one million* pages of documents in response to Plaintiffs' extremely broad requests.

Two aspects of Plaintiffs' letter warrant a more detailed response:

*First*, Plaintiffs' attempt to blame their need for an extension on Defendants is entirely baseless. The B/T Defendants substantially completed their document production by the Court-ordered

The Honorable Katherine Polk Failla          2          January 26, 2023

deadline of October 24, 2022. Of the nearly one million pages of documents produced by the B/T Defendants, approximately 92% was produced on or before October 24, whether measured by document count or page count. Any remaining production will not impact the B/T Defendants' substantial completion by that deadline. Plaintiffs' citation to the percentage of documents produced after the original August 22 deadline (which the Court extended to October 24) is misleading and irrelevant, as it does not indicate a late production. (Dkt. No. 274 at 1.) With respect to Plaintiffs' recent letter regarding supposed "deficiencies" in the production of bank statements, the B/T Defendants dispute any significant deficiency and believe that production is largely complete. (*Id.* at 2.)

Plaintiffs' complaints about the burdens of document review merit little discussion, other than to note that it was Plaintiffs themselves who insisted on such broad discovery and refused to consider any overture to meaningfully narrow their requests, and Plaintiffs' counsel represented when the Roche Freedman firm was removed that they were fully prepared to take over the matter and move it forward expeditiously.

*Second*, Plaintiffs' desire to "explore new evidence" also is not a basis for an extension. (Dkt. No. 274 at 2-3.) With Sam Bankman-Fried and Alameda Research dominating the headlines in December 2022, Plaintiffs served two additional sets of document requests on the B/T Defendants seeking, among other things, "all communications" with Mr. Bankman-Fried or Alameda Research and "all documents" related to a 2022 "Signal group chat" involving Mr. Bankman-Fried that was reported in the *Wall Street Journal*. These new requests are completely unmoored from Plaintiffs' claims and amount to nothing more than an obvious fishing expedition.

The document that Plaintiffs quote in their letter has nothing to do with Plaintiffs' claim that the B/T Defendants issued unbacked USDT and inflated the price of bitcoin. (Dkt. No. 182 at 16.) Similarly, the "Signal group chat" reported in the *Wall Street Journal* involves concerns by Tether and others that Mr. Bankman-Fried was "trying to depeg stablecoins," including USDT.[1] It also took place in November 2022 – more than two years after the discovery period in this case.

Again, despite the fact that these new document requests are *completely* irrelevant to Plaintiffs' claims in this lawsuit, the B/T Defendants have sought to compromise and proposed additional search terms regarding Mr. Bankman-Fried and Alameda Research. Plaintiffs have not indicated whether they agree to those proposals.

Plaintiffs' new document requests make clear that, despite demanding and receiving an enormous amount of discovery, they still have no support for their misguided claims. Tellingly, *none* of the Plaintiffs' eleventh hour discovery concerns the Anonymous Trader, who has

---

[1] *See* "Rivals Worried Sam Bankman-Fried Tried to Destabilize Crypto on Eve of FTX Collapse," *Wall Street Journal*, Dec. 9, 2022, *available at* https://www.wsj.com/articles/rivals-worried-sam-bankman-fried-tried-to-destabilize-crypto-on-eve-of-ftx-collapse-11670597311.

The Honorable Katherine Polk Failla                3                          January 26, 2023

provided a sworn statement that he alone conducted the trading described in Plaintiffs' complaint.  Plaintiffs' attempt to pivot and find a new theory is not a basis to seek to extend discovery.  To the extent the Court is inclined to grant any extension of deadlines, it should not allow Plaintiffs to seek additional discovery from Defendants, above and beyond the extremely broad discovery that has already been produced.[2]

Respectfully submitted,

/s/ Elliot Greenfield

---

[2]   Counsel for Defendant Phil Potter has communicated to the B/T Defendants that Mr. Potter joins in this opposition to Plaintiffs' request.