

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Matthew G. Lindenbaum
Admitted in DC, MA, MD & VT
T: 617.217.4632
matthew.lindenbaum@nelsonmullins.com

One Financial Center, Suite 3500
Boston, MA 02111
T: 617.217.4700  F: 617.217.4710
nelsonmullins.com

January 26, 2023

**VIA ECF AND ELECTRONIC MAIL**

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

*Re:    In re Tether and Bitfinex Crypto Asset Litigation, 19-CV-09236 (KPF)*

Dear Judge Failla:

I write on behalf of Poloniex, LLC ("Poloniex") in response to Plaintiffs' January 23, 2023 letter to this court (ECF No. 274). In September 2020, Poloniex and Bittrex, Inc. provided Plaintiffs with an affidavit from the Anonymous Trader disproving their entire theory of the case. At that time, Plaintiffs refused to dismiss Poloniex. Almost two and a half years later, with written discovery substantially complete, Plaintiffs must realize that there is no support for their claims against Poloniex. Rather than dismiss Poloniex, Plaintiffs instead served Poloniex with second and third sets of discovery, unrelated to their claims in this action, but instead on topics like the collapse of FTX and Sam Bankman-Fried. Now, on the deadline for substantial completion of fact discovery,[1] Plaintiffs seek to extend that deadline by 4 months (which would be a total of ***17 months of document discovery***) as well as all other deadlines, so they can pursue manufactured disputes concerning irrelevant discovery requests. This Court should deny the extension.

**Plaintiffs Have Not Demonstrated "Good Cause" Because They Were Not Diligent.**

Plaintiffs cannot demonstrate the "good cause" required to grant their request because they did not pursue discovery diligently. Federal Rule of Civil Procedure 16(b)(4) provides that a court can modify its schedule "only for good cause and with the judge's consent." "Rule 16(b)'s "good

---

[1] This Court's Individual Rules of Practice in Civil Cases make clear that "if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief it seeks, let alone more time for discovery." (Individual Rule 3.C.) Plaintiffs' request seeks to extend all deadlines, including the January 23, 2023 deadline for the substantial completion of fact discovery. Plaintiffs filed their request *3 hours before the deadline* for the substantial completion of fact discovery.

Judge Failla
January 26, 2023
Page 2

cause" standard requires the court to inquire into the "diligence of the moving party" in addition to considering "other relevant factors including, in particular . . . prejudice [to the non-moving party]." *Eastman Chem. Co. v. Nestle Waters Mgmt. & Tech.*, No. 11 Civ 2589 (KPF), 2014 WL 1316772, at *4 (S.D.N.Y. Apr. 1, 2014) (Failla, J.). "[T]he primary consideration [in a Rule 16(b) analysis] is whether the moving party can demonstrate diligence." *CAC Atl., LLC v. Hartford Fire Ins. Co.*, 1:16-cv-5454-GHW, 2017 WL 3149340, at *2 (S.D.N.Y. July 25, 2017).[2]

Plaintiffs have not pursued discovery with diligence.  In their letter, Plaintiffs fail to mention that (1) it took them *nearly 2 months* to reach out to set up a meet and confer following receipt of Poloniex's responses and objections to Plaintiffs' first set of discovery requests; (2) although Plaintiffs offered to propose search terms on March 22, 2022, it was not until May 10, 2022—*almost 7 weeks later*—that Plaintiffs sent to Poloniex draft search terms; and (3) Plaintiffs failed to respond to Poloniex's June 20, 2022 search term counterproposal until *almost 2 months later*, on August 12, 2022.

Plaintiffs claim "delays" in Poloniex's document productions—but, in fact, the actual delays have been in Plaintiffs' review of those productions.[3]  Plaintiffs argue that Poloniex produced "complex" documents which "Plaintiffs and their experts need time to fully review"—including "dozens" of Excel spreadsheets containing trade, deposit, and withdrawal information. But Poloniex produced those documents in April 2022, *approximately 9 months ago*.[4]

Plaintiffs argue that they need additional time to work with Defendants "in light of important deficiencies in their productions."  Plaintiffs state that Poloniex produced "several years worth of deposit and withdrawal records" in December 2022.  But as noted above, Poloniex produced that data originally in April 2022 and it was not until *7 months later* that Plaintiffs raised questions with the production, which Poloniex promptly resolved well over a month ago.

Plaintiffs argue that they need additional time because "Poloniex stated that it has failed to search any records other than emails and Slack communications."  As a gating issue, that is a mischaracterization of the parties' meet and confer.  Substantively, it is also incorrect.  Poloniex has produced data on millions of transactions, Know-Your-Customer ("KYC") due diligence records for numerous accounts, financial data, relevant policies and procedures, and other corporate files along with communications collected from email and Slack.  Poloniex has not

---

[2] *See also Griffith v. Metro. Transit Auth.*, No. 19CV6234ATKHP, 2021 WL 50859, at *2 (S.D.N.Y. Jan. 6, 2021) ("any interpretation and application of Rule 16 must be consistent with . . . Rule 26's mandate to limit the extent of discovery when 'the party seeking discovery has had ample opportunity to obtain the information' within the schedule set by the court.").

[3] Plaintiffs' argument that Poloniex produced 95% of all of its produced documents "on or after August 22" is misleading.  Plaintiffs fail to mention that Poloniex produced less than 1,000 pages of documents after the deadline for substantial completion of document productions (less than 0.01% of the pages of documents produced by all parties in this matter).  These documents relate to 6 of Plaintiffs' 76 requests and generally represent categories of documents subject to negotiations between Poloniex and Plaintiffs that extended after the substantial completion deadline.  Ironically, Plaintiffs have produced 7,596 pages of documents after the deadline for substantial completion of document productions, including 4,233 pages of documents produced on January 20, 2023.

[4] Similarly, Plaintiffs state that Poloniex, among others, produced "hundreds of extended instant-message transcripts."  Poloniex is not aware of a single instant message chain it produced over 9 pages.

Judge Failla
January 26, 2023
Page 3

identified any communications for the agreed upon custodians other than email and Slack messages.[5] Plaintiffs feign surprise over this, but Poloniex informed previous counsel, Roche Freedman LLP, in the parties' first discovery meet and confer session over 9 months ago, that the only available forms of communication available for these custodians were email and Slack messages. Plaintiffs raised no objection. Poloniex should not be responsible for the Plaintiffs' counsels' challenges in transitioning discovery responsibilities.

**Poloniex Would be Prejudiced by a 120-Day Extension of Discovery.**

The nature of Plaintiffs' recent discovery requests, and their lack of relevance to this action, demonstrate the prejudice Poloniex will suffer if the 4 month extension is allowed. Plaintiffs served Poloniex with a second set of interrogatories and requests for production on December 7, 2022 and then a third set of requests for production on December 13, 2022—*12 months after the start of discovery*. The new requests and interrogatories bear no relationship to Plaintiffs' theory against Poloniex—an alleged scheme to manipulate cryptocurrency prices through two specific accounts Plaintiffs claim were owned or controlled by Bitfinex, but were in fact owned by the Anonymous Trader.

For example, on December 9, 2022, the *Wall Street Journal* reported on a Signal chat from November 2022, where people involved in the crypto industry discussed the implosion of FTX and the allegations against Sam Bankman-Fried. In their third set of document requests, Plaintiffs request that Poloniex produce all communications relating to that Signal chat—even though the chat has nothing to do with Poloniex, nothing to do with the claims in this action, and even though Poloniex ceased operating the Exchange more than three years before the chat took place.[6]

Similarly, Plaintiffs' second set of interrogatories and document requests seek the top 100 highest frequency traders of Bitcoin on the Poloniex exchange and their entire transaction history, the top 50 largest USDT holders on the Poloniex exchange and their entire transaction history, and all transactions in which Poloniex brought USDT online from cold wallets to hot wallets. These interrogatories and document requests—which have nothing to do with the allegations or issues in this action—demonstrate what the next four months of this case will look like if this Court grants Plaintiffs' extension request and the prejudice that Poloniex will suffer.

Plaintiffs' request to extend all discovery and case deadlines by 120 days will prejudice Poloniex and is sought after Plaintiffs failed to exercise diligence in pursuing discovery. Poloniex asks the Court to deny the request so that this case can move closer to a resolution on the merits.

---

[5] Although Plaintiffs' January 20, 2023 email to counsel for Poloniex requests Poloniex "investigate whether its employees used text messages, Signal, Telegram, and any other means of communication," Poloniex already provided Plaintiffs with this exact information nearly a year ago in response to Plaintiffs' first set of interrogatories: "Poloniex states the following communication systems were used by Poloniex employees at various points in time from July 1, 2014 to November 4, 2019: Email, Slack, Skype, Pidgin, WeChat, Google Hangouts, Mobile phones, Telegram, Signal, Freshdesk, and Zendesk."

[6] Plaintiffs also contend in their letter that they need an additional four months to seek additional discovery relating to communications between the B/T Defendants and Alameda Research LLC or Sam Bankman-Fried. But these communications have nothing to do with Poloniex—or their claims in general.

Judge Failla
January 26, 2023
Page 4

                                          Respectfully submitted,

                                          Matthew G. Lindenbaum