

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

**Abby F. Rudzin**
D: +1 212 326 2033
arudzin@omm.com

January 26, 2023

**VIA ECF AND E-MAIL**

The Honorable Katherine Polk Failla
U.S. District Court for the Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, No. 1:19-cv-09236-KPF

Dear Judge Failla:

We represent Defendant Bittrex, Inc., and write in opposition to Plaintiffs' January 23 letter motion seeking a 120-day extension of all discovery and case deadlines.  (ECF No. 274.)

On November 22, 2021, the Court entered the Civil Case Management Plan, which provides 18 months for the completion of fact discovery.  (ECF No. 194 (the "Case Management Plan").)  The Case Management Plan adopted Plaintiffs' proposed schedule of 18 months for discovery rather than the shorter period Defendants proposed.  (*See* ECF No. 195.)  As Defendants noted when proposing their schedule, a discovery period of 18 months is an outlier in this district.  (*See* ECF No. 193 (collecting cases)).  Having achieved that victory and received their requested 18 months, Plaintiffs now ask the Court for another 4.  Plaintiffs' request should be denied.

Plaintiffs have had more than a year to collect and review documents and pursue depositions and still have 4 months left under the Case Management Plan.  Plaintiffs fail to explain why they instead need *8 more* months to finish their document review and conduct depositions—more than the six months *total* to which this Court defaults for discovery.  (*See* Rule 3B of Judge Failla's Individual Rules of Practice in Civil Cases (requiring no Rule 16 conference "[i]f the parties agree on a schedule that calls for the close of all discovery within six months").)

Moreover, Plaintiffs' request comes shortly after their counsel represented to the Court that the current counsel team was "fully prepared and fully capable to move [this] litigation forward expeditiously."  (Ex. A. (Transcript of October 3, 2022 Oral Argument) at 23.)  A significant percentage of Defendants' documents had been produced by the date of that representation—Bittrex has produced fewer than 2,000 documents since then—yet counsel raised no concern about their ability to review documents and instead projected only confidence that they could move "expeditiously."  Plaintiffs' counsel even opposed having other lawyers come in to replace Roche Freedman on the ground that it would "likely require extensions to the discovery schedule while [the new lawyers] familiarize themselves with the case."  (ECF No. 248.)  Yet now those same confident counsel are themselves seeking an extension.

Austin  •  Century City  •  Dallas  •  Los Angeles  •  Newport Beach  •  New York  •  San Francisco  •  Silicon Valley  •  Washington, DC
Beijing  •  Brussels  •  Hong Kong  •  London  •  Seoul  •  Shanghai  •  Singapore  •  Tokyo

O'Melveny

---

   In any event, Plaintiffs have hardly shown the diligence in pursuing discovery to justify such a lengthy extension.  *See, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 2004 WL 802414, at *6 (S.D.N.Y. Apr. 15, 2004) (refusing discovery extension because movant failed to show diligence in pursuing discovery).  After Bittrex served its responses and objections to Plaintiffs' first set of document requests, Plaintiffs waited nearly two months before raising any concerns or requesting a meet-and-confer.  And during that meet-and-confer, Plaintiffs stated that they would provide Bittrex with proposed search terms, taking another month to do so.  It also took Plaintiffs a month to respond to Bittrex's counter-proposal on those terms.  And in October, as the parties had almost reached agreement on the search terms, Plaintiffs suddenly demanded four additional custodians from Bittrex.  Ultimately Bittrex completed its document production less than two months after the search parameters were finalized—two months that included the Christmas holidays.  Bittrex could have easily completed its document production earlier if Plaintiffs had been more diligent in negotiating the scope of that review and production.

   Simply put, Plaintiffs have not shown why they need ***22 months*** to complete discovery. Their request for an additional 4 months should be denied.

   We are available to discuss at the Court's convenience.

          Respectfully submitted,

          */s/ Abby F. Rudzin*

          Abby F. Rudzin
          *of* O'Melveny & Myers LLP

          *Counsel for Defendant Bittrex, Inc.*

Encls.

cc: All Counsel of Record via ECF