

January 23, 2023

**Via ECF and E-mail**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY  10007



**Re:** *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla,

    Plaintiffs write, pursuant to this Court's Individual Rule 2(c) and your Order dated November 22, 2021, Dkt. 195, to seek approval to share unredacted information concerning the Anonymous Trader with a limited number of non-attorney employees and expert witnesses, subject to their agreement to be bound by this Court's Orders concerning the confidentiality of the Anonymous Trader's materials. *See* Exhibit A (listing non-attorney employees). Plaintiffs sought Defendants' consent to this motion; Defendants asked Plaintiffs to ask the Trader directly for his position. The Trader consents to Plaintiffs' request with respect to the employees but opposes it with respect to Plaintiffs' expert witnesses and their support teams. *See* Exhibit B. Defendants take no position separate from the Trader's position.

    The redaction procedure currently in place, *see* Dkt. 215 at 3, under which only attorneys can view the Trader's personal information, has come to pose a great burden on Plaintiffs. Defendants produce documents containing that information without redaction. Because Plaintiffs' discovery management platform is maintained by and accessible to non-attorney litigation staff—as is typical for such systems—Plaintiffs must then search for and redact the Trader's information from those documents before loading it into that system. Plaintiffs cannot use regular litigation support specialists to redact the Trader's information, as is the normal course for redactions. They must use a barred attorney who is "Plaintiffs' counsel" within the meaning of Dkt. 195. This specialist must personally redact thousands of documents containing the Trader's identifying information before those documents can be uploaded to the platform. In simplified form, to effect these redactions, he must:

    1.    Identify all Image files that are designated Attorney's Eyes Only;

    2.    Review those Image files for Trader-related information;

    3.    Redact, export, and overwrite each Image file in question, one by one;

Hon. Katherine Polk Failla
January 23, 2023

    4.      Repeat Steps (1) through (3) on any corresponding native and text files;

    5.      Review all metadata files for identifying information and redact them;

    6.      Quality-check the production to ensure no sensitive information has slipped through the cracks; and, finally,

    7.      Reconvert the Image files with implemented redactions to conform to production standards.

This intricate, costly process is slowing down this litigation.[1] Plaintiffs' specialist has spent over 200 hours redacting thousands of documents comprising tens of thousands of pages that contain the Trader's information. Other attorneys have likewise spent significant time tracking redactions, downloading files produced, and working to resolve ancillary problems arising from those redactions. Because no documents can be uploaded to Plaintiffs' discovery management platform until after they are reviewed and redacted in this way, Plaintiffs cannot begin to review what Defendants produce until days (sometimes, weeks) after they receive the information.

This problem has grown as discovery has progressed. The Trader's information is sprinkled throughout Defendants' files, including large Excel files containing significant transaction data, Slack transcripts, Skype and Telegram chat logs, e-mails, support tickets, and banking records. This information often appears multiple times within these documents, so the number of redactions needed is significantly higher than the total document count. Bittrex's Volume 5 Production, produced on December 23, 2022, for example, contained only 72 documents, but had 404 image files that needed 1,774 redactions. Those redactions had to be implemented in image files, extracted text files, and metadata load files so that the Trader's information could not be searchable on Plaintiffs' document hosting platform, tripling the number of redactions required to 5,322. This problem continues, as Defendants have more documents to produce.

This problem uniquely prejudices Plaintiffs. Plaintiffs are subject to this restriction, Dkt. 215 at 1, but Defendants are not required to conceal the same information from their non-attorney employees or experts. Plaintiffs thus are often delayed in reviewing documents, identifying gaps in production, and following up on identified information, while Defendants are completely unaffected.

This problem also hinders Plaintiffs' work with their experts. The number of documents Plaintiffs must submit to experts for analysis is in the thousands. Searching for the Trader's name and identifying information in these documents and metadata—which often contain names and transaction data for hundreds of other individuals—before Plaintiffs may provide them to their experts takes additional time, costs additional money, and threatens further delay. Plaintiffs' experts need access to the Trader's data itself as well

---

[1] For this reason and others, Plaintiffs are seeking an extension of the fact discovery deadline.  *See* Plaintiffs' Motion for Extension of Time (Jan. 23, 2023).

as communications revealing a high degree of coordination. Expert review is necessary to analyze the Trader's alleged cross-exchange arbitrage strategy and assess its impact on Plaintiffs' manipulation theories.

While the Trader seeks to keep his information from Plaintiffs' experts, there is no valid basis for doing so. The Trader has not sought to restrict Defendants from sharing the same information with Defendants' experts. Yet neither he, nor Defendants, have any basis to suggest that Plaintiffs' experts—who would commit to be bound by the same restrictions that bind the parties' counsel—are any less likely to safeguard that information than experts hired by Defendants, who may review that same information now. That is, the Trader has not identified any increased threat to his privacy or security relating from the requested limited disclosure to litigation experts who would be bound by court order to keep that information fully confidential.

In short, the process resulting from this Court's Order of April 20, 2022, Dkt. 215 at 3, has proved unworkable, especially as the volume of documents containing the Trader's information has increased. It is administratively complex, imposes a significant, one-sided burden on Plaintiffs, and hinders Plaintiffs' ability to prosecute this action. Plaintiffs therefore seek the Court's leave to permit the non-attorney employees listed in Exhibit A, as well as Plaintiffs' expert witnesses and those witnesses' support staff, to access documents concerning the Trader's information. *See* Dkt. 195 at 2. Since Defendants are not yet entitled to know the identities of Plaintiffs' experts, Plaintiffs have not included their identities in Exhibit A, but would submit their (and their support staff's) identities to the Court for *in camera* review upon request. *See* Fed. R. Civ. P. 26(a)(2); Dkt. 194, ¶ 6(*i*)(i) (scheduling deadline for expert disclosure on July 22, 2023). This revised procedure will strike an appropriate balance between Plaintiffs' need to prosecute their case and the Trader's interest in his security.[2]

---

[2] Alternatively, if the Court is inclined to decline the relief sought for Plaintiffs' experts, Plaintiffs request that the Court order Defendants to begin producing one unredacted copy as well as a redacted copy of all documents containing the Trader's personally identifying information. Plaintiffs alone should not bear the burden and prejudice this process has imposed.

Hon. Katherine Polk Failla
January 23, 2023

Respectfully submitted,

| */s/ Caitlin Halligan* | */s/ Todd M. Schneider* |
|---|---|
| Philippe Z. Selendy | Todd M. Schneider (*pro hac vice*) |
| Caitlin Halligan | Jason H. Kim (*pro hac vice*) |
| Andrew R. Dunlap | Matthew S. Weiler (*pro hac vice*) |
| Laura M. King | SCHNEIDER WALLACE COTTRELL |
| SELENDY GAY ELSBERG PLLC | KONECKY LLP |
| 1290 Sixth Avenue | 2000 Powell Street, Suite 1400 |
| New York, NY 10104 | Emeryville, CA 94608 |
| pselendy@selendygay.com | tschneider@schneiderwallace.com |
| challigan@selendygay.com | jkim@schneiderwallace.com |
| adunlap@selendygay.com | mweiler@schneiderwallace.com |
| lking@selendygay.com | |

cc: All Counsel of Record (via ECF)

4

The Court is in receipt of Plaintiffs' above letter requesting modification of the protocol for confidential treatment of the Anonymous Trader's information (Dkt. #277-78), as well as a response from the Anonymous Trader (Dkt. #286). As an initial matter, the Court appreciates Plaintiffs' work to accommodate the Anonymous Trader as it relates to sharing of his information with non-attorney staff, as well as the Anonymous Trader's agreement that the staff listed in Exhibit A to Plaintiffs' letter be allowed to access unredacted versions of documents related to the Anonymous Trader as long as such staff agree to be bound by the protective order in this case. Accordingly, the Court modifies the redaction procedure presently in place (Dkt. #215) in line with Plaintiffs' and the Anonymous Trader's agreement, such that these non-attorney staff can access unredacted documents if they agree to be bound by the protective order.

The crux of this dispute, then, is whether the Court's protocol for treatment of the Anonymous Trader's information should be modified as it relates to sharing information with experts or other non-firm staff. On this issue, the Court agrees with the Anonymous Trader, and will not modify the redaction procedure such that experts or other third parties can access unredacted information or documents. As the Court has explained multiple times, and as the Anonymous Trader has reiterated in his latest letter, Anonymous Trader has a clear privacy interest in limiting his personal information from being shared in this case. Although the Court is aware that its prior Orders restricting the dissemination of non-redacted documents and information impose burdens on Plaintiffs, the Court does not believe that such burdens outweigh the Anonymous Trader's interest in safeguarding his personal information and identity. Indeed, the Court has appointed Plaintiffs' firms because of their representations that they are capable and willing to address the demands of this case, of which this issue is one. Further, as it relates to experts, the Court presumes that Plaintiffs are submitting only a subset of documents to their experts for review, thus easing the burden of reviewing and redacting these documents in line with the Court's prior Orders.

To be clear, the Court does not distrust any party to this case; it simply recognizes the reality that the Anonymous Trader's privacy may be compromised by a wider distribution of his personal information. The Court understands Plaintiffs' current concern that Defendants may not be subject to the same protocol regarding treatment of the Anonymous Trader's information. Because the Court has set a conference to discuss discovery-related issues in this case, the parties should come prepared to discuss whether Defendants must also be subject to the Court's prior Orders regarding dissemination of the Anonymous Trader's information to experts and other third parties.

The Clerk of Court is directed to terminate the pending motions at docket entries 277 and 278.

SO ORDERED.

Dated:   January 27, 2023
         New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE