


February 23, 2023

**Via ECF and E-mail**
The Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

**Re:**  *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla:

Pursuant to the Amended Civil Case Management Plan and Scheduling Order, ECF No. 298 at ¶ 6(c), Plaintiffs ask the Court for permission to serve an interrogatory (Interrogatory No. 12) asking Bittrex to identify all accounts on its exchange owned or controlled by the B/T Defendants. Ex. A. An interrogatory is appropriate here because it is the least burdensome and most efficient means of gathering this information.[1]

Plaintiffs first provided Bittrex with Plaintiffs' Second Interrogatories and RFPs directed to Bittrex, which included Interrogatory 12, on December 7, 2022. On December 23, 2022, Bittrex informed Plaintiffs that it believed Plaintiffs had to move for leave to serve them. The parties met and conferred regarding the interrogatories on January 12, 2023, then negotiated via email on January 16, January 17, January 20, 2023, January 24, 2023, January 30, 2023, and February 2, 2023. Ex. B. On February 12, 2023, Plaintiffs offered Bittrex the following compromise:

> Plaintiffs are prepared to forgo, and not re-serve, Interrogatory Nos. 11, 13, and 14 and RFP Nos. 71, 73, and 74, if Bittrex will agree to not oppose the service of, and will agree to respond to, Interrogatory No. 12, and its associated RFP No. 72. This offer is contingent upon the parties reaching agreement as to the individuals and entities whose records will be searched in response to Interrogatory No. 12 and RFP No. 72.

Ex. C.

Bittrex responded to Plaintiffs by letter on the evening of February 21, 2023, saying that they "appreciated" Plaintiffs' offer, but not saying whether not they would oppose Plaintiffs'

---

[1] Plaintiffs are simultaneously moving for permission to serve a similar interrogatory on Poloniex. Poloniex has agreed not to oppose that motion and that an interrogatory is a less burdensome method of delivering this information than a deposition.

motion. *See* Ex. D (A. Rudzin to Plaintiffs (Feb. 21, 2023), at 2).[2] As they informed Bittrex on February 22, 2023, Plaintiffs thus understand that Bittrex has not accepted Plaintiffs' offer, hence the parties are at impasse. *See* Ex. E (Letter, A. Dunlap to Bittrex (Feb. 22, 2023)).

Pursuant to Local Civil Rule 33.3(b)(1), interrogatories may be served during discovery "if they are a more practical method of obtaining the information sought than a request for production or a deposition[.]" Courts in the Southern District of New York approve of the use of interrogatories under Rule 33.3(b) where doing so would be more economical and less burdensome on the responding party than the alternatives. *See, e.g., PKF Int'l Corp. v. IBJ Schroder Leasing Corp.*, 1996 WL 525862, at *8 (S.D.N.Y. Sept. 17, 1996); *NRDC v. Fox*, 1996 WL 497024, at *3 (S.D.N.Y. Aug. 30, 1996).

Interrogatory No. 12 seeks accounts owned or controlled by the B/T Defendants, so Plaintiffs may analyze the trading patterns, and manipulative effect, of these accounts. This information should be readily accessible to Bittrex via searches of names provided by Plaintiffs. It would be inefficient to rely on a deposition for this information because an individual would not be able to memorize this information without a list of the information—which is what the Interrogatory requests. Similarly, Plaintiffs cannot rely on RFPs because they cannot be certain of the ownership of wallets or account numbers that appear amongst the thousands of pages of documents that Bittrex has produced. Courts in the Southern District of New York have granted the use of interrogatories under substantially similar circumstances, especially with regard to identifying account numbers or financial transactions. *See e.g. Madanes v. Madanes*, 186 F.R.D. 279, 290 (S.D.N.Y. 1999) ("[I]nterrogatories are a more efficient means of identifying accounts than either demands for account documents or depositions of witnesses who could hardly be expected to have comprehensive memories of their financial affairs."); *In re Weatherford Int'l Sec. Litig.*, 2013 WL 5788680, at *3 (S.D.N.Y. Oct. 28, 2013) ("It would be inefficient to rely on witnesses at deposition to accurately recall a series of specific financial transactions made … years ago") (collecting cases).

Plaintiffs respectfully request permission to serve Interrogatory No. 12 on Bittrex.

---

[2] In its letter, Bittrex said that it had not found accounts in the names of B/T Defendant entities that Plaintiffs had provided. It also offered to consider searching for other accounts if Plaintiffs provided identifying information. Plaintiffs are glad to meet and confer with Bittrex regarding its responses to the Interrogatory, but do not believe the parties should delay asking the Court for leave to serve the Interrogatory in the first instance.

Respectfully submitted,

| | |
|---|---|
| /s/ Caitlin Halligan | /s/ Todd M. Schneider |
| Philippe Z. Selendy | Todd M. Schneider (*pro hac vice*) |
| Caitlin Halligan | Jason H. Kim (*pro hac vice*) |
| Andrew R. Dunlap | Matthew S. Weiler (*pro hac vice*) |
| SELENDY GAY ELSBERG PLLC | SCHNEIDER WALLACE COTTRELL |
| 1290 Sixth Avenue | KONECKY LLP |
| New York, NY 10104 | 2000 Powell Street, Suite 1400 |
| pselendy@selendygay.com | Emeryville, CA 94608 |
| challigan@selendygay.com | tschneider@schneiderwallace.com |
| adunlap@selendygay.com | jkim@schneiderwallace.com |
| | mweiler@schneiderwallace.com |

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*