

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

February 28, 2023

BY ECF AND EMAIL

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

*Re:  In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.)

Dear Judge Failla:

We write on behalf of Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, DigFinex Inc., Tether Operations Limited, Tether International Limited, Ludovicus Jan van der Velde and Giancarlo Devasini (the "B/T Defendants") to join in Defendant Bittrex, Inc.'s opposition to Plaintiffs' February 23 letter motion requesting leave to serve an interrogatory on Bittrex seeking identification of "all accounts on its exchange owned or controlled by the B/T Defendants."  (Dkt. Nos. 301, 304.)

The B/T Defendants oppose Plaintiffs' letter motion insofar as it seeks identification of wallet addresses or accounts for individuals or entities beyond the B/T Defendants themselves.  Plaintiffs' assertion that the B/T Defendants owned or controlled the addresses and accounts for *ninety-nine* individuals and entities based on tangential and irrelevant purported "affiliations" with the B/T Defendants borders on the absurd.  (Dkt. No. 301-2 at 2-4.)  To name just a few examples, Plaintiffs seek sensitive financial information for numerous individuals and entities on the basis that they purportedly were (*i*) shareholders in one or more of the B/T Defendants, (*ii*) current or former employees or officers of the B/T Defendants, or (*iii*) a "B/T affiliate entity" (without further explanation).  One of those purported "shareholders" is a counsel of record for the B/T Defendants in this lawsuit.  Five individuals or entities are listed on the sole basis that they purportedly engaged in a "telegram chat."  Plaintiffs offer no basis whatsoever to conclude that the B/T Defendants own or control the accounts of *any* of those individuals or entities.  Plaintiffs' proposed interrogatory is a gross overreach, shows no regard for relevance or privacy interests, and should be denied.

Should Plaintiffs be granted leave to serve this interrogatory, the B/T Defendants intend to move for a protective order limiting its scope to the named B/T Defendants.  The B/T Defendants take the same position with respect to Plaintiffs' proposed "similar interrogatory" to Poloniex.  (Dkt. Nos. 299, 301 at 1 n.1.)

Respectfully submitted,

/s/ Elliot Greenfield