

February 28, 2023

**Via ECF and E-mail**
The Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla:

Under Section 6(c) of the Case Management Order, ECF 298, Plaintiffs respectfully request permission to serve Interrogatories on Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether Limited, Tether International Limited, DigFinex Inc., Giancarlo Devasini, and Ludovicus Jan van der Velde (the "B/T Defendants").

Under Local Civil Rule 33.3(b)(1), a party may serve interrogatories "if they are a more practical method of obtaining the information sought than a request for production or a deposition." Courts in this District approve interrogatories if they would be more economical and less burdensome on the responding party than the alternatives. *See, e.g.*, *PKF Int'l Corp. v. IBJ Schroder Leasing Corp.*, 1996 WL 525862, at *8 (S.D.N.Y. Sept. 17, 1996); *NRDC v. Fox*, 1996 WL 497024, at *3 (S.D.N.Y. Aug. 30, 1996).

Plaintiffs sent the B/T Defendants five Interrogatories in November 2022. Ex. A. On December 23, 2022, the B/T Defendants asserted that the Court's Case Management Order required Plaintiffs to move the Court for leave to serve them. Ex. B. Since then, Plaintiffs have diligently communicated with the B/T Defendants, including meeting and conferring and exchanging correspondence on January 6, 13, 16, 19, February 8, 10, 13, 16, 22, and 27, 2023. Exs. C-H. The B/T Defendants have now agreed not to oppose Plaintiffs' motion to serve three Interrogatories, subject to agreed-upon conditions set forth below. Exs. F, G & H; Ex. K (revised Interrogatories).

**I.   Interrogatory No. 13**

Plaintiffs ask the Court for permission to serve Interrogatory No. 13, which asks the B/T Defendants to identify all account(s) holding Reserves from February 17, 2015 to June 5, 2020, including the time period during which the account held the Reserves, the name and location of the bank or financial institution with which such account is or was held, and the name, address, and contact information of the account holder. Exs. F-H; K.

Plaintiffs need to know the full scope of these accounts to assess whether USDT was fully backed by U.S. dollars, as the B/T Defendants represented. While the Court compelled the B/T Defendants to produce documents sufficient to show these reserves, ECF 247, they have not

produced documents that clearly do so. ▮

▮ ECF 274-3 (Plaintiffs' Jan. 17 Deficiency Letter). Plaintiffs cannot confirm from these documents which accounts held reserves, and the B/T Defendants contend that some of the accounts did not hold reserves backing USDT. Ex. I at 1 (B/T Defendants' Feb. 3 Response to Plaintiffs' Jan. 17 Deficiency Letter). Interrogatory No. 13 is a practical and efficient method of obtaining a clear list of the purported reserve accounts from the B/T Defendants.

The B/T Defendants do not oppose Plaintiffs' motion to serve the interrogatory that asks them to identify all account(s) holding Reserves from February 17, 2015 to June 5, 2020, on the condition that the B/T Defendants may respond by referring, by Bates number, to documents they have already produced. Exs. F & G.

On February 27, 2023, the B/T Defendants informed Plaintiffs that their agreement did not "include an agreement to provide, for each account, 'the time period during which the account held the Reserves, the name and location of the bank or financial institution with which such account is or was held, and the name, address, and contact information of the account holder.'" Ex. H at 2. They added that "[m]ost or all of [such] information" "may be included in the documents that [they]" plan to identify, and they refused to do additional search for any missing information. *Id.* To the extent that the B/T Defendants are opposing Plaintiffs' motion to *serve* Interrogatory No. 13, Plaintiffs respectfully request the Court to grant Plaintiffs' motion over the B/T Defendants' opposition. To the extent that the B/T Defendants do not oppose Plaintiffs' current motion and are reserving their rights regarding what constitutes a sufficient *response* to Interrogatory No. 13 after it is served, Plaintiffs also reserve their rights over the sufficiency of the B/T Defendants' response. The parties have agreed to meet and confer if they disagree over whether the documents the B/T Defendants identify in response to Interrogatory 13 are sufficient. *See* Ex. F at 2; Ex. G at 2.[1]

---

[1] Without reviewing any documents that B/T Defendants may identify in response to Interrogatory No. 13, Plaintiffs cannot agree that identifying those documents will be a sufficient response and reserve all rights to seek additional information. ▮

## II.     Interrogatories No. 14 and 15

Plaintiffs ask the Court for permission to serve (1) Interrogatory No. 14, which asks the B/T Defendants to identify the wallet addresses that the B/T Defendants used for their stablecoin transactions (including, without limitation, USDT) and cryptocurrency transactions on any crypto exchange, trading platform, or the blockchains identified in RFP 22 (*i.e.*, Bitcoin, Bitcoin Cash, Ethereum, Ethereum Classic, Litecoin, Monero, Dash and ZCash (including any fork)) between February 17, 2015 and June 5, 2020; and (2) Interrogatory No. 15, which asks the B/T Defendants to identify the wallet addresses and accounts that held USDT that had been authorized but not issued between February 17, 2015 and June 5, 2020. Exs. F-H; K.

Plaintiffs need this information to determine if the B/T Defendants used those accounts to manipulate crypto-commodity prices. While the Court compelled the B/T Defendants to produce documents sufficient to show this information, ECF 247, and the B/T Defendants have produced some documents containing some wallet addresses and accounts, they have not produced documents that clearly state who owned the wallet addresses and accounts and the purpose of each. Interrogatory Nos. 14 and 15 are a practical and efficient method of obtaining the requested information from the B/T Defendants.

The B/T Defendants do not oppose Plaintiffs' motion to serve these two Interrogatories and to provide the information requested on condition that Plaintiffs will not oppose an interrogatory from the B/T Defendants[2] that seeks identification of Plaintiffs' wallet addresses and the corresponding blockchain exchange, or trading or custodian platform during the relevant period, and to provide the information requested. Exs. F, G & H. Plaintiffs have agreed not to oppose such an interrogatory from the B/T Defendants, if they elect to move for permission to serve it.

*     *     *

Interrogatories are the most practical way to obtain the information sought herein. Plaintiffs tried to obtain much of this information through documents but could not get clear or complete answers. It is not feasible to ask a Rule 30(b)(6) deponent to memorize and recite bank accounts, crypto wallets, and lists of assets. *Madanes v. Madanes*, 186 F.R.D. 279, 289-90 (S.D.N.Y. 1999) (allowing plaintiffs to serve interrogatories seeking "identification of bank accounts, brokerage accounts, and the like, maintained, used, or owned by the [defendants]" as "interrogatories are a more efficient means of identifying accounts than either demands for account documents or depositions of witnesses could hardly be expected to have comprehensive memories of their financial affairs."). The proposed Interrogatories seek "comparatively simple responses," *E*Trade Financial Corp. v. Deutsche Bank, AG*, 2006 WL 3267267, at *1 (S.D.N.Y. Nov. 13, 2006), and the requested information should be "readily accessible to [the B/T Defendants] and should be retrievable with minimum burden." *NRDC v. Fox*, 1996 WL 497024, at *3.

---

[2] The B/T Defendants have not yet proposed, or moved to serve, this Interrogatory.

Respectfully submitted,

| | |
|---|---|
| /s/ Caitlin Halligan | /s/ Todd M. Schneider |
| Philippe Z. Selendy | Todd M. Schneider (*pro hac vice*) |
| Caitlin Halligan | Jason H. Kim (*pro hac vice*) |
| Andrew R. Dunlap | Matthew S. Weiler (*pro hac vice*) |
| SELENDY GAY ELSBERG PLLC | SCHNEIDER WALLACE COTTRELL |
| 1290 Sixth Avenue | KONECKY LLP |
| New York, NY 10104 | 2000 Powell Street, Suite 1400 |
| pselendy@selendygay.com | Emeryville, CA 94608 |
| challigan@selendygay.com | tschneider@schneiderwallace.com |
| adunlap@selendygay.com | jkim@schneiderwallace.com |
| | mweiler@schneiderwallace.com |

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*