# Exhibit K

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Tether and Bitfinex Crypto Asset Litigation | Case No. 19 Civ. 9236 (KPF) |

**PLAINTIFFS' SECOND SET OF INTERROGATORIES**
**TO B/T DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Civil Rules 33.3, Plaintiffs Matthew Script, Benjamin Leibowitz, Jason Leibowitz, Aaron Leibowitz, and Pinchas Goldshtein (together, "Plaintiffs"), by and through their undersigned counsel, hereby request Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether Limited, Tether International Limited, DigFinex Inc., Giancarlo Devasini, and Ludovicus Jan van der Velde (together, "B/T Defendants") to answer these Interrogatories within 30 days of being served or at a time and place mutually agreed by the parties or ordered by the Court.

**DEFINITIONS**

1. The uniform definitions and rules of constructions set forth in Rule 26.3 of the Local Civil Rules are incorporated fully herein, including their definitions of communication, identify (with respect to persons), identify (with respect to documents), Plaintiff and Defendant, along with their related pronouns, person, concerning, all/any/each, and/or, and number.

2. "Action" means the above-captioned case, pending in the United States District Court for the Southern District of New York.

3. "Authorize" as a verb or "Authorization" as a noun means the creation of USDT prior to issuance.

4. "Complaint" means the Amended Consolidated Class Action Complaint filed in this Action as ECF No. 114.

5. "Any" or "each" should be understood to include and encompass "all."

6. "You", "Your", and "Defendant" means iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether Limited, Tether International Limited, DigFinex Inc., Giancarlo Devasini, and Ludovicus Jan van der Velde, and includes the officers, directors, agents, employees, partners, predecessors, subsidiaries and affiliates of these Defendants and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of any Defendant or who are subject to the direction or control of any Defendant.

7. "B/T Defendants" means iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether Limited, Tether International Limited, DigFinex Inc., Giancarlo Devasini, and Ludovicus Jan van der Velde, and includes the officers, directors, agents, employees, partners, predecessors, subsidiaries and affiliates of those entities and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of any those entities or who are subject to the direction or control of any of those entities.

8. "Exchange Defendants" means Bittrex, Inc. and Poloniex, LLC and includes the officers, directors, agents, employees, partners, predecessors, subsidiaries and affiliates of those entities and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of any those entities or who are subject to the direction or control of any of those entities.

9. "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, and job title; (b) with respect to documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the documents, together with sufficient identifying information to satisfy Federal Rule of Civil Procedure 33(d). Local Rule 26.3(c)(3)–(4).

10. "Document" or "Documents" shall be synonymous in meaning, equal in scope and shall have the broadest meaning ascribed to them by Federal Rule of Civil Procedure 34(a)(1)(A) and Rule 26.3 of the Local Civil Rules. This shall include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard disk or other data storage medium, and whether or not claimed to be privileged, confidential or otherwise excludable from discovery, namely: electronic or computerized data compilations, notes, letters, correspondence, communications, e-mails, SMS messages; Whatsapp messages; Signal messages; Twitter DMs; Facebook messages; Telegram messages; any other form of messages or communications, memoranda, summaries of telephone conversations, records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, illustrations, product descriptions, technology roadmaps, design documents, product analyses, white papers, requests for proposal, technical tutorials, writings related to proposed or actual product improvements or changes, user manuals or guides, installation guides or manuals, technical descriptions or specifications, product repair manuals or guides, photographs, video images, business

flow charts or descriptions or specifications, product functions or descriptions or specifications, minutes or records of meetings, summaries of interviews, reports or investigations, opinions or reports of consultants, reports of trademark searches, trademark application materials, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, sales and purchase orders, receipts, invoices, quotations, estimates, leases or consignments, drafts of any of the foregoing documents, and all other material fixed in a tangible or electronic medium of whatever sort or type in the possession, custody or control of Defendants or any of their representatives, whether or not prepared by Defendants. "Document" or "documents" also includes all non-identical copies of the foregoing, such as those bearing comments, postscripts, changes, amendments, addenda, or other notations not present on the original document as initially written, typed or otherwise prepared.

11. "Relating to," "relating to," "referring or relating to," and "related to" include, in addition to their customary and usual meanings, the following: pertaining to, making reference to, concerning, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, discussing, showing, describing, reflecting, analyzing, constituting, setting forth, in respect of, or having any logical or factual connection with the subject matter in question.

12. "Reserves" means the cash or other assets that B/T Defendants purport to back or to have backed USDT, as used by Tether on its website, "[a]ll Tether tokens […] are backed 100% by Tether's reserves." https://archive.ph/SYlgg.

13. "Including" means including but not limited to.

14. "Interrogatory" or "Interrogatories" means any of these Interrogatories.

4

15. "Person" means a natural person or legal entity including any business or governmental entity or association. Local Rule 26.3(c)(6).

16. "USDT" refers to the crypto-asset created by Tether and commonly referred to as "USDT" or "tether."

17. "Issue" as a verb or "Issuance" as a noun means the distribution of USDT in response to consumer demand.

18. "Burn" as a verb or "burning" as a noun means the destruction of USDT.

19. The use of the singular form of any word includes the plural, and vice versa.

20. A verb tense includes all other verb tenses where the clear meaning is not distorted by addition of another tense or tenses.

21. The use of the conjunctive shall also be taken in the disjunctive, and vice versa.

## INSTRUCTIONS

1. These Interrogatories seek information available to You following a reasonable inquiry into the information sought.

2. These Interrogatories seek nonprivileged information.

3. Answer each Interrogatory separately and fully in writing under oath.

4. If You object to all or part of an Interrogatory, state that objection with specificity. Any ground not stated in a timely objection will be waived unless excused by the Court for good cause.

5. If You object to part of an Interrogatory, specify the part and answer the rest.

6. If You are unable to answer all or part of an Interrogatory, specify the part and answer the rest.

7. If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe

the nature of the information privileged or protected in a manner that, without revealing privileged or protected information itself, will enable Plaintiffs to assess the claim.  For all information You withhold as privileged, provide in writing at the time of Your response (a) for documents: (i) the type of document (e.g., letter or memorandum); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author, addresses, and any other recipients of the document; (v) where not apparent, the relationships of the author, addressees, and recipients to each other; (vi) the nature of the privilege being claimed; and (b) for oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

8. If after responding to any Interrogatory You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## TIME PERIOD

1. Unless otherwise specified, these Interrogatories cover the time period from and including February 17, 2015, through June 5, 2020.

## INTERROGATORIES

13. Please identify all account(s) holding Reserves from February 17, 2015, to June 5, 2020, including the time period during which the account held the Reserves, the name and location of the bank or financial institution with which such account is or was held, and the name, address, and contact information of the account holder.

14. Please identify all wallet addresses that the B/T Defendants used for their stablecoin transactions (including, without limitation, USDT) and cryptocurrency transactions on any crypto exchange, trading platform, or the blockchains identified in RFP 22 (*i.e.*, Bitcoin, Bitcoin

Cash, Ethereum, Ethereum Classic, Litecoin, Monero, Dash and ZCash (including any fork)) between February 17, 2015 and June 5, 2020.

      15.     Please identify all wallet addresses and accounts that held USDT that had been authorized but not issued between February 17, 2015 and June 5, 2020.

/s/ Andrew Dunlap
Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
SELENDY & GAY PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com


/s/ Todd Schneider
Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
Kyle G. Bates (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
   KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com
kbates@schneiderwallace.com

*Interim Lead Counsel and Attorneys for the Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

      I, the undersigned, do hereby certify that on February 28, 2023, I served all parties of record as listed below with copies of this document by electronic mail unless otherwise noted.

Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
Oscar Shine
SELENDY & GAY PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com
oshine@selendygay.com

Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
Peter Schneider
Srujana Shivji (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com
pschneider@schneiderwallace.com
sshivji@schneiderwallace.com

*Interim Lead Counsel and Attorneys for the Plaintiffs and the Proposed Class*

Elliot Greenfield
Andrew J. Ceresney
Maeve L. O'Connor
Melanie Burke
Michael Schaper
DEBEVOISE & PLIMPTON LLP
919 Third Avenue, 3rd Floor
New York, New York 10022
egreenfield@debevoise.com
aceresney@debevoise.com
moconnor@debevoise.com
mburke@debevoise.com
mschaper@debevoise.com

Stephan Jacob Schlegelmilch
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Ave. N.W.
Washington, DC 20004
sjschlegelmilch@debevoise.com

Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
michael@mjllaw.com

Sunjina K. Ahuja, Esq.
Christopher J. Beal
Dillon Miller Ahuja & Boss, LLP
5872 Owens Ave., Suite 200
San Diego, CA 92008
sahuja@dmablaw.com
cbeal@dmablaw.com

*Attorneys for Defendants iFinex Inc., DigFinex Inc., BFXNA Inc., BFXWW Inc., Tether International Limited, Tether Operations Limited, Tether Holdings Limited, Tether Limited, Giancarlo Devasini, and Ludovicus Jan van der Velde*

Charles D. Cording
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
ccording@willkie.com

*Attorney for Defendant Philip G. Potter*

Abby F. Rudzin
William K. Pao
Eammon Wesley Campbell
O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10026
arudzin@omm.com
wpao@omm.com
ecampbell@omm.com

Greg J. Hollon (*pro hac vice*)
Timothy B. Fitzgerald
Charles Spencer Wittman-Todd
Claire Martirosian
McNaul Ebel Nawrot and Helgren PLLC
600 University Street, Suite 2700
Seattle, WA 98101
ghollon@mcnaul.com
tfitzgerald@mcnaul.com
cwittmanntodd@mcnaul.com
cmartirosian@mcnaul.com

*Attorneys for Bittrex, Inc.*

Matthew G. Lindenbaum (*pro hac vice*)
NELSON MULLINS RILEY & SCAR-
BOROUGH LLP
One Financial Center, Suite 3500
Boston, MA 02111
matthew.lindenbaum@nelsonmullins.com

Robert L. Lindholm
NELSON MULLINS RILEY & SCAR-
BOROUGH LLP
280 Park Avenue
15th Floor, West
New York, New York 10017
robert.lindholm@nelsonmullins.com

*Attorneys for Poloniex, LLC*

/s/ Andrew R. Dunlap
Andrew R. Dunlap