UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re:*

TETHER AND BITFINEX CRYPTO ASSET LITIGATION

19 Civ. 9236 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Plaintiffs' motions to serve an interrogatory on both Poloniex (Dkt. #299) and Bittrex (Dkt. #301-302) related to identification of "all wallet addresses and account numbers ... that are owned or controlled by any of the B/T Defendants, including but not limited to their officers, directors, agents, employees, partners, predecessors, subsidiaries, or affiliates." Poloniex has not opposed service of this interrogatory (Dkt. #299), whereas Bittrex has opposed (Dkt. #304). The Court is also in receipt of a letter from the B/T Defendants, joining in Bittrex's opposition. (Dkt. #305). The Court will allow Plaintiffs to serve the requested interrogatory on both Poloniex and Bittrex, but in a modified form.

As it relates to the dispute between Plaintiffs and Bittrex, Plaintiffs state that service of this interrogatory is necessary to "analyze the trading patterns, and manipulative effect, of [the relevant] accounts." (Dkt. #301 at 2). Plaintiffs argue that it would be inefficient to seek this information through depositions, as deponents would presumably not be capable of memorizing such minutiae. Plaintiffs likewise argue that they cannot rely on document productions for this information, because "they cannot be certain of the ownership of wallets or

account numbers that appear amongst the thousands of pages of documents that Bittrex has produced." (*Id.* at 2).

Bittrex is opposed to the interrogatory for several reasons. First, it contends that service of the interrogatory in December violated the Court's case management plan, insofar as the parties are required to seek leave to serve interrogatories beyond the categories of interrogatories specifically discussed in the case management plan. (Dkt. #304 at 1). Second, Bittrex argues that service of the interrogatory now would violate the Court's recent directive that no new discovery be served. (*Id.*). Third, Bittrex contends that it has provided all of the information it can going to the interrogatory. (*Id.* at 2). In essence, Bittrex argues that it cannot know whether the B/T Defendants are controlling certain accounts, and that its records do not reflect that the B/T Defendants own any accounts. (*Id.*). In any event, Bittrex contends that "[f]irms obviously do not control the personal bank accounts of their shareholders and employees in the normal course." (*Id.*). In this latter respect, the B/T Defendants' letter regarding potentially moving for a protective order reiterates Bittrex's concerns regarding overbreadth.

The Court understands why Plaintiffs are seeking this information. Further, though the parties are directed to seek leave to serve certain interrogatories, the Court does not fault Plaintiffs for attempting to reach a consensus with opposing counsel before coming to the Court. Likewise, Plaintiffs have been working with opposing counsel for nearly three months on this interrogatory, thus in some respects the interrogatory is not "new." Still,

the Court agrees with Bittrex's two-pronged opposition that (i) it is not in possession of any further information on accounts "owned or controlled by" the B/T Defendants; and (ii) Plaintiffs have offered only tenuous connections between a whole swath of individuals and entities purportedly affiliated with the B/T Defendants and the B/T Defendants themselves. (Dkt. #304 at 2).

The Court believes that the most sensible approach — one that balances Plaintiffs' interest in ascertaining the wallet addresses and account numbers actually owned or controlled by the B/T Defendants with certain individuals' privacy interests and Defendants' concerns regarding overbreadth — is to allow Plaintiffs to serve the requested interrogatory on both Poloniex and Bittrex in a substantially modified form.[1] Plaintiffs may serve the interrogatory but must limit its scope to seeking the wallet addresses and account numbers owned or controlled by the B/T Defendants themselves. The Court agrees with Bittrex that Plaintiffs have not offered a satisfactory basis for determining that the B/T Defendants own or control the addresses or accounts belonging to any of the other entities or individuals Plaintiffs identify. (*See* Dkt. #301-2 at 2-3). More to the point, Plaintiffs have not offered working definitions of "owned" or "controlled[,]" and the Court does not believe that simply pointing to "affiliations" between certain individuals or entities and the B/T Defendants is sufficient. Bittrex and Poloniex are directed to best respond to the interrogatory based on the records

---

[1] The Court is cognizant of the fact that Poloniex has not opposed service of the interrogatory. Still, because Plaintiff's request as to Poloniex concerns the same interrogatory, and because the same issues are implicated, this Order pertains to service on Poloniex as well.

available to them, and to make a good-faith effort to determine if they possess information regarding what addresses and accounts the B/T Defendants (and *only* the B/T Defendants) actually own or control on the exchanges.

Without more, the Court will not entertain the notion that any account or address owned or controlled by any individual or entity at all associated with the B/T Defendants is *de facto* owned or controlled by the B/T Defendants themselves. More basically, the Court does not fully comprehend the relevance of such information, given the named Defendants in this case. Defendants have produced substantial discovery in this case, and Plaintiffs can continue to test their theories through depositions. Presumably, some, if not all of the information Plaintiffs seek has already been produced to them by Defendants (including the B/T Defendants). The onus does not simply fall on Defendants to sort through such information, particularly where Defendants may not actually know whether the B/T Defendants have any influence over third-party accounts.

The Court recognizes that this Order may cause Plaintiffs to reconsider whether they wish to pursue the interrogatory, given this Court's modification of it. Moreover, Bittrex has already previewed what its response to the interrogatory may look like, at least in part. Accordingly, Plaintiffs are directed to meet and confer with Bittrex and Poloniex and submit a revised proposed interrogatory to the Court in line with this Order by **March 6, 2023**. If Plaintiffs no longer wish to pursue the interrogatory, they are directed to apprise the Court by **March 6, 2023**.

The Clerk of Court is directed to terminate the pending motions at docket entries 299, 301, and 302.

SO ORDERED.

Dated:  March 1, 2023
          New York, New York

KATHERINE POLK FAILLA
United States District Judge