# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Tether and Bitfinex Crypto Asset Litigation | Case No. 19 Civ. 9236 (KPF) |

### BITFINEX/TETHER DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Southern District of New York, Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether Limited, Tether International Limited, DigFinex Inc., Giancarlo Devasini, and Ludovicus Jan van der Velde (collectively, the "B/T Defendants"), hereby request that Plaintiffs Matthew Script, Benjamin Leibowitz, Jason Leibowitz, Aaron Liebowitz and Pinchas Goldshtein (collectively, the "Plaintiffs") answer the following Interrogatory under oath, in accordance with the Definitions and Instructions set forth below, by serving its answers to the offices of the B/T Defendants' undersigned counsel within thirty (30) days of service hereof.

### DEFINITIONS

1. Unless otherwise indicated, the Uniform Definitions in Discovery Requests and rules of construction set forth in Civil Rule 26.3 of the Local Rules are incorporated herein by reference.

2. "Action" is defined as the civil action in the United States District Court for the Southern District of New York captioned *In re Tether and Bitfinex Crypto Asset Litigation*, Civil Action No. 19-cv-9236-KPF.

3. "Complaint" refers to the Amended Consolidated Class Action Complaint filed by

2

Plaintiffs as docket entry No. 114 on June 5, 2020.

4. "Crypto-Asset" is used herein as the term is defined and used by Plaintiffs in the Complaint. For avoidance of doubt, this term includes cryptocommodities, stablecoins, cryptocurrencies, and digital tokens such as bitcoin (BTC), bitcoin cash (BCH), ether (ETH), litecoin (LTC), Zcash (ZEC), ethereum classic (ETC), monero (XMR), dash (DASH), and cardano (ADA).

5. "Futures Contract" is used herein as the term is defined and used by Plaintiffs in the Complaint. For avoidance of doubt, this term includes Crypto-Asset Futures Contracts such as Bitcoin futures.

6. "Identify" with respect to the term Wallet shall mean to provide the associated public address(es) (*e.g.*, 1J1dCYzS5EerUuJCJ6iJYVPytCMVLXrgM91J1d) as well as the name of the associated blockchain, exchange, or trading or custodial platform, user ID and account number (if any) or, if no unique public address is associated with an account on an exchange or trading or custodial platform, provide the name of the exchange or trading or custodial platform, user ID and account number for that account.

7. The words "Plaintiff," "Plaintiffs," "You" or "Your" refer to the Plaintiffs in this Action, as defined according to the definition in Local Civil Rule 26.3 of the Local Rules. For the avoidance of doubt, that definition encompasses Matthew Script, Benjamin Leibowitz, Jason Leibowitz, Aaron Liebowitz, and Pinchas Goldshtein.

8. "Wallet" shall refer to a public address on any blockchain, exchange, trading or custodial platform used to store, custody, transfer, or conduct transactions in Crypto-Assets and/or Crypto-Asset Futures Contracts, or any account on an exchange, or trading or custodial platform used to store, custody, transfer, or conduct transactions in Crypto-Assets and/or Crypto-Asset Futures Contracts.

9. The past tense shall include the present tense and vice versa.

## INSTRUCTIONS

1. This Interrogatory shall be construed independently and not with reference to any other Interrogatory for the purpose of limitation and shall be construed as being inclusive rather than exclusive. Questions regarding the interpretation of this Interrogatory should be resolved in favor of the broadest possible construction.

2. Pursuant to Rule 33(b)(3), You must answer the Interrogatory fully in writing under oath.

3. Pursuant to Rule 33(b)(5), the Plaintiffs must sign the answer to this Interrogatory. Plaintiffs' counsel must sign any objections.

4. Pursuant to Rule 33(b)(4), if Plaintiffs object to the Interrogatory, You must state Your grounds for objection with specificity. Any ground not stated in a timely objection may be waived.

5. To the extent Plaintiffs contend that they lack sufficient information with which to respond fully to the Interrogatory, You shall respond to the extent you are able, describe the information You lack that prevents You from more fully responding, and explain why You are unable to obtain that information.

6. If Plaintiffs withhold any information called for by the Interrogatory by reason of a claim of privilege or work product protection, Plaintiffs shall describe the nature of the information not produced in sufficient detail to enable the B/T Defendants to assess the applicability of the claimed privilege or protection.

7. This Interrogatory is continuing in character so as to require prompt supplemental responses if Plaintiffs obtain or discover additional information between the time of the initial response pursuant to this request and the time of final disposition of this Action. To the extent that Plaintiffs obtain or become aware of information that changes or requires correction of Plaintiffs'

responses to this Interrogatory after serving responses to this Interrogatory, Plaintiffs must promptly serve supplemental responses reflecting the new information, pursuant to Rule 26(e)(1).

8. This Interrogatory is submitted for the purpose of discovery and is not to be taken as waiving any obligation to introduce at trial evidence on subjects covered by this Interrogatory, or as an admission of the admissibility at trial of any evidence pertaining to any of the matters covered by this Interrogatory.

9. None of the Definitions and Instructions, or the Interrogatory set forth below, shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or the Interrogatory.

10. The relevant time period for this Interrogatory shall be from February 17, 2015 to June 5, 2020.

## INTERROGATORY

**INTERROGATORY NO. 21**

Identify all Wallets owned or controlled by You.

| | |
|---|---|
| Michael Jason Lee<br>LAW OFFICES OF MICHAEL JASON LEE, APLC<br>4660 La Jolla Village Drive, Suite 100<br>San Diego, California 92122<br>(858) 550-9984<br><br>Sunjina K. Ahuja<br>Christopher J. Beal<br>DILLON MILLER AHUJA & BOSS LLP<br>5872 Owens Ave., Suite 200<br>San Diego, CA 92008 | /s/ Elliot Greenfield<br><br>Maeve L. O'Connor<br>Andrew J. Ceresney<br>Michael Schaper<br>Elliot Greenfield<br>DEBEVOISE & PLIMPTON LLP<br>66 Hudson Boulevard<br>New York, New York 10001<br>(212) 909-6000<br><br>*Attorneys for Defendants Tether Holdings Limited, Tether Limited, Tether International Limited, Tether Operations Limited, iFinex Inc., DigFinex Inc., BFXNA Inc., BFXWW Inc., Ludovicus Jan van der Velde, and Giancarlo Devasini* |