

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

March 3, 2023

**MEMO ENDORSED**

BY ECF AND EMAIL

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

*Re: In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.)

Dear Judge Failla:

We write on behalf of Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, DigFinex Inc., Tether Operations Limited, Tether International Limited, Ludovicus Jan van der Velde and Giancarlo Devasini (the "B/T Defendants") in response to Plaintiffs' February 28 letter motion. (Dkt. No. 307.)

To the extent the B/T Defendants' position on Plaintiffs' proposed Interrogatory No. 13 is not clear from Plaintiffs' letter and the attached exhibits, the B/T Defendants do not oppose Plaintiffs' motion to serve an interrogatory that seeks identification of accounts that held USDT reserves during the period from February 17, 2015 through June 5, 2020. The B/T Defendants agreed to identify those accounts by providing the Bates ranges of documents produced to Plaintiffs, such as bank statements.

Beyond the identification of those accounts, Plaintiffs' proposed Interrogatory No. 13 also seeks, for each account, "the time period during which the account held the Reserves, the name and location of the bank or financial institution with which such account is or was held, and the name, address, and contact information of the account holder." (Dkt. No. 307, at 1.) The B/T Defendants expect that much of that information will be included in the bank statements and any other documents they identify. However, to the extent that some information is not included in those documents, the B/T Defendants reserve their rights, including their right to object on the basis that searching for additional information would be unduly burdensome.

Accordingly, the B/T Defendants do not oppose Plaintiffs' motion and agree to meet and confer with Plaintiffs regarding their response to Interrogatory No. 13, as necessary, at the appropriate time.

The B/T Defendants dispute any suggestion that they have failed to comply with their discovery obligations or that their document productions have been deficient. (Dkt. Nos. 307, 307-9.)

Respectfully submitted,

/s/ Elliot Greenfield

www.debevoise.com

The Court is in receipt of Plaintiffs' letter request seeking the Court's permission to serve three interrogatories on the B/T Defendants (Dkt. #307-308), and the B/T Defendants' above response.  On the whole, the parties appear to be in agreement on the interrogatories, and the Court appreciates the compromises that the parties have reached with respect to the interrogatories.  To the extent that the parties disagree over what a proper response to Interrogatory No. 13 will look like, such dispute is premature.  The Court expects that the parties can work through any issues in responding to Interrogatory No. 13 through meeting and conferring once the interrogatory is served.

Accordingly, the Court GRANTS Plaintiffs' request to serve Interrogatories Nos. 13-15 on the B/T Defendants.  Should the B/T Defendants decide that they wish to serve the interrogatory discussed in Plaintiff's letter (Dkt. #307 at 3), they are directed to file a letter request on the docket.

The Clerk of Court is directed to terminate the pending motions at docket entries 307 and 308.

Dated:     March 6, 2023              SO ORDERED.
           New York, New York

                                      *[signature: Katherine Polk Failla]*

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE