

March 7, 2023

**Via ECF and E-mail**
The Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla:

Under Local Civil Rule 37.2 and Individual Rule 3.C, Plaintiffs respectfully request a pre-motion conference concerning Defendant Bittrex, Inc.'s ("Bittrex") refusal to investigate and collect communications from all messaging platforms used by its custodians. The parties have discussed this dispute for months but are at impasse.

The Court should compel Bittrex to search for and produce relevant documents from *all* communication platforms that its custodians used to conduct business. In their First Requests for Production of Documents ("RFPs"), Plaintiffs defined "document" to include, among other things, "SMS messages; Whatsapp messages; Signal messages; Twitter DMs; Facebook messages; Telegram messages; [and] any other form of messages or communications."[1] Bittrex did not object to this definition in its January 28, 2022 Responses and Objections to Plaintiffs' RFPs or otherwise indicate it would produce only email and Slack messages, either in writing or during any of the many meet confers that took place in 2022.[2] Bittrex should therefore have investigated whether its custodians used other platforms to communicate about the subject matter of the RFPs.



---

[1] *See* Ex. A – Plaintiffs First Request for Production of Documents on Bittrex, Inc., at 4, served on December 22, 2021.
[2] *See* Ex. B - Bittrex, Inc.'s Objections and Responses to Plaintiffs' First Set of Requests for Production, served on January 28, 2022. Bittrex has asserted that "we represented to plaintiffs at the beginning of (and throughout) discovery that email and Slack are the only approved means of communication at Bittrex. Those are what Bittrex has searched." Ex. C. In its Objections and Answers to Plaintiffs' Interrogatory No. 8, served January 28, 2022, however, ███ ███████████████████████████████████████████████████ Ex. D. Bittrex did not represent that it limited its searches to those platforms. Bittrex has control over its employees' relevant communications on platforms that Bittrex did not formally approve or provide.
[3] ███████████████████████████████████

███████████████████████████████████████ On January 27, 2023, Bittrex told Plaintiffs, for the first time, that it had limited its search to email and Slack and had not searched other messaging platforms, and further demanded that Plaintiffs provide evidence that Bittrex employees used such platforms to communicate.[5]

On January 30, 2023, Plaintiffs sent Bittrex a letter ████████████  ████████████████████████.[6] After Plaintiffs followed up on February 12, 2023,[7] Bittrex ████████████████████████████████████████████████████████████████████████████████████████, Plaintiffs asked Bittrex to (1) clarify which custodians are current employees; (2) confirm that it would search for and collect responsive communications from all messaging platforms used to discuss matters related to the subject of the instant litigation; and (3) provide contact information for its former employees, to the extent available.[9] On March 3, 2023, Bittrex flatly refused to provide any additional information requested by Plaintiffs, stating: "We have not collected—and do not intend to collect—any additional personal material from current or former employees."[10] Bittrex further refused to clarify the employment status of its custodians because "Bittrex's position renders moot all your questions about other employees."[11]

Bittrex argues that it has no obligation to search messaging platforms other than email and Slack because "Bittrex does not consider itself to have custody or control over current or former employees' personal communications."[12] Bittrex's position is inconsistent with Second Circuit precedent. A defendant has "control" over documents if it has the practical ability to obtain them. *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006) (collecting cases); *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 5408171, at *6

---

[4] ████████████████████████████████████████████████████████████████████████████

[5] *See* Ex. B - Email from Bittrex's Counsel, E. Campbell, to Plaintiffs' counsel, A Arcoleo, on January 27, 2023.
[6] *See* Ex. K - January 30, 2023 Letter from Plaintiffs to Bittrex.
[7] *See* Ex. L - February 12, 2023 Letter from Plaintiffs to Bittrex.
[8] See Ex. M - February 21, 2023 Letter from Bittrex to Plaintiffs at 1-2. ████████████████
[9] *See* Ex. N - February 24, 2023 Letter from Plaintiffs to Bittrex, at 2.
[10] *See* Ex. O March 3, 2023 Letter from Bittrex to Plaintiffs, at 1-2.
[11] *Id*. at 2.
[12] *Id.*, at 1.

(S.D.N.Y. Sept. 27, 2016) (collecting cases). Courts "have repeatedly found that employers have control over their employees and can be required to produce documents in their employees' possession." *Chevron Corp. v. Salazar*, 275 F.R.D. 437, 448 (S.D.N.Y. 2011) (collecting cases). Bittrex has the practical ability to obtain the requested communications from its current employees and should be ordered to search for and produce them.[13]

Bittrex may also have the practical ability to obtain documents from its former employees, as well as its officers or directors. It may, for example, have separation agreements requiring former employees to cooperate with Bittrex in investigations or litigations. Bittrex may similarly be able to obtain documents from its non-employee directors upon request. *Royal Park Invs. SA/NV*, 2016 WL 5408171 at *8 (ordering directors to collect and produce documents because, among other reasons, they were "very involved and active in this litigation[.]"). But Bittrex's refusal to search for any additional material prevents Plaintiffs from learning if Bittrex attempted, or had the legal right to attempt, to collect the requested communications. Bittrex's refusal to search for and collect additional messages from former employees is not reasonable. *See id.* at *7 ("Because this question is so crucial (and perhaps because its answer is typically known only to the party from which discovery is sought), courts insist that corporations, at the very least, ask their former employees to cooperate before asserting that they have no control over documents in the former employees' possession.").

Bittrex does not dispute the relevance of the requested communications, nor could it: Plaintiffs seek communications regarding Bittrex's alleged agreement(s) with the B/T Defendants to manipulate the crypto-asset markets and the flow of USDT thorough Bittrex accounts (*e.g.*, RFP Nos. 2-5, 9, 10, 13, and 31) and communications for which the Court has already ordered Bittrex to produce documents (*e.g.*, RFP Nos. 19 and 20). ███████████████████████████████████████████████████████[14] Bittrex does not contend that collecting or producing communications from its current employees would be burdensome.

Plaintiffs respectfully request that the Court order Bittrex to (1) search for, collect, and produce responsive documents from all messaging platforms used by Bittrex's custodians who are current employees; (2) determine if it has practical control over such documents used by Bittrex's custodians who are former employees and, if so, gather, collect, and produce those documents; and (3) if Bittrex concludes that it does not have practical control over such documents from any of its custodians who are former employees, provide Plaintiffs with current contact information for those individuals so that Plaintiffs may seek the relevant communications from them directly.

---

[13] *See* Ex. N - February 24, 2023 Letter from Bittrex to Plaintiffs at 2.
[14] ███████████████████████████████████████████████████████

3

Respectfully submitted,

/s/ Caitlin Halligan
Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com

/s/ Todd M. Schneider
Todd M. Schneider (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

Jason H. Kim (*pro hac vice*)
300 S. Grand Ave., Suite 2700
Los Angeles, CA 90071
jkim@schneiderwallace.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*