# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Tether and Bitfinex Crypto Asset Litigation | Case No. 19 Civ. 9236 (KPF) |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**
**<u>OF DOCUMENTS ON BITTREX, INC.</u>**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Federal Rules"), Plaintiffs hereby request that Defendant Bittrex, Inc., within thirty (30) days of receipt of these Requests, produce the requested responses, documents, and things at the offices of Roche Freedman LLP, 99 Park Avenue, Suite 1910, New York, New York 10016, or at some mutually agreeable date, location, and time, where facilities are available for inspection and copying. These Requests are continuing in nature. Responsive information discovered subsequent to service of the responses hereto shall be disclosed through supplemental responses within thirty (30) days of discovery, pursuant to Rule 26(e) of the Federal Rules.

## DEFINITIONS

1.      The uniform definitions and rules of constructions set forth in Rule 26.3 of the Local Civil Rules are incorporated fully herein, including their definitions of communication, identify (with respect to persons), identify (with respect to documents), Plaintiff and Defendant, along with their related pronouns, person, concerning, all/any/each, and/or, and number.

2.      "Action" means the above-captioned case, pending in the United States District Court for the Southern District of New York.

3.      "Amended Complaint" means the Amended Consolidated Class Action Complaint filed in this Action as ECF No. 114.

4.      The term "any" or "each" should be understood to include and encompass "all."

5.      "You", "Your", and "Defendants" means Bittrex, Inc. and includes the officers, directors, agents, employees, partners, predecessors, subsidiaries and affiliates of Bittrex, Inc. and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of Bittrex, Inc. or who are subject to the direction or control of Bittrex, Inc.

6.     "Bitfinex" or "Bitfinex Defendants" means iFinex Inc., BFXNA Inc., BFXWW Inc. and includes the officers, directors, agents, employees, partners, predecessors, subsidiaries and affiliates of those entities and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of any those entities or who are subject to the direction or control of any of those entities.

7.     "Bittrex" includes the officers, directors, agents, employees, partners, predecessors, subsidiaries and affiliates of that entity and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of that entity or who are subject to the direction or control of that entity.

8.     "Counterparty" means the person or entity who transacted with the Owners in any form, including any on-chain or off-chain crypto-asset transactions or fiat currency transactions.

9.     The terms "crypto-asset" or "cryptocommodity" shall have the meaning of those terms as used in the Amended Complaint.

10.     "Crypto Capital" means Crypto Capital Corp. and includes the officers, directors, agents, employees, partners, predecessors, subsidiaries and affiliates of that entity and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of that entity or who are subject to the direction or control of that entity.

11.     "Crypto Capital Defendants" means Crypto Capital and Reginald Fowler.

12.     "DigFinex" includes the officers, directors, agents, employees, partners, predecessors, subsidiaries and affiliates of DigFinex Inc. and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of that entity or who are subject to the direction or control of that entity.

13.     "Document" or "Documents" shall be synonymous in meaning, equal in scope and shall have the broadest meaning ascribed to them by Federal Rule of Civil Procedure 34(a)(1)(A) and Rule 26.3 of the Local Civil Rules. This shall include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard disk or other data storage medium, and whether or not claimed to be privileged, confidential or otherwise excludable from discovery, namely: electronic or computerized data compilations, notes, letters, correspondence, communications, e-mails, SMS messages; Whatsapp messages; Signal messages; Twitter DMs; Facebook messages; Telegram messages; any other form of messages or communications, memoranda, summaries of telephone conversations, records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, illustrations, product descriptions, technology roadmaps, design documents, product analyses, white papers, requests for proposal, technical tutorials, writings related to proposed or actual product improvements or changes, user manuals or guides, installation guides or manuals, technical descriptions or specifications, product repair manuals or guides, photographs, video images, business flow charts or descriptions or specifications, product functions or descriptions or specifications, minutes or records of meetings, summaries of interviews, reports or investigations, opinions or reports of consultants, reports of trademark searches, trademark application materials, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, sales and purchase orders, receipts, invoices, quotations, estimates, leases or consignments, drafts of any of the foregoing documents, and all other material fixed in a tangible or electronic medium of

whatever sort or type in the possession, custody or control of Defendants or any of their represent-atives, whether or not prepared by Defendants.  "Document" or "documents" also includes all non-identical copies of the foregoing, such as those bearing comments, postscripts, changes, amendments, addenda, or other notations not present on the original document as initially written, typed or otherwise prepared.

14.     "Individual Defendants" refers to Giancarlo Devasini, Ludovicus Jan van der Velde, Philip G. Potter, and Reginald Fowler.

15.     "Owner" means, for each Specified Blockchain Address, the person or entity with access to the private key of the Address.

16.     "Poloniex" includes the officers, directors, agents, employees, partners, predecessors, subsidiaries and affiliates of that entity and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of that entity or who are subject to the direction or control of that entity.

17.     "Relating to," "referring to," "referring or relating to," and "related to" include the following:  pertaining to, making reference to, concerning, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, discussing, showing, describing, reflecting, analyzing, constituting, setting forth, in respect of, or having any logical or factual connection with the subject matter in question.

18.     Requests" or "Requests for Production" means Requests for Production served on Defendants by Plaintiffs in this Action.

19.     "Specified Blockchain Addresses" means the following:

- 1GjgKbj69hDB7YPQF9KwPEy274jLzBKVLh

- 1KYiKJEfdJtap9QX2v9BXJMpz2SfU4pgZw

- 1Kr6QSydW9bFQG1mXiPNNu6WpJGmUa9i1g

- 3D2oetdNuZUqQHPJmcMDDHYoqkyNVsFk9r

- 1MZAayfFJ9Kki2csoYjFVRKHFFSkdoMLtX

- 1DUb2YYbQA1jjaNYzVXLZ7ZioEhLXtbUru

- 13vHWR3iLsHeYwT42RnuKYNBoVPrKKZgRv

- 1N52wHoVR79PMDishab2XmRHsbekCdGquK

- 1AA6iP6hrZfYiacfzb3VS5JoyKeZZBEYRW

- 1Po1oWkD2LmodfkBYiAktwh76vkF93LKnh

- 17A16QmavnUfCW11DAApiJxp7ARnxN5pGX

- 12cgpFdJViXbwHbhrA3TuW1EGnL25Zqc3P

- 1DEcTtkrbdXxS1wbrMvzub5X4VpByYmAwo

- 1PCwER7f57fkPq2kuR9rYV7Wpr1LYvFWsA

- 1J1dCYzS5EerUuJCJ6iJYVPytCMVLXrgM9

- 3MbYQMMmSkC3AgWkj9FMo5LsPTW1zBTwXL

- 3BbDtxBSjgfTRxaBUgR2JACWRukLKtZdiQ

- 1NTMakcgVwQpMdGxRQnFKyb3G1FAJysSfz

- 16tg2RJuEPtZooy18Wxn2me2RhUdC94N7r

- 1Fdz3iQDDA6mJVoAV4ZcqgVFe1MX97EZoD

- 1KBXtTQnEgU34xXchwvmAoX7o5qZAp3xF

- 17sHnqeQcwvfPneJkmaTBAQEnQN82yi7ye

- 1A6yDZj1241qtGzEeQWRaptxVEhzz5owLP

- 1A9AUhKv6aLrKGAdwMM9aHXECZM9uQivZK

- 1AanEM2PU6GS7krwxaysKP3scwb3fdioyE

- 1CEZ4sjk7MUt3LSJi7bRvvbMZvGLWKCa1G

- 1Co1dhYDeF76DQyEyj4B5JdXF9J7TtfWWE

- 1G6jMfQotd6rV8VkMFNx4hPXYHioeBdquf

- 1H48Bp7EGELgnGSVYKdiCuSo6n822mVmHg

- 1Hi1hyJpUeETGBTQ8aPZ69GBL8xBVV53XP

- 1LJjvsEN9ZzeBVPB4XbhS7mxg99gBAPoMB

- 1NUyryQe1cQYmqg5bjwWNFXA8T1M6htSQ

- 1J8fgfPwn4dsxLiA5BnUkzHoubPJ6q5q8g

- 1F6nNgCTLcR4abWuMs1CHUWYNcnJ47tvbc

- 15ovrfyRTbhqeUkgAqAwtscXDASmietmcJ

20.     "Tether" or "Tether Defendants" means Tether Holdings Limited, Tether Opera-tions Limited, Tether Limited, and Tether International Limited and includes the officers, direc-tors, agents, employees, partners, predecessors, subsidiaries and affiliates of those entities and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of any those entities or who are subject to the direction or control of any of those entities.

21.     "Thing(s)" is used broadly to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and by Rule 1001 of the Federal Rules of Evidence.

22.     "USDT" means the crypto-asset issued by Tether and commonly referred to as "Tether."

23.     The use of the singular form of any word includes the plural, and vice versa.

24.     Any use of gender includes all genders.

25.     A verb tense includes all other verb tenses where the clear meaning is not distorted by addition of another tense or tenses.The use of the conjunctive shall also be taken in the disjunctive, and vice versa.

<u>INSTRUCTIONS</u>

1.     These Requests shall apply to all documents and things in Your actual or constructive possession, custody, or control at the present time or coming into Your actual or constructive possession, custody, or control during the litigation, including all such responsive documents and things located in the personal files of any and all past or present directors, officers, principals, managers, employees, attorneys, agents, representatives, contractors, consultants, or accountants of Defendants.

2.     If any Request asks for Documents that no longer exist, then in Your response to that Request: (1) identify each such Document; (2) identify all information that was contained in each such Document; (3) state the date when each such Document ceased to exist; (4) state what happened that caused each such Document to cease to exist; (5) state why each such Document was caused to or happened to cease to exist; (6) state the time periods during which such types of Documents were maintained; (7) identify each Person having knowledge of the circumstances under which each such Document ceased to exist; and (8) identify each Person having knowledge of each such Document and state the substance of said knowledge.

3.     If You are unable to produce a requested Document or can produce only a portion of a requested Document, the requested Document should be produced to the extent possible and as to any Document or portion not being produced, state or describe: (1) the reasons You cannot produce the requested Documents; (2) a list of all Documents or categories of Documents that can

be only partially produced or cannot be produced; and (3) the earliest date that You can complete production of the requested Documents.

4.      If You claim any kind of privilege as a ground for refusing to answer in whole or in part to any of these Requests, set forth in complete detail the facts on which the privilege is based consistent with the requirements of Rule 26(b)(5)(A) of the Federal Rules and Rule 26.2 of the Local Civil Rules.

5.      Each paragraph and subparagraph in a Request shall be construed independently and not with reference to any other paragraph or subparagraph for the purpose of limitation.

6.      These Requests seek production of all Documents described in each Request, including all drafts, of whatever date, and all non-identical copies, unless all relevant and material information may be conveyed by producing less than all Documents, in which case the response should indicate what Documents are not being produced.

7.      These Requests are continuing in nature and, to the extent that Your responses may be enlarged, diminished, or otherwise modified by information acquired subsequent to the production of Your initial responses, You are required promptly to produce supplemental responses reflecting such changes.

8.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or grouping in the same order or manner of arrangement as the original. File folders with tabs or labels identifying documents should be produced intact with such documents.

9.      Each Request shall be construed according to the broadest possible construction of its terms, and in such a way as to bring within its scope any document that could otherwise be construed as outside its scope.

10.      Where a request literally would require production of only a part of a document, Plaintiffs requests that the entire document be produced.

11.      If no documents exist that are responsive to a particular paragraph of these Requests, state so in writing.

12.      Any objections to any category of documents to be produced pursuant to this request or to any definition or instruction it contains shall be in writing and delivered electronically to undersigned counsel, within 30 days of the service hereof or as earlier ordered by the Court.

13.      The period covered by these document requests is from July 1, 2014, through the present, except as otherwise specifically provided.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show the existence and subject matter of any investigation or inquiry of You that any governmental entity has undertaken or made.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show any agreement between You and any Bitfinex Defendant.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show any agreement between You and any Tether Defendant.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show any agreement between You and Digfinex.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show any agreement between You and Poloniex.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show all know-your-customer ("KYC") policies or practices that Bittrex has implemented since it was founded and when they were implemented and/or modified.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show all anti-fraud policies or practices that Bittrex has implemented since it was founded and when they were implemented and/or modified.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents relating to Your understanding, analysis, or assessment of the crypto-exchanges that constitute Bittrex's competitors.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents relating to Your cooperation, coordination, or communication with any Tether Defendant, Bitfinex Defendant, and/or Individual Defendant relating to the enabling of USDT trading on Bittrex.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents relating to Your understanding, analysis, or assessment of any formal or informal relationship between any Tether Defendant and any Bitfinex Defendant.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents relating to Your decision to advertise to Your customers, beginning on or about August 25, 2017, the ability to purchase USDT from Bittrex through wire transfer processed using $1 for 1 USDT.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents relating to any press releases concerning Bittrex's use and/or integration of Tether.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents relating to Your understanding, analysis, or assessment of the collateral or backing received for each mint of USDT.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents relating to Your understanding, analysis, or assessment of the transfer of newly issued USDT from any Tether Defendant to any Bitfinex Defendant.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents You submitted to the New York Department of Financial Services in connection with Your application to engage in Virtual Currency Business Activity in New York.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents relating to Your analysis or assessment of, and/or reaction to, the decision of the New York Department of Financial Services to reject Your application to engage in Virtual Currency Business Activity in New York.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents relating to any Bitfinex Defendant's use of Bittrex relating to the issuance or sale of newly issued USDT, including the transfer of such USDT to any Bittrex account or to any address controlled by Bittrex.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents relating to any Tether Defendant's use of Bittrex relating to the issuance or sale of newly issued USDT, including the transfer of such USDT to any Bittrex account or to any address controlled by Bittrex.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents relating to Your understanding, analysis, or assessment of the reasons or explanation for the timing of any Bitfinex Defendant's use of USDT in any Bittrex account, or in any address controlled by Bittrex, to purchase cryptocommodities.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents relating to Your understanding, analysis, or assessment of the reasons or explanation for the timing of any Tether Defendant's use of USDT in any Bittrex account, or to any address controlled by Bittrex, to purchase cryptocommodities.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents relating to Your understanding, analysis, or assessment of the reasons or explanation for the extent of any Bitfinex Defendant's use of USDT to purchase or sell crypto-commodities on Bittrex.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents relating to Your understanding, analysis, or assessment of the reasons or explanation for the extent of any Tether Defendant's use of USDT to purchase or sell cryptocom-modities on Bittrex.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents relating to Your understanding, analysis, or assessment of whether and the extent to which accounts on or addresses controlled by Bittrex could be used and/or have been used to affect or manipulate the price of any crypto-asset or cryptocommodity.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents relating to Your understanding, analysis, or assessment of any connection or relationship between (i) any change in cryptocommodity prices or trading volumes; and (ii) any transactions on Bittrex relating to or involving transactions associated with any of the following addresses used for both Bitcoin and USDT transactions:

- 1KYiKJEfdJtap9QX2v9BXJMpz2SfU4pgZw
- 1GjgKbj69hDB7YPQF9KwPEy274jLzBKVLh
- 1J1dCYzS5EerUuJCJ6iJYVPytCMVLXrgM9
- 1AA6iP6hrZfYiacfzb3VS5JoyKeZZBEYRW
- 1MZAayfFJ9Kki2csoYjFVRKHFFSkdoMLtX
- 1Po1oWkD2LmodfkBYiAktwh76vkF93LKnh
- 1DUb2YYbQA1jjaNYzVXLZ7ZioEhLXtbUru

**REQUEST FOR PRODUCTION NO. 25:**

All Documents relating to Your understanding, analysis, or assessment of any connection or relationship between (i) any change in cryptocommodity prices or trading volumes; and (ii) any transactions on Bittrex relating to or involving transactions associated with any of the following Bitcoin addresses:

- 1LSgEKji3ZoGdvzBgkcJMej74iBd38fySb
- 1Kr6QSydW9bFQG1mXiPNNu6WpJGmUa9i1g

- 3D2oetdNuZUqQHPJmcMDDHYoqkyNVsFk9r

- 17A16QmavnUfCW11DAApiJxp7ARnxN5pGX

- 12cgpFdJViXbwHbhrA3TuW1EGnL25Zqc3P

- 13vHWR3iLsHeYwT42RnuKYNBoVPrKKZgRv

- 1N52wHoVR79PMDishab2XmRHsbekCdGquK

- 1PCwER7f57fkPq2kuR9rYV7Wpr1LYvFWsA

- 1DEcTtkrbdXxS1wbrMvzub5X4VpByYmAwo

**REQUEST FOR PRODUCTION NO. 26:**

All Documents relating to Your analysis or assessment of whether to report any cryptocurrency transactions relating to or associated with any of the following addresses as suspicious to any investigatory, regulatory, or any other government entity, for both Bitcoin and USDT transactions:

- 1KYiKJEfdJtap9QX2v9BXJMpz2SfU4pgZw

- 1GjgKbj69hDB7YPQF9KwPEy274jLzBKVLh

- 1J1dCYzS5EerUuJCJ6iJYVPytCMVLXrgM9

- 1AA6iP6hrZfYiacfzb3VS5JoyKeZZBEYRW

- 1MZAayfFJ9Kki2csoYjFVRKHFFSkdoMLtX

- 1Po1oWkD2LmodfkBYiAktwh76vkF93LKnh

- 1DUb2YYbQA1jjaNYzVXLZ7ZioEhLXtbUru

**REQUEST FOR PRODUCTION NO. 27:**

All Documents relating to Michael Novogratz, Galaxy Digital Trading Cayman LLC, Galaxy Digital LP, and/or Galaxy Benchmark Crypto Index Master Fund LP.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents relating to "The Tether Report," or "Quantifying the Effect of Tether," published in January 2018, including Your analysis or assessment thereof and/or response thereto.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents relating to the article "Is Bitcoin Really Un-Tethered?" by John Griffin, and/or any supplements to that article, including Your analysis or assessment thereof and/or response thereto.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents relating to the article in *Medium* published by Dr. Gerald Martinez on July 12, 2018, including Your analysis or assessment thereof and/or response thereto.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents relating to any analyses or assessments of any actual, prospective, assumed, and/or suspected market for crypto-assets, including stablecoins and/or cryptocommodities.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents relating to any analyses or assessments of any actual, prospective, assumed, and/or suspected market for crypto-asset futures contracts, including futures contracts based on stablecoins and/or cryptocommodities.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents relating to any analyses or assessments of any actual, prospective, assumed and/or suspected price manipulation in any market for crypto-assets, including stablecoins and/or cryptocommodities.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents discussing any actual or potential impact of USDT issuances on the prices of crypto-commodities.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents relating to any practice, convention, or policy at Bittrex on the use of new deposit addresses for the transfer of USDT to a Bittrex account or an address controlled, directly or indirectly, by Bittrex.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents relating to any practice, convention, or policy at Bittrex on the repeated use of deposit addresses for the transfer of USDT to a Bittrex account or an address controlled, directly or indirectly, by Bittrex.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents relating to any of the following addresses used for both Bitcoin and USDT transactions, including Your application of federal know-your-customer ("KYC") requirements to determine the identity or identities of the users of these addresses:

- 1KYiKJEfdJtap9QX2v9BXJMpz2SfU4pgZw

- 1GjgKbj69hDB7YPQF9KwPEy274jLzBKVLh

- 1J1dCYzS5EerUuJCJ6iJYVPytCMVLXrgM9

- 1AA6iP6hrZfYiacfzb3VS5JoyKeZZBEYRW

- 1MZAayfFJ9Kki2csoYjFVRKHFFSkdoMLtX

- 1Po1oWkD2LmodfkBYiAktwh76vkF93LKnh

- 1DUb2YYbQA1jjaNYzVXLZ7ZioEhLXtbUru

**REQUEST FOR PRODUCTION NO. 38:**

Documents sufficient to show the cryptocommodity addresses that You own or control, including for Bitcoin, Bitcoin Cash (including as a fork from Bitcoin), Ethereum, and any other cryptocommodities that You purchased or sold through any such address.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to show the identities of each of the Owners of the Specified Block-chain Addresses.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents related to the Owners of the Specified Blockchain Addresses.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to show any other blockchain addresses owned or controlled by the owners of the Specified Blockchain Addresses.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents relating to any activity—including deposits, withdrawals, transfers, or trading activity (whether on-chain or off-chain transactions or transfers, and whether conducted on Bitfinex or through OTC or private arrangements)—relating to any of the Owners' accounts on Bittrex, including (i) activity related to the Specified Blockchain Addresses and any other blockchain addresses that the Owners own or control and (ii) fiat currency transactions. For each such transaction, include Documents sufficient to show the following:

- The identity of buyer and seller

- The assets transacted or exchanged

- The date and time of the transaction

- The price (exchange rate) of the transaction

- The volume of the transaction

- In the case of any derivative transaction, the details of the contract

**REQUEST FOR PRODUCTION NO. 43:**

Documents sufficient to show the identity of the Counterparties with whom the Owners of the Specified Blockchain Addresses transacted.

**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to show any other blockchain addresses that the Counterparties owned or controlled.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents relating to any activity—including deposits, withdrawals, transfers, or trading activity (whether on-chain or off-chain transactions or transfers, and whether conducted on Bitfinex or through OTC or private arrangements)—relating to any of the Counterparties' accounts on Bittrex, including (i) activity related to the Specified Blockchain Addresses and any other blockchain addresses that the Counterparties own or control and (ii) fiat currency transactions. For each such transaction, include Documents sufficient to show the following:

- The identity of buyer and seller

- The assets transacted or exchanged

- The date and time of the transaction

- The price (exchange rate) of the transaction

- The volume of the transaction

- In the case of any derivative transaction, the details of the contract

**REQUEST FOR PRODUCTION NO. 46:**

All Documents related to all wallets or deposit accounts owned or controlled by any Defendant.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents relating to Crypto Capital, Crypto SP. Z.O.O., Global Trading Solutions, AG, and/or Global Trading Solutions LLC.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents relating to DigFinex's ownership of and/or control over any Bitfinex Defendant and/or any Tether Defendant.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to show the total daily trading volume of each exchange pair on Bittrex for each day since Bittrex was founded.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to show Your yearly revenues and profits, and the sources thereof, for each year since Bittrex was founded.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to show Your fees collected on the trading and/or withdrawals involving any of the following addresses used for both Bitcoin and USDT transactions:

- 1KYiKJEfdJtap9QX2v9BXJMpz2SfU4pgZw

- 1GjgKbj69hDB7YPQF9KwPEy274jLzBKVLh

- 1J1dCYzS5EerUuJCJ6iJYVPytCMVLXrgM9

- 1AA6iP6hrZfYiacfzb3VS5JoyKeZZBEYRW

- 1MZAayfFJ9Kki2csoYjFVRKHFFSkdoMLtX

- 1Po1oWkD2LmodfkBYiAktwh76vkF93LKnh

- 1DUb2YYbQA1jjaNYzVXLZ7ZioEhLXtbUru

**REQUEST FOR PRODUCTION NO. 52:**

Documents sufficient to show Your fees collected on the trading and/or or withdrawals involving any of the following Bitcoin addresses:

- 1LSgEKji3ZoGdvzBgkcJMej74iBd38fySb

- 1Kr6QSydW9bFQG1mXiPNNu6WpJGmUa9i1g

- 3D2oetdNuZUqQHPJmcMDDHYoqkyNVsFk9r

- 17A16QmavnUfCW11DAApiJxp7ARnxN5pGX

- 12cgpFdJViXbwHbhrA3TuW1EGnL25Zqc3P

- 13vHWR3iLsHeYwT42RnuKYNBoVPrKKZgRv

- 1N52wHoVR79PMDishab2XmRHsbekCdGquK

- 1PCwER7f57fkPq2kuR9rYV7Wpr1LYvFWsA

- 1DEcTtkrbdXxS1wbrMvzub5X4VpByYmAwo

**REQUEST FOR PRODUCTION NO. 53:**

All Documents relating to Heisenberg Capital.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents relating to Ivan Manuel Molina Lee, Ana Andrea Urriola Pan, and/or Bolivar Jose Gonzalez.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents relating to Noble Markets LLC.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents relating to Paycase Financial.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents relating to Prosperity Revenue Merchandising Limited.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents relating to Shyft Network.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents relating to Daniel Barrs and/or Global Transaction Services.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents relating to Oz Yosef.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents relating to Smart Property Solutions, AG, Data Nest SA, Hamid Reza Khoyi, Aron Camponovo, and/or Oliver Camponovo.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents relating to Potter Ventures LLC, Fangorn LLC, and/or Bitcoin Management Solutions LLC.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents relating to Friedman LLP and/or the Memorandum Regarding Consulting Services Performed, dated September 28, 2017.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents relating to Chris Ellis.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents relating to Brock Pierce.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents relating to Jump Trading LLC.

**REQUEST FOR PRODUCTION NO. 67:**

Documents sufficient to show the identity of all wallets or other identifiers sufficient to show Your purchases of crypto assets for Your own account, including all accounts owned or controlled by Your employees or agents.

**REQUEST FOR PRODUCTION NO. 68:**

Documents sufficient to identify witnesses with knowledge of information relevant to the subject matter of the action.

**REQUEST FOR PRODUCTION NO. 69:**

Documents sufficient to show the existence, custodian, location and general description of relevant documents.

**REQUEST FOR PRODUCTION NO. 70:**

All documents relating to Your policies and practices for retaining documents.

Dated: December 22, 2021

/s/ Philippe Selendy
Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
SELENDY & GAY PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com


/s/ Todd Schnider
Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
Kyle G. Bates (*pro hac vice*)
SCHNEIDER WALLACE
    COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400

/s/ Kyle Roche
Kyle W. Roche
Edward Normand
Velvel Freedman (*pro hac vice*)
Joseph M. Delich
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rochefreedman.com
tnormand@rochefreedman.com
vel@rochefreedman.com
jdelich@rochefreedman.com

Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com
kbates@schneiderwallace.com

*Interim Lead Counsel and Attorneys
for the Plaintiffs and the Proposed
Class*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, do hereby certify that on December 22, 2021, I served all parties of record as listed below with copies of this document by electronic mail unless otherwise noted.

Kyle W. Roche
Edward Normand
Velvel Freedman (*pro hac vice*)
Joseph M. Delich
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rcfllp.com
tnormand@rcfllp.com
vel@rcfllp.com
jdelich@rcfllp.com

Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
SELENDY & GAY PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com

Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for the Plaintiffs and the Proposed Class*

Abby F. Rudzin
William K. Pao
O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10026
arudzin@omm.com
wpao@omm.com
Greg J. Hollon (*pro hac vice*)
Timothy B. Fitzgerald
600 University Street, Suite 2700
Seattle, WA 98101
ghollon@mcnaul.com
tfitzgerald@mcnaul.com

*Attorneys for Bittrex, Inc.*

/s/ Kyle Roche
Kyle Roche