# Exhibit 11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Tether and Bitfinex Crypto Asset Litigation | Case No. 19 Civ. 9236 (KPF) |

### BITFINEX/TETHER DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether Limited, Tether International Limited, DigFinex Inc.,Giancarlo Devasini, and Ludovicus Jan van der Velde (collectively, "Bitfinex/Tether Defendants"), by their undersigned counsel, object and respond to Plaintiffs' First Request for Production of Documents to the Bitfinex/Tether Defendants (the "Requests") as follows:

### <u>GENERAL OBJECTIONS</u>

All of the General Objections set forth herein are incorporated into each of the specific responses and objections to the document requests set forth below, and have the same force and effect as if fully set forth herein.  In responding to the Requests, the Bitfinex/Tether Defendants do not concede the relevance, materiality, or admissibility of any documents or testimony sought.  Any objection, or lack of objection, to any portion of any request should not be deemed an admission that the Bitfinex/Tether Defendants have a document sought in a particular Request.  Without waiving any of these General Objections, the Bitfinex/Tether Defendants may specifically refer to certain General Objections in responding to certain requests.  Nothing in these responses shall be construed as a waiver of these General Objections, or any other objections.

1.      In responding to these requests, the Bitfinex/Tether Defendants expressly reserve:

(a) all objections, questions, or other challenges as to the competency, relevancy, materiality,

1

privilege and admissibility as evidence for any purpose, at any trial or hearing in this case or in any related or subsequent action or proceeding, of any information disclosed or documents produced hereunder or the subject matter thereof; (b) the right to object on any ground to the use of any of the information disclosed herein or any of the documents produced hereunder or the subject matter thereof at any trial or hearing in this case or in any related or subsequent action or proceeding; (c) the right to object on any ground at any time to any other set of document requests and/or other discovery propounded to them; and (d) the right to assert the attorney-client privilege, protection under the work product doctrine, or any other privilege or right.

2.      This response is based only upon such information, including documents, which are presently available and known to the Bitfinex/Tether Defendants.  Defendants reserve the right to amend or supplement these objections and responses, and their document production, at any time.

3.      The Bitfinex/Tether Defendants object to the Requests, including the "Definitions" and "Instructions" therein, to the extent they differ from, are inconsistent with the requirements of, or attempt to impose obligations upon the foregoing Defendants beyond those provided by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for Southern District of New York ("Local Rules"), and applicable case law.

4.      Without limitation as to other objections, the Bitfinex/Tether Defendants specifically object to the Definitions in the Requests of the terms "You," "Your," "Defendants", "Bitfinex," "Bitfinex Defendants," "Tether," and "Tether Defendants" as vague, overly broad, and unduly burdensome insomuch as they purport to include "agents," "partners," "predecessors," "subsidiaries" and "affiliates" of those entities and "all other persons . . . presently or formerly acting or purporting to act on behalf of" those entities "or who are subject to the direction or control of" those entities.  In responding to the Requests, the Bitfinex/Tether Defendants will interpret each term to include the named entity and its past and present employees, officers, and directors, unless

otherwise noted and/or limited.

5.     The Bitfinex/Tether Defendants similarly object to the Requests to the extent they seek production of documents from persons other than those who comprise the "control" group for the relevant corporate defendants and/or those who are appropriate "custodians," whose electronic and/or hard copy records reasonably should be searched considering the factors enumerated in Fed. R. Civ. P. 26(b)(1).

6.     The Bitfinex/Tether Defendants similarly object to the Definitions in the Request of the term "crypto-asset" and "cryptocommodity."  Notwithstanding the Requests' reference to "the meaning of those terms as used in the Amended Complaint," the terms "crypto-asset" and "cryptocommodity" are vague and ambiguous as used in the Amended Complaint and the Requests.

7.     Without limitation as to other objections, the Bitfinex/Tether Defendants specifically object to the Definitions in the Requests of the term "Reserves" as vague and ambiguous. Notwithstanding the Requests' reference to Paragraph 127 of the Amended Complaint, that Paragraph incorporates only one description by Tether, as described at a given point in time (i.e., June 17, 2016), as opposed to other descriptions of reserves, as existing at other times during the proposed Class Period (see, e.g., Paragraph 131 of the Amended Complaint).

8.     Without limitation as to other objections, the Bitfinex/Tether Defendants specifically object to the Definitions in the Requests of the term Specified Blockchain Addresses to the extent it identifies addresses over which the Bitfinex/Tether Defendants do not have custody, possession, or control and/or whose relevance to the allegations in the Amended Complaint cannot be established.

9.     Without limitation as to other objections, the Bitfinex/Tether Defendants specifically object to the Definitions in the Requests of the term "burn" to the extent the definition does not reflect the Bitfinex/Tether Defendants' actual practices.

3

10.     The Bitfinex/Tether Defendants object to the Requests to the extent they call for production of documents subject to the attorney-client privilege, the work-product doctrine or other privileges or protections from disclosure that may be applicable, whether based upon statute or recognized at common law.

11.     To the extent that any otherwise relevant and responsive documents are withheld on grounds of any privilege, other than those categories of documents described in the paragraph immediately following, the Bitfinex/Tether Defendants will produce an appropriate privilege log or categorical privilege log, in a form to be agreed upon by the parties, and on a date of mutual agreement.

12.     Unless otherwise specifically agreed to by the parties, or ordered by the Court, the Bitfinex/Tether Defendants will not log any documents withheld on grounds of privilege created or dated on or after October 6, 2019, *i.e.*, the date Plaintiffs first filed their action.

13.     By objecting and responding to a particular Request, the Bitfinex/Tether Defendants do not accept, adopt, or concede the truth or validity of any factual or legal characterizations or allegations made or implied in that Request.

14.     The Bitfinex/Tether Defendants object to the Requests to the extent that they call for the production of documents that are not within the possession, custody, or control of the Bitfinex/Tether Defendants, and/or seek information or documents that are publicly available.

15.     To the extent Plaintiffs and these requests seek documents and communications maintained in electronic form, the Bitfinex/Tether Defendants' search for responsive documents shall be limited to custodians and search terms reasonably calculated to yield responsive documents without undue burden or costs disproportionate to the likely benefit and needs of the case.

16.     All responses below are subject to these General Objections.  To the extent that the Bitfinex/Tether Defendants do not object to a particular request within the Requests—either as

provided in these General Objections or in the specific objections hereunder—they will produce only those documents to the extent that they exist and of which the Bitfinex/Tether Defendants are aware, and that are in their possession, custody, or control and can be located after a reasonable search.

17.      By stating that they will produce such non-privileged documents as are within their custody, possession, or control of which it is aware, the Bitfinex/Tether Defendants do not represent that such responsive documents actually exist, that they are aware of such documents, or that such documents are within their custody, possession, or control.

18.      Similarly, by stating they object to a document request, the Bitfinex/Tether Defendants do not represent that documents responsive to the request actually exist, that they are aware of such documents, or that such documents are within their custody, possession, or control.

19.      The Bitfinex/Tether Defendants reserve the right to supplement their objections and responses.

20.      The Bitfinex/Tether Defendants object to the Requests' proposed time period of July 1, 2014 to the present as overly broad.  Unless otherwise indicated, the Bitfinex/Tether Defendants will produce documents and communications from January 6, 2016 to October 6, 2019.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:  Documents sufficient to show the existence and subject matter of any investigation or inquiry of You that any governmental entity has undertaken or made**.

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that is overly broad, unduly burdensome, and calls for the production of documents that are neither relevant to any party's claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks, without limitation, "[d]ocuments sufficient to show the existence and subject matter of any investigation or inquiry" by "any governmental entity."   The Bitfinex/Tether Defendants further object to this Request on the grounds that it is vague and ambiguous and/or seeks

documents available to Plaintiffs from a public source.  The Bitfinex/Tether Defendants further object that they may be subject to one or more confidentiality obligations preventing the disclosure of documents responsive to this Request.  The Bitfinex/Tether Defendants further object that this Request is not limited to the Amended Complaint's claims or defenses, and therefore seeks irrelevant documents on its face.  The Bitfinex/Tether Defendants further object that this Request is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, in response to Request Nos. 4, 5, 6, 10, 12, 13, 14, 15, 21, 27, 30, 31, 32, 33, 59, 66, 67, 67, and 68, and which were produced—in whole or in part—to one or more governmental entities.

**REQUEST FOR PRODUCTION NO. 2:  All Documents You provided to any governmental entity that undertook any investigation or made any inquiry of You, including but not limited to the following entities:**

- **The Office of the New York Attorney General**
- **The Commodities Futures Trading Commission**
- **The U.S. Department of Justice**
- **The U.S. Securities Exchange Commission**
- **The Securities Commission of the Bahamas**
- **The British Virgin Islands Financial Services Commission**
- **The Ontario Securities Commission**
- **The Superintendencia del Mercado de Valores de Panama**
- **The Comissão do Mercado de Valores Mobiliários**
- **The Seychelles Financial Services Authority**

Response**:  The Bitfinex/Tether Defendants object to this Request on the grounds that is overly broad, unduly burdensome, and calls for the production of documents that are neither relevant to any party's claims or defenses nor reasonably calculated to lead to the discovery of admissible

6

evidence in that it seeks, without limitation, "[a]ll documents . . . provided to any governmental entity that undertook any investigation or made any inquiry." The Bitfinex/Tether Defendants further object to this Request on the grounds that it is vague and ambiguous and/or seeks documents available to Plaintiffs from a public source. The Bitfinex/Tether Defendants further object that they may be subject to one or more confidentiality obligations preventing the disclosure of documents responsive to this Request. The Bitfinex/Tether Defendants further object that this Request is not limited to the Amended Complaint's claims or defenses, and therefore seeks irrelevant documents on its face. The Bitfinex/Tether Defendants further object that this Request is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, in response to Request Nos. 4, 5, 6, 10, 12, 13, 14, 15, 21, 27, 30, 31, 32, 33, 59, 66, 67, 67, and 68, and which were produced—in whole or in part—to one or more governmental entities.


**REQUEST FOR PRODUCTION NO. 3: All Documents You obtained from any application under 28 U.S.C. § 1782 in U.S. District Court, including the following applications:**

- **In the Central District of California, No. 8:19-mc-00021**
- **In the Central District of California, No. 8:19-mc-00022**
- **In the District of Arizona, No. MC-20-00018-PHX-DLR**
- **In the District of Colorado, No. 1:20-mc-00063-CMA**
- **In the Eastern District of Missouri, No. 4:20-mc-00446-SRC**
- **In the Northern District of Georgia, No. 1:20-mi-00042-JPB-AJB**
- **In the District of Nevada, No. 2:20-ms-00033**

Response: The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous and overly broad. The Bitfinex/Tether Defendants further object to this

Request insomuch the above-referenced applications generally sought documents within the possession, custody, or control of other Defendants.

The Bitfinex/Tether Defendants further object that this Request seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1). For example, the Amended Complaint contains no allegations referencing— directly or indirectly—the filing of applications pursuant to 28 U.S.C. § 1782 by the Bitfinex/Tether Defendants for use in foreign proceedings seeking the recovery of funds misappropriated by Crypto Capital, and contains no allegation that would make the discovery obtained through those applications (generally, bank records related to Defendant Fowler) relevant to this lawsuit. The Bitfinex/Tether Defendants also object that the September 28, 2021 Opinion and Order in this matter dismissed the racketeering allegations related to the purported use of Defendant Crypto Capital and Defendant Fowler's bank accounts.

**REQUEST FOR PRODUCTION NO. 4: All Documents related to the policies and procedures for minting USDT**.

<u>Response</u>: The Bitfinex/Tether Defendants object to this Request on the grounds that is overly broad, unduly burdensome, and calls for the production of documents that are neither relevant to any party's claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks, without limitation, "[a]ll Documents related to the policies and procedures for minting USDT." The Bitfinex/Tether Defendants further object to this Request on the grounds that it is vague and ambiguous, including the undefined and ambiguous term "minting" that is not used by Tether and does not describe its practices.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged responsive documents, to the extent such

documents exist and can be located after a reasonable search, sufficient to show the policies and procedures for authorizing USDT.

**REQUEST FOR PRODUCTION NO. 5:  All Documents related to the policies and procedures for issuing USDT.**

_Response_:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and calls for the production of documents that are neither relevant to any party's claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks, without limitation, "[a]ll Documents related to the policies and procedures for issuing USDT."

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged responsive documents, to the extent such documents exist and can be located after a reasonable search, sufficient to show the policies and procedures for issuing USDT.

**REQUEST FOR PRODUCTION NO. 6:  All Documents related to the policies and procedures for redeeming USDT.**

_Response_:  The Bitfinex/Tether Defendants object to this Request on the grounds that is overly broad, unduly burdensome, and calls for the production of documents that are neither relevant to any party's claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks, without limitation, "[a]ll Documents related to the policies and procedures for redeeming USDT."

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged responsive documents, to the extent such documents exist and can be located after a reasonable search, sufficient to show the policies and

procedures for redeeming USDT.

**REQUEST FOR PRODUCTION NO. 7:   Documents sufficient to show the collateral or backing received for each mint of USDT.**

Response:   The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous, including the undefined and ambiguous term "mint" that is not used by Tether and does not describe its practices.  The Bitfinex/Tether Defendants further object to this Request on the grounds that it is vague and ambiguous, insomuch as it uses the undefined and ambiguous terms of "collateral" and "backing," the use of which by Plaintiffs may be reasonably presumed to have a different intended meaning than the defined term "reserves."

The Bitfinex/Tether Defendants further object to this Request on the basis that it conflates the concepts of *authorization* (presumably the intended meaning of "minting") and *issuance*, processes which give rise to different reserve requirements.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking the wholesale production of financial and accounting records related to USDT transactions well beyond those identified in the Amended Complaint.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, in response to Request Nos. 4, 5, 12, 13, 14, 15, 27, 31, and 32.

**REQUEST FOR PRODUCTION NO. 8:  All communications between You and any Individual Defendant.**

Response:   The Bitfinex/Tether Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, seeks communications irrelevant to and not reasonably calculated

to lead to discovery relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1) in that it seeks, without limitation, "[a]ll communications" with "any Individual Defendant." Specifically, this Request would reach—for example—every communication between Mr. Devasini, Mr. van der Velde, and Mr. Potter and any past or present employee, officer, or director of iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether Limited, Tether International Limited, or DigFinex Inc., sent or received at any time during the relevant period, regarding any topic.

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks communications protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants are willing meet and confer with counsel for Plaintiffs for the purpose of determining topics of communications relevant to the claims and defenses in this matter, and agreeing upon the reasonable parameters of a related search and production by the Bitfinex/Tether Defendants.


**REQUEST FOR PRODUCTION NO. 9:   All communications between You and any U.S. Exchange Defendant.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, seeks communications irrelevant to and not reasonably calculated to lead to discovery relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1) in that it seeks, without limitation, "[a]ll communications" with "any U.S. Exchange Defendant."

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks communications protected from production by the attorney-client privilege, the work product

doctrine, the joint interest privilege, or any other applicable privilege or protection.

The Bitfinex/Tether Defendants further object to this Request insomuch as it seeks communications that are, on their face, discoverable from other Defendants.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants are willing meet and confer with counsel for Plaintiffs for the purpose of determining topics of communications relevant to the claims and defenses in this matter, and agreeing upon the reasonable parameters of a related search and production by the Bitfinex/Tether Defendants.

**REQUEST FOR PRODUCTION NO. 10:  All communications between You and any Crypto Capital Defendant.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, seeks communications irrelevant to and not reasonably calculated to lead to discovery relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1) in that it seeks, without limitation, "[a]ll communications" with "any Crypto Capital Defendant."  The Bitfinex/Tether Defendants further object to this Request insomuch as it seeks communications that are, on their face, discoverable from another Defendant.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants are willing meet and confer with counsel for Plaintiffs for the purpose of determining topics of communications relevant to the claims and defenses in this matter, and agreeing upon the reasonable parameters of a related search and production by the Bitfinex/Tether Defendants.

**REQUEST FOR PRODUCTION NO. 11: All Documents related to any audit of You, USDT, or the USDT reserves, or related to any giveaway of USDT related to any burn of USDT related to any trade executed by You or Your employees in any cryptocommodity.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is

vague and ambiguous, including as to the undefined terms "audit," "burn of USDT," "giveaway of USDT," and the related concept of "burn of USDT related to any trade executed by You or Your employees."

The Bitfinex/Tether Defendants further specifically object to this Request on the grounds that it is overly broad and seeking irrelevant documents not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1), in that it seeks, without limitation "[a]ll Documents related to any audit" and, by implication, records related to the affairs of the Bitfinex/Tether Defendants (as well as that of its past and present personnel) that are irrelevant to the claims and defenses in this matter.

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.


**REQUEST FOR PRODUCTION NO. 12: Documents sufficient to show the processes or procedures You have used and/or use for tracking USDT reserves, including the "manual process" for tracking USDT reserves referenced in the Commodities Futures Trading Commission order dated October 15, 2021.**

Response:  The Bitfinex/Tether Defendants object that the term "tracking" is vague and ambiguous, insomuch as it is undefined and is susceptible to several interpretations.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, sufficient to show the processes or procedures the

Bitfinex/Tether Defendants used for accounting for USDT reserves.

**REQUEST FOR PRODUCTION NO. 13:   Documents sufficient to show any proprietary database You have maintained and/or maintain regarding USDT issuances and redemptions, as well as transaction information for customers' deposits and withdrawals.**

<u>Response</u>:  The Bitfinex/Tether Defendants object that the terms "proprietary database" and "transactional information for customers' deposits and withdrawals" are undefined and ambiguous (e.g., failing to define what relevant deposit and withdrawal information is requested, or from which Defendants' customers).

The Bitfinex/Tether Defendants further object to this Request insomuch as it could be construed to request information regarding proprietary databases and systems central to the operation of the Bitfinex and Tether businesses, the function of which reach far beyond the claims and defenses in this matter.

The Bitfinex/Tether Defendants further object that this Request seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, sufficient to show the processes or procedures the Bitfinex/Tether Defendants used for accounting for USDT reserves.

**REQUEST FOR PRODUCTION NO. 14:  Documents sufficient to show any accounting system You have used and/or use for tracking fiat currency reserves and available balances, including bank balances for fiat currency reserves backing USDT.**

<u>Response</u>:  The  Bitfinex/Tether Defendants object to this Request insomuch as it uses several

14

undefined and ambiguous terms that prevent the Bitfinex/Tether Defendants from identifying relevant documents responsive to this request.  Specifically, the Bitfinex/Tether Defendants object that the term "fiat currency reserves" is ambiguous in light of the Requests' definition of "reserves." Likewise, the Bitfinex/Tether Defendants specifically object that the term "available balances" is undefined, vague, and ambiguous, and is susceptible to multiple constructions that would reach irrelevant documents (e.g., balances available to individual customers).   The Bitfinex/Tether Defendants also object that the term "tracking" is undefined and ambiguous.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, insomuch as it could be construed to request information regarding accounting systems central to the operation of the Bitfinex and Tether businesses, the scope of which reach far beyond the claims and defenses in this matter.

The Bitfinex/Tether Defendants further object that this Request seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, sufficient to show the processes or procedures the Bitfinex/Tether Defendants used for accounting for USDT reserves.


**REQUEST FOR PRODUCTION NO. 15:  Documents sufficient to show any accounting system You have used and/or use for tracking commercial-paper reserves backing USDT.**

Response:  The  Bitfinex/Tether Defendants object to this Request as duplicative of Request No. 12.  The Bitfinex/Tether Defendants further object to this Request insomuch as it uses several undefined and ambiguous terms that prevent the Bitfinex/Tether Defendants from understanding

what relevant documents might exist.  Specifically, the Bitfinex/Tether Defendants object that the term "tracking" is undefined and is susceptible to several interpretations.  The Bitfinex/Tether Defendants further object that the term "commercial-paper reserves" is likewise undefined and ambiguous, particularly given that the Requests' definition of "reserves" conflicts with this Request, expressly "mean[ing] the USD held" and incorporating specific June 2016 language regarding cash holdings (as opposed to commercial paper).

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, sufficient to show the processes or procedures the Bitfinex/Tether Defendants used for accounting for USDT reserves.

**REQUEST FOR PRODUCTION NO. 16:  All Documents relating any analyses You have performed or requested of any actual, prospective, assumed, and/or suspected market for crypto-assets or any subset thereof, including the markets for stablecoins and/or cryptocommodities.**

Response:  The Bitfinex/Tether Defendants object that this Request is overly broad, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).  For example, the Amended Complaint contains no allegations referencing analysis by the Bitfinex/Tether Defendants "of any actual, prospective, assumed, and/or suspected market for crypto-assets or any subset thereof, including the markets for stablecoins and/or cryptocommodities."

The Bitfinex/Tether Defendants further object to this Request on the grounds that it calls for a legal conclusion regarding what constitutes a "market" for purposes of Plaintiffs' antitrust claims. The Bitfinex/Tether Defendants further object to this Request on the grounds that it is vague and ambiguous insomuch as the terms "analysis" and "analyses" are undefined and susceptible to

multiple interpretations.

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, that constitute analyses of competition or competitors for stablecoins or cryptocommodities.

**REQUEST FOR PRODUCTION NO. 17: All Documents relating to any analyses You have performed or requested of any actual, prospective, assumed, and/or suspected market for crypto-asset futures contracts, including futures contracts based on stablecoins and/or cryptocommodities**.

Response:  The Bitfinex/Tether Defendants object that this Request is overly broad, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).  For example, the Amended Complaint contains no allegations referencing analysis by the Bitfinex/Tether Defendants "of any actual, prospective, assumed, and/or suspected market for crypto-asset futures contracts, including futures contracts based on stablecoins and/or cryptocommodities."

The Bitfinex/Tether Defendants further object to this Request on the grounds that it calls for a legal conclusion regarding what constitutes a "market" for purposes of Plaintiffs' antitrust claims. The Bitfinex/Tether Defendants further object to this Request on the grounds that it is vague and ambiguous insomuch as the terms "analysis" and "analyses" are undefined and susceptible to multiple interpretations.

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents

protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, that constitute analyses of competition or competitors for futures contracts based on stablecoins or cryptocommodities.

**REQUEST FOR PRODUCTION NO. 18:  All Documents relating to any analyses You have performed or requested of any actual, prospective, assumed and/or suspected price manipulation in any market for crypto-assets, including stablecoins and/or cryptocommodities.**

Response:  The Bitfinex/Tether Defendants object that this Request is overly broad, and seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).  For example, the Amended Complaint contains no allegations referencing analysis by the Bitfinex/Tether Defendants "of any actual, prospective, assumed and/or suspected price manipulation in any market for crypto-assets, including stablecoins and/or cryptocommodities."

The Bitfinex/Tether Defendants further object to this Request on the grounds that it calls for a legal conclusion regarding what constitutes a "market" for purposes of Plaintiffs' antitrust claims. The Bitfinex/Tether Defendants further object to this Request on the grounds that it is vague and ambiguous insomuch as the terms "analysis" and "analyses" are undefined and susceptible to multiple interpretations.

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, that constitute analyses of price manipulations of stablecoins or cryptocommodities.

**REQUEST FOR PRODUCTION NO. 19:   All Documents discussing any actual or potential impact of USDT issuances on the prices of crypto-commodities.**

Response:   The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1). The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged responsive documents, to the extent such documents exist and can be located after a reasonable search, discussing the impact of USDT issuances on the prices of cryptocurrencies.

**REQUEST FOR PRODUCTION NO. 20:   Documents sufficient to show the process for generating and verifying the information provided on the Tether transparency webpage, currently available at https://wallet.tether.to.**

Response:   The Bitfinex/Tether Defendants object that this Request is overly broad, and seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).   For example, the Amended Complaint contains no

allegations referencing the Tether transparency webpage or the generation and/or verification of information presented on that webpage.

**REQUEST FOR PRODUCTION NO. 21: Documents sufficient to show the stablecoin addresses, including USDT addresses, that You own or control, including on the following blockchains: Bitcoin's Omni layer, Ethereum, Tron, EOS, Liquid, Algorand, SLP, and Solana.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).  The Bitfinex/Tether Defendants further object to this Request on the grounds that it is vague and ambiguous, failing to define the terms "own," "control," and "stablecoin."

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad, reaching—for example—the personal addresses of past Bitfinex or Tether employees that have no relevance to the claims and defenses in this matter.  Likewise, the Bitfinex/Tether Defendants object to this Request on the grounds that the Amended Complaint contains no allegations regarding Ethereum, Tron, EOS, Liquid, Algorand, SLP, or Solana USDT.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants state that they will produce documentation sufficient to show the stablecoin addresses that the Bitfinex/Tether Defendants owned or controlled in a corporate capacity, on the Omni layer.

**REQUEST FOR PRODUCTION NO. 22:  Documents sufficient to show the cryptocommodity addresses that You own or control, including for Bitcoin, Bitcoin Cash (including as a fork from Bitcoin), Ethereum, and any other cryptocommodities that You purchased or sold through any such address.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is

vague and ambiguous, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1). The Bitfinex/Tether Defendants further object to this Request on the grounds that it is vague and ambiguous, failing to define the terms "own" or "control."

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad, reaching—for example—the personal addresses of past Bitfinex or Tether employees that have no relevance to the claims and defenses in this matter, or individual exchange addresses of Bitfinex customers.  Likewise, the Bitfinex/Tether Defendants further object that the Amended Complaint only contains specific allegations related to certain cryptocurrencies (e.g., Bitcoin), as opposed to "[all] other cryptocommodit[ies]" in existence.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants are willing meet and confer with counsel for Plaintiffs for the purpose of determining the digital asset addresses relevant to the claims and defenses in this matter, and agreeing upon the reasonable parameters of a related search and production by the Bitfinex/Tether Defendants.

For the avoidance of doubt, none of the Bitfinex/Tether Defendants own or control the Poloniex deposit address "1AA6" and/or Bittrex deposit address "1J1d" described in the Amended Complaint, and it is the present belief of the Bitfinex/Tether Defendants that those addresses are owned and controlled by the individual trader identified in the Bitfinex/Tether Defendants' Initial Disclosures.


**REQUEST FOR PRODUCTION NO. 23:  All Documents relating to all transaction data for transactions in which You, or any entity or address that you control, sent or received crypto-assets, including for Bitcoin and Bitcoin Cash (including the relevant "transaction hash" and "index" for relevant inputs and outputs) and for stablecoins, Ethereum, and other cryptocommodities (including the relevant "transaction hash").**

Response: The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

The Bitfinex/Tether Defendants further object that this Request is overly broad, insomuch as the request for "transaction data for transactions in which You, or any entity or address that you control, sent or received crypto-assets, including for Bitcoin and Bitcoin Cash (including the relevant 'transaction hash' and 'index' for relevant inputs and outputs) and for stablecoins, Ethereum, and other cryptocommodities (including the relevant 'transaction hash')" would—for example—reach every transaction to ever occur on the Bitfinex trading platform, as well as the complete personal transaction records of past employees, regardless of relevance to the claims alleged in the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 24: All Documents relating to the records for trades in which You, or any entity or address that you control, made through private arrangements or over-the-counter ("OTC") platforms, including for each such transaction Documents sufficient to show the following information:**

- **The identity of buyer and seller**
- **The assets transacted or exchanged**
- **The date and time of the transaction**
- **The price (exchange rate) of the transaction**
- **The volume of the transaction**
- **In the case of any derivative transaction, the details of the contract**

Response: The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous, and seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

The Bitfinex/Tether Defendants further object that the Request is overly broad and unduly

burdensome, reaching—for example—the personal trading records of past employees unrelated to this matter, all records pertaining to Bitfinex's OTC trading service, and requiring the Bitfinex/Tether Defendants to attempt to determine what trades made using customer addresses under its control were "made through private arrangements." Likewise, the Amended Complaint contains no allegations referencing "trades . . . made through private arrangements or OTC platforms."

**REQUEST FOR PRODUCTION NO. 25:  All Documents relating to the records for trades in which You, or any entity or address that you control, made on or through any crypto-asset exchange, including for each such transaction Documents sufficient to show the following information:**

- **The identity of buyer and seller**
- **The assets transacted or exchanged**
- **The date and time of the transaction**
- **The price (exchange rate) of the transaction**
- **The volume of the transaction**
- **In the case of any derivative transaction, the details of the contract**

<u>Response</u>:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous, and seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

The Bitfinex/Tether Defendants further object that the Request is overly broad and unduly burdensome, reaching—for example—every transfer between a customer exchange address on the Bitfinex platform (which Bitfinex could be deemed to "control") and any other exchange, for any reason, involving any "crypto-asset." Likewise, the Amended Complaint contains allegations limited to purported activity by and among Defendant exchanges (as opposed to any and all exchanges in existence).

**REQUEST FOR PRODUCTION NO. 26:  All Documents relating to the records of transfers on any crypto-asset exchange between You, or any entity or address that you control, and any**

**user or account on the same exchange, including for each such transaction Documents sufficient to show the following information:**

- **The name of the exchange**
- **The identities of the sender and receiver**
- **The crypto-asset sent and received**
- **The date and time of the transaction**
- **The volume of the transaction**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous, and seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

The Bitfinex/Tether Defendants further object that the Request is overly broad and unduly burdensome, reaching—for example—every transfer between a customer exchange address on the Bitfinex platform (which Bitfinex could be deemed to "control") and any other exchange, for any reason, involving any "crypto-asset." Likewise, the Amended Complaint contains allegations limited to purported activity by and among Defendant exchanges (as opposed to any and all exchanges in existence).

**REQUEST FOR PRODUCTION NO. 27:  All Documents relating to Crypto Capital, Crypto SP. Z.O.O., Global Trading Solutions, AG, and/or Global Trading Solutions LLC.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it seeks, in whole or in part, documents in support of the allegations dismissed by the September 28, 2021 Opinion and Order in this matter.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1) in that

it seeks, without limitation, "[a]ll Documents" related to the named entities.

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants state that they will produce non-privileged Crypto Capital account statements, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 28:  All Documents relating to the Specified Blockchain Addresses or the Owners thereof.**

<u>Response</u>:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

The Bitfinex/Tether Defendants further object to this request as overly broad, insomuch as it reaches "all Documents relating to . . . the Owners thereof," which would—for example—require the production of "all Documents relating to" Bitfinex and/or Tether where those entities are defined as the Owner of one or more of the Specified Blockchain Addresses.  Likewise, many of the Specified Blockchain Addresses are not referenced—directly or indirectly—in the Amended Complaint or the various analysis cited by the Amended Complaint.

The Bitfinex/Tether Defendants further object to this Request insomuch as transactional data associated with the Specified Blockchain Addresses is publicly available, and as such, this Request is unduly burdensome given that such are records may be independently collected by Plaintiffs.

**REQUEST  FOR  PRODUCTION  NO.  29:   All  of  the  financial  records  of  each  Tether**

**Defendant, each Bitfinex Defendant, and DigFinex Inc., including any general ledger, balance sheets, income statements, cash-flow statements, and profit-and-loss statements.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

The Bitfinex/Tether Defendants further object that this Request is overly broad and seeks irrelevant information insomuch as financial summaries (e.g., quarterly profit and loss statements) of each Tether Defendant, each Bitfinex Defendant, and DigFinex Inc., have no bearing on the claims or defenses in this matter.  The Bitfinex/Tether Defendants further state that the Amended Complaint's allegation concerning the alleged revenue and/or gross profit of Defendants Bitfinex and Tether is completely irrelevant to whether "Bitfinex and Tether . . . [had] the cash reserves on hand to back the USDT it was issuing," as neither the value of customer funds used to purchase USDT, nor the value of USDT reserves makes up any component of either "gross profit" or "revenue" as a matter of basic accounting.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants are willing meet and confer with counsel for Plaintiffs for the purpose of determining relevant financial records, and agreeing upon the reasonable parameters of a related search and production by the Bitfinex/Tether Defendants.

**REQUEST FOR PRODUCTION NO. 30:  Documents relating to Your use of and/or reliance on Crypto Capital and/or the Crypto Capital Defendants for any business operations, including to process U.S. dollar and/or other fiat currency transactions.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and

26

seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).  The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants state that they will produce non-privileged Crypto Capital account statements, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 31:  All Documents relating to Your funds or Reserves at any bank or any other financial institution, including the following banks and accounts:**

- **ABT & Trust, including in Account No. 260011499**
- **Bank of America, including Account No. 898100395306**
- **Bank of Colorado, including Account No. 5701063413**
- **Bank of Montreal**
- **Bank of New York Mellon**

- **BnkToTheFuture**
- **Bank of Communications**
- **CIBC Mellon**
- **Banco Portuges de Investimento**
- **Bank of the Philippine Islands, including Account No. 2-5486163.306.001**
- **Bank Spoldzielczy**
- **Bankinter, S.A.**
- **Caixa Geral de Depositos S.A, including Account Nos. 0216076478170, 0216076477370, 0216076476570, 0786071416230, 0786071414070, 0216076111170, 0216075956230, and 0216076490070**
- **Canadian Imperial Bank of Commerce, including Account Nos. CC001006882 5108411, CC001006882 0374016, CC001099702 4464710, CC001099702 4113411, CC001099702 4097513, and CC001099702 4210719**
- **Citibank, N.A., including Account Nos. 207112962, 207129503, 207132333, 206618910, 207139800, 207139817, 207134933, 207132325, 207134958, 42024768923, 42001787749, 42024769061, 57457749, 9945530933, and 207108689**
- **Deltec Bank & Trust Ltd.**
- **Deutsche Bank Privat Und Geschaefts, including Account Nos. DE78660700240057016801 and DE51660700240057016802**
- **Deutsche Bank AG, including Account No. 192057016802**
- **Enterprise Bank & Trust, including Account Nos. 1127548, 1241367, 1127564, 1127177, 1127193, 1128700, 1128727, 1127599, 1235784, 1127652, and 1127644**
- **First Commercial Bank**

- **Hwatai Commercial Bank**
- **HSBC Bank USA, HSBC Bank USA and HSBC Securities USA/Pershing LLC, including Account Nos. 861668 and 141000147**
- **ING Bank**
- **JP Morgan Chase, including Account Nos. 296219550 and 779558365**
- **Metropolitan Bank**
- **Noble Bank International**
- **Pekao Bank**
- **Sackville Bank and Trust**
- **Santander UK PLC Bank, including Account Nos. 00080753, 10379431, 10446319, and 10446322**
- **Shanghai Pudong Development Bank**
- **Signature Bank**
- **Stearns Bank**
- **Sun Trust, including Account Nos. 810455498, 209364251, and 1000211769301**
- **Taishin Bank**
- **TCA Investment Bancorp & Trust Company**
- **TD Bank, including Account No. 4350649188**
- **US Bank**
- **Wells Fargo, including Account No. 2514680467.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad as written, and would require, for example, the production of every document (e.g., bank statements, account opening documentation, correspondence, transaction records) pertaining to every financial transaction involving the Bitfinex/Tether Defendants (including officers, employees, and other individuals in their personal capacity), at every financial institution anywhere, regardless of its connection to the claims or defenses in this matter.

The Bitfinex/Tether Defendants further object to this Request on the basis that it seeks documents related to allegations dismissed by the September 28, 2021 Opinion and Order in this matter (i.e., many of the above-referenced accounts are identified in the Amended Complaint solely

in support of the now-dismissed RICO claim (see, e.g., Paragraph 495).

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce documents, to the extent such documents exist and can be located after a reasonable search, sufficient to establish USDT reserves.

**REQUEST FOR PRODUCTION NO. 32:  Documents sufficient to show Your funds, assets, or reserves at any financial institution at all times since July 1, 2014.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad as written, and seeks irrelevant information on its face, as it would require the production of every document (e.g., bank statements, account opening documentation, correspondence, transaction records) pertaining to all funds or assets held for the benefit of the Bitfinex/Tether Defendants (including officers, employees, and other individuals in their personal capacity), at every financial institution anywhere, regardless of its connection to the claims or defenses in this matter, for roughly two years prior to the release of the Tether white paper and the earliest transaction alleged to involve a named Plaintiff.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce documents, to the extent such documents exist and can be located after a reasonable search, sufficient to establish USDT reserves.

**REQUEST FOR PRODUCTION NO. 33:  Documents sufficient to show the ownership and control over each Tether Defendant, each Bitfinex Defendant, and DigFinex Inc., including any corporate organizational charts.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).  The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged responsive organizational charts, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 34:  All Documents discussing the existence, scope, or mitigation of any conflicts of interest relating to any Defendant.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

The Bitfinex/Tether Defendants further object to this Request on the grounds that the undefined term "conflict of interest" is vague and ambiguous, and is susceptible to multiple constructions that would reach irrelevant documents (e.g., a written anti-nepotism policy).

The Bitfinex/Tether Defendants further specifically object to this Request on the grounds that it seeks irrelevant documents insomuch as the Amended Complaint merely recites a general statement that "[t]rading by platform employees poses a conflict of interest" as part of background regarding all digital asset exchanges (e.g., "Section III: Managing Conflicts of Interest. This section addresses potential conflicts that may arise between the interests of virtual asset trading platforms, their

employees, and their customers."), and identifies no specific conflict of interest relating to the Bitfinex/Tether Defendants that is relevant to the claims or defenses in this matter.

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 35:  All Documents relating to the August 2016 hack of Bitfinex resulting in the theft or unauthorized transfer of bitcoin, including Bitfinex's efforts to recover the stolen funds.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1) in that it seeks, without limitation, "[a]ll Documents relating to the August 2016 hack of Bitfinex resulting in the theft or unauthorized transfer of bitcoin, including Bitfinex's efforts to recover the stolen funds."

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 36:  All Documents relating to Michael Novogratz, Galaxy Digital Trading Cayman LLC, Galaxy Digital LP, and/or Galaxy Benchmark Crypto Index Master Fund LP.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).  For example, the Amended Complaint contains no allegations referencing Michael

Novogratz, Galaxy Digital Trading Cayman LLC, Galaxy Digital LP, and Galaxy Benchmark Crypto Index Master Fund LP.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

**REQUEST FOR PRODUCTION NO. 37:  Documents sufficient to show every loan of USDT by You, including the amount of USDT loaned, the identity of the recipient of the loan, and the amount and type of collateral received in exchange for the loan.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).   For example, the Amended Complaint contains no allegations referencing loans of USDT.

**REQUEST FOR PRODUCTION NO. 38:  All Documents relating to Heisenberg Capital.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).   For example, the Amended Complaint contains no allegations referencing Heisenberg Capital.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

**REQUEST FOR PRODUCTION NO. 39:  All Documents relating to Ivan Manuel Molina Lee, Ana Andrea Urriola Pan, and/or Bolivar Jose Gonzalez.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).   For example, the Amended Complaint contains no allegations referencing Ana Andrea Urriola Pan and/or Bolivar Jose Gonzalez.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

The Bitfinex/Tether Defendants further object that to the extent Ivan Manuel Molina Lee was a principal of Defendant Crypto Capital, documents relating to Mr. Lee are more appropriately sought from Defendant Crypto Capital, or are duplicative of Plaintiffs' other requests to the Bitfinex/Tether Defendants relating to Crypto Capital (e.g., Request Nos. 10 and 27).

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 40:  All Documents relating to Noble Markets LLC.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).   For example, the Amended Complaint contains no allegations referencing Noble Markets LLC, as opposed to Noble Bank International.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly

broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

**REQUEST FOR PRODUCTION NO. 41:  All Documents relating to Paycase Financial**.

<u>Response</u>:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).   For example, the Amended Complaint contains no allegations referencing Paycase Financial.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

**REQUEST FOR PRODUCTION NO. 42:   All Documents relating to Prosperity Revenue Merchandising Limited.**

<u>Response</u>:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

The Bitfinex/Tether Defendants object to this Request on the grounds that it seeks documents relevant to allegations dismissed by the September 28, 2021 Opinion and Order in this matter (e.g., Paragraph 502 of the Amended Complaint).

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

**REQUEST FOR PRODUCTION NO. 43:  All Documents relating to Shyft Network.**

<u>Response</u>:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).    For example, the Amended Complaint contains no allegations referencing Shyft Network.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

**REQUEST FOR PRODUCTION NO. 44:   All Documents relating to Daniel Barrs and/or Global Transaction Services.**

<u>Response</u>:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).    For example, the Amended Complaint references Daniel Barrs and/or Global Transaction Services only in a footnote referring to an online posting stating that "Crypto Capital referred its customers to an account in name of the third company. The salient detail is that the original name of the company was not ITRAN, but Global Transaction Services, also a payment processor. Daniel Barrs, then head of Global Transaction Services, was indicted for failing to follow anti-money laundering requirements in 2016.  The exact relationship between ITRAN and Crypto Capital is unknown."

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to

documents related to the claims or defenses in this matter.

**REQUEST FOR PRODUCTION NO. 45:  All Documents relating to Oz Yosef.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

The Bitfinex/Tether Defendants object that to the extent Oz Yosef was a principal of Defendant Crypto Capital, documents relating to Mr. Yosef are more appropriately sought from Defendant Crypto Capital, and are duplicative of Plaintiffs' other requests to the Bitfinex/Tether Defendants relating to Crypto Capital (e.g., Request Nos. 10 and 27).

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 46:  All Documents relating to Smart Property Solutions, AG, Data Nest SA, Hamid Reza Khoyi, Aron Camponovo, and/or Oliver Camponovo.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).   For example, the Amended Complaint contains no allegations referencing Smart

Property Solutions AG, Data Nest SA, Hamid Reza Khoyi, Aron Camponovo, and/or Oliver Camponovo.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

**REQUEST FOR PRODUCTION NO. 47: All Documents relating to Potter Ventures LLC, Fangorn LLC, and/or Bitcoin Management Solutions LLC.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).   For example, the Amended Complaint contains no allegations referencing Potter Ventures LLC, Fangorn LLC, and/or Bitcoin Management Solutions LLC.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

The Bitfinex/Tether Defendants further object that to the extent documents concerning Potter Ventures LLC are relevant to this action, they would appear to be documents that should properly be sought from Defendant Potter.

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 48:  All Documents relating to Friedman LLP and/or the Memorandum Regarding Consulting Services Performed, dated September 28, 2017**.

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).   For example, the Amended Complaint contains no allegations referencing Friedman LLP and/or the Memorandum Regarding Consulting Services Performed, dated September 28, 2017.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 49:  All Documents relating to Chris Ellis**.

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).   For example, the Amended Complaint contains no allegations referencing Chris Ellis.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

**REQUEST FOR PRODUCTION NO. 50:  All Documents relating to Brock Pierce.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and

seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).   For example, the Amended Complaint contains no allegations referencing Brock Pierce beyond a passing reference that Mr. Pierce founded Realcoin and had some purported association with Noble Bank International (but that Mr. Pierce also stated that he "[hasn't] had any involvement [with either] since the early days").

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

**REQUEST FOR PRODUCTION NO. 51.  All Documents relating to Jump Trading LLC.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).   For example, the Amended Complaint contains no allegations referencing Jump Trading LLC.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

**REQUEST FOR PRODUCTION NO. 52:  All Documents relating to the "Paradise Papers," first made public in November 2017, including Your analysis or assessment thereof and/or response thereto.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not

proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1) in that it seeks, without limitation "[a]ll Documents relating to the 'Paradise Papers'" including any "analysis or assessment thereof and/or response thereto."

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 53:  All Documents relating to "The Tether Report," or "Quantifying the Effect of Tether," published in January 2018, including Your analysis or assessment thereof and/or response thereto.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1), in that it seeks, without limitations, "[a]ll Documents relating to 'The Tether Report' or 'Quantifying the Effect of Tether.'"

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 54:  All Documents relating to the article "Is Bitcoin Really Un-Tethered?" by John Griffin, and/or any supplements to that article, including Your analysis or assessment thereof and/or response thereto.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not

proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1), in that it

seeks, without limitation, "[a]ll Documents relating to 'Is Bitcoin Really Un-Tethered?'"

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents

protected from production by the attorney-client privilege, the work product doctrine, the joint

interest privilege, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 55:  All Documents relating to the article in *Medium*
published by Dr. Gerald Martinez on July 12, 2018, including Your analysis or assessment
thereof and/or response thereto.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is

overly broad, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to

lead to the discovery of documents relevant to any claim or defense, and seeks discovery not

proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1), in that it

seeks, without limitation, "[a]ll Documents relating to the article in *Medium* published by Dr. Gerald

Martinez."

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents

protected from production by the attorney-client privilege, the work product doctrine, the joint

interest privilege, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 56:  All Documents relating to the crypto-exchange "Mt.
Gox," the May 2014 report titled, "The Willy Report: proof of massive fraudulent trading
activity at Mt. Gox, and how it has affectedthe price of Bitcoin," and/or any supplements to that
report, including Your analysis or assessmentthereof and/or response thereto.**

Response:  The Bitfinex/Tether Defendants object that the allegations concerning Mount Gox

not only preceded the launch of the stablecoin that preceded Tether but did involve alleged conduct

by the Bitfinex/Tether Defendants or any other Defendant in this action, and this Request therefore

seeks irrelevant documents, is not reasonably calculated to lead to the discovery of documents

relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 57:  All Documents relating to Freeh Sporkin and/or any reports drafted by Freeh Sporkin, including Your analysis or assessment thereof and/or response thereto.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).    For example, the Amended Complaint contains no allegations referencing Freeh Sporkin.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 58:  All Documents relating to any posts from any social media account that You or Your executives control.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1) in that it seeks, without limitation, "[a]ll Documents relating to any posts from any social media account" controlled by the Bitfinex/Tether Defendants or their executives.

**REQUEST FOR PRODUCTION NO. 59: All Documents relating to the transfer of newly issued USDT from Tether to Bitfinex.**

Response:   The Bitfinex/Tether Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1) in that it seeks, without limitation, "[a]ll Documents relating to the transfer of newly issued USDT from Tether to Bitfinex."

The Bitfinex/Tether Defendants further object to the Request insomuch as the undefined and ambiguous term "newly issued USDT" is susceptible to multiple interpretations (i.e., the authorization of USDT "newly" creates USDT, but the "transfer" of USDT from "Tether to Bitfinex" is a separate and distinct process widely known as "issuance") making Plaintiffs' newly created term unintelligible.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged responsive documents, to the extent such documents exist and can be located after a reasonable search, that concern the issuance of USDT from Tether to Bitfinex.

**REQUEST FOR PRODUCTION NO. 60:  All Documents relating to any agreement, contract, understanding, undertaking, or any other relationship, formal or informal, between You and any other Defendant.**

Response:   The Bitfinex/Tether Defendants object that this Request is overly broad, requiring—for example—the production of any agreement, contract, understanding, undertaking, or any other relationship, formal or informal, between past Bitfinex or Tether employees and any other Defendant (e.g., a personal account opening agreement between a former Bitfinex customer service

43

representative and Poloniex).

The Bitfinex/Tether Defendants further object to this Request on the grounds that it seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce to the extent such documents exist and can be located after a reasonable search, written contracts or agreements expressly naming iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether Limited, Tether International Limited, DigFinex Inc., Giancarlo Devasini, and/or Ludovicus Jan van der Velde as a party, on the one hand, and any other Defendant (i.e., Bittrex, Poloniex, Crypto Capital, and/or Reginald Fowler), on the other.


**REQUEST FOR PRODUCTION NO. 61:  All Documents relating to Your use of the services of any U.S. Exchange Defendant relating to the issuance or minting of new USDT, including the transfer of newly issued USDT, either directly or indirectly, from Bitfinex to any U.S. Exchange Defendant.**

<u>Response</u>:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous insomuch as it incorporates undefined and ambiguous terms ("minting of new USDT" and "transfer of newly issued USDT") that seemingly conflate the distinct processes of USDT authorization and issuance.

The Bitfinex/Tether Defendants further object to this request as vague and ambiguous insomuch as it is unclear what "services" of any U.S. Exchange Defendant might relate to the

authorization or issuance of USDT by Bitfinex or Tether.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged documents, to the extent such documents exist and can be located after a reasonable search, in response to Request Nos. 64 and 65.

**REQUEST FOR PRODUCTION NO. 62:  Documents sufficient to show Your knowledge or understanding of the use of the services of any U.S. Exchange Defendant relating to the issuance or minting of new USDT.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous insomuch as it incorporates the undefined and ambiguous terms "minting of new USDT" and "transfer of newly issued USDT" that seemingly conflate the distinct processes of USDT authorization and issuance.

The Bitfinex/Tether Defendants further object to this request as vague and ambiguous insomuch as it is unclear what "services" of any U.S. Exchange Defendant might relate to the authorization or issuance of USDT by Bitfinex or Tether.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce non-privileged documents, to the extent such documents

45

exist and can be located after a reasonable search, in response to Request Nos. 64 and 65.

**REQUEST FOR PRODUCTION NO. 63:  All Documents relating to the reasons or motivations for the timing or extent of Your use, either direct or indirect, of USDT in any account with any U.S. Exchange Defendant to purchase cryptocommodities.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 64:  Documents sufficient to show Your communications with cryptocommodities exchanges (including the U.S. Exchange Defendants) related to the minting of Tether.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and ambiguous in its reference to the undefined "minting of Tether."

The Bitfinex/Tether Defendants further object to this Request on the grounds that it seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce, to the extent such documents exist and can be located after a reasonable search, communications between the Bitfinex/Tether Defendants and the U.S. Exchange Defendants regarding the authorization of USDT.

**REQUEST FOR PRODUCTION NO. 65:  Documents sufficient to show Your communications with cryptocommodities exchanges (including the U.S. Exchange Defendants) related to USDT Reserves.**

<u>Response</u>:   The Bitfinex/Tether Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce, to the extent such documents exist and can be located after a reasonable search, communications between the Bitfinex/Tether Defendants and the U.S. Exchange Defendants regarding USDT reserves.

**REQUEST FOR PRODUCTION NO. 66:  Documents sufficient to show Your policies and/or procedures related to any "Know Your Customer" or anti-money laundering ("AML") compliance, including any training materials produced for Your employees regarding such policies and/or procedures.**

<u>Response</u>:   The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce, to the extent such documents exist and can be located after a reasonable search, documents sufficient to show Bitfinex and Tether's written policies and

procedures related to "Know Your Customer" or anti-money laundering compliance, including any training materials produced for employees regarding such policies and/or procedures.

**REQUEST FOR PRODUCTION NO. 67:  Documents sufficient to show Your policies and/or procedures for complying with competition laws, including U.S. antitrust laws, and any training materials provided to Your employees regarding such policies and/or procedures.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce, to the extent such documents exist and can be located after a reasonable search, documents sufficient to show Bitfinex and Tether's written policies and procedures for complying with competition laws, including U.S. antitrust laws, and any training materials provided to employees regarding such policies and/or procedures.

**REQUEST FOR PRODUCTION NO. 68:  Documents sufficient to show Your document-retention policies, procedures, and practices, and Your data-hosting policies, procedures, and practices.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is vague and ambiguous, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

Subject to the foregoing specific objections, and the General Objections set forth above, the Bitfinex/Tether Defendants will produce, to the extent such documents exist and can be located after a reasonable search, documents sufficient to show Bitfinex and Tether's written policies and procedures related to document retention and data hosting.

**REQUEST FOR PRODUCTION NO. 69:  All Documents relating to Your investments in crypto-asset companies, including CelsiusNetwork, including all communications with third parties relating to these investments.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).   For example, the Amended Complaint contains no allegations referencing investments in crypto-asset companies, including CelsiusNetwork.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

**REQUEST FOR PRODUCTION NO. 70:  All Documents relating to Your efforts to raise equity, including any prospectuses, private placement memoranda, or solicitations sent to investors.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ.

P. 26(b)(1).

The Bitfinex/Tether Defendants further object that the Amended Complaint contains no allegations referencing efforts to raise equity by the Bitfinex/Tether Defendants.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 71:  All Documents relating to Your efforts to obtain loans, including any prospectuses, private placement memoranda, or solicitations sent to investors.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

The Bitfinex/Tether Defendants further object to this Request to the extent it seeks documents protected from production by the attorney-client privilege, the work product doctrine, the joint interest privilege, or any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 72:  All Documents related to all wallets or deposit accounts owned or controlled by any Defendant**.

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that the undefined and ambiguous terms "wallets" and "deposit accounts" are susceptible to multiple interpretations (e.g., savings  deposit accounts held by other Defendants).

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents irrelevant to and not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 73:  All Documents related to any contract, agreement or other relationship between You and the government of El Salvador.**

<u>Response</u>:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of documents relevant to any claim or defense, and seeks discovery not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).    For example, the Amended Complaint contains no allegations referencing the Government of El Salvador.

The Bitfinex/Tether Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome, seeking "all documents" related to this topic, as opposed to documents related to the claims or defenses in this matter.

**REQUEST FOR PRODUCTION NO. 74:  Documents sufficient to show the identity of all wallets or other identifiers sufficient to show Your purchases of crypto assets for Your own account, including all accounts owned or controlled by Your employees or agents.**

<u>Response</u>:  The Bitfinex/Tether Defendants object to this Request on the grounds that the use of the undefined and ambiguous term "wallet" (generally known as a software program or physical medium for storing private keys) renders this Request unintelligible.

The Bitfinex/Tether Defendants further specifically object to this request as overly broad and seeking irrelevant documents, seeking "all wallets or other identifiers," as opposed to those related to the claims or defenses in this matter, and could be read to request the personal assets of "officers, agents, directors, agents, employees, partners, predecessors, subsidiaries and affiliates of these the

51

Bitfinex/Tether Defendants and all other persons presently or formerly acting or purporting to act on behalf of them or who are subject to their direction or control," regardless of relevance to the claims and defenses in this matter.

The Bitfinex/Tether Defendants further object to this Request on the grounds that collecting documents responsive to this Request would impose undue burden on the Bitfinex/Tether Defendants not proportional to the requirements of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 75:  Documents sufficient to identify witnesses with knowledge of information relevant to the subject matter of the action.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not an appropriate document request.  To the extent not already provided in the Bitfinex/Tether Defendants' initial disclosures under Rule 26(a)(1)(A), they will provide any appropriate witness information in response to Plaintiffs' Interrogatories.

**REQUEST FOR PRODUCTION NO. 76:  Documents sufficient to show the existence, custodian, location and general description of relevant documents.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is not an appropriate document request.  To the extent not already provided in the Bitfinex/Tether Defendants' initial disclosures under Rule 26(a)(1)(A), they will provide any appropriate information regarding existence, custodian, location, or general description of documents in response to Plaintiffs' Interrogatories.

**REQUEST FOR PRODUCTION NO. 77:  All documents relating to Your policies and practices for retaining documents.**

Response:  The Bitfinex/Tether Defendants object to this Request on the grounds that it is duplicative of Request 68.  The Bitfinex/Tether Defendants incorporate the specific objections to

Request 68, the General Objections set forth above, and their response to Request 68, hereto.

Dated: January 28, 2022

LAW OFFICES OF MICHAEL JASON
LEE, APLC

*Michael Lee*
_____
Michael Jason Lee (admitted *pro hac vice*)
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
Tel.: (858) 550-9984
Fax: (858) 550-9985

WALDEN MACHT & HARAN LLP

*Jim Walden*
_____
Jim Walden
Daniel J. Chirlin
Daniel A. Cohen
One Battery Park Plaza, 34th Floor
New York, New York 10004
Tel.: (212) 335-2030
Fax: (212) 335-2040

DILLON MILLER & AHUJA LLP

*Surjina Ahuja*
_____
Surjina K. Ahuja (admitted *pro hac vice*)
Christopher J. Beal (admitted *pro hac vice*)
5872 Owens Ave., Suite 200
Carlsbad, California 92008
Tel.: (858) 587-1800
Fax: (858) 587-2587

*Counsel for Defendants, iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, DigFinex Inc., Tether Operations Limited, Tether International Limited, Ludovicus Jan van der Velde, and Giancarlo Devasini*