# Exhibit 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re Tether and Bitfinex Crypto Asset
Litigation

Case No. 19 Civ. 9236 (KPF)

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**<u>ON THE BITFINEX/TETHER DEFENDANTS</u>**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Federal Rules"), Plaintiffs hereby request that Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether Limited, Tether International Limited, DigFinex Inc. Giancarlo Devasini, and Ludovicus Jan van der Velde, within thirty (30) days of receipt of these Requests, produce the requested responses, documents, and things at the offices of Roche Freedman LLP, 99 Park Avenue, Suite 1910, New York, New York 10016, or at some mutually agreeable date, location, and time, where facilities are available for inspection and copying. These Requests are continuing in nature. Responsive information discovered subsequent to service of the responses hereto shall be disclosed through supplemental responses within thirty (30) days of discovery, pursuant to Rule 26(e) of the Federal Rules.

DEFINITIONS

1.      The uniform definitions and rules of constructions set forth in Rule 26.3 of the Local Civil Rules are incorporated fully herein, including their definitions of communication, identify (with respect to persons), identify (with respect to documents), Plaintiff and Defendant, along with their related pronouns, person, concerning, all/any/each, and/or, and number.

2.      "Action" means the above-captioned case, pending in the United States District Court for the Southern District of New York.

3.      "Amended Complaint" means the Amended Consolidated Class Action Complaint filed in this Action as ECF No. 114.

4.      The term "any" or "each" should be understood to include and encompass "all."

5.      The terms "You", "Your", and "Defendants" means iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether Limited, Tether International Limited, DigFinex Inc., Giancarlo Devasini, and Ludovicus Jan van der Velde, and

2

includes the officers, directors, agents, employees, partners, predecessors, subsidiaries and affiliates of these Defendants and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of any Defendant or who are subject to the direction or control of any Defendant.

6.      The terms "Bitfinex" or "Bitfinex Defendants" means iFinex Inc., BFXNA Inc., BFXWW Inc. and includes the officers, directors, agents, employees, partners, predecessors, subsidiaries and affiliates of those entities and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of any those entities or who are subject to the direction or control of any of those entities.

7.      The terms "Tether" or "Tether Defendants" means Tether Holdings Limited, Tether Operations Limited, Tether Limited, and Tether International Limited and includes the officers, directors, agents, employees, partners, predecessors, subsidiaries and affiliates of those entities and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of any those entities or who are subject to the direction or control of any of those entities.

8.      The term "U.S. Exchange Defendants" means Bittrex, Inc. and Poloniex LLC and includes the officers, directors, agents, employees, partners, predecessors, subsidiaries and affiliates of those entities and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of any those entities or who are subject to the direction or control of any of those entities.

9.      The terms "crypto-asset" or "cryptocommodity" shall have the meaning of those terms as used in the Amended Complaint.

10.     The term "Individual Defendant" refers to Giancarlo Devasini, Ludovicus Jan van der Velde, and Philip G. Potter.

11.     The term "Crypto Capital" means Crypto Capital Corp. and includes the officers, directors, agents, employees, partners, predecessors, subsidiaries and affiliates of that entity and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of that entity or who are subject to the direction or control of that entity.

12.     The term "Crypto Capital Defendants" means Crypto Capital and Reginald Fowler.

13.     "Owner" means, for each Specified Blockchain Address, the person or entity with access to the private key of the Address.

14.     The terms "Document" or "Documents" shall be synonymous in meaning, equal in scope and shall have the broadest meaning ascribed to them by Federal Rule of Civil Procedure 34(a)(1)(A) and Rule 26.3 of the Local Civil Rules. This shall include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard disk or other data storage medium, and whether or not claimed to be privileged, confidential or otherwise excludable from discovery, namely: electronic or computerized data compilations, notes, letters, correspondence, communications, e-mails, SMS messages; Whatsapp messages; Signal messages; Twitter DMs; Facebook messages; Telegram messages; any other form of messages or communications, memoranda, summaries of telephone conversations, records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, illustrations, product descriptions, technology roadmaps, design documents, product analyses, white papers, requests for proposal, technical tutorials, writings related to proposed or actual product improvements or changes, user manuals or guides, installation guides or manuals, technical descriptions or specifications, product repair manuals or guides,

photographs, video images, business flow charts or descriptions or specifications, product functions or descriptions or specifications, minutes or records of meetings, summaries of interviews, reports or investigations, opinions or reports of consultants, reports of trademark searches, trademark application materials, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, sales and purchase orders, receipts, invoices, quotations, estimates, leases or consignments, drafts of any of the foregoing documents, and all other material fixed in a tangible or electronic medium of whatever sort or type in the possession, custody or control of Defendants or any of their representatives, whether or not prepared by Defendants. "Document" or "documents" also includes all non-identical copies of the foregoing, such as those bearing comments, postscripts, changes, amendments, addenda, or other notations not present on the original document as initially written, typed or otherwise prepared.

15.    "Relating to," "relating to," "referring or relating to," and "related to" include, in addition to their customary and usual meanings, the following:  pertaining to, making reference to, concerning, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, discussing, showing, describing, reflecting, analyzing, constituting, setting forth, in respect of, or having any logical or factual connection with the subject matter in question.

16.    "Reserves" means the USD held at a given time by You, as alleged in paragraph 127 of the Complaint, which quotes a "white paper" issued by You that promised that "[E]ach [USDT] in circulation represents one US dollar held in our reserves (i.e. a one-to-one ratio) which means the system is fully reserved when the sum of all [USDT] in existence (at any point in time) is exactly equal to the balance of USD held in our reserve."

17.   "Specified Blockchain Addresses" means the following:

- 1GjgKbj69hDB7YPQF9KwPEy274jLzBKVLh

- 1KYiKJEfdJtap9QX2v9BXJMpz2SfU4pgZw

- 1Kr6QSydW9bFQG1mXiPNNu6WpJGmUa9i1g

- 3D2oetdNuZUqQHPJmcMDDHYoqkyNVsFk9r

- 1MZAayfFJ9Kki2csoYjFVRKHFFSkdoMLtX

- 1DUb2YYbQA1jjaNYzVXLZ7ZioEhLXtbUru

- 13vHWR3iLsHeYwT42RnuKYNBoVPrKKZgRv

- 1N52wHoVR79PMDishab2XmRHsbekCdGquK

- 1AA6iP6hrZfYiacfzb3VS5JoyKeZZBEYRW

- 1Po1oWkD2LmodfkBYiAktwh76vkF93LKnh

- 17A16QmavnUfCW11DAApiJxp7ARnxN5pGX

- 12cgpFdJViXbwHbhrA3TuW1EGnL25Zqc3P

- 1DEcTtkrbdXxS1wbrMvzub5X4VpByYmAwo

- 1PCwER7f57fkPq2kuR9rYV7Wpr1LYvFWsA

- 1J1dCYzS5EerUuJCJ6iJYVPytCMVLXrgM9

- 3MbYQMMmSkC3AgWkj9FMo5LsPTW1zBTwXL

- 3BbDtxBSjgfTRxaBUgR2JACWRukLKtZdiQ

- 1NTMakcgVwQpMdGxRQnFKyb3G1FAJysSfz

- 16tg2RJuEPtZooy18Wxn2me2RhUdC94N7r

- 1Fdz3iQDDA6mJVoAV4ZcqgVFe1MX97EZoD

- 1KBXtTQnEgU34xXchwvmAoX7o5qZAp3xF

- 17sHnqeQcwvfPneJkmaTBAQEnQN82yi7ye

- 1A6yDZj1241qtGzEeQWRaptxVEhzz5owLP

- 1A9AUhKv6aLrKGAdwMM9aHXECZM9uQivZK

- 1AanEM2PU6GS7krwxaysKP3scwb3fdioyE

- 1CEZ4sjk7MUt3LSJi7bRvvbMZvGLWKCa1G

- 1Co1dhYDeF76DQyEyj4B5JdXF9J7TtfWWE

- 1G6jMfQotd6rV8VkMFNx4hPXYHioeBdquf

- 1H48Bp7EGELgnGSVYKdiCuSo6n822mVmHg

- 1Hi1hyJpUeETGBTQ8aPZ69GBL8xBVV53XP

- 1LJjvsEN9ZzeBVPB4XbhS7mxg99gBAPoMB

- 1NUyryQe1cQYmqg5bjwWNFXA8T1M6htSQ

- 1J8fgfPwn4dsxLiA5BnUkzHoubPJ6q5q8g

- 1F6nNgCTLcR4abWuMs1CHUWYNcnJ47tvbc

- 15ovrfyRTbhqeUkgAqAwtscXDASmietmcJ

18.     "Wallet" means a device, program, or service used to store public and/or private keys for cryptocurrency transactions.

19.     "Thing(s)" is used broadly to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and by Rule 1001 of the Federal Rules of Evidence.

20.     "Requests" or "Requests for Production" means Requests for Production served on Defendants by Plaintiffs in this Action.

21.     "USD" means United States dollars.

22.     "USDT" refers to the crypto-asset created by Tether and commonly referred to as "USDT" or "tether."

23.     The term "burn" means the destruction of USDT upon and/or in connection with its exchange for fiat currency.

24.     The use of the singular form of any word includes the plural, and vice versa.

25.     Any use of gender includes all genders.

26.     A verb tense includes all other verb tenses where the clear meaning is not distorted by addition of another tense or tenses.

27.     The use of the conjunctive shall also be taken in the disjunctive, and vice versa.

<u>INSTRUCTIONS</u>

1.     These Requests shall apply to all documents and things in Your actual or constructive possession, custody, or control at the present time or coming into Your actual or constructive possession, custody, or control during the litigation, including all such responsive documents and things located in the personal files of any and all past or present directors, officers, principals, managers, employees, attorneys, agents, representatives, contractors, consultants, or accountants of Defendants.

2.     If any Request asks for Documents that no longer exist, then in Your response to that Request: (1) identify each such Document; (2) identify all information that was contained in each such Document; (3) state the date when each such Document ceased to exist; (4) state what happened that caused each such Document to cease to exist; (5) state why each such Document was caused to or happened to cease to exist; (6) state the time periods during which such types of Documents were maintained; (7) identify each Person having knowledge of the circumstances under which each such Document ceased to exist; and (8) identify each Person having knowledge of each such Document and state the substance of said knowledge.

3.      If You are unable to produce a requested Document or can produce only a portion of a requested Document, the requested Document should be produced to the extent possible and as to any Document or portion not being produced, state or describe: (1) the reasons You cannot produce the requested Documents; (2) a list of all Documents or categories of Documents that can be only partially produced or cannot be produced; and (3) the earliest date that You can complete production of the requested Documents.

4.      If You claim any kind of privilege as a ground for refusing to answer in whole or in part to any of these Requests, set forth in complete detail the facts on which the privilege is based consistent with the requirements of Rule 26(b)(5)(A) of the Federal Rules and Rule 26.2 of the Local Civil Rules.

5.      Each paragraph and subparagraph in a Request shall be construed independently and not with reference to any other paragraph or subparagraph for the purpose of limitation.

6.      These Requests seek production of all Documents described in each Request, including all drafts, of whatever date, and all non-identical copies, unless all relevant and material information may be conveyed by producing less than all Documents, in which case the response should indicate what Documents are not being produced.

7.      These Requests are continuing in nature and, to the extent that Your responses may be enlarged, diminished, or otherwise modified by information acquired subsequent to the production of Your initial responses, You are required promptly to produce supplemental responses reflecting such changes.

8.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should

be physically produced together with all other documents from said file, docket, or grouping in the same order or manner of arrangement as the original. File folders with tabs or labels identifying documents should be produced intact with such documents.

9.      Each Request shall be construed according to the broadest possible construction of its terms, and in such a way as to bring within its scope any document that could otherwise be construed as outside its scope.

10.     Where a request literally would require production of only a part of a document, Plaintiffs requests that the entire document be produced.

11.     If no documents exist that are responsive to a particular paragraph of these Requests, state so in writing.

12.     Any objections to any category of documents to be produced pursuant to this request or to any definition or instruction it contains shall be in writing and delivered electronically to undersigned counsel within 30 days of the service hereof or as earlier ordered by the Court.

13.     The period covered by these document requests is from July 1, 2014, through the present, except as otherwise specifically provided.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show the existence and subject matter of any investigation or inquiry of You that any governmental entity has undertaken or made.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents You provided to any governmental entity that undertook any investigation or made any inquiry of You, including but not limited to the following entities:

- The Office of the New York Attorney General

- The Commodities Futures Trading Commission

- The U.S. Department of Justice

- The U.S. Securities Exchange Commission

- The Securities Commission of the Bahamas

- The British Virgin Islands Financial Services Commission

- The Ontario Securities Commission

- The Superintendencia del Mercado de Valores de Panama

- The Comissão do Mercado de Valores Mobiliários

- The Seychelles Financial Services Authority

**REQUEST FOR PRODUCTION NO. 3:**

All Documents You obtained from any application under 28 U.S.C. § 1782 in U.S.

District Court, including the following applications:

- In the Central District of California, No. 8:19-mc-00021

- In the Central District of California, No. 8:19-mc-00022

- In the District of Arizona, No. MC-20-00018-PHX-DLR

- In the District of Colorado, No. 1:20-mc-00063-CMA

- In the Eastern District of Missouri, No. 4:20-mc-00446-SRC

- In the Northern District of Georgia, No. 1:20-mi-00042-JPB-AJB

- In the District of Nevada, No. 2:20-ms-00033

**REQUEST FOR PRODUCTION NO. 4:**

All Documents related to the policies and procedures for minting USDT.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents related to the policies and procedures for issuing USDT.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents related to the policies and procedures for redeeming USDT.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show the collateral or backing received for each mint of USDT.

**REQUEST FOR PRODUCTION NO. 8:**

All communications between You and any Individual Defendant.

**REQUEST FOR PRODUCTION NO. 9:**

All communications between You and any U.S. Exchange Defendant.

**REQUEST FOR PRODUCTION NO. 10:**

All communications between You and any Crypto Capital Defendant.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents related to any audit of You, USDT, or the USDT reserves, or related to any giveaway of USDT related to any burn of USDT related to any trade executed by You or Your employees in any cryptocommodity.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show the processes or procedures You have used and/or use for tracking USDT reserves, including the "manual process" for tracking USDT reserves referenced in the Commodities Futures Trading Commission order dated October 15, 2021.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show any proprietary database You have maintained and/or maintain regarding USDT issuances and redemptions, as well as transaction information for customers' deposits and withdrawals.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show any accounting system You have used and/or use for tracking fiat currency reserves and available balances, including bank balances for fiat currency reserves backing USDT.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show any accounting system You have used and/or use for tracking commercial-paper reserves backing USDT.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents relating any analyses You have performed or requested of any actual, prospective, assumed, and/or suspected market for crypto-assets or any subset thereof, including the markets for stablecoins and/or cryptocommodities.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents relating to any analyses You have performed or requested of any actual, prospective, assumed, and/or suspected market for crypto-asset futures contracts, including futures contracts based on stablecoins and/or cryptocommodities.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents relating to any analyses You have performed or requested of any actual, prospective, assumed and/or suspected price manipulation in any market for crypto-assets, including stablecoins and/or cryptocommodities.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents discussing any actual or potential impact of USDT issuances on the prices of crypto-commodities.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show the process for generating and verifying the information provided on the Tether transparency webpage, currently available at https://wallet.tether.to.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show the stablecoin addresses, including USDT addresses, that You own or control, including on the following blockchains: Bitcoin's Omni layer, Ethereum, Tron, EOS, Liquid, Algorand, SLP, and Solana.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show the cryptocommodity addresses that You own or control, including for Bitcoin, Bitcoin Cash (including as a fork from Bitcoin), Ethereum, and any other cryptocommodities that You purchased or sold through any such address.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents relating to all transaction data for transactions in which You, or any entity or address that you control, sent or received crypto-assets, including for Bitcoin and Bitcoin Cash (including the relevant "transaction hash" and "index" for relevant inputs and outputs) and for stablecoins, Ethereum, and other cryptocommodities (including the relevant "transaction hash").

**REQUEST FOR PRODUCTION NO. 24:**

All Documents relating to the records for trades in which You, or any entity or address that you control, made through private arrangements or over-the-counter ("OTC") platforms, including for each such transaction Documents sufficient to show the following information:

- The identity of buyer and seller

- The assets transacted or exchanged

- The date and time of the transaction

- The price (exchange rate) of the transaction

- The volume of the transaction

- In the case of any derivative transaction, the details of the contract

**REQUEST FOR PRODUCTION NO. 25:**

All Documents relating to the records for trades in which You, or any entity or address that you control, made on or through any crypto-asset exchange, including for each such transaction Documents sufficient to show the following information:

- The identity of buyer and seller

- The assets transacted or exchanged

- The date and time of the transaction

- The price (exchange rate) of the transaction

- The volume of the transaction

- In the case of any derivative transaction, the details of the contract

**REQUEST FOR PRODUCTION NO. 26:**

All Documents relating to the records of transfers on any crypto-asset exchange between You, or any entity or address that you control, and any user or account on the same exchange, including for each such transaction Documents sufficient to show the following information:

- The name of the exchange

- The identities of the sender and receiver

- The crypto-asset sent and received

- The date and time of the transaction

- The volume of the transaction

**REQUEST FOR PRODUCTION NO. 27:**

All Documents relating to Crypto Capital, Crypto SP. Z.O.O., Global Trading Solutions, AG, and/or Global Trading Solutions LLC.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents relating to the Specified Blockchain Addresses or the Owners thereof.

**REQUEST FOR PRODUCTION NO. 29:**

All of the financial records of each Tether Defendant, each Bitfinex Defendant, and DigFinex Inc., including any general ledger, balance sheets, income statements, cash-flow statements, and profit-and-loss statements.

**REQUEST FOR PRODUCTION NO. 30:**

Documents relating to Your use of and/or reliance on Crypto Capital and/or the Crypto Capital Defendants for any business operations, including to process U.S. dollar and/or other fiat currency transactions.

**REQUEST FOR PRODUCTION NO. 31:**

 All Documents relating to Your funds or Reserves at any bank or any other financial institution, including the following banks and accounts:

- ABT & Trust, including in Account No. 260011499

- Bank of America, including Account No. 898100395306

- Bank of Colorado, including Account No. 5701063413

- Bank of Montreal

- Bank of New York Mellon

- BnkToTheFuture

- Bank of Communications

- CIBC Mellon

- Banco Portuges de Investimento

- Bank of the Philippine Islands, including Account No. 2-5486163.306.001

- Bank Spoldzielczy

- Bankinter, S.A.

- Caixa Geral de Depositos S.A, including Account Nos. 0216076478170, 0216076477370, 0216076476570, 0786071416230, 0786071414070, 0216076111170, 0216075956230, and 0216076490070

- Canadian Imperial Bank of Commerce, including Account Nos. CC001006882 5108411, CC001006882 0374016, CC001099702 4464710, CC001099702 4113411, CC001099702 4097513, and CC001099702 4210719

- Citibank, N.A., including Account Nos. 207112962, 207129503, 207132333, 206618910, 207139809, 207139817, 207134933, 207132325, 207134958, 42024768923, 42001787749, 42024769061, 57457749, 9945530933, and 207108689

- Deltec Bank & Trust Ltd.

- Deutsche Bank Privat Und Geschaefts, including Account Nos. DE78660700240057016801 and DE51660700240057016802

- Deutsche Bank AG, including Account No. 192057016802

17

- Enterprise Bank & Trust, including Account Nos. 1127548, 1241367, 1127564, 1127177, 1127193, 1128700, 1128727, 1127599, 1235784, 1127652, and 1127644

- First Commercial Bank

- Hwatai Commercial Bank

- HSBC Bank USA, HSBC Bank USA and HSBC Securities USA/Pershing LLC, including Account Nos. 861668 and 141000147

- ING Bank

- JP Morgan Chase, including Account Nos. 296219550 and 779558365

- Metropolitan Bank

- Noble Bank International

- Pekao Bank

- Sackville Bank and Trust

- Santander UK PLC Bank, including Account Nos. 00080753, 10379431, 10446319, and 10446322

- Shanghai Pudong Development Bank

- Signature Bank

- Stearns Bank

- Sun Trust, including Account Nos. 810455498, 209364251, and 1000211769301

- Taishin Bank

- TCA Investment Bancorp & Trust Company

-  TD Bank, including Account No. 4350649188

- US Bank

- Wells Fargo, including Account No. 2514680467.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show Your funds, assets, or reserves at any financial institution at all times since July 1, 2014.

**REQUEST FOR PRODUCTION NO. 33:**

Documents sufficient to show the ownership and control over each Tether Defendant, each Bitfinex Defendant, and DigFinex Inc., including any corporate organizational charts.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents discussing the existence, scope, or mitigation of any conflicts of interest relating to any Defendant.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents relating to the August 2016 hack of Bitfinex resulting in the theft or unauthorized transfer of bitcoin, including Bitfinex's efforts to recover the stolen funds.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents relating to Michael Novogratz, Galaxy Digital Trading Cayman LLC, Galaxy Digital LP, and/or Galaxy Benchmark Crypto Index Master Fund LP.

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to show every loan of USDT by You, including the amount of USDT loaned, the identity of the recipient of the loan, and the amount and type of collateral received in exchange for the loan.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents relating to Heisenberg Capital.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents relating to Ivan Manuel Molina Lee, Ana Andrea Urriola Pan, and/or Bolivar Jose Gonzalez.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents relating to Noble Markets LLC.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents relating to Paycase Financial.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents relating to Prosperity Revenue Merchandising Limited.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents relating to Shyft Network.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents relating to Daniel Barrs and/or Global Transaction Services.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents relating to Oz Yosef.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents relating to Smart Property Solutions, AG, Data Nest SA, Hamid Reza Khoyi, Aron Camponovo, and/or Oliver Camponovo.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents relating to Potter Ventures LLC, Fangorn LLC, and/or Bitcoin Management Solutions LLC.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents relating to Friedman LLP and/or the Memorandum Regarding Consulting Services Performed, dated September 28, 2017.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents relating to Chris Ellis.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents relating to Brock Pierce.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents relating to Jump Trading LLC.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents relating to the "Paradise Papers," first made public in November 2017, including Your analysis or assessment thereof and/or response thereto.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents relating to "The Tether Report," or "Quantifying the Effect of Tether," published in January 2018, including Your analysis or assessment thereof and/or response thereto.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents relating to the article "Is Bitcoin Really Un-Tethered?," by John Griffin, and/or any supplements to that article, including Your analysis or assessment thereof and/or response thereto.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents relating to the article in *Medium* published by Dr. Gerald Martinez on July 12, 2018, including Your analysis or assessment thereof and/or response thereto.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents relating to the crypto-exchange "Mt. Gox," the May 2014 report titled, "The Willy Report: proof of massive fraudulent trading activity at Mt. Gox, and how it has affected the price of Bitcoin," and/or any supplements to that report, including Your analysis or assessment thereof and/or response thereto.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents relating to Freeh Sporkin and/or any reports drafted by Freeh Sporkin, including Your analysis or assessment thereof and/or response thereto.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents relating to any posts from any social media account that You or Your executives control.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents relating to the transfer of newly issued USDT from Tether to Bitfinex.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents relating to any agreement, contract, understanding, undertaking, or any other relationship, formal or informal, between You and any other Defendant.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents relating to Your use of the services of any U.S. Exchange Defendant relating to the issuance or minting of new USDT, including the transfer of newly issued USDT, either directly or indirectly, from Bitfinex to any U.S. Exchange Defendant.

**REQUEST FOR PRODUCTION NO. 62:**

Documents sufficient to show Your knowledge or understanding of the use of the services of any U.S. Exchange Defendant relating to the issuance or minting of new USDT.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents relating to the reasons or motivations for the timing or extent of Your use, either direct or indirect, of USDT in any account with any U.S. Exchange Defendant to purchase cryptocommodities.

**REQUEST FOR PRODUCTION NO. 64:**

Documents sufficient to show Your communications with cryptocommodities exchanges (including the U.S. Exchange Defendants) related to the minting of Tether.

**REQUEST FOR PRODUCTION NO. 65:**

Documents sufficient to show Your communications with cryptocommodities exchanges (including the U.S. Exchange Defendants) related to USDT Reserves.

**REQUEST FOR PRODUCTION NO. 66:**

Documents sufficient to show Your policies and/or procedures related to any "Know Your Customer" or anti-money laundering ("AML") compliance, including any training materials produced for Your employees regarding such policies and/or procedures.

**REQUEST FOR PRODUCTION NO. 67:**

Documents sufficient to show Your policies and/or procedures for complying with competition laws, including U.S. antitrust laws, and any training materials provided to Your employees regarding such policies and/or procedures.

**REQUEST FOR PRODUCTION NO. 68:**

Documents sufficient to show Your document-retention policies, procedures, and practices, and Your data-hosting policies, procedures, and practices.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents relating to Your investments in crypto-asset companies, including Celsius Network), including all communications with third parties relating to these investments.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents relating to Your efforts to raise equity, including any prospectuses, private placement memoranda, or solicitations sent to investors.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents relating to Your efforts to obtain loans, including any prospectuses, private placement memoranda, or solicitations sent to investors.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents related to all wallets or deposit accounts owned or controlled by any Defendant.

**REQUEST FOR PRODUCTION NO. 73:**

All Documents related to any contract, agreement or other relationship between You and the government of El Salvador.

**REQUEST FOR PRODUCTION NO. 74:**

Documents sufficient to show the identity of all wallets or other identifiers sufficient to show Your purchases of crypto assets for Your own account, including all accounts owned or controlled by Your employees or agents.

**REQUEST FOR PRODUCTION NO. 75:**

Documents sufficient to identify witnesses with knowledge of information relevant to the subject matter of the action.

**REQUEST FOR PRODUCTION NO. 76:**

   Documents sufficient to show the existence, custodian, location and general description of

relevant documents.

**REQUEST FOR PRODUCTION NO. 77:**

   All documents relating to Your policies and practices for retaining documents.


   Dated: December 22, 2021

/s/ Philippe Selendy
Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
SELENDY & GAY PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com


/s/ Todd Schnider
Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
Kyle G. Bates (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
   KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com
kbates@schneiderwallace.com

*Interim Lead Counsel and Attorneys for the
Plaintiffs and the Proposed Class*

/s/ Kyle Roche
Kyle W. Roche
Edward Normand
Velvel Freedman (*pro hac vice*)
Joseph M. Delich
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rochefreedman.com
tnormand@rochefreedman.com
vel@rochefreedman.com
jdelich@rochefreedman.com

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, do hereby certify that on December 22, 2021, I served all parties of record as listed below with copies of this document by electronic mail unless otherwise noted.

Kyle W. Roche
Edward Normand
Velvel Freedman (*pro hac vice*)
Joseph M. Delich
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rcfllp.com
tnormand@rcfllp.com
vel@rcfllp.com
jdelich@rcfllp.com

Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
SELENDY & GAY PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com

Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for the Plaintiffs and the Proposed Class*

Jim Walden
Daniel J. Chirlin
Walden Macht & Haran
One Battery Park Plaza 34th Floor New York, New York 10004
jwalden@wmhlaw.com
dchirlin@wmhlaw.com

Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
michael@mjllaw.com

Sunjina K. Ahuja, Esq.
Christopher J. Beal
Dillon Miller Ahuja & Boss, LLP
5872 Owens Ave., Suite 200
San Diego, CA 92008
sahuja@dmablaw.com
cbeal@dmablaw.com

*Attorneys for Defendants iFinex Inc., DigFinex Inc., BFXNA Inc., BFXWW Inc., Tether International Limited, Tether Operations Limited, Tether Holdings Limited, Tether Limited, Giancarlo Devasini, and Ludovicus Jan van der Velde*

/s/ Kyle Roche
Kyle Roche