

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

April 26, 2023

BY ECF AND EMAIL

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**MEMO ENDORSED**

*Re: In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.)

Dear Judge Failla:

We write on behalf of the B/T Defendants to request permission to submit the following short reply to address two issues that Plaintiffs raise for the first time in their April 25, 2023 letter regarding their subpoena to Kraken. (Dkt. No. 336.)

*First*, Plaintiffs disclose for the first time that they have agreed to limit their subpoena to Kraken to records for "fourteen Kraken accountholders" (Dkt. No. 336, at 1) from the far broader request set forth in the subpoena itself, which included account records for the B/T Defendants and any of their officers, directors, agents, and employees, among many other individuals and entities. (Dkt. No. 325, Ex. A, Definitions 7, 8, and 16.) Yet Plaintiffs still do not identify the "fourteen Kraken accountholders" at issue or explain how they were selected, much less demonstrate that any of those Kraken accounts were "*de facto* owned or controlled by the B/T Defendants." (Dkt. No. 336 at 1-2.) The documents that Plaintiffs cite do not support even their more general contention that the B/T Defendants routinely "used officer and employee accounts to conduct relevant trading." (Dkt. No. 336 at 1-2, 3; Ex. 1 (referring to "a corp account"); Ex. 2 (referring to shareholder engaging in USD-USDT arbitrage); Ex. 3 (making no reference to Kraken and discussing "creation/redemption or settlements"); Ex. 4 (making no reference to personal accounts).) None of those documents were previously raised with the B/T Defendants. (Dkt. No. 325, Ex. C.)

*Second*, Plaintiffs now accuse the B/T Defendants of having "flatly violated the Court's September 20 order" (Dkt. No. 336 at 3), an issue that is squarely presented in the separate motion to compel that Plaintiffs filed on April 25, 2023 (Dkt. No. 328) and is more appropriately addressed in connection with that motion. In any event, Plaintiffs' assertion that the Court ordered the B/T Defendants to produce transaction documents for their "officers, employees, and agents" is contrary to the record. (Dkt. No. 336 at 3.) Plaintiffs moved to compel the production of "records relating to the B/T Defendants' transactions," and they expressly defined "the B/T Defendants" in their motion as the named B/T Defendants *only*, and not any other individuals. (Dkt. No. 239 at 1-2 & n.1.) The Court granted Plaintiffs' motion on that basis. (Dkt. No. 247.) There is no mention of officers, employees or agents in the motion papers or the Court's order.

Respectfully submitted,

/s/ Elliot Greenfield

www.debevoise.com

The Court accepts the B/T Defendants' brief letter reply related to the subpoena of Kraken.  Because the B/T Defendants' letter motion related to Kraken and Plaintiffs' letter motion to compel present somewhat interrelated issues, the Court intends to resolve the disputes once the B/T Defendants submit their response to Plaintiffs' letter motion.  The Court does not intend to accept further submissions related to either letter motion once it receives the B/T Defendants' response.

Dated:     April 27, 2023          SO ORDERED.
           New York, New York

                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE