

**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

April 28, 2023

<u>BY ECF AND EMAIL</u>

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re:  *In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.)**

Dear Judge Failla:

We write on behalf of the B/T Defendants to seek permission to file in redacted form the B/T Defendants' opposition to Plaintiffs' motion to compel and Exhibits A and B under seal.

The B/T Defendants seek to redact limited portions of their letter that disclose account numbers and other information regarding specific transactions, which information the Court permitted Plaintiffs to file under seal.  (Dkt No. 331.)  Courts in this Circuit routinely permit such redactions in light of the privacy and security concerns that public disclosure raises.  *See*, *e.g.*, *SEC v. Ripple Labs, Inc.*, 2022 WL 17751466, at *4 (S.D.N.Y. Dec. 19, 2022) (permitting defendants to redact financial information—including digital wallet addresses, see Dkt. No. 561 at 6—given the "strong privacy interests"); *Broadhurst Invs., L.P. v. Bank of N.Y. Mellon*, 2010 WL 3154840, at *6 (S.D.N.Y. Aug. 2, 2010) (permitting parties to seal bank account information "because there is very little need for public access to such information and the potential for harm through bank fraud or identity theft is great").  The specific account numbers have "minimal relevance" to this motion, "and the strong privacy interests of those resisting disclosure outweigh the presumption of public access."  *Ripple*, 2022 WL 17751466, at *4.

The B/T Defendants likewise request leave to file under seal two exhibits containing their account information and financial transactions.  These exhibits contain detailed, highly sensitive information about the B/T Defendants' crypto accounts and are akin to banking or account ledgers.  As courts have recognized, "[b]anking records are a highly sensitive type of financial record and so are entitled to additional consideration."  *SEC v. Telegram Grp., Inc.*, 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020) (concluding that defendant's "interest in protecting the confidentiality of its banking records outweighs the public's presumption of access to this document"); *see also Broadhurst Invs., L.P.*, 2010 WL 3154840, at *6.

Respectfully submitted,

/s/ Elliot Greenfield