


May 12, 2023

**Via ECF and E-mail**
The Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla:

Per Local Civil Rule 37.2 and Individual Rule 3.C, Plaintiffs respectfully request a pre-motion conference to request leave to take up to 15 depositions—five more than the ten permitted in the first instance by Federal Rule 30(a)(2)(A)(i)—with leave to seek more if necessary. The parties have met and conferred. B/T Defendants agree to this proposal, but Poloniex does not and so is at impasse with Plaintiffs.[1]

Plaintiffs have been trying to agree with Defendants on an initial deposition limit for over a month. *See generally* Ex. 1. On April 10, Plaintiffs told Defendants that they had identified 46 individuals that they wished to depose, asked if Defendants would agree to that number, and proposed to meet and confer in the following days. *Id*. (Email, M. Hite to Defendants (Apr. 10, 2023)). Defendants did not respond until April 18, in a short email asking Plaintiffs to identify the intended deponents. *Id*. (Email N. Born to Pltfs (Apr. 18, 2023)). Plaintiffs did so, providing on April 25 a detailed list of the proposed witnesses, explaining why each is relevant, and again asking to meet and confer. *Id.* (Email, M. Hite to Defs. (Apr. 25, 2023)); Ex. 2 (Plaintiffs' Preliminary Deponent List). On May 2, after receiving no response from Defendants, Plaintiffs again asked to meet and confer. Ex. 1 (Email, M. Hite to Defs. (May 2, 2023)). Defendants finally appeared for a meet and confer on May 3, refusing to propose any specific number of initial depositions, saying instead that they might agree to ten or twelve. *Id*. (Email, M. Hite to Defs. (May 4, 2023)). Plaintiffs responded that evening, asking Defendants to agree to an initial tranche of 20 individual depositions plus Rule 30(b)(6) depositions for the named entity Defendants. *Id.* (Email, M. Hite to Defs. (May 4, 2023)). Defendants responded on May 5, 2023, again failing to propose any number of initial depositions, and asking that Plaintiffs identify their proposed 20 initial deponents. Ex. 3 (Defs. Ltr 5/5). Plaintiffs did so that same day, asking for a response on the next business day. Ex. 4 (Pltfs Ltr. 5/5). On May 9, Defendants responded with conflicting proposals. B/T Defendants offered either (1) 15 depositions, inclusive of 30(b)(6) depositions; or (2) a higher number of depositions if Plaintiffs would forego Rule 30(b)(6) depositions, Ex. 5 (B/T Ltr. 5/9). Poloniex offered

---

[1] Pursuant to the Court's stay of proceedings against Defendant Bittrex, ECF No. 349, this motion addresses only B/T Defendants and Poloniex.

nothing, insisting that Plaintiffs take ten depositions before Poloniex would consider any request for more. Ex. 6 (Poloniex Ltr. 5/9). The next day, Plaintiffs said that they would agree to 15 initial depositions, and asked Defendants to respond by May 11. Ex. 7 (M. Hite Ltr. 5/10). On May 11, B/T Defendants agreed that Plaintiffs may take up to 15 depositions, with both parties reserving rights to request or oppose additional depositions, respectively. Poloniex did not respond. Ex. 8 (B/T Ltr. 5/11); Ex. 1 (Email, L. King to Defs. (May 11, 2023)).

Given the magnitude of this case, Plaintiffs' proposal for 15 initial depositions is exceedingly modest and well within the limits that courts in similar complex cases permit.[2] When "the action is complex, parties are not required to exhaust the ten allowable depositions prior to seeking leave to take additional depositions." *Stiles v. Walmart, Inc.*, 2020 WL 589107, at *3 (E.D. Cal. Feb. 6, 2020) (internal citations omitted). This case is highly complex: It involves a six-year relevant period (during which leadership and employees at the Defendants' entities changed); multiple antitrust claims, Commodities Exchange Act claims, and fraud claims; and a massive amount of financial data regarding Tether's reserves and Defendants' transaction data (much of which has yet to be produced).

Courts permit parties to exceed the standard deposition limit where there are multiple parties and numerous individuals with relevant knowledge.[3] That is certainly the case here: There are three individual named Defendants; B/T Defendants and Poloniex identified another seven individuals that they might call at trial, Ex. 9 (Appendix),[4] they identified an additional 28 individuals with relevant knowledge; and Plaintiffs' review of discovery has revealed at least another 11 individuals with uniquely relevant information. *See id.* (listing all individuals Defendants identified as having relevant information). Plaintiffs have laid out, in detail, how each of these individuals has unique, relevant information. Ex. 2 (listing all potential deponents identified by Plaintiffs). Plaintiffs need more than ten depositions of these individuals to adequately investigate, among other things, (1) the authorization, issuances, and redemption of USDT, (2) B/T Defendants' accounting practices and financial records; (3) the acceptance of cryptocurrencies in exchange for USDT; (4) cryptocommodity transactions undertaken by B/T Defendants and over-the-counter trading; and (5) loans of USDT and lines of credit provided.

---

[2] *In re Weatherford Int'l Sec. Litig.*, 2013 WL 5762923 (S.D.N.Y. Oct. 24, 2013) (16 depositions granted with leave to request more); *see also Mintz v. Mark Bartelstein & Assocs., Inc.*, 2012 WL 12886492, at *3 (C.D. Cal. Sept. 14, 2012) (many disclosed witnesses and case complexity warrants more than ten depositions); *Thykkuttathil v. Keese*, 294 F.R.D. 601, 603 (W.D. Wash. 2013) (same).

[3] *See United States v. Town of Oyster Bay*, 2016 WL 11265542, at *2 (E.D.N.Y. May 10, 2016) (11 additional depositions granted beyond the standard limit); *Commodity Futures Trading Comm'n v. Commodity Inv. Grp., Inc.*, 2005 WL 3030816, at *2 (S.D.N.Y. Nov. 10, 2005) (16 depositions granted).

[4] *Sawla v. B.E. Aero., INC*, 2017 WL 11635761, at *2 (C.D. Cal. May 3, 2017) ("parties should, generally, be allowed to depose witnesses listed in Initial Disclosures."); *cf. Weatherford*, 2013 WL 5762923 at *4 (noting defendants "should bear in mind the potential impact of their arguments for limiting depositions" and may be bound by those assertions should they call any of those individuals as witnesses at trial).

While mindful that courts sometimes ask parties to at least partially exhaust the standard ten-deposition limit before granting them leave to take additional depositions, Plaintiffs move now for a specific reason: To avoid being forced to decide early in the deposition period to either start taking Rule 30(b)(6) depositions on an incomplete record or run the risk of not being able to take such depositions at all. Parties regularly take some or all Rule 30(b)(6) depositions at the end of the discovery period, in part to fill evidentiary holes left by individual fact witnesses. But Plaintiffs must take sufficient individual depositions to identify those gaps. Plaintiffs currently anticipate taking Rule 30(b)(6) depositions for at least five named defendants: iFinex, Bitfinex, Tether, Digfinex, and Poloniex.[5] Defendants know this (Plaintiffs have told them, explicitly) but they have refused to carve out Rule 30(b)(6) depositions from the initial limit and Poloniex alone now insists that Plaintiffs take only five individual depositions before they must either start taking Rule 30(b)(6) depositions or run the risk of not being granted leave to take them later. Given the complexity of this case and the number of individuals with unique relevant knowledge, this is untenable. *See Del Campo v. Am. Corr. Couns. Servs., Inc.,* 2007 WL 3306496 at *6 (N.D. Cal. Nov. 6, 2007) ("[I]t would be prejudicial to require Plaintiffs to choose the ten depositions to take before they know whether they will be granted more"). While Plaintiffs anticipate needing more than ten individual depositions, their proposal of an initial limit of 15 total depositions would let them take ten depositions before they either start taking Rule 30(b)(6) depositions or seek additional individual depositions.

Poloniex has no good arguments to the contrary. *First*, it asserts that Plaintiffs lack good cause for additional depositions, but this is simply not true—Plaintiffs have shown how all their proposed deponents have relevant information, covering current and former employees, and they have raised the specific issue of Rule 30(b)(6) depositions. Courts also routinely grant additional depositions if the moving party cannot obtain relevant, non-cumulative information from other discovery, *see, e.g., Weatherford*, 2013 WL 5762923 at *3, and some information that Plaintiffs seek from Poloniex's witnesses here is uniquely in their possession, as their communications were not preserved as part of the sale of Poloniex and the purported current owner of that exchange (Augustech, LLC) has not responded to Plaintiffs' subpoena.[6] *Second*, Poloniex points to the presumption that parties must take ten depositions before seeking more, but that guideline was never intended to force a party into a double bind where they either must take their Rule 30(b)(6) depositions on an incomplete record or risk losing the opportunity to take them altogether. *Finally*, Poloniex has no serious burden objection: Defendants have told it that—at most—they anticipate taking only three Poloniex witnesses in the initial round of depositions, far fewer than what Poloniex would face if it were the sole defendant.

Plaintiffs are working to move this case quickly and efficiently, but they cannot reasonably start taking depositions until they have guidance on the initial deposition limit. Plaintiffs respectfully request the Court's permission to take 15 depositions, with leave to seek more if necessary.

---

[5] Plaintiffs have omitted Bittrex from this list for now in light of the Court's stay order.

[6] *See* Ex. 10 (party correspondence).

Respectfully submitted,

| | |
|---|---|
| /s/ Andrew R. Dunlap | /s/ Todd M. Schneider |
| Philippe Z. Selendy | Todd M. Schneider (*pro hac vice*) |
| Andrew R. Dunlap | Matthew S. Weiler (*pro hac vice*) |
| Oscar Shine | Mahzad K. Hite (*pro hac vice*) |
| SELENDY GAY ELSBERG PLLC | SCHNEIDER WALLACE COTTRELL KONECKY LLP |
| 1290 Sixth Avenue | 2000 Powell Street, Suite 1400 |
| New York, NY 10104 | Emeryville, CA 94608 |
| pselendy@selendygay.com | tschneider@schneiderwallace.com |
| adunlap@selendygay.com | mweiler@schneiderwallace.com |
| oshine@selendygay.com | mhite@schneiderwallace.com |

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*