# Exhibit 3



Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

May 5, 2023

<u>BY EMAIL</u>

Philippe Z. Selendy
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com

Todd M. Schneider
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street
Emeryville, CA 94608
tschneider@schneiderwallace.com

*Re:  In re Tether and Bitfinex Crypto Asset Litig.*, **No. 19 Civ. 9236 (KPF) (S.D.N.Y.)**

Dear Counsel:

We write on behalf of Defendants in response to Plaintiffs' April 26, 2023 and May 4, 2023 email correspondence regarding Plaintiffs' request to take 46 fact depositions.

As you know, Plaintiffs must "demonstrate[e] cause to exceed the ten deposition limit" set forth in Rule 30(a)(2)(A)(i).  *Brunckhorst v. Bischoff*, 2022 WL 6991285, at *1 (S.D.N.Y. Oct. 12, 2022).  Courts consider, among other things, whether "the discovery sought is unreasonably cumulative or duplicative" and whether "the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  The ten deposition limit "enables courts to maintain a tighter rein on the extent of discovery and to minimize the potential cost of wide ranging discovery."  *Id.* (alterations omitted).

Plaintiffs have not demonstrated good cause – either with their initial list of 46 potential deponents or during our meet and confer on May 3, 2023 – to exceed the ten-deposition default set by the Federal Rules.  On its face, Plaintiffs' "preliminary deponent list" of 46 individuals and entities is highly duplicative and also includes numerous individuals whose relationship to the Plaintiffs' claims is extremely attenuated or non-existent.  With respect to the B/T Defendants, for example, Plaintiffs seek – in additional to multiple Rule 30(b)(6) depositions – seven witnesses purportedly relevant to the issuance and redemption of USDT, six witnesses purportedly relevant to financial

Philippe Selendy and Todd Schneider      2                          May 5, 2023

records and banking relationships, five witnesses purportedly relevant to the B/T Defendants' relationship with Bittrex and Poloniex, and four witnesses purportedly relevant to the "backing" or "reserves" for USDT.

There can be no question that the burden of 46 depositions in this case vastly outweighs its likely benefit, and Plaintiffs' attempt to justify that number has no basis in the law. Plaintiffs state in their May 4, 2023 email that there are 15 named defendants and that Defendants identified "nearly 50" individuals in their initial disclosures and interrogatory responses as "having relevant knowledge." Plaintiffs ignore, however, that the 15 named defendants include 10 entities (eight B/T Defendant entities, along with Bittrex, Inc. and Poloniex, LLC), as well as Reginald Fowler and Crypto Capital Corp., which have not participated in the litigation and are not included in Plaintiffs' "preliminary" list of 46 depositions. That leaves only three individual named defendants: Philip Potter, Giancarlo Devasini and Ludovicus Jan van der Velde.

Plaintiffs' reliance on the number of individuals identified by Defendants as "having relevant knowledge" is similarly misplaced. Courts have expressly rejected Plaintiffs' argument that excess depositions are warranted based on the parties' "identification of more than ten relevant witnesses in their initial disclosures and interrogatories." *Brunckhorst*, 2022 WL 6991285, at *1. "[N]o such bright line exception exists in the Federal Rules of Civil Procedure." *Id.* To the contrary, "even if 'a witness might have discoverable information, a party is not always entitled to depose that individual.'" *Id.* (quoting *CFTC v. Commodity Inv. Grp., Inc.*, 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10, 2005)). The law is clear that "the mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual." *Galgano v. Cnty. of Putnam*, 2021 WL 2138759, at *1 (S.D.N.Y. May 26, 2021) (noting that approval of a request for "three times the presumptive maximum number of depositions" would "endorse a profligate, 'scorched earth' approach" to discovery).

Although Plaintiffs have failed to demonstrate a need for more than 10 depositions at this time, and certainly nothing approaching 46 depositions, Defendants agreed to meet and confer in good faith regarding such a request if Plaintiffs still believe they need additional depositions after taking the 10 depositions to which they are entitled under the Federal Rules. Defendants even offered to be flexible on that number, if Plaintiffs came back with a request for, say, 12 depositions or something in that ballpark. Defendants' proposed approach is consistent with practice in this District. *See, e.g.*, *In re Actos Antitrust Litig.*, 2022 WL 16722235, at *2 (S.D.N.Y. Nov. 5, 2022) ("[C]ourts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A) or the number stipulated to by the opposing party."); *Brunckhorst*, 2022 WL 6991285, at *2 (denying request for twenty depositions but allowing party to "move the Court again for leave to take the additional depositions after he has taken at least seven depositions of fact witnesses, in the event that he can present more detailed reasons to support his need to take more than ten depositions and why those additional depositions would not be unreasonably cumulative or duplicative").

Philippe Selendy and Todd Schneider    3    May 5, 2023

Plaintiffs' response, suggesting a "first phase" of depositions that would include 20 individuals in addition to Rule 30(b)(6) depositions of named entity defendants – a total of 30 depositions in this "initial tranche" – is not reasonable and ignores Plaintiffs' obligation to demonstrate cause to exceed 10 depositions. (For avoidance of doubt, Defendants reject any suggestion that they have agreed in advance to more than one "phase" or "tranche" of depositions.) Moving from a request for 46 depositions to a request for an initial tranche of 30 depositions does not represent a significant compromise. As Plaintiffs acknowledged during our meet and confer, Rule 30(b)(6) depositions present a substantially greater burden because they typically require extensive witness preparation. Plaintiffs also do not identify which deponents would fall within this "first phase," making it impossible for Defendants to consider the degree to which the proposed deponents are duplicative and cumulative or their relevance to Plaintiffs' claims.

Defendants are committed to attempting to resolve this issue without burdening the Court. We are available to meet and confer.

Best regards,

/s/ Elliot Greenfield