# Exhibit 5



Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

May 9, 2023

BY EMAIL

Philippe Z. Selendy
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com

Todd M. Schneider
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street
Emeryville, CA 94608
tschneider@schneiderwallace.com

*Re: In re Tether and Bitfinex Crypto Asset Litig.*, **No. 19 Civ. 9236 (KPF) (S.D.N.Y.)**

Dear Counsel:

We write on behalf of the B/T Defendants in response to Plaintiffs' May 5, 2023 letter regarding depositions.

As a preliminary matter, the B/T Defendants do not believe that Defendants' May 5 letter mischaracterized Plaintiffs' proposals, and your May 5 letter serves only to confirm that it did not. Plaintiffs initially proposed taking 46 depositions. In response, Defendants pointed out that Plaintiffs have not demonstrated cause to go beyond the ten-deposition limit set forth in the Federal Rules, much less anything approaching 46 depositions, and Defendants therefore suggested as a compromise that Plaintiffs take the ten depositions to which they are entitled (or perhaps a few more) and then assess whether they had good cause to seek additional depositions. By email dated May 4, Plaintiffs proposed that they take an "initial tranche" of 20 individual fact depositions, in addition to Rule 30(b)(6) depositions of the named entity Defendants, of which there are ten (excluding Crypto Capital Corp., which has not participated in this litigation). With respect to Rule 30(b)(6) depositions, Plaintiffs state that they "anticipate" six, but they do not agree to limit themselves in any way.[1] A proposal that Defendants agree to an

---

[1] We note that Plaintiffs indicate in their "preliminary deponent list" that they seek to take Rule 30(b)(6) depositions of "Tether" and "Bitfinex." Those are trade names, not legal

Philippe Selendy and Todd Schneider     2                   May 9, 2023

initial phase of 20 individual depositions plus up to ten Rule 30(b)(6) depositions – with no limit on the overall number of depositions – is no compromise at all.

Plaintiffs offer no explanation why they could possibly need 30, much less 46, depositions in this case. Nor do they respond to the authorities Defendants cited making clear that (*i*) Plaintiffs bear the burden to demonstrate cause to exceed the ten deposition limit, (*ii*) Plaintiffs cannot rely on the number of individuals identified by Defendants in their initial disclosures and interrogatory responses, as Plaintiffs are not entitled to depose individuals merely because they might have discoverable information, and (*iii*) it is premature to expand the number of depositions before Plaintiffs have exhausted their ten depositions and demonstrated that additional depositions would not be unreasonably cumulative or duplicative. (Defendants' May 5 Letter at 1-2.) In light of Plaintiffs' failure to respond to these points, and the plainly unreasonable number of deponents included in their "preliminary" list, we can only conclude that Plaintiffs' initial request for 46 depositions was a bargaining tactic.

Plaintiffs' May 5 letter makes no attempt to demonstrate cause to exceed the ten-deposition limit and improperly seeks to shift to Defendants the burden to "identify" which proposed deponents are "duplicative or cumulative of other deponents" and to "explain why." Of the twenty individual depositions that Plaintiffs seek as part of their "first tranche," Plaintiffs list eleven deponents "related to the B/T Defendants," four related to Bittrex, four related to Poloniex, and the Anonymous Trader. As to these proposed deponents, Plaintiffs' "preliminary deponent list" provides only cursory and vague descriptions of their purported "relevance." Some of the listed topics provide little, if any, guidance as to the substance of the testimony that Plaintiffs would seek. For example, these topics include, with respect to the B/T Defendants, "relevant policies and practices of B/T Defendants," "knowledge regarding top traders and associated trading records" and "Bitfinex trading activities."

Even Plaintiffs' cursory descriptions, however, suggest substantial duplication among the eleven proposed deponents related to the B/T Defendants. For example, Plaintiffs seek three witnesses purportedly relevant to the B/T Defendants' relationship with Bittrex and Poloniex, three witnesses purportedly relevant to financial records and banking relationships, and four witnesses purportedly relevant to the issuance and redemption of USDT.

Despite Plaintiffs' failure to demonstrate cause to exceed the ten-deposition limit, or to engage constructively with the Defendants' proposal, and in the interests of reaching an agreement without burdening the Court with another discovery dispute, the B/T Defendants make the following proposal as a compromise:

---

        entities, and therefore not the proper subject of a Rule 30(b)(6) deposition. The B/T entity defendants are iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether Limited, Tether International Limited, and DigFinex Inc.

Philippe Selendy and Todd Schneider     3                               May 9, 2023

- The B/T Defendants will agree to allow Plaintiffs take a total of up to 15 depositions, inclusive of any 30(b)(6) depositions, across all parties and non-parties. If, after taking those depositions, Plaintiffs believe there is good cause for additional depositions, the B/T Defendants agree to meet and confer with Plaintiffs in good faith. At that time – unlike now – there will be a concrete, non-speculative basis for the parties to discuss whether additional depositions would be justified.

- As you know, Defendant Bittrex, Inc. filed for bankruptcy protection yesterday, and this lawsuit is automatically stayed as against that entity. The B/T Defendants' proposal assumes that Plaintiffs still seek the same number of individual depositions with respect to Bittrex, notwithstanding its bankruptcy filing. Please let us know if that is not the case.

- The B/T Defendants are open to discussing a higher number of individual depositions in exchange for Plaintiffs agreeing to forego Rule 30(b)(6) depositions. As Plaintiffs acknowledged, Rule 30(b)(6) depositions present a substantially greater burden because they typically require extensive witness preparation. Moreover, as a practical matter, there likely is little, if any, relevant institutional knowledge about which the individuals identified by Plaintiffs would be unable to testify.

The B/T Defendants are making a meaningful compromise by agreeing to 15 depositions – five more than Plaintiffs are entitled to – even though Plaintiffs' initial demand for 46 depositions was not a serious proposal and Plaintiffs have refused to offer any compromise.

Alternatively, rather than an agreement on the total number of depositions for all parties and non-parties, the B/T Defendants are open to discussing and reaching agreement on the number of depositions with respect to the B/T Defendants only. Please let us know if Plaintiffs would prefer to pursue this approach.

We hope that Plaintiffs will give serious consideration to this proposal and avoid burdening the Court with this issue. We are available to meet and confer.

Best regards,

/s/ Elliot Greenfield