# Exhibit 6

 **NELSON MULLINS**

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Matthew G. Lindenbaum
Admitted in DC, MA, MD & VT
T: (617) 217-4632
matthew.lindenbaum@nelsonmullins.com

One Financial Center, Suite 3500
Boston, MA 02111
T: 617.217.4700  F: 617.217.4710
nelsonmullins.com

May 9, 2023

**BY EMAIL**

Philippe Z. Selendy
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendgay.com

Todd M. Schneider
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street
Emeryville, CA 94608
tschneider@schneiderwallace.com

**RE:    In re Tether and Bitfinex Crypto Asset Litig., No. 19 Civ. 9236 (KPF) (S.D.N.Y.)**

Dear Counsel:

We write on behalf of Poloniex, LLC in response to Plaintiffs' May 5, 2023 letter regarding depositions.

Plaintiffs proposed that they be permitted to take 46 depositions.  After Defendants objected to that and met and conferred with Plaintiffs, Plaintiffs modified their proposal to request to take 30 depositions (20 individuals and a 30(b)(6) deposition of each named entity) in a first phase, with the ability to seek to take additional depositions. After the Defendants objected again, Plaintiffs requested 26 initial depositions (20 individuals and six 30(b)(6) witnesses) with the ability to seek to take more.

The Federal Rules provide that a party must obtain leave of court to exceed the ten deposition limit and must "demonstrate cause to exceed the ten deposition limit." *Brunckhorst v. Bischoff*, 2022 WL 6991285, at *1 (S.D.N.Y. Oct. 12, 2022).  Consistent with that, Poloniex has proposed that Plaintiffs take the ten depositions they are entitled to under the Federal Rules and then, if Plaintiffs believe they need to take additional depositions that are not cumulative or duplicative, meet and confer with Defendants to

May 9, 2023
Page 2

try to arrive at an agreement on how many additional depositions might be needed. Poloniex's approach is consistent with the practice in this District.  *See, e.g., In re Actos Antitrust Litig.*, 2022 WL 167222235, at *2 (S.D.N.Y. Nov. 5, 2022) ("courts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A) or the number stipulated to by the opposing party."); *Brunckhorst*, 2022 WL 6991285, at *2 (denying request for 20 depositions but allowing party to "move the Court again for leave to take the additional depositions after he has taken at least seven depositions of fact witnesses, in the event that he can present more detailed reasons to support his need to take more than ten depositions").  This approach has the added benefit of making practical sense—Plaintiffs cannot know that the depositions beyond the ten allowed under the Federal Rules will not be cumulative or duplicative until they hear the witnesses' testimony.

Plaintiffs have also failed to explain why after over 17 months of document discovery and the exchange of hundreds of thousands of documents in discovery (nearly 1.5 million pages), they would need almost five times the number of depositions allowed under the Federal Rules.  For example, the mere fact that an individual was listed in a party's initial disclosures, or communicated with the Anonymous Trader, or has knowledge about a certain topic does not mean Plaintiffs need to depose that person. And it certainly does not mean that Plaintiffs need to issue a subpoena to depose that person prior to a single deposition in the case occurring.

Poloniex's proposal for Plaintiffs to take the ten depositions they are allowed under the Federal Rules and to then meet and confer with Defendants if they believe they need to take additional depositions that would not be cumulative or duplicative is a reasonable proposal, is consistent with the approach courts in this district have taken, and ideally avoids burdening the Court with a dispute that may be unnecessary.


Best regards,

NELSON MULLINS RILEY &
SCARBOROUGH LLP


By: _____
      Matthew G. Lindenbaum