# Exhibit 7




May 10, 2023


**Via E-mail**

Mr. Elliot Greenfield
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
egreenfield@debevoise.com

Matthew Lindenbaum
NELSON MULLINS RILEY &
SCARBOROUGH LLP
One Financial Center, Suite 3500
Boston, MA 02111
matthew.lindenbum@nelsonmullins.com

Gregory J. Hollon
MCNAUL EBEL NAWROT & HELGREN
PLLC
600 University St #2700
Seattle, WA 98101
ghollon@mcnaul.com

**Re:**   ***In re Tether and Bitfinex Crypto Asset Litig.*, No. 19-CV-09326**

Dear Counsel:

        We respond to your letters of May 9, 2023 regarding depositions. Your letters contain false assertions which, in attempt keep these discussions productive, we will not catalog here.

        We initially proposed that Plaintiffs be able to take up to 46 depositions in this case, providing a list that included the named defendants, individuals identified in Defendants' initial disclosures as witnesses they might rely on at trial, and individuals Plaintiffs identified through discovery. Defendants rejected that proposal. They proposed instead proceeding in tranches, with the first tranche limited to 10 or 12 depositions. Plaintiffs responded by agreeing to tranching if it exempted Rule 30(b)(6) depositions, with up to 20 depositions in the first tranche, and we provided a list of the individuals that we intended to depose in that first tranche. B/T Defendants and Poloniex reject this proposal. Poloniex does not move from its initial position, offering again a first-tranche of 10 depositions, including Rule 30(b)(6) depositions. B/T Defendants propose (1) a first tranche of 15

Elliot Greenfield, Matthew Lindenbaum, and Gregory Hollon
May 10, 2023

depositions, including Rule 30(b)(6) depositions; (2) a "higher number" of depositions if Plaintiffs will forego Rule 30(b)(6) depositions; or (3) a separate discussion regarding the number of depositions for the B/T Defendants only.

Plaintiffs will not forego Rule 30(b)(6) depositions. We also do not believe that Plaintiffs and B/T Defendants could agree to expand the deposition limit without the consent of all Defendants: Rule 30(a)(2)(A) requires "the parties" to stipulate to depositions that would result in more than 10 depositions being taken "by the plaintiffs," and Poloniex has stated that it does not consent to more than 10 total depositions at this time. If B/T Defendants have authority showing that they and Plaintiffs could proceed without the consent of other Defendants, please provide it promptly. We also cannot agree to a situation in which we must either take Rule 30(b)(6) depositions before taking sufficient individual depositions or be at risk of not being able to take Rule 30(b)(6) depositions at all.

To move things along, we agree to a first tranche of 15 depositions. To be clear, we do not agree that we must take all 15 of those depositions before seeking Defendants' consent or Court approval to take additional depositions—specifically, we do not agree that we must take any Rule 30(b)(6) depositions before doing so. And, while we currently anticipate that our initial individual depositions would include witnesses related to Bittrex, we reserve the right to use the initial depositions as we think best.

We first raised the deposition limit with Defendants a month ago, the parties have met and conferred extensively since then, Plaintiffs have made substantial concessions, and we cannot agree to agree to fewer than 15 first-tranche depositions or afford further delays. Accordingly, please let us know by May 11, 2023 if B/T Defendants and Poloniex will agree to our proposal. (We presume that, given its recent bankruptcy filing, Bittrex will not participate in further discovery discussions; Bittrex's counsel should let us know promptly if that is not the case.) If either B/T Defendants or Poloniex does not respond by then, we will understand Plaintiffs to be at impasse with that Defendant and intend to move the Court for relief.

Sincerely,

Mahzad K. Hite

cc: All counsel of Record