

Matthew G. Lindenbaum
Admitted in DC, MA, MD & VT
T: 617.217.4632
matthew.lindenbaum@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

One Financial Center, Suite 3500
Boston, MA 02111
T: 617.217.4700  F: 617.217.4710
nelsonmullins.com

May 17, 2023

**VIA ECF AND ELECTRONIC MAIL**

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

*Re:    In re Tether and Bitfinex Crypto Asset Litigation, 19-CV-09236 (KPF)*

Dear Judge Failla:

I write on behalf of Poloniex, LLC ("Poloniex") in response to Plaintiffs' May 12, 2023 letter to this Court (ECF No. 352). This Court should deny Plaintiffs' request to depart from the Federal Rules of Civil Procedure (the "Rules") and take a first tranche of 15 depositions with the opportunity to seek unlimited additional depositions after those first 15.[1]

Plaintiffs argue they need more than the 10 depositions permitted by the Rules, even though they have yet to take a single deposition and just noticed their first deposition on May 15. Their request is premature and speculative, and may result in duplicative depositions, as well as unnecessary costs. Poloniex has suggested that Plaintiffs take the 10 depositions permitted under the Rules and then, if they believe they need additional depositions that are not duplicative, Poloniex will meet and confer on the issue in good faith. At this point, Plaintiffs are in no position to demonstrate good cause to obtain additional depositions.[2]

---

[1] In Plaintiffs' correspondence with Defendants, they have indicated they intend to take 46 depositions in this action. (Pl. Ex. 2.) Those deponents include witnesses associated with Bittrex, even though this case is stayed as to Bittrex. (ECF No. 349.)

[2] Plaintiffs' letter suggests that once they have exhausted the 15 depositions they currently seek they will come back to the Court to authorize more depositions. Plaintiffs state that they "need *more than ten* depositions of these individuals [listed in Defendants' initial disclosures]" (ECF No. 284 at 2) (emphasis added) and that they seek "Rule 30(b)(6) depositions for *at least* five named defendants." (ECF No. 284 at 3.) (emphasis added). Judicial economy would be best served by considering Plaintiffs' request for additional depositions, if needed, only once—after Plaintiffs have taken their 10 depositions.

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | ILLINOIS | MARYLAND | MASSACHUSETTS | MINNESOTA
NEW YORK | NORTH CAROLINA | OHIO | PENNSYLVANIA | SOUTH CAROLINA | TENNESSEE | TEXAS | VIRGINIA | WEST VIRGINIA

Judge Failla
May 17, 2023
Page 2

Moreover, Plaintiffs have had months to identify deponents. Yet instead of doing so, Plaintiffs waited until a month ago to even raise the issue of depositions, claiming they needed 46, and have continued to argue in a vacuum over the number of depositions they supposedly need instead of getting on with the job of noticing or deposing even a single witness. Plaintiffs should notice and take the permitted depositions, and if at that point they believe they have a legitimate need for more than 10, they can meaningfully seek additional depositions by specifically identifying the additional deponents and why the testimony is necessary and nonduplicative.

**Plaintiffs Have Not Shown Good Cause to Extend the Deposition Limit**

Under Rule 30(a)(2)(A)(i), a party may not take more than 10 depositions unless it can "demonstrate cause to exceed the ten deposition limit." *Brunckhorst v. Bischoff*, No. 21 CIV. 4362 (JPC), 2022 WL 6991285, at *1 (S.D.N.Y. Oct. 12, 2022). The party seeking additional discovery bears the burden of "demonstrating cause to exceed the ten deposition limit contemplated by the Federal Rules." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 368 (S.D.N.Y. 2010).

Plaintiffs have not provided sufficient information for the Court to determine whether the 15 unnamed witnesses they intend to depose in the so-called "first phase" would provide cumulative or duplicative information. Courts in this district routinely deny requests for additional depositions where the moving party fails to indicate which witnesses would be deposed and why because it cannot determine whether the requested additional depositions would be cumulative or duplicative or provide a benefit greater than their burden. *See Brunckhorst*, 2022 WL 6991285, at *2 (denying request for more than 10 depositions where the moving party "[had] not stated which witnesses he seeks to depose with his initial ten depositions and which he would depose only in the event he receives leave of this Court, nor [had] he indicated the relative importance of the depositions"); *Galgano v. Cnty. of Putnam*, No. 16CIV3572KMKPED, 2021 WL 2138759, at *2 (S.D.N.Y. May 26, 2021) (denying request for more than 10 depositions where the moving parties "have made no effort to rank or prioritize the depositions they seek to take").[3]

These decisions align with Rule 26(b)(2)(C)'s bar on "unreasonably cumulative or duplicative" discovery. Under Rule 26(b)(2)(C), the Court "must limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."

Here, Plaintiffs have also received hundreds of thousands of documents in discovery (nearly 1.5 million pages), and hundreds of interrogatory responses from Defendants. The

---

[3] Courts in this district typically allow additional depositions without knowing the identity of the deponents *only* when the non-moving party has stipulated to the depositions. *See In re Actos Antitrust Litig.*, No. 113CV09244RASDA, 2022 WL 16722235, at *2 (S.D.N.Y. Nov. 5, 2022) (denying plaintiffs' request for depositions of 25 unnamed individuals and 20 hours of 30(b)(6) deposition testimony and allowing only the number of depositions to which defendants stipulated); *In re Weatherford Int'l Sec. Litig.*, No. 11 CIV. 1646 LAK JCF, 2013 WL 5762923, at *3 (S.D.N.Y. Oct. 24, 2013) (allowing plaintiffs to take only the number of depositions defendants agreed were warranted). That is not the case here. As Plaintiffs recognize, Poloniex has never stipulated to more than ten depositions. (ECF No. 284 at 1–2; Pl. Ex. 6.)

document discovery should already provide Plaintiffs with much of what they need to test their claims; they are not starting from scratch.

Moreover, consistent with Rule 26(b)(2)(C), the mere fact that an individual was listed in a party's initial disclosures, appears on a document, or communicated with the Anonymous Trader does not mean that Plaintiffs need to depose that person—especially when that individual's testimony may be duplicative or cumulative. *See Brunckhorst*, 2022 WL 6991285, at *2 ("no such bright line exception exists in the Federal Rules of Civil Procedure" allowing depositions of all potential witnesses identified in a party's initial disclosures); *Commodity Futures Trading Comm'n v. Commodity Inv. Grp., Inc.*, No. 05 CIV. 5741 (HB), 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10, 2005) ("Although a witness might have discoverable information, a party is not always entitled to depose that individual.").[4]

**Plaintiffs' Request is Premature**

In short, Plaintiffs should take the 10 depositions to which they are entitled under Rule 30 and then, if after completing those depositions they believe they need additional non-duplicative depositions, they should meet and confer with Defendants regarding that request. This is consistent with the practice of courts in this district, which "will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A) or the number stipulated to by the opposing party." *In re Actos Antitrust Litig.*, 2022 WL 16722235, at *2; *Brunckhorst*, 2022 WL 6991285, at *2 (requiring party seeking additional depositions to "move the Court again for leave to take the additional depositions after he has taken at least seven depositions of fact witnesses" and requiring the subsequent motion to "rank the requested depositions and identify specific reasons why the anticipated deposition testimony would not be duplicative or cumulative of prior testimony or other information obtained during discovery").

Plaintiffs argue that following the Rules would require them to make difficult decisions about their litigation strategy. But this is a normal part of any litigation. Plaintiffs' preference to avoid making strategic decisions is no reason to abandon a Rule that "enables courts to maintain a tighter rein on the extent of discovery and to minimize the potential cost of wide ranging discovery." *Brunckhorst*, 2022 WL 6991285, at *1 (alterations and quotations omitted).

Plaintiffs have not met their burden of demonstrating good cause to expand the 10-deposition limit provided for under the Rules, and their request should therefore be denied.

---

[4] Plaintiffs' out-of-circuit case law is distinguishable. In *Mintz v. Mark Bartelstein & Assocs., Inc.*, the Court allowed additional depositions that the non-moving party conceded "were very likely to be trial witnesses." No. CV 12-3055 SVW (SSX), 2012 WL 12886492, at *2 (C.D. Cal. Sept. 14, 2012). Poloniex has made no such representation here. In *SURYAKANT SAWLA, v. B.E. AEROSPACE INC.,* the Court considered a motion to quash a Rule 45 subpoena, not a motion for additional depositions. No. 216CV04661SJOSKX, 2017 WL 11635761 (C.D. Cal. May 3, 2017).

Judge Failla
May 17, 2023
Page 4

                                        Respectfully submitted,

                                        Matthew G. Lindenbaum