

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

May 17, 2023

<u>BY ECF AND EMAIL</u>

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**MEMO ENDORSED**

***Re: In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.)**

Dear Judge Failla:

We write on behalf of the B/T Defendants in response to Plaintiffs' request for leave to take up to 15 depositions. (Dkt No. 351.) The B/T Defendants do not oppose Plaintiffs' motion but write to clarify a few points:

*First*, the B/T Defendants consented to allowing Plaintiffs to take up to 15 depositions only as a compromise in order to avoid burdening the Court with this issue; the B/T Defendants agree with Defendant Poloniex, LLC that Plaintiffs have not satisfied their burden to demonstrate cause to exceed the ten-deposition limit set forth in the Federal Rules. (Dkt. Nos. 351-3, 351-5.)

*Second*, notwithstanding Plaintiffs' repeated references to 15 "*initial* depositions" or an "*initial* limit" of 15 depositions (Dkt. No. 351), the B/T Defendants have made clear that their agreement is strictly limited to "a *total* of 15 depositions – inclusive of any Rule 30(b)(6) depositions, across all parties and non-parties – and no more." (Dkt. No. 351-8.)

*Third*, Plaintiffs state that they anticipate taking Rule 30(b)(6) depositions of "Tether" and "Bitfinex." As the B/T Defendants have reminded Plaintiffs, those are trade names, not legal entities, and therefore not the proper subject of a Rule 30(b)(6) deposition. (Dkt. No. 351-5 at 1 n.1.)

*Fourth*, the B/T Defendants reject Plaintiffs' suggestion that Defendants did not promptly engage with Plaintiffs on depositions. Plaintiffs should have started discussions about exceeding the ten-deposition limit long before April 10 if they were serious about deposing anywhere near 46 witnesses. And Plaintiffs could have begun to notice depositions for the witnesses they are sure to depose even if limited to ten depositions. Instead, Plaintiffs waited until two days ago, May 15, to notice their first deposition (a Rule 30(b)(6) deposition of iFinex Inc).

Respectfully submitted,

/s/ Elliot Greenfield

The Court is in receipt of Plaintiffs' letter motion to expand the deposition limit to an initial 15 depositions (Dkt. #351-352), Poloniex's opposition requesting that Plaintiffs be required to exhaust the standard 10-deposition limit before seeking this Court's leave to expand the limit (Dkt. #354), and the B/T Defendants' above response suggesting an expanded limit of 15 depositions without leave to request further depositions (Dkt. #355).

As the parties are aware, a party seeking depositions beyond the 10 deposition limit prescribed by the Federal Rules of Civil Procedure must request leave of the court. *See, e.g.*, *Brunckhorst* v. *Bischoff*, No. 21 Civ. 4362 (JPC), 2022 WL 6991285, at *1 (S.D.N.Y. Oct. 12, 2022) (collecting cases). Upon seeking such leave, the Court must weigh many of the standard factors contemplated by Rule 26, including the relevance of the additional discovery, the burden, and whether additional depositions would be duplicative or cumulative of other discovery. *Id.* Typically, courts require that parties exhaust the initial limit before seeking further depositions, *see, e.g.*, *In re Actos Antitrust Litig.*, No. 13 Civ. 9244 (RA)(SDA), 2022 WL 16722235, at *2 (S.D.N.Y. Nov. 5, 2022), but in circumstances where parties agree to an expanded limit or the case otherwise merits more expansive discovery, courts may nonetheless expand the limit prior to exhaustion, *see, e.g.*, I*n re Weatherford Int'l Sec. Litig.*, No. 11 Civ. 1646 (LAK) (JCF), 2013 WL 5762923, at *3 (S.D.N.Y. Oct. 24, 2013).

The parties are well aware that this is a complicated case, with voluminous discovery. The Court sees no need to underscore the point. (*See generally* Dkt. #351 & Ex. 2 (discussing theories of case and myriad deponents with relevant information)). That said, the Court is cognizant of the fact that it is difficult to fully assess Plaintiffs' request without Plaintiffs having taken any depositions or argued in favor of depositions of *specific* deponents. (Dkt. #354 at 2-3). Still, Plaintiffs and the B/T Defendants agree that at least 15 depositions are warranted given the needs of this case, even if Poloniex contends that Plaintiffs' request is premature. The Court credits Plaintiffs' *prima facie* showing of the relevance of taking additional depositions (Dkt. #351, Ex. 2), and finds that the initial deposition limit should be expanded to 15 deponents inclusive of 30(b)(6) depositions at this time, considering the history of this case and the information this Court has already reviewed.

That being said, Plaintiffs should "think long and hard about who they want to depose and ... depose only those who are really important[.]" *San Francisco Health Plan* v. *McKesson Corp.*, 264 F.R.D. 20, 21 (D. Mass. 2010). Should Plaintiffs seek further leave of the Court to take additional depositions, the Court will "examine any future requests ... with increased scrutiny." *In re Weatherford Int'l Sec. Litig.*, 2013 WL 5762923, at *3. This means that Plaintiffs will need to demonstrate that each additional deposition is truly necessary, that it is not cumulative or otherwise duplicative of information already gleaned from discovery, and that there is an adequate justification for not including the deponent in this initial group of 15 depositions.

As such, Plaintiffs' motion to expand the deposition limit to 15 depositions is GRANTED.  The Court will not pass on whether any additional depositions would be warranted at this time, as any such determination is premature.  Any additional requests to take depositions will be met with increased scrutiny as discussed in this Order.

The Clerk of Court is directed to terminate the pending motion at docket entries 351 and 352.

Dated:     May 18, 2023                SO ORDERED.
           New York, New York

                                       HON. KATHERINE POLK FAILLA
                                       UNITED STATES DISTRICT JUDGE