


May 26, 2023

**Via ECF and E-mail**
The Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla:

Plaintiffs respond to B/T Defendants' May 24 letter motion. ECF No. 363. The Court should reject B/T Defendants' third attempt to withhold relevant transaction records.

This Court has twice ordered B/T Defendants to produce trading records of accounts of their officers, employees, and agents, ECF Nos. 247 (the "September Order"); 347 (the "May Order"). In its September Order, the Court "order[ed] the B/T Defendants to produce documents in line with the revised RFPs 22-25", ECF No. 247 at 5, which called for records of officers, employees, and agents, *see* ECF No. 328 at 2 (explaining the Transaction RFPs defined B/T Defendants to include officers, employees, and agents). After B/T Defendants violated this order, the Court in its May Order again ordered B/T Defendants to produce these records, granting Plaintiffs' motion to compel production of "trading records for their offices and employees," ECF No. 347 at 4, 6-7, which included the accounts of the individuals specifically named in Plaintiffs' motion. The Court ordered Defendants to produce these records by May 22, 2023. ECF No. 347 at 7. On May 22, B/T Defendants provided records for a handful of former employees for whom they were unable to contact, but withheld records for six employees and officers that Plaintiffs had specifically identified in their motion: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (the "B/T Employee Records"), *see* ECF No. 328 at 2.

In withholding the B/T Employee Records, the B/T Defendants flatly violated the May Order. B/T Defendants attempt to retroactively justify this violation by arguing that the records are irrelevant because, they assert, the individuals did not use the accounts on behalf of B/T Defendants. B/T Defendants made this same argument in opposition to Plaintiffs' prior motion to compel. The Court correctly rejected it. The Court found that "Plaintiffs have made [the] requisite threshold showing" that the documents are relevant and responsive, ECF No. 347 at 6, because they "have at least raised the possibility that certain accounts were used for relevant trading

purposes." *Id.* at 5. B/T Defendants' arguments to the contrary, the Court held, "are best made with regard to possible future dispositive motion practice, not in the context of discovery disputes." *Id.*[1]

Remarkably, B/T Defendants seek to relitigate the relevance of these accounts—for a third time—simply because their counsel asked these individuals if the accounts were used for business purposes and the individuals said "no." ECF No. 363 at 2. Frankly, B/T Defendants' position is absurd. Discovery allows parties to gather relevant evidence and test the veracity of their opponent's assertions. *See Madanes v. Madanes*, 186 F.R.D. 279, 292 (S.D.N.Y. 1999) ("[P]laintiff has as yet had no opportunity to test the veracity of the information presented by the defendants. The financial records upon which the defendants rely are unaudited, unauthenticated, and, in some instances, undated. . . . [P]laintiff is entitled to test the accuracy of [defendant's] representation" regarding the events at issue with discovery.) (granting motion to compel); *see also V.W. ex rel. Williams v. Conway*, 236 F. Supp. 3d 554, 580 (N.D.N.Y. 2017) (denying motion for early summary judgment because "plaintiffs have not yet been given an opportunity to test the veracity of the 'undisputed' facts set forth" in Defendant's declarations with discovery). Plaintiffs have presented evidence suggesting that these individuals used their personal accounts in connection with a market manipulation scheme. Plaintiffs need the B/T Employee Records so that they can analyze whether those records are consistent with such a scheme and, if so, to confront the individuals with that evidence. B/T Defendants cannot withhold potential evidence of their liability based on

---

[1] As Plaintiffs showed last time:



ECF No. 328 at 2-3.

nothing more than the unverified statements of individuals—credibly alleged to have used their accounts in furtherance of manipulating cryptocommodity markets—that they did not use the accounts at issue to manipulate those markets.

B/T Defendants' suggestion that Plaintiffs agreed that they could withhold the B/T Employee Records is simply not true. After the Court's May Order, the parties met and conferred. B/T Defendants asked if Plaintiffs sought production of all trading records for all their officers, employees, and agents—which, if read literally, could include, for example, secretaries and janitors. Plaintiffs stated that, for individuals or accounts *other than* those specifically identified in their motion to compel, they sought records only of accounts used in connection with B/T Defendants' business. *See, e.g.,* ECF No. 363-2 at 13 (explaining Plaintiffs did not seek records of accounts for "customer service representative[s]" or "administrative staff member[s]" who did not use their personal accounts for B/T Defendants' business). But Plaintiffs have repeatedly made it clear that they expect B/T Defendants to produce records for all accounts of the employees, officers, and agents that Plaintiffs had identified in their motion. *Id.* at 1, 2, 3-4, 5, 7-8, 11, 13. Any purported misunderstanding on the B/T Defendants' behalf has been corrected by Plaintiffs several times. Yet B/T Defendants continue to withhold the B/T Employee Records.

This has to stop. Plaintiffs need complete data—and time to analyze it—before they can take key depositions and their experts can prepare class certification reports. Plaintiffs have been pushing B/T Defendants to finish producing this data for months, but B/T Defendants continue to withhold key records, hamstringing Plaintiffs' timely prosecution of this case. While they gripe about having to conduct the investigation that they should have conducted months ago in response to the September Order, B/T Defendants do not assert they do not know what accounts the relevant individuals identified in Plaintiffs' motion used. They do not assert that they lack access to the B/T Employee Records or that producing them would be burdensome. And they can address any concerns about the individuals' personal financial information by designating the records as "Confidential" under the Protective Order. *See* ECF No. 151 at ¶ 2. The Court should deny B/T Defendants' motion and reaffirm that the September Order and the May Order require them to produce the B/T Employee Records.[2]

---

[2] B/T Defendants' suggestion that there is a "single issue" regarding their compliance with the May Order is incorrect. In addition to withholding the B/T Employee Records, B/T Defendants produced no records in critical time periods for three accounts held by the named B/T Defendants—yet they refuse to represent that no relevant trades occurred in those accounts during those time periods. They have also not produced any records from the Poloniex exchange, instead, and again, pointing Plaintiffs to a limited production of records made by Poloniex. The parties are meeting and conferring. Plaintiffs intend to promptly raise any unresolved issues to the Court.

Respectfully submitted,

/s/ Andrew R. Dunlap
Philippe Z. Selendy
Andrew R. Dunlap
Oscar Shine
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
pselendy@selendygay.com
adunlap@selendygay.com
oshine@selendygay.com

/s/ Todd M. Schneider
Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*