UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re:*

TETHER AND BITFINEX CRYPTO ASSET LITIGATION

19 Civ. 9236 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of the B/T Defendants' letter motion requesting "clarification" of the Court's May 1, 2023 discovery order (Dkt. #363-64), as well as Plaintiffs' response (Dkt. #367-68). Many of the parties' discovery disputes to date in this case have called for a nuanced approach. This one does not. As the Court understands it, the parties are at an impasse regarding production of trading records for seven individuals discussed in the parties' instant letters and in the Court's May 1, 2023 order. It is unclear why the May 1, 2023 order requires any clarification on this point.

In the May 1, 2023 order, the Court considered Plaintiffs' representations concerning these individuals' accounts and reviewed documentary evidence regarding the same. (Dkt. #347 at 5). Based on this information, the Court ordered the B/T Defendants to comply with the Transaction RFPs as written as it pertained to the individuals in question. (*Id.*). The Court made this determination because "Plaintiffs have at least raised the possibility that certain accounts were used for relevant trading purposes," and that "[t]he B/T Defendants' arguments [to the contrary] are best made with regard to possible future dispositive motion practice, not in the context of discovery disputes." (*Id.*). Those arguments are the same that the B/T Defendants raise again with

respect to these individuals; the B/T Defendants simply bolster their position based on interviews counsel conducted with the individuals in question. (Dkt. #363 at 2). But the Court's May 1, 2023 order on these individuals' accounts did not invite further investigation or additional arguments with respect to relevance. It ordered the B/T Defendants to produce documents from the individuals in question. To the extent that Plaintiffs' documents did not identify particular accounts (*id.* at 3), it was incumbent on the B/T Defendants to identify these individuals' accounts and to make a good faith effort to comply with the Court's order.

If the B/T Defendants have concerns about these individuals' information, Plaintiffs are correct that there is a protective order protocol in place to designate information as confidential. The parties know how to use this protocol; indeed, they do so in the context of nearly every discovery dispute before the Court.

In sum, the B/T Defendants must produce the trading records for the accounts of the seven individuals in question. Given the May 1, 2023 order called for a May 22, 2023 compliance date, the B/T Defendants should produce these records immediately.

The Clerk of Court is directed to terminate the pending motion at docket entries 363 and 364.

SO ORDERED.

Dated: May 30, 2023
         New York, New York

                                                     KATHERINE POLK FAILLA
                                                     United States District Judge