June 1, 2023

**VIA ECF AND ELECTRONIC MAIL**

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**MEMO ENDORSED**

*Re:*   *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla,

On behalf of Plaintiffs, we write to request a pre-motion conference to request a 90-day extension of the case schedule, except for the June 22, 2023 deadline to exchange privilege logs. The parties have met and conferred and are at an impasse with B/T Defendants and Defendant Philip Potter. Poloniex has not yet taken a position.

Plaintiffs do not make their request lightly. At the February 8, 2023 discovery conference, while the Court granted a two-month extension, it said that it was dissatisfied with Plaintiffs' diligence up until that point and that it was not inclined to grant further extensions. ECF 295, Transcript at 42, 44. Plaintiffs understand, however, that the Court's reluctance to further extend the schedule was based in part on Defendants' representations that their production of documents—especially of relevant transaction records—was substantially complete. B/T Defendants assured the Court: "There may be some number [of] additional bank statements. We're trying to, you know, investigate and make sure that we produced everything that we need to produce but it's substantially complete and I think any missing documents would be a very small number." *Id.* at 21. When Plaintiffs subsequently sought to serve interrogatories on Bittrex and Poloniex regarding B/T Defendants' accounts on those exchanges, the Court granted only limited relief, because "[p]resumably, some, if not all of the information Plaintiffs seek has already been produced to them by Defendants (including the B/T Defendants)." ECF 310 at 4.

As the Court now knows, this was not true. B/T Defendants have not produced complete records despite multiple Court's multiple orders compelling production. In September 2022, the Court ordered B/T Defendants to produce documents responsive to RFP Nos. 22-25 and 72 (ECF 247), including trading records from B/T Defendants, their officers, employees, and agents, on a variety of crypto-commodity exchanges. ECF 240-1 at 3-7. Despite Plaintiffs' requests, B/T Defendants did not represent that they had finished producing these records until April 14, 2023, well past the March 22, 2023 substantial completion deadline. Ex. 1. On review, it became clear that B/T Defendants were withholding records of multiple requested accounts. B/T Defendants refused to turn them over, forcing Plaintiffs to come to the Court. ECF 336. On May 1, 2023, the Court ordered B/T Defendants to produce all responsive trading records by May 22, 2023. ECF 347 at 7. The Court stated that it had previously understood B/T Defendants to have already



produced most or all of the transaction records and it "has now learned for the first time that [it] is not the case." *Id.* at 5.

On May 22, 2023, B/T Defendants produced some records but continued to withhold records of accounts held by seven key officers and employees. They asked the Court to "clarify" that they need not produce these records. ECF 364. On May 30, the Court ordered B/T Defendants—for a third time—to produce the records "immediately." ECF 370 at 2. That same day, Plaintiffs asked B/T Defendants to estimate when they would complete that production. Ex. 2. To date, B/T Defendants have not substantively responded or produced the missing records. As recently as the evening of May 30, 2023, B/T Defendants informed Plaintiffs that they need additional time to respond to Plaintiffs regarding outstanding transaction records from accounts held by the named B/T Defendants and records from the Poloniex exchange, which were not included in their May 22, 2023 production. Exs. 3, 4.[1]

As the Court knows, these trading records are critical evidence going to "core allegations"[2] that Defendants manipulated the crypto-commodities market. Plaintiffs' experts need time to process and analyze these records to determine—at a minimum—the timing, volume, and market price at which B/T Defendants purchased and sold Bitcoin and other assets. The analysis required to parse these transaction records is complex and time-consuming, requiring human review and assessment as well as machine processing. While Plaintiffs and their experts have been diligently analyzing the trading records produced to date, they require *complete* records to understand how all the relevant trades related to each other, to gain a full understanding of Defendants' scheme.

Plaintiffs will be significantly prejudiced if forced to take key depositions based on incomplete data and analysis. They need complete records of the individual B/T Defendants witnesses to meaningfully cross-examine them with evidence of their trading histories as they relate to B/T Defendants' scheme. And Plaintiffs must be able to analyze the full scope of that scheme before taking Rule 30(b)(6) testimony from B/T Defendants about their overall operation of that scheme. Without an extension, it will be difficult if not impossible for Plaintiffs to receive and review all records and take all necessary depositions by the current discovery deadline of July 24, 2023.

Plaintiffs ask the Court to place them in roughly the same position that they would have been in had B/T Defendants substantially completed their production of trading records by the current substantial completion date of March 22, 2023. In that event, Plaintiffs would have had approximately four months—until July 24, 2023—to complete their analyses and take depositions. If B/T Defendants comply with the Court's May Orders to produce the missing transaction records, and do so by June 22, 2023, extending the schedule by three months would give Plaintiffs about four months—until October 23, 2023—to do the same work.

B/T Defendants' belated productions of trading records—plus their production of over 20,000 additional documents (many unrelated to the Court's September 20, May 1, and May 30

---

[1] B/T Defendants further responded on the evening of June 1, 2023 to say that they need more time. Ex. 5. B/T Defendants have still not provided Plaintiffs with an estimate of their completion date.

[2] ECF 247 at 4.

2

Orders) since the March 22 substantial completion deadline—is ample good cause for the Court to extend the schedule. *See ACE Ltd. v. CIGNA Corp.*, 2001 U.S. Dist. LEXIS 19090, at *4-5 (S.D.N.Y. Nov. 20, 2001) (delay in document production by non-moving party, including after substantial completion deadline, constitutes "good cause" for discovery extension under Rule 16(b)).

B/T Defendants' refusal to consent to **any** extension in the face of this record—while claiming they need additional time to identify and produce relevant transaction records—is revealing. B/T Defendants do not identify any prejudice from a three-month extension, nor could they. Plaintiffs do not propose new areas of discovery, so there will be no increase in the number of documents that B/T Defendants must produce or in the number of their witnesses that Plaintiffs will depose. Denying this limited extension, on the other hand, would greatly prejudice Plaintiffs, who will be forced to hastily finish analyzing extensive trading data and then rush to take all depositions on an incomplete record in less than two months. The Court should not reward B/T Defendants at Plaintiffs' expense for violating multiple Court orders and withholding key documents. Absent the requested relief, B/T Defendants would gain a tactical advantage that would hamstring Plaintiffs' ability to prosecute their claims.

Plaintiffs respectfully request that the Court grant a three-month extension, except for the June 22, 2023 deadline to provide privilege logs.[3] A proposed amended Civil Case Management Plan and Scheduling Order is attached. *See* Ex. 6.

We are available for a conference at the Court's convenience.

Respectfully submitted,

---

[3] Plaintiffs do not believe any extension to the deadline for the parties to exchange privilege logs is necessary, as transaction records do not implicate issues of privilege or work product. Plaintiffs also do not request an extension of deadlines that have already passed, *i.e.* the deadline for substantial completion.

3

| | |
|---|---|
| /s/ Andrew R. Dunlap | /s/ Todd M. Schneider |
| Andrew R. Dunlap | Todd M. Schneider (*pro hac vice*) |
| Oscar Shine | Matthew S. Weiler (*pro hac vice*) |
| SELENDY GAY ELSBERG PLLC | Mahzad Hite (*pro hac vice*) |
| 1290 Sixth Avenue | SCHNEIDER WALLACE COTTRELL |
| New York, NY 10104 | KONECKY LLP |
| adunlap@selendygay.com | 2000 Powell Street, Suite 1400 |
| oshine@selendygay.com | Emeryville, CA 94608 |
| | tschneider@schneiderwallace.com |
| | mweiler@schneiderwallace.com |
| | mhite@schneiderwallace.com |

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*

```
The Court is in receipt of Plaintiffs' above letter, requesting a 90-day
extension of discovery in this case.  (Dkt. #373-374).  The parties are ORDERED
to attend a virtual discovery conference on June 7, 2023, at 10:00 a.m.
Instructions to video participants will be sent via email in advance of the
conference.  Any party wishing to file a response to Plaintiffs' above letter
must do so by 12:00 p.m. on June 6, 2023.  The Court intends to focus its
attention during the conference on the above-discussed issues between Plaintiffs
and the B/T Defendants.

The Clerk of Court is directed to terminate the pending motions at docket
entries 373 and 374.

Dated:     June 2, 2023                    SO ORDERED.
           New York, New York


                                           HON. KATHERINE POLK FAILLA
                                           UNITED STATES DISTRICT JUDGE
```