

Matthew G. Lindenbaum
Admitted in DC, MA, MD & VT
T: 617.217.4632
**matthew.lindenbaum@nelsonmullins.com**

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
**ATTORNEYS AND COUNSELORS AT LAW**

One Financial Center, Suite 3500
Boston, MA 02111
T: 617.217.4700  F: 617.217.4710
**nelsonmullins.com**

June 6, 2023

**VIA ECF AND ELECTRONIC MAIL**

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla:

    I write on behalf of Defendant Poloniex, LLC ("Poloniex") in response to Plaintiffs' June 1, 2023 letter to this Court (ECF No. 374) requesting a three-month extension of the case schedule. Plaintiffs state that they require this extension because of a dispute with the B/T Defendants that has nothing to do with Poloniex. The reality is *this case* has nothing to do with Poloniex. Plaintiffs should dismiss Poloniex from this case or this Court should deny Plaintiffs' request for a three-month extension to the case schedule for failure to show the good cause required by Rule 16(b).

    Federal Rule of Civil Procedure 16(b)(4) provides that a court can modify its schedule "only for good cause and with the judge's consent." Rule 16(b)'s "good cause" standard requires the court to inquire into the "diligence of the moving party" in addition to considering "other relevant factors including, in particular . . . prejudice [to the non-moving party]." *Eastman Chem. Co. v. Nestle Waters Mgmt. & Tech.*, No. 11 Civ. 2589 (KPF), 2014 WL 1316772, at *4 (S.D.N.Y. Apr. 1, 2014) (Failla, J.).

    With respect to Poloniex, Plaintiffs have litigated this case without the diligence required by Rule 16(b). This lawsuit was originally filed over 3.5 years ago. In September 2020, Poloniex provided Plaintiffs with an affidavit from the Anonymous Trader disproving their entire theory of the case as to Poloniex. Plaintiffs refused to dismiss Poloniex from the case. They also refused to interview the Anonymous Trader.

    Plaintiffs then served extensive written discovery of Defendants, which has included multiple sets of document requests, dozens of interrogatories, and the production of hundreds of

June 6, 2023
Page 2

thousands of documents (approximately 1.5 million pages).  Poloniex substantially completed its document production approximately eight months ago.

After all that written discovery, and despite the fact that the deadline for substantial completion of fact discovery was over two months ago, Plaintiffs have not noticed or subpoenaed a single Poloniex fact witness for deposition.  On the parties' meet and confer regarding this extension, Plaintiffs could not even state whether they intended to use any of their 15 depositions on a Poloniex-related fact witness.[1]  Plaintiffs must realize what Poloniex has been telling them all along—there is no case here against Poloniex.[2]

Plaintiffs are also likely to come back to the Court to request future extensions to the discovery period as Plaintiffs have apparently made no effort to pursue a deposition of the Anonymous Trader through the Hague Convention, as of May 19, 2023, even though such efforts may take several months' time, and even though Plaintiffs have known of the existence of the Anonymous Trader since September 2020.

Poloniex will continue to be significantly prejudiced by the increase in litigation costs and inevitable delay in the resolution of this matter.  Any further delay is neither deserved nor warranted.  Poloniex asks that Plaintiffs either dismiss Poloniex from this case or that this Court deny Plaintiffs' request for a three-month extension to the case schedule for failure to show the good cause required by Rule 16(b).

Respectfully submitted,

Matthew G. Lindenbaum

---

[1] Plaintiffs have served Poloniex with a 30(b)(6) deposition notice.  The notice lists topics unrelated to Poloniex's potential liability in this action, such as, "Poloniex's practices, policies, and procedures, related to compliance with U.S. laws" and "Government or regulatory investigations, whether formal or informal conducted as to Poloniex."

[2] Further demonstrating Plaintiffs' lack of interest in pursuing a case against Poloniex, Plaintiffs did not wait for a response from Poloniex as to whether it consented to their requested extension, and instead filed their letter hours after the parties' meet and confer conference and despite Poloniex stating that it would have a response for the Plaintiffs the next day.