# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re: TETHER AND BITFINEX CRYPTO ASSET LITIGATION

19 Civ. 9236 (KPF)

AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

**MEMO ENDORSED**

This Amended Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties **do not consent** to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. Settlement discussions **have not** taken place.

3. The parties **have** conferred pursuant to Fed. R.Civ. P. 26(f).

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.

5. Discovery

   a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of United States District Courts for the Southern and Eastern Districts of New York.

   b. On December 20, 2021, the Court so-ordered a Stipulation and Order Governing the Exchange of Electronically Stored Information. ECF No. 198.

   c. The Court has already entered an Order governing the designation of materials as confidential in the above-captioned matter. ECF No. 151.

   d. The parties shall abide by the protocols set forth in paragraph 7 ("Procedure for Clawback of Privileged Discovery Material") of the Stipulation and Order for the Production and Exchange of Confidential Materials (ECF No. 151) with respect to asserting claims of privilege or of protection as trial-preparation material after such information is produced.

   e. No additional written discovery, including third-party document subpoenas that have not yet been noticed, may be served after February 8, 2023 except as otherwise provided for in this Plan or by order of the Court. For the avoidance of doubt, the parties may pursue deficiencies, if any, in responses to requests served prior to February 8, 2023.

f.  Parties shall produce a final privilege log corresponding to document productions **by June 22, 2023.**

g.  Fact discovery shall be substantially completed no later than **March 22, 2023**.

h.  All fact discovery shall be completed no later than ~~July 24~~**October 23, 2023**.

i.  Class certification shall be governed by the following deadlines:

   i.  Plaintiffs' motion for class certification and supporting expert reports are due ~~August 22~~**November 20, 2023**.

   ii. Defendants' deadline to depose Plaintiffs' class certification experts is ~~October 23~~**January 22, ~~2023~~2024**.

   iii. Defendants' opposition to class certification and supporting expert reports are due **February 20, 2024.** ~~November 22, 2023~~.

   iv. Plaintiffs' deadline to depose Defendants' class certification experts is ~~January~~**April 22, 2024**.

   v.  Plaintiffs' reply in support of class certification is due ~~February~~**May 22, 2024.**

j.  Other than experts for class certification, the parties shall serve opening expert reports, no later than **2 months after any order certifying a class**. Parties shall serve any expert reports in opposition to opening reports (limited to responding to the opening reports) no later than **4 months after any order certifying a class**. Parties shall serve any expert reports in reply to opposition reports (limited to responding to the rebuttal reports) no later than **6 months after any order certifying a class.**

k.  All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than **9 months after any order certifying a class.**

l.  The parties will meet and confer regarding a stipulation to govern treatment of expert materials.

6. Interim Discovery Deadlines

   a.  Initial requests for production of documents have been served.

   b.  Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York have been served. No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

   c.  Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than 30 days before the close of discovery. No other interrogatories are permitted except upon prior express permission of the Court.

d. Depositions of fact witnesses shall be completed by ~~July 24~~ **October 23**, **2023**.

    i. The parties will meet and confer regarding a stipulation to govern depositions.

    ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

  e. Requests to admit shall be served by ~~August 22~~November 20, 2023.

7. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of United States District Courts for the Southern and Eastern Districts of New York, and the Court's Individual Rules of Practice in Civil Cases ("Individual Rules"),which are available at https://nysd.uscourts.gov/hon-katherine-polk-failla.

8. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may submit a letter to the Court, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must submit a responsive letter, not to exceed three pages, within three business days after the request is received. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

9. All counsel must meet in person for at least one hour to discuss settlement within 14 days following the close of fact discovery.

10. Before filing a summary judgment motion, the moving party must file a pre-motion submission pursuant to Section 4(A) of the Court's Individual Rules. The submission shall be filed within 30 days of the close of expert discovery, or within 30 days of a decision on any motion for class certification, whichever is later; or earlier for good cause.

11. Similarly, any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, is to be filed within 120 days of the close of expert discovery, or within 120 days of a decision on any motion for class certification, or within 120 days of a decision on any dispositive motion, whichever is later. Unless otherwise ordered by the Court, opposition to any such motion is to be filed two weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one week after service of any opposition.

12. Unless otherwise ordered by the Court, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Fed. R. Civ. P. 26(a)(3) within 120 days of the close of expert discovery, or within 120 days of a decision on any motion for class certification, or within 120 days of a decision on any dispositive motion, whichever is latest. The parties shall also follow Paragraph 7 of the Court's Individual Rules, which paragraph identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

13. Joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions

shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A).

14. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial 60 days after the Joint Pretrial Order is filed.

15. This case **is** to be tried to a jury.

16. Counsel for the parties have conferred and the present best estimate of the length of trial is **six weeks**.

Counsel for the Parties:

_____          _____

/s/
Philippe Z. Selendy
Andrew R. Dunlap
Oscar Shine
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
adunlap@selendygay.com
oshine@selendygay.com

/s/
Todd M. Schneider (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for the Plaintiffs and the Proposed Class*

/s/
Maeve L. O'Connor
Michael Schaper
Elliot Greenfield
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
mloconnor@debevoise.com
mschaper@debevoise.com
egreenfield@debevoise.com

/s/
Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
michael@mjllaw.com

/s/
Sunjina K. Ahuja, Esq.
Christopher J. Beal
Dillon Miller Ahuja & Boss, LLP
5872 Owens Ave., Suite 200
San Diego, CA 92008
sahuja@dmablaw.com
cbeal@dmablaw.com

*Attorneys for Defendants iFinex Inc., DigFinex Inc., BFXNA Inc., BFXWW Inc., Tether International Limited, Tether Operations Limited, Tether Holdings Limited, Tether Limited, Giancarlo Devasini, and Ludovicus Jan van der Velde*

/s/
Charles D. Cording
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY  10019-6099
ccording@willkie.com

*[Different first page setting changed from off in original to on in modified.].*

*Attorney for Defendant Philip G. Potter*

/s/
Abby F. Rudzin
William K. Pao
Eamonn W. Campbell
O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10026
arudzin@omm.com
wpao@omm.com
ecampell@omm.com

/s/
Greg J. Hollon (*pro hac vice*)
Timothy B. Fitzgerald
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, WA 98101
ghollon@mcnaul.com
tfitzgerald@mcnaul.com

*Attorneys for Bittrex, Inc.*

/s/
Matthew G. Lindenbaum (*pro hac vice*)
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Financial Center, Suite 3500
Boston, MA 02111
matthew.lindenbaum@nelsonmullins.com

/s/
Robert L. Lindholm
NELSON MULLINS RILEY & SCARBOROUGH LLP
330 Madison Avenue
27th Floor
New York, New York 10017
robert.lindholm@nelsonmullins.com

*Attorneys for Poloniex, LLC*

/s/
Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
Oscar Shine
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
challigan@selendygay.com
adunlap@selendygay.com
oshine@selendygay.com

/s/
Todd M. Schneider (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com
*Interim Lead Counsel and Attorneys for the Plaintiffs and the Proposed Class*

/s/
Maeve L. O'Connor
Michael Schaper
Elliot Greenfield
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
mloconnor@debevoise.com
mschaper@debevoise.com
egreenfield@debevoise.com

/s/
Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
michael@mjllaw.com

/s/
Sunjina K. Ahuja, Esq.
Christopher J. Beal
Dillon Miller Ahuja & Boss, LLP
5872 Owens Ave., Suite 200
San Diego, CA 92008
sahuja@dmablaw.com
cbeal@dmablaw.com
*Attorneys for Defendants iFinex Inc., DigFinex Inc., BFXNA Inc., BFXWW Inc., Tether International Limited, Tether Operations Limited, Tether Holdings Limited, Tether Limited, Giancarlo Devasini, and Ludovicus Jan van der Velde*

/s/
Charles D. Cording
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
ccording@willkie.com
*Attorney for Defendant Philip G. Potter*

7

/s/
Abby F. Rudzin
William K. Pao
Eamonn W. Campbell
O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10026
arudzin@omm.com
wpao@omm.com
ecampell@omm.com

/s/
Greg J. Hollon (*pro hac vice*)
Timothy B. Fitzgerald
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, WA 98101
ghollon@mcnaul.com
tfitzgerald@mcnaul.com
*Attorneys for Bittrex, Inc.*

/s/
Matthew G. Lindenbaum (*pro hac vice*)
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Financial Center, Suite 3500
Boston, MA 02111
matthew.lindenbaum@nelsonmullins.com

/s/
Robert L. Lindholm
NELSON MULLINS RILEY & SCARBOROUGH LLP
330 Madison Avenue
27th Floor
New York, New York 10017
robert.lindholm@nelsonmullins.com
*Attorneys for Poloniex, LLC*

**TO BE FILLED IN BY THE COURT IF APPLICABLE:**

_____ shall file a motion for\_\_no later than_____.
Any opposition shall be filed by _____ and any reply shall be filed by_____.
One courtesy copy of all motion papers, marked as such, shall be mailed or hand delivered to the Court by the movant at the time the reply is served. All courtesy copies should be three-hole punched, tabbed, and placed in binders as specified in the Court's Individual Rules.

The next pretrial conference is scheduled for _____ at

~~The next pretrial conference is scheduled for~~ August 1, 2023, ~~at 3:00 p.m.~~ in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.

By Thursday of the week prior to that conference, the parties shall submit via e-mail (Failla_NYSDChambers@nysd.uscourts.gov) a joint letter, not to exceed three pages, regarding the status of the case. The letter should include the following information in separate paragraphs:

(1) A statement of all existing deadlines, due dates, and/or cut-off dates;

(2) A brief description of any outstanding motions;

(3) A brief description of the status of discovery and of any additional discovery that needs to be completed;

(4) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

(5) A statement of the anticipated length of trial and whether the case is to be tried to a jury;

(6) A statement of whether the parties anticipate filing motions for summary judgment, including the basis of any such motion; and

(7) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

*[Link-to-previous setting changed from off in original to on in modified.].*

9

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and must be made no fewer than two business days prior to the expiration of the date sought to be extended.

SO ORDERED.

_____
Katherine Polk Failla

Dated: February 17, 2023
       New York, New York

10

KATHERINE POLK FAILLA
United States District Judge

| Summary report: Litera® Change-Pro for Word 10.12.0.75 Document comparison done on 6/14/2023 10:49:02 AM ||
|---|---|
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original filename:** S.D.N.Y. 19-cv-09236 dckt 000298_000 filed 2023-02-17.docx ||
| **Modified filename:** Civil Case Management Plan and Scheduling Order 6.9.23.docx ||
| **Changes:** ||
| Add | 17 |
| Delete | 118 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 2 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 1 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 138 |