# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TETHER AND BITFINEX CRYPTO ASSET LITIGATION | Case No. 1:19-cv-9236 (KPF) |

**BITFINEX AND TETHER DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, Tether Operations Limited, Tether International Limited, DigFinex Inc., Ludovicus Jan van der Velde, and Giancarlo Devasini (collectively, the "Bitfinex and Tether Defendants"), by their undersigned counsel, request that Plaintiffs ("You") produce the following documents for examination, inspection and copying.

The following instructions and definitions apply to this Second Set of Requests for Production of Documents (each a "Request" and collectively, the "Requests").

## INSTRUCTIONS

1. Responsive documents should be produced to the offices of Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022, Attention Elliot Greenfield, within thirty (30) days after service of the Requests, or at such other time and place as the parties mutually agree.

2. The Requests shall be deemed to be continuing, so as to require prompt supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure if

1

further documents called for herein are obtained or discovered after Plaintiffs respond to the Requests.

3. Documents produced shall conform to all applicable orders or agreements in the above-referenced matter.

4. Responsive documents should be produced as they have been kept in the ordinary course of business or should be organized and labeled to correspond with the Request(s) to which they are responsive.

5. If any portion of a document is considered responsive to any Request, the Request shall be construed as requesting production of the entire document.

6. If Plaintiffs are not producing documents with respect to any of the Requests, Plaintiffs should so state in writing.

7. In producing documents pursuant to the Requests, Plaintiffs should furnish all documents that are in their possession, custody or control, or in the possession, custody or control of their agents, attorneys, investigators, representatives, financial advisors, consultants, or employees, whether created by Plaintiffs or obtained by Plaintiffs from some other Person or entity through investigation, discovery, or otherwise.

8. If any documents, parts of documents, or categories of documents called for by the Requests are withheld under a claim of privilege, immunity, or other protection from discovery, Plaintiffs shall furnish all information required by Rule 26.2 of the Local Civil Rules of the Southern and Eastern Districts of New York, including (*i*) the type of document, e.g., letter or memorandum; (*ii*) the title the document bears or the specific subject matter of the document, and a short description of the document sufficient to determine the validity of the assertion of the privilege, immunity, or protection; (*iii*) the date(s) or date range(s) of the document; (*iv*) the

author(s) of the document, the addressee(s) of the document, and any other recipient(s), and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other; and (*v*) the nature of the privilege, immunity, or protection claimed, and the basis for the claim. For all redactions or attachments withheld as privileged, also include identifying information, such as Bates number or file path, to indicate the document of which the redacted portion or attachment is a part.

9.      If part of an otherwise responsive document contains information that is subject to a claim of privilege, those parts of the document subject to the claim of privilege shall be redacted from the document, the redacted parts shall be clearly marked as such, and the rest of the document shall be produced.

10.     If any documents or categories of documents called for by the Requests were, but no longer are, in Your possession, custody, or control, please furnish a list setting forth as to each such document or category the following information: (*i*) the nature of the document(s) (*e.g.*, letter, memorandum, e-mail, etc.); (*ii*) the specific Request(s) to which the document(s) is/are responsive; (*iii*) the date(s) or date range(s) of the document(s); (*iv*) the subject matter and a short description of the document(s); (*v*) the date of destruction or other disposition; (*vi*) the reasons for destruction or other disposition; (*vii*) the manner in which the item was disposed; and (*viii*) the Person(s) who authorized the disposal, and the Person(s) who disposed of the document(s).

11.     Unless otherwise indicated, these Requests apply to February 17, 2015 through June 5, 2020.  In responding to the Requests, Plaintiffs shall produce all documents created, prepared, drafted, generated, modified, sent, provided, obtained or received during that time period or such other time period that is specified in the Request.

12. For the purpose of reading, interpreting, or construing the scope of the Requests, the terms used shall be given their most expansive and inclusive interpretation.

13. Except when express reference is made to another paragraph or Request, each paragraph herein should be construed independently and not by reference to any other paragraph or Request herein for purpose of limitation.

14. Questions regarding the interpretation of the Requests should be resolved in favor of the broadest possible construction.

15. You must respond to each Request for production separately and fully, unless it is objected to, in which case the reasons for objection shall be specifically and separately stated.

16. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection, and an objection to part of a Request must specify the part and permit inspection of the rest.

17. If you contend that a particular Request, or a definition or an instruction applicable thereto, is ambiguous, please set forth in your written response the allegedly ambiguous language and the interpretation of that language that you have adopted in responding to the Request in question.

18. The Bitfinex and Tether Defendants reserve the right to amend or supplement the Requests, for among other reasons, in response to any amended pleading or in support of any defenses or counterclaims Defendants might assert.

## DEFINITIONS

1. The Bitfinex and Tether Defendants expressly incorporate the definitions of "Communication," "Concerning," "Document," "Identify" and "Person" contained in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of

New York (the "Local Rules") and state that those terms should be given the broadest possible construction in connection with that Rule.

2. "Communication" has the broadest meaning possible under the Federal Rules of Civil Procedure and the Local Rules. For avoidance of doubt, "Communication" includes, without limitation, every contact of any nature, whether oral or written, from one person to another, whether in the form of facts, ideas, observations, inquiries, or otherwise, and any evidence of such contact, including any correspondence, memoranda, notes, diaries, daily calendars, electronic mail messages, voicemail messages, messaging app messages (including WhattsApp, Slack, Signal, Viber, WeChat, LINE, Telegram, Skype, iMessage, Instagram Direct, Facebook Messenger, and other instant messaging platforms), social media messages (including Facebook, Instagram, SnapChat, Twitter, TikTok, LinkedIn, Reddit, Discord, Medium, Bitcoin Talk, or other social media platforms, including posts, comments or direct messages), computer files, electronic or magnetic media, or other documents concerning such contacts.

3. "Complaint" refers to the Amended Consolidated Class Action Complaint filed by Plaintiffs as docket entry No. 114 on June 5, 2020, and the Complaints filed in the cases that the court determined to be related.

4. "Crypto-Asset" is used herein as the term is defined and used by Plaintiffs in the Complaint. For avoidance of doubt, this term includes cryptocommodities, stablecoins, cryptocurrencies, and digital tokens such as bitcoin (BTC), bitcoin cash (BCH), ether (ETH), litecoin (LTC), Zcash (ZEC), ethereum classic (ETC), monero (XMR), dash (DASH), and cardano (ADA).

5. "Document" has the broadest meaning possible under the Federal Rules of Civil Procedure and the Local Rules. For avoidance of doubt, "Document" includes, without limitation, any and all writings, electronic mail or e-mail, personal notes, text messages, messaging app messages (including WhatsApp, Slack, Signal, Viber, WeChat, LINE, Telegram, Skype, iMessage, Instagram Direct, Facebook Messenger, and other instant messaging platforms), social media content (including Facebook, Instagram, SnapChat, Twitter, TikTok, LinkedIn, Reddit, Discord, Medium, Bitcoin Talk, or other social media platforms, including posts, comments or direct messages), materials stored on cloud-based software such as iCloud or other internet-based storage platforms, cablegrams, telexes, facsimiles, telegrams, studies, calendars, day-timers, diaries, appointment books, contacts, agendas, minutes, notes, instructions, demands, schedules, data, notices, drafts, pamphlets, envelopes, voicemail messages, bulletins, photostats, screenshots, graphs, maps, charts, sketches, diagrams, drawings, plans, specifications, blueprints, forms, manuals, contracts, agreements, appraisals, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries, records or minutes of meetings or conferences, lists, publications, journals, ledgers, memoranda, notepads, notebooks, post cards, "post-it" notes, tabulations, analyses, evaluations, opinions or reports of consultants or experts, projections, work papers, summaries, reports, surveys, studies, logs, message slips, billing records, invoices, purchase orders, checks (front and back), confirmations, correspondence, letters, interoffice communications, brochures, advertising, packaging or promotional materials, financial or statistical statements or compilations, balance sheets, accounting entries, tax returns, loan documents, publications, articles, books, photographs, video recordings, voice recordings, speeches, transcripts, microfiche, microfilms, films, computer programs, printouts, computer

disks or diskettes, hard drives, USB drives, software, cell phone backups, and all recordings made through data processing and/or computer techniques, and the written information necessary to understand and use such materials, and all other written or graphic material of any nature whatsoever, in Plaintiffs' possession, custody or control. A draft or non-identical copy is a separate document within the meaning of this term. A document includes all attachments, whether by staple, clip, rubber band, or binding, and all appended or embedded links or files.

6. "Futures Contract" is used herein as the term is defined and used by Plaintiffs in the Complaint. For avoidance of doubt, this term includes Crypto-Asset futures contracts such as Bitcoin futures.

5. "Plaintiffs" and the terms "You" and "Your," refer collectively to Matthew Script, Benjamin Leibowitz, Jason Leibowitz, Aaron Leibowitz, and Pinchas Goldshtein, individually and on behalf of all similarly situated, and all of their past and present predecessors, successors, assignors, assignees, agents, employees, contractors, accountants, advisors, consultants, investigators, representatives, and any Person(s), Entity, or Entities acting or purporting to act for or on their behalf or under their control.

6. "USDT" shall mean U.S. Dollar Tether.

7. "User Profile" refers to a collection of identifying information associated with an account, such as the account owner's username, legal name, age, country of residence, and photograph.

8. "Wallet Address" refers to the public address or key associated with a device, program, or service used to store or custody Crypto-Assets and Crypto-Asset Futures Contracts.

9. Pursuant to Local Rule 26.3(d), the following rules of construction apply to all discovery requests: (*i*) the terms "all," "any," and "each" shall each be construed as

encompassing any and all; (*ii*) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope; and (*iii*) the use of the singular form of any word includes the plural and vice versa.

10. The following rules of construction also apply: (*i*) the masculine, feminine, or neuter pronoun shall not exclude other genders; (*ii*) the word "including" shall be read to mean "including (without limitation)", and shall not be understood to limit the scope of the Requests in any way (*iii*) the words "in particular" shall be read to mean "in particular (without limitation)" and shall not be understood to limit the scope of the Requests in any way; (*iv*) the present tense shall be construed to include the past tense and vice versa; and (*v*) references to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

## **REQUESTS**

30. Documents sufficient to identify all former and current Wallet Addresses over which You exercise or have exercised ownership or control relating to the Crypto-Assets and Crypto-Asset Futures Contracts upon which Your claims are based, including those for which (*i*) You maintain or have maintained the private keys, (*ii*) You maintain or have maintained on behalf of any other Person, and/or (*iii*) any other Person maintains or has maintained on Your behalf.

31. Documents sufficient to identify all blockchains, trading platforms, custodians, or exchanges associated with all of the Wallet Addresses identified in response to Request No. 30.

32. Documents sufficient to identify all transactions, transfers, distributions, trades, purchases, or sales of the Crypto-Assets and Crypto-Asset Futures Contracts upon which Your claims are based.

33. Documents sufficient to identify all of Your holdings of the Crypto-Assets and Crypto-Asset Futures Contracts upon which Your claims are based to the extent not produced in response to Request No. 32.

34. All account opening Documents and User Profiles for any exchange, fund, wallet or custody platform account over which You exercise or have exercised ownership or control, including those associated with all of the Wallet Addresses identified in response to Request No. 30.

35. Portions of your annual federal income tax returns for 2015, 2016, 2017, 2018, 2019, and 2020 that are sufficient to show Your reported gains, losses, and/or income relating to the Crypto-Assets and Crypto-Asset Futures Contracts upon which Your claims are based.

Dated:  New York, New York
         September 20, 2022

/s/ *Elliot Greenfield*
DEBEVOISE & PLIMPTON LLP
Elliot Greenfield
919 Third Avenue
New York, New York 10022
(212) 909-6000
*egreenfield@debevoise.com*

| | |
|---|---|
| DILLON MILLER & AHUJA LLP | LAW OFFICES OF MICHAEL JASON LEE, APLC |
| Sunjina K. Ahuja (*pro hac vice*) | Michael Jason Lee (*pro hac vice*) |
| Christopher J. Beal (*pro hac vice*) | 4660 La Jolla Village Drive, Suite 100 |
| 5872 Owens Ave., Suite 200 | San Diego, California 92122 |
| Carlsbad, California 92008 | (858) 550-9984 |
| (858) 587-1800 | *michael@mjllaw.com* |
| *sahuja@dmablaw.com* | |
| *cbeal@dmablaw.com* | |

*Attorneys for Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, Tether Operations Limited, Tether International Limited, DigFinex Inc., Ludovicus Jan van der Velde, and Giancarlo Devasini.*

CERTIFICATE OF SERVICE

      I, Melanie Burke, hereby certify that on September 20, 2022, I served all parties of record, as listed below, a true and correct copy of the Bitfinex and Tether Defendants' Second Set of Requests for Production of Documents by electronic mail unless otherwise noted.

ROCHE FREEDMAN LLP
Normand Velvel Freedman
Joseph M. Delich
99 Park Avenue, 19th Floor
New York, NY 10016
*tnormand@rcfllp.com*
*vel@rcfllp.com*
*jdelich@rcfllp.com*

SELENDY & GAY PLLC
Philippe Z. Selendy
Caitlin Halligan
Andrew R. Dunlap
1290 Sixth Avenue
New York, NY 10104
*pselendy@selendygay.com*
*challigan@selendygay.com*
*adunlap@selendygay.com*

SCHNEIDER WALLACE COTTRELL KONECKY LLP
Todd M. Schneider
Jason H. Kim
Matthew S. Weiler
2000 Powell Street, Suite 1400
Emeryville, CA 94608
*tschneider@schneiderwallace.com*
*jkim@schneiderwallace.com*
*mweiler@schneiderwallace.com*

*Interim Lead Counsel and Attorneys for the Plaintiffs and the Proposed Class*

WILLKIE FARR & GALLAGHER LLP
Charles D. Cording
787 Seventh Avenue
New York, NY 10019-6099
*ccording@willkie.com*

*Attorney for Defendant Philip G. Potter*

O'MELVENY & MELVENY & MYERS LLP
Abby F. Rudzin
William K. Pao
Eamonn Wesley Campbell
Seven Times Square
New York, NY 10026
*arudzin@omm.com*
*wpao@omm.com*
*ecampbell@omm.com*

MCNAUL EBEL NAWROT AND HELGREN PLLC
Greg J. Hollon
Timothy B. Fitzgerald
Charles Spencer Wittman-Todd
Claire Martirosian
600 University Street, Suite 2700
Seattle, WA 98101
*ghollon@mcnaul.com*
*tfitzgerald@mcnaul.com*
*cwittmanntodd@mcnaul.com*
*cmartirosian@mcnaul.com*

*Attorneys for Bittrex, Inc.*

        Nelson Mullins Riley & Scarborough LLP
        Matthew G. Lindenbaum
        One Financial Center, Suite 3500
        Boston, MA 02111
        *matthew.lindenbaum@nelsonmullins.com*

        Robert L. Lindholm
        280 Park Avenue
        15th Floor, West
        New York, New York 10017
        *robert.lindholm@nelsonmullins.com*

        *Attorneys for Poloniex, LLC*


        Reginald Fowler
        7100 W. Erie Street
        Chandler, AZ 85226
        *Served pursuant to Fed. R. Civ. P. 4*


         <u>/s/ *Melanie Burke*</u>
         Melanie Burke
         Debevoise & Plimpton LLP
         919 Third Avenue
         New York, New York 10022
         (212) 909-6000
         *mburke@debevoise.com*