June 30, 2023

**VIA ECF AND ELECTRONIC MAIL**

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *In re Tether and Bitfinex Crypto Asset Litigation,* **19-CV-09236 (KPF)**

Dear Judge Failla,

    Per Local Civil Rule 37.2 and Individual Rule 3.C, Plaintiffs seek a pre-motion conference to request that the Court permit them to take a total of two Rule 30(b)(6) depositions of the three Bitfinex Defendants: iFinex Inc., ("iFinex") BFXNA Inc., ("BFXNA") and BFXWW Inc., ("BFXWW"). The first, at the start of the deposition period, would focus on informational topics. The second, at the end of the deposition period, would focus on substantive issues that individual witnesses could not adequately address, including any gaps or contradictions in their testimony. B/T Defendants have refused this offer, insisting that Plaintiffs take a single, one-time corporate deposition of all three Bitfinex Defendants. *See* Ex. 1.[1]

    Plaintiffs' informational Rule 30(b)(6) deposition would focus on the following:

    *The Bitfinex Defendants' structure and responsibilities.* In their productions, B/T Defendants listed "Bitfinex/Tether" and "Bitfinex Corporate Compliance" as the custodians for many documents, failing to show which Bitfinex Defendant had responsibility for the information discussed in those documents. In meet-and-confers, B/T Defendants have refused to explain the relationships among the three entities or the responsibility of each for the Bitfinex exchange. Plaintiffs seek to understand how Bitfinex Defendants were organized and their relationship to the exchange.

    *The identities, roles, and responsibilities of the employees, shareholders, officers, and directors of each of the Bitfinex Defendants.* Plaintiffs seek information about the roles and responsibilities of various Bitfinex employees to streamline questioning at individual depositions. To minimize burden, Plaintiffs have offered to limit this topic to the 22 individuals

---

[1] Plaintiffs initially sought informational discovery by noticing a Rule 30(b)(6) deposition of iFinex. Ex. 2. B/T Defendants objected to every topic, Ex. 3, insisting that any corporate representative that they produce testify for all three Bitfinex Defendants, Ex. 4. B/T Defendants said that if Plaintiffs deposed the iFinex representative, they would oppose any deposition of any other Bitfinex Defendant on any topic. *Id.*

associated with the B/T Defendants that Plaintiffs identified as potential deponents. ECF 351-2.

*Bitfinex Defendants' transaction and financial record notations, variables, and inputs.* B/T Defendants produced many transaction and financial records in non-standard, often inconsistent formats that are unintelligible unless one understands B/T Defendants' idiosyncratic notation systems. B/T Defendants' counsel has refused to explain these systems, stating that "[w]e do not believe it is appropriate for us to interpret the B/T Defendants' documents for you[.]" Ex. 7. Plaintiffs seek to understand these notation systems (including things like variables and column and row headings) to help them analyze B/T Defendants' records.

*Gaps in Bitfinex Defendants' transaction records and financial records, including the loss or destruction of any such records, and policies or practices related to retention of such records.* B/T Defendants' production of trading records have several unexplained gaps. ███████████████████████████████████████████ *See e.g.* Ex. 8. While counsel for B/T Defendants say that they have no such trading records, they refuse to say whether any relevant transactions occurred in those accounts during the relevant period or whether any records for those accounts were ***destroyed***, insisting that counsel will not make "factual representations about whether these trades occurred or not." Exs. 9, 10, 11, and 12. They have also not explained what steps they took to search for these records. Plaintiffs seek to understand whether any of Bitfinex transaction records were destroyed, when, and how.

*Procedures and practices for issuing, distributing, and redeeming USDT via Bitfinex.* ███████████████ Ex. 13 at 11. In meet and confers, B/T Defendants have stated that Bitfinex never "issued" USDT, only Tether did. B/T Defendants refused to explain what they meant by "issued" USDT, saying that they could not make factual representations. Elsewhere, B/T Defendants have contended that they will "interpret 'issuance' to mean the process of releasing USDT into circulation by providing it to a customer." Ex. 14. Plaintiffs seek to understand the role that Bitfinex played in distributing USDT and the associated procedures for accounting and recordkeeping.

Permitting Plaintiffs to take an early Rule 30(b)(6) deposition on these topics will provide necessary insight into Bitfinex Defendants' operations before deposing individual witnesses. It will expedite document discovery, allowing Plaintiffs to address lingering gaps in B/T Defendants' document production (such as their production of trading records) early in the remaining discovery period.[2] And it may obviate the need for depositions of some individual witnesses from whom

---

[2] Plaintiffs still await B/T Defendants' response for a number of unproduced transaction records.

2

Plaintiffs would otherwise seek this general information. This early deposition will not be cumulative or duplicative as Plaintiffs do not intend to question Bitfinex Defendants on these topics at the later deposition unless subsequent discovery reveals gaps or inconsistency in the testimony. Plaintiffs would be entitled to depose all three Bitfinex entities in the ordinary course. *Rubie's Costume Co., Inc. v. Kangaroo Mfg., Inc.*, 2018 WL 4558405, at *3 (E.D.N.Y. Sept. 21, 2018) ("Because there are two corporate Defendants, the Plaintiffs are entitled to depose a Rule 30(b)(6) witness for each corporation."). Thus, Plaintiffs' proposal of a total of two, non-cumulative Rule 30(b)(6) depositions is quite reasonable.[3]

Respectfully submitted,

| | |
|---|---|
| /s/ Andrew R. Dunlap | /s/ Todd M. Schneider |
| Andrew R. Dunlap | Todd M. Schneider (*pro hac vice*) |
| Oscar Shine | Matthew S. Weiler (*pro hac vice*) |
| SELENDY GAY ELSBERG PLLC | Mahzad Hite (*pro hac vice*) |
| 1290 Sixth Avenue | SCHNEIDER WALLACE COTTRELL |
| New York, NY 10104 | KONECKY LLP |
| adunlap@selendygay.com | 2000 Powell Street, Suite 1400 |
| oshine@selendygay.com | Emeryville, CA 94608 |
| | tschneider@schneiderwallace.com |
| | mweiler@schneiderwallace.com |
| | mhite@schneiderwallace.com |

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*

---

[3] This evening, B/T Defendants sent Plaintiffs a letter asking to keep meeting and conferring on this issue. Ex. 6. Plaintiffs do not view this as a serious offer, or any impediment to declaring impasse, for several reasons. *First*, their letter is part of a clear pattern of delay. B/T Defendants raised the prospect of a Rule 30(b)(6) deposition at the June 7, 2023 conference. The next day, Plaintiffs asked B/T Defendants to meet and confer. B/T Defendants said that they were not available until June 21, 2023, when they asked Plaintiffs for a list of specific deposition topics. Ex. 5. Plaintiffs did so the next day. *Id*. B/T Defendants did not respond until nearly 6 pm on June 30, 2023, just before the Independence Day weekend, asking for further discussions. Ex. 15. Such slow-rolling of discovery discussions is, effectively, impasse. *Second*, B/T Defendants continue to oppose the central relief that Plaintiffs seek, asserting that multiple Rule 30(b)(6) depositions would purportedly be cumulative (they would not). *Third*, B/T Defendants proposal of producing Stuart Hoegner early in the deposition period to testify about the corporate structure and employees of the B/T Defendants would delay depositions on key topics—including how to decipher aspects of B/T Defendants' transaction records and whether any of those records have been deleted. Plaintiffs are prepared to proceed however the Court directs but given its clear direction that they should proceed expeditiously and avoid additional extension requests, Plaintiffs cannot wait any longer to bring this request to the Court's attention.