July 5, 2023

**VIA ECF AND ELECTRONIC MAIL**

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

*Re:* ***In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)**

Dear Judge Failla,

    Plaintiffs write to oppose B/T Defendants' June 28, 2023 request for a pre-motion conference seeking to compel production of schedules to the named Plaintiffs' tax returns. ECF 392.

    A party seeking to compel production of tax returns in a civil case must meet a heightened standard: "(1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not 'otherwise readily obtainable.'" *Carmody v. Village of Rockville Centre*, 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007) (*citing United States v. Bonanno Family of La Cosa Nostra*, 119 F.R.D. 625, 627 (E.D.N.Y. 1988)); *see also Chen v. Republic Rest. Corp.*, 2008 WL 793686, at *2 (S.D.N.Y. Mar. 26, 2008) (*citing Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1979) (noting that "[a]lthough tax returns are not privileged documents, Court[s] are reluctant to order their discovery in part because of the 'private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns'").

    B/T Defendants fail this test.

    The named Plaintiffs' tax schedules are irrelevant. B/T Defendants' assertion that the named Plaintiffs' "were required to list their crypto transactions" on their tax returns, ECF 392, at 2, is simply untrue. Plaintiffs were not required to list all their crypto *transactions*; they were required to list their *taxable gains and losses* from crypto transactions. The tax treatment of those gains and losses, and the accuracy of the named Plaintiffs' reporting, is not at issue here.

    To the extent the tax schedules do reflect information related to Plaintiffs' transaction history, Plaintiffs have already produced records reflecting the underlying transactions to B/T Defendants. Plaintiffs have produced all transaction records during the relevant period in their possession, custody, and control, including (i) emails confirming crypto-asset transactions, (ii) transaction histories from the relevant crypto exchanges, and (iii) Plaintiffs' own compilations and documents tracking their crypto investments. *See, e.g.*, Exs. 2-7. When B/T Defendants sought clarification from Plaintiffs' counsel as to whether the named Plaintiffs had transacted on platforms and exchanges for which records had not been produced, Plaintiffs confirmed that no such trading occurred. *See* Ex. 1. Because the relevant information is not only "readily obtainable" from other

sources, but has already been produced, B/T Defendants cannot show *any* need for the tax schedules, let alone a "compelling" one. *United States EEOC v. Birchez Assocs., LLC*, 2021 U.S. Dist. LEXIS 55205, at *11 (N.D.N.Y. Mar. 24, 2021).

B/T Defendants' arguments to the contrary are meritless. ECF 392, at 2-3.

*First*, B/T Defendants assert that no other documents provide contemporaneous sworn statements of Plaintiffs' gains and losses. In fact, Plaintiffs have produced contemporaneous transaction records from which the parties can calculate Plaintiffs' gains and losses for the purpose of damages. *Bujnicki v. Am. Paving & Excavating, Inc.*, 2004 WL 1071736, at *15 (W.D.N.Y. Feb. 25, 2004) (denying motion to compel production of tax returns when the same information was readily available from other financial documents). B/T Defendants do not explain why they need to see the tax treatment of those gains and losses. They also do not explain why the sworn nature of the schedules matters; they can take sworn deposition testimony from the named Plaintiffs about their transactions. *Hazeldine v. Beverage Media, Ltd.*, 1997 WL 362229, at *4 (S.D.N.Y. June 27, 1997) (denying motion compelling production of tax returns where information was available through deposition and "other less intrusive" discovery means) (quoting *Russell v. Del Vecchio*, 764 F. Supp. 275, 276 (E.D.N.Y. 1991).

*Second*, B/T Defendants wrongly assert that Plaintiffs have refused to affirmatively state that they have produced a complete set of all their crypto transactions. In fact, Plaintiffs confirmed they have produced all crypto transaction records in their possession, custody, and control during the relevant period on numerous occasions, including by letter dated May 30, 2023 ("Plaintiffs have already produced all responsive documents illustrating Plaintiffs' crypto transactions, in addition to Plaintiffs' wallet addresses.").[1] Ex. 1. And B/T Defendants identify no deficiencies in those records. Even if Plaintiffs had not produced all transaction records—and they have—Plaintiffs' tax returns would not fill any gaps, as the tax returns do not show any transactions apart from those that have already been produced to B/T Defendants in other forms. *See, e.g.*, Ex. 1.[2]

---

[1] B/T Defendants assert that Plaintiffs both lack records of their transactions on all exchanges and say "without explanation" that no records are missing. ECF 392, at 3. In fact, the named Plaintiffs preserved relevant documents in their own files and maintained access to the exchanges on which they had transacted. In 2018 and 2019 respectively, KuCoin and Binance withdrew the named Plaintiffs' access to their transaction histories on those exchanges, when the exchanges imposed new restrictions on United States residents. Plaintiffs then identified transaction summaries that included all relevant trades on Binance and KuCoin, which they produced to B/T Defendants. So, while Plaintiffs do not have access to those exchanges, they have produced a full list of their transactions on those platforms. Plaintiffs told B/T Defendants about the Binance and KuCoin restrictions during an August 2022 meet and confer, so that B/T Defendants could subpoena those exchanges for copies of the records, but B/T Defendants opted not to do so. B/T Defendants' assertion that Plaintiffs failed to preserve relevant records is misleading and disingenuous.

[2] In fact, Plaintiffs have produced to B/T Defendants the summaries of the named Plaintiffs' crypto transactions that the named Plaintiffs produced to their accountants. *See, e.g.*, Exs. 3 and 7.



*Finally*, B/T Defendants assert that they need the tax schedules to "verify" that Plaintiffs have produced all transaction records. ECF 392, at 3. They do not. *Nicaj v. City of New York*, 2015 WL 2152705, at *4 (S.D.N.Y. May 6, 2015) (denying motion to compel tax records when they were sought to verify party's statements at deposition). As an initial matter, B/T Defendants can "verify" transaction records by analyzing public blockchain activity of Plaintiffs' wallet addresses, which Plaintiffs disclosed to B/T Defendants via interrogatory response on May 22, 2023. The transaction records are also available from the relevant exchanges, which B/T Defendants have known of since August 2022, and have had the opportunity to subpoena if they sought verification. Moreover, Plaintiffs have represented that all transactions listed in the schedules have already been produced to B/T Defendants. B/T Defendants provide no basis to question that representation, and Plaintiffs would agree to submit the schedules to the Court for *in camera* review to confirm as much. For this reason, *Patrick Carter Assocs., Inc. v. Rent Stabilization Ass'n of N.Y.C., Inc.*, 1992 WL 167387 (S.D.N.Y. June 26, 1992), the principal case upon which B/T Defendants rely, is inapposite. There, defendants' income was squarely at issue, and plaintiffs had no other means of confirming whether certain payments were made to defendants. *Id*. at *5. Here, because the transaction information has already been produced, and Plaintiffs' income is not at issue, the "[t]ax documents should not be provided for discovery purposes." *Chen*, 2008 WL793686, at *2; *see also Ellis v. City of New York*, 243 F.R.D. 109, 112 (S.D.N.Y. 2007) (denying motion to compel plaintiff's tax returns because plaintiff was "not claiming lost wages or other losses related to his income").

At bottom, B/T Defendants fail to provide any compelling need for Plaintiffs' tax schedules. Accordingly, B/T Defendants should not be allowed to obtain this highly sensitive information, which would serve no purpose other than to harass, annoy, or embarrass Plaintiffs. Fed R. Civ. P. 26(c)(1).

Respectfully submitted,

| | |
|---|---|
| /s/ Andrew R. Dunlap | /s/ Todd M. Schneider |
| Andrew R. Dunlap | Todd M. Schneider (*pro hac vice*) |
| Oscar Shine | Matthew S. Weiler (*pro hac vice*) |
| SELENDY GAY ELSBERG PLLC | Mahzad Hite (*pro hac vice*) |
| 1290 Sixth Avenue | SCHNEIDER WALLACE COTTRELL |
| New York, NY 10104 | KONECKY LLP |
| adunlap@selendygay.com | 2000 Powell Street, Suite 1400 |
| oshine@selendygay.com | Emeryville, CA 94608 |
| | tschneider@schneiderwallace.com |
| | mweiler@schneiderwallace.com |
| | mhite@schneiderwallace.com |

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*