

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

July 6, 2023

BY ECF AND EMAIL

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:  *In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.) (KPF)

Dear Judge Failla:

We write on behalf of the B/T Defendants in response to Plaintiffs' request to take multiple Rule 30(b)(6) depositions of the "Bitfinex Defendants":  iFinex Inc., BFXNA Inc. and BFXWW Inc.  The Court should reject Plaintiffs' request, both because it is premature and because multiple such depositions would be unreasonably cumulative and duplicative and unduly burdensome.

I.      **Plaintiffs' Rule 30(b)(6) Deposition Notice to iFinex.**

On May 15, 2023, Plaintiffs served a Rule 30(b)(6) deposition notice directed to iFinex (the "iFinex Notice"), seeking information on 17 topics regarding the "Bitfinex Defendants" and the "Bitfinex exchange."  (Dkt. No. 396-2.)  Plaintiffs indicated that they intend to serve subsequent deposition notices to BFXNA and/or BFXWW towards the end of the fact discovery period.

As has been explained to Plaintiffs, iFinex is the parent company of BFXNA and BFXWW.  It is iFinex that engages *all* of the personnel who operate the Bitfinex exchange and perform *all* related functions (*e.g.*, compliance and customer service).  BFXNA and BFXWW do not have *any* separate directors, officers or other personnel.  A Bitfinex customer contracts with either BFXNA or BFXWW depending on the criteria set forth in the Terms of Service.  BFXNA and BFXWW exist as separate entities to facilitate reporting to certain U.S. and foreign regulatory bodies.  They play no role in operating the Bitfinex exchange or in otherwise managing its affairs.  (Dkt. No. 396-6 at 1-2.)

Plaintiffs do not dispute – or even address – any of those facts.

In light of these facts, under Rule 26, Plaintiffs are not entitled to more than one deposition of the Bitfinex Defendants.  A Rule 30(b)(6) deposition of iFinex followed by a separate deposition of BFXNA or BFXWW would be unreasonably cumulative and duplicative and unduly burdensome because neither entity has *any* knowledge of *any* matters separate from that of iFinex.  The *same* designees would testify about the *same* corporate knowledge.  *See In re Lifetrade Litig.*, 2023 WL 3244517, at *2-3 (S.D.N.Y. May 4, 2023) (noting that Rule 30(b)(6) depositions are subject to the constraints of Rule 26 and ordering that, to the extent possible, "the same witness . . . should testify on behalf of all [defendant] entities").  As Plaintiffs have acknowledged, Rule 30(b)(6) depositions are substantially more time-consuming and costly than

ordinary fact depositions.  *See Sahu v. Union Carbide Corp.*, 2010 WL 5158645, at *4 (S.D.N.Y. Dec. 20, 2010) (noting "the heavy burden and expense of Rule 30(b)(6) depositions").

Accordingly, the B/T Defendants informed Plaintiffs that the iFinex designees, Stuart Hoegner and Paolo Ardoino, would be prepared to testify on behalf of all three Bitfinex Defendants and that the B/T Defendants would oppose a subsequent deposition of BFXNA or BFXWW.

## II.     The Court Should Reject Plaintiffs' Request as Premature.

As a threshold matter, Plaintiffs' request is premature in at least two respects.

*First*, before even taking a single Rule 30(b)(6) deposition, Plaintiffs announce that they will need a second deposition, to address as-yet unspecified topics.  That makes no sense.  Plaintiffs should take the Rule 30(b)(6) deposition of iFinex that they noticed almost two months ago, including all appropriate topics, whether "informational" or "substantive."  If Plaintiffs later believe that a second deposition is justified under Rule 26, they could try to make that showing.

*Second*, Plaintiffs filed this motion without providing the basic information requested by the B/T Defendants or meeting and conferring regarding the B/T Defendants' counterproposal.  (Dkt. No. 396-6.)  As a compromise, the B/T Defendants offered to schedule Mr. Hoegner's portion of the iFinex deposition early, to testify on topics that seem to overlap (to some degree) with Plaintiffs' "informational" topics, and Mr. Ardoino's portion at a later date.  Plaintiffs did not respond.

Plaintiffs' assertion that the B/T Defendants have engaged in "delay" or "slow-rolling" turns reality on its head.  The B/T Defendants promptly served objections to the iFinex Notice, and it took Plaintiffs almost two weeks to meet and confer.  (Dkt. Nos. 396-3, 396-1 at 2, 396-4 at 1.)  The B/T Defendants proposed deposition dates on May 30, and Plaintiffs have yet to respond or propose their own dates.  (Dkt. No. 396-1 at 5.)

## III.    The Court Should Reject Plaintiffs' Request on the Merits.

Plaintiffs' request for multiple Rule 30(b)(6) depositions of the Bitfinex Defendants is unfounded and unsupported by authority.

Plaintiffs ignore Rule 26 entirely and make no attempt to argue that a single Rule 30(b)(6) deposition would be insufficient.  They do not dispute that, as described above, neither BFXNA nor BFXWW has any separate directors, officers or other personnel or plays any role in operating the Bitfinex exchange or managing its affairs.  Nor do Plaintiffs dispute that if they were to conduct a full Rule 30(b)(6) deposition of iFinex, a subsequent deposition of BFXNA or BFXWW would be unreasonably cumulative and duplicative and unduly burdensome.

Indeed, by seeking depositions of the "Bitfinex Defendants," Plaintiffs concede that there is no basis for separate depositions of iFinex, BFXNA and BFXWW.  Yet Plaintiffs provide no justification for requesting *two* depositions – double the time permitted by Rule 30, separated by a period of months – aside from their own desire to ask some questions now and withhold others for later.  Not surprisingly, Plaintiffs are unable to cite any authority that supports their request.

Plaintiffs' proposal is also problematic for other reasons, including that their ill-defined labels of

The Honorable Katherine Polk Failla               3                    July 6, 2023

"informational" and "substantive" would likely lead to additional disputes both before and during the deposition.  Plaintiffs also fail to describe with reasonable particularity the matters for examination, promising only to "focus on" the five topics listed in their letter, while referring to the 17 topics in the iFinex Notice as "informational" as well.  (Dkt. No. 396 at 1 & n.1.)  And Plaintiffs state that they would revisit the same topics at a second deposition if they perceive any "gaps or inconsistency in the testimony" (*id.* at 3), which is not a proper use of a Rule 30(b)(6) deposition.[1]  At bottom, the distinction between the two proposed depositions is illusory.

With respect to the five topics listed in Plaintiffs' letter, we note the following:

- <u>Corporate Structure; Roles and Responsibilities</u>:  The B/T Defendants proposed that Mr. Hoegner address these topics (and others listed in the iFinex Notice) in his portion of the deposition.  As described above, the B/T Defendants have, in fact, explained the relationships among the Bitfinex Defendants and the responsibility of each for the Bitfinex exchange.

- <u>Transaction Records</u>:  Although notations or headings in the Bitfinex Defendants' transaction records is a valid deposition topic (and perhaps a reason to schedule the deposition sooner rather than later), it is not a basis for multiple depositions.

- <u>Purported "Gaps" in Transaction Records</u>:  The B/T Defendants have completed their production of transaction records responsive to Revised RFPs 23-25, and Plaintiffs do not identify any "gaps" in that production.  Nor do Plaintiffs offer any basis for their insinuation that records have been destroyed – merely writing "destroyed" in bold italics does not suffice.  This is not a proper Rule 30(b)(6) topic, much less a basis for multiple depositions.[2]

- <u>Issuance and Redemption of USDT</u>:  Well over a year ago, during the parties' early discussions in this case, the B/T Defendants explained to Plaintiffs in detail the authorization, issuance, redemption and destruction processes.  That information is also publicly available (tether.to/en/tether-issuance-primer).  That Plaintiffs still do not understand this basic information – or even whether it is Tether or Bitfinex that issues USDT – is baffling.  It certainly does not justify multiple Rule 30(b)(6) depositions.

For topics 1-3 and 5, the B/T Defendants respectfully refer the Court to their objections based on overbreadth, ambiguity and undue burden.  (Dkt. No. 396-3 at 2-3, 5-6.)

Respectfully submitted,

/s/ Elliot Greenfield

---

[1] *See BAT LLC v. TD Bank*, 2019 WL 13236131, at *5 (E.D.N.Y. Sept. 24, 2019) (A "Rule 30(b)(6) deposition is not to be used to re-ask all of the questions a party has previously explored . . . ."); *Prasad v. GW Univ.*, 323 F.R.D. 88, 99 (D.D.C. 2017) ("It is not appropriate . . . to use a 30(b)(6) deposition as a catch-all technique to reexamine at the end of discovery the universe of information an adversary has produced . . . .").

[2] *See Mortg. Resol. Serv., LLC v. JPMorgan Chase Bank*, 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016) (requests for "collateral discovery" or "discovery on discovery" "should be closely scrutinized" and may be granted only where the requesting party establishes a "factual basis" for doing so); *Freedman v. Weatherford Int'l Ltd.*, 2014 WL 3767034, at *3 (S.D.N.Y. July 25, 2014) (plaintiffs' "conclusory" assertions did not demonstrate the requisite "factual basis for their belief that [the defendants'] current production is deficient").