UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re:*

TETHER AND BITFINEX CRYPTO ASSET LITIGATION

19 Civ. 9236 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of the B/T Defendants' letter motion concerning production of portions of Plaintiffs' tax returns (Dkt. #392-393), as well as Plaintiffs' opposition (Dkt. #400-401). The B/T Defendants contend that these documents are necessary to probe Plaintiffs' damages and confirm relevant transactions, and that the information is not available through other sources. (Dkt. #392 at 1). Plaintiffs, on the other hand, suggest that such documents would only reveal gains or losses, and would not list the relevant transactions. (Dkt. #400 at 1). In any event, Plaintiffs argue that Defendants fail to meet the heightened standard for production of such documents, because Plaintiffs have already provided the information through other sources. (*Id.* at 2).

The parties recognize that production of tax-related documents are subject to a heightened relevance standard. "[A] party requesting tax returns 'bears the burden of establishing both relevancy and a compelling need for the tax returns.'" *United States Sec. & Exch. Comm'n* v. *Collector's Coffee Inc.*, 464 F. Supp. 3d 665, 670 (S.D.N.Y. 2020) (quoting *Xiao Hong Zheng* v. *Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018) (summary order) (quotation marks and citations omitted)), *objections overruled sub nom. United States Sec. & Exch. Comm'n* v. *Kontilai,* No. 19 Civ. 4355 (LGS) (GWG), 2020 WL 4496764 (S.D.N.Y.

Aug. 4, 2020). At a high level, the relevance of the requested documents is not in dispute, even if Plaintiffs suggest that the documents will not reflect information concerning each crypto transaction. Nor do Plaintiffs disagree with the B/T Defendants' representation that the request is narrowly tailored, given it only seeks portions of the at-issue tax returns. (Dkt. #392 at 2). But ultimately, the B/T Defendants' motion fails because they cannot meaningfully represent at this juncture that the requested information is not available from other sources that Plaintiffs have already produced. *See, e.g., Carmody* v. *Vill. of Rockville Ctr.*, No. 05 Civ. 4907 (SJF) (ETB), 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007) ("[T]he modern trend appears to require the party seeking discovery to demonstrate both relevancy and a compelling need.") (collecting cases).

In essence, the "compelling need" inquiry calls on this Court to resolve the parties' dispute regarding whether "records of all of [Plaintiffs'] crypto holdings, transfers, and investments" have been produced. (Dkt. #392 at 3). The B/T Defendants contend that Plaintiffs have refused to certify as much. (*Id.*). However, Plaintiffs represented by letter dated May 30, 2023, that they had produced the relevant records, and appear to have worked to supplement productions with alternative information going to the B/T Defendants' request. (Dkt. #400 at 2). For example, Plaintiffs have provided summaries of relevant transactions to the B/T Defendants on exchanges for which Plaintiffs presently lack access, and also provided summaries of transactions that Plaintiffs produced to their accountants. (*Id.* at 2 nn.1-2). Admittedly, the parties'

2

correspondence regarding these issues is somewhat mixed, and the Court recognizes the B/T Defendants' concerns.  While Plaintiffs state that it was incumbent upon the B/T Defendants to subpoena third parties for any documents not within Plaintiffs' custody or control (*id.* at n.1), Plaintiffs in fact represented to the B/T Defendants that they were working to fill gaps in productions through requests to third parties (Dkt. #392 at 3).  Still, the Court sees no reason to discredit the statements by Plaintiffs' counsel that they have now produced information covering all transactions.  (Dkt. #400 at 2).  Throughout this litigation, the Court has trusted the representations made by all parties, and sees no reason to deviate from that practice now.

Further, the Court does not believe that the B/T Defendants' "verification" rationale, nor the fact that tax returns provide sworn contemporaneous statements, alter this analysis.  (Dkt. #392 at 2-3).  As Plaintiffs note, the B/T Defendants can verify transaction records through cross-checking Plaintiffs' productions against public blockchain activity.  (Dkt. #400 at 3).  Further, the B/T Defendants may explore transactions-related issues through depositions of Plaintiffs.  Parties are not entitled to "sworn" statements concerning documents in the ordinary course other than through deposition testimony, and the B/T Defendants have offered no reason why this should not be the case here.

In sum, the Court DENIES the B/T Defendants' motion to compel production of Plaintiffs' tax records.  The Clerk of Court is directed to terminate the pending motions at docket entries 392 and 393.

SO ORDERED.

Dated: July 6, 2023
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge