UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

TETHER AND BITFINEX CRYPTO ASSET LITIGATION

19 Civ. 9236 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Plaintiffs' letter motion requesting that they be allowed to take two Rule 30(b)(6) depositions of the B/T Defendants (Dkt. #396-397), as well as the B/T Defendants' opposition (Dkt. #403).  For the reasons that follow, the Court DENIES Plaintiffs' request without prejudice to its renewal at the end of the deposition period.

The basic facts concerning Plaintiffs' motion are uncontested.  Plaintiffs do not disagree that iFinex is the parent company of the "Bitfinex Defendants,'"[1] and that "BFXNA and BFXWW do not have any separate directors, officers or other personnel."  (Dkt. #403 at 1).  Nor do Plaintiffs argue that any of the Bitfinex Defendants holds peculiar knowledge than the others, or that a 30(b)(6) designee would be unable to speak on behalf of all three entities.  It follows, then, that unless Plaintiffs show otherwise, there is a baseline presumption that separate 30(b)(6) depositions of all three Bitfinex Defendants would be cumulative or duplicative.  (Id.).  In other words, such additional depositions

---

[1]   The Court employs the language used by the parties, because Plaintiffs' motion concerns IFinex Inc., BFXNA Inc., and BFXWW Inc., not the full cast of B/T Defendants.  The Court discussed the myriad players involved in this case in its September 28, 2021 Opinion and Order.  (Dkt. #182 at 1 n.1).

would violate Rule 26. (*Id.* (citing *In re Lifetrade Litig.*, 2023 WL 3244517, at *2-3 (S.D.N.Y. May 4, 2023))).[2]

Instead, Plaintiffs' request hinges on *strategy*. Plaintiffs claim that it is vital they be able to take two 30(b)(6) depositions of the Bitfinex Defendants — one at the beginning of the deposition period and one at the end — to explore "informational" topics in one and to address "substantive issues" in the other. (Dkt. #396 at 1). But Plaintiffs have not adequately explained why these issues cannot be explored in a single 30(b)(6) deposition. Under Plaintiffs' approach, parties would always be entitled to multiple 30(b)(6) depositions of a given entity. But that is not the presumption. *See, e.g.*, *Prasad* v. *George Washington Univ.*, 323 F.R.D. 88, 99 (D.D.C. 2017) ("It is not appropriate, however, to use a 30(b)(6) deposition as a catch-all technique to reexamine at the end of discovery the universe of information an adversary has produced during the discovery period."). More to the point, the Court largely agrees with the Bitfinex Defendants that Plaintiffs' labels of "informational" and "substantive" are illusory. (Dkt. #403 at 3). The noticed deposition topics in Schedule A of Plaintiffs' 30(b)(6) notice do not lend themselves to easy categorization. (Dkt. #396, Ex. 2). In any event, if there were such distinction

---

[2]     Though Plaintiffs are of course correct that there are multiple corporate entities (Dkt. #396 at 3), they do not identify any possible topics that would need to be noticed for the entities in its their separate capacities. Instead, Plaintiffs appear to suggest that they would be entitled to three 30(b)(6) depositions, but their own request betrays the point. That is, Plaintiffs appear to recognize that there is no utility to not having all three entities deposed at the same time. In reality, it appears that Plaintiffs wish to take two 30(b)(6) depositions of iFinex.

in the law, Plaintiffs have not pointed it out. Indeed, Plaintiffs have not offered any authority to back up their position.

At bottom, the Court agrees with the Bitfinex Defendants that, at a minimum, Plaintiffs' request is premature. (Dkt. #403 at 2). Though this issue is different than expanding the deposition limit — which this Court has already done — the Court has also previously put the parties on notice that it will scrutinize their conduct throughout the deposition period. (Dkt. #356 ("This means that Plaintiffs will need to demonstrate that each additional deposition is truly necessary, that it is not cumulative or otherwise duplicative of information already gleaned from discovery, and that there is an adequate justification for not including the deponent in this initial group of 15 depositions.")). That remains true now. Litigation involves difficult strategic decisions, and the parties should not expect that a complicated case absolves them of such decision-making.[3]

Plaintiffs are free to renew their request for an additional 30(b)(6) deposition of the Bitfinex Defendants later in the deposition period. That is, if Plaintiffs identify some major inconsistency or issue that must be explored further, based on information gathered through other depositions, they may raise the issue with the Court. At this juncture, however, Plaintiffs have not

---

[3]  Plaintiffs additionally suggest that two 30(b)(6) depositions are in everyone's best interest, because the proposal will prove more efficient. To state the obvious, the Bitfinex Defendants disagree. Regardless, should Plaintiffs receive satisfactory answers concerning "informational" topics during the 30(b)(6) deposition, they are free to cancel depositions they have noticed for individual witnesses. (Dkt. #396 at 2-3).

justified their need for multiple 30(b)(6) depositions of the Bitfinex Defendants.[4] The Court does not mean for its resolution of the instant motion to stymie the parties' efforts to reach compromise where possible.  As always, it is the Court's hope that the parties can cooperatively work together to reach sensible outcomes.  (Dkt. #403 at 2 (discussing possible proposals and counterproposals)).

The Clerk of Court is directed to terminate the pending motions at docket entries 396 and 397.

SO ORDERED.

Dated:   July 7, 2023
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

---

[4]  The Bitfinex Defendants appear to also reiterate certain of their objections to noticed deposition topics.  The Court sees no reason to opine on the issue.