UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TETHER AND BITFINEX CRYPTO ASSET LITIGATION | Case No. 19 Civ. 9236 (KPF) |

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFFS' MOTION FOR ISSUANCE OF A LETTER OF REQUEST

Date:  July 19, 2023

Todd M. Schneider*
Matthew S. Weiler*
Mahzad K. Hite*
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA  94608
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com
mhite@schneiderwallace.com

Andrew R. Dunlap
Oscar Shine
Laura King
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY  10104
adunlap@selendygay.com
oshine@selendygay.com
lking@selendygay.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*

*(*pro hac vice*)

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Elliott Assocs. v. Republic of Peru*,
  1997 WL 436493 (S.D.N.Y. Aug. 1, 1997) .................................................................................5

*Joseph v. Gnutti Carlo S.p.A.*,
  2016 WL 4083433 (S.D.N.Y. July 25, 2016) ............................................................................5

*Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*,
  841 F. Supp. 2d 769 (S.D.N.Y. 2012) ....................................................................................5, 6

*Netherby Ltd. v. Jones Apparel Grp., Inc.*,
  2005 WL 1214345 (S.D.N.Y. May 18, 2005) ...........................................................................5

*Orlich v. Helm Bros.*,
  160 A.D.2d 135 (N.Y. App. Div. 1st Dep't 1990) .....................................................................5

*Pearlstein v. BlackBerry Ltd.*,
  332 F.R.D. 117 (S.D.N.Y. 2019) ...............................................................................................5

*Radware, Ltd. v. A10 Networks, Inc.*,
  2014 WL 631537 (N.D. Cal. Feb. 18, 2014) .............................................................................5

*SEC v. Hurgin*,
  No. 19 Civ. 5705 (S.D.N.Y. Apr. 23, 2021) ..............................................................................5

*Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct.*,
  482 U.S. 522 (1987) ..........................................................................................................4, 5, 6

*United States v. Al Fawwaz*,
  2014 WL 627083 (S.D.N.Y. Feb. 18, 2014) ..............................................................................5

*In re Urethane Antitrust Litig*,
  267 F.R.D. 361 (D. Kan. 2010) ..................................................................................................5

*Villella v. Chem. & Mining Co. of Chile Inc.*,
  2018 WL 2958361 (S.D.N.Y. June 13, 2018) .......................................................................5, 6

**Statutes**

28 U.S.C. § 1781 ............................................................................................................................4, 6

Fed. R. Civ. P. 26 ...........................................................................................................................5, 6

Fed. R. Civ. P. 26(b)(1) ......................................................................................................................5

Fed. R. Civ. P. 28(b) ..............................................................................................................4

Fed. R. Civ. P. 45 ...........................................................................................................1, 2, 4

Fed. R. Evid. 801 ...................................................................................................................6

Fed. R. Evid. 804(b) ..............................................................................................................6

**PRELIMINARY STATEMENT**

Pursuant to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555 (the "Hague Evidence Convention" or the "Convention"), Plaintiffs Matthew Script, Benjamin Leibowitz, Jason Leibowitz, and Pinchas Goldshtein ("Plaintiffs") respectfully request that the Court issue a letter of request to ███████████ ███████ to compel deposition testimony from purported holder of certain accounts described in Plaintiffs' Amended Complaint (the "Anonymous Trader" or "Trader"). Plaintiffs' proposed letter of request (the "Letter of Request" or the "Letter") is attached as Exhibit 1 to the accompanying Declaration of Laura M. King ("King Decl.").

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Plaintiffs alleged in the Amended Complaint that two cryptocurrency wallets—the "1J1d Wallet," see AC ¶ 205, and the "1AA6 Wallet," see AC ¶ 206, together the "Relevant Wallets"—were a key conduit of Defendants' market-manipulation scheme. ████████████████████████████████████
████████████████████
████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

1



████████████. This Court can initiate that process by issuing a letter rogatory.

Accordingly, Plaintiffs respectfully request that the Court (1) sign the proposed Letter of Request, (2) instruct the Clerk of Court to affix the Court's seal thereto, (3) instruct the Clerk of Court to transmit the Letter to ████████████████████████████████, and (4) issue any other relief that may be necessary, just, and proper.

## BACKGROUND

### A. The Anonymous Trader's Relevance To This Case

Plaintiffs filed their Amended Complaint on June 5, 2020. ECF No. 114 ("AC"). Plaintiffs alleged that the B/T Defendants manipulated the crypto-asset markets by making carefully timed purchases of cryptocommodities. AC ¶ 3. These purchases signaled to the market that there was enormous demand for cryptocommodities, causing the price of those commodities to spike. *Id.* Plaintiffs alleged that these purchases were made with B/T Defendants' proprietary, fraudulently issued crypto-asset called "tether" or "USDT," which they marketed as pegged to and backed "one to one" by U.S. Dollars ("USD") held in reserve. AC ¶¶ 5, 193. In fact, Tether issued USDT without USD backing and hid that fact by sending newly issued USDT to Bitfinex, the B/T Defendants' proprietary crypto-asset exchange. AC ¶ 194. The common ownership between Bitfinex and Tether permitted Tether to simply transfer newly issued USDT onto Bitfinex without receiving USD in exchange—a purported requirement for such issuances. AC ¶ 7. Tether promised that it would ensure that the value of USDT would always equal one U.S. Dollar by issuing USDT only in response to legitimate market demand—*i.e.*, in bilateral transactions with customers willing to exchange USD one-for-one for USDT. AC ¶¶ 116, 151.

Defendants artificially inflated the price of cryptocommodities by purchasing Bitcoin and other cryptocommodities with USDT that was not fully backed by USD, creating illusorily increased demand for cryptocommodities and thus driving up prices. Plaintiffs further alleged that B/T Defendants effected their manipulative scheme by, among other acts, transferring unbacked USDT to the Relevant Wallets on the Bittrex and Poloniex crypto-asset exchanges. AC ¶¶ 200–07. The Relevant Wallets consistently received a vastly disproportionate amount of newly issued USDT, which was used to purchase cryptocommodities (e.g., Bitcoin) that were then sent back to Bitfinex. For example, between January 2017 and December 2018, 72% of all USDT issued were issued to the Relevant Wallets. AC ¶ 208. Plaintiffs alleged that these extremely large issuances, unrelated to any apparent market demand, indicated that the Relevant Wallets were controlled by the B/T Defendants themselves. AC ¶¶ 210, 214. Plaintiffs further contended that the newly issued (and debased) USDT was used to purchase Bitcoin, which was transferred back to the Bitfinex exchange (where it could be sold for USD). AC ¶ 264.

[redacted]

Since then, the parties have conducted and nearly completed document discovery, including █████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████ ████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████ Accordingly, Plaintiffs bring this motion to proceed using the Letter of Request.

## ARGUMENT

The Hague Evidence Convention is in force ████████ and the United States. *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 524 & n.1 (1987). The Convention, a treaty made "under the authority of the United States," U.S. Const. art. VI, is therefore "the law of the United States" and gives this Court the power to ████████████████████ ██████████████████████ *Aérospatiale*, 482 U.S. at 533. The Court also has inherent authority to issue letters of request, and that power is codified by 28 U.S.C. § 1781 and Federal Rule of Civil

4

Procedure 28(b). *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012); *United States v. Al Fawwaz*, 2014 WL 627083, at *2 (S.D.N.Y. Feb. 18, 2014).

Letters of request pursuant to the Convention are liberally granted. "Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Aérospatiale*, 482 U.S. at 541. In particular, courts in this District apply "the discovery principles contained in Federal Rule of Civil Procedure 26," considering the breadth and relevance of the information sought as well as its availability from other sources. *Villella v. Chem. & Mining Co. of Chile Inc.*, 2018 WL 2958361, at *3 (S.D.N.Y. June 13, 2018) (quoting *Lantheus*, 841 F. Supp. 2d at 776).

Courts applying these factors regularly issue letters of request seeking, as Plaintiffs do, discovery from third parties located abroad. *See, e.g., Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 121–22 (S.D.N.Y. 2019); *Netherby Ltd. v. Jones Apparel Grp., Inc.*, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005); *Elliott Assocs. v. Republic of Peru*, 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997).[1] Because third parties in other countries are very likely to be outside of this Court's jurisdiction, no other source can provide their sworn deposition testimony, making use of the Convention in such a context is "particularly appropriate," if not "virtually compulsory." *In re Urethane Antitrust Litig*, 267 F.R.D. 361, 364 (D. Kan. 2010); *Orlich v. Helm Bros.*, 160 A.D.2d 135, 143 (N.Y. App. Div. 1st Dep't 1990).

[redacted]

---

[redacted]

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████ A seven-hour, one-day deposition concerning the topics identified in Plaintiffs' proposed Letter of Request, *see* King Decl., Ex. 1, § 10, would not be overbroad or disproportionate ████████████

████████████████████████████████████████████████████

███████████████ Accordingly, Plaintiffs have satisfied the principles of Rule 26. *See Villela*, 2018 WL 2958361, at *3.

████████████████████████████████████

██████████████████████████████. *Lantheus*, 841 F. Supp. 2d at 776. Use of the Convention would facilitate the collection of that testimony. *See Aérospatiale*, 482 U.S. at 541. This Court should allow Plaintiffs to obtain it by granting their requested relief.

## CONCLUSION

Plaintiffs respectfully request, pursuant to the Convention, Fed. R. Civ. P. 28(b), 28 U.S.C. § 1781, and this Court's inherent authority, that the Court sign the proposed Letter of Request, King Decl., Ex. 1, and instruct the Clerk to affix its seal to the same. Plaintiffs further respectfully request that the Court instruct the Clerk of Court to transmit the Letter ███████████████

███████████████. Plaintiffs have provided the Court with a pre-paid envelope addressed ████

████████████████████████████████

6

Dated: New York, NY
       July 19, 2023

Respectfully submitted,

By: /s/   *Oscar Shine*

Todd M. Schneider*  
Matthew S. Weiler*  
Mahzad K. Hite*  
SCHNEIDER WALLACE COTTRELL KONECKY LLP  
2000 Powell Street, Suite 1400  
Emeryville, CA 94608  
tschneider@schneiderwallace.com  
mweiler@schneiderwallace.com  
mhite@schneiderwallace.com  

Andrew R. Dunlap  
Oscar Shine  
Laura King  
SELENDY GAY ELSBERG PLLC  
1290 Avenue of the Americas  
New York, NY 10104  
adunlap@selendygay.com  
oshine@selendygay.com  
lking@selendygay.com  

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*

*(*pro hac vice*)*