July 31, 2023



<u>**VIA ECF AND ELECTRONIC MAIL**</u>

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

*Re:*    *In re Tether and Bitfinex Crypto Asset Litigation,* 19-CV-09236 (KPF)

Dear Judge Failla,

We write on behalf of the parties in response to the Court's Order dated July 27, 2023 (Dkt. 415). Despite negotiations, the parties have been unable to reach an agreement. The parties set forth their respective positions below.

I.    **Plaintiffs Respectfully Request That The Court Grant Their Motion and Issue a Letter of Request**

As the Court knows, Plaintiffs previously requested that the Trader voluntarily appear for a deposition over two months ago. Dkt. 358. He refused. Plaintiffs then hired local counsel and an investigator in the Trader's jurisdiction and prepared a Letter of Request seeking this Court's assistance in securing the Trader's testimony. *See* Dkt. 409.[1] It was only after Plaintiffs filed that motion, on July 19, 2023, that the Trader contacted Plaintiffs on July 21, 2023 and offered to "consider" a voluntary deposition under certain conditions. Ex. 1. Plaintiffs and the Trader exchanged correspondence regarding those conditions over the next several days.[2] Among other things, the Trader requested that any deposition include time for questioning by Defendants. On July 25, 2023, the day before any opposition to Plaintiffs' motion was due,[3] Defendants informed

---

[1] Plaintiffs reject any argument that this Court's orders regarding confidentiality of the Trader's information bar Plaintiffs from pursuing a request for judicial assistance. *See* Dkt. 414. Contrary to B/T Defendants' assertions, Plaintiffs proceeded in stages, first seeking the Trader's voluntary consent, then exhausting other avenues (e.g., by attempting to determine whether the Trader was in the United States, or whether email service would be appropriate). Plaintiffs only filed a motion with a formal request for judicial assistance after exhausting those routes and upon confirming the address associated with the Trader.

[2] Plaintiffs understand that they have reached agreement with the Trader concerning confidentiality of the Trader's deposition testimony, and Plaintiffs further offered not to oppose any Attorneys' Eyes Only designation or reasonable trial precautions consistent with this Court's orders. Ex. 1.

[3] Defendants lack standing to challenge Plaintiffs' Letter of Request on the grounds of relevance or undue burden. *See, e.g., In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2023 WL 4362933, at *2 (S.D.N.Y. July 6, 2023).

Plaintiffs for the first time that they had contacted the Trader to seek a voluntary deposition and wished to discuss the deposition with Plaintiffs. Ex. 2.

The parties negotiated but were unable to reach agreement on three issues: (i) the allocation of time among the parties, (ii) whether the deposition would take place in person, and (iii) video-recording of the deposition. Given the parties' inability to agree regarding the deposition, Plaintiffs respectfully ask that the Court grant their motion and sign the proposed Letter of Request.

**Allocation of Time**. The Trader will not agree to a voluntary deposition unless the parties agree to split 7 hours of record time. Plaintiffs sought 7 hours to depose the Trader by motion understanding this deposition will be trial testimony and Plaintiffs will not have another oppor-tunity to question the Trader about the issues and discovery produced in this case. To compromise, Plaintiffs offered Defendants a split of 5 and 2 hours, respectively, but Poloniex insists on an even division of time, while B/T Defendants have asked for a 4/3 division. Ex. 2. Defendants' proposals fail to acknowledge that the parties are not similarly situated. It was Plaintiffs, not Defendants, who incurred the time and expense of seeking the Trader's deposition via a Letter of Request. Defendants' stated need for half of Plaintiffs' time is further undermined by the fact that they have not noticed the Trader's deposition or sought a Letter of Request. Moreover, Defendants' position is contradictory: they insist they need up to half of the seven-hour period for their questioning, but simultaneously rejected Plaintiffs' proposal that the parties seek an enlargement of time beyond seven hours. *Id.* Defendants' efforts to simultaneously seek time for themselves while taking away time for questioning by Plaintiffs, including by opposing an enlargement of time, is revealing and only serves to hamstring Plaintiffs' ability to prosecute the case.

In similar circumstances, federal courts split the deposition time for Rule 45 witnesses in favor of the noticing party, based upon consideration of fairness, including whether the witness is cooperating with a party. *See, e.g.*, *Loop AI Labs Inc v. Gatti*, 2015 WL 5522166, at *3-*5 (N.D. Cal. Sept. 18, 2015) (ordering a five-hour/two-hour split where party contended the witness was "cooperating" with another party); *Hunt Constr. Grp., Inc. v. Cobb Mech. Contractors, Inc.*, 2018 WL 6834511, at *2 (W.D. Tex. Dec. 21, 2018) (ordering a 40%-60% split of deposition time for non-party deponent).

**Location**. Plaintiffs seek to depose the Trader in person because (1) the Trader is a key witness and Defendants have already attempted to use the Trader's narrative to support summary judgment pre-discovery (Dkt. 188); (2) Defendants have indicated they will attempt to use the Trader's declaration in support of their case in chief (*see, e.g.*, Dkt. 414); and (3) the deposition will likely serve as Plaintiffs' trial examination. The Trader has agreed to appear in person, pro-vided the parties travel to his location, which Plaintiffs are willing to do. Defendants, on the other hand, insist on proceeding remotely, which would unreasonably limit counsel's ability to assess demeanor and credibility.

Courts have required in-person depositions where, as here, the deponent is a "key witness" whose credibility is at issue. *See InMoment, Inc. v. Mkt. & Opinion Rsch. Int'l Ltd.*, 2022 WL 1568894, at *2 (D. Utah May 18, 2022) (collecting cases). In *InMoment*, both parties sought to depose a non-party but disputed the format of the deposition. Defendants sought to depose the witness in person in England for 7 hours and asked the court to issue a letter of request to an

English court to secure his attendance. *InMoment, Inc.*, 2022 WL 1568894, at *2. Plaintiffs opposed arguing the deposition should be conducted for only 4 hours and by Zoom – conditions under which the witness voluntarily agreed to participate. *Id.* In holding that an in-person deposi-tion was warranted, the court noted the significance of the non-party deponent's role was disputed, the deposition would be the parties' only opportunity to examine the non-party, and the deposition would serve as trial testimony. *Id.* The court further held that "considerations regarding the quality of the recording and counsel's ability to assess demeanor and credibility take on heightened sig-nificance." *Id.* The court rejected Plaintiffs' argument that benefits of an in-person deposition were "outweighed by the inconvenience [and] expense" of traveling to England to conduct the deposi-tion. *Id.* The same applies here.

**Recording**. Videorecording is likewise necessary to preserve the Trader's testimony for a jury in the event of trial. Both the Trader and Defendants oppose videorecording over purported security concerns. Exs. 1 & 2. But, as with any document in discovery, a recording of the deposi-tion can be appropriately protected by the existing protective order, and Plaintiffs have already agreed not to oppose the Trader designating the deposition Attorney's Eyes Only, pursuant to the protective order and this Court's standing orders related to the Trader.

Finally, Plaintiffs are mindful of the Court's guidance on discovery extensions. To avoid delay, Plaintiffs sought the Trader's deposition two weeks ago through the Hague process. Defendants and the Trader have already postponed decision on that motion—by offering a late-break-ing compromise that could have been proposed and agreed upon in May—when Plaintiffs sought to engage both Defendants and the Trader about this deposition. Dkts. 358-1; 358-3. Plaintiffs do not have confidence that the deposition will proceed voluntarily and wish to avoid prejudice should the Trader refuse to voluntarily appear. Given the posture of the case, and without a firm agreement from the Trader to appear voluntarily, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for a letter of request for a seven-hour deposition. If the Court grants Plaintiffs' request, Plaintiffs agree to give Defendants two hours of that time. If Plaintiffs' offered compromise is not sufficient for Defendants, they can seek additional relief from this Court.

## II. Defendants' Request that the Court Resolve the Parties' Remaining Areas of Disagreement Regarding a Voluntary Deposition and Deny Plaintiffs' Motion for a Letter of Request

### A. The Anonymous Traders' Voluntary Deposition

As far back as April, the B/T Defendants reached out to the Anonymous Trader and sought to persuade him to voluntarily agree to a deposition. Understandably, the Anonymous Trader was not interested in being deposed: he is a non-party, voluntarily submitted a sworn declaration, offered to speak with Plaintiffs years ago in connection with that declaration (which Plaintiffs inexplicably declined), and has not produced any documents in discovery in this case. Moreover, none of the hundreds of thousands of documents produced by Defendants in this litigation support Plaintiffs' claimed conspiracy to manipulate the price of bitcoin, much less involvement by the Anonymous Trader in any such scheme.

The Anonymous Trader has now agreed to a voluntary deposition, but only after Plaintiffs filed a "Motion for Issuance of a Letter of Request," which – if granted by the Court – would have

exposed the Anonymous Trader's name and contact information, along with the full contents of his sworn declaration, which was filed under seal. That motion presented a direct threat to the privacy and safety of the Anonymous Trader and his family.

Over the past week, the B/T Defendants have engaged with the Anonymous Trader, Plain-tiffs and the other Defendants in this case (Poloniex and Phil Potter) regarding the parameters of a voluntary deposition that would satisfy the Anonymous Trader's security concerns and would provide all parties an opportunity to pose questions and conduct cross-examination as necessary.

The parties have reached agreement on several key terms. The deposition is to occur on an agreed date in September, the deposition will last 7 hours, and the parties will not oppose strict AEO treatment of the deposition testimony pursuant the relevant Court orders.

Three narrower issues remain unresolved:

(1) <u>Allocation of Time</u>:

The Anonymous Trader has agreed to sit for a deposition of up to 7 hours, and he expects that time to be divided among the parties for questioning. Defendants' view is that a 50-50 split of the available time (*i.e.*, 3.5 hours for Plaintiffs and 3.5 hours for Defendants) is fair and appro-priate, given that the Anonymous Trader is a non-party and both Plaintiffs and the B/T Defendants independently sought his deposition. Furthermore, the Defendants' time must accommodate ques-tions from counsel for the B/T Defendants, Poloniex and Mr. Potter.

As a compromise, the B/T Defendants offered to agree to a split of 4 hours for Plaintiffs and 3 hours for the B/T Defendants, Poloniex and Mr. Potter. Plaintiffs rejected that offer.

Poloniex's position remains that the 7 hours should be split 50-50.

Plaintiffs' position that they are entitled to all 7 hours, or at least 5 hours, is unsupported. That Plaintiffs forced a deposition by threatening the Anonymous Trader's safety does not entitle them to extra time. And contrary to Plaintiffs' suggestion, the B/T Defendants did reject Plaintiffs' proposal that they seek an enlargement of time.

(2) <u>Location</u>:

The Anonymous Trader has agreed to have the deposition conducted either remotely or in-person, but not a combination of the two.

Defendants believe that the deposition should take place remotely in order to avoid the substantial burden and expense of international travel by attorneys located across the country, par-ticularly as numerous other depositions are being scheduled during September. Even before the Covid-19 pandemic, courts had "universally recognized that depositions conducted remotely are a valid, reliable, efficient, and cost-effective method of obtaining required discovery without need-less expense." *Uni-Sys., LLC v. U.S. Tennis Ass'n*, 2018 WL 1335354, at *4 (E.D.N.Y. Mar. 15, 2018). Experience over the past three years has only cemented that view, as many complex cases have been litigated using remote depositions, without any negative consequences.

Plaintiffs insist on taking the deposition in person in the Anonymous Trader's home county, but they have not articulated to Defendants any reason why a remote deposition would be inadequate.

(3) Video-recording:

The Anonymous Trader has stated his objection to the deposition begin videotaped in light of his concerns regarding privacy and security.  Out of respect for the Anonymous Trader's con-cerns, Defendants oppose the video-recording of his deposition.

**B.     Plaintiffs Motion for Issuance of a Letter of Request**

Plaintiffs now take the position that, because parties have not reached full agreement on the issues noted above, the Court should grant Plaintiffs' Motion for Issuance of a Letter of Re-quest.

Defendants' oppose that motion because issuing a Letter of Request would put the Anonymous Trader's safety – and that of his family – at substantial risk.  As noted above, the proposed Letter of Request includes the Anonymous Trader's name and contact information, as well as a copy of his sealed declaration.[4]  As the Court has already concluded in prior decisions, the Anonymous Trader's safety concerns are not hypothetical or conjectural; they are real and quite serious. Identified owners of cryptocurrencies are regularly targets of theft and violence.

Putting the Anonymous Trader's safety at risk is not justified by Plaintiffs' desire to depose him on their terms, without compromise.  Instead, the Court should resolve the parties' remaining disagreement regarding allocation of time and location of the deposition.

Respectfully submitted,

Counsel for the Parties:

| | |
|---|---|
| /s/ Andrew R. Dunlap | /s/ Elliot Greenfield |
| Andrew R. Dunlap | Maeve L. O'Connor |
| Oscar Shine | Michael Schaper |
| Laura M. King | Elliot Greenfield |
| SELENDY GAY ELSBERG PLLC | DEBEVOISE & PLIMPTON LLP |
| 1290 Sixth Avenue | 66 Hudson Boulevard |
| New York, NY 10104 | New York, NY 10001 |
| adunlap@selendygay.com | mloconnor@debevoise.com |
| oshine@selendygay.com | mschaper@debevoise.com |
| lking@selendygay.com | egreenfield@debevoise.com |

---

[4] Contrary to Plaintiffs' suggestion, the B/T Defendants have not argued that Plaintiffs were barred from filing their motion by the Court's confidentiality orders.

/s/ Todd M. Schneider
Todd M. Schneider (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
Mahzd K. Hite (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for
the Plaintiffs and the Proposed Class*

/s/ Michael Jason Lee
Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
michael@mjllaw.com

/s/ Sunjina K. Ahuja, Esq.
Sunjina K. Ahuja, Esq.
Christopher J. Beal
Dillon Miller Ahuja & Boss, LLP
5872 Owens Ave., Suite 200
San Diego, CA 92008
sahuja@dmablaw.com
cbeal@dmablaw.com

*Attorneys for Defendants iFinex Inc., Dig-
Finex Inc., BFXNA Inc., BFXWW Inc., Tether
International Limited, Tether Operations Lim-
ited, Tether Holdings Limited, Tether Limited,
Giancarlo Devasini, and Ludovicus Jan van
der Velde*

/s/ Charles D. Cording
Charles D. Cording
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
ccording@willkie.com

*Attorney for Defendant Philip G. Potter*

/s/ Matthew G. Lindenbaum
Matthew G. Lindenbaum (*pro hac vice*)
NELSON MULLINS RILEY & SCAR-
BOROUGH LLP
One Financial Center, Suite 3500
Boston, MA 02111
matthew.lindenbaum@nelsonmullins.com

/s/ Robert L. Lindholm
Robert L. Lindholm

NELSON MULLINS RILEY & SCAR-
BOROUGH LLP
330 Madison Avenue
27th Floor
New York, New York 10017
robert.lindholm@nelsonmullins.com

*Attorneys for Poloniex, LLC*

The Court is in receipt of the parties' joint letter regarding a
proposed deposition of the Anonymous Trader.  The Court understands the
parties are largely in agreement about parameters, but seek the
Court's ruling on three issues:  first, the allocation of time between
the parties; second, the location of the deposition; and third,
whether or not the deposition may be video recorded.  The Court
addresses each below.

First, in light of the effort taken by Plaintiffs to locate the
Anonymous Trader and the ultimate burden of proof Plaintiffs must carry
at trial, Plaintiffs are granted four hours for their deposition.  The
remaining three hours shall be allocated amongst Defendants, per their
agreement.

Second, the deposition shall take place remotely, over a video-
conferencing platform acceptable to the parties.

Third, while the Court appreciates the importance of recorded personal
testimony in assessing the credibility of a witness, it also recognizes
the privacy interests of the Anonymous Trader.  Therefore, if the
Anonymous Trader consents to being available for in-person testimony at
trial, the deposition need not be video recorded.

Otherwise, the deposition shall be video recorded for use solely in
preparation for trial and at trial.  For trial preparation purposes,
the parties shall agree on a protocol for limiting the number of
attorneys to have access to any video recording, and provide such
protocol in a joint submission to the Court on or before the date of
the deposition.  The Court will not permit video excerpts to be used by
the parties in briefing for any motion for summary judgment, nor for
any pretrial motions in limine.  The Court will accept citations to the
written transcript.  At trial, any excerpts of video testimony will be
viewable only to the parties, counsel, the jury, and necessary court
personnel, and will be introduced only pursuant to prior order of the
Court.

In sum, the parties are permitted to hold a **seven-hour, remote deposition** of the Anonymous Trader, not including breaks or other time off the record.  **Plaintiffs are permitted four hours of time. Defendants are permitted three hours of time.**

**The deposition shall be video recorded, unless the Anonymous Trader consents to being available for in-person testimony at trial,** in which case video recording will not be permitted.  The parties shall agree on a protocol for limiting access to and use of any video recording, as described above.


Dated        August 2, 2023          SO ORDERED.
             New York, New York

                                     _Katherine Polk Failla_

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE