SCHNEIDER WALLACE COTTRELL KONECKY LLP

selendy gay elsberg

August 31, 2023

**VIA ECF AND ELECTRONIC MAIL**
The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

*Re:   In re Tether and Bitfinex Crypto Asset Litigation,* **19-CV-09236 (KPF)**

Dear Judge Failla,

Plaintiffs seek a pre-motion conference to compel Bitfinex Defendants[1] to provide testimony on Topics 4, 16-18, 22, and 23 of Plaintiffs' 30(b)(6) Notice (the "Notice"). Ex. 1. While they have agreed on the scope of other Topics, the parties are at impasse on these.

**Topic 4** seeks testimony to assess if B/T Defendants lost or destroyed key documents, including transaction records this Court ordered them to produce. While B/T Defendants assert that this topic has no "factual basis," Ex. 2 at 3,

B/T Defendants' production of trading records has other unexplained gaps.

For other accounts, B/T Defendants produced no records at all.

---

[1] On July 18, 2023, Plaintiffs served a revised 30(b)(6) notice on iFinex Inc, BFXNA Inc, and BFXWW Inc. (collectively the "Bitfinex Defendants"), following the Court's order. Dkt. 405.

B/T Defendants flatly refuse to state whether records for the missing or incomplete accounts were destroyed. Ex. 9. Plaintiffs are entitled to discovery on the destruction or loss of these records, including when B/T Defendants were required to preserve documents. *Johnson v. Nextel Commc'ns, Inc.*, U.S. Dist. LEXIS 144828, at *9-10 (S.D.N.Y. Aug. 15, 2023) ("It is well settled that discovery into a party's discovery efforts is warranted once there is reason to believe that such party failed to preserve or produce relevant documents."); *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2019 WL 3334503, at *18 (S.D.N.Y. July 25, 2019) (holding plaintiffs sufficiently justified request for discovery by pointing to specific gaps in defendants' production).

**Topic 16** seeks testimony regarding Bitfinex Defendants' policies for making loans. Because loaned USDT is unbacked, B/T Defendants' use of such USDT is relevant to use of unbacked USDT to manipulate crypto-commodity prices. B/T Defendants assert that "loaning USDT to a *third party*" does not "render[] that USDT unbacked" (Ex. 14 at 3),

**Topic 17** seeks testimony regarding accounts identified by B/T Defendants as holding amounts Bitfinex Defendants owed to Tether's reserves: (i) the periods when such accounts were used, (ii) the purpose of assets held in such accounts, and (iii) whether such accounts held customer funds, payroll, operating expenses, or other assets used for the operation of the Bitfinex exchange. Plaintiffs have sought this information for months. Ex. 10 at 4. Plaintiffs need to determine if accounts that B/T Defendants contend held USDT reserves were comingled with other assets, and to assess the sufficiency of Tether's reserves—issues at the heart of the allegations in this case. While B/T Defendants' contend that Topic 17 calls for a "memory contest" (Ex. 14 at 4), the information sought is narrowly tailored and could be easily included in document for the deponent's reference. B/T Defendants' objection on this point is especially meritless as they refused to provide the requested information in their interrogatory responses. Ex. 11.

**Topic 18** seeks testimony regarding the accounts that Bitfinex Defendants used to transact. Plaintiffs offered to narrow this Topic to seek only, for each account belonging to the Bitfinex Defendants identified in response to Interrogatory 14 and responsive to Revised RFPs 23-25: (i) the purpose of the account, and (ii) the policies, practices, and procedures governing trading in that account. B/T Defendants offer to provide only a "high-level overview of the purpose of the

accounts owned or controlled by the Bitfinex Defendants that the B/T Defendants identified in response to Interrogatory No. 14 and for which the B/T Defendants have produced transaction records in response to RFPs 23-25: ███████████████████████████████████████████████████████████████████████████████████████ This is insufficient. Plaintiffs need testimony for *all* accounts owned or controlled by the Bitfinex Defendants responsive to Revised RFP Nos. 23-25. B/T Defendants know what these accounts are; they produced records from them in response to the Court's September 20, 2022, May 1, 2023, and May 30, 2023 Orders. Dkts. 247; 347; 370. Plaintiffs cannot accept a cherry-picked list of accounts that includes neither accounts held by Bitfinex executives nor all accounts held in the names of Bitfinex. B/T Defendants must also provide testimony on the policies, practices, and procedures governing trading in these accounts, so Plaintiffs can assess if Bitfinex Defendants used them to inflate the prices of crypto-assets.

**Topic 22** seeks testimony regarding B/T Defendants' trading arrangements with Jump Trading LLC. While B/T Defendants says this is irrelevant, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**Topic 23** seeks testimony regarding the well-documented fact that, during the relevant period, the Bitcoin price on Bitfinex was persistently higher than on other exchanges.[4] While B/T Defendants contest relevance, Bitcoin's persistently inflated price on Bitfinex—and Defendants' knowledge and understanding of that premium—is relevant to Plaintiffs' market manipulation allegations and the intent element of Plaintiffs' CEA claims.

Plaintiffs respectfully request the Court order B/T Defendants to prepare witness to testify as to Topics 4, 16-18, 22, and 23 of Plaintiffs' 30(b)(6) Notice of Bitfinex Defendants.

Respectfully submitted,

---

[4] Olga Kharif and Matthew Leising, *Bitcoin Trades at $300 Premium on Controversial Crypto Exchange*, BLOOMBERG (OCT. 17, 2018) HTTPS://ARCHIVE.PH/QSGBK#SELECTION-3035.0-3035.63.

| | |
|---|---|
| /s/ Andrew R. Dunlap | /s/ Todd M. Schneider |
| Andrew R. Dunlap | Todd M. Schneider (*pro hac vice*) |
| Oscar Shine | Matthew S. Weiler (*pro hac vice*) |
| SELENDY GAY ELSBERG PLLC | Mahzad Hite (*pro hac vice*) |
| 1290 Sixth Avenue | SCHNEIDER WALLACE COTTRELL |
| New York, NY 10104 | KONECKY LLP |
| adunlap@selendygay.com | 2000 Powell Street, Suite 1400 |
| oshine@selendygay.com | Emeryville, CA 94608 |
| | tschneider@schneiderwallace.com |
| | mweiler@schneiderwallace.com |
| | mhite@schneiderwallace.com |

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*