# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>In re:<br><br>TETHER AND BITFINEX CRYPTO ASSET LITIGATION</td><td>No. 19 Civ. 9236 (KPF)<br><br>**PLAINTIFFS' NOTICE OF RULE 30(B)(6) DEPOSITION OF DEFENDANTS IFINEX INC., BFXNA INC., AND BFXWW INC.**</td></tr>
</table>

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned action, by and through their undersigned counsel, will take the deposition upon oral examination, under oath, of one or more Designees of iFinex Inc. BFXNA Inc., and BFXWW Inc.  (collectively, "Bitfinex Defendants"). The deposition will commence at 9:00 A.M. Eastern Standard Time on August 17, 2023, at the offices of Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, N.Y. 10104, or at some other time or place agreed upon by the parties.

The deposition will concern the topics set forth in **Schedule A** attached hereto. Bitfinex Defendants must designate and make available for the purpose of giving testimony on their behalf at the deposition one or more of their officers, directors, corporate representatives, or other persons who are most knowledgeable and consent to testify about each of the subjects identified in Schedule A ("Designees"). The Designees shall testify as to matters known or reasonably available to Bitfinex Defendants. Plaintiffs request that Bitfinex Defendants provide, in advance of the deposition, the names and titles of their Designees, along with a summary of the areas about which each Designee will testify.

The deposition will be taken before an officer authorized to administer oaths under the laws of the United States, recorded by stenographic means, and videotaped. All counsel of record are invited to attend and participate.

Dated: July 18, 2023
New York, NY

By:  *Andrew R. Dunlap*
Philippe Z. Selendy
Andrew R. Dunlap
Oscar Shine
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY  10104
pselendy@selendygay.com
adunlap@selendygay.com
oshine@selendygay.com

Todd M. Schneider (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
Mahzad K. Hite (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA  94608
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com
mhite@schneiderwallace.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*

2

## SCHEDULE A

### Definitions

All definitions apply throughout without regard to capitalization. All topics, unless otherwise indicated, shall be understood to be limited to the Relevant Time Period. The rules of construction set forth in Rule 26.3(d) of the Local Civil Rules of The United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference. In addition, the following rules and definitions apply:

1.      Any tense of a verb includes all tenses.

2.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

3.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

4.      "Action" shall mean any and all proceedings and litigation efforts initiated by and relating to the Complaint.

5.      The term "Anonymous Trader" refers to the purported owner of the 1J1D and 1AA6 wallet addresses identified in the Complaint and referenced in the Court's order at ECF No. 288.

6.      The term "B/T Defendants" refers to DigFinex Inc., Tether Defendants, Bitfinex Defendants, Ludovicus Jan van der Velde, and Giancarlo Devasini.

7.      The terms "Bitfinex" or "Bitfinex Defendants" mean iFinex, Inc., BFXNA Inc., and BFXWW Inc. and include the officers, directors, agents, employees, partners, predecessors,

subsidiaries and affiliates of those entities and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of any those entities or who are subject to the direction or control of any of those entities.

8.     "Complaint" shall refer to the Amended Consolidated Class Action Complaint filed in this Action as ECF No. 114.

9.     "Including" means including but not limited to.

10.     "Relating to," "relating to," "referring or relating to," and "related to" include, in addition to their customary and usual meanings, the following: pertaining to, making reference to, concerning, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, discussing, showing, describing, reflecting, analyzing, constituting, setting forth, in respect of, or having any logical or factual connection with the subject matter in question.

11.     The terms "Tether" and "Tether Defendants" mean Tether Holdings Limited, Tether Operations Limited, Tether Limited, and Tether International Limited and include the officers, directors, agents, employees, partners, predecessors, subsidiaries and affiliates of those entities and all other persons (as defined herein) presently or formerly acting or purporting to act on behalf of any those entities or who are subject to the direction or control of any of those entities.

12.     "USD" refers to United States Dollars or U.S. Dollars.

13.     "USDT" refers to the crypto-asset created by Tether and commonly referred to as "United States Dollar Tether," "USDT," or "tether."

14.     "You" and "Your" shall mean iFinex, Inc. BFXNA Inc., and BFXWW Inc. and each of their current or former subsidiaries, affiliates, parents, predecessors, successors, divisions, departments, operating units, funds, any Persons acting on their behalf or under its control, and each

of the foregoing's respective advisors, attorneys, agents, directors, employees, members, partners, representatives, and staff.

## Relevant Time Period

15.     Unless otherwise specified, these Topics cover the time period from and including February 17, 2015, through June 5, 2020.

## Deposition Topics

1.     The corporate structure and responsibility of each Bitfinex Defendant.

2.     The roles, responsibilities, and tenures of: Adam Chamely, Amy Churchill, Bill Brindise, Bjorn de Wolf, Chakrit Sakunkrit, Chrise Lee (San-Ting Lee), Claudia Lagorio, Craig Sellers, Drew Samsen, Giancarlo Devasini, Grzegorz Opalinski, Ingo Christian Fiedler, John Kloosterman, Josh Rossi, Julian Arriagada, Karolis Juskys, Leonardo Real, Ludovicus Jan Van Der Velde, Marian Wang, Matthew Tremblay, Michael Abruzzese, Michael Hilliard, Paolo Ardoino, Peter Warrack, Philip Potter, Sarah Compani, Shann Lu, Silvano Di Stefano, Stephen Moore, Stuart Hoegner, and Will Harborne.

3.     Bitfinex Defendants' policies, practices, and procedures for the maintenance and retention of documents, communications, and records, from February 17, 2015 through the present.

4.     Bitfinex Defendants' destruction or loss of emails, chat or messaging logs, transaction records, or banking records, and the circumstances of that destruction, from February 17, 2015 to the present.

5.     Bitfinex Defendants' policies, practices, and procedures for purchases, sales, margin trading, over-the-counter trading, and any other transactions offered on the Bitfinex exchange, including without limitation (a) if and how such transactions are equally available to all users; (b) electronic order books or other processes for initiating, coordinating, matching, or recording such transactions.

6.          Bitfinex Defendants' policies, practices, and procedures for setting prices for crypto-assets on the Bitfinex exchange.

7.          Bitfinex Defendants' policies, practices, and procedures for transacting as a market maker, including transacting on the Bitfinex, Bittrex, or Poloniex exchanges and over-the-counter trading.

8.          Bitfinex Defendants' policies, practices, and procedures for storing USDT.

9.          Bitfinex Defendants' policies, practices, and procedures for financial recordkeeping and accounting, including the use of accountants or accounting software.

10.         Bitfinex Defendants' policies, practices, and procedures with respect to facilitating, regulating, or encouraging algorithmic or high-volume trading on the Bitfinex exchange, and any arrangements between Bitfinex Defendants on the one hand, and market makers on the other.

11.         Bitfinex Defendants' policies, practices, and procedures for storing customer assets (including crypto-assets and fiat currency), including any accounts or wallets used to hold those assets, and the segregation of customer assets from assets owned by Bitfinex or Tether Defendants.

12.         Bitfinex Defendants' policies, practices, and procedures for crediting deposits of USDT as U.S. Dollars on the Bitfinex exchange, allowing U.S. Dollars to be withdrawn as USDT from the Bitfinex exchange, and denominating trades using USDT as U.S. Dollar trading pairs.

13.         Bitfinex Defendants' policies, practices, and procedures for sending USDT to Tether Defendants, or receiving USDT from Tether Defendants, including any associated transfers of fiat currency.

14.         Bitfinex Defendants' policies, practices, and procedures for sending USDT to customers, or receiving USDT from customers, including any associated transfers of fiat currency.

6

15.     The circumstances related to, and transactions of fiat currency and USDT related to, the Facility Agreement dated March 19, 2019.

16.     Bitfinex Defendants' policies, practices, and procedures for loaning crypto-assets or fiat currency, including margin trading and credit lines.

17.     Any accounts owned or controlled by Bitfinex Defendants holding amounts owed or accounts payable to Tether Defendants as identified in B/T Defendants Interrogatory Responses, the periods during which such accounts were used, the purpose of assets held in such accounts, and whether such accounts held customer funds, payroll, operating expenses, or other assets used for the operation of the Bitfinex exchange.

18.     Transactions for the purchase, sale, or trade of an asset (including crypto-assets and fiat currency) in exchange for U.S. Dollars, USDT, or other crypto-assets conducted by Bitfinex Defendants as contemplated by Revised RFPs 23-25 and the corresponding accounts.

19.     Bitfinex Defendants' policies, practices, and procedures for setting prices for crypto-assets, including Bitcoin and Ethereum, on the Bitfinex Exchange and Bitfinex over-the-counter trading platform.

20.      Any benefits, offers, accommodations, commissions, arrangements, or agreements between Bitfinex Defendants on the one hand, and the Anonymous Trader on the other, including incentives for high volume trading.

21.     Any Government or regulatory investigations or subpoenas, whether formal or informal, involving the Anonymous Trader, including the nature and conduct of those investigations, materials produced in connection with those investigations, and the resolution of those investigations.

22. Any benefits, offers, accommodations, commissions, arrangements, or agreements between Bitfinex Defendants on the one hand, and Jump Trading LLC (a/k/a Satomoto LLC) on the other.

23. Bitfinex Defendants' understanding of the reason or cause for any differences in the list price of crypto-assets on the Bitfinex Exchange on the one hand, and other crypto-asset exchanges on the other, and Bitfinex Defendants' role (if any) in causing or contributing to those differences.

24. The definitions, variables, and inputs used in the following transaction records:

BITFINEX_TETHER_0313882, BITFINEX_TETHER_0313495, BITFINEX_TETHER_0572747, BITFINEX_TETHER_0572749, BITFINEX_TETHER_0572756, BITFINEX_TETHER_0573214, BITFINEX_TETHER_0148398, BITFINEX_TETHER_0148406, BITFINEX_TETHER_0580332, BITFINEX_TETHER_0580338, BITFINEX_TETHER_0588499, BITFINEX_TETHER_0588440, BITFINEX_TETHER_0588744, BITFINEX_TETHER_1020362, BITFINEX_TETHER_1020364, BITFINEX_TETHER_1025258, BITFINEX_TETHER_1025444, BITFINEX_TETHER_0921787, BITFINEX_TETHER_0921788, BITFINEX_TETHER_1066939, BITFINEX_TETHER_1066972, BITFINEX_TETHER_1069034, BITFINEX_TETHER_1069035, BITFINEX_TETHER_1069062, BITFINEX_TETHER_1069061, BITFINEX_TETHER_1069059, BITFINEX_TETHER_1069060, BITFINEX_TETHER_1069063, BITFINEX_TETHER_1069057, BITFINEX_TETHER_1071519.

## **<u>CERTIFICATE OF SERVICE</u>**

I, Andrew Dunlap, hereby certify that on the 18 day of July, 2023, I caused to be served of

the foregoing document upon counsel of record for B/T Defendants, Philip G. Potter, Bittrex Inc.,

and Poloniex, LLC by electronic mail.


Dated:   New York, NY
           July 18, 2023

                                            */s/*                *Andrew R. Dunlap*
                                                     Andrew R. Dunlap