

September 7, 2023

**VIA ECF AND ELECTRONIC MAIL**
The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

**MEMO ENDORSED**

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla,

Plaintiffs seek expedited relief. They ask the Court to compel B/T Defendants to produce Paolo Ardoino for Rule 30(b)(6) and individual testimony on September 12 and 13, 2023, respectively, as the parties had agreed on August 15, 2023. Ex. 1.

Plaintiffs served a notice for Ardoino's personal deposition on May 19, 2023. Ex. 2. Plaintiffs served a Rule 30(b)(6) notice on iFinex on May 15, 2023 (Ex. 3) and, following this Court's order of July 7, 2023, Dkt. 405, served a Rule 30(b)(6) notice on the three Bitfinex entities containing similar topics on July 18, 2023. Ex. 4. During extensive negotiations, Plaintiffs agreed to narrow several of their Rule 30(b)(6) topics. *See e.g.* Exs. 5 and 6. On August 15, 2023, B/T Defendants agreed to produce Ardoino to provide corporate testimony on September 12, 2023 and to present testimony in his individual capacity on September 13, 2023. Ex. 1. On August 30, 2023, B/T Defendants further agreed to produce Ardoino to provide corporate testimony on thirteen topics (Topics 5-8, 10-14, 18-20, and 24). Ex. 7.

Last night, less than a week before Ardoino is slated to appear for his first deposition, B/T Defendants announced that they were unilaterally postponing his depositions, proposing alternative dates of October 10 and 11, 2023. Ex. 8. Plaintiffs responded that they did not agree to the postponement and asked B/T Defendants to either confirm that they would produce Ardoino on the agreed dates or would promptly meet and confer. *Id.* B/T Defendants did not agree to meet and confer during business hours today, proposing either 7 p.m. tonight or tomorrow, *id.*—a delay that would impact Plaintiffs' ability to seek expedited relief. Given B/T Defendants' failure to timely meet and confer on this time-sensitive issue, and their failure to agree to produce Ardoino on the scheduled dates, Plaintiffs informed B/T Defendants that the parties were at impasse and that they would move the Court for relief. *Id.*

B/T Defendants have no valid basis to unilaterally cancel Ardoino's duly-noticed, long-scheduled depositions. "It is basic that parties are required to appear for a duly noticed deposition and that an unjustified failure to do so will warrant a court order directing the noticed party to appear for such deposition[.]" *Audino v. Global IVR Solutions, LLC*, Civ. No. 16-CV-796V(F), 2018 WL 11451041, at *2 (W.D.N.Y. Apr. 25, 2018) ("As well, such failure will require an order awarding expenses including reasonable attorney fees to the moving party seeking to compel the deposition"). Plaintiffs duly noticed both Ardoino's individual deposition and Bitfinex's Rule 30(b)(6) deposition months ago, providing more than sufficient notice. Fed. R. Civ. P. 30(b)(1).

B/T Defendants failed to file a motion for a protective order to adjourn those dates, as would be their burden. Fed. R. Civ. P. 37(d)(1).

Remarkably, B/T Defendants try to blame Plaintiffs for B/T Defendants' conduct. They point to the fact that Plaintiffs have moved to compel Bitfinex to provide corporate testimony on additional topics and assert: "We had planned to prepare Mr. Ardoino this week but will not be able to do so in light of Plaintiffs' pending motion." *Id*. This makes no sense. B/T Defendants have had months to prepare Ardoino for his individual deposition and the agreed corporate topics on which he is slated to testify next week. If they failed to prepare him earlier, they should do so now. That the Court might order Bitfinex to present corporate testimony on other topics does not prevent him from preparing for or providing this testimony. (If the Court compels Bitfinex to provide corporate testimony on additional topics, and B/T Defendants designate Ardoino to testify on those topics, he can appear for a supplemental deposition on a later date.) B/T Defendants knew weeks ago that the parties were heading for impasse on a handful of Rule 30(b)(6) topics and Plaintiffs filed their motion to compel testimony on those topics a week ago—if that motion were truly a bar to them preparing Ardoino to testify on different topics (it is not), they should have raised that concern well before last night. B/T Defendants simply have no excuse for not producing Ardoino on the agreed dates.

To top it off, in their letter to the Court yesterday opposing Plaintiffs' motion to compel additional Rule 30(b)(6) testimony, B/T Defendants asserted that "the first Bitfinex designee's deposition … now has to be postponed" and accused Plaintiffs of a "continued pattern of delay." Dkt. 431 at 3. This is flat-out false. That deposition does not need to be postponed—Plaintiffs are ready to take it as scheduled; B/T Defendants threaten to unilaterally delay both that deposition and Ardoino's individual deposition by a month. These depositions should proceed as scheduled to ensure that Plaintiffs have sufficient time to address any issues resulting from them before the discovery cut off of October 23, 2023. Dkt. 387.

In sum, Plaintiffs ask the Court to compel B/T Defendants to produce Ardoino to provide Rule 30(b)(6) testimony on Topics 5-8, 10-14, 18-20, and 24 on September 12, 2023 and to provide individual testimony on September 13, 2023, as the parties had previously agreed. Given the exigent circumstances, Plaintiffs ask the Court to order B/T Defendants to provide an expedited response and to resolve this motion in time for the depositions to proceed as scheduled.

Respectfully submitted,

SCHNEIDER WALLACE COTTRELL KONECKY LLP                    selendy gay elsberg

| | |
|---|---|
| /s/ Andrew R. Dunlap | /s/ Todd M. Schneider |
| Andrew R. Dunlap | Todd M. Schneider (*pro hac vice*) |
| Oscar Shine | Matthew S. Weiler (*pro hac vice*) |
| SELENDY GAY ELSBERG PLLC | Mahzad Hite (*pro hac vice*) |
| 1290 Sixth Avenue | SCHNEIDER WALLACE COTTRELL |
| New York, NY 10104 | KONECKY LLP |
| adunlap@selendygay.com | 2000 Powell Street, Suite 1400 |
| oshine@selendygay.com | Emeryville, CA 94608 |
| | tschneider@schneiderwallace.com |
| | mweiler@schneiderwallace.com |
| | mhite@schneiderwallace.com |

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*

```
Application GRANTED IN PART.  Pending further Order of the Court, the parties
should presume that Ardoino's Rule 30(b)(6) deposition and individual
deposition shall proceed as originally scheduled, as to the topics already
agreed upon by the parties.  The Court is considering the submissions of the
parties as to the disputed topics, and will rule in short order.

The Clerk of Court is directed to terminate the pending motion at docket
number 434.


Dated:     September 7, 2023             SO ORDERED.
           New York, New York

                                         [signature]

                                         HON. KATHERINE POLK FAILLA
                                         UNITED STATES DISTRICT JUDGE
```