# Exhibit A
# Filed Under Seal

STRICT ATTORNEYS' EYES ONLY
PURSUANT TO COURT ORDER

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

*In re:*
TETHER AND BITFINEX
CRYPTO ASSET LITIGATION

No. 19 Civ. 9236 (KPF)

STIPULATION AND
[PROPOSED] ORDER
GOVERNING THE DEPOSITION OF
THE ANONYMOUS TRADER

**STIPULATION AND [PROPOSED] ORDER
GOVERNING THE DEPOSITION OF THE ANONYMOUS TRADER**

**WHEREAS**, Plaintiffs Matthew Script, Jason Leibowitz, Benjamin Leibowitz, and Pinchas Goldstein (collectively, "Plaintiffs"), defendants iFinex, Inc., DigFinex Inc., BFXNA Inc., BFXWW Inc., Tether International Limited, Tether Operations Limited, Tether Holdings Limited, Tether Limited, Ludovicus Jan van der Velde, Giancarlo Devasini, Reginald Fowler, Bittrex, Inc., Poloniex, LLC, and Philip G. Potter (collectively, "Defendants") (each a "Party" and collectively, the "Parties"), and the Anonymous Trader having agreed to the following protocols governing the deposition of the Anonymous Trader in the above-captioned litigation; and

**WHEREAS**, the Court having found that good cause exists for applying the following protocols pursuant to Rule 30 of the Federal Rules of Civil Procedure and the Court's Order, dated August 2, 2023 (Dkt. 420);

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Parties, and **SO ORDERED** by the Court, as follows:

1. The Parties will hold a deposition of the Anonymous Trader not to exceed seven hours. For the avoidance of doubt, the seven-hour limit applies to time on the record and does not include time spent on breaks.

2. Plaintiffs are entitled to up to four hours of questioning, and Defendants are entitled to up to three hours of questioning.

3. The topics to be covered in the deposition are limited to the topics specified in Section 10 of Exhibit 1 to the Declaration of Laura King dated July 19, 2023 (Dkt. 410).

4. There will be questioning by only one lawyer on behalf of each Party.

5. The deposition will take place remotely via videoconference.

6. Because the Anonymous Trader does not consent to being available for in-person testimony at trial, *see* Dkt. 420 at 8, the deposition will be video recorded.

7. Only counsel for the Parties, one court reporter, and one videographer will be present at the deposition. All such persons will attend the deposition by remote video, and not in person with the Anonymous Trader. Further, the Court reporter and videographer will not be residents of the Anonymous Trader's country of residence. Counsel will provide the court reporter and videographer with the Court's confidentiality Orders pertaining to the Anonymous Trader (Dkts. 195, 215), including this Stipulation and Order redacted, and ensure that they agree to be bound by these Orders and sign the undertaking appended as Exhibit A to the Stipulation and Order for the Production and Exchange of Confidential Information, Dkts. 150-51.

8. During the deposition the Parties shall not refer to the Anonymous Trader by [REDACTED] name, except as necessary to identify the witness at the outset of the deposition. The Anonymous Trader's materials, including [REDACTED] deposition testimony and transcript will be subject to strict Attorneys' Eyes-Only designation pursuant to the Courts' Orders (Dkts. 195, 215). The Parties agree not to oppose this designation at a later time, including during trial.

9. To the extent the Parties introduce documents during depositions that contain redactions for the Anonymous Trader's personally identifying information from such documents

(each such document a "Redacted Deposition Exhibit"), the parties agree not to object to the redaction of such documents or to the introduction of such documents due to the redactions applied consistent with the Court's orders (Dkt. 195, 215). For the avoidance of doubt, the Parties reserve the right to object to the introduction of any Redacted Deposition Exhibit for any other reason.

10. Only the videographer will be allowed to video record the deposition. Following the deposition, the videographer will immediately take the video recording offline and will not store it online at any time. Each Party will then receive and keep only two copies of the video recording on password protected offline disks. The Parties will keep the disks in safe storage and access the video recording solely for use in preparation for trial and at trial in this litigation (*See* Dkt. 420). Access to the video recording will be further limited to the minimum extent possible and only to counsel for the Parties listed in the signature blocks below, and any other individual subject to the prior approval of the Anonymous Trader or the Court.

11. The deposition transcript will be redacted for personally identifying information consistent with the Court's prior Orders. To the extent the Parties include excerpts of the deposition transcript in court filings, the Parties will submit only the redacted excerpts and will seek leave to submit such excerpts under seal.

12. At trial, any excerpts of the video recording of the Anonymous Trader's deposition will be viewable only to the Parties, counsel, the jury, and necessary court personnel, and will be introduced only pursuant to prior order of the Court. *See* Dkt. 420 at 7. The video excerpts will not contain the Anonymous Trader name, location or other personally identifying information, or such information will be properly redacted, unless otherwise ordered by the Court. The Parties will take reasonable steps to provide the Anonymous Trader with notice of and an opportunity to respond to any excerpts of the video testimony that they intend to introduce at trial. The Parties

agree not to oppose confidentiality related redactions and/or protections to the video recording requested by the Anonymous Trader during trial.

Dated: New York, New York
September 8, 2023

Counsel for the Parties:

| | |
|---|---|
| /s/ Andrew R. Dunlap<br>Andrew R. Dunlap<br>Oscar Shine<br>Laura M. King<br>SELENDY GAY ELSBERG PLLC<br>1290 Sixth Avenue<br>New York, NY 10104<br>adunlap@selendygay.com<br>oshine@selendygay.com<br>lking@selendygay.com<br><br>/s/ Todd M. Schnieder<br>Todd M. Schneider (*pro hac vice*)<br>Matthew S. Weiler (*pro hac vice*)<br>Mahzad K. Hite (*pro hac vice*)<br>SCHNEIDER WALLACE COTTRELL KONECKY LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>tschneider@schneiderwallace.com<br>mweiler@schneiderwallace.com<br>mhite@schneiderwallace.com<br><br>*Interim Lead Counsel and Attorneys for the Plaintiffs and the Proposed Class* | /s/ Elliot Greenfield<br>Maeve L. O'Connor<br>Michael Schaper<br>Elliot Greenfield<br>Stephan J. Schlegelmilch<br>Natascha Born<br>Ashley V. Hahn<br>DEBEVOISE & PLIMPTON LLP<br>66 Hudson Boulevard New York, NY 10001<br>mloconnor@debevoise.com<br>mschaper@debevoise.com<br>egreenfield@debevoise.com<br>sjschlegelmilch@debevoise.com<br>nborn@debevoise.com<br>avhahn@debevoise.com<br><br>Michael Jason Lee, Esq.<br>Law Offices of Michael Jason Lee, APLC<br>4660 La Jolla Village Drive, Suite 100<br>San Diego, CA 92122<br>michael@mjllaw.com<br><br>Sunjina K. Ahuja, Esq.<br>Christopher J. Beal<br>Dillon Miller Ahuja & Boss, LLP<br>5872 Owens Ave., Suite 200<br>San Diego, CA 92008<br>sahuja@dmalaw.com<br>cbeal@dmalaw.com<br><br>*Attorneys for Defendants iFinex Inc., DigFinex Inc., BFXNA Inc., BFXWW Inc.,* |

*Tether International Limited, Tether Operations Limited, Tether Holdings Limited, Tether Limited, Giancarlo Devasini, and Ludovicus Jan van der Velde*


/s/ Charles D. Cording
Charles D. Cording
Andrew N. Shindi
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
ccording@willkie.com
ashindi@willkie.com

Timothy A. Valliere
VALLIERE LLC
43 West 43rd Street, Suite 115
New York, NY 10036-7424
tvalliere@tavlaw.com

*Attorneys for Defendant Philip G. Potter*

/s/ Matthew G. Lindenbaum
Matthew G. Lindenbaum (*pro hac vice*)
Matthew E. Brown (*pro hac vice* application forthcoming)
Caitlin Sullivan (*pro hac vice*)
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Financial Center, Suite 3500
Boston, MA 02111
matthew.lindenbaum@nelsonmullins.com
matt.brown@nelsonmullins.com
caitlin.sullivan@nelsonmullins.com

Robert L. Lindholm
NELSON MULLINS RILEY & SCARBOROUGH LLP
330 Madison Avenue
27th Floor
New York, New York 10017
robert.lindholm@nelsonmullins.com

5

Soren Young (*pro hac vice*)
NELSON MULLINS RILEY &
SCARBOROUGH
1320 Main Street
17th Floor
Columbia, SC 29201
soren.young@nelsonmullins.com

John P. Flynn
Colleen Bal (*pro hac vice* application forthcoming)
Joshua A. Baskin (*pro hac vice* application forthcoming)
WILSON SONSINI GOODRICH &
ROSATI
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105
jflynn@wsgr.com
cbal@swgr.com
jbaskin@wsgr.com

*Attorneys for Poloniex, LLC*

Anonymous Trader:

███████████