

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

September 8, 2023

BY ECF AND EMAIL

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:  *In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.) (KPF)

Dear Judge Failla:

The B/T Defendants seek to reschedule the depositions of Paolo Ardoino, Bitfinex's Chief Technology Officer and one of its Rule 30(b)(6) designees, and they do so only because the negotiation of the deposition topics was subject to repeated delays.  The B/T Defendants simply want to ensure that Mr. Ardoino is adequately prepared to serve as a designee on the multiple Rule 30(b)(6) topics.  By contrast, zero prejudice to Plaintiffs would result from allowing Mr. Ardoino to reschedule his depositions for October 10 and 11.

On August 8, when the B/T Defendants proposed September 12 and 13 for Mr. Ardoino's depositions, they expected that the scope of deposition topics would be settled well in advance of those dates.  Unfortunately, that was not the case.  After the parties met and conferred on August 11, they exchanged a series of letters including an August 18 letter from the B/T Defendants setting forth their position on all outstanding disputed topics.  (Ex. 1.)  A week later, having received no response, the B/T Defendants sent Plaintiffs a letter stating, "*We urgently need clarity on [the Rule 30(b)(6)] topics in order to ensure that the Bitfinex Defendants' first designee (Paolo Ardoino) is adequately prepared. . . .  Please get back to us as soon as possible.*"  (Ex. 2.)  Plaintiffs did not respond until August 28 – a full *ten days* after receiving the B/T Defendants' letter.  (Dkt. No. 433-6.)  Plaintiffs then filed their motion to compel right before Labor Day weekend so that, even with an immediate decision by the Court, the deposition topics were not clarified until September 7 – only three business days before Mr. Ardoino's Rule 30(b)(6) deposition.

After reaching out to Mr. Ardoino and confirming that he had alternate availability prior to the October 23 discovery deadline, the B/T Defendants notified Plaintiffs that they would have to reschedule the depositions and proposed October 10 and 11.

As the Court is no doubt aware, preparing a Rule 30(b)(6) witness is often quite complicated and time-consuming because, unlike for an ordinary fact deposition, the company must produce an "appropriately prepared" witness even if he or she has "no prior personal knowledge on the subjects."  *Blackrock Allocation Target Shares v. Wells Fargo Bank*, 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017); *see also Sahu v. Union Carbide Corp.*, 2010 WL 5158645, at *4 (S.D.N.Y. Dec. 20, 2010) (noting "the heavy burden and expense of Rule 30(b)(6) depositions").  In practice, that typically requires counsel to work closely with the designee(s) and the company

to track down the documents and data relevant to each topic and, for certain topics, to arrange for calls or meetings with subject-matter specialists at the company to further educate the designee(s). Plaintiffs' suggestion that the B/T Defendants should have scheduled multiple preparation sessions for a witness over the course of a month, before all of the topics were settled, would simply multiply that burden, particularly for a high-level officer who is critical to the daily operation of the company. The process of preparing a witness for a Rule 30(b)(6) deposition is difficult under the best of circumstances, and preparing Mr. Ardoino to testify on numerous complex topics before Tuesday would pose a significant challenge that is not warranted in these circumstances.[1]

Plaintiffs, on the other hand, are unable to articulate *any* prejudice entailed in rescheduling Mr. Ardoino's depositions. Plaintiffs state only that the depositions "should proceed as scheduled to ensure that Plaintiffs have sufficient time to address any issues resulting from them before the discovery cut off of October 23, 2023," but Plaintiffs do no not explain what those "issues" might be, or why they could not be resolved between October 11 and October 23. Notably, Plaintiffs have shown no reluctance to schedule other depositions in late September and October, such as Stuart Hoegner's Bitfinex Rule 30(b)(6) and individual depositions, which the B/T Defendants proposed for August 30 and 31 and Plaintiffs pushed to late September. Plaintiffs do not claim that they are not available on October 10 or 11, or that they will be unable to complete their planned depositions before October 23.

Because of the lack of prejudice, a request to reschedule a deposition does not ordinarily result in a motion to compel. Not surprisingly, Plaintiffs cite no authority in which a court has compelled a witness to testify on a particular date when a reasonable alternate date was offered.

Rescheduling Mr. Ardoino's depositions also makes sense because it appears very likely that he will also be a Rule 30(b)(6) designee for the Tether Defendants. After the B/T Defendants raised Plaintiffs' failure to serve a Tether Rule 30(b)(6) notice with the Court, Plaintiffs finally served that notice yesterday. It includes twenty-five topics, many of which are outrageously overbroad and will require substantial narrowing.[2] (Ex. 3.) Given the significant overlap of the Bitfinex and Tether topics, it would promote efficiency and minimize burden if Mr. Ardoino were prepared for both Rule 30(b)(6) depositions at the same time and those depositions were scheduled in close proximity.

The B/T Defendants take seriously the Court's admonishment that the parties avoid delay and move the deposition process forward. We have strived to do so and will continue to work in good faith with Plaintiffs to promptly resolve disputes. We note the B/T Defendants have

---

[1] Plaintiffs' assertion that the B/T Defendants "have had months" to prepare Mr. Ardoino on the "agreed corporate topics" is demonstrably false: those topics were agreed only in the past couple of weeks. Nor, in any event, would any lawyer prepare a witness months before a deposition – the point is to do so close in time so that the witness's memory is fresh.

[2] For instance, Plaintiffs seek testimony regarding "Tether Defendants' public representations regarding USDT" (Topic 7), any "[t]hird-party entities" that "held USDT," which by its terms covers every corporate purchaser of USDT (Topic 14), "Tether Defendants' assessment of the crypto-commodity and stablecoin markets" (Topic 17), and "[a]ny communications" between the Tether Defendants and the Exchange Defendants (Topic 19), all over a more than five-year relevant period. It is Plaintiffs' insistence on topics like these that require such protracted negotiations.

The Honorable Katherine Polk Failla　　　　　3　　　　　　　　　September 8, 2023

already taken two depositions, will depose the Anonymous Trader on Sunday, and will take our remaining three planned depositions in the next two weeks.

Respectfully submitted,

/s/ Elliot Greenfield