September 8, 2023

**VIA ECF AND ELECTRONIC MAIL**
The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla,

Plaintiffs respond to B/T Defendants motion to postpone the Rule 30(b)(6) and individual depositions of Paolo Ardoino. Dkt. 440. The parties have met and conferred and remain at impasse. Plaintiffs proposed proceeding with Ardonio's individual deposition on the previously-agreed date of September 13, 2023 and taking his Rule 30(b)(6) deposition on previously-agreed topics on September 14 or 15, 2023. B/T Defendants refused, asserting that Ardoino is now available only on October 10 and 11, 2023.

*First*, Plaintiffs oppose B/T Defendants' motion to postpone Ardoino's individual deposition, currently scheduled for September 13, 2023. Plaintiffs noticed this deposition on May 19, 2023 (Dkt. 434-2); on August 15, 2023, B/T Defendants agreed to produce him on that date. Dkt. 434-1. They give no reason why he could not testify on that date. He is indisputably available. He does not need to be prepared to testify outside of his personal knowledge, unlike for a Rule 30(b)(6) deposition.

*Second*, Plaintiffs oppose B/T Defendants' motion to postpone Ardoino's Rule 30(b)(6) deposition on the previously-agreed Topics 5-8, 10-14, 19-20, and 24 by more than a few days. B/T Defendants received Plaintiffs' revised Notice on July 18, 2023. Dkt. 434-4. B/T Defendants agreed on August 15, 2023 to produce Ardoino for corporate testimony on September 12, 2023, and agreed on August 30, 2023 on the topics that he would cover. Dkts. 434-1, 434-7. B/T Defendants should have begun preparing Ardoino for his corporate testimony long ago; their suggestion that they could not start preparing him on any topic until all topics had been resolved is meritless. Contrary to their assertions, beginning to prepare Rule 30(b)(6) witnesses (and individual witnesses) well in advance of their scheduled depositions is not only common, it is a best practice.

B/T Defendants should begin preparing Ardoino immediately. Scheduling Ardoino's Rule 30(b)(6) testimony on the previously-agreed topics on September 14 or 15 would give them a week to do the work that they should have started long ago. B/T Defendants assert that he is now not available on any days until mid-October, but the Court should not allow them to bootstrap their own inexcusable delays in preparing Ardoino and his own purported schedule into a month-long delay in his testimony. B/T Defendants also assert that Ardoino might later provide corporate testimony for Tether and that the parties might need to negotiate the scope of that testimony, but that would not prevent him from testifying on behalf of Bitfinex now.

*Third*, contrary to B/T Defendants' assertions, delaying Ardoino's depositions until October 10 and 11, 2023 would prejudice Plaintiffs. Discovery is scheduled to end on October 23, 2023, Dkt. 387, the Court has said that it does not intend to further extend the schedule, and B/T Defendants have said that they will oppose any further extension. Should issues arise at Ardoino's depositions—if he should refuse to answer questions, should he not be prepared to answer questions in his corporate capacity, should B/T Defendants produce new documents—Plaintiffs will need time to resolve those issues before the end of the discovery period. These risks are real: Just last night, B/T Defendants produced more transaction records responsive to Revised RFP Nos. 23-25, which the Court had ordered produced no later than May 22, 2023. Dkt. 347. B/T Defendants should not be allowed to use their own discovery delays to squeeze Plaintiffs, delaying depositions with limited time to address such issues.

*Finally*, B/T Defendants' attempt to blame this situation on Plaintiffs is baseless. They received Plaintiffs' revised notice on July 18, 2023, Dkt. 434-4, but did not meet and confer with Plaintiffs about the disputed topics for nearly a month—until August 11, 2023—despite multiple requests from Plaintiffs to speak earlier—Ex. 1, and did not provide a proposal for revising the noticed topics until August 18, 2023. (While B/T Defendants note that they will finish deposing Plaintiffs in the next few weeks, that is because Plaintiffs counsel are producing their clients in a timely way—in stark contrast to B/T Defendants.)

Plaintiffs request that B/T Defendants be denied, that they be compelled to produce Ardoino for his individual deposition on September 13, 2023, and that they be compelled to produce him for his Rule 30(b)(6) testimony on Topics 5-8, 10-14, 19-20, and 24 on September 14 or 15, 2023.

Respectfully submitted,

/s/ Andrew R. Dunlap
Andrew R. Dunlap
Oscar Shine
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
adunlap@selendygay.com
oshine@selendygay.com

/s/ Todd M. Schneider
Todd M. Schneider (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
Mahzad Hite (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com
mhite@schneiderwallace.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*