October 3, 2023

**VIA ECF AND ELECTRONIC MAIL**
The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation,* 19-CV-09236 (KPF)

Dear Judge Failla,

Pursuant to Individual Rule 3.C, Plaintiffs request a pre-motion conference regarding B/T Defendants' withholding of transaction records the Court previously compelled them to produce. The parties met and conferred, including telephonically on October 3, 2023, and are at an impasse.

In Orders of September 20, 2023 (Dkt. 247), May 1, 2023 (Dkt. 347), and May 30, 2023 (Dkt. 370), this Court ordered B/T Defendants to produce records of their transactions in accounts that they owned or controlled, in response to Plaintiffs' Revised RFP Nos. 22-25 and 72 (the "Transaction RFPs").[1] B/T Defendants produced one aspect of these transaction records: trading data. (Although the Court ordered them to complete this production by May 22, 2023, (Dkt. 347 at 7) B/T Defendants continued to produce trading data through September 2023.)

But B/T Defendants are withholding the other key aspect of these transaction records: deposit and withdrawal data. Whereas trading data shows when one asset was exchanged for another, deposit/withdrawal data shows the balance of asset(s) in the relevant account before and after the

---

[1] **Revised RFP No. 22**: "All cryptocommodity addresses that You own or control for Bitcoin, Bitcoin Cash, Ethereum, Ethereum Classic, Litecoin, Monero, Dash, and ZCash (including any fork), and all cryptocommodities that You purchased or sold through any such address." Dkt. 240-1 at 5.

**Revised RFP No. 23**: "Transaction data for transactions in which You, or any entity or address that you control, sent or received Bitcoin, Bitcoin Cash, Ethereum, Ethereum Classic, Litecoin, Monero, Dash, and ZCash […] for stablecoins, or any other cryptocommodity[.]" *Id.*

**Revised RFP No. 24**: "Transaction records for trades and transfer involving stablecoins, Bitcoin, Bitcoin Cash, Ethereum, Ethereum Classic, Litecoin, Monero, Dash, and ZCash, in which You, or any entity or address that you control, made through private arrangements or over-the-counter ("OTC") platforms[.]" *Id.*

**Revised RFP No. 25**: "All records for trades and transfers in which You, or any entity or address that you control, made on or through [various exchanges]." *Id.* at 5-6.

**Revised RFP No. 72**: "Documents sufficient to show all wallets or deposit accounts owned or controlled by You and Your purchases of crypto assets from each wallet or account controlled by You or any entity controlled by You." *Id.* at 8.

transaction. Importantly, unlike trading data, deposit/withdrawal data also reflects when an asset is transferred between accounts, rather than exchanged.

B/T Defendants assert, in substance, that they need not produce the deposit/withdrawal data for accounts they owned or controlled because the text of the Transaction RFPs does not use the words "deposit" or "withdrawal." Ex. 5. This is meritless. In opposing Plaintiffs' initial letter motion to compel, B/T Defendants objected to the Transaction RFPs on the grounds they seek "all of the B/T Defendants' […] transaction records for essentially all trades *or transfers* of any stablecoins or other cryptocurrencies." Dkt. 245 at 1 (emphasis added). That language made plain that all parties understood revised Transaction RFPs to include transfers, *i.e.* deposit and withdrawal data. B/T Defendants attempt to rewrite that history comes too late.

B/T Defendants have also effectively acknowledged that deposit and withdrawal data is part of transaction records. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. This was also generally understood in the industry: When the Exchange Defendants, Bittrex Inc. and Poloniex LLC, produced transaction records, they included deposit and withdrawal data.

This data is necessary to interpret the trading records that B/T Defendants produced in response to the Transaction RFPs. While the trading data that B/T Defendants produced reflects if one asset was exchanged for another, it does not reflect the contents of the accounts doing the trading. Without deposit and withdrawal data, it is impossible to know if an account actually contained the assets it traded or if the account traded on a credit line, a loan, or a gift from another account. Because B/T Defendants have withheld these records, Plaintiffs do not know if one B/T Defendant gave or loaned assets to another. Plaintiffs need this information to fully assess if B/T Defendants actually owned the USDT and other assets that they traded on Bitfinex and other exchanges or simply created those assets out of thin air.

B/T Defendants have no valid basis to withhold this information. It is clearly contemplated by Plaintiffs' requests for transaction data. B/T Defendants do not claim burden; ████████████████████████████████████████████████████████████████

Plaintiffs respectfully request the Court compel B/T Defendants to produce full deposit and withdrawal data for all accounts and wallet addresses for which they produced trading data in response to the Transaction RFPs.

Respectfully submitted,

| | |
|---|---|
| /s/ Andrew R. Dunlap<br>Andrew R. Dunlap<br>Oscar Shine<br>SELENDY GAY ELSBERG PLLC<br>1290 Sixth Avenue<br>New York, NY 10104<br>adunlap@selendygay.com<br>oshine@selendygay.com | /s/ Todd M. Schneider<br>Todd M. Schneider (*pro hac vice*)<br>Matthew S. Weiler (*pro hac vice*)<br>Mahzad Hite (*pro hac vice*)<br>SCHNEIDER WALLACE COTTRELL KONECKY LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>tschneider@schneiderwallace.com<br>mweiler@schneiderwallace.com<br>mhite@schneiderwallace.com |

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*

3