UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Tether and Bitfinex Crypto Asset Litigation | Case No. 19 Civ. 9236 (KPF) |

**B/T DEFENDANTS' FIRST SET OF INTERROGATORIES TO POLONIEX, LLC**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Southern District of New York, Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Operations Limited, Tether Limited, Tether International Limited, DigFinex Inc., Giancarlo Devasini, and Ludovicus Jan van der Velde (collectively, the "B/T Defendants"), hereby request that Poloniex, LLC ("Poloniex") answer the following Interrogatories under oath, in accordance with the Definitions and Instructions set forth below, by serving their answers to the offices of the B/T Defendants' under-signed counsel by October 23, 2023.

**DEFINITIONS**

1. Unless otherwise indicated, the Uniform Definitions in Discovery Requests and rules of construction set forth in Civil Rule 26.3 of the Local Rules are incorporated herein by reference.

2. "Action" is defined as the civil action in the United States District Court for the Southern District of New York captioned *In re Tether and Bitfinex Crypto Asset Litigation*, Civil Action No. 19-cv-9236-KPF.

3. "Complaint" refers to the Amended Consolidated Class Action Complaint filed by Matthew Script, Jason Leibowitz, Benjamin Leibowitz, and Pinchas Goldshtein ("Plaintiffs") as docket entry No. 114 on June 5, 2020.

4.     "Cryptocommodity" is used herein as the term is defined and used by Plaintiffs in the Complaint.

5.     "Wallet Addresses" refers to the 1J1D and 1AA6 wallet addresses identified in the Complaint.

6.     "Anonymous Trader" refers to the owner of the Wallet Addresses, who has filed a sworn declaration and has been deposed in this litigation.

7.     The past tense shall include the present tense and vice versa.

## INSTRUCTIONS

1.     These Interrogatories shall be construed independently and not with reference to any other Interrogatory for the purpose of limitation and shall be construed as being inclusive rather than exclusive.  Questions regarding the interpretation of these Interrogatories should be resolved in favor of the broadest possible construction.

2.     Pursuant to Rule 33(b)(3), You must answer these Interrogatories fully in writing under oath.

3.     Pursuant to Rule 33(b)(5), Poloniex must sign the answer to these Interrogatories. Poloniex's counsel must sign any objections.

4.     Pursuant to Rule 33(b)(4), if Poloniex object to these Interrogatories, Poloniex must state its grounds for objection with specificity.  Any ground not stated in a timely objection may be waived.

5.     To the extent Poloniex contends that it lacks sufficient information with which to respond fully to these Interrogatories, Poloniex shall respond to the extent it is able, describe the information it lacks that prevents it from more fully responding, and explain why it is unable to obtain that information.

6. If Poloniex withholds any information called for by these Interrogatories by reason of a claim of privilege or work product protection, Poloniex shall describe the nature of the information not produced in sufficient detail to enable the B/T Defendants to assess the applicability of the claimed privilege or protection.

7. These Interrogatories are continuing in character so as to require prompt supplemental responses if Poloniex obtains or discovers additional information between the time of the initial response pursuant to this request and the time of final disposition of this Action. To the extent that Poloniex obtains or becomes aware of information that changes or requires correction of Poloniex's responses to these Interrogatories after serving responses to these Interrogatories, Poloniex must promptly serve supplemental responses reflecting the new information, pursuant to Rule 26(e)(1).

8. None of the Definitions and Instructions, or the Interrogatories set forth below, shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or Interrogatory.

9. The relevant time period for these Interrogatories shall be from February 17, 2015 to June 5, 2020, unless otherwise stated.

## INTERROGATORY

**INTERROGATORY NO. 1**

Identify any agreements or arrangements between Poloniex and the B/T Defendants to manipulate the market for or inflate the price of Bitcoin or any other Cryptocommodities.

**INTERROGATORY NO. 2**

Identify any agreements or arrangements between the B/T Defendants and Poloniex concerning the Anonymous Trader or the Wallet Addresses.

**INTERROGATORY NO. 3**

Explain Poloniex's understanding of who owns or controls the Wallet Addresses, and whether Poloniex has any reason to believe that the B/T Defendants had any direct or indirect control or influence over the use of those Wallet Addresses.

| | |
|---|---|
| Michael Jason Lee<br>LAW OFFICES OF MICHAEL JASON LEE, APLC<br>4660 La Jolla Village Drive, Suite 100<br>San Diego, California 92122<br>(858) 550-9984<br><br>Sunjina K. Ahuja<br>Christopher J. Beal<br>DILLON MILLER AHUJA & BOSS LLP<br>5872 Owens Ave., Suite 200<br>San Diego, CA 92008 | <u>/s/ Elliot Greenfield</u><br>Maeve L. O'Connor<br>Michael Schaper<br>Elliot Greenfield<br>DEBEVOISE & PLIMPTON LLP<br>66 Hudson Boulevard<br>New York, New York 10001<br>(212) 909-6000<br><br>*Attorneys for Defendants Tether Holdings Limited, Tether Limited, Tether International Limited, Tether Operations Limited, iFinex Inc., DigFinex Inc., BFXNA Inc., BFXWW Inc., Ludovicus Jan van der Velde, and Giancarlo Devasini* |