


December 7, 2023

**Via ECF and E-mail**
The Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla:

Pursuant to the Court's October 27, 2023 Order, ECF No. 484 (the "October 27 Order"), Plaintiffs request that they be allowed to file public, redacted versions of their pending Motion for Leave to File a Second Amended Complaint (the "Motion to Amend," ECF No. 480) and the exhibit thereto, Plaintiffs' proposed Second Amended Complaint (the "SAC," ECF No. 480-1). Plaintiffs' proposed public versions of the Motion to Amend and SAC are attached as Exhibits A and B, respectively, with proposed redactions reflected in black boxes.

There is no dispute among the parties. The October 27 Order granted Plaintiffs' request to file public, redacted versions of their Motion to Amend and SAC, subject to redactions proposed by Defendants or otherwise required by the Court's prior orders. The parties met and conferred, Defendants proposed certain redactions, and Plaintiffs accepted them.

In addition to Defendants' requested redactions, Plaintiffs proposed certain additional redactions related to the Anonymous Trader.[1] Plaintiffs' proposed redactions comply with the Court's November 22, 2021 Order that the parties treat "all materials related to the anonymous trader" as "strictly AEO in the first instance," ECF No. 195, and its subsequent order that they treat any "personal identifying information" regarding the Anonymous Trader as strictly AEO, ECF No. 215. Plaintiffs have not included any personally identifying information in the Motion to Amend or SAC. Plaintiffs instead use the "Anonymous Trader" pseudonym (as all parties have, including in public filings). Courts routinely allow use of a pseudonym as a "narrowly-tailored solution" for protecting an individual's confidentiality "while maximizing the amount of information about [the] case that the public may receive." *Doe v. Gooding*, 2021 WL 5991819, at *3 (S.D.N.Y. July 29, 2021) (internal citations omitted). The use of the pseudonym is also consistent with the parties' and the Court's prior practice (*e.g.*, ECF Nos. 188, 195, 414 (using "individual trader" or "anonymous trader")).

---

[1] Defendants stated they take no position on the additional proposed redactions concerning the Anonymous Trader.

Plaintiffs' proposed redactions also comply with ▮.

In an abundance of caution, ▮.



▮. Doing so would go against the strong presumption that judicial documents be accessible by the public. *See United States ex rel. Doe v. Horizon Therapeutics PLC*, 2021 WL 3500911, at *2 (S.D.N.Y. Aug. 9, 2021). That presumption is even stronger regarding a complaint like the SAC. *Id.* (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) ("A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a

court's decision.")). Courts disfavor "efforts to litigate in secret and under seal." *Evolution Markets, Inc. v. Alpental Energy Partners, LLC*, 221 F. Supp. 3d 361, 363-64 (S.D.N.Y. 2016).

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████ But that information was described, publicly, by the Exchange Defendants in their November 12, 2021 pre-motion letter—████████████████████████████████. *See* ECF No. 188 at 1 (explaining that the Trader "testifies [in a declaration] that he uses a computer program to simultaneously buy and sell the same cryptocurrency on different exchanges so that he profits from the price differential. . . . In doing so, he has to constantly transfer USDT across the exchanges to keep his accounts balanced.").

Similarly, ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████. Yet the Exchange Defendants already wrote publicly that the "[bot] program ran at all times during the relevant period, often executing very large volumes of relatively small trades in a single day." ECF No. 188 at 1.

Adopting the Trader's proposal, which redacts material that conveys publicly available information, is not appropriate. *See, e.g.*, *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 12043498, at *3 (S.D.N.Y. Sept. 25, 2019) (denying application to redact citations to pleadings that were "a matter of public record and already available for public inspection"); *see also Robinson v. De Niro*, 2023 WL 3728350, at *4 (S.D.N.Y. May 26, 2023) (finding no basis to redact information that is "already a matter of public record"). The Trader's alleged privacy interests are not sufficient to overcome the presumption of public access and do not justify redacting the substance of Plaintiffs' legal claims, which do not reveal the Trader's identity.

Plaintiffs therefore respectfully request the Court to allow Plaintiffs to file unsealed, redacted versions of the Motion to Amend and the SAC, attached hereto as Exhibits A and B.[2]

---

[2] Plaintiffs will share a copy of this letter with the Anonymous Trader and the Trader's counsel.

Respectfully submitted,

/s/ Andrew R. Dunlap  /s/ Todd M. Schneider
Philippe Z. Selendy  Todd M. Schneider (*pro hac vice*)
Andrew R. Dunlap  Matthew S. Weiler (*pro hac vice*)
Oscar Shine  SCHNEIDER WALLACE COTTRELL
SELENDY GAY ELSBERG PLLC  KONECKY LLP
1290 Sixth Avenue  2000 Powell Street, Suite 1400
New York, NY 10104  Emeryville, CA 94608
pselendy@selendygay.com  tschneider@schneiderwallace.com
adunlap@selendygay.com  mweiler@schneiderwallace.com
oshine@selendygay.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*