

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

March 14, 2024

BY ECF AND EMAIL

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:  *In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.)

Dear Judge Failla:

We write on behalf of the B/T Defendants in response to Plaintiffs' notice of supplemental authority (the "Notice") regarding *Williams v. Binance*, 2024 WL 995568 (2d Cir. Mar. 8, 2024), to the extent the Court considers Plaintiffs' legal arguments.

*First*, the *Williams* decision addresses the unusual circumstance – not present here – where Binance, the exchange at issue, "has not registered in any country, purports to have no physical or official location whatsoever" and the authorities in Malta, where its "titular headquarters" are located, deny that Binance is based in that country.  2024 WL 995568 at *1-2, 6.  Concluding that the answer to where a transaction occurs "cannot be 'nowhere,'" the Second Circuit held that – "under these circumstances" – it was appropriate to consider allegations that Binance's servers were located in the United States and that the plaintiffs "entered into the Terms of Use with Binance, placed their purchase orders, and sent payments from the United States." *Id.* at *5-8.

Here, Plaintiffs allege no facts regarding the location of Pinchas Goldshtein's transactions or the Deribit exchange on which he traded, and they made no attempt to establish anything about Deribit or its operations during fact discovery.  Plaintiffs' attempt to inject new facts regarding Deribit in the Notice is improper, and those facts actually undermine their position:  Plaintiffs claim that Deribit moved from the Netherlands to Panama in 2020 to avoid stricter regulation, but they ignore that Mr. Goldshtein's alleged trades occurred in 2017 and 2018.  (Notice at 2 n.3; PSAC ¶ 22.)  And being subject to purportedly lax regulation in Panama is fundamentally different from Binance's claim that it has "no physical or official location whatsoever."  *Williams*, 2024 WL 995568 at *6.

*Second*, the *Williams* decision addresses extraterritoriality in the context of the federal securities laws, whereas the test for Plaintiff's CEA claim also has a second prong:   It requires "not only a domestic transaction" but also "domestic – not extraterritorial – *conduct* by Defendants that is violative of a substantive provision of the CEA."  *Prime Int'l Trading, Ltd. v. BP P.L.C.*, 937 F.3d 94, 105 (2d Cir. 2019).  Plaintiffs' CEA claim fails under this second prong because Defendants' alleged conduct is "predominately foreign." *Id.* at 106.  Indeed, there are no allegations of any conduct by any of the Defendants that occurred in the United States.  (Dkt. No. 505 at 43-44.)

Respectfully submitted,

/s/ *Elliot Greenfield*

www.debevoise.com