July 26, 2024

<u>**Via ECF and E-mail**</u>



Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:    *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla,

Pursuant to the Court's June 26, 2024 Opinion & Order (the "Opinion," ECF No. 544), the parties write jointly regarding the status of the above-referenced litigation and a proposed schedule. The parties met and conferred and agreed to the following proposed schedule. Attached as Exhibit A is the parties' proposed Amended Case Management Order for the Court's consideration.

*Discovery*:  The parties completed fact discovery, including depositions of fact witnesses, on October 23, 2023.  (Ex. A. ¶ 3.) The parties have yet to take expert discovery related to class certification or merits issues. The parties do not seek additional discovery.  Defendants reserve their right, as set forth in the Court's Opinion, to "supplement the factual record in this case . . . via affidavit or analogous written submission" at the appropriate time.  (Dkt. No. 544 at 26.)

*Answer*:  The parties agree that Defendants' answer be due September 13, 2024 to account for the fact that the Second Amended Complaint includes 445 paragraphs.  (Dkt. No. 556.)

*Requests for Admission*:  The parties agree that the deadline to serve Requests for Admission ("RFAs") be October 18, 2024, with responses due November 20, 2024, and that the parties will only serve RFAs that seek to streamline the litigation consistent with Rule 36.  The parties further agree that admissions as to the authenticity of documents are more efficiently addressed by means of a stipulation and are working in good faith to negotiate such a stipulation. The parties reserve their right to serve RFAs for authenticity purposes if they cannot reach agreement on a stipulation.

Statement of Plaintiffs regarding RFAs: Plaintiffs' proposal is for the parties to only serve RFAs that seek to streamline the litigation consistent with Rule 36. To the extent Defendants are seeking to impose limits on RFAs beyond those already provided by Rule 36, Plaintiffs oppose that because it is not efficient to ask the Court to rule on the scope of permissible RFAs in the abstract, before any party has served RFAs.  The parties should be able to meet and confer about any disputes and work cooperatively to resolve them (or, if they cannot resolve them, to present crystallized disputes to the Court for resolution).

Statement of Defendants regarding RFAs:  It is Defendants' position that any RFAs should be limited to matters as to which there is no real dispute.  Defendants agreed to stage RFAs prior to class certification on the basis of Plaintiffs' representation that they believed that RFAs would serve to streamline the issues for class certification (and potentially any further proceedings in this matter).  Decisions by courts in this Circuit regarding Rule 36 make clear that RFAs are intended to narrow the issues to be litigated by eliminating the necessity of proving essentially undisputed issues of fact.  *See*, *e.g.*, *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 400 (S.D.N.Y. 2018) (finding RFAs inconsistent with Rule 36 where they "do not seek to establish admission of facts about which there is no real dispute"); *Carver v. Bank of New York Mellon*, No. 2018 WL 4579831, at *3 (S.D.N.Y. Sept. 25, 2018) (same).  Defendants do not seek to impose limits beyond those provided by Rule 36; Plaintiffs provide no good reason why they will not agree to serve RFAs that are limited to matters as to which there is no real dispute, as Rule 36 requires.

*Class Certification*:  The parties agree that Plaintiffs' motion in support of class certification and any accompanying expert reports be due December 20, 2024; Defendants' deadline to depose Plaintiffs' experts be February 21, 2025; Defendants' opposition be due March 21, 2025; Plaintiffs' deadline to depose Defendants' experts be April 25, 2025, and Plaintiffs' reply be due May 23, 2025. In light of the relative complexity and novelty of the class certification issues in this case, the parties request extended page limits for class certification briefing with 45 pages for the opening motion, 45 pages for the opposition, and 18 pages for the reply.

As previously ordered by the Court in the Amended Civil Case Management Plan and Scheduling Order (Dkt. No. 387), the parties agree that any remaining deadlines, including for expert discovery on issues other than class certification, should be keyed off any order certifying a class.

*Expert Discovery*:  With respect to expert discovery other than for class certification, the parties propose no changes to the Amended Civil Case Management Plan and Scheduling Order (Dkt. No. 387), pursuant to which the parties shall serve opening expert reports no later than two months after any order certifying a class; serve expert opposition reports no later than four months after any order certifying a class; and serve expert reports in reply to opposition reports no later than six months after any order certifying a class.  As previously ordered, the parties agree all expert discovery shall be completed no later than nine months after any order certifying a class.  (Dkt. No. 387.)

*Summary Judgment and Daubert*:

Plaintiffs do not currently anticipate filing a motion for summary judgment but may reassess after the close of expert discovery.

To the extent this case proceeds beyond class certification, Defendants anticipate filing a motion for summary judgment.

As previously ordered, the parties agree that any pre-motion submission for summary judgment pursuant to Section 4(A) of the Court's Individual Rules shall be filed within 30 days of the close of expert discovery, or earlier for good cause.  (Dkt. No. 387.)  The parties further agree to

brief summary judgment motions and *Daubert* motions together with 60 days for opening motions, 60 days for oppositions, and 30 days for the reply briefs.

Respectfully submitted,

/s/ *Andrew R. Dunlap*
Andrew R. Dunlap
Oscar Shine
Laura M. King
SELENDY GAY PLLC
1290 Sixth Avenue
New York, NY 10104
adunlap@selendygay.com
oshine@selendygay.com
lking@selendygay.com

/s/ *Todd M. Schneider*
Todd M. Schneider (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for the Plaintiffs and the Proposed Class*

/s/ *Elliot Greenfield*
Maeve L. O'Connor
Michael Schaper
Elliot Greenfield
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
mloconnor@debevoise.com
mschaper@debevoise.com
egreenfield@debevoise.com

Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
michael@mjllaw.com

Sunjina K. Ahuja, Esq.
Christopher J. Beal
Dillon Miller Ahuja & Boss, LLP
5872 Owens Ave., Suite 200
San Diego, CA 92008
sahuja@dmablaw.com
cbeal@dmablaw.com

*Attorneys for Defendants iFinex Inc., DigFinex Inc., BFXNA Inc., BFXWW Inc., Tether International Limited, Tether Operations Limited, Tether Holdings Limited, Tether Limited, Giancarlo Devasini, and Ludovicus Jan van der Velde*

/s/ *Charles D. Cording*
Charles D. Cording
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
ccording@willkie.com

*Attorney for Defendant Philip G. Potter*

The Court is in receipt of the parties' above joint letter and corresponding proposed amended case management plan. (Dkt. #562). The Court will endorse the parties' proposed amended case management plan under separate cover. Given the generosity sought by the parties, the Court does not contemplate further extensions of deadlines or page limits.

To the extent the parties are unable to reach an agreement concerning Requests for Admission, the party seeking the Court's intervention should file a letter motion requesting the same pursuant to Local Civil Rule 37.2.

Date:     July 30, 2024
          New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE