

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

November 6, 2024

BY ECF AND EMAIL

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:  *In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.) (KPF)

Dear Judge Failla:

We write on behalf of the B/T Defendants and Philip Potter (collectively, "Defendants") to request a modest extension of three weeks to respond to the 4,488 Requests for Admission (RFAs) that Plaintiffs served on October 18, 2024.  This requested extension would not affect the remainder of the schedule and is plainly warranted based on both the sheer volume and the complexity of Plaintiffs' RFAs.  Defendants have not previously sought an extension of this deadline.  Plaintiffs indicated that they do not consent to this request but have not explained why. (Ex. A.)

Plaintiffs' ***4,488 RFAs*** span a total of ***781 pages***.  Of these, more than 4,000 ask Defendants to admit that Plaintiffs' description of a document is accurate (the "Authenticity RFAs").  The number of cited documents far exceeds any reasonable estimate of what Plaintiffs might actually rely upon, and many are plainly irrelevant.  Indeed, over 1,000 documents post-date the alleged class period entirely.  Responding to the Authenticity RFAs is not straightforward, as Plaintiffs have resorted to form language that they repeat without variation for hundreds or thousands of documents and that often does not accurately describe the document in question.  Nor can Defendants simply concede "authenticity" in the abstract because, under Fed. R. Evid. 901, authenticity turns on whether a particular document is "what the proponent claims it is." Defendants tried to avoid the need for a burdensome document-by-document assessment by proposing to stipulate that the parties would not assert any authenticity objections for purposes of class certification or summary judgment absent a good faith basis to believe that a particular document is not what the proponent claims it is.  Plaintiffs rejected that proposal.[1]

With respect to the Authenticity RFAs, Plaintiffs acknowledged that a three-week extension is warranted, but they sought to condition any extension on an agreement by Defendants – in advance of reviewing the documents at issue – not to challenge authenticity for purposes of class certification. (Ex. A, at 2.)  That is obviously not a reasonable demand.

---

[1]  Plaintiffs rejected Defendants' proposed stipulation, which would have permitted the parties to proceed efficiently through class certification and (if necessary) summary judgment, because Defendants would not agree – in advance of any actual dispute – to reopen fact discovery.  That is patently unreasonable considering that fact discovery has been closed for more than a year and Defendants could not guess at what hypothetical authenticity dispute might arise.

The Honorable Katherine Polk Failla                 2                            November 6, 2024

Plaintiffs also served more than 450 RFAs seeking admissions on a number of complex issues, including the B/T Defendants' banking relationships, accounting practices, and their crypto wallets, accounts, and trades. Reviewing and responding to each of those RFAs is a time-consuming endeavor that requires defense counsel to review the evidentiary record and, as to a number of the requests, consult with their clients.

A short extension from November 20 to December 11 is fair and reasonable and will not impact any other dates in the case schedule. The next deadline, for Plaintiffs' motion for class certification on December 20, is not contingent on Defendants' RFA responses (particularly as Defendants have already answered Plaintiffs' 445 paragraph, post-discovery complaint). Indeed, before Plaintiffs moved to amend their complaint in October 2023, the schedule set by the Court required Plaintiffs to move for class certification on the same day that RFAs were to be served. (Dkt. No. 387 at ¶¶ 5.i.i, 6.e.)

Defendants regret burdening the Court with a request for an extension that would ordinarily be resolved as a matter of professional courtesy between the parties and respectfully request that the Court extend the deadline for responding to Plaintiffs' RFAs to December 11, 2024.

Respectfully submitted,

/s/ Elliot Greenfield