# Exhibit D

| | |
|---|---|
| **From:** | Born, Natascha |
| **To:** | Laura King; Greenfield, Elliot |
| **Cc:** | Schlegelmilch, Stephan J; Hahn, Ashley V.; michael@mjllaw.com; sahuja@dmablaw.com; jacabed@mjllaw.com; "William Kraus"; CCording@willkie.com; Andrew Dunlap; Oscar Shine; Stephen Federowicz; Xinchen Li; Isaac Kirschner; Todd M. Schneider; Matthew S. Weiler; Sunny S. Sarkis; Srujana Shivji; Raymond S. Levine; Tegrar, Steven; Greenwell, Barrett J.; Schaper, Michael; "Christopher Beal" |
| **Subject:** | RE: In re Tether and Bitfinex Crypto Asset Litigation, No. 1:19-cv-09236-KPF |
| **Date:** | Wednesday, September 11, 2024 11:50:54 AM |
| **Attachments:** | Draft Authenticity Stipulation - BT Comments - 2024.09.11.DOCX<br>Authenticity Stipulation - Redline.pdf |

Thanks, Laura. Please see attached a few additional revisions. As you will see, we accepted most of your edits, but we can't agree in advance to reopen discovery.

**Natascha Born** | Associate | Debevoise & Plimpton LLP | nborn@debevoise.com | +1 212 909 6821 | 66 Hudson Boulevard, New York, NY 10001 | www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Laura King <lking@selendygay.com>
**Sent:** Tuesday, September 10, 2024 2:58 PM
**To:** Born, Natascha <nborn@debevoise.com>; Greenfield, Elliot <egreenfield@debevoise.com>
**Cc:** Schlegelmilch, Stephan J <sjschlegelmilch@debevoise.com>; Hahn, Ashley V. <avhahn@debevoise.com>; michael@mjllaw.com; sahuja@dmablaw.com; jacabed@mjllaw.com; 'William Kraus' <william.kraus@pierferd.com>; CCording@willkie.com; Andrew Dunlap <adunlap@selendygay.com>; Oscar Shine <oshine@selendygay.com>; Stephen Federowicz <sfederowicz@selendygay.com>; Xinchen Li <xli@selendygay.com>; Isaac Kirschner <ikirschner@selendygay.com>; Todd M. Schneider <tschneider@schneiderwallace.com>; Matthew S. Weiler <mweiler@schneiderwallace.com>; Sunny S. Sarkis <ssarkis@schneiderwallace.com>; Srujana Shivji <sshivji@schneiderwallace.com>; Raymond S. Levine <rlevine@schneiderwallace.com>; Tegrar, Steven <sgtegrar@debevoise.com>; Greenwell, Barrett J. <bjgreenwell@debevoise.com>; Schaper, Michael <mschaper@debevoise.com>; 'Christopher Beal' <cbeal@dmablaw.com>
**Subject:** RE: In re Tether and Bitfinex Crypto Asset Litigation, No. 1:19-cv-09236-KPF

**\*EXTERNAL\***

Thanks, Natascha. We have revised this draft to reflect the proposed process that we discussed on Friday. Please let us know if Defendants agree.

**Laura King**
Associate  [Email]
Selendy Gay PLLC  [Web]

DRAFT – ~~Plaintiffs~~BT Defendants' September ~~10~~11, 2024 Comments

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TETHER AND BITFINEX CRYPTO ASSET LITIGATION | No. 19 Civ. 9236 (KPF) |

## STIPULATION AND [PROPOSED] ORDER REGARDING AUTHENTICITY OF DOCUMENTS

**WHEREAS**, plaintiffs Matthew Script, Jason Leibowitz, Benjamin Leibowitz, and Pinchas Goldshtein and defendants iFinex, Inc., DigFinex Inc., BFXNA Inc., BFXWW Inc., Tether International Limited, Tether Operations Limited, Tether Holdings Limited, Tether Limited, Ludovicus Jan van der Velde, Giancarlo Devasini (together, the "B/T Defendants"), and Philip G. Potter (collectively, the "Parties," and each a "Party"), have engaged in discovery proceedings, which included, among other things, producing documents;

**WHEREAS**, the Parties subsequently have produced hundreds of thousands of documents in connection with discovery in this litigation;

**WHEREAS**, the Parties have determined that it is in their mutual interest to avoid the significant expense and unnecessary burden associated with the document-by-document authentication of documents, and that reaching stipulations as to the authenticity of produced data will promote the efficient progress of this litigation;

**IT IS HEREBY STIPULATED AND AGREED**, by the Parties, through their undersigned counsel, as follows:

## Authenticity of Evidence for Class Certification and/or Summary Judgment Briefing

1.   Absent a good faith basis to believe that a document or thing is not what the proponent claims that it is, each Party agrees that, for purposes of any motion for class certification or summary judgment, it will not contest the authenticity of any document or thing (including data) that it has produced in this action under Rule 901 of the Federal Rules of Evidence.

2.   In the event that a dispute arises regarding the authenticity of a document to be used in class certification or summary judgment briefing, the Parties agree to meet and confer in good faith promptly about the authenticity of such document(s) and, if necessary, to expedite any related motions for resolution by the Court.

3.   The Parties agree that if a Party objects to the authenticity of documents in connection with class certification or summary judgment, the Party seeking to use the document(s) may ~~take discovery or~~ serve Requests For Admission related solely to <ins>the</ins> authenticity <ins>of such documents</ins> on an expedited basis~~, notwithstanding any discovery limits otherwise imposed by the Case Management Order. ECF 564.~~<ins>.  The Parties reserve all rights to seek to reopen discovery in the event that a dispute regarding the authenticity of a document to be used in connection with class certification or summary judgment arises and reserve all rights to oppose reopening discovery.</ins>

**Authenticity of Evidence for Trial**

4.   Each Party agrees that for purposes of any trial in this action it will not contest the authenticity of any document (including data) that it has produced

in this action under Rule 901 absent facts suggesting that a document is not what the proponent claims that it is.

5.  The Parties agree that they will meet and confer 90 days before the due date for the Joint Pretrial Order in order to discuss potential exhibits to be used at trial and a timeline for exchanging exhibit lists in order to ensure sufficient time to resolve disputes regarding authenticity in advance of trial. In the event that a question or dispute arises regarding the authenticity of a document to be used at trial, the Parties agree to meet and confer in good faith promptly about the authenticity of such document(s) and, if necessary, to expedite any related motions for resolution by the Court.

6.  The Parties agree that if a Party objects to the authenticity of documents in connection with the Joint Pretrial Order, the Party seeking to admit the document(s) may ~~take discovery or~~ serve Requests For Admission related solely to <u>the</u> authenticity <u>of such documents</u> on an expedited basis prior to trial~~, notwithstanding any discovery limits otherwise imposed by the Case Management Order. ECF 564.~~<u>. The Parties reserve all rights to seek to reopen discovery in the event that a dispute regarding the authenticity of a document to be used at trial arises and reserve all rights to oppose reopening discovery.</u>

**Additional Stipulations and Agreements**

7.  Each Party retains the right to object to the admission of any document that any other Party or any third party has produced in this action under Rule 901 of the Federal Rules of Evidence.

3

8. Each Party retains the right to object to the admission into evidence of any document produced in this action on grounds other than authenticity.

9. Nothing in this stipulation shall be construed as an agreement that any documents or things that are subject to this stipulation are admissible into evidence by any Party, except as expressly addressed herein. The Parties hereby expressly reserve the right to object to the admissibility of any document or thing under any grounds permitted by law and not expressly addressed herein.

10. This Stipulation and Order may be amended only by a subsequent written stipulation among the Parties and upon order of the Court.

/s/ *DRAFT*
Philippe Z. Selendy
Andrew R. Dunlap
Oscar Shine
Laura M. King
SELENDY GAY PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
adunlap@selendygay.com
oshine@selendygay.com
lking@selendygay.com

/s/ *DRAFT*
Todd M. Schneider (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for the Plaintiffs and the Proposed Class*

/s/ *DRAFT*
Maeve L. O'Connor
Michael Schaper
Elliot Greenfield
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
mloconnor@debevoise.com
mschaper@debevoise.com
egreenfield@debevoise.com

Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
michael@mjllaw.com

Sunjina K. Ahuja, Esq.
Christopher J. Beal
Dillon Miller Ahuja & Boss, LLP
5872 Owens Ave., Suite 200
San Diego, CA 92008
sahuja@dmablaw.com
cbeal@dmablaw.com

*Attorneys for Defendants iFinex Inc., DigFinex Inc., BFXNA Inc., BFXWW Inc., Tether International Limited, Tether Operations Limited, Tether Holdings Limited, Tether Limited, Giancarlo Devasini, and Ludovicus Jan van der Velde*

/s/ *DRAFT*
Charles D. Cording
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
ccording@willkie.com

*Attorneys for Defendant Philip G. Potter*

SO ORDERED.

_____
KATHERINE POLK FAILLA
United States District Judge

Dated: _____, 2024
       New York, New York