


November 8, 2024

**Via ECF and E-mail**
The Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

MEMO ENDORSED

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla,

We write on behalf of Plaintiffs in response to Defendants' November 6, 2024 letter (the "Motion," or "Mot." ECF No. 572) seeking an extension of the deadline for RFA responses.

Defendants filed their Motion without first meeting and conferring, *contra* ECF No. 572-1 at 2, and falsely claim that Plaintiffs do not consent to an extension. In fact, Plaintiffs were (and are) willing to negotiate a reasonable extension that would not prejudice their forthcoming motion for class certification, as Defendants' proposal would. Plaintiffs respectfully ask the Court to deny the Motion and order the parties to meet and confer, as it did when Defendants previously sought a schedule extension without first meeting and conferring. *See* ECF No. 226. If the Court grants Defendants' request, it should order a corresponding extension of the class certification schedule.

**Defendants' Refusal to Stipulate to Authenticity**. In submitting their Amended Case Management Order, both parties "reserve[d] their right to serve RFAs for authenticity purposes if they cannot reach agreement on a stipulation" regarding authenticity. ECF No. 562 at 1. Plaintiffs hoped that Defendants would stipulate to the authenticity of their own documents; parties routinely do so, as a party's review and production of documents is "an implicit guarantee of authenticity." *U.S. Information Systems, Inc. v. International Broth. of Elec. Workers Local Union Number 3*, 2006 WL 2136249, at *6 (S.D.N.Y. Aug. 1, 2006); *see also Commercial Data Servers, Inc. v. Int'l Bus. Machines Corp.*, 262 F. Supp. 2d 50, 60 (S.D.N.Y. 2003) ("[i]t is disingenuous and wasteful for [a party] to object that its own documents are not authenticated.").

In extended negotiations, Plaintiffs have asked Defendants to stipulate to the authenticity of their documents several times. *See* Ex. A at 1-2 (L. King May 18, 2023 Email); *id.* at 1 (L. King Aug. 31, 2023 Email); Ex. B at 2 (L. King Nov. 3, 2023 Email). Defendants refused. Ex. A (E. Greenfield Sept. 1, 2023); Ex. B at 1 (E. Greenfield Nov. 7, 2023 Email). Following the Court's decision on Plaintiffs' motion to amend, Plaintiffs again asked Defendants to stipulate to authenticity for trial. Ex. C at 39-40 (L. King July 23, 2023 Email). Defendants refused again. *Id.* at 39. Plaintiffs proposed that the parties stipulate that various categories of documents (*e.g.*, email and chat communications) were authentic, even if Defendants wished to contest the authenticity of

1

documents in other categories.[1] Ex. C at 21 (L. King Aug. 6, 2024 Email). Defendants refused. *Id.* at 18-19 (N. Born Aug. 22, 2024 Email). Plaintiffs proposed that they would not serve RFAs regarding authenticity if Defendants agreed that, if authenticity disputes arose before trial, the parties could pursue limited discovery on those disputes. Defendants again said no.[2] On September 19, 2024, a month before the deadline to serve RFAs, Plaintiffs offered to identify the documents for which they sought to confirm authenticity and asked Defendants to consider stipulating to the authenticity of some or all those specific documents—noting that if the parties could not agree on a stipulation, Plaintiffs would have little option but to serve RFAs regarding the authenticity of several thousand documents. *Id.* at 9-10, 12-13. Defendants refused to stipulate. On October 11, 2024, Plaintiffs provided a list of documents for which they sought to confirm authenticity and again asked Defendants to consider stipulating. Defendants again refused, saying that they lacked sufficient time to review the list prior to the deadline for serving the RFAs. *Id.* at 3-4 (E. Greenfield Oct. 14, 2024 Email). On October 15, 2024, Plaintiffs offered to negotiate an extension of the deadline to serve RFAs if the parties could make progress on an authenticity stipulation and offered to meet and confer even after that. *Id.* at 2-3. Defendants ignored this offer. On October 18, 2024, out of time and options, Plaintiffs served their RFAs, the vast majority of which—approximately 4000 out of 4363 for B/T Defendants and 80 out of 125 for Potter—relate to the authenticity of documents that Defendants produced from their own files (the "Authenticity RFAs").

**Defendants' Failure to Meet and Confer**. Six weeks after Plaintiffs told Defendants that they might need to serve thousands of Authenticity RFAs if Defendants refused to stipulate, and two weeks after receiving those RFAs, Defendants approached Plaintiffs about an extension of the RFA response deadline. Plaintiffs did not refuse to consent to an extension, *contra* Mot. at 1; they proposed a different extension—keeping the deadline for non-Authenticity RFAs but extending the deadline as Defendants requested for Authenticity RFAs if Defendants agreed not to dispute authenticity at the class certification stage. *See* ECF No. 572-1 at 2. While Defendants call this "obviously not a reasonable demand," Mot. at 1, during the parties' prior negotiations, Defendants had proposed that, absent a good faith basis to do so, they would not "contest the authenticity of any document or thing (including data) that [they had] produced in this action" "for purposes of any motion for class certification or summary judgment," Ex. D (N. Born Sept. 19 Email with Attachment); *see also* Mot. at 1, something they presumably would not have offered to do if they

---

[1] Plaintiffs did not ask Defendants to stipulate to authenticity "in the abstract," Mot. at 1, only that documents they produced are true and correct copies of those documents—for example, that emails that Defendants produced are true and correct copies of email(s) exchanged on the dates indicated on the face of the document between the individuals indicated on face of the document. Ex. C at 5-6 (L. King Oct. 11, 2024 Email).

[2] Plaintiffs did not ask to generally "reopen fact discovery," Mot. at 1 n.1, only for limited discovery on the narrow issue of authenticity (*e.g.*, a Rule 30(b)(6) deposition) if a party claimed a document was inauthentic. Ex. C at 12 (L. King Sept. 16, 2024 Email).

thought it unreasonable.[3] Plaintiffs also invited Defendants to meet and confer. *See* ECF No. 572-1 at 2. Defendants rejected Plaintiffs' proposal and ignored the invitation to meet and confer. *Id.* A day later, without waiting for Plaintiffs' response, Defendants filed their Motion.

**Defendants' Requested Extension Would Prejudice Plaintiffs**. The current schedule, to which both parties agreed, gives Plaintiffs a month to review Defendants' responses to RFAs before submitting their class certification motion. *See* ECF 564 at 2. Defendants now ask the Court to extend their response deadline to December 11, 2024, which would give Plaintiffs just nine days to review those responses. This would gut the purpose of the agreed-upon schedule: Plaintiffs would not have sufficient time to review Defendants' responses to thousands of RFAs regarding facts and the authenticity of evidence that could be discussed in their class certification motion.

**The Court Should Deny Defendants' Motion.** Plaintiffs respectfully ask the Court to deny Defendants' motion and order the parties to promptly meet and confer. Ideally, the parties would agree on a solution that accommodates Defendants without prejudicing Plaintiffs. Alternatively, if the Court is inclined to grant an extension, Plaintiffs respectfully ask that their deadline to submit opening class certification papers be similarly extended (*e.g.*, extending the response deadline to December 11, 2024 would result in an extension of the deadline for opening class certification briefing and expert reports to January 10, 2025), preserving the agreed-upon time for Plaintiffs to review Defendants' responses before moving for class certification.

---

[3] Plaintiffs declined that offer because Defendants also proposed reserving their right to challenge the authenticity of any document at trial, but Plaintiffs would give up their rights to serve authenticity RFAs now and would not have any alternative avenues to resolving authenticity disputes leading up to trial. Ex. D; *see also* Ex. C at 9.

Respectfully submitted,

| | |
|---|---|
| /s/ Andrew R. Dunlap | /s/ Todd M. Schneider |
| Philippe Z. Selendy | Todd M. Schneider (*pro hac vice*) |
| Andrew R. Dunlap | Jason H. Kim (*pro hac vice*) |
| Oscar Shine | Matthew S. Weiler (*pro hac vice*) |
| Laura M. King | SCHNEIDER WALLACE COTTRELL |
| SELENDY GAY PLLC | KONECKY LLP |
| 1290 Sixth Avenue | 2000 Powell Street, Suite 1400 |
| New York, NY 10104 | Emeryville, CA 94608 |
| pselendy@selendygay.com | tschneider@schneiderwallace.com |
| adunlap@selendygay.com | jkim@schneiderwallace.com |
| oshine@selendygay.com | mweiler@schneiderwallace.com |
| lking@selendygay.com | |

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*

---

The Court is in receipt of Defendants' letter requesting an extension of the deadline to respond to Plaintiffs' Requests for Admission (Dkt. #572), and Plaintiffs' above letter in response (Dkt. #573). The Court understands from Plaintiffs' letter that the parties have yet to meet and confer regarding the disputed extension request. As such, Defendants' request is hereby DENIED without prejudice to renew, and the parties are hereby ORDERED to meet and confer diligently and in good faith with the goal of resolving their dispute without Court intervention.

The Clerk of Court is directed to terminate the pending motion at docket entry 572.

Dated:   November 13, 2024          SO ORDERED.
         New York, New York

*[signature]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE