UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re: TETHER AND BITFINEX
CRYPTO ASSET LITIGATION

19 Civ. 9236 (KPF)

AMENDED CIVIL CASE
MANAGEMENT PLAN AND
SCHEDULING ORDER

This Amended Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties **do not consent** to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties **have** conferred pursuant to Fed. R.Civ. P. 26(f).

3. The parties **completed** fact discovery, including depositions of fact witnesses, on October 23, 2023.

4. The parties **have** conferred to discuss settlement pursuant to the Amended Civil Case Management Plan entered on June 15, 2023.  ECF No. 387, ¶ 9.

5. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.

6. Defendants' answer to Plaintiffs' Second Amended Complaint (ECF No. 557) was filed on **September 13, 2024**.

7. Class certification shall be governed by the following deadlines and page limits:

   a. Plaintiffs' motion for class certification and supporting expert reports are due **January 10, 2025**.  Plaintiffs' motion is not to exceed 45 pages.

   b. Defendants' deadline to depose Plaintiffs' class certification experts is **March 14, 2025**.

   c. Defendants' opposition to class certification and supporting expert reports are due **April 11, 2025**.  Defendants' opposition is not to exceed 45 pages.

   d. Plaintiffs' deadline to depose Defendants' class certification experts is **May 16, 2025**.

   e. Plaintiffs' reply in support of class certification is due **June 13, 2025.**  Plaintiffs' reply is not to exceed 18 pages.

8. Additional Experts

a. Other than experts for class certification, the parties shall serve opening expert reports, no later than **2 months after any order certifying a class**. Parties shall serve any expert reports in opposition to opening reports (limited to responding to the opening reports) no later than **4 months after any order certifying a class**. Parties shall serve any expert reports in reply to opposition reports (limited to responding to the rebuttal reports) no later than **6 months after any order certifying a class.**

b. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than **9 months after any order certifying a class.**

9. The parties will meet and confer regarding a stipulation to govern treatment of expert materials.

10. Requests for Admission

a. Requests for Admission ("RFAs") were served on **October 18, 2024** under the prior CMO, which provided that they "shall be limited to RFAs that seek to streamline the litigation consistent with Rule 36."

Statement of Plaintiffs regarding RFAs: Plaintiffs' proposal is for the parties to only serve RFAs that seek to streamline the litigation consistent with Rule 36. To the extent Defendants are seeking to impose limits on RFAs beyond those already provided by Rule 36, Plaintiffs oppose that because it is not efficient to ask the Court to rule on the scope of permissible RFAs in the abstract, before any party has served RFAs. The parties should be able to meet and confer about any disputes and work cooperatively to resolve them (or, if they cannot resolve them, to present crystallized disputes to the Court for resolution).

Statement of Defendants regarding RFAs: Defendants agreed to stage RFAs prior to class certification on the basis of Plaintiffs' representation that they believed that RFAs would serve to streamline the issues for class certification (and potentially any further proceedings in this matter). Decisions by courts in this Circuit regarding Rule 36 make clear that RFAs are intended to narrow the issues to be litigated by eliminating the necessity of proving essentially undisputed issues of fact. Accordingly, it is Defendants' position that any RFAs should be limited to matters as to which there is no real dispute.

b. Responses to RFAs are due **December 11, 2024**.

c. The parties are in agreement that admissions as to the authenticity of documents are more efficiently addressed by means of a stipulation and shall work in good faith to negotiate such a stipulation. The parties reserve their right to serve RFAs for authenticity purposes if they cannot reach agreement on a stipulation.

11. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of United States District Courts for the Southern and Eastern Districts of New York, and the Court's Individual Rules of Practice in Civil Cases ("Individual Rules"),which are available at https://nysd.uscourts.gov/hon-katherine-polk-failla.

12. Before filing a summary judgment motion, the moving party must file a pre-motion submission pursuant to Section 4(A) of the Court's Individual Rules. The submission shall be filed within 30 days of the close of expert discovery, or earlier for good cause. Unless otherwise ordered by the Court, the opening brief to any summary judgment motion is to be filed 60 days after the Court grants the party's submission, opposition to any such motion is to be filed 60 days after the

motion is served on the opposing party, and a reply, if any, is to be filed 30 days after service of any opposition.

13. Similarly, a party shall file its motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases ("*Daubert* motion"), at the same time that the party files the opening brief to its summary judgment motion; provided, if the party does not move for summary judgment or if the Court does not grant the party's request to move for summary judgment, the party shall file its *Daubert* motion within 120 days of the close of expert discovery.  Unless otherwise ordered by the Court, opposition to any such motion is to be filed 60 days after the motion is served on the opposing party, and a reply, if any, is to be filed 30 days after service of any opposition.

14. Unless otherwise ordered by the Court, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Fed. R. Civ. P. 26(a)(3) within 120 days of the close of expert discovery, or within 120 days of a decision on any motion for class certification, or within 120 days of a decision on any dispositive motion, whichever is latest. The parties shall also follow Paragraph 7 of the Court's Individual Rules, which paragraph identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

15. Joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A).

16. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial 60 days after the Joint Pretrial Order is filed.

17. This case **is** to be tried to a jury.

18. Counsel for the parties have conferred and the present best estimate of the length of trial is **six weeks**.

Counsel for the Parties:

_____

*/s/ Andrew R. Dunlap*
Andrew R. Dunlap
Oscar Shine
Laura M. King
SELENDY GAY PLLC
1290 Sixth Avenue
New York, NY 10104
adunlap@selendygay.com
oshine@selendygay.com
lking@selendygay.com

*/s/ Todd M. Schneider*
Todd M. Schneider (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for the
Plaintiffs and the Proposed Class*

_____

*/s/ Elliot Greenfield*
Maeve L. O'Connor
Michael Schaper
Elliot Greenfield
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
mloconnor@debevoise.com
mschaper@debevoise.com
egreenfield@debevoise.com

Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
michael@mjllaw.com

Sunjina K. Ahuja, Esq.
Christopher J. Beal
Dillon Miller Ahuja & Boss, LLP
5872 Owens Ave., Suite 200
San Diego, CA 92008
sahuja@dmablaw.com
cbeal@dmablaw.com

*Attorneys for Defendants iFinex Inc., DigFinex
Inc., BFXNA Inc., BFXWW Inc., Tether
International Limited, Tether Operations Limited,
Tether Holdings Limited, Tether Limited,
Giancarlo Devasini, and Ludovicus Jan van der
Velde*

*/s/ Charles D. Cording*
Charles D. Cording
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
ccording@willkie.com

*Attorney for Defendant Philip G. Potter*

**TO BE FILLED IN BY THE COURT IF APPLICABLE:**

_____ shall file a motion for__no later than_____.
Any opposition shall be filed by _____ and any reply shall be filed by_____.
One courtesy copy of all motion papers, marked as such, shall be mailed or hand delivered to the Court
by the movant at the time the reply is served. All courtesy copies should be three-holepunched, tabbed,
and placed in binders as specified in the Court's Individual Rules.

The next pretrial conference is scheduled for_____at
_____ in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square,
New York, New York 10007.

By Thursday of the week prior to that conference, the parties shall submit via e-mail
(Failla_NYSDChambers@nysd.uscourts.gov) a joint letter, not to exceed three pages, regarding the
status of the case. The letter should include the following information in separate paragraphs:

(1) A statement of all existing deadlines, due dates, and/or cut-off dates;

(2) A brief description of any outstanding motions;

(3) A brief description of the status of discovery and of any additional discovery that needs
to be completed;

(4) A statement describing the status of any settlement discussions andwhether the parties
would like a settlement conference;

(5) A statement of the anticipated length of trial and whether the case is to be tried to a jury;

(6) A statement of whether the parties anticipate filing motions for summaryjudgment, including the
basis of any such motion; and

(7) Any other issue that the parties would like to address at the pretrialconference or any
information that the parties believe may assist the Court in advancing the case to settlement
or trial.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein  shall be made in a written application in accordance with the Court's Individual Rules and must be made no fewer than two business days prior to the expiration of the date sought to be extended.

SO ORDERED.

_____
KATHERINE POLK FAILLA
United States District Judge

Dated: _____, 2024
New York, New York