Selendy|Gay 

January 3, 2025

**Via ECF and E-mail**
The Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF)

Dear Judge Failla,

Pursuant to Your Honor's Individual Rule 2.C and the parties' Stipulation for the Production and Exchange of Confidential Materials, so ordered on October 27, 2020 (Dkt No. 151) (the "Protective Order"), Plaintiffs respectfully request a pre-motion conference regarding a dispute over B/T Defendants' attempt to claw back two documents as privileged.

Specifically, on February 24, 2023—nearly two years ago—B/T Defendants produced two emails, BITFINEX_TETHER_1004066 and BITFINEX_TETHER_1004067 (the "Clawback Documents"). Both Clawback Documents are emails between two of B/T Defendants' compliance employees, neither of whom is a lawyer. Nevertheless, on December 12, 2024, B/T Defendants sent Plaintiffs a clawback notice. Ex. 1 at 9-10. Pursuant to the Protective Order, Plaintiffs objected to the clawback in writing on December 16, 2024. *Id.* at 8-9. The parties met and conferred (including by phone on January 2, 2025) but are at impasse. *Id.* at 1.[1]

B/T Defendants claim the Clawback Documents are protected by the attorney-client privilege; they do not assert any other protection. *Id.* at 1. As the party asserting privilege, B/T Defendants bear the "burden . . . to establish those facts that are the essential elements of the privileged relationship." *Pac. Life Ins. Co. v. Bank of New York Mellon*, 2020 WL 6875170, at *2 (S.D.N.Y. Nov. 23, 2020) (Failla, J.) (internal citations omitted). The attorney-client privilege protects from disclosure "[i] a communication between client and counsel that [ii] was intended to be and was in fact kept confidential, and [iii] was made for the purpose of obtaining or providing legal advice." *Id*. (internal citations omitted).

B/T Defendants have not carried their burden to establish privilege. At the threshold, no authors or recipients of the Clawback Documents are attorneys, so the documents are not "communication[s] between client and counsel." *See id*; *see also TIG Ins. Co. v. Swiss Reinsurance Am. Corp.*, 2023 WL 6058649, at *5 (S.D.N.Y. Sept. 18, 2023) (finding non-lawyer communications

---

[1] Given the intervening holidays, the parties agreed they would have until January 3, 2025 to either resolve their dispute or seek relief from the Court. *See* Ex. 1 at 4.

for business purposes are generally not privileged). B/T Defendants instead claimed during the meet-and-confer that the Clawback Documents are privileged because *portions* of the emails were purportedly later incorporated into emails that Tether personnel sent to outside legal counsel.[2] But communications between non-lawyers are not privileged "merely because they were purportedly 'done for the purposes of assisting outside litigation counsel.'" *Assured Guar. Mun. Corp. v. UBS Real Est. Sec. Inc.*, 2013 WL 1195545, *9 (S.D.N.Y. Mar. 25, 2013).

Moreover, under Second Circuit law, B/T Defendants were required to show that the Clawback Documents were created for "the *predominant* purpose" of seeking legal advice. *In re Aenergy, S.A.*, 451 F. Supp. 3d 319, 322 (S.D.N.Y. 2020) (emphasis added) (internal citations omitted). It is not enough to say (as B/T Defendants do) that obtaining legal advice was merely *one of* the contemplated purposes of the communications. *Id.* at 323. An exchange among non-lawyers that relates primarily to business matters or an entity's internal policies, as is the case here, is not protected. *See Assured*, 2013 WL 1195545, at *9. By B/T Defendants' reasoning, transferring otherwise non-privileged information to an attorney would "magically render the material privileged," a position courts in this Circuit reject. *Serin v. N. Leasing Sys., Inc.*, 2010 WL 6501666, at *2 (S.D.N.Y. Oct. 6, 2010) (citing *United States v. Walker,* 243 F. App'x 621, 624 (2d Cir. 2007); *Ratliff v. Davis Polk & Wardwell,* 354 F.3d 165, 170-71 (2d Cir. 2003)).

B/T Defendants' only authority for their position is this Court's decision in *Pacific Life*. *See* Ex. 1 at 8. However, unlike the producing party in *Pacific Life*, B/T Defendants do not contend that the non-lawyer communications in question were "created at the request" or "direction" of counsel. *See Pac. Life*, 2020 WL 6875170, at *3-*5. In fact, in *Pacific Life*, the Court rejected the producing party's claim of privilege over communications between non-lawyers concerning internal policies and procedures—as is the case here. *See id.* at *4.

Because B/T Defendants have not established that the Clawback Documents are privileged, the Court should order B/T Defendants to disclose the documents. In the alternative, Plaintiffs respectfully request that the Court direct B/T Defendants to submit the Clawback Documents for *in camera* inspection.[3]

---

[2] B/T Defendants concede that only some content in the Clawback Documents was later sent to outside counsel, but still seek to claw back the emails in their entirety. *But see TIG Ins.*, 2023 WL 6058649, at *5 ("Defendants cannot withhold an entire document if only one part of it is privileged." (citation omitted)).

[3] During the meet and confer process, B/T/ Defendants also claimed—incorrectly—that Paragraph 7(b) of the Protective Order prevents Plaintiffs from relying on the content of the Clawback Documents in bringing their privilege challenge. *See* Ex. 1 at 6. Paragraph 7(b) is expressly subject to Paragraph 7(c), which permits Plaintiffs to retain copies of the challenged communications in connection with motion practice. *See* Dkt. No. 151 ¶ 7(c). Courts recognize that "the receiving party can use the contents of such documents in resolving the privilege issue at least to the extent the receiving party had knowledge of the contents of the document before the assertion of

Respectfully submitted,

/s/ Andrew R. Dunlap
Philippe Z. Selendy
Andrew R. Dunlap
Oscar Shine
Laura M. King
SELENDY GAY PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
adunlap@selendygay.com
oshine@selendygay.com
lking@selendygay.com

/s/ Todd M. Schneider
Todd M. Schneider (*pro hac vice*)
Jason H. Kim (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for Plaintiffs and the Proposed Class*

---

privilege." *In re Keurig Green Mountain Single Serve Coffee Antitrust Litig.*, 2019 WL 2003959, at *1 (S.D.N.Y. May 7, 2019). In any event, Plaintiffs' letter does *not* rely on any allegedly privileged content in the Clawback Documents, but only on information either disclosed by counsel for B/T Defendants in connection with the clawback, *see generally* Ex. 1, or on information that is indisputably not privileged (*e.g.*, the identity of the documents' senders and recipients).