

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

January 8, 2025

<u>BY ECF AND EMAIL</u>

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re:  *In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.) (KPF)**

Dear Judge Failla:

We write on behalf of the B/T Defendants in opposition to Plaintiffs' January 3, 2025 motion (Dkt. No. 581, the "Motion") to compel the production of two documents (the "Clawback Documents") that are plainly privileged and were appropriately clawed back pursuant to Paragraphs 7(a) and 7(b) of the Stipulation and Order for the Production and Exchange of Confidential Materials (Dkt. No. 151, the "Protective Order").  Correspondence with counsel seeking legal advice lies at the core of the attorney-client privilege, and there is no dispute that both of the Clawback Documents are drafts of an email that was later sent to outside counsel requesting legal advice.  The Court should summarily reject this baseless challenge to the B/T Defendants' assertion of privilege.

This motion turns on a straightforward application of basic principles of attorney-client privilege to facts that are not in dispute.  Plaintiffs do not dispute that the B/T Defendants properly withheld as privileged an email that Tether sent to its outside counsel at Morgan, Lewis & Bockius LLP on May 4, 2020 requesting legal advice regarding Tether's policy against insider trading.  Nor do Plaintiffs dispute that the Clawback Documents – which have the subject lines "Email Draft" and "Email Review" and are dated May 1, 2020 – are in fact drafts of the email that was ultimately sent to outside counsel.[1]

Plaintiffs' contention that these draft emails to counsel are not shielded from disclosure in the same way as the final email is baffling.  It is black-letter law that the attorney-client privilege shields communications "between client and counsel" that are "made for the purpose of obtaining or providing legal advice."  *Pac. Life Ins. Co. v. Bank of New York Mellon*, 2020 WL 6875170, at *2 (S.D.N.Y. Nov. 23, 2020).  It necessarily follows that a *draft* of a privileged communication, which contains "the information communicated by the client that provides a basis for giving advice," is also privileged.  *Maiurano v. Cantor Fitzgerald Sec.*, 2021 WL 4993060, at *2 (S.D.N.Y. Oct. 27, 2021); *see also WebXchange Inc. v. Dell Inc.*, 264 F.R.D. 123, 127 (D. Del. 2010) (holding that "drafts of confidential communications made to an attorney" are

---

[1]  The B/T Defendants discovered that the Clawback Documents had been inadvertently produced in connection with the preparation of their December 11, 2024 Responses and Objections to Plaintiffs' Requests for Admission and promptly sent a clawback notice on December 12, 2024.  Plaintiffs do not contend that the clawback is untimely.

privileged); *cf. United States v. DeFonte*, 441 F.3d 92, 96 (2d Cir. 2006) ("Certainly, an outline of what a client wishes to discuss with counsel – and which is subsequently discussed with one's counsel – would seem to fit squarely within our understanding of the scope of the privilege."). The law is also clear that the privilege extends to "communications among non-lawyer employees of a corporation," where, as here, "the purpose of the communication was to provide information to counsel or aid counsel in providing legal advice." *Robinson v. De Niro*, 2022 WL 704922, at *5 (S.D.N.Y. Mar. 9, 2022).

Nor does the fact that Tether sought legal advice regarding its policy against insider trading somehow make the Clawback Documents any less privileged, as Plaintiffs appear to suggest. (Mot. at 2.)  *See In re Cnty. of Erie*, 473 F.3d 413, 422 (2d Cir. 2007) (holding that "assess[ing] compliance with a legal obligation" and recommending "a policy that complies (or better complies) with the legal obligation . . . is legal advice").  Plaintiffs' cited authority has no relevance to their Motion because – unlike here – the documents at issue in that case were not drafts of "communications between a client and his counsel." *Assured Guar. Mun. Corp. v. UBS Real Est. Sec. Inc.*, 2013 WL 1195545, at *9 (S.D.N.Y. Mar. 25, 2013).

Unable to refute the obvious conclusion that drafts of an email seeking legal advice are privileged, Plaintiffs resort to misrepresenting the B/T Defendants' statements and positions. *First*, the B/T Defendants do not state, as Plaintiffs assert, that "obtaining legal advice was merely *one of* the contemplated purposes of the communications." (Mot. at 2.)  To the contrary, the two Clawback Documents are drafts of an email to outside counsel and were drafted for the *sole* purpose of seeking legal advice.  *Second*, the B/T Defendants did not state during the meet-and-confer, as Plaintiffs assert, that "*portions* of the [Clawback Documents] were purportedly later incorporated into emails that Tether personnel sent to outside legal counsel." (Mot. at 2 & n.2.)  Instead, the B/T Defendants stated that the Clawback Documents were part of the final email sent to outside counsel, which also included additional text.  Plaintiffs do not, and cannot, cite any support for those false assertions.

Separately, Plaintiffs should be ordered to comply with the Protective Order, which prohibits their continued review of the Clawback Documents after receiving the B/T Defendants' clawback notice on December 12, 2024.  Paragraph 7(b) states unambiguously: "Inadvertently disclosed material cannot be used in a dispute over privilege."  And Paragraph 7(c) confirms that while a motion to compel is pending, "the material subject to that application will be treated as privileged," and therefore cannot be reviewed by the moving party.  Notwithstanding this plain language, Plaintiffs do not dispute that they have continued to review the Clawback Documents, and they refer in their email correspondence and Motion to their assessment of the "face of the document," their characterization of the subject matter of the Clawback Documents, and their view as to whether the documents are "actually seeking legal advice." (Dkt. No. 581-1 at 8; Mot. at 2.)  That is improper and unacceptable.  The lone case that Plaintiffs cite to justify their violation of the Protective Order is inapplicable, as the protective order in that case expressly *permitted* the party challenging an assertion of privilege to "use the Privileged Material" for the purpose of "moving the Court for an order compelling production of the Privileged Material." *In re Keurig Green Mountain Single Serve Coffee Antitrust Litig.*, 2019 WL 2003959, at *1 (S.D.N.Y. May 7, 2019).  (Mot. at 2 n.3.)  Here, the Protective Order expressly forbids such use.

Plaintiffs' motion is meritless and should be denied in its entirety. The Clawback Documents – drafts of an email to outside counsel seeking legal advice – are indisputably privileged. Nor is there any justification for *in camera* review, although the B/T Defendants are of course willing to submit them if the Court finds that necessary. The B/T Defendants respectfully request that, pursuant to Paragraphs 7(b) and 7(c) of the Protective Order, Plaintiffs be ordered to destroy the Clawback Documents, and all copies thereof, as well as all materials reflecting the content of the Clawback Documents, and promptly certify to the B/T Defendants that they have done so.

Respectfully submitted,

/s/ Natascha Born