UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Tether and Bitfinex Crypto Asset Litigation | No. 19 Civ. 9236 (KPF) |

**EXPERT DISCOVERY STIPULATION AND [PROPOSED] ORDER**

Plaintiffs and Defendants (each a "Party" and collectively, the "Parties") in the above-captioned action (the "Action"), by and through their undersigned counsel, hereby stipulate and agree as to discovery related to expert witnesses in the Action as follows:

1.  This Stipulation and Order shall govern discovery related to expert witnesses who provide a written report under Federal Rule of Civil Procedure 26(a)(2)(B) ("testifying experts") as well as non-testifying and consulting experts ("non-testifying experts") in the Action. The Parties agree that there shall be no discovery or disclosures with respect to non-testifying experts. To the extent that this Stipulation and Order imposes limitations on discovery that would otherwise be available pursuant to the Federal Rules of Civil Procedure, the Parties agree to such limitations on discovery. Neither the terms of this Stipulation and Order nor the Parties' Agreement to them implies that any of the information exempted from discovery in this Stipulation and Order would otherwise be discoverable.

2.  Each Party shall make all applicable disclosures required by Rule 26(a)(2)(A) and (B)(i), (iii), (iv), (v), and (vi) of the Federal Rules of Civil Procedure, as modified by this Stipulation and Order, and shall disclose the facts or data relied upon by the testifying expert in forming his or her opinion(s), on the dates provided in the Court's November 15, 2024 Amended

Civil Case Management Plan and Scheduling Order (Dkt. No. 578), or as provided in any subsequent scheduling order issued by the Court, for the service of expert reports.

   3. Expert reports shall be served by e-mail and/or via secure file share. To the extent the opinions of a testifying expert include or rely upon the results of any quantitative calculations, analyses or estimates, the sponsoring party shall produce those calculations, analyses and estimates, as well as all underlying data, together with all information necessary to allow the opposing party to reproduce those calculations, analyses or estimates, within three (3) business days of the due date for serving the expert's report.  Where documents previously have been produced as part of the discovery in this Action, a list of such documents by Bates number is sufficient, and re-production of those documents is not required, except as specified below.  To the extent any such information is in the form of or relies upon computer data files, the sponsoring party shall produce all such data files, in the electronic format used by the expert, and sufficient documentation or explanation to enable one reasonably skilled in the art to understand and use such data files.  "[D]ata files" shall include, but are not limited to, all data, spreadsheets (including formulas embedded in spreadsheet cells), statistical analyses, regression analyses, input and output files, computer code necessary to recreate any data, and other sources, reports, schedules, literature, or websites if relied upon by the expert as a basis for his or her opinion and to the extent those sources are not readily available in the public domain. Such production shall be sufficient for the opposing parties and experts to reconstruct and verify the expert's work, calculations, and analyses, and shall include any instructions and guides necessary to assist in

that effort. The sponsoring party also shall answer reasonable technical inquiries about data or code.

    4.  Notwithstanding any potentially contradictory language in Rules 26(a)(2) or 26(b)(4) of the Federal Rules of Civil Procedure, the following categories of data, information, documents, or materials need not be produced by any Party, nor maintained or listed on any privilege log, and are not subject to discovery or disclosure in this matter, including at deposition or trial:

    a.  Drafts of any testifying expert's reports, analyses, exhibits, demonstratives, calculations, data compilations, modeling, data runs, declarations or affidavits prepared by, for or at the direction of any testifying expert, or other draft or preliminary materials prepared by, for, or at the direction of a testifying expert, regardless of whether such drafts have been disclosed or otherwise transmitted to in-house or outside counsel, employees, or consultants for the party or parties who have retained the testifying expert; but any facts, data, or information upon which the expert witness relies in rendering his or her expert opinion(s) in this Action shall be produced with the disclosures described in Paragraph 3 and subject to discovery;

    b.  Notes or other writings prepared by or for any testifying expert in connection with this Action, including without limitation correspondence or memoranda to or from, and notes of conversations with, (i) any testifying expert's assistants and/or clerical or support staff, (ii) other testifying experts or non-testifying experts, or (iii) the Party or counsel for the Party (including its staff) offering the testimony of such testifying expert (or any Party or counsel for any Party sharing a common interest with the Party offering the testimony of such testifying expert witness), unless the testifying expert

relied on those notes or other writings in rendering his or her expert opinion(s) in this Action;

  c. Written correspondence between any testifying expert and his or her assistants and/or clerical or support staff, other testifying experts or non-testifying experts, or the Party or counsel for the Party (including its staff) offering the testimony of such testifying expert (or any Party or counsel for any Party sharing a common interest with the Party offering the testimony of such testifying expert), except that facts, data or information, or assumptions that the Party or Party's attorney provided and that the testifying expert relied on in rendering his or her expert opinion(s) in this Action shall be disclosed; and

  d. Materials or information that may have been reviewed or considered but not relied upon by the testifying expert.

5. For avoidance of doubt, notwithstanding anything to the contrary in the Federal Rules of Civil Procedure, the following shall not be the subject of discovery, except to the extent that a testifying expert relied upon any of them as a basis for opinions included in an expert report or testimony: communications and information, written or otherwise, exchanged among or between (i) a Party and/or its counsel and the testifying expert and/or his or her staff, any non-testifying expert working at the direction of the testifying expert, and/or supporting firms; (ii) a Party and/or its counsel and any non-testifying expert and/or the non-testifying expert's staff; (iii) the testifying expert and other testifying experts and/or other non-testifying experts; (iv) the testifying expert and his or her staff and/or supporting firms; (v) non-testifying experts and their staffs; and (vi) the respective staffs and/or supporting firms of testifying experts or non-testifying

experts and the staffs and/or supporting firms of other testifying experts or non-testifying experts.

6. This Stipulation and Order should not be construed to preclude reasonable questions at deposition regarding the expert witness's compensation, the number of hours expended in preparing his or her report and testimony, or any facts or assumptions provided by a Party or a Party's counsel and relied upon by that expert witness.

7. Nothing herein shall expand, limit or waive any Party's rights to object to the (i) admission into evidence of any summary, report, affidavit, opinion or testimony from any Party's testifying expert, or (ii) qualification of any person to serve or testify as a testifying expert.

8. This Stipulation and Order may be amended only by a subsequent written stipulation between the Parties or upon order of the Court.

Dated: New York, New York
January 8, 2025

| | |
|---|---|
| /s/ Andrew R. Dunlap | /s/ Elliot Greenfield |
| Andrew R. Dunlap | Maeve L. O'Connor |
| Oscar Shine | Michael Schaper |
| Laura M. King | Elliot Greenfield |
| SELENDY GAY PLLC | DEBEVOISE & PLIMPTON LLP |
| 1290 Sixth Avenue | 66 Hudson Boulevard |
| New York, NY 10104 | New York, New York 10001 |
| *adunlap@selendygay.com* | (212) 909-6000 |
| *oshine@selendygay.com* | *moconnor@debevoise.com* |
| *lking@selendygay.com* | *mschaper@debevoise.com* |
| | *egreenfield@debevoise.com* |

/s/ Todd M. Schneider
Todd M. Schneider (pro hac vice)
Matthew S. Weiler (pro hac vice)
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

*Interim Lead Counsel and Attorneys for the Plaintiffs and the Proposed Class*

Michael Jason Lee (*pro hac vice*)
LAW OFFICES OF MICHAEL JASON LEE, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
(858) 550-9984
michael@mjllaw.com

Sunjina K. Ahuja (*pro hac vice*)
Christopher J. Beal (*pro hac vice*)
DILLON MILLER, AHUJA & BOSS, LLP
5872 Owens Ave., Suite 200
Carlsbad, California 92008
(858) 587-1800
sahuja@dmablaw.com
cbeal@dmablaw.com

*Attorneys for Defendants iFinex Inc., DigFinex Inc., BFXNA Inc., BFXWW Inc., Tether International Limited, Tether Operations Limited, Tether Holdings Limited, Tether Limited, Giancarlo Devasini, and Ludovicus Jan van der Velde*

/s/ Charles D. Cording
Charles D. Cording
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
ccording@willkie.com

*Attorneys for Defendant Philip G. Potter*

SO ORDERED this _____ day of _____, 2025.

_____

HON. KATHERINE POLK FAILLA
United States District Judge

6