

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

February 7, 2025

BY ECF AND EMAIL

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re: In re Tether and Bitfinex Crypto Asset Litigation**, No. 19 Civ. 9236 (S.D.N.Y.) (KPF)

Dear Judge Failla:

We write on behalf of the B/T Defendants concerning two disputes between the parties over the schedule for class certification briefing and expert reports. *First*, the B/T Defendants ask the Court to confirm that, as set forth in the Amended Civil Case Management Plan and Scheduling Order, Plaintiffs are not entitled to file reply expert reports in connection with their motion for class certification. (Dkt. No. 578, "Scheduling Order.") *Second*, the B/T Defendants seek a three-week extension to Defendants' deadlines for deposing Plaintiffs' experts and opposing Plaintiffs' motion based on Plaintiffs' late production of crucial information concerning their expert reports that was required to be produced under the Expert Discovery Stipulation and Order. (Dkt. No. 589, "Expert Order.") The B/T Defendants met and conferred with Plaintiffs, who oppose the relief sought herein.

I.      **Plaintiffs Are Not Permitted to File Reply Expert Reports.**

The Court's Scheduling Order is crystal clear that Plaintiffs are *not* entitled to submit reply expert reports in connection with their motion for class certification. Paragraph 7 calls for Plaintiffs to file their motion and supporting expert reports (followed by depositions of Plaintiffs' experts), then for Defendants to file their opposition and supporting expert reports (followed by depositions of Defendants' experts), and finally for Plaintiffs to file their reply brief. (Scheduling Order ¶ 7.) By contrast, for "Additional Experts" – *i.e.*, "[o]ther than experts for class certification" – the Scheduling Order expressly allows the parties to file opening expert reports, rebuttal expert reports *and reply expert reports*, all in advance of any expert depositions and prior to any motions for summary judgment. (Scheduling Order ¶¶ 8, 12.)

The Scheduling Order makes sense because allowing reply expert reports in connection with class certification would prejudice Defendants by depriving them of an opportunity to depose Plaintiffs' experts regarding those reports and to address them in Defendants' opposition brief. And where the Scheduling Order does allow reply reports, the parties have an opportunity to depose the expert before briefing takes place. Both parties have agreed to this structure since the first proposed scheduling order was submitted to the Court. (Dkt. Nos. 193-1, 193-2.)

Despite the clear language of the Scheduling Order and years of agreement on this issue, Plaintiffs notified Defendants on January 23, 2025 (two weeks after filing their motion and

supporting expert reports) that they plan to file reply expert reports – *i.e.*, "rebuttals" to Defendants' rebuttal reports – together with their reply brief. (Ex. 1, Pls.' 1/23/25 Email at 1.) Plaintiffs made clear that they intend to submit these additional expert reports even if Defendants serve only rebuttal reports. (Ex. 2, Pls.' 1/31/25 Email at 1.)

Plaintiffs' new demand for reply expert reports is directly contrary to the plain terms of the Scheduling Order and would severely prejudice Defendants. The Scheduling Order requires Defendants to depose Plaintiffs' experts and file their opposition brief months before Plaintiffs plan to serve reply reports. There is no provision for Defendants to depose Plaintiffs' experts on any new reports and to address those arguments with their own reply expert reports and sur-reply brief, as Defendants would have insisted had Plaintiffs sought to include reply expert reports when the parties negotiated the scheduling order. Furthermore, to the extent that Plaintiffs elected not to address issues on which they bear the burden of proof on class certification in their opening brief and expert reports, they should not be permitted to do so for the first time on reply when Defendants have no opportunity to respond.

Although Plaintiffs suggested that Rule 26(a)(2)(D)(ii) permits them to serve a reply report, the Rule by its terms applies only "[a]bsent a stipulation or court order," like the parties' Scheduling Order, and requires parties to make expert "disclosures at the times and in the sequence that the court orders." Whether reply reports are allowed in a given case is a matter of agreement between the parties and/or a court order. *See*, *e.g.*, *Sandata Techs., Inc. v. Infocrossing, Inc.*, 2007 WL 4157163, at *2 (S.D.N.Y. Nov. 16, 2007) (stating that reply expert reports must be "requested and allowed by the Court" and denying leave to submit a reply where "[t]here had previously been no requests by the parties for the submission of reply reports, and the Court's expert discovery schedule did not provide for replies"). Plaintiffs' reliance on *S.E.C. v. Badian*, 2009 WL 5178537 (S.D.N.Y. Dec. 23, 2009) is misplaced, as the scheduling order in that case – unlike here – provided deadlines only for opening reports followed by several months of additional expert discovery, was "silent on rebuttal reports," and therefore did not displace Rule 26(a)(2)'s provision for rebuttal reports. *Id.* at *1, 4.

In order to proceed efficiently and avoid inevitable motions to strike, the B/T Defendants request that the Court confirm that the Scheduling Order does not permit reply expert reports in connection with class certification.

## II.      Good Cause Exists for a Three-Week Extension of Class Certification Deadlines.

There is good cause for a modest extension to Defendants' deadlines based on Plaintiffs' delayed production of information required by the Expert Order. Plaintiffs served reports by Kenneth Malek and David DeRamus totaling almost 400 pages on January 10, 2025, and an amended report by Professor DeRamus on January 22, 2025. (Dkt. Nos. 587-1, 587-2, 592-1.) Pursuant to the Expert Order, Plaintiffs were required to produce – by January 15 – all supporting materials for those reports, including "any quantitative calculations" or "analyses" relied upon by the experts, "together with all information necessary to allow the opposing party to reproduce those calculations [or] analyses." (Dkt. No. 589, ¶ 3.)

Plaintiffs' January 15 disclosures improperly omitted information that was critical for Defendants' experts to understand and test Mr. Malek's and Dr. DeRamus's opinions and

The Honorable Katherine Polk Failla        3        February 7, 2025

analyses, assist defense counsel in preparing for their depositions, and respond to their reports. (Exs. 3, 4, B/T Defts.' 1/23/25 & 1/28/25 Ltrs.)  Specifically:

- In his report, DeRamus cites unspecified "backup materials" *over sixty times*, referencing a hard drive that contains a *terabyte of data* comprising *over 89,000 files*.  (*See* Dkt. No. 592-1.)  Defendants' experts thoroughly searched this hard drive but were unable to identify the specific "backup materials" that DeRamus cites to throughout his report.  Vague citations to "backup materials" contravene a central purpose of the Expert Order, which is to allow a party to reproduce and test the quantitative calculations and analyses in the opposing party's expert reports, as well as Rule 26(a)(2), which requires that an expert report identify the basis of any opinion.  On January 27, 2025, Plaintiffs provided a spreadsheet titled "Backup material to production mapping" that set out for each citation the file path for the relevant material and the line of software code.  Although Plaintiffs claim that this spreadsheet was unnecessary and was produced only as a "courtesy," the information they had initially provided was wholly insufficient.[1]

- In his report, Malek relies on eight exhibits in PDF format that purport to set out the results of his quantitative calculations and analyses, yet Plaintiffs did not produce the underlying Excel spreadsheets containing the inputs and formulas for each cell. (Ex. 6, Pls.' 1/31/25 Ltr.)  That violated the express terms of the Expert Order, which requires production of the information necessary to reproduce any quantitative calculations, including "spreadsheets (including formulas embedded in spreadsheet cells)" and specifies that those files be produced "in the electronic format used by the expert."  (Dkt. No. 589 ¶ 3.)  Defendants' experts required these spreadsheets to reproduce Malek's calculations and asked the B/T Defendants' counsel to seek their production.  Plaintiffs provided the underlying Excel spreadsheets on January 31, 2025.

The Defendants and their experts have spent significant time attempting to locate the material relevant to DeRamus's opinions and to reproduce Malek's analyses, and Plaintiffs' belated productions have resulted in substantial delay.

Accordingly, the B/T Defendants respectfully request a three-week extension to the March 14, 2025 deadline (to April 4, 2025) for deposing Plaintiffs' experts and the April 11, 2025 deadline (to May 2, 2025) for opposing Plaintiffs' motion, with concomitant extensions to the remainder of the class certification deadlines.  The Court previously extended all class certification deadlines by three weeks on the consent of all parties following Plaintiffs' service of 4,488 RFAs. (Dkt. No. 572, 576-77.)  This modest extension will not prejudice Plaintiffs in any way.

Respectfully submitted,

*/s/ Elliot Greenfield*

---

[1] Plaintiffs' suggestion that Defendants had no need for this "Backup material to production mapping" spreadsheet because Plaintiffs produced a different spreadsheet addressing the *figures* in DeRamus's report is meritless.  (Ex. 5, Pls.' Jan. 27, 2025 Ltr. at 2.)  There is virtually no overlap in the file paths identified in the two spreadsheets, the initial spreadsheet did not identify the relevant lines of code, and many of the 60-plus citations to "backup materials" in DeRamus's report had no connection to the figures addressed in the initial spreadsheet.