UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Tether and Bitfinex Crypto Asset Litigation
Case No. 1:19-cv-09236 (KPF)



NON-PARTY MOTION TO UNSEAL COURT RECORDS FOR PURPOSES OF INVESTIGATIVE JOURNALISM

Pursuant to the First Amendment and Common Law Right of Access

TO THE HONORABLE KATHERINE POLK FAILLA, UNITED STATES DISTRICT JUDGE:

Non-party movant, an investigative journalist and advocate for transparency and accountability in financial markets, respectfully submits this motion to unseal certain court records filed under seal in the above-captioned matter. This motion is brought under the presumptive rights of access afforded by the First Amendment, common la*, and principles of open justice, in light of significant public interest in the operations of cryptocommodity markets and based on a substantial data leak obtained independently by the movant, which appears to be corroborated by sealed materials in this case.

I. INTRODUCTION

Movant is an investigative journalist with a record of reporting on systemic risks in financial markets, including cryptocurrency trading platforms and stablecoin issuance. Movant recently obtained and has verified the authenticity of a leaked dataset, which includes internal communications and trade logs potentially implicating market manipulation and coordinated trading activities among entities associated with Tether and Bitfinex. This leak appears to materially overlap with evidence currently under seal in this litigation.

The public has a fundamental right to understand how systemic risks in emerging financial instruments are adjudicated, and this right is amplified where court records bear directly on alleged fraudulent conduct affecting global markets.

II. RELEVANT BACKGROUND

The sealed documents at issue—believed to include internal messages, transactional records, and third-party expert reports—may substantially corroborate and contextualize the data Movant has independently obtained. This includes:

- Trading patterns of a so-called "Anonymous Trader" alleged to have used unbacked Tether to inflate cryptocommodity prices;
- Communications involving executives at iFinex, Bitfinex, and Tether that potentially support allegations of deceptive market conduct;
- Internal risk assessments and/or audits evaluating whether USDT was sufficiently collateralized during the relevant period.

Movant is not seeking privileged communications or personal identifiers but seeks access to non-confidential components that serve the public interest in transparency, market integrity, and financial journalism.

III. LEGAL FRAMEWORK

A. Common Law Right of Access

Federal courts recognize a strong presumption in favor of public access to judicial records. See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). A judicial document is

"relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo* ("Amodeo II"), 71 F.3d 1044, 1049 (2d Cir. 1995).

B. First Amendment Right of Access

The First Amendment protects the right of the press and public to attend judicial proceedings and view associated documents. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). The burden of demonstrating a compelling interest in maintaining secrecy lies with the party seeking continued sealing. The restriction must be narrowly tailored and no less restrictive alternatives may exist.

C. Application to This Case

As the Court is evaluating significant claims of systemic fraud in cryptocommodity markets, materials forming the basis of dispositive motions and expert analysis are judicial documents subject to public access. Any privacy concerns—particularly those related to proprietary trade data or individual identities—can be addressed through narrowly tailored redactions, not wholesale sealing.

---

IV. ARGUMENT

A. The Public Interest in This Case Is Extraordinary

This litigation implicates the integrity of global crypto markets, the practices of a major stablecoin issuer (Tether), and allegations of systemic market manipulation. The public's interest in financial market transparency and accountability—especially in light of significant regulatory uncertainty and recent high-profile collapses (e.g., FTX, Terra/LUNA)—could hardly be greater.

B. The 80 000 document Leak Obtained by Movant Is Corroborated by Court-Sealed Evidence

Movant has obtained a trove of 80 000 related internal records, including emails, audit-related correspondence, wallet movement data, and draft compliance memos. Based on publicly available docket entries, sealed exhibits, and references in the redacted filings, it is reasonably believed that at least some of the materials now under seal overlap with or confirm the contents of the leak. Unsealing is critical to verifying the data and responsibly informing the public.

C. Sealing Undermines the Press's Constitutional Function

Courts have repeatedly held that the press serves as a surrogate for the public, particularly where complex financial schemes are concerned. See *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982). Withholding corroborating judicial documents from scrutiny inhibits the press's ability to fulfill its First Amendment role.

D. Redactions Can Protect Legitimate Privacy Interests

Movant does not seek access to personally identifiable information, customer account data, or proprietary algorithmic trading models. The unsealing requested can be narrowly tailored to maintain confidentiality of such sensitive material while still enabling public access to key evidence.

V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court:

1. Unseal all judicial records that support dispositive motions, expert opinions, or declarations that do not involve personal identifiers or privileged information;
2. In the alternative, **require parties to submit proposed redacted versions** of the sealed materials, narrowly tailored to protect only legitimate privacy or proprietary interests;

3. Grant such other and further relief as the Court deems just and proper.

Dated: April 11, 2025
Respectfully submitted,

Khadija Sharife, Investigative Journalist
ksharife@gmail.com
Senior global investigative journalist, Organised Crime & Corruption Reporting Project (OCCRP)

---

The Court is in receipt of Ms. Sharife's motion to unseal certain court records filed under seal in this case. (Dkt. #599). The Court is also in receipt of Defendants' response in opposition (Dkt. #600), and Plaintiffs' letter confirming that they take no position on this motion (Dkt. #601). For the reasons that follow, Ms. Sharife's motion is DENIED without prejudice to its renewal.

The Court has allowed certain materials in this case to be filed under seal after careful consideration, in accordance with *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). As explained in this Court's June 26, 2024 Opinion and Order, the Court allowed for these limited redactions in order to protect the personal information of the Anonymous Trader. (Dkt. #561 at 50-54). In so ruling, the Court specifically rejected redactions that would unnecessarily seal allegations that are integral to the theory of market manipulation set forth in the Second Amended Complaint. (*Id.*). Such an approach is aligned with the rulings of other courts in this District. See, e.g., C*RC Ins. Servs., Inc.* v. *Suh*, No. 22 Civ. 9528 (AT) (JW), 2025 WL 560749, at *2 (S.D.N.Y. Feb. 19, 2025) (allowing sealing that was "narrowly tailored to prevent unauthorized dissemination of confidential business information"); *Pauwels* v. *Bank of New York Mellon Corp.*, No. 19 Civ. 2313 (RA), 2025 WL 41199, at *2 (S.D.N.Y. Jan. 7, 2025) (finding that "countervailing interests overcome the presumption of access and justify sealing").

Ms. Sharife's letter fails to persuade the Court that it should stray for its current approach. Should Ms. Sharife file another motion that more thoroughly engages with the standard set forth in *Lugosch*, or should Ms. Sharife renew her motion after the Court has ruled on the parties' proposed redactions to the briefing for the motion for class certification, the Court will carefully consider her request.

The Clerk of Court is directed to terminate the pending motion at docket entry 599.

Dated:   April 21, 2025          SO ORDERED.
         New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE