UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE TETHER AND BITFINEX CRYPTO ASSET LITIGATION
Case No. 1:19-cv-09236-KPF

REFILED MOTION TO INTERVENE AND TO UNSEAL JUDICIAL DOCUMENTS
IN RESPONSE TO THE COURT'S ORDER

Investigative Journalist Khadija Sharife, a non-party Movant, respectfully moves this Court, the Honorable Katherine Polk Failla, United States District Judge for the Southern District of New York, for an Order:

1. Granting leave to intervene in the above-captioned matter for the limited purpose of asserting the public's right of access through media to judicial documents under the common law and the First Amendment; and
2. Directing the unsealing of judicial records currently sealed or redacted beyond what is necessary to protect the personal identifying information of the individual referred to as the "Anonymous Trader," as outlined in the Court's Opinion and Order (Dkt. #561 at 50–54).


REFILED MOTION TO INTERVENE AND UNSEAL


I ask the Court, and the Honorable Judge Katherine Failla, to please forgive any errors or lack of expertise in my refiled motion to intervene and to unseal judicial documents that appear to remain redacted or sealed in a manner broader than authorized by this Court's June 26, 2024 Opinion and Order (Dkt. #561 at 50–54).

It is within the power of the Court to ensure that the higher value of the law, and justice is served in our space and time, on behalf of the public good.

I fully support the Court's decision to allow redactions narrowly tailored to protect the personal privacy of the Anonymous Trader but now seek enforcement of the Court's clear directive that redactions not extend to "allegations that are integral to the theory of market manipulation" alleged in the Second Amended Complaint.

This application is firmly grounded in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006), which governs the public's presumptive right of access to judicial records in this Circuit. The Court's ruling correctly aligns with Lugosch and with recent authority in this District, including CRC Ins. Servs., Inc. v. Suh, 2025 WL 560749, and Pauwels v. Bank of New York Mellon Corp., 2025 WL 41199.

However, upon review of docketed materials, certain records appear to remain redacted in ways that may obscure evidence critical to the public interest and allegations central to the theory of market manipulation, artificially manufactured demand and illicit and potentially illegal financial flows. I respectfully asks the Court to clarify and enforce the applicable standard in favor of public access, consistent with its own ruling and the controlling authority.


I. STANDING TO INTERVENE TO ASSERT THE PUBLIC'S RIGHT OF ACCESS

The Second Circuit recognizes that non-party members of the press, such as myself, may intervene in a civil case for the limited purpose of asserting the public's right to access judicial records. See Lugosch, 435 F.3d at 124; United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995). Investigative journalists such as myself have a direct and legitimate interest in ensuring that the judicial process remains open to public scrutiny in cases of major economic and regulatory consequence particularly where such enable fraud, financial crime and market manipulation.

I do not seek to intervene on the merits or to disrupt the proceedings but solely to assert the right of public access to judicial documents, consistent with the limited intervention permitted by law.

II. THE DOCUMENTS AT ISSUE ARE JUDICIAL DOCUMENTS ENTITLED TO A STRONG PRESUMPTION OF ACCESS

Under Lugosch, a document is a judicial document if it is "relevant to the performance of the judicial function and useful in the judicial process." 435 F.3d at 119. Materials submitted in connection with dispositive motions—including summary judgment, motions to dismiss, and discovery sanctions—are given the **strongest** presumption of access. Id. at 121.

In this case, sealed and redacted materials—including internal emails, communications involving traders, deposition testimony, and exhibits—were submitted in connection with dispositive briefing and are cited or relied upon in Court rulings. As such, they fall squarely within the scope of Lugosch and must be made public absent compelling, narrowly tailored justifications supported by specific findings.

In furtherance of the public's presumptive right of access under Lugosch, I respectfully requests the Court's review of sealed filings at ECF Nos. 302, 308, 319, 329, 352, 364, 374, 380, 393, 397, 401, 500, and 552 among others. These documents—filed in connection with summary judgment proceedings, expert reports, deposition designations, and related briefing—bear directly on the dispositive issues in this matter and appear to contain information integral to the plaintiffs' theory of market manipulation.

I acknowledge the Court's ruling permitting limited redactions to protect the personal privacy of the Anonymous Trader (Dkt. #561 at 50–54) and does not seek to disturb those specific protections.

In light of the Court's stated position rejecting broader sealing of "allegations that are integral" to the claims (id.), I respectfully submit that continued sealing of these docket entries may exceed the permissible scope and requests that they be unsealed or refiled with narrowly tailored redactions in accordance with the Court's guidance and the applicable legal standard.

III. THE COURT'S PRIOR RULING ALLOWS FOR NARROW REDACTIONS—BUT CERTAIN SEALING REMAINS OVERBROAD

The Court made clear in its Opinion and Order that:

"The Court allowed for these limited redactions in order to protect the personal information of the Anonymous Trader. […] In so ruling, the Court specifically rejected redactions that would unnecessarily seal allegations that are integral to the theory of market manipulation set forth in the Second Amended Complaint." (Dkt. #561 at 50–54).

This approach is not only appropriate but legally mandated under Lugosch. However, based on my review of the public docket, it appears that some filings—particularly those submitted in connection with expert testimony, summary judgment, or the motion to dismiss—may remain sealed or redacted in ways that inadvertently suppress information essential to understanding the alleged manipulation of the digital asset market.

The Second Circuit has made clear that materials filed in connection with dispositive motions—such as summary judgment or motions to dismiss—are "judicial documents" subject to the strongest presumption of public access. Lugosch, 435 F.3d at 121.

I respectfully request a renewed review of such materials to determine whether redactions exceed the narrow bounds set forth in the Court's Opinion and whether further unsealing is required to vindicate the presumption of access.

## IV. NO COMPELLING COUNTERVAILING INTEREST JUSTIFIES CONTINUED SEALING OF CORE ALLEGATIONS

Under Lugosch and its progeny, once the presumption of access attaches, sealing may only be maintained where a higher value overrides it and where sealing is "narrowly tailored" to serve that interest. Id. at 124. Courts in this District have permitted limited sealing to protect legitimate privacy concerns (Pauwels, 2025 WL 41199), or confidential business information when "narrowly tailored" to prevent misuse (CRC Ins. Servs., 2025 WL 560749). However, courts have uniformly rejected sealing of allegations central to public claims of fraud or manipulation.

Here, the limited interest in shielding the identity of the Anonymous Trader is already protected by the redactions authorized in Dkt. #561. Any further sealing of the factual record—particularly of communications or testimony implicating alleged misconduct—cannot be justified by vague confidentiality concerns and would undermine the Court's own guidance.

## V. PUBLIC INTEREST WEIGHS HEAVILY IN FAVOR OF UNSEALING

This case involves claims of market manipulation in one of the most consequential financial sectors of the last decade—cryptocurrency markets. The allegations concern the integrity of digital asset pricing, potential misrepresentation by centralized trading platforms, and the broader implications of unregulated or misregulated markets.

Transparency here serves not only the public interest but also market stability and investor protection. As the Second Circuit has consistently emphasized, "monitoring of the courts by the public is an essential feature of democratic control." Amodeo, 71 F.3d at 1048.

## CONCLUSION

For the foregoing reasons, and in accordance with this Court's ruling and the Second Circuit's controlling precedent in Lugosch, Movant I respectfully requests that the Court:

1. Grant leave to intervene for the limited purpose of asserting the public's right of access;
2. Conduct a further review of judicial documents sealed or redacted in connection with dispositive motions or cited in the Court's opinions;
3. Direct the unsealing or re-filing of documents with only those redactions necessary to protect the personal identifying information of the Anonymous Trader.

April 22 2025
Respectfully submitted

Khadija Sharife