**Debevoise & Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

May 9, 2025

BY ECF AND EMAIL

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re: *In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.) (KPF)**

Dear Judge Failla:

We write on behalf of the B/T Defendants in opposition to non-party Khadija Sharife's April 25, 2025 refiled motion to unseal or redact documents in this matter.[1] (Dkt. No. 603, the "Refiled Motion.") The Refiled Motion does not present any new grounds that warrant reversal of the Court's prior orders protecting highly sensitive materials in this case, and it should be denied for the same reasons as Ms. Sharife's original motion to unseal. (Dkt. Nos. 599, 602.)

As noted, the Court has already considered and granted the parties' motions for leave to apply narrow redactions to previous filings and to maintain under seal certain exhibits thereto, primarily in order to protect the B/T Defendants' highly sensitive business information and the safety and confidentiality of the Anonymous Trader. Most of the filings listed in the Refiled Motion related to discovery disputes, where the letter motions themselves were filed without any redactions or with limited redactions related to the Anonymous Trader and the confidential, sensitive financial information of Plaintiffs, current or former Defendants, Bitfinex or Tether customers, or other individuals associated with Defendants, and certain supporting exhibits reflecting that information were filed under seal. (Dkt. Nos. 302, 308, 319, 329, 352, 364, 374, 380, 393, 397, 401.) The Refiled Motion also cites certain filings related to Plaintiffs' motion for leave to file the Second Amended Complaint, which was publicly filed with limited redactions approved by the Court, with certain exhibits remaining under seal. (Dkt. Nos. 500, 552.) None of those materials form the basis of any dispositive motions.

The Court's prior orders were consistent with those of other courts in this District (Dkt. No. 602), and fully in accordance with the standards set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Refiled Motion cites nothing to the contrary.

Respectfully submitted,

/s/ Elliot Greenfield

---

[1] Defendant Philip G. Potter joins in, adopts, and supports all of the arguments contained in this letter.