

May 12, 2025

**Via ECF**

Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, 19-CV-09236 (KPF) (S.D.N.Y.)

Dear Judge Failla,

We represent Plaintiffs in the above-referenced litigation. On May 3, 2025, B/T Defendants filed a motion to exclude the testimony of David DeRamus, one of Plaintiffs' class certification experts, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See* Dkt. 609. The Court should strike Defendants' *Daubert* motion because it violates the Amended Civil Case Management Plan and Scheduling Order (Dkt. 578, the "Scheduling Order"), in which the parties agreed—and this Court ordered—that *Daubert* motions would be filed only in connection with summary judgment, after experts submit reply reports responding to opposing experts' critiques. In the alternative, if the Court declines to strike the motion, it should confirm that Plaintiffs' expert can submit a reply report that substantively responds to the critiques underlying the *Daubert* motion.

In the Scheduling Order, the parties agreed that *Daubert* motions would be briefed after the close of expert discovery, in connection with summary judgment motions, and with the benefit of full expert discovery, including the submission of opening, rebuttal, and reply expert merits reports. The Scheduling Order states: "a party shall file its motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and [] *Daubert* … at the same time that the party files the opening brief to its summary judgment motion" or otherwise "within 120 days of the close of expert discovery." Scheduling Order ¶ 13. It is equally clear that "additional" expert discovery after class certification would include "opening expert reports," "expert reports in opposition to opening reports," and "expert reports in reply to opposition reports." *Id.* ¶ 8(a).

The parties expressly agreed to full expert discovery prior to *Daubert* motions. In negotiating a proposed schedule, B/T Defendants proposed that "[f]or summary judgment and Daubert briefing, we'd propose to [brief] those simultaneously, as summary judgment is likely to depend heavily on expert reports," and to "brief summary judgment and Daubert together." Exhibit 1. Plaintiffs "agree[d] to proceed with other expert discovery and summary judgment as proposed," Exhibit 2 at *10, and proposed edits to that effect, *see* Exhibit 3 at *5 ¶ 12, which were incorporated into the final Scheduling Order. *See* ¶ 13. Those edits made clear that *Daubert*

motions would not be submitted with class certification but only after merits expert discovery, which is to occur after "any order certifying the class." *See id.* ¶¶ 8(b), 13.

The Scheduling Order simply does not permit B/T Defendants' *Daubert* motion in connection with class certification. Earlier this year, B/T Defendants successfully argued that the Scheduling Order does not permit Plaintiffs to submit expert reply reports in connection with class certification because the Scheduling Order does not expressly permit them to do so but expressly allows those reports in connection with summary judgment. Dkt. 596 at 1. The Court agreed. *See* Dkt. 598 (the "February 18 Order"). But now, even though the Scheduling Order does not allow them to file *Daubert* motions with class certification but expressly allows them to file such motions only at summary judgment, B/T Defendants filed a *Daubert* motion without seeking leave of Court. The Court should strike the motion as a patent violation of the Scheduling Order. *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, 2013 WL 489061 (S.D.N.Y. 2013) (granting motion to strike expert submission submitted after scheduling order's set deadline); *Convolve, Inc. v. Compaq Computer Corp.*, 2006 WL 2527773, at *5 (S.D.N.Y. Aug. 31, 2006) (similar); *see also Maye v. City of New Haven*, 89 F.4th 403, 408 (2d Cir. 2023) ("Put simply, parties are not generally free to make motions … whenever or however they please, in direct contravention of a district court's scheduling orders.").[1]

Allowing B/T Defendants' *Daubert* motion at class certification would severely prejudice Plaintiffs because they are currently precluded by the February 18 Order from submitting expert reply reports in support of their class certification motion. That is, B/T Defendants ask the Court to exclude DeRamus' report based on their experts' critiques while denying DeRamus a response to those critiques. For example, one of B/T Defendants' experts claims DeRamus erred in testing whether two variables used in his regression analysis—BTC prices and USDT outstanding—are cointegrated. *See* Dkt. No 608-1 ¶¶ 72-73, 91-100; *accord* ECF No. 610 at 18-19. In a reply report, DeRamus would explain that the two variables are cointegrated and that B/T Defendants' expert's claim is incorrect.[2] Allowing B/T Defendants to submit a *Daubert* motion without allowing DeRamus to reply would be contrary to the Scheduling Order and standard practice in this district. *See, e.g.*, *City of Philadelphia v. Bank of Am. Corp.*, 2023 WL 6160534, at *7 (S.D.N.Y. Sept. 21, 2023) (relying on reply expert submissions to resolve *Daubert* challenges); *Set Cap. LLC v. Credit Suisse Grp. AG*, 2023 WL 2535175, at *5 (S.D.N.Y. Mar. 16, 2023) (same); *Actava TV, Inc. v. Joint Stock Co. "Channel One Russia Worldwide"*, 2023 WL 2529115, at *5 (S.D.N.Y. Mar. 15, 2023) (same); *In re Namenda Indirect Purchaser Antitrust Litig.*, 2021 WL 100489, at *8

---

[1] B/T Defendants also incorporate their *Daubert* motion into their class certification opposition brief, Dkt. 605 at 12, granting themselves 28 pages of additional class certification briefing.

[2] Knowing that DeRamus could not submit a reply report, B/T Defendants asked him no questions at his deposition about his cointegration analysis or other critiques posed in their *Daubert* motion.

(S.D.N.Y. Jan. 12, 2021) (same); *In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 24-25 (S.D.N.Y. 2020) (same).[3]

The Court should therefore strike B/T Defendant's *Daubert* motion. Alternatively, if the Court is inclined to permit that motion now, it should allow DeRamus to submit a reply to the criticisms of B/T Defendants' experts. Once the Court resolves this motion, the parties can meet and confer on an appropriate schedule for the remainder of class certification.

Respectfully submitted,

/s/ Andrew R. Dunlap
Philippe Selendy
Andrew R. Dunlap
Oscar Shine
Laura M. King
SELENDY GAY PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
adunlap@selendygay.com
oshine@selendygay.com
lking@selendygay.com

/s/ Todd M. Schneider
Todd M. Schneider (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

---

[3] To the extent that these cases indicate that courts sometimes consider *Daubert* challenges at class certification, they show that courts only do so upon a full record in which the challenged expert had the opportunity to reply to the opposing party's critiques. *See City of Philadelphia v. Bank of Am. Corp.*, No. 1:19-cv-01608-JM, Dkt. 279 at 8-9 (S.D.N.Y. Mar. 14, 2022) (scheduling order providing for reply expert reports); *Set Cap. LLC v. Credit Suisse Grp. AG*, No. 1:18-cv-02268-AT, Dkt. 222 Ex. A (S.D.N.Y. Dec. 16, 2022) (reply expert report served by challenged expert); *In re Namenda Indirect Purchaser Antitrust Litig.*, 1:15-cv-06549-CM, Dkt. 490 (S.D.N.Y. Sept. 22, 2020) (same); *In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 24-25 (S.D.N.Y. 2020) (same). The parties here negotiated not to have *Daubert* challenges at class certification, choosing to defer them until after merits expert discovery that includes reply reports.