

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

May 15, 2025

<u>BY ECF AND EMAIL</u>

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:  *In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.) (KPF)

Dear Judge Failla:

We write on behalf of the B/T Defendants in response to Plaintiffs' motion to strike the B/T Defendants' Motion to Exclude the Testimony of David DeRamus or, in the alternative, to submit a reply expert report by DeRamus.  (Dkt. No. 612, the "Motion.")

The Court should deny the Motion, which is a transparent attempt to relitigate this Court's February 18, 2025, Order rejecting Plaintiffs' request to file reply expert reports in connection with their motion for class certification.  (Dkt. No. 598, the "February 18 Order.")  Nor is there any basis for the Court to strike the B/T Defendants' Motion to Exclude the Testimony of David DeRamus (the "*Daubert* Motion") and to credit DeRamus's testimony without first evaluating its admissibility under FRE 702.

I.     **Plaintiffs Are Not Permitted to File Reply Expert Reports.**

The Court already ruled in its February 18 Order that Plaintiffs could not submit reply expert reports in connection with their motion for class certification, and it should reject Plaintiffs' attempt to relitigate that decision.  (Dkt. No. 598 at 5.)

Altering the expert discovery schedule mid-way through class certification briefing to allow for additional expert reports, after Defendants have already deposed Plaintiffs' experts and filed their opposition brief, would be impracticable and severely prejudicial to Defendants.  There is no provision for Defendants to depose DeRamus on any new report and to rebut his new opinions with their own reply expert reports and sur-reply brief in opposition to class certification, as Defendants would have insisted had Plaintiffs sought to include reply expert reports when the parties negotiated the Scheduling Order.  Indeed, where the Court's Scheduling Order *permits* reply expert reports – in connection with summary judgment – it avoids these fairness issues by providing for those reports to be served *before* the experts are deposed and any briefing takes place.  (Dkt. No. 578 ¶¶ 8, 12.)

That the B/T Defendants filed the *Daubert* Motion along with their brief in opposition to class certification is no basis for revisiting the Court's February 18 Order.  Plaintiffs' assertion that Defendants should not be permitted to rely "on their experts' critiques [of DeRamus] while denying DeRamus a response to those critiques" (Motion at 2) is the exact same argument that

the Court rejected in February.  (Dkt. No. 598 at 2 (arguing that "Plaintiffs should be allowed to have their experts respond to Defendants' critiques of those experts' work")).  Indeed, the B/T Defendants' criticisms of DeRamus's proposed "common impact" methodology, including the sole example cited by Plaintiffs as warranting a reply report, appear in both the *Daubert* Motion and the class certification opposition brief.  (Dkt. No. 612 at 2 (citing critique of DeRamus's regression analysis); Dkt. No. 605 at 16 (critiquing regression analysis); Dkt. No. 610 at 18-19 (same).)  There is no good reason why the *Daubert* Motion would warrant a reply expert report when the Court has already held that the opposition brief does not.

The process called for by the Scheduling Order does not disadvantage Plaintiffs.  Plaintiffs can depose the B/T Defendants' experts and then seek to refute their critiques in Plaintiffs' reply in support of their motion for class certification and their opposition to the *Daubert* Motion.  Plaintiffs' request for reply expert reports at this stage would require a complete reworking of the schedule with substantial additional expert discovery and briefing.[1]

## II.　　There Is No Basis to Strike the *Daubert* Motion.

Plaintiffs' request that the Court strike the B/T Defendants' *Daubert* Motion has no basis in the law and should be denied.  Plaintiffs do not cite a *single* case in which a court has granted a motion to strike a *Daubert* motion challenging a class certification expert.  DeRamus's report violates every provision of Rule 702 – relying on unsupported speculation, violating basic principles of economic and statistical analysis to produce facially absurd results, engaging in improper factfinding, and relying on inadmissible evidence – and the Court should summarily reject Plaintiffs' attempt to avoid an evaluation of its admissibility.

As the Supreme Court has made clear, Plaintiffs must "affirmatively demonstrate" compliance with Rule 23 "through evidentiary proof."  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).  Plaintiffs cannot satisfy that standard with inadmissible expert evidence, and Defendants must be able to challenge the admissibility of that evidence.  "[C]ourts in the Second Circuit regularly subject expert testimony to *Daubert*'s rigorous standards insofar as that testimony is relevant to the Rule 23 class certification analysis."  *Valelly v. Lynch*, 2023 WL 2918982, at *4 (S.D.N.Y. Apr. 12, 2023); *see also In re LIBOR-Based Fin. Instruments Antitrust Litig.* ("*LIBOR VII*"), 299 F. Supp. 3d 430, 470 (S.D.N.Y. 2018) (applying "the standard rules of evidence" based on "the Second Circuit's direction that we consider 'the relevant evidence *admitted* at the class certification stage'") (quoting *In re IPO Sec. Litig.*, 471 F.3d 24, 42 (2d Cir. 2006)).  While the Court need not grant the B/T Defendants' *Daubert* Motion in order to deny class certification,[2] the *Daubert* Motion is plainly permissible and relevant at the class certification stage on the question of admissibility.

---

[1]　Contrary to Plaintiffs' assertion, the B/T Defendants extensively questioned DeRamus concerning the "critiques posed in their *Daubert* motion," as evidenced by the numerous citations to DeRamus's deposition testimony throughout the *Daubert* Motion.  (Dkt. 612 at 2 n.2; Dkt. No. 610.)

[2]　*See LIBOR VII*, 299 F. Supp. 3d at 471 (even if admissible, expert testimony must still be "weighed in determining whether each Rule 23 requirement has been met, and each requirement must still be established by a preponderance of the evidence").

Nothing about the Scheduling Order precludes *Daubert* motions in connection with class certification. (Motion at 2.) When a party submits proposed expert evidence, whether in connection with class certification, summary judgment or trial, the opposing party is entitled to challenge the admissibility of that evidence under FRE 702, an issue on which the proponents of the evidence – in this case, Plaintiffs – bear the burden of proof. *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007). For this reason, courts regularly consider *Daubert* motions in connection with class certification, irrespective of whether they are expressly mentioned in the scheduling order, including in one of the cases that Plaintiffs cite. *See Set Cap. LLC v. Credit Suisse Grp. AG*, 2023 WL 2535175 (S.D.N.Y. Mar. 16, 2023). And Plaintiffs' citation to cases in which a *Daubert* motion was decided after reply expert reports does not support their position, as the reply expert reports in those cases – unlike here – were permitted by the relevant scheduling orders.[3] (Motion at 2-3.)

Respectfully submitted,

*/s/ Elliot Greenfield*

---

[3] In *In re Aluminum Warehousing Antitrust Litig.*, No. 1:13-md-02481, 336 F.R.D. 5 (S.D.N.Y. 2020), the parties agreed to, and the Court permitted, multiple sur-reply, sur-sur-reply and sur-sur-sur-reply briefs and reply expert reports in connection with class certification. (*See*, *e.g.*, Dkt. Nos. 1157, 1164-1, 1164-2, 1177, 1178-1, 1198, 1199-1.) A similar reworking of the schedule in this case would be burdensome, inefficient, and contrary to the agreed-upon Scheduling Order.