Selendy|Gay



May 20, 2025

**VIA ECF**

```
MEMO ENDORSED
```

Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:    _**In re Tether and Bitfinex Crypto Asset Litigation**_, **19-CV-09236 (KPF) (S.D.N.Y.)**

Dear Judge Failla:

We represent Plaintiffs in the above-referenced action and write to request a four-week extension of Plaintiffs' deadlines to (1) depose Defendants' class certification experts (from June 6, 2025 to July 7, 2025); and (2) file a reply brief in support of Plaintiffs' motion for class certification (from July 8, 2025 to August 5, 2025). This is Plaintiffs' first request for an extension of the foregoing deadlines. Good cause exists to grant the requested extension based on the volume of Defendants' opposition filings, Plaintiffs' ongoing efforts to identify and address deficiencies in Defendants' expert backup productions, and Defendants' filing of an unscheduled motion to exclude the testimony of one of Plaintiffs' experts.

*First*, an extension is necessary for Plaintiffs to analyze and respond to Defendants' voluminous opposition filings. On May 2 and May 3, 2025, Defendants filed a brief in opposition to Plaintiffs' class certification motion; a separate motion to exclude the testimony of Plaintiffs' expert, David W. DeRamus; a fact declaration by Giancarlo Devasini; and three expert reports by Terrence Hendershott, Peter Easton, and Stephen McKeon. (Dkt. Nos. 605, 608-610). In total, Defendants submitted more than 500 pages of opposition material, far exceeding the volume of Plaintiffs' class certification submissions. Defendants, moreover, had nearly four months to prepare their opposition papers, whereas—even with the requested four-week extension— Plaintiffs would have only three months to respond to Defendants substantially larger submission. As a matter of fairness, Plaintiffs request additional time to evaluate and respond to Defendants' extensive and complex submissions.

*Second*, an extension is also warranted in light of numerous deficiencies in the backup materials produced by Defendants' experts Easton and McKeon. Those deficiencies have delayed and impaired Plaintiffs' ability to analyze those experts' submissions, further warranting an extension. Contrary to the Expert Discovery Stipulation and Order (Dkt. No. 589, "Expert Stipulation"), Easton and McKeon's backup materials did not include "all information necessary to allow the opposing party to reproduce" all "quantitative calculations, analyses or estimates," nor "all data, spreadsheets (including formulas embedded in spreadsheet cells), statistical analyses, regression analyses, input and output files, computer code necessary to recreate any data, and other sources, reports, schedules, literature, or websites if relied upon by the expert as a basis for his or her opinion and to the extent those sources are not readily available in the public domain." Expert

Stipulation ¶ 3. Plaintiffs raised deficiencies in the McKeon backup materials on May 13, 2025, and in the Easton backup materials on May 16, 2025.[1] Defendants responded to Plaintiffs' questions on May 14 and on May 19, providing additional information in response to some of Plaintiffs' questions but refusing to provide supplemental disclosures in response to others. An extension is warranted to give Plaintiffs sufficient time to analyze Defendants' responses and to meet and confer with Defendants as needed, and for Plaintiffs and their experts to fully analyze Defendants' expert reports and backup materials.

*Third*, an extension is further warranted by Plaintiffs' need to prepare a response to Defendants' unsanctioned *Daubert* Motion. As detailed in Plaintiffs' May 12, 2025 motion to strike (Dkt. No. 612), the Amended Civil Case Management Plan and Scheduling Order (Dkt. 578, the "Scheduling Order") stated that *Daubert* motions would be filed in connection with summary judgment, not class certification, reflecting a point the parties specifically negotiated before submitting their proposed schedule to the Court. Scheduling Order ¶ 13; Dkt. 612 at 1. Had Defendants asked, during those negotiations, for the ability to file *Daubert* motions in connection with class certification, Plaintiffs would have insisted on building more time into the Scheduling Order to accommodate that additional motion practice. Now, even if the Court ultimately grants their motion to strike, Plaintiffs have had to devote resources to responding to the *Daubert* Motion, diverting resources from preparing for depositions and their reply brief.[2]

*    *    *

Plaintiffs sought Defendants' consent to the requested extension on the morning of May 19. Ex. 1. On the afternoon of May 20, Defendants stated they oppose Plaintiffs' request. Ex. 2.

Defendants refused to consent to any extension of Plaintiffs' July 8 deadline to file their reply brief in support of class certification, taking the position that the current deadline provides Plaintiffs adequate time to prepare their brief. That is wrong: For the reasons already explained, Plaintiffs need additional time to prepare for and take depositions (and, if necessary, to respond to Defendant's *Daubert* Motion), and then time to incorporate that record into their reply brief. Defendants' refusal to consent to an extension for the reply brief is also contrary to their own

---

[1] For example, McKeon's backup materials did not fully explain how McKeon queried and processed data from certain public sources and included vague catchall citations to "news publications" and "social media posts." Similarly, Easton's backup materials included workpapers with missing or unclear citations and omitted explanations for how Easton had collected and analyzed certain data sources. Defendants claim that the Expert Stipulation does not require them to provide such explanations. That is incorrect: They were required to provide information sufficient for Plaintiffs to reconstruct and verify their analysis, which includes such explanations. These deficiencies, among others, impaired Plaintiffs' ability to comprehensively analyze and respond to Defendants' experts.

[2] On May 16, 2025, the parties submitted a stipulation and proposed order setting July 8, 2025 as the deadline for Plaintiffs' opposition to the *Daubert* Motion, with Defendants' reply due August 6, 2025. Dkt. No. 614. Plaintiffs do not seek any further modification of those proposed dates at this time.

practice. Defendants first obtained a three-week extension of their opposition deadline to accommodate time they said they needed to respond to Requests for Admission, *see* Dkt. No. 577, and then, after Plaintiffs filed their motion for class certification, received a second three-week extension to their deadlines to depose Plaintiffs' experts and file their opposition papers, *see* Dkt. No. 598. Yet Defendants now oppose Plaintiffs' request for extension that is shorter than the extensions Defendants received, even though Plaintiffs must respond to a much larger set of filings.

Defendants also oppose Plaintiffs' request to extend the June 6 deadline to depose Defendants' experts, even though they offered to make certain of their experts available past that deadline (without consenting to any extension of the reply-brief deadline).[3] Those earlier proposed deposition dates do not give Plaintiffs and their experts adequate time to prepare. Defendants also stated that their experts and counsel have conflicts limiting their availability between June 6 and July 7, but Plaintiffs offered to negotiate a longer deposition period to accommodate Defendants' experts' schedules. Defendants ignored that offer. Ex. 3 at 2. (Defendants also sought their two extensions without regard to Plaintiffs' experts' schedules.) In any event, Plaintiffs remain willing to negotiate workable deposition dates with Defendants, but they need relief from the existing deadline for the reasons explained above.[4]

Plaintiffs respectfully request that the Court grant Plaintiffs' request for a four-week extension.

Respectfully submitted,

/s/ Andrew R. Dunlap
Philippe Selendy
Andrew R. Dunlap
Oscar Shine
Laura M. King
SELENDY GAY PLLC
1290 Sixth Avenue
New York, NY 10104
pselendy@selendygay.com
adunlap@selendygay.com
oshine@selendygay.com
lking@selendygay.com

/s/ Todd M. Schneider
Todd M. Schneider (*pro hac vice*)
Matthew S. Weiler (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL
 KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

---

[3] Defendants said they would make Easton available June 9 (*i.e.*, one business day past the existing deadline), and Hendershott and McKeon available on certain dates in mid to late June.

[4] Defendants also faulted Plaintiffs for not raising the extension until May 19 (*i.e.*, 17 days after receiving Defendants filings), but Plaintiffs needed that time to review Defendants' voluminous filings and assess the time required to respond. Defendants themselves took longer—24 days—to raise their second extension request with Plaintiffs.

The Court is in receipt of Plaintiffs' letter requesting an extension of their deadline to (i) depose B/T Defendants' class certification experts and (ii) file a reply brief in support of their motion for class certification. (Dkt. #615). While the Court was prepared to issue a decision on Plaintiffs' letter-motion requesting that the Court strike B/T Defendants' motion to exclude (Dkt. #612, 613, 614), the Court believes that these disputes are best resolved together. Accordingly, the Court will not issue a decision on either dispute until B/T Defendants have had the opportunity to respond to the above.

Dated:    May 21, 2025          SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE