**Debevoise & Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000



May 22, 2025

<u>BY ECF AND EMAIL</u>

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

***Re:  In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.) (KPF)**

Dear Judge Failla:

We write on behalf of the B/T Defendants in response to Plaintiffs' May 20, 2025 motion for a four-week extension to their deadlines to depose Defendants' experts and file their class certification reply brief.  (Dkt. No. 615, "Motion.")

Plaintiffs do not identify any good cause for extending their deadlines.  The current schedule grants Plaintiffs – who are represented by two large law firms – *five weeks* to depose three experts and almost *ten weeks* to file a short reply brief of approximately 25 pages.  That is more than enough time, and Plaintiffs' request for a total of *three months* – from May 2 to August 5 – to draft a reply brief is plainly excessive by any standard.

Plaintiffs did not meet and confer with Defendants before filing this Motion or otherwise seek to reach a compromise.  Plaintiffs asked that the B/T Defendants provide their availability to meet and confer yesterday afternoon – which the B/T Defendants did – but then ignored that response and proceeded to file this motion.  (Dkt. No. 615-3 at 1-2.)

Notwithstanding the lack of good cause – and purely as a matter of professional courtesy – the B/T Defendants had offered to allow Plaintiffs to depose the B/T Defendants' experts beyond the June 6 deadline and provided available deposition dates through July 7.  (Dkt. No. 615-2.)  Had Plaintiffs responded to that offer regarding deposition dates with a request for a modest extension to the reply brief deadline, such as a few days or even a week, then Defendants would have considered it and likely agreed – again, purely as a matter of professional courtesy.  Instead, Plaintiffs insisted on an unwarranted and excessive four-week extension, and they filed this Motion making demonstrably false accusations of supposed "deficiencies" and mischaracterizing the record.

*First*, there is no basis for Plaintiffs' assertion that an extension is warranted by the "volume" of Defendants' May 2, 2025 filings.  Defendants filed a brief in opposition to class certification, which complied with the Court's word limit, and three rebuttal expert reports in response to Plaintiffs' two expert reports.  Those filings did not, as Plaintiffs claim, "far exceed" the volume of Plaintiffs' own class certification filings, which included two expert reports totaling nearly 400 pages in length.  (Mot. 1.)  The class certification briefing schedule is quite generous and

provides ample time for Plaintiffs to take three depositions and file a reply brief.[1] With respect to the *Daubert* motion, Defendants already agreed to extend Plaintiffs' deadline to respond by more than seven weeks. (Dkt. No. 614.)

*Second*, Plaintiffs have not identified *any* deficiencies in the backup materials for the B/T Defendants' expert reports, and their attempt to do so is obviously pretextual. Tellingly, Plaintiffs do not attach their letters purporting to identify deficiencies or the B/T Defendants' responses. Those letters are attached here, and we urge the Court to review them. (Exs. 1-4.) Contrary to Plaintiffs' assertions, our response letters did not provide any additional information because none was missing. As our response letters make clear, the B/T Defendants fully complied with the parties' Expert Stipulation (Dkt. No. 589), producing all of the data that their experts relied on, identifying the sources of that data, and, where relevant, producing and clearly identifying the computer code used to analyze the data. (Exs. 2, 4.) McKeon (Defendants' crypto industry expert) did not rely on "vague catchall citations," as Plaintiffs claim; he provided clearly labeled spreadsheets detailing each and every citation to a news source or social media post in a column titled "Source." (Mot. 2 n.1; Ex. 2 at 2.) Likewise, Easton (Defendants' accounting expert) provided all of the computer code he used to analyze data in a folder titled "Codes" and specifically identified it in a spreadsheet column titled "Code." (Ex. 4 at 1.) Plaintiffs do not contest any of that and have not responded to the B/T Defendants' letters.[2]

*Third*, Plaintiffs' reference to the B/T Defendants' *Daubert* motion is beside the point because Plaintiffs do not seek any further extension of their deadline to oppose that motion. As noted above, Defendants already agreed to extend Plaintiffs' deadline to respond to the *Daubert* motion by more than seven weeks. (Dkt. No. 614.)

This Motion and Plaintiffs' May 12 motion (Dkt. No. 612) seek to upend and completely rewrite – mid-way through class certification briefing – the schedule that the parties agreed to and that the Court ordered. This Motion seeks an unwarranted four-week delay to Plaintiffs' remaining class certification deadlines. And Plaintiffs' May 12 motion for leave to file reply expert reports would create far more disruption and delay, as it would require additional expert depositions, an opportunity for the Defendants' experts to rebut any new report, and a chance for Defendants to address those new opinions in a sur-reply. But nothing has changed since the Court set the class certification schedule that would justify modifying it now.

---

[1] Plaintiffs' suggestion that Defendants received a six-week extension of their class certification opposition deadline is false. (Mot. 3.) The *entire* class certification briefing schedule, including Plaintiffs' opening brief, was delayed by three weeks – at Plaintiffs' insistence – when the Court granted a three-week extension on responses to requests for admission six months ago. (Dkt. No. 577 at 1.) Defendants received a *three-week* extension on their deadline to oppose class certification after they demonstrated that Plaintiffs' expert materials were so deficient as to make it impossible for the B/T Defendants' experts to understand and rebut those reports. (Dkt. Nos. 596, 598.)

[2] Plaintiffs attempt – unconvincingly – to create a false equivalence between their manufactured grievances and the very real deficiencies in their own expert materials. (Mot. 3.) As the B/T Defendants explained at the time, DeRamus cited unspecified "backup materials" over sixty times in reference to a hard drive containing a terabyte of data comprising over 89,000 files. (Dkt. No. 596 at 3.) And Malek failed to produce spreadsheets containing the inputs and formulas for the cells in his exhibits. (*Id.*) Plaintiffs recognized those deficiencies and belatedly provided the missing information. (*Id.*)

The Court should reject Plaintiffs' tactics and direct Plaintiffs to proceed with deposing the B/T Defendants' experts (which we have offered to go beyond the June 6 deadline) and then to file their class certification reply brief pursuant to the agreed-upon Scheduling Order.

Respectfully submitted,

/s/ Elliot Greenfield
———————————————

```
The Court is in receipt of Plaintiffs' request for the Court to strike the
B/T Defendants' Daubert motion, or, in the alternative, for the Court to
permit Plaintiffs' expert to submit a reply expert report.  (Dkt. #612).
The Court is also in receipt of Plaintiffs' request for an extension of
their deadlines to (i) depose Defendants' class certification experts and
(ii) file a reply brief in support of their motion for class
certification.  (Dkt. #615).  The B/T Defendants oppose both of these
requests.  (Dkt. #613, 617).  For the reasons that follow, the Court
declines to strike the B/T Defendants' Daubert motion.  Accordingly, the
Court will endorse the parties' proposed stipulation and order regarding a
briefing schedule for the motion to exclude under separate cover.  (Dkt.
#614).  Moreover, the Court declines (once again) to grant Plaintiffs'
request to file reply expert reports in connection with their motion for
class certification.  The Court will, however, grant Plaintiffs' request
for an extension of their deadlines to depose the B/T Defendants' experts
and to file their reply brief.

The Court begins by noting that it is sympathetic to Plaintiffs' position
regarding the motion to exclude.  When issuing the February 18, 2025
Order, in which the Court denied Plaintiffs' request to file a rebuttal
expert report in conjunction with their reply class certification papers,
the Court did not contemplate that it would be addressing, at this stage
of the litigation, a Daubert motion.  Indeed, the Court wishes the B/T
Defendants had been more transparent when raising related issues and had
indicated their intent to file such a motion.  Nevertheless, the Court
will not now strike the B/T Defendants' motion to exclude, as doing so
would allow Plaintiffs to employ expert testimony without any test.
Accordingly, the Court will endorse the parties' proposed schedule for the
remainder of briefing on this motion.  (Dkt. #614).

Despite the Court's decision to allow the motion to exclude, it continues
to believe that it is unnecessary for Plaintiffs to file rebuttal expert
reports.  The Court is confident that any issues related to the expert
reports will be adequately addressed under the current briefing schedule,
and the two motions before the Court.  Moreover, allowing rebuttal reports
may necessitate a sur-reply from Defendants, and the Court wishes to
extend briefing no further.
```

The Court will, however, grant Plaintiffs' request for an extension of certain deadlines. Accordingly, Plaintiffs' deadline to depose Defendants' class certification experts is hereby adjourned to **July 7, 2025**, and Plaintiffs' deadline to file a reply brief in support of Plaintiffs' motion for class certification is hereby adjourned to **August 5, 2025.**

While the Court believes that good cause exists for these extensions, this request, as well as the B/T Defendants' previous request for an extension of the briefing schedule (Dkt. #598), has created complications in the Court's administrative calendar. In particular, the current briefing schedule forecloses the Court's ability to comply with certain semi-annual reporting obligations to Congress. To permit the Court to comply with its obligations without shortening the briefing schedule, and to allow the Court to view the motion to exclude in connection with the motion for class certification, the Court will — solely as an administrative matter — terminate the pending motion for class certification. As a courtesy to the Court, the Court requests that Plaintiffs refile their Notice of Motion for Class Certification at the time they file their reply, on or before **August 5, 2025.**

The Clerk of Court is directed to terminate the pending motions at docket entries 585 and 612.

Dated:     May 22, 2025            SO ORDERED.
           New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE