UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

*In re:*

TETHER AND BITFINEX CRYPTO ASSET LITIGATION

19 Civ. 9236 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On April 11, 2025, non-party Khadija Sharife filed a motion to unseal certain court records. (Dkt. #599). On April 18, 2025, the B/T Defendants wrote in opposition to this request. (Dkt. #600). The Court subsequently issued its decision, via lengthy endorsement, on Ms. Sharife's motion, denying her request without prejudice to its renewal. (Dkt. #602). The Court explained that it maintained the position articulated in its June 26, 2024 Opinion and Order, which allowed for limited redactions in this action in order to protect the personal information of the Anonymous Trader. (Dkt. #561 ("MTD Opinion") at 50-54). Ms. Sharife has since renewed her motion to unseal records in this case. (Dkt. #603 ("Motion")). The B/T Defendants have yet again opposed this request. (Dkt. #611). For the reasons that follow, the Court denies Ms. Sharife's motion to unseal documents.

**DISCUSSION**

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Accordingly, there is a strong "presumption of access" that applies to court documents, which is intended to ensure that "the public [has] confidence in the conscientiousness, reasonableness, [and] honesty of

judicial proceedings." *Id.* (quoting *United States* v. *Amodeo,* 71 F.3d 1044, 1048 (2d Cir. 1995)).

The Second Circuit has established a three-part test in order to assess the public right of access to judicial documents under the common law. *Lugosch*, 435 F.3d at 119-20. First, the Court must conclude that the document at issue is a "judicial document" by examining whether it is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. If the Court determines that the documents at issue are in fact judicial documents, a common law presumption of access attaches, and the Court must then determine the weight to be given to that presumption. *Id.* Finally, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

There is also a qualified First Amendment right of access to certain court proceedings and filings. *Lugosch*, 435 F.3d 110 at 120. Under the First Amendment analysis, right to access documents is evaluated under either the "experience and logic" test or the "necessary corollary test." *Id.* The experience and logic test "asks both whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question." *Newsday LLC* v. *County of Nassau,* 730 F.3d 156, 164 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Lugosch*, 435 F.3d at 120).

The necessary corollary test applies "only when analyzing judicial documents related to judicial proceedings covered by the First Amendment right [and] asks whether the documents at issue are derived from or are a necessary corollary of the capacity to attend the relevant proceedings." *Id.* Even if a court concludes that a qualified First Amendment right of access to certain judicial documents exists, such documents "may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher value and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Ms. Sharife requests the unsealing of the documents filed at docket entries 302, 308, 319, 329, 352, 364, 374, 380, 393, 397, 401, 500, and 552, among others. (Motion 2). She argues that these documents are "judicial documents" because they were filed "in connection with summary judgment proceedings, expert reports, deposition designations, and related briefings," and thus are entitled to the strongest presumption of public access. (*Id.*).

But for most of the identified documents, Ms. Sharife is incorrect. Nearly all documents she seeks to unseal pertain to discovery. In Document 302, Plaintiffs seek permission to serve interrogatories on the B/T Defendants. (Dkt. #302). In Document 308, Plaintiffs seek permission to serve an interrogatory on Bittrex. (Dkt. #308). Document 319 pertains to a discovery dispute between Plaintiffs and Defendant Bittrex. (Dkt. #319). Document 329 pertains to a discovery dispute between Plaintiffs and the B/T Defendants.

(Dkt. #329). In Document 364, Defendants request clarification regarding the Court's May 1, 2024 Discovery Order. (Dkt. #364). Documents 374 and 380 pertain to a request for a discovery extension. (Dkt. #374, 380). Documents 393 and 401 pertain to a discovery dispute regarding Plaintiffs' tax returns. (Dkt. #393, 401). In Document 397, Plaintiffs request to take additional depositions. (Dkt. #397).

Contrary to Ms. Sharife's assertion, these discovery documents are not "judicial documents." *Lugosch*, 435 F.3d at 119-20. "While the Second Circuit has not explicitly ruled on this issue, this Court has previously found that documents and information submitted to the Court in connection with discovery-related disputes are not judicial documents." *Nichols* v. *Noom Inc.*, No. 20 Civ. 3677 (LGS) (KHP), 2021 WL 857352, at *2 (S.D.N.Y. Mar. 8, 2021) (citing *Winfield* v. *City of New York*, No. 15 Civ. 5236 (LTS) (KHP), 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017)). As such, these documents are not afforded a presumption of public access, and the Court therefore denies Ms. Sharife's request to unseal them.

Documents 500 and 552 pertain to Plaintiff's motion for leave to file a second amended complaint. These documents, unlike the other documents Ms. Sharife identifies, are judicial documents. *In re Lifetrade Litig.*, No. 17 Civ. 2987 (JPO) (KHP), 2022 WL 974448, at (S.D.N.Y. Mar. 31, 2022) ("As a threshold matter the documents were filed in connection with a pre-trial motion — Plaintiffs Motion to Amend — thus, they are judicial documents and have a presumptive right of access.").

But under *Lugosch*, these documents should remain sealed because the factors counseling against disclosure outweigh those supporting it. *Lugosch*, 435 F.3d at 119. Specifically, Document 500 relays information pertaining to the identity of the anonymous trader, which Ms. Sharife herself acknowledges should be sealed. (*See* Motion 1 (asking the Court to unseal anything "beyond what is necessary to protect the personal identifying information of the … 'Anonymous Trader'")). And Document 552 relates to Defendants' highly sensitive business information, which "courts in this District routinely permit parties to seal or redact." *Binh Thanh Imp. Exp. Prod. & Trade Joint Stock Co.* v. *Amazon.com Servs. LLC*, No. 23 Civ. 292 (LGS), 2024 WL 418139, at *1 (S.D.N.Y. Feb. 2, 2024); *see also CRC Ins. Servs., Inc.* v. *Suh*, No. 22 Civ. 9528 (AT) (JW), 2025 WL 560749, at *2 (S.D.N.Y. Feb. 19, 2025) (allowing sealing that was "narrowly tailored to prevent unauthorized dissemination of confidential business information"). Furthermore, public access to these documents does not "play[ ] a significant positive role in the functioning of the particular process in question." *Newsday LLC*, 730 F.3d at 164 (internal quotation marks omitted) (quoting *Lugosch*, 435 F.3d at 120).

## CONCLUSION

Therefore, Ms. Sharife's motion to unseal is DENIED in its entirety.

The Clerk of Court is directed to terminate the pending motion at docket entry 603.

SO ORDERED.

Dated: January 21, 2026
       New York, New York

                                            KATHERINE POLK FAILLA
                                            United States District Judge