

March 11, 2026

**Via ECF and E-mail**
The Honorable Katherine Polk Failla
U.S. District Court Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *In re Tether and Bitfinex Crypto Asset Litigation*, 19 Civ. 9236 (KPF)

Dear Judge Failla:

On behalf of Plaintiffs and the Classes in the above-referenced litigation, we request (1) leave to serve narrowly tailored third-party subpoenas on Coinbase Global, Inc. ("Coinbase"), the new corporate parent of the Deribit crypto futures exchange; and (2) a two-month extension of the deadlines governing the Parties' expert discovery, *see* Dkt. 578 ¶ 8. Pursuant to the Court's Individual Rule 2.C.i, Plaintiffs attach a proposed Revised Scheduling Order as Exhibit A. This is Plaintiffs' first application for this relief. Good cause exists to grant both requests.[1] *See* Fed. R. Civ. P. 16(b)(4).

## Narrow Third-Party Discovery from Coinbase

There is good cause to allow Plaintiffs to serve Coinbase with two targeted third-party subpoenas. Good cause generally depends on the diligence of the moving party. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). "Courts in this Circuit have found good cause … when plaintiffs have diligently sought leave upon a change in controlling law." *Elsevier Inc. v. Grossmann*, 2017 WL 1843298, at *9 (S.D.N.Y. May 8, 2017) (Failla, J.); *see Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020) ("Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance").

This request follows a change in law after fact discovery closed on October 23, 2023. *See* Dkt. 578 ¶ 3. On March 8, 2024, the Second Circuit decided *Williams v. Binance*, which created new securities law regarding cryptocommodity exchanges that claim not to be subject to any country's regulatory authority. *See* 96 F.4th 129, 135-41 (2d Cir. 2024). On February 23, 2026, this Court extended *Binance* to the CEA context, resolving "whether exchanges that are effectively stateless are governed by the domestic exchange rule or foreign exchange rule" for CEA purposes by "incorporat[ing] *Binance* into the Futures Subclass definition." Feb. 23, 2026 Opinion and Order, Dkt. 654 ("Op.") at 82-84 (citing *Binance*, 96 F.4th at 136-41). The Court held that the Futures

---

[1] Plaintiffs requested Defendants' position on these requests and offered to meet and confer. Defendants responded that they "do not oppose Plaintiffs' request for a two-month extension of the parties' merits expert discovery deadlines" but "do oppose Plaintiffs' request to reopen fact discovery and serve document and deposition subpoenas." *See* Ex. B (email correspondence between R. Slepoi and E. Greenfield).

Subclass would include "those who bought Class Assets from the United States on … non-U.S. exchanges that were not subject to any other country's regulation and that either (a) matched trades on servers in the United States or (b) prohibited buyers from revoking their orders once placed." *Id.* at 84; *see id.* n.18.

Plaintiffs seek limited discovery going to the Court's announced standard for stateless exchanges because that standard marks a change in controlling law. *See Elsevier*, 2017 WL 1843298, at *9; *Sessa v. Ancestry.com Operations Inc.*, 713 F. Supp. 3d 997, 1003 (D. Nev. 2024) (a change in law can occur when a court "expand[s] on the application of [existing] jurisprudence … and establish[es] a clear test"). Plaintiffs' proposed document subpoena seeks information sufficient to show (1) whether Deribit was subject to any jurisdiction's regulatory framework; (2) the location of Deribit's offices and headquarters during the Class Period; and (3) the ability of futures traders to revoke orders on Deribit's exchange. Plaintiffs' second subpoena seeks to depose Coinbase on similar topics, to the extent that documents do not fully cover them.

Courts in this Circuit also consider the following "instructive," non-mandatory, factors when assessing good cause:

> [i] whether trial is imminent, [ii] whether the request is opposed, [iii] whether the non-moving party would be prejudiced, [iv] whether the moving party was diligent in obtaining discovery within the guidelines established by the court, [v] the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and [vi] the likelihood that the discovery will lead to relevant evidence.

*Iowa Pub. Emps.' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.* (*IPERS*), 2025 WL 1276505, at *2 (S.D.N.Y. May 2, 2025) (Failla, J.) (quoting *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, 2008 WL 4415263, at *3 (E.D.N.Y. Sep. 24, 2008)).

These factors, too, support Plaintiffs' request. *First*, and most importantly, Plaintiffs have been diligent. During the fact discovery period, Plaintiffs could not subpoena Deribit, as it had no apparent presence in the United States. Deribit's shifting location and disavowal of regulation, *see* Dkt. 524 at 2 & n.3, made it difficult to determine which nation even had jurisdiction.[2] Coinbase, a domestic corporation, acquired Deribit in August 2025.[3] Plaintiffs requested leave to serve Coinbase with third-party subpoenas regarding Deribit promptly after the Court issued its class certifi-

---

[2] Moreover, neither Panama nor the UAE—the two nations to which Deribit has had some tenuous connection in the time since *Binance* was decided, *see* Dkt. 624 at 11 & n.13—are signatories to the Hague Evidence Convention. While Panama is a signatory to the Inter-American Convention on Letters Rogatory, Jan. 30, 1975, S. Treaty Doc. No. 98-27, O.A.S.T.S. No. 43, the United States has no evidence treaty with the UAE.

[3] *See* Greg Tusar, *Deribit joins Coinbase: Unlocking the future of global crypto derivatives*, Coinbase (Aug. 14, 2025), https://www.coinbase.com/blog/deribit-joins-coinbase-unlocking-the-future-of-global-crypto-derivatives.

cation opinion. *Second*, no trial date has been set. *Third*, there is no prejudice to Defendants. *Fourth*, the proposed discovery is likely to lead to relevant evidence helpful in determining whether futures transactions on Deribit fall within the CEA. *Finally*, opposition by Defendants does not outweigh the other factors in Plaintiffs' favor. The Court should grant Plaintiffs leave to serve these subpoenas. *See Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co.*, 233 F.R.D. 338, 342-43 (S.D.N.Y. 2005) (allowing a post-discovery subpoena under the "liberally construed" "good cause" standard); *IPERS*, 2025 WL 1276505, at *6-7 (affording the same relief following close of fact discovery and class certification).

## **Two-Month Extension**

There is also good cause to extend the Parties' merits expert discovery deadlines by giving Plaintiffs two additional months to serve their experts' opening reports. Plaintiffs' requested extension, which Defendants do not oppose, would move the deadline for service of opening reports from April 23, 2026 to June 23, 2026.

In its Opinion, the Court found Dr. David DeRamus's proposed approach to be generally reliable, but it noted some issues with his report, his models, and the sufficiency of the current record for summary judgment. *E.g.*, Op. at 68 n.14. A modest extension would ensure that Dr. DeRamus has adequate time to fully address these complex points. If the Court grants Plaintiffs' request to serve subpoenas on Coinbase regarding Deribit, moreover, an extension will allow Plaintiffs' experts to incorporate the discovery responses into their initial reports.

We thank the Court for its consideration of these requests.

Respectfully submitted,

| | |
|---|---|
| /s/ Andrew R. Dunlap | /s/ Todd M. Schneider |
| Philippe Z. Selendy | Todd M. Schneider (*pro hac vice*) |
| Andrew R. Dunlap | Matthew S. Weiler (*pro hac vice*) |
| Oscar Shine | SCHNEIDER WALLACE COTTRELL KIM LLP |
| Laura M. King | |
| SELENDY GAY PLLC | 2000 Powell Street, Suite 1400 |
| 1290 Sixth Avenue | Emeryville, CA 94608 |
| New York, NY 10104 | tschneider@schneiderwallace.com |
| pselendy@selendygay.com | mweiler@schneiderwallace.com |
| adunlap@selendygay.com | |
| oshine@selendygay.com | |
| lking@selendygay.com | |

*Co-Lead Counsel and Attorneys for Plaintiffs and the Certified Classes*