**Debevoise
&Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

March 16, 2026

BY ECF AND EMAIL

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re:  *In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.) (KPF)**

Dear Judge Failla:

We write on behalf of the Defendants in opposition to Plaintiffs' March 11, 2026 motion to reopen fact discovery and serve document and deposition subpoenas.  (Dkt. No. 655, "Mot.")  As the Court is well aware, fact discovery in this matter lasted two years and closed on October 23, 2023 – *nearly 2.5 years ago*.  There is no basis whatsoever to reopen fact discovery at this stage in the litigation.

In its final extension of the schedule, in June 2023, the Court agreed to Plaintiffs' requested extension "with much regret and a twinge of annoyance," and it warned Plaintiffs "to plan for all eventualities" and "to plan for the unknown unknowns" because there would be no further extensions.  (Dkt. No. 384 at 32:16-33:5.)  When Plaintiffs nonetheless twice sought additional discovery that would have required an extension of the deadline, the Court rejected those attempts.  (Dkt. Nos. 466, 475.)  And when Plaintiffs moved for leave to file the Second Amended Complaint, they expressly represented to the Court that they "seek no new discovery." (Dkt. No. 480 at 2.)

Plaintiffs provide no good cause to reopen discovery now regarding the Deribit exchange, the only crypto exchange on which Plaintiff Pinchas Goldshtein traded crypto futures.  It has always been Plaintiffs' burden – since the beginning of this litigation – to prove that Goldshtein's transactions on Deribit were "domestic" under the Commodity Exchange Act ("CEA").  During the two years of fact discovery, Plaintiffs never sought any discovery from or about Deribit. There is no justification for waiting until after the Court's decision on class certification to do so.

Plaintiffs' assertion that the Court's class certification order "marks a change in controlling law" that justifies reopening discovery is entirely meritless.  (Mot. at 2.)  *First*, the Court's class certification order did not change the law by applying the Second Circuit's decision on extraterritorial application of securities laws in *Williams v. Binance*, 96 F.4th 129 (2d Cir. 2024), to a CEA claim.  Plaintiffs themselves cited *Williams* as controlling precedent in their reply in support of their motion for class certification last year.  (Dkt. No. 624 at 11-13.)  Indeed, it has been clear since the Second Circuit's decision in *Myun-Uk Choi v. Tower Research Capital LLC*, 890 F.3d 60, 66-67 (2d Cir. 2018), if not earlier, that the same "domestic transaction" analysis applies to both securities claims and CEA claims.  For that reason, *Williams* relies heavily on *Choi*, which involved CEA claims.  96 F.4th at 137-39.

The Honorable Katherine Polk Failla                 2                         March 16, 2026

*Second*, the Second Circuit's decision in *Williams* regarding so-called "stateless" exchanges did not change the fact that Plaintiffs already had the burden to prove, as to any non-U.S. exchange, that transactions were domestic. *See Choi*, 890 F.3d at 67-68 (assessing for purposes of extraterritoriality under the CEA where futures trades on a Korean exchange were matched, cleared and settled, and when trades became irrevocable). Accordingly, *Williams* did not impact Plaintiffs' need to take discovery on that issue. Moreover, *Williams* was decided *two years ago*, and Plaintiffs cannot be said to have acted diligently in seeking discovery following that decision.

*Third*, the additional fact discovery regarding Deribit that Plaintiffs seek would be irrelevant under *Williams* because the evidence already in the record establishes that Deribit is not "stateless." As the Court recognized in the certification order, an exchange is "stateless" under *Williams*, only where the exchange (*i*) had "not registered in any country," (*ii*) had "no physical or official location whatsoever," *and* (*iii*) was "not . . . subject to the oversight of any country's regulatory authority. (Dkt. No. 650 at 82-83.) Only if *all* three of those prongs are met can a transaction on the exchange potentially be "considered domestic under the CEA," depending on other factors. (*Id.* at 83.) It is undisputed that Deribit was registered in the Netherlands during the class period. (Dkt. No. 608-3, "McKeon Report," ¶ 228, Ex. 23.) It therefore was *not* stateless, and discovery on other topics cannot change that. (Mot. at 2.)

Plaintiffs' alternative argument that it could not have sought discovery from Deribit prior to its acquisition by Coinbase in August 2025 is equally meritless. Throughout the fact discovery period, the Deribit exchange was operated by a corporation in Panama, which was a wholly owned subsidiary of a Dutch entity.[1] Plaintiffs could have sought discovery from the Dutch parent company at any time during the discovery period, as the Netherlands is a party to the Hague Evidence Convention. Plaintiffs are well aware of the Hague Convention: they moved this Court to "issue a letter of request to the appropriate judicial authority of [the relevant nation] to compel deposition testimony from" the Anonymous Trader pursuant to the Hague Convention. (Dkt. No. 409.) Plaintiffs could also have sought discovery directly from the operating company in Panama, either through the Inter-American Convention or by means of letters rogatory. Plaintiffs inexcusably made no attempt to do so at any time during the two years of fact discovery. Plaintiffs cannot reasonably claim to have acted diligently when they failed to make any attempt at discovery regarding Deribit during the two-year discovery period – or, if they actually believed that the Coinbase acquisition was relevant, to reopen discovery after that acquisition seven months ago.

*     *     *

Separately, with respect to the schedule, Defendants do not oppose Plaintiffs' request for an extension of time for opening reports, subject to Defendants receiving the same amount of time for rebuttal reports. (Mot. at 2.) Currently, Plaintiffs' deadline to serve merits expert reports (as to issues on which they bear the burden of proof) is *two months* after the Court's February 23 class certification order, and Defendants' rebuttal reports are due *two months* after Plaintiffs' opening reports. Plaintiffs now seek *four months* to serve their opening reports. As a courtesy,

---

[1] *See* McKeon Report ¶ 228, Ex. 23; Press Release, "Deribit Moving to Panama + KYC February 2020" (Jan 9, 2020), *available at* https://insights.deribit.com/exchange-updates/deribit-moving-to-panama-kyc-february-2020/.

The Honorable Katherine Polk Failla                3                        March 16, 2026

Defendants do not oppose that request, subject to their also having *four months* to prepare and serve their rebuttal reports.[2]

Respectfully submitted,

*/s/ Elliot Greenfield*

---

[2]    For the avoidance of doubt, Defendants understand that the same schedule would apply to opening and rebuttal reports served by any party.