# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re Tether and Bitfinex Crypto Asset Litigation

No. 19 Civ. 9236 (KPF)

---

## RESPONSES AND OBJECTIONS OF THE B/T DEFENDANTS TO PLAINTIFFS' REQUESTS FOR ADMISSION

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendants iFinex Inc., BFXNA Inc., BFXWW Inc., Tether Holdings Limited, Tether Limited, Tether Operations Limited, Tether International Limited, DigFinex Inc., Ludovicus Jan van der Velde, and Giancarlo Devasini (collectively, the "B/T Defendants") by their undersigned attorneys, hereby respond and object ("Responses and Objections") to Plaintiffs' First Set of Requests for Admission, dated October 18, 2024 (the "Requests").

## INTRODUCTORY STATEMENTS

In submitting these Responses and Objections, the B/T Defendants do not in any way waive or intend to waive, but rather intend to preserve and are preserving, (*i*) the right to object on the grounds of competency, relevance, materiality, or any other proper ground to the use of any information that may be provided in response to the Requests for any purpose, in whole or in part, in any subsequent stage or proceeding in this action or any other action; (*ii*) the right to object on any ground at any time to any discovery procedure in this action or any other action; (*iii*) the right to object on any ground to any request for further responses to the Requests; and (*iv*) the right to assert the attorney-client privilege, the work product doctrine, or any other privilege or protection.

**RESPONSE TO REQUEST NO. 255:**

The B/T Defendants incorporate their General Objections and Objections to the Definitions and Instructions as if fully stated herein.

The B/T Defendants also object to this Request on the grounds that it is vague, ambiguous, and lacking clear meaning because it does not define the terms "balance sheet" or "funds." For purposes of this Response, the B/T Defendants interpret "balance sheet" to mean a formal financial statement that reports, among other things, a company's assets and liabilities, and interpret "funds" to mean fiat currency. The B/T Defendants also object to this Request on the grounds that it is vague, ambiguous, and lacking clear meaning because it does not identify the "amounts . . . owed to Tether."

Subject to and without waiving the foregoing objections, the B/T Defendants admit that the Bitfinex Exchange generated and maintains a record each of the hundreds of millions of deposits, withdrawals, and transactions on the Bitfinex Exchange throughout the Alleged Class Period, which the Bitfinex Exchange used to track its customers' funds in real time throughout the Alleged Class Period, that the Bitfinex Exchange carefully tracked its assets and liabilities, customer assets, and amounts owed to Tether and confirmed that it had sufficient U.S. dollars, excluding customer funds, to pay the amounts owed to Tether for USDT issuances, and that the Bitfinex Entities did not produce formal financial statements reporting assets and liabilities during the Alleged Class Period.

**REQUEST FOR ADMISSION NO. 256:**

Admit that Bitfinex does not have any records showing that it had sufficient U.S. dollars net of customer funds to cover the amounts that it owed to Tether throughout the Relevant Period.

**RESPONSE TO REQUEST NO. 256:**

The B/T Defendants incorporate their General Objections and Objections to the Definitions and Instructions as if fully stated herein. The B/T Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacking clear meaning because it does not define the terms "records" and "funds." For purposes of this Response, the B/T Defendants

interpret the term "records" to mean any form of documentation, including database entries and the term "funds" to mean fiat currency. The B/T Defendants also object to this Request on the grounds that it is vague, ambiguous, and lacking clear meaning because it does not identify the "amounts . . . owed to Tether."

Subject to and without waiving the foregoing objections, the B/T Defendants deny this Request and state that the Bitfinex Exchange generated and maintains a record each of the hundreds of millions of deposits, withdrawals, and transactions on the Bitfinex Exchange throughout the Alleged Class Period, which the Bitfinex Exchange used to track its customers' funds in real time throughout the Alleged Class Period, that the Bitfinex Exchange carefully tracked its assets and liabilities, customer assets, and amounts owed to Tether and confirmed that it had sufficient U.S. dollars, excluding customer funds, to pay the amounts owed to Tether for USDT issuances, and that the Bitfinex Entities did not produce formal financial statements reporting assets and liabilities during the Alleged Class Period and cannot recreate historical records of its total assets and liabilities "at all points" during the Alleged Class Period.

**REQUEST FOR ADMISSION NO. 257:**

Admit that Bitfinex did not pay all the outstanding payables it owed Tether by the end of the Relevant Period.

**RESPONSE TO REQUEST NO. 257:**

The B/T Defendants incorporate their General Objections and Objections to the Definitions and Instructions as if fully stated herein.  The B/T Defendants further object to this Request as vague, confusing, overly broad, and unintelligible because it does not specify which "payables" Plaintiffs believe were "outstanding" at the end of the Alleged Class Period. Accordingly, the B/T Defendants cannot form a belief as to the truth or falsity of the assertion in this Request and, on that basis, cannot admit or deny the Request.

**REQUEST FOR ADMISSION NO. 258:**

Admit that 3BbDtxBSjgfTRxaBUgR2JACWRukLKtZdiQ is a wallet address of Tether's treasury wallet.

123

**RESPONSE TO REQUEST NO. 258:**

The B/T Defendants incorporate their General Objections and Objections to the Definitions and Instructions as if fully stated herein. The B/T Defendants object to this Request on the grounds that it is vague and ambiguous because it does not define the term "Tether's treasury wallet." For purposes of this Response, the B/T Defendants interpret the term "Tether's treasury wallets" to mean Tether's wallets that stored authorized, but not issued, USDT.

Subject to and without waiving the foregoing objections, the B/T Defendants admit that, at one or more points during the Alleged Class Period, 3BbDtxBSjgfTRxaBUgR2JACWRukLKtZdiQ was a wallet address for one of Tether's treasury wallets.

**REQUEST FOR ADMISSION NO. 259:**

Admit that 1NTMakcgVwQpMdGxRQnFKyb3G1FAJysSfz is a wallet address of Tether's treasury wallet.

**RESPONSE TO REQUEST NO. 259:**

The B/T Defendants incorporate their General Objections and Objections to the Definitions and Instructions as if fully stated herein. The B/T Defendants object to this Request on the grounds that it is vague and ambiguous because it does not define the term "Tether's treasury wallet." For purposes of this Response, the B/T Defendants interpret the term "Tether's treasury wallet" to mean Tether's wallet that stored authorized, but not issued, USDT.

Subject to and without waiving the foregoing objections, the B/T Defendants admit that, at one or more points during the Alleged Class Period, 1NTMakcgVwQpMdGxRQnFKyb3G1FAJysSfz was a wallet address for one of Tether's treasury wallets.

**REQUEST FOR ADMISSION NO. 260:**

Admit that 1GjgKbj69hDB7YPQF9KwPEy274jLzBKVLh is a wallet address of Bitfinex's hot wallet.

124