**Debevoise
&Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

June 5, 2026

MEMO ENDORSED

BY ECF AND EMAIL

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:  *In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (S.D.N.Y.) (KPF)

Dear Judge Failla:

We write on behalf of the B/T Defendants in opposition to Plaintiffs' June 2, 2026 pre-motion letter – filed *more than 2.5 years* after the close of fact discovery – based on Giancarlo Devasini's deposition testimony that he no longer possessed an "agenda" or "paper notebook" in which he had jotted down the amounts of USDT that Tether issued to Bitfinex.  (Dkt. No. 659, "Mot.")  Plaintiffs' motion is frivolous and should be summarily denied because (*i*) the information in the notebook – the amounts of USDT that Tether issued to Bitfinex – is recorded on the blockchain and not disputed by the parties such that Plaintiffs cannot establish any prejudice, (*ii*) the sanctions Plaintiffs seek relate to an entirely *different* topic – Bitfinex's ability to pay for those USDT issuances – that was *not* addressed in the agenda notebook and is the subject of substantial independent record evidence, and (*iii*) there was no knowing destruction of evidence that might justify sanctions.

Plaintiffs' motion relies on descriptions of Mr. Devasini's testimony that are demonstrably false. The testimony itself is straightforward and only a few pages long.  (Ex. 1, Devasini Tr. at 41:17-43:25, 52:23-53:17.)  Mr. Devasini was asked how Tether tracked the amounts owed to it by Bitfinex for USDT issuances.  (Tr. 41:17-20.)  He explained that Tether's USDT issuances to Bitfinex are recorded "on the blockchain," which Tether used as its "ledger," and that he also personally noted the amounts of those USDT issuances in his paper notebook.  (Tr. 41:21-42:17.) He later reiterated that this information was "on the blockchain" and so it was "easy to keep track" and "there was no possibility to make any mistake."  (Tr. 43:20-25.)  Plaintiffs' motion does not alert the Court to this critical – and undisputed – testimony that the information was also recorded on the blockchain.  Contrary to what Plaintiffs insinuate, Mr. Devasini did *not* testify that his paper notebook contained *any* information on the topic on which Plaintiffs seek an adverse inference: *whether Bitfinex had sufficient U.S. dollars to pay for the USDT it purchased from Tether*.  (Mot. 3.)

Throughout their motion, Plaintiffs misleadingly conflate the amounts of Tether's USDT issuances to Bitfinex (which were in the agenda notebook) with Bitfinex's ability to pay (the subject on which they seek an adverse inference) and blatantly misrepresent Mr. Devasini's testimony.  For example, stitching together answers to two separate questions, Plaintiffs falsely assert that Mr. Devasini stated he knew Bitfinex "was good for" the amounts it owed Tether *because* he noted those amounts in his paper notebook.  (Mot. 1-2 (citing Tr. 40:25-41:2; Tr.

www.debevoise.com

The Honorable Katherine Polk Failla                2                June 5, 2026

41:17-42:20).)  That would be a complete non sequitur and is not what Mr. Devasini said.  Later, Plaintiffs falsely assert that Mr. Devisini's paper notebook is "the only contemporaneous evidence . . . that Bitfinex was 'good for the money.'" (Mot. 3.)  Again, Mr. Devasini never testified that his paper notebook contained *any* information regarding Bitfinex's ability to pay for the USDT it purchased from Tether.  Despite Plaintiffs' attempts at misdirection, they do not – and cannot – cite any such testimony.  *Dilworth v. Goldberg*, 3 F. Supp. 3d 198, 200 (S.D.N.Y. 2014) ("A party seeking spoliation sanctions has the burden of establishing the elements . . . by a preponderance of the evidence.").

Clearly unhappy with the evidentiary record regarding Bitfinex's ability to pay for USDT, Plaintiffs resort to filing this baseless sanctions motion, falsely trying to tie this issue to Mr. Devasini's lost agenda.  As this Court has noted, however, "[t]he fact that a plaintiff's claims are not ultimately borne out by the evidence developed in discovery does not . . . warrant the imposition of spoliation sanctions as some sort of consolation prize." *Baez v. Delta Airlines, Inc.*, 2013 WL 5272935, at *9 n.15 (S.D.N.Y. Sept. 18, 2013).

Plaintiffs' sanctions motion would fail for multiple reasons:

*First*, the information that Mr. Devasini testified he noted in his agenda – the amounts of USDT issued by Tether to Bitfinex – is publicly recorded on the blockchain and undisputed by the parties.  Indeed, both parties' experts look to the blockchain for the timing and amounts of Tether's issuances of USDT to Bitfinex – and therefore how much Bitfinex owed to Tether for that USDT.  (Easton Rep., Dkt. No. 608-2 at ¶¶ 41, 219; Malek Rep., Dkt. No. 587-1 at ¶¶ 54, 68, 74.)  Plaintiffs cannot identify any prejudice resulting from the loss of Mr. Devasini's duplicative handwritten notes of these amounts, and therefore sanctions are unwarranted.  *See R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 25 (S.D.N.Y.) ("absence of prejudice can be shown by demonstrating . . . that the other parties were able to obtain the same evidence from another source").[1]

*Second*, and relatedly, there is no basis whatsoever for the Court to impose an adverse inference or preclude evidence regarding a *different* topic that was *not* covered in the notebook:  whether Bitfinex held sufficient U.S. dollars in its bank accounts (net of customer funds) to cover its purchases of USDT from Tether.  *See West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (sanctions "should be designed to . . . restore 'the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party.'") (quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)); *De Espana v. Am. Bureau of Shipping*, 2007 WL 1686327, at *8 (S.D.N.Y. June 6, 2007) (denying adverse inference where movant "fails to show that this topic was included in any [missing] emails").  Plaintiffs cannot, by sleight of hand, foreclose Defendants from arguing a topic that was not included in the lost notebook.  "The guiding principle underlying the imposition of sanctions is that any sanction must be narrowly tailored to remedy the specific prejudice that the party seeking discovery would otherwise suffer." *Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods., Inc.*, 2020 WL 7342724, at *18 (S.D.N.Y. Dec. 11, 2020); *cf.* Fed. R. Civ. P.

---

[1]  Nor is there any basis for sanctions for deterrent or punitive purposes considering that the B/T Defendants have produced over 200,000 documents in this case, and Plaintiffs have identified only a single missing document.

The Honorable Katherine Polk Failla                3                June 5, 2026

37(e) (with respect to ESI, a court "upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice").

Moreover, the topic on which Plaintiffs seek evidentiary sanctions – Bitfinex's ability to pay for the USDT it purchased from Tether – is the subject of substantial undisputed evidence showing that Mr. Devasini and others carefully monitored Bitfinex's assets in real-time, using the company's "PowerBoard" system, and they ensured that Bitfinex always had sufficient U.S. dollars in its bank accounts – excluding any customer funds – to cover its purchases of USDT from Tether. (*See, e.g.*, Tr. 63:25-66:10, 73:24-75:22, 81:18-82:7.) The contemporaneous blockchain and bank records demonstrate that, for each and every issuance of USDT from Tether to Bitfinex, there was a corresponding payment of U.S. dollars from Bitfinex to Tether. (Dkt. 608-2 at ¶¶ 40-45.) It would contradict the purpose of evidentiary sanctions to permit Plaintiffs to avoid this undisputed evidence based on purported loss of evidence on a different topic.

*Third*, while the loss of Mr. Devasini's agenda notebook is unfortunate, there is no basis for Plaintiffs' claims that he "knowingly destroyed irreplaceable evidence." (Mot. 1.) When Mr. Devasini was asked whether he still had the paper notebook, he responded "I'm not sure about that. I moved house from one place to another. I have to check. But I wouldn't be surprised if I threw it away," and "I have no idea where it is." (Tr. 52:23-53:17.) Following the deposition, the B/T Defendants conferred with Mr. Devasini and informed Plaintiffs that he had tried to find the agenda notebook, but "believes" it "likely was discarded in connection with a move." (Ex. 2, Oct. 11, 2023 Ltr.) Because the loss of the agenda was at best "negligent," Plaintiffs must provide "extrinsic evidence" showing that the information in the agenda was relevant and "would have been unfavorable" to Defendants. *UrthTech LLC, v. GOJO Industries, Inc.*, 2026 WL 263333, at *3 (S.D.N.Y. Feb. 2, 2026). Plaintiffs provide no such evidence.

Plaintiffs' motion would also be untimely. Mr. Devasini was deposed on October 5, 2023 – more than 2.5 years ago. Plaintiffs wrote to the B/T Defendants regarding Mr. Devasini's agenda notebook on October 6, 2023 (Ex. 3), and the B/T Defendants responded on October 11, 2023 (Ex. 2). Plaintiffs never raised the issue with the Court or even responded to the B/T Defendants' letter. *See Freedman Normand Friedland, LLP v. Cyrulnik*, 2024 WL 2306175, at *1 (S.D.N.Y. May 21, 2024) (denying as "untimely" spoliation motion "filed over one year and a half after the close of discovery").[2] The timing of Plaintiffs' motion is particularly problematic because Plaintiffs recently served an expert report opining that Bitfinex's assets were insufficient. Apparently aware of how deeply flawed that opinion is, they now seek by this motion to shut down any discussion of the topic.

The Court should reject Plaintiffs' gamesmanship and deny this frivolous motion.

Respectfully submitted,

*/s/ Elliot Greenfield*

---

[2] Plaintiffs' cited cases are not to the contrary. *See Walkie Check Prods., LLC v. ViacomCBS Inc.*, 2023 WL 5154416, at *1 (S.D.N.Y. Aug. 10, 2023) (request to file sanctions motion made 11 days after close of fact discovery); *Smith v. Interstate Mgmt. Co. LLC*, 2022 WL 4537947, at *1 (S.D.N.Y. Sept. 28, 2022) (pre-motion letter seeking sanctions filed 2 months after close of fact discovery).

The Court has reviewed Plaintiffs' request for a pre-motion conference regarding an anticipated motion for sanctions related to the destruction of Defendant Giancarlo Devasini's notebook (Dkt. #659-660), as well as B/T Defendants' above response (Dkt. #663-665).  Plaintiffs' request for a conference is DENIED because the relief that Plaintiffs' seek is not warranted here.

Namely, Defendants are right that Mr. Devasini's testimony relates to how Tether tracked the amounts that Bitfinex owed it for USDT issuances, not whether Bitfinex could cover those amounts.  (Dkt. #655 at 41:17-43:25, 52:23-53:17).  Surely, the questions are related, but there is no evidence that the notebook contained the information that Plaintiffs state that it did.  Additionally, at least some version of the information from the notebook is available on the blockchain, making sanctions improper.  *See R.F.M.A.S., Inc.* v. *So*, 271 F.R.D. 13, 25 (S.D.N.Y. 2010) ("Where the discovery violation involves spoliation or withholding of evidence, the absence of prejudice can be shown by demonstrating, for example, that the other parties were able to obtain the same evidence from another source[.]").

Finally, there is no evidence that Mr. Devasini acted with the requisite culpability in his destruction of the notebook.  (*See* Dkt. #655 at 52:23-53:17).  Because the loss of the notebook was at best "*negligent*," Plaintiffs must provide "extrinsic evidence" showing that the information in the agenda was relevant and "would have been unfavorable" to Defendants.  *UrthTech LLC*, v. *GOJO Indus., Inc.*, No. 22 Civ. 6727 (PKC) (KHP), 2026 WL 263333, at *3 (S.D.N.Y. Feb. 2, 2026) (internal quotation marks omitted) (quoting *Great N. Ins. Co.* v. *Power Cooling, Inc.*, No. 06 Civ. 874 (ERK) (KAM), 2007 WL 2687666, at *11 (E.D.N.Y. Sept. 10, 2007)).  Plaintiffs have not offered any such evidence.  Consequently, their request for relief is DENIED.

The Clerk of Court is directed to terminate the pending motions at docket entries 659 and 660.

Dated:     June 9, 2026          SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE